**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| INPHONIC, INC., | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 11 |
| CAIS ACQUISITION, LLC, | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 11 |
| CAIS ACQUISITION II, LLC, | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 11 |
| SIMIPC ACQUISITION CORP., | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 11 |
| STAR NUMBER, INC., | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 11 |
| MOBILE TECHNOLOGY SERVICES, LLC, | : | |
| | : | Case No. 07-_____ |
| Debtor. | : | |

675194-1

In re:                          :

FON ACQUISITION, LLC,           :      Chapter 11

     Debtor.              :      Case No. 07-_____

                             :

In re:                          :

1010 INTERACTIVE, LLC,          :      Chapter 11

     Debtor.              :      Case No. 07-_____

                             :

## MOTION OF DEBTORS PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)
## FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES

The above-captioned debtors and debtors in possession (the "Debtors")[1] by and through their undersigned counsel hereby move for entry of an order authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only (the "Motion").  In support of this Motion, the Debtors represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is Section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No.1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

Background

3.      On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Schwarz Affidavit"), and is incorporated herein by reference.[2]

4.      The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

The Debtors' Business Operations

6.      InPhonic was incorporated in 1997 and began operations in 1999. InPhonic's business principally involves the marketing of wireless telephone and satellite television services and related equipment and support services. InPhonic focuses in four (4) areas: (i) wireless device activation services, (ii) television satellite activation services, (iii) mobile virtual network enabler ("MVNE") services, and (iv) unified communication services.

7.      InPhonic is a leading internet (online) seller of wireless services and devices to consumers. InPhonic sells these services and devices through company owned and branded

---

[2] Capitalized terms shall have the meanings ascribed to them in the Schwarz Affidavit unless otherwise defined herein.

websites, including without limitation www.wirefly.com, as well as through a variety of private labeled websites that it develops and manages for marketing partners such as internet businesses, affinity organizations and national retailers.

8.      InPhonic markets its services through a variety of online advertising programs including display advertising, search marketing, email marketing and affiliate programs. InPhonic's website www.wirefly.com, a leading one-stop shopping site for mobile phones and wireless plans, has been awarded "Best of the Web" by Forbes magazine and "Best in Overall Customer Experience" by Keynote Performance Systems.

9.      InPhonic also markets its services through its partners' private labeled websites which InPhonic creates to leverage its partners' brands and their existing customer relationships. InPhonic private-labels customer touch points to the partners' brands, including the web storefront, customer communications (such as call centers and in-box collateral) and device packaging.

10.     CAIS Acquisitions II, LLC, a wholly-owned subsidiary of InPhonic, does business under the name VMC Satellite. Through VMC Satellite, InPhonic markets consumers digital broadcast satellite television, broadband and VOIP services. VMC Satellite markets its services through a portfolio of its own websites, affiliate websites, print advertisement and private labeled websites, as well as through an in-bound call center.

11.     InPhonic's Mobile Virtual Network Enabler business leverages the company's e-commerce platform and operational infrastructure to enable communications service providers and consumer brands to offer a branded wireless service to their customers without having to own or operate the underlying wireless network or operational infrastructure. InPhonic's MVNE

platform provides a turn-key solution that combines system integration to every major U.S. wireless carrier with enterprise strength billing and customer care solutions.

12.    InPhonic developed and sells a unified communications service that provides users with a private toll-free number and a professional set of small business messaging services for one monthly fee. Users have one central location for all of their voicemail, email, faxes, calendar appointments and address books and can manage all of their messages from anywhere by accessing a single message box using any phone or computer. The platform offers users many voice messaging, fax delivery, conference calling and call routing services integrated into a single application accessible by telephone or computer for a single monthly fee.

13.    InPhonic's relationships with its carrier, service, affiliate and marketing partners are the keys to its business operations. InPhonic has agreements with the largest wireless carriers in the U.S., as well as large satellite, broadband and VOIP providers, to market their products and services. The company also has agreements with thousands of affiliate and marketing partners that market Debtors' products and services under their brands through private-labeled websites that InPhonic creates and manages and/or their websites.

14.    All of the Debtors are headquartered in Washington, D.C. The Debtors maintain technology and operations centers in Largo, Maryland; Reston, Virginia and Great Falls, Virginia.

Relief Requested

15.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of these separate chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

16.    In particular, the Debtors request that the Court maintain one (1) file and one (1) docket for all of the jointly-administered cases under the case of InPhonic, Inc. and that the cases be administered under a consolidated caption, as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| Debtors. | : | (Jointly Administered) |

17.    The Debtors further request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than InPhonic, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 07-11666 (KG).

### Basis for Relief

18.    Bankruptcy Rule 1015(b) provides the basis for the relief requested in this Motion. In particular, Bankruptcy Rule 1015(b) provides that "[i]f two or more petition are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

administration of the estates" of the debtor and its affiliates. Fed. Bankr. R. 1015(b). The

Debtors include InPhonic, Inc. ("InPhonic"), CAIS Acquisition, LLC ("CAIS"), CAIS

Acquisition II, LLC ("CAIS II"), SimIPC Acquisition Corp. ("SimIPC"), Star Number, Inc.

