IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-_____ |
| Debtors. | : (Jointly Administered) |

**ORDER AUTHORIZING PAYMENT OF PREPETITION
(I) WAGES, SALARIES AND OTHER COMPENSATION OF EMPLOYEES
AND SUBCONTRACTORS, (II) EMPLOYEE MEDICAL AND
SIMILAR BENEFITS, (III) REIMBURSABLE EMPLOYEE EXPENSES, AND
(IV) OTHER MISCELLANEOUS EMPLOYEE EXPENSES AND BENEFITS**

This matter coming before the Court on the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 10(a) and 363(b) for Order Authorizing Payment of Prepetition (I) Wages, Salaries and Other Compensation of Employees and Subcontractors, (II) Employee Medical and Similar Benefits, (III) Reimbursable Employee Expenses, and (IV) Other Miscellaneous Employee Expenses and Benefits* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Court having reviewed the Motion and the *Affidavit of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Schwarz Affidavit"), and the Court having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

675224-1

is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3. Subject to the DIP Facility, the DIP Credit Agreement or the interim and/or final orders approving the DIP Facility (as each term is defined in the Schwarz Affidavit), the Debtors are authorized in their sole discretion to pay or honor the Prepetition Obligations to Employees, including: (a) the outstanding salaries and wages to Employees, when such become payable, including associated payroll processing obligations, withheld amounts, and any uncashed checks that were issued before the Petition Date; (b) all sums due to the third-party staffing agencies or Contract Employees on account of the Contract Employees (including any fees or charges due to the third-party staffing agencies); (c) bonus and reward programs that the Debtors have in place for non-executive Employees in the ordinary course of business; (d) the Payroll Taxes attributable to the period before the Petition Date and remit the same to the applicable Taxing Authorities; (e) the Reimbursable Expenses that were incurred by Employees both prior to the Petition Date and on a postpetition basis in the ordinary course of business; (f) the Prepetition Benefits, including associated administrative processing fees; (g) the use by Employees, in the ordinary course of business, of accrued and unused PTO, as may be legally required and

expressly authorized by the Debtors and payment of unused PTO only upon termination of an Employee as set forth in the Motion; and (h) any workers' compensation obligations that may have accrued but remain unpaid as of the Petition Date.

4. The Debtors are authorized in their sole discretion to continue, on a postpetition basis: (a) to honor their existing employee benefit plans; (b) the Workers' Compensation Program; and (c) the PTO Policy.

5. The banks and financial institutions at which the Debtors maintain their accounts are authorized to receive, process, honor and pay all checks presented for payment, and to honor all electronic payment requests made by the Debtors related to the employee obligations and benefits addressed hereby, to the extent sufficient funds are on deposit in such accounts.

6. In accordance with the DIP Facility, as such term is defined in the Schwarz Affidavit, the Debtors are authorized to continue their relationships with the Administrative Service Providers, and, to the extent that any such amounts remain unpaid or may be characterized as prepetition obligations to the Administrative Service Providers, the Debtors are authorized, but not directed, to pay such amounts.

7. This Court will retain jurisdiction to address all disputes related to the interpretation or enforcement of this Order.

8. Nothing contained in the Motion or this Order (a) shall constitute a request for authority to assume any agreements, policies or procedures relating to the Debtors' employee obligations and benefits; (b) shall be deemed an admission by the Debtors that any employee

obligations and benefits will in fact be continued, honored or paid; or (c) is intended to or shall convert any prepetition claim to an administrative claim against the Debtors' estates.

Dated: November ____, 2007
       Wilmington, Delaware

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE