IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| INPHONIC, INC., et al.,[1] | : Case No. 07-_____ |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

## ORDER AUTHORIZING DEBTORS TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO OTHERWISE CONTINUE THEIR CUSTOMER PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS

This matter coming before the Court on the *Motion for Order Authorizing Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue their Customer Programs and Practices in the Ordinary Course of Business* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

675196-1

set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3. Subject to the DIP Facility, the DIP Credit Agreement or the interim and/or final orders approving the DIP Facility (as each term is defined in the Schwarz Affidavit), the Debtors shall be permitted to: (a) honor the Customer Orders by delivering, in the ordinary course of business, any goods ordered and paid for prepetition, (b) perform and honor their prepetition obligations related to the Customer Programs, and (c) continue, renew, replace, create, modify and/or terminate one or more of the Customer Programs as they may deem appropriate, in the ordinary course of business, without further application to the Court.

4. Nothing herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease.

5. Any payments made pursuant to this Order are not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim and recover such payments.

6. Notwithstanding anything contained in this Order to the contrary, to the extent this Order is inconsistent with any term or provision of any Court approved debtor-in-possession financing and/or use of cash collateral or any future order in respect of the same, such other documents or orders shall govern and control.

7.  The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.  This Court will retain jurisdiction to address all disputes related to the interpretation or enforcement of this Order.

Dated: November \_\_\_\_, 2007
       Wilmington, Delaware

                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE