## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-_____ |
| | : | |
| Debtors. | : | (Jointly Administered) |

## MOTION OF THE DEBTORS FOR ORDER AUTHORIZING AND APPROVING THE APPOINTMENT OF THE BMC GROUP, INC. AS NOTICING, CLAIMS, AND BALLOTING AGENT FOR THE BANKRUPTCY COURT

The above-captioned debtors and debtors in possession (the "Debtors") by and through their undersigned counsel hereby move (the "Motion") for entry of an order authorizing and approving the appointment of The BMC Group, Inc. ("BMC"), nunc pro tunc to the Petition Date (defined below), as noticing, claims, and balloting agent for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in these chapter 11 cases.  In support of this Motion, the Debtors rely on the Declaration of Tinamarie Feil (the "Feil Declaration") attached hereto as Exhibit A and incorporated herein by reference.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

2.     The statutory basis for the relief requested herein are 28 U.S.C. § 156(c) and Rule 2002-1(f) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

### Background

3.     On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Schwarz Affidavit"), and is incorporated herein by reference.[2]

4.     The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

### The Debtors' Business Operations

6.     InPhonic was incorporated in 1997 and began operations in 1999.  InPhonic's business principally involves the marketing of wireless telephone and satellite television services and related equipment and support services.  InPhonic focuses in four (4) areas: (i) wireless device activation services, (ii) television satellite activation services, (iii) mobile virtual network enabler ("MVNE") services, and (iv) unified communication services.

---

[2] Capitalized terms shall have the meanings ascribed to them in the Schwarz Affidavit unless otherwise defined herein.

7.      InPhonic is a leading internet (online) seller of wireless services and devices to consumers.  InPhonic sells these services and devices through company owned and branded websites, including without limitation www.wirefly.com, as well as through a variety of private labeled websites that it develops and manages for marketing partners such as internet businesses, affinity organizations and national retailers.

8.      InPhonic markets its services through a variety of online advertising programs including display advertising, search marketing, email marketing and affiliate programs. InPhonic's website www.wirefly.com, a leading one-stop shopping site for mobile phones and wireless plans, has been awarded "Best of the Web" by Forbes magazine and "Best in Overall Customer Experience" by Keynote Performance Systems.

9.      InPhonic also markets its services through its partners' private labeled websites which InPhonic creates to leverage its partners' brands and their existing customer relationships. InPhonic private-labels customer touch points to the partners' brands, including the web storefront, customer communications (such as call centers and in-box collateral) and device packaging.

10.      CAIS Acquisitions II, LLC, a wholly-owned subsidiary of InPhonic, does business under the name VMC Satellite.  Through VMC Satellite, InPhonic markets consumers digital broadcast satellite television, broadband and VOIP services.  VMC Satellite markets its services through a portfolio of its own websites, affiliate websites, print advertisement and private labeled websites, as well as through an in-bound call center.

11.      InPhonic's Mobile Virtual Network Enabler (MVNE) business leverages the company's e-commerce platform and operational infrastructure to enable communications service providers and consumer brands to offer a branded wireless service to their customers

without having to own or operate the underlying wireless network or operational infrastructure. InPhonic's MVNE platform provides a turn-key solution that combines system integration to every major U.S. wireless carrier with enterprise strength billing and customer care solutions.

12.    InPhonic has developed and sells a unified communications service that provides users with a private toll-free number and a professional set of small business messaging services for one monthly fee.  Users have one central location for all of their voicemail, email, faxes, calendar appointments and address books and can manage all of their messages from anywhere by accessing a single message box using any phone or computer.  The platform offers users many voice messaging, fax delivery, conference calling and call routing services integrated into a single application accessible by telephone or computer for a single monthly fee.

13.    InPhonic's relationships with its carrier, service, affiliate and marketing partners are the keys to its business operations.  InPhonic has agreements with the largest wireless carriers in the U.S., as well as large satellite, broadband and VOIP providers, to market their products and services.  The company also has agreements with thousands of affiliate and marketing partners that market Debtors' products and services under their brands through private-labeled websites that InPhonic creates and manages and/or their websites.

14.    All of the Debtors are headquartered in Washington, D.C.  The Debtors maintain technology and operations centers in Largo, Maryland; Reston, Virginia and Great Falls, Virginia.

