# Exhibit A

# Declaration of Tinamarie Feil

675191-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-_____ |
| Debtors. | : (Jointly Administered) |

### DECLARATION OF TINAMARIE FEIL IN SUPPORT OF MOTION OF THE DEBTORS FOR ORDER AUTHORIZING AND APPROVING THE APPOINTMENT OF THE BMC GROUP, INC. AS NOTICING, CLAIMS, AND BALLOTING AGENT FOR THE BANKRUPTCY COURT

I, TINAMARIE FEIL, make this Declaration pursuant to 28 U.S.C. § 1746, and state:

1. I am the President of Legal Services of The BMC Group, Inc. ("BMC"),[2] a firm whose services include a specialization in the administration of large bankruptcy cases, with offices located at 875 Third Avenue, 5th Floor, New York, NY 10022.

2. I submit this declaration (the "Declaration") in support of the *Motion of the Debtors for Order Authorizing and Approving the Appointment of The BMC Group, Inc. as Noticing, Claims, and Balloting Agent for the Bankruptcy Court* (the "Motion") pursuant to the terms and conditions set forth in the Motion and the engagement letter attached to the Motion as Exhibit B (the "Engagement Letter"). Except as otherwise

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

noted, I have personal knowledge of the matters set forth herein.[3]

3. BMC is one of the country's leading chapter 11 administrators with vast experience in noticing, claims processing, claims reconciliation and making distributions. In particular, BMC has acted or currently is acting as notice agent, claims agent, and/or balloting agent in the following cases: Chi-Chi's, Inc., Exide Technologies, Inc., J.L. French Automotive Castings, Inc., Musicland Holding Corp., Nobex Corp., OCA, Inc., and PT Holdings Company, Inc. Thus, BMC is well qualified to provide experienced services as noticing, claims, and balloting agent in these chapter 11 cases.

4. BMC will, among other things, perform the services described in the Motion.

5. The compensation arrangement provided in the Engagement Letter, including BMC's hourly rates, is consistent with and typical of arrangements entered into by BMC and other such firms with respect to rendering similar services in other chapter 11 cases.

6. Regarding the reimbursement of actual and necessary expenses, it is BMC's policy to charge its clients for direct expenses incurred in connection with providing client services. These expenses and charges include postage, long distance telephone charges, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, and third party photocopying charges.

7. The Debtors will pay BMC's fees and expenses upon the submission of monthly invoices by BMC summarizing, in reasonable detail, the services for which compensation is sought.

---

[3] Certain of the disclosures in this Declaration relate to matters within the knowledge of other professionals at BMC and are based on information provided by them.

675202-1

2

8. In connection with its appointment as Claims and Noticing Agent, BMC represents, among other things, that:

   a. BMC will not consider itself employed by the United States and shall not seek any compensation from the United States in its capacity as Claims and Noticing Agent in these chapter 11 cases;

   b. BMC waives any rights to receive compensation from the United States;

   c. BMC will not be an agent of the United States and will not act on behalf of the United States; and

   d. BMC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases.

9. To the best of my knowledge, BMC: (i) does not have any adverse connection with the Debtors, the Debtors' creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and (ii) does not hold or represent an interest adverse to the Debtors' estates.

10. To the best of my knowledge, BMC is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

11. To check and clear potential conflicts of interest in these cases, BMC searched its client database and performed reasonable diligence to determine whether it had any relationships with the entities provided by the Debtors. At this time, BMC is not aware of any relationship which would present a disqualifying conflict of interest. To the extent BMC discovers any relationship, it will make appropriate disclosures to the Bankruptcy Court in a supplemental declaration.

12. To the best of my knowledge and belief, and except as described herein, neither I nor BMC, nor any officer or director of BMC, has any connection or relationship with the Debtors, their creditors, or any other parties in interest in these cases (or their attorneys or accountants) that would conflict with the scope of BMC's retention or would create any interest adverse to the Debtors' estates, any unsecured creditors, or any other party in interest. BMC has and will continue to represent clients that may be parties in interest in these cases in matters unrelated to these cases and has had and will continue to have relationships in the ordinary course of the business with certain professionals involved in these cases in connection with matters unrelated to these cases.

13. Prior to the Petition Date, BMC performed certain professional services for the Debtors and received payment for such services. The Debtors do not owe BMC any amount for services performed or expenses incurred prior to the Petition Date.

14. There is no agreement or understanding between BMC and any other person or entity for sharing compensation received or to be received for services rendered by BMC in connection with these chapter 11 cases.

IN ACCORDANCE WITH 28 U.S.C. § 1746, I DECLARE UNDER PENALTY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, ALTHOUGH STATED IN THE LANGUAGE OF COUNSEL AND NOT MY OWN.

Dated: November 8, 2007

TINAMARIE FEIL
President of Legal Services,
The BMC Group, Inc.