**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | :    Chapter 11 |
|  | : |
| INPHONIC, INC., <u>et al.</u>, [1] | :    Case No. 07-_____ |
|  | : |
| Debtors. | :    (Jointly Administered) |
|  | : |

**MOTION OF DEBTORS FOR ORDER ESTABLISHING PROCEDURES**
**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**<u>FOR CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS</u>**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), by and through

their undersigned counsel, hereby move for entry of an order establishing procedures for interim

compensation and reimbursement of expenses for chapter 11 professionals and committee

members (the "<u>Motion</u>"). In support of this Motion, the Debtors respectfully represent as

follows:

<u>Jurisdiction and Venue</u>

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are Sections 105(a), 331,

1107(a) and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-2 of the

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

Background

3.      On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Schwarz Affidavit"), and is incorporated herein by reference.[2]

4.      The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

The Debtors' Business Operations

6.      InPhonic was incorporated in 1997 and began operations in 1999.  InPhonic's business principally involves the marketing of wireless telephone and satellite television services and related equipment and support services.  InPhonic focuses in four (4) areas:  (i) wireless device activation services, (ii) television satellite activation services, (iii) mobile virtual network enabler ("MVNE") services, and (iv) unified communication services.

7.      InPhonic is a leading internet (online) seller of wireless services and devices to consumers.  InPhonic sells these services and devices through company owned and branded

---

[2] Capitalized terms shall have the meanings ascribed to them in the Schwarz Affidavit unless otherwise defined herein.

websites, including without limitation www.wirefly.com, as well as through a variety of private labeled websites that it develops and manages for marketing partners such as internet businesses, affinity organizations and national retailers.

8.      InPhonic markets its services through a variety of online advertising programs including display advertising, search marketing, email marketing and affiliate programs. InPhonic's website www.wirefly.com, a leading one-stop shopping site for mobile phones and wireless plans, has been awarded "Best of the Web" by Forbes magazine and "Best in Overall Customer Experience" by Keynote Performance Systems.

9.      InPhonic also markets its services through its partners' private labeled websites which InPhonic creates to leverage its partners' brands and their existing customer relationships. InPhonic private-labels customer touch points to the partners' brands, including the web storefront, customer communications (such as call centers and in-box collateral) and device packaging.

10.      CAIS Acquisitions II, LLC, a wholly-owned subsidiary of InPhonic, does business under the name VMC Satellite. Through VMC Satellite, InPhonic markets consumers digital broadcast satellite television, broadband and VOIP services. VMC Satellite markets its services through a portfolio of its own websites, affiliate websites, print advertisement and private labeled websites, as well as through an in-bound call center.

11.      InPhonic's Mobile Virtual Network Enabler (MVNE) business leverages the company's e-commerce platform and operational infrastructure to enable communications service providers and consumer brands to offer a branded wireless service to their customers without having to own or operate the underlying wireless network or operational infrastructure.

InPhonic's MVNE platform provides a turn-key solution that combines system integration to every major U.S. wireless carrier with enterprise strength billing and customer care solutions.

12.    InPhonic developed and sells a unified communications service that provides users with a private toll-free number and a professional set of small business messaging services for one monthly fee.    Users have one central location for all of their voicemail, email, faxes, calendar appointments and address books and can manage all of their messages from anywhere by accessing a single message box using any phone or computer.    The platform offers users many voice messaging, fax delivery, conference calling and call routing services integrated into a single application accessible by telephone or computer for a single monthly fee.

13.    InPhonic's relationships with its carrier, service, affiliate and marketing partners are the keys to its business operations.    InPhonic has agreements with the largest wireless carriers in the U.S., as well as large satellite, broadband and VOIP providers, to market their products and services.    The company also has agreements with thousands of affiliate and marketing partners that market Debtors' products and services under their brands through private-labeled websites that InPhonic creates and manages and/or their websites.

14.    All of the Debtors are headquartered in Washington, D.C.    The Debtors maintain technology and operations centers in Largo, Maryland; Reston, Virginia and Great Falls, Virginia.

Retention of Professionals

15.    By applications dated November 8, 2007, the Debtors are seeking approval of their selection of DLA Piper US LLP and The Bayard Firm as their co-counsel, and Goldsmith, Agio, Helms Securities, Inc. as their investment banker in these cases under Section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).    In addition, the Debtors

anticipate that they may need to retain other professionals in connection with these chapter 11 cases and that any statutory committee appointed in these cases will retain counsel and other professionals to represent them (collectively, the "Professionals").

### Relief Requested

16.    By this Motion, the Debtors seek entry of an order pursuant to Sections 105(a), and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-2 (i) establishing an orderly, regular process for allowance and payment of compensation and reimbursement for attorneys and other professionals whose services are authorized by this Court and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code, and (ii) establishing a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of any statutory committee.

### Procedures for Payment of Professionals' Fees and Expenses

17.    Pursuant to Section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement every one hundred twenty (120) days, or more often if the Court permits. 11 U.S.C. § 331. Additionally, Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to issue any order "that is necessary or appropriate to carry our the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). This provision codifies the "equitable power" of bankruptcy courts and provides "broad authority" to accomplish tasks important to the implementation of the Bankruptcy Code. See United States v. Energy Res. Co., 495 U.S. 545, 549 (1990) (stating that Section 105(a)'s statutory directive is "consistent with the traditional understanding that bankruptcy courts, as courts in equity, have

broad authority to modify creditor-debtor relationships"). Accordingly, the Debtors submit that this Court has authority to grant the relief requested herein.

18.    The Debtors seek the establishment of a procedure for compensating and reimbursing the Professionals pursuant to monthly interim applications, thus enabling the Court and all parties in interest to monitor fees incurred more effectively and on a more current basis.

