IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666(KG) |
| Debtor. | : (Jointly Administered) |

**ORDER UNDER SECTIONS 327(A) AND 328(A) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2014
AND 5002 AUTHORIZING EMPLOYMENT AND RETENTION
OF GOLDSMITH, AGIO, HELMS SECURITIES, INC. AS
INVESTMENT BANKER TO DEBTORS IN POSSESSION**

This matter coming before the Court on the *Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 Authorizing Employment and Retention of Goldsmith, Agio, Helms Securities Inc. as Investment Banker to the Debtors in Possession* (the "Application"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and the Court being satisfied, based on the representations made in the Application, the Affidavit of Andrew Torgove (the "Torgove Affidavit"), a managing director of Goldsmith, Agio, Helms Securities Inc. ("GAH"), in support of the Application, the Engagement Letter and the Indemnification Agreement, that GAH represents no interest adverse to the Debtors' estates with respect to the matters upon which GAH is to be engaged, that GAH is a "disinterested person"

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

675184-1

within the meaning of section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that GAH's employment is necessary and in the best interest of the Debtors' estates; and the terms of the Engagement Letter and Indemnification Agreement being reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and upon the Application and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. Application is granted as amended by this Order; and it is further

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and 5002 and Local Rule 2014-1, the Debtors are authorized to employ and retain GAH as financial advisor on the terms set forth in the Application and this Order, effective nunc pro tunc to the Petition Date, and to the extent consistent with the Application and this Order, the Engagement Letter and the Indemnification Agreement; and it is further

3. GAH shall be compensated in accordance with the terms of the Engagement Letter subject to the terms of this Order, the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable orders of this Court; and it is further

4. All of GAH's fees and expenses in these cases, including without limitation the Monthly Fee, the Restructuring Fee and the Sale Transaction Fee (as described in the Engagement Letter), are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application

by GAH in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

5. Notwithstanding the foregoing, the U.S. Trustee retains all rights to object to the Monthly Fee, Restructuring Fee and Sale Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

6. To the extent GAH performs services for the Debtors beyond those set forth in the Application and in the Engagement Letter, the Debtors shall seek the approval of the Court for the additional services and relevant fees; and it is further

7. GAH shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-2 is granted such that GAH may submit time records in one-half hour increments. The Debtors are authorized to pay GAH's fees and to reimburse GAH for its costs and expenses as provided in the Engagement Letter and Indemnification Agreement, upon approval by the Court of interim and final applications; and it is further

8. The provisions set forth in the Indemnification Agreement are approved; and it is further

9. Notwithstanding anything to the contrary in the Engagement Letter or the Indemnification Agreement, during the pendency of any of the Debtors' chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and it is further

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

Dated: November ___, 2007
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE