IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al[1] | : | Case No. 07-11666 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 12** |
| | : | |

**ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING A
HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND
MATTER OF NOTICES; (C) ESTABLISHING PROCEDURES RELATING TO
ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING
NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE
REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF**

Upon the Motion[2] of Inphonic, Inc., and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), requesting entry of an order (A) approving bid procedures which are

attached as Exhibit 1 hereto (the "Bid Procedures") with respect to the proposed sale of

substantially all of the Debtors' Assets, as more fully set forth in that certain asset purchase

agreement (the "Agreement") by and between the Debtors and Adeptio INPC Funding, LLC

("Adeptio"); (B) scheduling a hearing (the "Sale Hearing") and approving the form and manner

of notice of the Auction and the Bid Procedures; (C) establishing procedures relating to the

assumption and assignment of certain Designated Contracts, including notice of proposed cure

amounts; (D) approving the Expense Reimbursement provision; and (E) granting related relief;

and the Court having determined that, to the extent set forth herein, the relief requested in the

---

[1] The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (defined below) or in the Bid Procedures (defined below).

Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; due and appropriate notice of the Motion and the relief requested therein was provided by the Debtors pursuant to Bankruptcy Rules 4001(b) and 4001(c)(1), on the following parties: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Internal Revenue Service; and (d) the Securities and Exchange Commission (collectively, the "Interim Notice Parties"); and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND, CONCLUDED AND DECLARED THAT:[3]

A.    This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. § § 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

B.    Notice of the Interim Hearing, the Motion and proposed entry of this Order has been provided to the Interim Notice Parties. Under the urgent circumstances, requisite notice of the Motion and the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 4001(c) and (d) and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, Bankruptcy Code § 102(1), and no further notice of, or hearing on, the Motion or this Interim Order is necessary or required.

C.    The Debtors' proposed notices of (i) the Proposed Sale of the Assets, (ii) the assumption and assignment of the Designated Contracts and any Cure Costs payable in respect thereof, as described or referred to in the Agreement, (iii) the Agreement, and the terms contained

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

therein, and (iv) the Bid Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Proposed Sale of the Assets, the Auction, the assumption and assignment of Designated Contracts, the Agreement and the Bid Procedures to be employed in connection therewith.

D.     The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures. The Bid Procedures were negotiated in good faith by the Debtors and Adeptio and are reasonable and appropriate.

E.     Adeptio has expended, and likely will continue to expend, considerable time, money and energy pursuing the Proposed Sale and has engaged in extended arm's length and good faith negotiations. The Agreement is the culmination of these efforts.

F.     Recognizing this expenditure of time, energy and resources, the Debtors have agreed to pay the Expense Reimbursement to Adeptio on the terms and conditions set forth in the Agreement.

G.     The Expense Reimbursement is (1) a material inducement for, and a condition of, Adeptio's entry into the Agreement, and (2) fair and reasonable in view of the fact that, if the Expense Reimbursement is triggered, Adeptio's efforts will have increased the chances that the Debtors will receive the highest or otherwise best offer for the Assets.

H.     The Debtors have demonstrated a sound business justification for authorizing the payment of the Expense Reimbursement to Adeptio under the circumstances set forth in the Agreement.

I.     The entry of this Order is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

675217-1

1.      The relief requested in the Motion is granted, to the extent set forth herein.

2.      The Bid Procedures attached hereto as <u>Exhibit 1</u> are hereby approved and fully incorporated into this Order, and shall apply with respect to the Proposed Sale of the Assets.  The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

3.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

4.      The Expense Reimbursement (up to $1.0 million) is hereby approved.

5.      Subject to the conditions and limitations set forth in the Agreement, in the event that the Agreement is terminated, the Debtors shall pay the Expense Reimbursement to Adeptio pursuant to the terms and conditions set forth in the Agreement and without further order of this Court.  The Debtors' obligations to pay the Expense Reimbursement shall constitute a superpriority administrative expense priority obligation under Bankruptcy Code § 364(c)(1) with priority over any and all expenses of the kind specified in Bankruptcy Code § § 503(b) and 507(b), subject only to any superpriority claims of the Debtors' post-petition lenders.

