# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al[1] | : | Case No. 07-_____ |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## BID PROCEDURES

InPhonic, Inc., and its affiliated debtors and debtors-in-possession (collectively the "Debtors") have filed chapter 11 cases pending in the Bankruptcy Court[2] and jointly administered under Case No. 07-_____.  By motion dated November 8, 2007 (the "Motion"), the Debtors sought, among other things, approval of the process and procedures set forth below (the "Bid Procedures") through which they will determine the highest, best or otherwise financially superior offer for substantially all of the Debtors' assets (the "Assets"). On November 9, 2007, the Bankruptcy Court entered its order (the "Bidding Procedures Order"), which, among other things, approved the Bid Procedures.

On December 13, 2007, as further described below, in the Motion and in the Bidding Procedures Order, the Bankruptcy Court shall conduct the Sale Hearing at which the Debtors shall seek entry of the Sale Order authorizing and approving the sale of the Assets (the "Proposed Sale") to Adeptio (defined below) or to one or more other Qualified Bidders (defined below) that the Debtors, in their sole discretion, determine to have made the highest, best or otherwise financially superior offer.

*Agreement*

On November [7], 2007, the Debtors entered into an asset purchase agreement (the "Agreement") with Adeptio INPC Funding, LLC ("Adeptio"), pursuant to which Adeptio proposes to acquire the Assets.  Pursuant to the Agreement, Adeptio would provide consideration for the Assets equal to the following (the "Purchase Price"): [_____].  Such Purchase Price will be in the form of a credit bid, under Bankruptcy Code § 363(k), on account of the obligations owed to Adeptio under the Senior Secured Priming Super-Priority

---

[1]    The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (defined below).

Debtor-in-Possession and the Senior Credit Agreement.   The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to Bankruptcy Code § § 363 and 365.

*Assets for Sale*

The Debtors are offering for sale in one or more transactions all or substantially all of the assets of InPhonic, Inc., and its affiliated debtors and debtors-in-possession. The assets for sale do not include the Excluded Assets.

*Participation Requirements*

In order to participate in the bidding process and to or otherwise be considered for any purpose hereunder, a person interested in all or portions of the Assets (a "Potential Bidder") must first deliver (unless previously delivered) to the Debtors and their counsel, not later than December 7, 2007:

(a)   Confidentiality Agreement.   An executed confidentiality agreement in form and substance acceptable to the Debtors and their counsel; such form attached as Exhibit 1 hereto;

(b)   Identification of Potential Bidder.   Identification of the Potential Bidder and any Principals (defined below), and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction;

(c)   Non-Binding Expression of Interest.   Within five (5) days after initial access to Due Diligence Materials (as described hereinafter), an executed non-binding indication of interest satisfactory to the Debtors which must reasonably identify the contemplated transaction, including the assets proposed to be acquired, the proposed purchase price, contingencies, and conditions precedent to closing;

(d)   Corporate Authority.   Within five (5) days after initial access to Due Diligence Materials, written evidence of the Potential Bidder's chief executive officer or other appropriate senior executive's approval of the contemplated transaction; provided, however, that, if the Potential Bidder is an entity specially formed for the purpose of effectuating the contemplated transaction, then the Potential Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the contemplated transaction by the equity holder(s) of such Potential Bidder (the "Principals"); and

(e)   Proof of Financial Ability to Perform.   Within five (5) days after initial access to Due Diligence Materials, written evidence that the

675219-1

Debtors reasonably conclude demonstrates the Potential Bidder has the necessary financial ability to close the contemplated transaction and provide adequate assurance of future performance under all contracts to be assumed in such contemplated transaction. Such information should include, *inter alia*, the following:

(i)     the Potential Bidder's current financial statements (audited if they exist);

(ii)    contact names and numbers for verification of financing sources,

(iii)   evidence of the Potential Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the contemplated transaction; and

any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors demonstrating that such Potential Bidder has the ability to close the contemplated transaction; provided, however, that the Debtors shall determine, in their reasonable discretion, in consultation with the Debtors' advisors, whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of a Potential Bidder's financial qualifications.

*Designation as Qualified Bidder*

A "Qualified Bidder" is a Potential Bidder (or combination of Potential Bidders whose bids for the assets of the Debtors do not overlap and who agree to have their bids combined for purposes of the determination of whether such Potential Bidders together constitute a Qualified Bidder, and who shall also be referred to herein as a single Qualified Bidder) that delivers the documents described in subparagraphs (a)-(e) above, and that the Debtors in their discretion and with assistance from their advisors determine is reasonably likely to submit a *bona fide* offer that would result in greater cash value being received for the benefit of the Debtors' creditors than under the Agreement and to be able to consummate a sale if selected as a Successful Bidder (defined below).

