# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : | **Re: Docket No. 9** |

## ORDER AUTHORIZING AND APPROVING THE APPOINTMENT
## OF THE BMC GROUP, INC. AS NOTICING, CLAIMS, AND
## BALLOTING AGENT FOR THE BANKRUPTCY COURT

This matter coming before the Court on the *Motion of the Debtors for Order Authorizing and Approving the Appointment of The BMC Group, Inc. as Noticing, Claims, and Balloting Agent for the Bankruptcy Court* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Court having reviewed the Motion, the Feil Declaration and the Engagement Letter, and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

675344-2

factual bases set forth in the Motion establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The terms and conditions of this Order shall be immediately effective and enforceable as of the Petition Date.

3.      BMC is appointed Claims Noticing Agent pursuant to the terms set forth in the Motion, the Feil Declaration, and the Engagement Letter, and shall be compensated as stated therein.

4.      BMC is hereby directed to perform the services described in the Motion, the Feil Declaration, and the Engagement Letter.

5.      The fees and expenses of BMC incurred in the performance of services shall be treated as administrative expenses of the estates, and be paid by the Debtors in the ordinary course of business. Any dispute between BMC and the Debtors with respect to fees and expenses shall be presented to the Bankruptcy Court for resolution thereof.

6.      The indemnification provisions in the Engagement Letter is approved, subject to the following modifications:

a.      subject to the provisions of subparagraphs (b) and (c) infra, the Debtors are authorized to indemnify, and shall indemnify, BMC, in accordance with the Engagement Letter, for any claim arising from, related to, or in connection with the services to be rendered as described in the Engagement Letter, but not for any claim arising from , related to , or in connection with BMC's postpetition performance of any services other than the services described in the Engagement Letter, unless such other postpetition services and indemnification therefor are approved by the Court:

b.      notwithstanding any provision of the Engagement Letter to the contrary, the Debtors have no obligation to indemnify BMC, or provide contribution or reimbursement to BMC, for any claim or expense that is either (i)

675344-2

judicially determined (the determination having become final) to have arisen from BMC's gross negligence, willful misconduct or bad faith, or in a claim by the Debtors' estates of material breach of contract, a determination of such material breach, or (ii) settled prior to a judicial determination as to BMC's gross negligence, material breach of contract, willful misconduct or bad faith, but determined by this Court, after notice and a hearing, to be a claim or expense for which BMC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, BMC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, BMC must file an application therefore in this Court, and the Debtors may not pay any such amounts to BMC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BMC for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify BMC.

7.      Paragraph X of the Engagement Letter shall be and hereby is modified to delete the sentence, "Except with respect to breaches under Section VII 'Confidentiality' above, in no event shall liability to customer for any losses or damages, whether direct or indirect, arising out of this Agreement exceed the total amount billed or billable to customer for the portion of the particular work which gave rise to the loss or damage."

8.      Upon closing of these chapter 11 cases, BMC shall return all proofs of claim received by it and the official claims registry to the Clerk's Office.

9.      This Court will retain jurisdiction to address all disputes related to the interpretation or enforcement of this Order.

Dated: November __9__, 2007
        Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

675344-2