IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666 (KG) |
| | Jointly Administered |
| Debtors. | |
| | **Hearing date: November 30, 2007 at 3:00 p.m. (ET)** |
| | **Objection deadline: November 23, 2007 at 4:00 p.m. (ET)** |

**SUPPLEMENT TO THE MOTION OF THE DEBTORS FOR AN ORDER PURSUANT
TO SECTION 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 2002,
6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
(I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL THEIR ASSETS;
(II) APPROVING AN ASSET PURCHASE AGREEMENT, SUBJECT TO HIGHER AND
BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, hereby file this Supplement (the "Supplement") to the *Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief* (the "Sale Motion"). The Debtors respectfully represent as follows:

---

[1] InPhonic, Inc., ("InPhonic") together with its wholly-owned subsidiaries identified below, have each filed voluntary Chapter 11 petitions and a motion is pending pursuant to Federal Rule of Bankruptcy Procedure 1015 for joint administration. The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On November 8, 2007, (the "Petition Date") the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Affidavit of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, in Support of First Day Motions* sworn to on November 8, 2007 (the "Schwarz Affidavit"), and is incorporated herein by reference.[2]

4. The Debtors continued to possess their property and to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

## The Debtors' Business Operations

6. InPhonic was incorporated in 1997 and began operations in 1999. InPhonic's

---

[2] Capitalized terms shall have the meanings ascribed to them in the Schwarz Affidavit or in the Sale Motion unless otherwise defined herein.

business principally involves the marketing of wireless telephone and satellite television services and related equipment and support services. InPhonic focuses in four (4) areas: (i) wireless device activation services, (ii) television satellite activation services, (iii) mobile virtual network enabler ("MVNE") services, and (iv) unified communication services.

7. InPhonic is a leading internet (online) seller of wireless services and devices to consumers. InPhonic sells these services and devices through company owned and branded websites, including www.wirefly.com, as well as through a variety of private labeled websites that it develops and manages for marketing partners such as internet businesses, affinity organizations and national retailers.

Background Related to Sale

8. On November 8, 2007, the Debtors filed the Sale Motion. In connection with the Sale Motion, the Debtors filed a Motion for an Order (i) Approving Bid Procedures Relating to Sale of Substantially all of the Debtors' Assets; (ii) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (iii) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (iv) Approving Expense Reimbursement Provision; and (v) Granting Related Relief (the "Bid Procedures Motion"). On November 9, 2007, this Court entered an order approving the Bid Procedures Motion.

9. Under the Sale Motion, the Debtors sought authority to sell substantially all of their assets to Adeptio INPC Funding, LLC (the "Buyer").

Discussion

10. The proposed sale to the Buyer, or any other purchaser, pursuant to the Sale Motion implicates the Debtors' list of personal customer information. This list contains

personally identifiable information (the "Personally Identifiable Information"), as defined in section 101(41A) of the Bankruptcy Code,[3] collected and retained from the Debtors' customers as a result of the Debtors' offering of products and services through their subsidiary sites, agents, contractors and business affiliates.

11.   On November 9, 2007, the Court conducted hearings on various "first day" motions, including the Bid Procedures Motion. At the hearing, the United States Trustee suggested that the Debtors should request clarification from the Court regarding the need for appointment of a Consumer Privacy Ombudsman under section 322 of the Bankruptcy Code[4] in light of the transfer of the Personally Identifiable Information contemplated under the Sale Motion and Bid Procedures Motion.

12.   Section 363(b)(1) authorizes the trustee or debtor in possession to use, sell or lease property of the estate outside of the ordinary course of business. 11 U.S.C. § 363(b)(1). However, there are certain limitations on such transfers where the property of the estate includes a debtor's customer list or other customer information that constitutes "personally identifiable information" as defined in section 101(41A) of the Bankruptcy Code. Id. Such a sale is permitted but if the debtor, in connection with offering a product or service, discloses to an individual a policy prohibiting the transfer of personally identifiable information to persons

---

[3] The term "personally identifiable information" means: (A) if provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purpose (i) the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name; (ii) the geographical address of a physical place of residence of such individual; (iii) an electronic address (including an e-mail address) of such individual; (iv) a telephone number dedicated to contacting such individual at such physical place of residence; (v) a social security account number issued to such individual; or (vi) the account number of a credit card issued to such individual; or (B) if identified in connection with 1 or more of the items of information specified in subparagraph (A) (i) a birth date, the number of a certificate of birth or adoption, or a place of birth; or (ii) any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically. 11 U.S.C. § 101(41A).

