## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| INPHONIC, INC., et al.,[1] | : | Cases No. 07-11666 (KG) |
| Debtors. | : | (Jointly Administered) |

## DECLARATION OF NEIL B. GLASSMAN IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) FOR AUTHORITY TO EMPLOY AND RETAIN THE BAYARD FIRM AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Neil B. Glassman makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1.    I am a director and shareholder of The Bayard Firm, P.A. ("Bayard"), which maintains offices for the practice of law at 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the State of Delaware as well as in the United States District Court for the District of Delaware.

2.    I submit this Declaration in support of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for an Order approving the employment and retention of Bayard *nunc pro tunc* to the Petition Date as

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

co-counsel in the above-captioned chapter 11 cases (the "Cases") and for the purpose of complying with section 327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Bayard's completion of further analysis or as additional creditor information becomes available to Bayard, a supplemental declaration will be submitted to the Court reflecting the same.

Bayard's Disclosures

4.    Insofar as I have been able to ascertain, neither I, nor Bayard, nor any director of Bayard, nor any attorney who is of counsel to Bayard, nor any associate thereof, represents any other party in interest in these chapter 11 cases, or their attorneys or accountants, except as hereinafter set forth. Further, Bayard has no connection (as such term is used in § 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) with the Debtors, their creditors, any other party in interest herein, the Debtors' current respective attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee, nor does Bayard hold any adverse interest or represent any entity having an adverse interest in connection with the Debtors' Cases except as disclosed herein.

5.    To the extent set forth on Schedules A and B attached hereto, I, Bayard, and certain of their directors, counsel, and associates may currently represent, or may have previously represented, and may in the future represent, persons, entities and their

affiliates that are claimants, interest holders, other parties in interest, or professionals of the Debtors (and other professionals to be retained in these Cases) in matters totally unrelated to the Debtors' pending chapter 11 Cases.

6.    Except as set forth herein, neither I, nor Bayard, nor any director, counsel, or associate thereof, insofar as I have been able to ascertain, holds or represents any entity having an adverse interest to the Debtors or their estates in the matters upon which Bayard is to be engaged in these Cases.

7.    Bayard is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Bayard, their directors, counsel and associates:

      (a)    are not creditors, equity security holders, or insiders;

      (b)    are not and were not, within two (2) years before the date of the filing of the petition, directors, officers, or employees of the Debtors; and

      (c)    do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

8.    By reason of the foregoing, I believe that Bayard is eligible for employment and retention by the Debtors pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules.

<u>Bayard's Retainer, Rates and Billing Practices</u>

9.    Bayard intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. Listed below are the current hourly rates that Bayard intends to charge the Debtors per hour for the legal services of their professionals:

| (a) | Directors | $440-$725 per hour |
| (b) | Associates and Counsel | $225-$385 per hour |
| (c) | Paralegals and Case Management Assistants | $100-$205 per hour |

other attorneys and paralegals will render services to the Debtors as needed. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

10.    The hourly rates set forth above are Bayard's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Bayard for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. It is Bayard's policy to charge their clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying, printing and scanning charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Bayard will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges generally made to Bayard's clients.

11.    Compensation agreed to be paid by the Debtors to Bayard is to be for legal services rendered in connection with these Cases. The Debtors have agreed to pay Bayard for the legal services rendered or to be rendered by their various attorneys and paraprofessionals in connection with these Cases on behalf of the Debtors. The Debtors have also agreed to reimburse Bayard for their actual and necessary expenses incurred in

connection with these Cases.

12.     Bayard will make periodic applications to this Court for interim compensation in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court governing such matters.

13.     On November 7, 2007, prior to the filing of the bankruptcy petitions, the Debtors sent a wire transfer in the amount of $149,200.00 (the "Retainer") to Bayard. Pre-petition fees and expenses incurred by the Debtors totaling $66,370.25 were drawn against the Retainer prior to the filing of the Debtors' petitions, and a balance of $82,829.75 remains in the Debtors' client trust account. Bayard will retain this balance as a security retainer and apply it to any outstanding fees and expenses upon this Court's approval of Bayard's final fee application in these Cases. No portion of the Retainer was applied by Bayard to outstanding invoices sent to the Debtors prior to Bayard's receipt of the Retainer (other than as set forth above).

14.     No promises have been received by Bayard or by any director, counsel, or associate thereof as to payment or compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Bayard has no agreement with any other entity to share with such entity any compensation received by Bayard in connection with these chapter 11 cases, other than with the directors, counsel, and associates of Bayard.

15. The foregoing constitutes the statement of Bayard pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that the foregoing is true and correct.

November 19, 2007

_____
Neil B. Glassman (No. 2087)

## Schedule A

**Parties who are current or past clients of The Bayard Firm in matters unrelated to the Debtors' cases:**

1.   Citicorp - prior representations of Citicorp or affiliated entities in unrelated bankruptcy and non-bankruptcy matters

2.   Microsoft Corporation - prior representations in unrelated bankruptcy and non-bankruptcy matters

3.   Sprint PCS - prior representations of affiliates in unrelated non-bankruptcy matters

4.   Verizon Wireless - prior representations of Verizon Wireless or affiliated entities in unrelated non-bankruptcy matters

## Schedule B

**Parties to whom The Bayard Firm may be currently, or in the past may have been, adverse to in matters unrelated to the Debtors' Cases:**

1.  AOL

2.  AT&T

3.  Brightpoint North America

4.  Chadbourne & Parke

5.  Cingular

6.  Citicorp

7.  David Steinberg

8.  Federal Express

9.  Google, Inc.

10. Microsoft Corporation

11. Nextel

12. Sprint

13. Yahoo

14. Verizon Wireless