IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INPHONIC, INC., *et al.*, | ) | Case No. 07-11666 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO BANKRUPTCY RULE 9006(c)(1) AND FEDERAL
RULES OF CIVIL PROCEDURE 30, 33, 34, AND 36 FOR AN ORDER
ESTABLISHING SHORTENED DISCOVERY PROCEDURES**

The Official Committee of Unsecured Creditors (the "Committee") of InPhonic, Inc. (together with its affiliated debtors and debtors in possession, the "Debtors"), moves the Court, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order shortening the time allowed for responding to discovery requests and providing that responses to the discovery requests shall be due to the Committee no later than November 26, 2007, and that depositions shall be conducted on November 28, 2007 or such other time as is mutually agreed to by the parties (the "Motion"). In support of this Motion, the Committee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Motion to Shorten pursuant to 28 U.S.C. § 1334(b).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

**FACTUAL BACKGROUND**

4. On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "Court"). The Debtors continue to possess their property and manage their businesses as debtors in possession. The Debtors' cases are being jointly administered.

5. On November 16, 2007, the United States Trustee formed the Committee.

**The Sale Process**

6. On the Petition Date the Debtors filed, *inter alia*, the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion").

7. On the Petition Date, the Debtors also filed the Motion of Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").

8. On November 9, 2007, after a hearing, the Court entered an order approving the Bid Procedures Motion (the "Bid Procedures Order").

9. Pursuant to the Bid Procedures Order, the deadline for submitting bids to acquire substantially all of the Debtors' assets is December 7, 2007, with an auction to occur on December 12, 2007. The Court scheduled a hearing on the Sale Motion for December 13, 2007 at 10:00 a.m (EST).

10. As of November 2, 2007, Adeptio INPC Funding, LLC ("Adeptio") was assigned all right, title and interest in and to the Debtors' prepetition credit facility. See Affidavit of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, In Support of First Day Motions and Applications at ¶ 18.

11. The Debtors have identified Adeptio as the stalking horse bidder in the Sale Motion.

### The Proposed Post-Petition Financing

12. On the Petition Date, the Debtors filed their Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) (the "DIP Motion") (D.I. 11).

13. In the DIP Motion, the Debtors seek to borrow, on both a secured and superpriority administrative expense basis, $25 million from Adeptio.

14. A final hearing on the DIP Motion is scheduled for November 30, 2007.

15. When evaluating the DIP Motion and the requests made therein for various protections to be accorded to Adeptio in its capacity as DIP lender and prepetition lender, it is critical to bear in mind all of the different hats that Adeptio wears in these chapter 11 cases. Adeptio is (a) the prepetition lender, having acquired at a steep discount the rights and interests of the Prior Lenders earlier this month, (b) the proposed purchaser of the Debtors' assets, and (c) the DIP lender, offering loans to the Debtors solely for the purpose of keeping the Debtors'

businesses intact so that Adeptio can acquire them at a Section 363 sale scheduled to occur in December, 2007.

16.   Even though the DIP facility is solely for Adeptio's benefit, Adeptio seeks to impose costs upon, and reduce the rights of, the unsecured creditors in exchange for the DIP facility - as if the DIP facility benefited the unsecured creditors.  For example, Adeptio seeks a "superpriority claim" for the diminution in value of its collateral during the sale process, and worse yet, Adeptio seeks to pay such claims out of the proceeds of avoidance actions against unsecured creditors that will receive no benefit from the sale process.  Adeptio also seeks to compel the Debtors to pay $780,000 of Adeptio's professional fees associated with these cases. Adeptio seeks a waiver of the estates' right to surcharge Adeptio's collateral under Section 506(c) of the Bankruptcy Code even though these cases are being run for Adeptio's benefit. Adeptio also seeks unreasonable fees in the amount of $500,000 for a loan that Adeptio would make in any event to preserve its right to acquire the Debtors' assets via a credit bid.

17.   Accordingly, as Adeptio is the only party that can hope to receive any real benefit from these bankruptcy cases, neither the estates nor unsecured creditors should bear the expenses associated with these bankruptcy cases, including the monetary costs and proposed loss of rights associated with the proposed DIP facility.

18.   The Committee believes that dismissal of these cases (or abandonment of fully-encumbered property) is in the best interest of the estates' creditors.

