# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666 (KG) (Jointly Administered) |
| Debtors. |  |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEBTORS

The Official Committee of Unsecured Creditors (the "Committee") requests that InPhonic, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") produce each of the following described documents in accordance with Federal Rule of Civil Procedure 34, as incorporated by Federal Rule of Bankruptcy Procedure 7034.

You are required to supplement your response to this Set of Requests for Production of Documents in accordance with Fed.R.Civ.P. 26, as incorporated by Fed.R.Bankr.P. 7026.

### DEFINITIONS

1. "Adeptio" means Adeptio INPC Funding, LLC, a Delaware limited liability company and its affiliates, and including Versa Capital Management, Inc.

2. "Amendment" in the context of the Prepetition Credit Agreement has the meaning ascribed to it in the First Day Affidavit.

3. "APA" means the Asset Purchase Agreement that is attached to the Sale Motion.

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

4. "Bid Procedures Order" means the order entered by the Bankruptcy Court on November 9, 2007 in connection with the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief.

5. "Buyer" means Adeptio INPC Funding, LLC.

6. "Credit Agreement" has the meaning ascribed to it in the First Day Affidavit.

7. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including relationship to other events (designate whether exact or approximate).

8. "Debtors" means, collectively, InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned corporate and limited liability company subsidiaries: (a) CAIS Acquisition, LLC, a Delaware limited liability company; (b) CAIS Acquisition II, LLC, a Delaware limited liability company; (c) SimIPC Acquisition Corp., a Delaware corporation; (d) Star Number, Inc., a Delaware corporation; (e) Mobile Technology Services, LLC, a Delaware limited liability company; (f) FON Acquisition, LLC, a Delaware limited liability company; and (g) 1010 Interactive, LLC, a Delaware limited liability company.

9. "DIP Facility" hast he meaning ascribed to it in the First Day Affidavit.

10. "Document" means any electronic or hand written, recorded or graphic matter however produced or reproduced that is or has been in your possession, control or custody or of which you have knowledge, including without limitation operating statements, profit and loss statements, balance sheets, financial statements, cash flow statements, projections, checks, bank account statements, deposit or other account statements, accounts payable ledgers, correspondence, letters, communications, memoranda, tapes, stenographic or handwritten notes, electronic mails, studies, publications, books, pamphlets, prospectuses, certificates, receipts, presentations, billing summaries, invoices, wire transfer receipts, federal express or other overnight carrier receipts, pictures, voice recordings, graphs, reports, surveys, electronic data

processing films, minutes or statistical compilations, and every copy of such document where the original is not in your possession, custody or control or where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

11. "Expense Reimbursement" has the meaning ascribed to it in the First Day Affidavit.

12. "First Day Affidavit" means the affidavit of Kenneth D. Schwarz filed in support of the First Day Motions.

13. "First Day Motions" means the applications and motions filed by the Debtors on the Petition Date.

14. "GAH" means Goldsmith, Agio, Helms Securities, Inc.

15. "Or" shall include the conjunctive "and."

16. "Person" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association, or otherwise, or any governmental entity or any agent, department, bureau, or other legal subdivision thereof.

17. "Petition Date" means November 8, 2007.

18. "Prepetition Credit Agreement" has the meaning ascribed to it in the First Day Affidavit.

19. "Prepetition Lenders" has the meaning ascribed to it in the First Day Affidavit.

20. "Referring to" means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or in any matter relevant thereto.

21. "Relating to" means the same as "Referring To."

22. "Sale Motion" means the motion filed by the Debtors on the Petition Date seeking to approve a sale of substantially all of the assets of the Debtors.

23.  "Schwarz" means Kenneth D. Schwarz, Chief Financial Officer of each of the Debtors.

24.  "You" or "your" means the Debtors, its present and former officers, partners (general and/or limited), agents and all other persons acting on behalf of the Debtors.

25.  "Warrants" has the meaning ascribed to it in the First Day Affidavit.

## INSTRUCTIONS

Your attention is directed to Fed.R.Civ.P. 34(b), which provides, in pertinent part, that any party who produces Documents for inspection shall "produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." In this connection it is requested that all Documents be produced in the file folders and file cartons in which they have been maintained and stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If you choose to produce the Documents requested corresponding with the categories in the request, identify the file folders, drawers or cartons in which the Documents were originally maintained.

Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided to each request. If, after a good faith search, you conclude that there have never been Documents responsive to a particular request, so state.

Any reference to a person or corporation in this request to produce includes agents, employees, officers, attorneys or anyone acting on behalf of that person or corporation. Unless otherwise indicated, the Requests refer to documents prepared, received, considered and/or reviewed in calendar years 2006 and 2007.

