# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666(KG) |
| Debtors. | |

### FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF INPHONIC, INC. TO INPHONICS, INC., *ET AL.*

PLEASE TAKE NOTICE THAT pursuant to Fed.R.Civ.P. 36, as incorporated by Fed.R.Bankr.P. 7036, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF INPHONIC, INC. (the "Committee") requests that INPHONIC, INC., *ET AL.* (the "Debtors") answer, under oath, the following requests for admission on or before **November 26, 2007** (or such other date as the Court may order).

### DEFINITIONS

The Definitions set forth in the First Set of Request for Production of Documents Propounded by Committee to the Debtor are incorporated by reference.

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

## INSTRUCTIONS

Federal Rule of Civil Procedure 36(a) deems each matter herein to be admitted unless a written objection or denial is received. If you object to a request, you must state the reason for your objection. You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial must clearly meet the substance of the requested admission and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you must specify which part is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for your failure to admit or deny unless you also state that you have made reasonable inquiries and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. Even if you believe that a matter of which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request; you must, subject to the provisions of Fed.R.Civ.P. 37(c), as incorporated by Fed.R.Bankr.P. 7037, deny the matter or set forth reasons why you cannot admit or deny it.

In addition, the Instructions set forth in the First Set of Requests for Production of Documents by the Committee to the Debtors are incorporated by reference.

## REQUESTS FOR ADMISSION

You must admit or deny the following:

1. Admit that, immediately prior to InPhonic's entering into an amendment to the Prepetition Credit Agreement (the "Amendment"), InPhonic was in default of the Prepetition Credit Agreement.

2. Admit that, immediately prior to InPhonic's entering into the Amendment, InPhonic was not able to pay its obligations as they became due.

3. Admit that the Debtors have never earned an operating profit during any of their fiscal years.

4. Admit that the Debtors have never earned a net profit during any of their fiscal years.

5. Admit that the Debtors have never earned an operating profit during any quarter of any fiscal year.

6. Admit that the Debtors have never earned a net profit during any quarter of any fiscal year.

7. Admit that the Debtors project that they will incur operating losses post-petition and prior to the closing of the Sale.

8. Admit that the Debtors project that they will incur net losses post-petition and prior to the closing of the Sale.

9. Admit that the Debtors project that they will incur negative cash flow post-petition and prior to the closing of the Sale.

10. Admit that the Debtors do not intend to effectuate a rehabilitation of their businesses in these chapter 11 bankruptcy cases.

11. Admit that the Debtors do not intend to effectuate a stand-alone reorganization of their business in these chapter 11 bankruptcy cases.

12. Admit that the Debtors believe that a sale of substantially all of their assets is the only viable option in these bankruptcy cases.

13. Admit that prior to November 2, 2007, Adeptio or Versa or their affiliates or representatives participated in due diligence regarding the Debtors and their assets.

14. Admit that the Debtors will be administratively insolvent notwithstanding the proposed Twenty-Five Million Dollars ($25,000,000.00) in post-petition financing from Adeptio (the "DIP Facility").

15. Admit that neither the Bid Procedures Order nor the proposed Sale Order, if approved, will insure that all administrative expenses that accrue prior to the Closing Date will be paid.

16. Admit that none of the Prepetition Lenders were or are insiders (as defined by the Bankruptcy Code) of the Debtors.

17. Admit that neither Adeptio nor Versa or their affiliates were or are insiders (as defined by the Bankruptcy Code) of the Debtors.

18. Admit that neither the Bid Procedures Order nor the proposed Sale Order, if approved, provide pro-rata distributions on account of prepetition unsecured claims.

19. Admit that neither the Debtors nor their investment banker expect to receive a bid for the assets of the Debtors that is more than $50,000,000.00 in connection with the Bid Procedures Order.

20. Admit that the Debtors do not currently intend to file a chapter 11 plan following the Sale contemplated in the Sale Motion.

21. Admit that, following the closing on the Sale contemplated in the Sale Motion, the Debtors will have no assets from which to pay prepetition creditors.

22. Admit that, following the closing on the Sale contemplated in the Sale Motion, the Debtors will have no assets from which to pay unpaid post-petition creditors.

23. Admit that the Debtors and Adeptio have not agreed on any budget to pay administrative expenses incurred after the closing of the Sale.

24. Admit that the Debtors and Adeptio have not agreed on any wind-down budget.

25. Admit that Adeptio demanded that the Debtors file the Chapter 11 petitions.

26. Admit that the Debtors and GAH engaged in an extensive solicitation of potential buyers, and as of the date of your answer no other entity or group of entities has provided an offer to purchase the Assets for greater economic value to the Debtors' unsecured creditors than Adeptio.

27. Admit that the there is no benefit to the Debtors' Estates by allowing the Expense Reimbursement.

28. Admit that any Expense Reimbursement is not an inducement for a credit bid.

29. Admit that the Adeptio's credit bid of $50,000,000.00 is more than it paid for the Prepetition Lenders' claims that were assigned to Versa.

Dated: November 21, 2007
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7550
E-mail: kgwynne@reedsmith.com

and

Robert P. Simons, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412-288-3131
Facsimile: 412-288-3063
E-mail: rsimons@reedsmith.com

Proposed Counsel for the Official Committee of Unsecured Creditors