# EXHIBIT D

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

# United States Bankruptcy Court
## Eastern District Of Pennsylvania

In re INPHONIC, INC., et al.,
Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.* 07-11666-KG (Bankr. D.Del.); Jointly Adm.

Chapter 11

To: Adeptio INPC Funding LLC c/o Versa Capital Mgmt, Inc.
2929 Arch Street
Philadelphia, PA 19104

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Reed Smith LLP; 1201 Market Street, Suite 1500; Wilmington, Delaware 19801 (testimony to be recorded by stenographic means) | Nov. 28, 2007 at 9:30 a.m. (EST) |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP -- Attn: Kurt F. Gwynne, Esq. 1201 Market Street, Suite 1500; Wilmington, Delaware 19801 | Nov. 26, 2007 at 5:00 p.m. (EST) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | 11/21/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kurt F. Gwynne, Esq.
Reed Smith LLP -- 1201 Market St., Suite 1500; Wilmington, Delaware 19801

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
　　　　　　　　　DATE　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

**(ADEPTIO SUBPOENA)**

The Official Committee of Unsecured Creditors (the "Committee") requests that Adeptio INPC Funding, LLC (together with its affiliates, "Adeptio"), prepetition and postpetition lender to and proposed purchaser of substantially all of the assets of InPhonic, Inc. (together with its affiliated debtors and debtors in possession, the "Debtors"), produce each of the following described documents in accordance with Federal Rule of Civil Procedure 45, as incorporated by Federal Rule of Bankruptcy Procedure 9016.

**DEFINITIONS**

1. "Adeptio" means Adeptio INPC Funding, LLC, a Delaware limited liability company and its affiliates, including Versa Capital Management, Inc.

2. "Amendment" in the context of the Credit Agreement has the meaning ascribed to it in the First Day Affidavit.

3. "APA" means the Asset Purchase Agreement that is attached to the Sale Motion.

4. "Bid Procedures Order" means the order entered by the Bankruptcy Court on November 9, 2007 in connection with the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief.

5. "Buyer" means Adeptio INPC Funding, LLC.

6. "Credit Agreement" has the meaning ascribed to it in the First Day Affidavit.

7. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including relationship to other events (designate whether exact or approximate).

8. "Debtors" means, collectively, InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned corporate and limited liability company subsidiaries: (a) CAIS Acquisition, LLC, a Delaware limited liability company; (b) CAIS Acquisition II, LLC, a Delaware limited liability company; (c) SimIPC Acquisition Corp., a Delaware corporation; (d) Star Number, Inc., a Delaware corporation; (e) Mobile Technology Services, LLC, a Delaware limited liability company; (f) FON Acquisition, LLC, a Delaware limited liability company; and (g) 1010 Interactive, LLC, a Delaware limited liability company.

9. "DIP Facility" has the meaning ascribed to it in the First Day Affidavit.

10. "Document" means any electronic or hand written, recorded or graphic matter however produced or reproduced that is or has been in your possession, control or custody or of which you have knowledge, including without limitation operating statements, profit and loss statements, balance sheets, financial statements, cash flow statements, projections, checks, bank account statements, deposit or other account statements, accounts payable ledgers, correspondence, letters, communications, memoranda, tapes, stenographic or handwritten notes, electronic mails, studies, publications, books, pamphlets, prospectuses, certificates, receipts, presentations, billing summaries, invoices, wire transfer receipts, federal express or other overnight carrier receipts, pictures, voice recordings, graphs, reports, surveys, electronic data processing films, minutes or statistical compilations, and every copy of such document where the original is not in your possession, custody or control or where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

11. "Expense Reimbursement" has the meaning ascribed to it in the First Day Affidavit.

12. "First Day Affidavit" means the affidavit of Kenneth D. Schwarz filed in support of the First Day Motions.

13. "First Day Motions" means the applications and motions filed by the Debtors on the Petition Date.

14. "GAH" means Goldsmith, Agio, Helms Securities, Inc.

15. "Or" shall include the conjunctive "and."

16. "Person" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association, or otherwise, or any governmental entity or any agent, department, bureau, or other legal subdivision thereof.

17. "Petition Date" means November 8, 2007.

18. "Prepetition Credit Agreement" has the meaning ascribed to it in the First Day Affidavit.

19. "Prepetition Lenders" has the meaning ascribed to it in the First Day Affidavit.

20. "Referring to" means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or in any matter relevant thereto.

21. "Relating to" means the same as "Referring To."

22. "Sale Motion" means the motion filed by the Debtors on the Petition Date seeking to approve a sale of substantially all of the assets of the Debtors.

23. "Schwarz" means Kenneth D. Schwarz, Chief Financial Officer of each of the Debtors.

24. "You" or "your", if the party to whom these requests for production are addressed is a corporation or partnership, means the corporation or partnership answering these requests for production, its domestically domiciled subsidiaries and its merged or acquired predecessors, its present and former officers, partners (general and/or limited), agents and all other persons acting on behalf of the corporation or partnership, or such subsidiaries or such predecessors.

