UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| INPHONIC, INC. | ) | Case No. 07-11666-KG |
| | ) | |
| Debtor | ) | Hearing Date: December 13, 2007 @ 10:00 a.m. |
| | ) | Objection Deadline: December 6, 2007 @ 4:00 p.m. |

**MOTION OF INFINITE COMPUTER SOLUTIONS, INC. (1) TO COMPEL DEBTOR TO ASSUME OR REJECT THE MASTER SERVICE AGREEMENT BETWEEN ICS AND THE DEBTOR UNDER SECTION 365(d)(2) OR, ALTERNATIVELY, (2) FOR RELIEF FROM THE STAY UNDER SECTION 362(d)(1) TO ALLOW ICS TO TERMINATE ITS EXECUTORY CONTRACT**

Infinite Computer Solutions, Inc. (hereinafter referred to as "ICS"), a creditor of the above-captioned debtor (the "Debtor"), hereby moves, through its undersigned counsel, to compel the Debtor to assume or reject the Master Client Agreement including all exhibits thereto (the "Agreement") in place between the parties, pursuant to 11 U.S.C. § 365(d)(2), or in the alternative, for relief from the automatic stay provisions of 11 U.S.C. § 362(a) pursuant to sections 362(d)(l) and 105(a), Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 400 1-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

In support of this Motion, ICS respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  The Debtor's business principally involves the sales and marketing of wireless telephone services, satellite television services, and related equipment and services support.

2.  ICS provides information technology consulting and services to the Debtor pursuant to the Agreement, a copy of the Agreement is attached hereto as Exhibit "1", and is incorporated herein by reference.

60335v1

3. On November 8, 2007, (the "Petition Date") the Debtor filed its petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and has remained in possession of its property and has continued to operate its business as a debtor-in-possession.

4. As of the Petition Date ICS was owed approximately $520,572.75 for services rendered to the Debtor for the period commencing on approximately March 31, 2007 and continuing through the Petition Date, and the amount due to ICS continues to increase, post - petition, at a rate of approximately $100,000.00 per month.

5. The Debtor, from the information contained in the cash collateral budget, does not appear to have the funding necessary to pay for these services.

6. On the Petition Date the Debtor filed various "First Day Motions", including a Motion to Approve Debtor in Possession Financing (the "DIP Motion").  It appears from the DIP Motion, as well as other motions filed with this court by the Debtor that there exists a real and present possibility that there will be an administrative insolvency in this matter, resulting in the loss to ICS of moneys that would otherwise be categorized as an administrative expense.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this matter pursuant to 28 U.S.C. §1408 and 1409. The statutory and procedural grounds for the relief requested herein are sections 105(a), 362(d)(1) and 365(d)(2) of title 11 of the Bankruptcy Code and Bankruptcy Rule 4001(a)(3).

62121v1

## ALLEGATIONS OF FACT

8. On or about the 25th day of September, 2006 the Debtor and ICS entered into an agreement whereby ICS would provide certain information technology consulting services and offshore technology services. Exhibit "1".

9. The Agreement provides that the Debtor will pay to ICS, within thirty (30) days after an appropriate invoice is rendered, all sums due as a result of such invoice.

10. ICS continues to expend funds to compensate employees and contractors to perform the services required under the agreement of the parties, and there is little hope that ICS will be compensated for such expenses and costs.

11. As a result of the incurring of such costs and expenses ICS will be harmed, and such harm is not out weighed by any benefit to the Debtor in this action.

## RELIEF REQUESTED

### Acceptance or Rejection of Executory Contract

12. ICS requests that this Court enter an order requiring the Debtor to within five (5) days after the entry of such order accept or reject the executory contract between ICS and the Debtor, and, if the Debtor determines to accept the executory contract, then ICS requests that the Debtor be required, pursuant to 11 U.S.C. §365(b)(1), to provide to ICS 1) adequate assurances that the previous defaults under the agreement of the parties will be promptly cured, and 2) adequate assurances of future, timely, performance of the Debtor's obligations under the Agreement.