("Star Number"), Mobile Technology Services, LLC ("Mobile Technology"), FON Acquisition,

LLC ("FON"), and 1010 Interactive, LLC ("1010 Interactive"). As set forth in the Schwarz

Affidavit, CAIS, CAIS II, SimIPC, Star Number, Mobile Technology, FON, and 1010

Interactive are wholly-owned subsidiaries of InPhonic. Because CAIS, CAIS II, SimIPC, Star

Number, Mobile Technology, FON, and 1010 Interactive are InPhonic's "affiliates" as that term

is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b),

this Court has authority to grant the relief requested herein.

19.    Section 105(a) of the Bankruptcy Code and Local Bankruptcy Rule 1015-1 also

provide this Court with the authority to grant the relief requested in this Motion. Section 105(a)

grants bankruptcy courts authority to enter "any order, process or judgment that is necessary or

appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Local

Bankruptcy Rule 1015-1 provides:

> If two (2) or more petition are pending in the same Court by or
> against . . . a debtor and an affiliate, the Court may order a joint
> administration of the estates without notice or hearing. An order of joint
> administration may be entered upon the filing of a motion for joint
> administration, . . . which establishes the joint administration of the
> respective debtors' estates is warranted and will ease the administrative
> burden for the Court and the parties.

Local Bankruptcy Rule 1015-1.

20.    Courts frequently jointly administer cases pursuant to Section 105(a) of the

Bankruptcy Code where such joint administration will aid the bankruptcy court in expediting

proceedings and to make the cases less costly. See In re PL Liquidation Corp., 305 B.R. 629,

632 (Bankr. D. Del. 2004). Indeed, the relief sought herein is commonly granted in this District. See e.g., In re Global Power Equipment Group Inc., Case No. 06-11045 (Shannon, J.) (Bankr. D. Del. Oct. 3, 2006); In re Werner Holding Co. (DE), Inc., Case No. 06-10578 (Carey, J.) (Bankr. D. Del. Jun. 13, 2006); In re Russell-Stanley Holdings, Inc., Case No. 05-12339 (Walsh, J.) (Bankr. D. Del. Aug. 22, 2005); In re Birch Telecom, Inc., Case No. 05-12237 (Walsh, J.) (Bankr. D. Del. Aug. 16, 2005).

      21.    Joint administration of these cases will promote the economical, efficient and convenient administration of each of the Debtors' estates to the benefit of the Debtors, their estates, creditors, and the Court. Indeed, the Debtors believe it likely that numerous filings and additional matters, including notices, applications, motions, orders, hearings and other proceedings will be made, issued, or convened in these cases. Many of these will affect a number or all of the Debtors. Joint administration will obviate the need for duplicative filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' reorganization cases, and (ii) file many documents in only one of the Debtors' reorganization cases rather than in multiple cases. This will save substantial time and expense for this Court, each of the Debtors and their respective estates and protect parties in interest by ensuring that parties affected by each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in those cases. Moreover, all parties' use of the simplified caption designated herein will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Joint supervision of the administrative aspects of the chapter 11 cases by the Court and the Office of the United States Trustee will also be simplified. Thus, joint administration is warranted here.

22.     The substantive rights of the respective creditors of each of the Debtors will not be prejudiced by joint administration of these cases. The relief requested in this Motion is purely procedural. All schedules of assets and liabilities, statements of financial affairs, and proofs of claim will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. Nothing in this Motion should be deemed to be a request for substantive consolidation of the cases.

23.     For all the foregoing reasons, the relief sought in this Motion is in the best interest of the Debtors, their estates and their creditors.

Statement Pursuant to Local Rule 1001-1(b)

24.     Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

Notice

25.     Notice of this Motion has been provided to (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (b) counsel to Adeptio INPC Funding, LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay); and (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis. In addition, because this Motion seeks "first day" relief, notice of this Motion and any order entered respecting this Motion will be served as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

<u>Waiver of Memorandum of Law</u>

26.     Pursuant to Local Bankruptcy Rule 9013-1(G), because there are no novel issues of law presented herein, the Debtors request that the requirement that all motions be accompanies by a separate memorandum of law be waived.

<u>No Prior Request</u>

27.     The Debtors have not filed a prior motion seeking the relief requested herein in this Court or any other court.

<u>Conclusion</u>

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto (a) granting the relief requested herein and (b) granting such other relief as may be deemed just and proper.

Respectfully submitted,

Date:  November 8, 2007

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:     (302) 655-5000
Facsimile:     (302) 658-6395

and

Thomas R. Califano
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:     212-335-4500
Facsimile:     212-335-4501

Mark J. Friedman (MD Bar No. 00102)
Maria Ellena Chavez-Ruark (MD Bar No. 23941)
Jason W. Hardman (MD Bar No. 27470)
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone:      (410) 580-3000
Facsimile:      (410) 580-3001

Proposed Counsel for Debtors
and Debtors in Possession