<u>Relief Requested</u>

15.    By this Motion, pursuant to 28 U.S.C. § 156(c) and Local Bankruptcy Rule 2002-1(f), the Debtors seek entry of an order authorizing and approving the appointment of BMC, <u>nunc pro tunc</u> to the Petition Date, as claims, noticing, and balloting agent (the "<u>Claims Noticing</u>

Agent") for the Bankruptcy Court to, among other things: (i) serve as the Bankruptcy Court's noticing agent to mail certain notices to the estates' creditors and parties in interest; (ii) provide computerized claims, claims objections, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative information related to the Debtors' bankruptcy cases.

Basis for Relief

16.     The Debtors estimate there will be hundreds of potential creditors in these cases. In addition, the Debtors believe that there are many additional parties in interest who should receive notice of various matters in these cases. The number of these parties make it impractical for the Bankruptcy Court or the Debtors to send notices and perform other tasks associated with these cases.

17.     Pursuant to 28 U.S.C. § 156(c), the Court is authorized to utilize outside agents and facilities for such purposes, provided that the costs of these services are paid for out of the assets of the Debtors' estates.[3]  Additionally, Local Bankruptcy Rule 2002-1(f) requires a debtor to file a motion to appoint a notice and/or claims clerk within ten (10) days of the petition date in all cases with creditors in excess of 200.

18.     The Debtors estimate that there will be more than 200 creditors in these cases. Accordingly, the Debtors seek the entry of an order authorizing and approving the appointment

---

[3] 28 U.S.C. § 156 provides, in relevant part, as follows:

> (c) Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provisions of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate.

28.U.S.C. § 156(c).

of BMC as the agent for the Bankruptcy Court to perform the services as described in this Motion.

19.     BMC has substantial experience in the matters upon which it is to be engaged. Indeed, BMC is one of the country's leading chapter 11 administrators with vast experience in noticing, claims processing, claims reconciliation and making distributions. BMC has acted as the official claims and noticing agent in several cases in this and other jurisdictions including: Chi-Chi's, Inc., Exide Technologies, Inc., J.L. French Automotive Castings, Inc., Musicland Holding Corp., Nobex Corp., OCA, Inc., and PT Holdings Company, Inc.

20.     By appointing BMC as the Claims and Noticing Agent in these chapter 11 cases, parties in interest will benefit from BMC's significant experience and the efficient and cost-effective methods that it has developed.

A.     <u>Services to be Provided by BMC</u>

21.     BMC will provide the following services as the Noticing and Claims Agent:

     a.     Prepare and serve required notices in these chapter 11 cases, including, as necessary:

          (i)     notice of the commencement of these chapter 11 cases and the initial meeting of creditors under Section 341 of the Bankruptcy Code;

          (ii)    notice of the claims bar date;

          (iii)   notice of objections to claims;

          (iv)    notice of any hearings on a disclosure statement and confirmation of a plan of reorganization;

          (v)     other miscellaneous notices to any entities as the Debtors or the Bankruptcy Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases; and

          (vi)    the publication of required notices, as necessary.

b.      Within five (5) days after the mailing of a particular notice, file with the Clerk's office a certificate of affidavit of service that includes a copy of the notice involved, a list of persons to whom the notice was mailed, and the date and manner of mailing;

c.      Assist the Debtors in the preparation and filing of the Schedules of Assets and Liabilities and Statement of Financial Affairs;

d.      Maintain copies of all proofs of claim and proofs of interest filed;

e.      Maintain official claims registers, including, among other things, the following information for each proof of claim or proof of interest:

    (i)      the name and address of the claimant and any agent thereof;

    (ii)     the date received;

    (iii)    the claim number assigned; and

    (iv)     the asserted amount and classification of the claim;

f.      Create and administer a claims database;

g.      Implement necessary security measures to ensure the completeness and integrity of the claims register;

h.      Transmit to the Clerk's Office a copy of the claims register on a monthly basis (unless requested on a more or less frequent basis); or, in the alternative, make available the Proof of Claim docket online to the Clerk's Office via the Claims Manager Claims System;

i.      Maintain an up to date mailing list for all entities that have filed a proof of claim or proof of interest, which list shall be available upon request of a party in interest or the Clerk's Office;

j.      Provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours;

k.      Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e);

l.      Assist the Debtors in the reconciliation and resolution of claims;

m.    Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

n.    Provide temporary employees to process claims, as necessary;

o.    Provide balloting services in connection with the solicitation process for any chapter 11 plan to which a disclosure statement has been approved by the Court;

p.    Provide such other claims processing, noticing, and related administrative services as may be requested from time to time by the Debtors; and

q.    Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

22.    In connection with its appointment as Claims and Noticing Agent, BMC represents, among other things, that:

a.    BMC will not consider itself employed by the United States and shall not seek any compensation from the United States in its capacity as Claims and Noticing Agent in these chapter 11 cases;

b.    BMC waives any rights to receive compensation from the United States;

c.    BMC will not be an agent of the United States and will not act on behalf of the United States; and

d.    BMC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases.