19.    The Debtors request that the Professionals be permitted to be compensated for services rendered and reimbursed for expenses incurred pursuant to monthly interim applications in accordance with the following procedures:

> a.    No earlier than the twentieth (20th) day of each calendar month, each Professional seeking interim compensation shall file an application (a "Monthly Fee Application") pursuant to Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on the following (collectively, the "Notice Parties"):
>
>> i.    InPhonic, Inc., 1010 Wisconsin Avenue, Suite 600, Washington, D.C. 20007, Attn:    Kenneth D. Schwarz (the Debtors);
>>
>> ii.    Neil B. Glassman, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899, Telephone:    (302)    655-5000, Facsimile:    (302) 658-6395;
>>
>> iii.    DLA Piper US LLP, The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209-3600, Attn:    Maria Ellena Chavez-Ruark (Proposed Counsel to the Debtors);
>>
>> iv.    United States Trustee's Office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and
>>
>> v.    Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor,

Wilmington, Delaware 19801 (Attn. Robert S. Brady);

vi.    Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn: David A. Agay);; Counsel to any statutory committee appointed in these cases pursuant to Section 1102 of the Bankruptcy Code.

b.    All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

c.    Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon expiration of the Objection Deadline, the Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Actual Monthly Amount") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80% of the fees and 100% of the expenses not subject to an objection. Each Professional's first Monthly Fee Application shall include any partial month preceding the first full month of employment.

d.    If any Notice Party objects to a Professional's Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection, which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the Parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

e.    Beginning with the period ending January 31, 2008, at three-month intervals or at such other time convenient to the Court, each of the

Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application") for interim Court approval and allowance, pursuant to Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the application and any other information requested by the Court or required by the Local Bankruptcy Rules and United States Trustee's Guidelines. Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before March 16, 2008, which shall cover the Interim Fee Period from the Petition Date through and including January 31, 2008. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as a further Interim Fee Application is submitted by the Professional.

f.      The Debtors shall request a hearing on pending Interim Fee Application every three (3) months or at such other intervals as the Court deems appropriate.

g.      If allowed by the Court upon hearing on an Interim Fee Application, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

h.      The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify Professional from the future payment of compensation or reimbursement of expenses.

i.      Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

20.     The Debtors further request that (i) only the Notice Parties be required to be served with both the fee applications and the notice of hearing thereon (the "Hearing Notice")

and (ii) all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 be required to be served with only the Hearing Notice.[3]  Such notice should reach the active parties in these cases and will save the expense of undue duplication and mailing of lengthy fee applications.

21.    The Debtors will include all payments made to Professionals in accordance with the compensation procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

22.    All time periods referenced in this Motion will be calculated in accordance with Bankruptcy Rule 9006(a).

<u>Procedures for Reimbursement of Committee Members' Expenses</u>

23.    The Debtors propose that the members of any committee be permitted to obtain reimbursement for reasonable out-of-pocket expenses incurred in connection with committee membership (excluding committee member counsel).  Each committee member may submit statements of expenses and supporting vouchers and receipts to committee counsel, who will collect the same and, based thereon, submit a comprehensive request for reimbursement to the Debtors in accordance with the above procedures for Professionals.

24.    Similar procedures to those presented here have been approved in other large chapter 11 cases in this District.  See, e.g., In re ABB Lummus Global, Inc., Case No. 06-10401 (JKF) (D. Del. May 19, 2006); In re Easy Gardener Prods., Ltd., Case No. 06-10396 (KG) (D. Del. May 15, 2006); In re Global Home Prods., LLC, Case No. 06-10340 (KG) (D. Del. May 4, 2006); In re World Health Alternatives, Inc., Case No. 06-10166 (PJW) (D. Del. March 14, 2006); In re J.L. Automotive Castings, Inc., Case No. 06-10119 (MFW) (D. Del. March 3, 2006);

---

[3] If any party that has received only a Hearing Notice requests a copy of any of the fee applications, the Debtors will provide that party with the requested copies at the Debtors' expense.

In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 31, 2006); In re Nobex Corp., Case No. 05-20050 (MFW) (D. Del. Jan. 11, 2006).

25.     The Debtors submit that the same relief is warranted here.   The procedures proposed in this Motion will enable the Debtors to monitor closely the costs of administration, maintain a level cash flow and implement efficient cash management procedures.   Additionally, the procedures will allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures. Therefore, the relief sought in this Motion is in the best interest of the Debtors', their estates and their creditors.

Statement Pursuant to Local Rule 1001-1(b)

26.     Pursuant to District Court Local Rule 7.1.2(a), incorporated by reference into to Local Rule Bankruptcy Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

Notice

27.     Notice of this Motion has been provided to (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (b) counsel to Adeptio INPC Funding, LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay); and (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis.   In addition, because this Motion seeks "first day" relief, notice of this Motion and any order entered respecting this Motion will be served as required by Local Rule 9013-1(m).   The Debtors submit

that, in light of the nature of the relief requested, no other or further notice is necessary or required.

No Prior Request

28.    The Debtors have not filed a prior motion seeking the relief requested herein in this Court or any other court.

Conclusion

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto (a) granting the relief requests herein and (b) granting such other relief as may be deemed just and proper.

Respectfully submitted,

Date:  November 8, 2007

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

Thomas R. Califano
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    212-335-4500
Facsimile:    212-335-4501

Mark J. Friedman (MD Bar No. 00102)
Maria Ellena Chavez-Ruark (MD Bar No. 23941)
Jason W. Hardman (MD Bar No. 27470)
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone:    (410) 580-3000
Facsimile:    (410) 580-3001

Proposed Counsel for Debtors
and Debtors in Possession