6.      A Qualified Bidder that desires to make a Bid shall deliver written copies of its bid to the Notice Parties not later than 12:00 p.m. (prevailing eastern time) on December 7, 2007 (the Bid Deadline) and shall comply with the requirements set forth in the Bid Procedures for making such bid.

7.      The Debtors shall have the right to reject any and all bids that they believe in their reasonable discretion, in consultation with any official committee appointed in these cases, do not comply with the Bid Procedures.  Adeptio's Bid as embodied in the Agreement is deemed to be a Qualified Bid.

675217-1

8.      As further described in the Bid Procedures, if a Qualified Bid other than Adeptio's Bid is timely received, the Auction will be held on December 12, 2007, and the Debtors shall notify Adeptio, all Qualified Bidders who have submitted a Qualified Bid and expressed their intent to participate in the Auction, any official committee appointed in these cases, and the United States Trustee as to the time and place of the Auction designated by the Debtors not later than 4:00 p.m. (prevailing eastern time) on December 10, 2007,.

9.      Adeptio is authorized to make one or more credit bids at the Auction equal to (i) the Expense Reimbursement plus (ii) any or all of Adeptio's claims and outstanding obligations under the DIP Facility Documents and the Pre-Petition Loan Documents (together defined in the Interim DIP Order), pursuant to Bankruptcy Code § 363(k).

10.     Not later than three (3) days after entry of this Order, the Debtors will cause the Auction and Sale Notice, similar to the form attached hereto as <u>Exhibit 2</u> to be sent by first-class mail postage prepaid to all of the Debtors' creditors and interest holders, the Environmental Protection Agency, the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property, all entities known to have expressed a *bona fide* interest in acquiring all or portions of the Assets, all taxing authorities or recording offices which have a reasonably known interest in relief requested, the Office of the United States Trustee, the Securities and Exchange Commission, counsel for any official committee of unsecured creditors appointed in these cases, all federal, state and local regulatory authorities with jurisdiction over the Debtors, the office of the United States Attorney, all insurers, all non-debtor parties to the Designated Contracts, all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets, and other known parties-in-interest in these cases.

675217-1

11.    Not later than seven (7) days after the entry of an Order approving this Motion, the Debtors shall cause the Auction and Sale Publication Notice, in a form substantially similar to the form attached to this Order as Exhibit 3 to be published in (i) the national edition of The Wall Street Journal or The New York Times, and (ii) one of the following: Twice Magazine, RCR Wireless News or Wireless Week, as to be determined by the Debtors and the Buyer, pursuant to Bankruptcy Rule 2002(1). Such publication notice shall be sufficient and proper notice to any other interested parties, including those whose identities are unknown to the Debtors.

12.    In addition, to facilitate the sale, assumption and assignment of any Designated Contracts, the Debtors will serve a notice (the "Cure Amount Notice"), similar to the form attached hereto as Exhibit 4 hereto not later than five (5) days after the entry of an Order approving this Motion upon each counterparty to a Designated Contract.[4] To the extent that Adeptio is not the Successful Bidder and an alternative Successful Bidder is seeking to have certain Designated Contracts assumed and assigned as part of an alternative transaction, the Debtors will provide financial information for the alternative bidder to all non-debtor parties to such Designated Contracts immediately following the Auction via facsimile or Federal Express.

13.    The Debtors will attach to the Cure Amount Notice its calculation of the undisputed cure amounts that the Debtors believe must be paid to cure all prepetition defaults under all Designated Contracts (the "Prepetition Cure Amounts"). If no amount is listed on Exhibit 4, the Debtors believe that there is no Prepetition Cure Amount. Unless the non-debtor party to a Designated Contracts files an objection (the "Cure Amount Objection") to its scheduled Prepetition Cure Cost by December 3, 2007 (or in the event Adeptio is not the Successful Bidder, at or prior to the Sale Hearing), and serves the objection upon (i) Goldsmith-

---

[4]    Adeptio will provide the non-debtor parties to the Designated Contracts with financial information upon request.