Upon the receipt from a Potential Bidder of the information required under subparagraphs (a)-(e) above, the Debtors, as soon as is practicable, shall determine and notify the Potential Bidder with respect to whether such Potential Bidder is a Qualified Bidder.

Adeptio is a Qualified Bidder.

3

*Access to Due Diligence Materials*

Only Potential Bidders that comply with the Participation Requirements are eligible to receive due diligence access or additional non-public information. If the Debtors determine that a Potential Bidder that has satisfied the Participation Requirements does not constitute a Qualified Bidder, then such Potential Bidder's right to receive due diligence access or additional non-public information shall terminate. The Debtors will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such Qualified Bidders. The Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline (as hereinafter defined). The Debtors are not responsible for, and will bear no liability with respect to, any information obtained by Qualified Bidders in connection with the sale of the Assets.

If the Debtors furnish any information related to the Debtors not theretofore given to Adeptio, then the Debtors shall make such information available to Adeptio and each Qualified Bidder.

*Due Diligence From Bidders*

Each Potential Bidder and Qualified Bidder (collectively, a "Bidder") shall comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors regarding such Bidder and its contemplated transaction. Failure by a Potential Bidder to comply with requests for additional information and due diligence access will be a basis for the Debtors to determine that the Potential Bidder is not a Qualified Bidder. Failure by a Qualified Bidder to comply with requests for additional information and due diligence access will be a basis for the Debtors to determine that a bid made by a Qualified Bidder is not a Qualified Bid.

## Bidding Process

The Debtors and their advisors, shall: (i) determine whether a Potential Bidder is a Qualified Bidder; (ii) coordinate the efforts of Bidders in conducting their due diligence investigations, as permitted by the provisions, above; (iii) receive offers from Qualified Bidders; and (iv) negotiate any offers made to purchase the Assets (collectively, the "Bidding Process"). The Debtors shall have the right to adopt such other rules for the Bidding Process (including rules that may depart from those set forth herein) that will better promote the goals of the Bidding Process and that are not inconsistent with any of the other provisions hereof or of any Bankruptcy Court order.

*Bid Deadline*

**The deadline for submitting bids by a Qualified Bidder shall be December 7, 2007, at 12:00 p.m. (Eastern Time) (the "Bid Deadline").**

4

Prior to the Bid Deadline, a Qualified Bidder that desires to make an offer, solicitation or proposal (a "Bid") shall deliver written copies of its cash bid to: (i) InPhonic, Inc., 1010 Wisconsin Ave. NW, Suite 600, Washington, D.C. 20007, Attn: Gregory S. Cole; (ii) investment banker for the Debtors, Goldsmith-Agio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036, Attn: Andrew Torgrove, (iii) counsel for the Debtors, DLA Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano and The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899, Attn: Neil B. Glassman; (iv) Adeptio, c/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry- with a copy to:  Kirkland and Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and John Schoenfeld; and (v) counsel for any official committee of unsecured creditors appointed in this case (collectively, the "Notice Parties"), by the Bid Deadline.

A Bid received after the Bid Deadline shall not constitute a Qualified Bid.

*Bid Requirements*

To be eligible to participate in the Auction, each Bid and each Qualified Bidder submitting such a Bid must be determined by the Debtors to satisfy each of the following conditions:

(a)     Good Faith Deposit.  Each Bid must be accompanied by a deposit (the "Good Faith Deposit") in the form of a certified check or cash payable to the order of the Debtors in an amount equal to $5.0 million.

(b)     Minimum Overbid.  The consideration proposed by the Bid can include only cash.  The aggregate consideration must equal or exceed the sum of the Purchase Price plus $2.0 million.

(c)     Irrevocable.  A bid must be irrevocable until two (2) business days after the Assets have been sold pursuant to the Closing of the sale or sales approved by the Bankruptcy Court (the "Termination Date").

(d)     The Same or Better Terms:  The Bid must be on terms that, in the Debtors' business judgment are substantially the same or better than the terms of the Agreement.  A Bid must include executed transaction documents pursuant to which the Qualified Bidder proposes to effectuate the contemplated transaction (the "Contemplated Transaction Documents").  A Bid shall include a copy of the Agreement marked to show all changes requested by the Bidder (including those related to Purchase Price).  The Contemplated Transaction Documents must include a commitment to close by the Termination Date and contain a representation that

5

the Qualified Bidder shall make all necessary HSR Act filings, if any, and pay all costs and expenses of such filings (including the Debtors' costs and expenses). A Bid should propose a contemplated transaction involving all of the Assets. But, the Debtors will consider proposals for less than substantially all the Assets, provided that the Debtors may evaluate all Bids, in their sole discretion, to determine whether such Bid maximizes the value of the Debtors' estates as a whole.