[4] 11 U.S.C. 332(a), as amended by Pub. L. No. 109-8, §231(a) (2005), is effective in cases commenced on or after October 17, 2005, requires the court to order the Unites States trustee to appoint one disinterested person to serve as

unaffiliated with the debtor, and the policy is in effect at the time of the bankruptcy filing, then the trustee may not sell or lease such information unless either: (1) the sale is consistent with such policy; or (2) the court, after appointment of a Consumer Privacy Ombudsman, pursuant to section 332 of the Bankruptcy Code, as amended, approves the sale or lease upon due consideration of the facts, circumstances and conditions of the sale or lease. See 11 U.S.C. § 363 (LexisNexis 2007) (legislative history) (citing House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess 67-68 (2005)).

13. Thus, the courts can approve the sale without appointment of an ombudsman if: (1) the privacy policy effective at the date of filing does not prohibit transfer of the personally identifiable information to unaffiliated third parties; or (2) where, despite the privacy policy prohibiting transfer to unaffiliated third parties, the sale or lease of such information is consistent with the privacy policy. See 11 U.S.C. 363(b)(1)(A).

14. The Debtors have a privacy policy (the "Privacy Policy") with respect to the Personally Identifiable Information. As set forth below, the Privacy Policy does not prohibit the transfer of personally identifiable information to third parties. In addition, the proposed sale to the Buyer is consistent with the Privacy Policy. Therefore, the Sale Motion may be considered and approved pursuant to section 363(b)(1)(A) of the Bankruptcy Code without the appointment of a Consumer Privacy Ombudsman.

Background Related to the Debtors' Privacy Policy for Personally Identifiable information

15. During the course of their operations, and as part of their ordinary business dealings, the Debtors have maintained the Privacy Policy to govern the collection, retention, and dissemination of the Personal Identifiable Information by InPhonic Inc. and its various affiliates

---

a Consumer Privacy Ombudsman "if a hearing is required under section 363(b)(1)(B) of the Bankruptcy Code."

and subsidiaries. A copy of the Privacy Policy can be found at the Debtors' website, http://www.wirefly.com/about/privacy/, and is attached to the Affidavit of Kenneth D. Schwarz sworn to on November 14, 2007 in support of this Supplement (the "Schwarz Affidavit") as Exhibit 1. A copy of the Schwarz Affidavit is attached hereto as Exhibit A. Among other things, this Privacy Policy discloses to customers and potential customers that the Debtors, from time to time, provide access to the Personally Identifiable Information collected in connection with the offering of their products to third parties. See Privacy Policy. The Privacy Policy further provides, however, that, "any third parties who have access to the contact information . . . provide[d], including [their] subsidiary site, agents, contractors and business affiliates have agreed to protect [the Personally Identifying Information] in a manner that is consistent with [the] policy." Id. Thus, the Privacy Policy does not prohibit the transfer of the Personally Identifiable Information to persons that are not affiliated with the Debtors. Further, the Privacy policy itself requires that any third parties who have access to the Personally Identifiable Information must protect it in a manner consistent with the Privacy Policy. Id.

16. The Privacy Policy: (1) is consistent in all material respects to those privacy policies disclosed to individuals by the Debtors' subsidiary sites, agents, contractors and business affiliates at their company owned and branded websites; and (2) has been in effect since March of 2006 and was in effect on the date of the commencement of this Case, November 9, 2007. See Schwarz Affidavit, ¶18.

17. The Buyer intends to protect, store, and control the Personally Identifiable Information in a manner that is consistent with the Privacy Policy upon the purchase of the Debtors' assets pursuant to the APA (as defined in the Lorry Affidavit). See Affidavit of David S. Lorry, sworn to on November 14, 2007 in support of this Supplement (the "Lorry Affidavit").