### The Committee's Motion to Dismiss These Cases

19.   Contemporaneously with the filing of this Motion, the Committee also filed its Motion For An Order (I) Dismissing (Or Converting) Debtors' Bankruptcy Cases Pursuant To Section 1112(b) Of The Bankruptcy Code Or, Alternatively, (II) Compelling The Trustee To

Abandon Fully-Encumbered Estate Property Pursuant To Section 554(b) Of The Bankruptcy Code (the "Motion to Dismiss").

20. In the Motion to Dismiss, the Committee seeks to dismiss these cases because these cases were filed solely to benefit Adeptio at the expense of the unsecured creditors. Specifically, the thinly-veiled purpose of the proposed sale is to benefit Adeptio by providing for the transfer of the Debtors' assets free and clear of liens, claims and interests. Although only Adeptio would benefit from this sale process, Adeptio purports to impose upon the estates and their other creditors the costs and expenses associated with the sale process with no resulting benefit to those creditors.

21. Worse yet, Adeptio seeks to impose upon the estates and their creditors a claim for diminution in the value of Adeptio's collateral during the sale process – even though the Debtors undertake the sale process at Adeptio's insistence and for Adeptio's benefit. Adeptio also apparently seeks to assert avoidance actions against unsecured creditors to satisfy Adeptio's diminution claim.

22. Accordingly, the Committee believes that the Debtors' bankruptcy cases should be dismissed (or converted) as Adeptio is the only party that can hope to receive a benefit from these bankruptcy cases. Instead of further prejudicing the Debtors' unsecured creditors by allowing the estates to incur unnecessary expenses and fees (such as the expenses and fees that will be paid unnecessarily to Goldsmith, Agio, Helms Securities, Inc. ("GAH")), Adeptio should be required to obtain the Debtors' assets by exercising Adeptio's foreclosure rights outside of these chapter 11 bankruptcy cases. Adeptio will achieve the same results by exercising its foreclosure rights, but the process would be more equitable because Adeptio, not the Debtors' unsecured creditors, will bear the costs for the benefits Adeptio will receive.

23. In the Motion to Dismiss, the Committee, alternatively, seeks an order compelling the Debtors to abandon all assets encumbered by Adeptio's security interest. Those assets are "burdensome" and "of inconsequential value and benefit" to the Debtors' estates. See 11 U.S.C. § 554(b).

24. The Committee believes that its Motion to Dismiss should be heard no later than the hearing on the DIP Motion. The Committee does not want the estate to incur fees, expenses, costs, or other liability associated with the DIP Motion. Instead, the Committee believes that the cases should be dismissed.

25. Accordingly, the Committee seeks expedited discovery on the DIP Motion (and the Motion to Dismiss) so that the Committee can be prepared to litigate the Committee's (forthcoming) objection to the DIP Motion and the Motion to Dismiss at the hearing on November 30, 2007.

26. The Committee seeks to take discovery on an expedited schedule regarding, *inter alia*, the following general issues (i) whether the sale of substantially all of the Debtors' assets is in the best interests of the Debtors' estate and its creditors; (ii) the current value of the Debtors' businesses; (iii) whether the sales process confers a benefit on the Debtors' secured lender (and the stalking horse bidder) to the detriment of unsecured creditors; and (iv) whether this bankruptcy case is being pursued solely for the benefit of the Debtors' secured creditor and stalking horse bidder for all of the Debtors' assets.

27. Attached as Exhibits A through E are the following proposed discovery requests: (a) First Set of Requests for Admission Directed to Debtors, (b) First Set of Requests for the Production of Documents Directed to Debtors; (c) Rule 30(b)(6) Deposition Notice of the Debtors; (d) Subpoena *Duces Tecum* Directed to Adeptio; and (e) Subpoena *Duces Tecum*

Directed to GAH (the "<u>Discovery Requests</u>" and "<u>Depositions</u>", and collectively, the "<u>Discovery</u>").