### A. Privileged and Proprietary Matter

If any request requires the production of Documents for which the protection of privilege or work product is asserted, identify in writing each Document and provide the following information:

(a)  The reason for withholding the Document;

(b)  A statement of the basis for the claim of the privilege, work product, or other grounds of nondisclosure; and

(c) A brief description of the Document, including:

    (i) The Date of the Document;

    (ii) Number of pages, attachments and appendices;

    (iii) The names of its author, authors or preparer and identification by employment and title of each such person;

    (iv) The name of each person who was sent, shown, or carbon copied the Document or who has had access to or custody of the Document, together with an identification of each such person;

    (v) The present custodian; and

    (vi) The subject matter of the Document, and in the case of any Document relating or referring to a meeting or conversation, identification of such meeting or conversation.

## B. Lost or Destroyed Documents

If any Document requested has been lost, discarded or destroyed, identify such Documents as completely as possible, including the following information:

a. The type of Document;

b. The Date of the Document;

c. The Date or approximate date it was lost, discarded or destroyed;

d. The circumstances and manner in which it was lost, discarded or destroyed;

e. The reason or reasons for disposing of the Document (if discarded or destroyed);

f. The Identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the Document;

g. The Identity of the person(s) who lost, discarded or destroyed the Document; and

h.  The Identity of all persons having knowledge of the contents thereof.

## DOCUMENT REQUESTS

1. All documents relating to establishment of the exercise price of the Warrants issued in connection with the Amendment at $0.01 per share.

2. All documents relating to the consideration exchanged or paid in connection with the assignment of the rights under the Prepetition Credit Agreement to Adeptio by the Prepetition Lenders.

3. The closing binder for the closing of the Prepetition Credit Agreement that occurred on or about November 7, 2006.

4. All business plans, projections, or related documents relating to the DIP Facility.

5. All documents relating to the determination of the amount of the DIP Facility.

6. All budgets in connection with the DIP Facility.

7. All communications with respect to any budget for the DIP Facility.

8. All documents relating to whether there would be any distribution in the bankruptcy cases to the Debtors' prepetition unsecured creditors on account of their unsecured claims.

9. All applications for post-petition financing.

10. All offering memoranda, confidentiality agreements, due diligence logs, correspondence, or bids directed to or received from persons (or their agents) expressing any interest in purchasing any of the Debtors' assets (excluding any sales of inventory in the ordinary course of business).

11. All documents regarding whether any or all of the bankruptcy estates would be administratively solvent or insolvent if the Debtors' assets are sold to Adeptio for a credit-bid of $50 million.

12. All documents that relate to the following statement from the First Day Affidavit: "Adeptio has made clear to the Debtors that it was unwilling to either (i) advance additional funding or (ii) consummate the Agreement, outside of a Chapter 11 proceeding due to numerous uncertainties, risks and complications entailed in any attempt to do so outside of a Chapter 11 proceeding."

13. All documents that support the averments in the First Day Affidavit that the sale contemplated by the APA will provide fair and reasonable consideration to the bankruptcy estates.

14. All documents relating to the "intensive analysis, due diligence investigation, and negotiation undertaken by Adeptio" that justify the Expense Reimbursement contemplated in the Bid Procedures Order.

15. All documents, including all correspondence, relating to the DIP Lender's requirement that the proceeds from any avoidance action shall be subject to the DIP Lender's alleged lien or otherwise payable to the DIP Lender on any superpriority claim.

16. All documents that relate to releases given or received (or to be given or received) by or among the Debtors, Adeptio, and/or the Prepetition Lenders, their respective officers and directors in connection with the assignment of the Prepetition Credit Agreement, these bankruptcy cases, or the sale as contemplated in the APA.

17. The minutes from each of the Debtors' board meetings from November 2006 to the present.

18. Accounts receivable detail as of the Petition Date and for each quarter in 2007.

19. Inventory detail as of the Petition Date and for each quarter in 2007.

20. Appraisals, reports, or valuations of any of the Debtors' assets.

21. All opinions from an investment banker regarding the November 7, 2006 closing on the Prepetition Credit Agreement.

22. All analyses of litigation claims that are property of any of the Debtors' estates.

23. All default notices received by you in connection with the Prepetition Credit Agreement.

Dated: November 21, 2007

REED SMITH LLP

By: _____
Kurt F. Gwynne, Esq. (No. 3951)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7550
E-mail: kfgwynne@reedsmith.com

and

Robert P. Simons, Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412-288-3131
Facsimile: 412-288-3063
E-mail: rsimons@reedsmith.com

Proposed Counsel for The Official Committee of Unsecured Creditors