## INSTRUCTIONS

Your attention is directed to Fed.R.Civ.P. 45(d)(1), which provides, in pertinent part, that any party who produces Documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand." In this connection it is requested that all Documents be produced in the file

folders and file cartons in which they have been maintained and stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If you choose to produce the Documents requested corresponding with the categories in the request, identify the file folders, drawers or cartons in which the Documents were originally maintained.

Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided to each request. If, after a good faith search, you conclude that there have never been Documents responsive to a particular request, so state.

Any reference to a person or corporation in this request to produce includes agents, employees, officers, attorneys or anyone acting on behalf of that person or corporation. Unless otherwise indicated, the Requests refer to documents prepared, received, considered and/or reviewed in calendar years 2006 and 2007.

## A. Privileged and Proprietary Matter

If any request requires the production of Documents for which the protection of privilege or work product is asserted, identify in writing each Document and provide the following information:

(a) The reason for withholding the Document;

(b) A statement of the basis for the claim of the privilege, work product, or other grounds of nondisclosure; and

(c) A brief description of the Document, including:

    (i) The Date of the Document;

    (ii) Number of pages, attachments and appendices;

    (iii) The names of its author, authors or preparer and identification by employment and title of each such person;

    (iv) The name of each person who was sent, shown, or carbon copied the Document or who has had access to or custody of the Document, together with an identification of each such person;

    (v) The present custodian; and

      (vi)    The subject matter of the Document, and in the case of any Document relating or referring to a meeting or conversation, identification of such meeting or conversation.

**B. <u>Lost or Destroyed Documents</u>**

If any Document requested has been lost, discarded or destroyed, identify such Documents as completely as possible, including the following information:

    a.    The type of Document;

    b.    The Date of the Document;

    c.    The Date or approximate date it was lost, discarded or destroyed;

    d.    The circumstances and manner in which it was lost, discarded or destroyed;

    e.    The reason or reasons for disposing of the Document (if discarded or destroyed);

    f.    The Identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the Document;

    g.    The Identity of the person(s) who lost, discarded or destroyed the Document; and

    h.    The Identity of all persons having knowledge of the contents thereof.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to Adeptio's decision (a) to purchase the Prepetition Lenders' rights under the Prepetition Credit Agreement or (b) not to purchase the Debtors' assets directly.

2.    All documents relating to the consideration exchanged or paid in connection with the assignment of the rights under the Prepetition Credit Agreement to Adeptio by the Prepetition Lenders.

3.    The closing binder for Adeptio's purchase of the Prepetition Lenders' rights under the Prepetition Credit Agreement.

4. All documents relating to the determination of the amount of the DIP Facility.

5. All business plans, projections, or other related documents Adeptio reviewed or prepared in connection with (a) the assignment of the rights under the Prepetition Credit Agreement to Adeptio by the Prepetition Lenders or (b) the DIP Facility.

6. All documents relating to whether there would be any distribution in the Debtors' bankruptcy cases to the Debtors' unsecured creditors on account of their unsecured claims.

7. All budgets that Adeptio prepared or reviewed in connection with the DIP Facility.

8. All communications between Adeptio and any other person with respect to any budget for the DIP Facility.

9. All documents that relate to the following statement from the First Day Affidavit: "Adeptio has made clear to the Debtors that it was unwilling to either (i) advance additional funding or (ii) consummate the Agreement, outside of a Chapter 11 proceeding due to numerous uncertainties, risks and complications entailed in any attempt to do so outside of a Chapter 11 proceeding."

10. All documents relating to the "intensive analysis, due diligence investigation, and negotiation undertaken by Adeptio" that justify the Expense Reimbursement contemplated in the Sale Motion.

11. All documents relating to Adeptio's requirement that the proceeds from any avoidance action by the Debtors shall be subject to Adeptio's alleged lien or otherwise used to pay any of Adeptio's alleged superpriority claim.

12. All documents that relate to releases given or received (or to be given or received) by or among the Debtors, Adeptio, and/or the Prepetition Lenders, their respective officers and directors in connection with the assignment of the Prepetition Credit Agreement, these bankruptcy cases, or the sale as contemplated in the APA.

13. All documents regarding the amount of the fees charged by Adeptio under the DIP Facility.

    14.    All documents regarding the amount of any superpriority claim that Adeptio may assert against any of the Debtors' estates.

    15.    All documents regarding whether any or all of the Debtors' estates would be administratively solvent or insolvent if the Debtors' assets are sold to Adeptio for a credit-bid of $50 million.

    16.    All documents relating to whether Adeptio considered exercising its foreclosure rights under the Uniform Commercial Code.

Dated: November 21, 2007        REED SMITH LLP

By: *[signature]*

Kurt F. Gwynne, Esq. (No. 3951)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7550
E-mail: kfgwynne@reedsmith.com

and

Robert P. Simons, Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412-288-3131
Facsimile: 412-288-3063
E-mail: rsimons@reedsmith.com

Proposed Counsel for The Official Committee of Unsecured Creditors