13. Section 365(d)(2) of the Bankruptcy Code provides that, upon request of a party to an executory contract the Court may fix the time in which the debtor may accept or reject such executory contract.

14. A Trustee (or debtor-in-possession) is entitled to a reasonable period of time in which to determine to accept or reject an executory contract. *In re Whitcomb & Keller Mortg. Co.*, 715 F.2d 375 (7th Cir. 1983). What constitute a "reasonable" period is governed by the individual circumstances of a particular case. *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303 (5th Cir. 2005).

> In determining what constitutes a reasonable time within which a debtor should assume or reject a contract, the court should consider a number of factors, including: "The nature of the interests at stake, the balance of the hurt to the litigants, the good to be achieved, the safeguards afforded those litigants, and whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary." *In re GHR Energy Corp.*, 41 B.R. 668, 676 (Bankr. D. Mass. 1984), *quoting In re Midtown Skating Corp.*, 3 B.R. 194, 198 (Bankr. S.D.N.Y. 1980).

*In re Dunes Casino Hotel,* 63 B.R. 939 (D.N.J. 1986).

15. In this matter the "balance of the hurt" test clearly favors the creditor. To require the creditor to continue to provide services under the agreement would require, in essence, that the creditor participate, involuntarily in the financing of the Debtor's post-petition operations, while the estate in this matter faces the prospect of an administrative insolvency. Without the adequate assurances required by 11 U.S.C. §365 on assumption of the agreement there is absolutely no "safeguards" in place to protect the continued involuntary "investment" of ICS, particularly in light of the very tenuous financial circumstances of this Debtor.

## Relief from Automatic Stay

16.     Alternatively, and in light of the probability that this matter may face an administrative insolvency, ICS requests that this Court lift the automatic stay under §362(d)(1) and allow ICS to terminate the Agreement.

17.     Section 362(d)(1) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

18.     In this matter the Debtor proposes to sell all or substantially all of its assets to the lender under the DIP Motion, and such creditor enjoys a secured position for its post petition lending.  Absent some mechanism in place to assure the post-petition payment of the fees and costs incurred by ICS in the performance of work under the Agreement requires ICS to continued to provide services to the Debtor, or in essence assist in the funding of the Debtor's operations, on an involuntarily basis, without the same benefit of a post-petition secured position as has been granted to the DIP lender.

## NOTICE

Notice of this Motion will be given to (i) the United States Trustee for the District of Delaware, (ii) the Debtor's twenty (20) largest creditors, (iii) Debtor's counsel, and all parties that have filed requests for notices in this case pursuant to Fed. R. Bankr. P. 2002, in accordance with Del. Bankr. LR 2002-1(b).  ICS submits that no other or further notice need be given.

**WHEREFORE** ICS prays that this Court make and enter such orders as necessary and proper to grant to compel the Debtor, InPhonic, Inc. to accept or reject the Agreement within five

(5) days after the entry of such order, and in the event that the Debtor desires to accept the executory contract, that the Debtor be required to provide to ICS adequate assurances of future performance under the agreement, or in the alternative that ICS be granted relief from the automatic stay to terminate the Agreement.

Date: November 21, 2007

                                        */s/ Kevin A. Guerke*
                                        Kevin A. Guerke (DE #4096)
                                        SEITZ, VAN OGTROP & GREEN, PA
                                        222 Delaware Avenue, Suite 1500
                                        Wilmington, Delaware 19801
                                        Telephone:  (302) 888-7607
                                        E-Mail:  kguerke@svglaw.com

                                        Timothy J. McGary, #21208
                                        Counsel for Plaintiff
                                        10500 Sager Avenue, Suite G
                                        Fairfax, Virginia 22030
                                        Telephone:  (703) 352-4985
                                        E-mail: tjm@mcgary.com
                                          *Attorneys for Infinite Computer Solutions, Inc.*