23.    To the best of the Debtors' knowledge, and as disclosed in the Feil Declaration, BMC: (i) does not have any adverse connection with the Debtors, the Debtors' creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and (ii) does not hold or represent an interest adverse to the Debtors' estates.

24.     To the best of the Debtors' knowledge, BMC is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

25.     Prior to the Petition Date, BMC performed certain professional services for the Debtors and received payment for such services. The Debtors do not owe BMC any amount for services performed or expenses incurred prior to the Petition Date.

26.     BMC has advised the Debtors that BMC will be responsive to all constituencies, including, without limitation, the Bankruptcy Court, the Clerk's Office, the United States Trustee, the Debtors' attorneys, the DIP Lenders, the members of, and attorneys for, any statutory committees appointed in these cases, and the claimants themselves. All transmission of documents by BMC to the Clerk's Office and the United States Trustee will be by hand delivery or priority overnight delivery. BMC acknowledges that it will perform its duties when retained in these cases regardless of the status of payment, and to the extent BMC requires redress (such as termination of its retention), it will seek appropriate relief from the Court.

27.     If BMC's services are terminated, BMC has advised the Debtors that it shall perform its duties until a complete transition with Clerk's Office or any successor claims and noticing agent has been accomplished.

B.     Terms of Engagement

28.     Subject to the Bankruptcy Court's approval, BMC will provide the services set forth above pursuant to the terms of the engagement letter dated November 1, 2007 (the "Engagement Letter") attached hereto as Exhibit B and incorporated herein by reference.

29.     The Debtors request that the fees and expenses of BMC incurred in the performance of the above services be treated as an administrative expense of the Debtors' estates,

and that BMC be paid in the ordinary course of business based upon the services it provides at the rates set forth in the Fee Schedule annexed to the Engagement Letter. The Debtors request that BMC not be required to file interim or final applications for fees or expenses paid in accordance with the Engagement Letter. If any dispute arises between the Debtors and BMC with respect to fees and expenses, such dispute shall be presented to the Bankruptcy Court for resolution.

30.     Regarding the reimbursement of actual and necessary expenses, it is BMC's policy to charge its clients for direct expenses incurred in connection with providing client services. These expenses and charges include postage, long distance telephone charges, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, and third party photocopying charges.

31.     After considering BMC's performance in other cases, the Debtors submit that BMC is the best candidate for Claims and Noticing Agent in these cases. The Debtors further submit that the Engagement Letter contemplates compensation at a level that is reasonable and appropriate for services of this nature and is consistent with the compensation arrangement charged by BMC in other cases in which it has been retained to perform similar services. For all the foregoing reasons, the relief sought in this Motion is in the best interest of the Debtors', their estates and their creditors.

### Statement Pursuant to Local Rule 1001-1(b)

32.     Pursuant to District Court Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

## Notice

33.     Notice of this Motion has been provided to (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (b) counsel to Adeptio INPC Funding, LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay), and (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis.  In addition, because this Motion seeks "first day" relief, notice of this Motion and any order entered respecting this Motion will be served as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## No Prior Request

34.     The Debtors have not filed a prior motion seeking the relief requested herein in this Court or any other court.

## Conclusion

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto (a) granting the relief requested herein and (b) granting such other relief as may be deemed just and proper.

Respectfully submitted,

Date:  November 8, 2007

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:     (302) 655-5000
Facsimile:     (302) 658-6395

        and

Thomas R. Califano
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:     212-335-4500
Facsimile:     212-335-4501

Mark J. Friedman (MD Bar No. 00102)
Maria Ellena Chavez-Ruark (MD Bar No. 23941)
Jason W. Hardman (MD Bar No. 27470)
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone:     (410) 580-3000
Facsimile:     (410) 580-3001

Proposed Counsel for Debtors
and Debtors in Possession