Agio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036 Attn: Andrew Torgrove, (b) counsel to the Debtors, DLA Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano and The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (c) Buyer, c/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry- with a copy to: Kirkland and Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and John Schoenfeld; and (v) counsel for any official committee of unsecured creditors appointed in this case, such non-debtor party shall (i) be forever barred from objecting to the Prepetition Cure Amount and from asserting any additional cure or other amounts with respect to such Designated Contract and the Debtors shall be entitled to rely solely upon the Prepetition Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the Debtors, Adeptio, or such other Successful Bidder or any other assignee of the relevant Designated Contract that any additional amounts are due or defaults exist under such Designated Contract.

14.     In the event that a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (i) the basis for the objection, (ii) with specificity, the amount the party asserts as the Prepetition Cure Amount, and (iii) appropriate documentation in support of the Prepetition Cure Amount. In the event that the Debtors and the non-debtor party to the Designated Contract cannot consensually resolve the Cure Amount Objection, the successful bidder or any other assignee will segregate any disputed cure amounts pending the resolution of any such disputes by this Court or mutual agreement of the parties.

15.     Hearings on Cure Amount Objections may be held (a) at the Sale Hearing, or (b) on such other date as this Court may designate upon motion by the Debtors, provided that if the subject Designated Contract is assumed and assigned, the Cure Cost asserted by the objecting

party (or such lower amount as may be fixed by this Court) shall be deposited and held in a segregated account by the successful bidder or any other assignee pending further order of this Court or mutual agreement of the parties.

16.    The Debtors' decision to assume and assign Designated Contracts is subject to Court approval and consummation of the Proposed Sale of the Assets. Absent consummation of the Proposed Sale of the Assets, each of the Designated Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

17.    Except to the extent otherwise provided in the Agreement or the agreement with the Successful Bidder, subject to any Pre-Petition Cure Amount payments, the assignee of any assumed Designated Contract will not be subject to any liability to the assigned Designated Contract counterparty that accrued or arose before the closing date of the Proposed Sale of the Assets and the Debtors shall be relieved of all liability accruing or arising thereafter pursuant to Bankruptcy Code § 365(k).

18.    Objections, if any, to the relief requested in the Sale Motion must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on December 3, 2007 and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (a) Goldsmith-Agio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036 Attn:  Andrew Torgrove, (b) counsel to the Debtors, DLA Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano and The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130,

Wilmington, DE 19899; (c) Adeptio, c/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104,

Attn: David Lorry- with a copy to: Kirkland and Ellis LLP, 200 East Randolph Drive, Chicago,

Illinois 60601, Attn: Anup Sathy and John Schoenfeld; and (d) counsel for any official committee

of unsecured creditors appointed in this case, provided however, to the extent that Adeptio is not

the Successful Bidder and an alternative Successful Bidder is seeking to have certain unexpired

leases, license agreements and executory contracts assumed and assigned as part of an alternative

transaction, the non-debtor parties to such unexpired leases, license agreements and executory

contracts shall have until the Sale Hearing to raise objections under Bankruptcy Code

§ 365(b)(1)(C).

19.    The Sale Hearing shall be held before this Court on December 13, 2007 at 10 : 00

a.m. (Eastern Time). The Sale Hearing may be adjourned, from time to time, without further

notice to creditors or other parties-in-interest other than by announcement of said adjournment before

this Court or on this Court's calendar on the date scheduled for said hearing.

20.    The notices to be issued in connection with the Proposed Sale of the Assets,

substantially in the form of the notices annexed hereto as Exhibits 2, 3 and 4 are approved in all

respects.

21.    This Order shall constitute findings of fact and conclusions of law and shall take

effect immediately upon execution hereof.

22.    As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be

stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately

upon its entry on this Court's docket.

23.    All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

24.    This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated: November 9 , 2007
          Wilmington, Delaware

United States Bankruptcy Judge

675217-1