(e)     Contingencies: A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy in all material respects at the closing of specified representations and warranties or the satisfaction in all material respects at the closing of specified conditions, none of which shall be more burdensome than those set forth in the Agreement.

(f)     Financing Sources: A Bid must contain written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Debtors with appropriate contact information for such financing sources.

(g)     No Fees payable to Qualified Bidder: A Bid may not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment. Moreover, by submitting a Bid a Bidder shall be deemed to waive the right to pursue a substantial contribution claim under Bankruptcy Code § 503 related in any way to the submission of its Bid or the Bid Procedures.

A Bid received from a Qualified Bidder before the Bid Deadline that meets the above requirements, and that satisfies the Bid Deadline requirement above, shall constitute a "Qualified Bid," if the Debtors believe, in their reasonable discretion, that such bid would be consummated if selected as the Successful Bid. For purposes hereof, the Agreement shall constitute a Qualified Bid.

In the event that any Potential Bidder is determined by the Debtors not to be a Qualified Bidder, the Potential Bidder shall be refunded its deposit and all accumulated interest thereon within three (3) business days after that determination.

## Auction

Only if a Qualified Bid (other than Adeptio's) is received by the Bid Deadline, shall the Debtors conduct an auction (the "Auction") to determine the highest and best bid with respect to the Assets. The Debtors shall provide

6

Adeptio and all Qualified Bidders with copies of all Qualified Bids at least twenty-four (24) hours prior to the Auction. The Auction shall commence on December 12, 2007.

No later than December 10, 2007, the Debtors will notify all Qualified Bidders of (i) the highest, best and otherwise financially superior Qualified Bid, as determined in the Debtors' discretion (the "Baseline Bid") and (ii) the time and place of the Auction, and provide copies of all submitted bids to all Qualified Bidders (if Adeptio's Qualified Bid constitutes the Baseline Bid then the Expense Reimbursement shall be added to the Qualified Bid for purposes of the Auction).

If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held, Adeptio will be the Successful Bidder, the Agreement will be the Successful Bid, and, at the December 13, 2007 Sale Hearing, the Debtors will seek approval of and authority to consummate the Proposed Sale contemplated by the Agreement.

The Auction shall be conducted according to the following procedures:

(a)      Participation at the Auction

Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. Only the authorized representative of each of the Qualified Bidders and the Debtors shall be permitted to attend.

During the Auction, bidding shall begin initially with the highest Baseline Bid and subsequently continue in minimum increments of at least $500,000. Other than otherwise set forth herein, the Debtors may conduct the Auction in the manner they determine will result in the highest, best or otherwise financially superior offer for the Assets.

(b)      The Debtors Shall Conduct the Auction

The Debtors and their professionals shall direct and preside over the Auction. At the start of the Auction the Debtors shall describe the terms of the Baseline Bid. The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the estate, including, *inter alia,* the following: (A) the amount and nature of the consideration; (B) the proposed assumption of any liabilities, if any; (C) the ability of the Qualified Bidder to close the proposed transaction; (D) the proposed Closing Date and the likelihood, extent and impact of any potential delays in Closing; (E) any purchase price adjustments; (F) the impact of the contemplated transaction on any actual or potential litigation; (G) the net economic effect of any changes from the Agreement, if any, contemplated by the Contemplated Transaction Documents, and (H) the net after-tax consideration to be received by the Debtors' estates (collectively, the "Bid Assessment Criteria"). All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, and all material terms of

7

each Bid shall be fully disclosed to all other Qualified Bidders. The Debtors shall maintain a transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids and the Successful Bid.

        (c)      Terms of Overbids

An "Overbid" is any bid made at the Auction subsequent to the Debtors' announcement of the Baseline Bid. To submit an Overbid for purposes of this Auction, a Qualified Bidder must comply with the following conditions:

        (i)      Minimum Overbid Increment

Any Overbid after the Baseline Bid shall be made in increments of at least $500,000. Additional consideration in excess of the amount set forth in the Baseline Bid may include only cash; provided, however, notwithstanding the foregoing, any Overbid by Adeptio may be a credit bid under Bankruptcy Code § 363(k), either in full or in part.