A true and accurate copy of the Lorry Affidavit can be found attached hereto as Exhibit B. In addition, the Debtors shall accept no bids from any bidder unless they, too, agree to protect, store and control the Personally Identifiable Information in a manner consistent with the Privacy Policy. See Schwarz Affidavit, ¶17.

### The Requested Relief Should be Granted

18.     The Debtors hereby submit that the Debtors' Privacy Policy does not prohibit the transfer of the Personally Identifiable Information to persons unaffiliated with the Debtors. In addition, the sale of such information, pursuant to the Sale Motion, or to any other similar sale, as a whole, is consistent with the Privacy Policy. Therefore, the sale proposed by the Sale Motion should be considered and approved, pursuant to section 363(b)(1)(A) of the Bankruptcy Code, without appointment of a Consumer Privacy Ombudsman .

19.     The Privacy Policy discloses to customers and potential customers that the Debtors, from time to time, provide third parties access to the Personally Identifiable Information. See Privacy Policy; Schwarz Affidavit, ¶16. Thus, the Privacy Policy does not prohibit the transfer of the Personally Identifiable Information to persons that are not affiliated with the Debtors, and the Court, pursuant to section 363(b)(1)(A) of the Bankruptcy Code, may approve the Sale Motion without appointment of a Consumer Privacy Ombudsman.

20.     In addition, the terms of the Sale Motion fully conform to the Privacy Policy in place at the time the Debtors' petition. The Privacy Policy provides, that, "any third parties who have access to the contact information . . . provide[d], including [their] subsidiary site, agents, contractors and business affiliates have agreed to protect [the Personally Identifying Information] in a manner that is consistent with [the] policy." See Privacy Policy.

21.     The Buyer intends to protect, store, and control the Personally Identifiable

Information in a manner that is consistent with the Privacy Policy upon the purchase of the Debtors' assets pursuant to the APA. See Lorry Affidavit. In addition, the Debtors shall accept no bids from any bidder unless they, too, agree to protect, store and control the Personally Identifiable Information in a manner consistent with the Privacy Policy. See Schwarz Affidavit, ¶17.

22. Thus, pursuant to section 363(b)(1)(A), the Court is not required to order the United States Trustee to appoint a Consumer Privacy Ombudsman because: (1) the privacy policy effective at the date of filing does not prohibit transfer of the personally identifiable information to unaffiliated third parties, and (2) the sale of the Personally Identifiable Information is consistent with the Privacy Policy.

23. Therefore, the Debtors respectfully request that the Court find that (i) the sale of such information, under the Asset Purchase Agreement or any other similar sale, as a whole, is consistent with any restrictions or prohibitions in the Debtors' Privacy Policy with respect to the transfer of Personally Identifiable Information; and (ii) the sale of the Personally Identifiable Information pursuant to the Asset Purchase Agreement and the Sale Motion may proceed without the appointment of a Consumer Privacy Ombudsman. At the hearing on the Sale Motion, the Debtors will seek a separate finding that the sale of the Personally Identifiable Information to the Buyer is approved pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

## Notice

24. The Debtors propose to give notice of this Supplemental Motion by overnight mail to (a) the Office of the United States Trustee for the District of Delaware; (b) all parties having filed requests for notices in the Debtor's chapter 11 case; (c) counsel to the official committee of unsecured creditors (if formed in this case); (d) counsel to Adeptio; (e) all entities

known to have expressed a bona fide interest in acquiring the Assets; (f) the Debtors' twenty (20) largest creditors; and (g) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion. The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

### No Prior Request

25. No previous motion for the relief requested herein has been made to this or any other Court.

### Conclusion

WHEREFORE, the Debtors respectfully request that this Court authorize the Debtors to proceed with the sale proposed by the Sale Motion or any similar sale without the appointment of a Consumer Privacy Ombudsman and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: November 14, 2007

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

NEWY1\8168258.7
675769-1

9

Thomas R. Califano
Jeremy Johnson
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Proposed Counsel for Debtors
and Debtors in Possession