## RELIEF REQUESTED

28. The DIP Motion is scheduled for a final hearing on November 30, 2007. As indicated above, the Committee needs to conduct Discovery in connection with the DIP Motion and the Motion to Dismiss. (That Discovery is also likely to be relevant to a hearing related to the Sale Motion). The Committee will not have sufficient time to serve the Discovery Requests, obtain discovery responses, and conduct the Depositions prior the November 30, 2007, hearing on the DIP Motion, unless the Court shortens the time for discovery responses as authorized by Fed.R.Civ.P. 30(a)(1) and (b)(1) (depositions), Fed.R.Civ.P. 33(a) and (b)(3) (interrogatories), Fed.R.Civ.P. 34(b) (requests for documents), Fed.R.Civ.P. 36(a) (requests for admission), and Bankruptcy Rule 9006(c)(1). The Committee respectfully requests that, in order that it may adequately prepare for the hearing on the DIP Motion (and the Motion to Dismiss if heard on November 30, 2007), the Court enter an order providing that responses to the Discovery Requests are due by November 26, 2007, and that the Depositions shall be taken on November 28, 2007 (or such other date as is agreed to by the parties).

## BASIS FOR RELIEF REQUESTED

A. **<u>Applicable Discovery Rules</u>**

29. Federal Rule of Civil Procedure Rule 30(b)(1) (as incorporated by Bankruptcy Rule 7030) provides that "a party taking the deposition of a person upon oral examination shall give reasonable notice in writing to every other party to the action." Fed.R.Civ.P. 30(b)(1).

In addition, Rule 30(a)(1) requires a party to obtain "leave of court" to conduct a deposition prior to a Rule 26(d) conference. See Fed.R.Civ.P. 30(a)(1).

30. Federal Rule of Civil Procedure 33(b)(3) (as incorporated by Bankruptcy Rule 7033) provides, in relevant part, that answers and objections, if any, to interrogatories must be served "within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court . . . ." Fed.R.Civ.P. 33(b)(3). Rule 33(a) requires a party to obtain "leave of court" to serve interrogatories prior to a Rule 26(d) conference. See Fed.R.Civ.P. 33(a).

31. Federal Rule of Civil Procedure 34(b) (as incorporated by Bankruptcy Rule 7034) provides, in relevant part, that a request to produce documents shall be responded to "within 30 days after the service of the request. A shorter or longer time may be directed by the court . . . ." Fed.R.Civ.P. 34(b). Rule 34(b) requires a party to obtain "leave of court" to serve document requests prior to a Rule 26(d) conference. See Fed.R.Civ.P. 34(b).

32. Federal Rule of Civil Procedure 36(a) (as incorporated by Bankruptcy Rule 7036) provides, in relevant part, that requests for admissions shall be responded to "within 30 days after the service of the request, or within such shorter or longer time as the court may allow." Fed.R.Civ.P. 36(a). Rule 36(a) also requires a party to obtain "leave of court" to serve requests for admission prior to a Rule 26(d) conference. See Fed.R.Civ.P. 36(a).

33. Federal Rule of Civil Procedure 45(c)(3)(A)(i) (as incorporated by Bankruptcy Rule 9016) provides, in relevant part, that a court issuing a subpoena may quash or modify a subpoena that "fails to allow reasonable time for compliance." See Fed.R.Civ.P. 45(c)(3)(A)(i).

34. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules . . . the court for cause shown may in its

discretion with our without motion or notice order the period reduced." See Fed.R.Bankr.P. 9006(c)(1).

**B.     Need For Shortened Discovery Schedule**

35.     In light of the fact that the DIP Motion (and presumably the Motion to Dismiss) will be heard on November 30, 2007, the Committee needs to take discovery on an expedited basis so that it may consider the appropriateness of the DIP Motion (and the Motion to Dismiss).

36.     Upon receiving responses to the written Discovery Requests, the Committee will take the Depositions of the appropriate representative(s) for the Debtors and Adeptio.

37.     The Committee seeks to serve the Discovery in substantially the forms attached as Exhibits A-E. The Committee reserves the right to take additional expedited discovery upon any issues related to the DIP Motion, the Motion to Dismiss, and the Sale Motion (and motion to reconsider any related order).

38.     The Committee has brought this Motion as quickly as possible after its appointment on Friday, November 16, 2007.

WHEREFORE, the Committee respectfully request that the Court enter an order establishing an expedited discovery schedule and requiring that all responses to the Discovery Requests be served so as to be received by the Committee on or before **November 26, 2007**, and that the Depositions be conducted on or before **November 28, 2007**.

Dated: November 21, 2007  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7550  
E-mail: kgwynne@reedsmith.com

and

Robert P. Simons, Esquire  
435 Sixth Avenue  
Pittsburgh, PA 15219  
Telephone: 412-288-3131  
Facsimile: 412-288-3063  
E-mail: rsimons@reedsmith.com

Proposed Counsel for the Official Committee of Unsecured Creditors