        (ii)      Remaining Terms are the Same as for Qualified Bids

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above, provided, however, that the Bid Deadline and the Initial Minimum Overbid Increment shall not apply. Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (i) the Debtors accept a higher Qualified Bid as an Overbid and (ii) such Overbid is not selected as the Back-up Bid (as defined below).

To the extent not previously provided (which shall be determined by the Debtors), a Qualified Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors) demonstrating such Qualified Bidder's ability to close the transaction proposed by such Overbid.

        (iii)      Announcing Overbids

The Debtors shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid, and the resulting benefit to the Debtor's estate based on, *inter alia*, the Bid Assessment Criteria.

        (iv)      Consideration of Overbids

The Debtors reserve the right, in their reasonable business judgment, and, to make one or more adjournments in the Auction to, among other things: facilitate discussions between the Debtors and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; and give Qualified Bidders the opportunity to provide the Debtors with such additional

675219-1

evidence as the Debtors in their reasonable business judgment may require, that the Qualified Bidder (other than Adeptio) has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

    (d)    Additional Procedures

The Debtors, in their reasonable discretion, may adopt rules for the Auction at or prior to the Auction that, in their reasonable discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order. All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder (i.e., the principals submitting the Bid) shall be fully disclosed to all other Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other Qualified Bidders throughout the entire Auction.

    (e)    Consent to Jurisdiction as Condition to Bidding

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Bidder's Contemplated Transaction Documents, as applicable.

    (f)    Closing the Auction

Upon conclusion of the bidding, the Auction shall be closed, and the Debtors shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) immediately identify the highest, best or otherwise financially superior offer for the Assets (the "Successful Bid") and the entity submitting such Successful Bid, the "Successful Bidder"), which highest, best or otherwise financially superior offer will provide the greatest amount of net value to the Debtors, and the next highest or otherwise best offer after the Successful Bid (the "Back-up Bid"), and advise the Qualified Bidder of such determination. If Adeptio's final bid is deemed to be highest and best at the conclusion of the Auction, Adeptio will be the Successful Bidder, and such bid, the Successful Bid.

**Acceptance of Successful Bid**

The Debtors shall sell the Assets to the Successful Bidder upon the approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtors' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court at the Sale Hearing. All interested parties reserve their right

to object to the Debtors' selection of the Successful Bidder (including the assignment of any of such objector's Assumed Executory Contract thereto, provided, however, that any objection to such assignment on the basis of the Cure Amount must be made and/or reserved as set forth in the order approving these Bid Procedures).

### Credit Bidding

Only Adeptio can credit bid some or all of its claims to the full extent permitted by Bankruptcy Code § 363(k).

### "As Is, Where Is"

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates except to the extent set forth in the Agreement or the purchase agreement of another Successful Bidder. Adeptio and each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures or, (i) as to Adeptio, the terms of the sale of the Acquired Assets shall be set forth in the Agreement, or (ii) as to another Successful Bidder, the terms of the sale of the Assets shall be set forth in the applicable purchase agreement.

### Free Of Any And All Interests

Except as otherwise provided in the Agreement or another Successful Bidder's purchase agreement, all of Debtors' right, title and interest in and to the Assets subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with Bankruptcy Code § 363, with such Interests to attach to the net proceeds of the sale of the Assets.

### Sale Hearing

The Sale Hearing shall be conducted by the Bankruptcy Court on a day that is one (1) business day following the Auction Date or on such date as may be established by the Bankruptcy Court. Following the approval of the sale of the Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fail to consummate an approved sale within twenty (20) days after entry of an Order approving the Sale, the Debtors shall be authorized, but not required, to deem the Back-up Bid, as disclosed at the Sale Hearing, the Successful Bid, and the

10

Debtors shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such Bid without further order of the Bankruptcy Court.

## Return of Good Faith Deposit

Good Faith Deposits of the Successful Bidder shall be applied to the purchase price of such transaction at Closing. Good Faith Deposits of all other Qualified Bidders shall be held in an interest-bearing escrow account until five (5) days after Closing of the transactions contemplated by the Successful Bid, and thereafter returned to the respective bidders. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors shall be entitled to retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Successful Bidder.

## Modifications

The Bid Procedures may not be modified except with the express written consent of the Debtors and Adeptio.

The Debtors, may (a) determine, which Qualified Bid, if any, is the highest, best or otherwise financially superior offer; and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtors, their estates and creditors.

At or before the Sale Hearing, the Debtors may impose such other terms and conditions as the Debtors may determine to be in the best interests of the Debtors' estate, their creditors and other parties in interest.

675219-1