## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 07-11666 (KG) |
| INPHONIC, INC., *et al.*, | : | Jointly Administered |
|  | : |  |
|  | : | Re: Docket No. 12 and 52 |
| Debtors. | : | **Proposed Obj. Deadline:  November 28, 2007 at 10:00 a.m.** |
|  | : | **Proposed Hearing Date:  November 30, 2007 at 3:00 p.m.** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
SEEKING RECONSIDERATION OF THIS COURT'S ORDER (A) APPROVING
BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE
SALE AND APPROVING THE FORM AND MATTER OF NOTICES;
(C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF
PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE
REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee"), by and

through its proposed counsel, moves this Court for an order seeking reconsideration of

this Court's Order (a) Approving Bid Procedures Relating to Sale of Substantially All of

the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the

Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and

Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts;

(d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief dated

November 9, 2007 (the "Bid Procedure Order"; D.I. 52) (the "Motion"), and states as

follows:

I.      **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this Motion pursuant

to 28 U.S.C. § 1334(b). This  is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

## II.    BACKGROUND

2.    On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to possess their property and manage their businesses as debtors in possession. The Debtors' cases are being jointly administered.

3.    Six days prior to the Petition Date, on November 2, 2007, Adeptio INPC Funding, LLC ("Adeptio") was assigned all right, title and interest in and to the Debtors' prepetition credit facility and related claims ( "Purchased Claims"). See Affidavit of Kenneth D. Schwarz, Chief Financial Officer of the Debtors, In Support of First Day Motions and Applications ("Schwarz Affidavit").

4.    Upon information and belief, the consideration paid by Adeptio for the Purchased Claims was at a very steep discount from the approximate $90 Million amount due under the prepetition credit facility. Further, upon information and belief, Adeptio acquired the Purchased Claims after first participating as a prospective buyer in the Debtors' prepetition efforts to sell its assets.

5.    On the Petition Date the Debtors filed, *inter alia,*:

A.    the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion"), wherein Adeptio is permitted to credit bid $50 million of the Purchased Claims with additional rights to credit bid;

B.    the Motion of Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts

and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") attached to which is an Asset Purchase Agreement executed by Adeptio as the stalking horse bidder (the "APA"); and

          C.      the Motion of Debtors In Possession for Interim and Final Orders (I) Authorizing and Approving Post petition Financing; (II) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code (the "Financing Motion"), wherein Adeptio is the DIP Facility Lender.

      6.      On November 9, 2007, this Court, as part of the First Day Hearings, approved the Bid Procedures Order (D.I. 52). The Bid Procedures Order included several determinations including, that Adeptio (a) is a Qualified Bidder, (b) is permitted to credit bid under Section 363 (k) of the Bankruptcy Code, and (c) may initially credit bid $50 million of the approximate $90 Million face amount of the Purchased Claims with additional rights to make further credit bids.

      7.      On November 16, 2007, the Office of the United States Trustee for the District of Delaware appointed the Committee for these cases.

      8.      For the reasons set forth below, the Committee seeks reconsideration of the November 9, 2007 Bid Procedures Order pursuant to, *inter alia*, Local Rule 9013-1(m)(v) which provides:

> Reconsideration of Orders. Any party in interest may file a motion to reconsider any First Day Order, other than any order entered under 11 U.S.C. §§ 363 and 364 with respect to the use of cash collateral and/or approval of postpetition financing, within thirty (30) days of the entry of such order, unless otherwise ordered by the Court. Any such motion for reconsideration shall be given expedited consideration by the Court. The burden of proof with respect to the appropriateness of the order subject to the motion for reconsideration shall remain with the debtor notwithstanding the entry of such order.

III.    ARGUMENT

9.    The thinly-veiled result dictated by the proposed sale process is two-fold. First, the Debtors have indicated that the proposed auction sale of their assets will not generate any bid other than Adeptio's $50 million credit bid. Schwarz Affidavit at ¶135. As a result, it is likely that if the sale process were to go forward, Adeptio will acquire the Debtors' assets free and clear of liens, claims and interests via the Purchased Claims (which were acquired at a steep discount) with no benefit to unsecured and , potentially, administrative creditors. Second, in the unlikely event that a bid is received in excess of Adeptio's $50 million bid, the sale process will have served as a vehicle for Adeptio to arbitrage the Purchased Claims. Should over bidding occur, Adeptio may either take its profit on the Purchased Claims or continue to outbid a third party cash purchaser with its credit bid. Neither outcome must be permitted under the fundamental, equitable principles of Bankruptcy Law, which does not provide a personal collection device for a secured creditor.

10.    Adeptio is the Debtors' stalking-horse bidder by way of the Purchased Claims and is its DIP financer. Prepetition creditors other than Adeptio will not benefit from this sale process. Adeptio purports to impose upon the estate and its other creditors the costs and expenses associated with the sale process. Worse yet, Adeptio seeks to impose upon the estate and its creditors a claim for diminution of the value of Adeptio's collateral during the sale process - even though that  process benefits only Adeptio. Adeptio apparently also seeks to assert avoidance actions against unsecured creditors to make a distribution on its diminution claim. For these and other reasons, among others, the Committee has moved to dismiss the Debtors' Chapter 11 case under section 1112(b)

of the Bankruptcy Code. Therefore, the Sale Procedures Order must be vacated or stayed until the motion to dismiss is heard and decided.

11.     Relief should also be granted because rather than setting forth a procedure, the Bid Procedures Order makes a number of findings and conclusions of law, including but not limited to the following: the Bid Procedures were negotiated in good faith by the Debtors and Adeptio and are reasonable and appropriate; the Expense Reimbursement is a material inducement for Adeptio's entry into the Agreement and is fair and reasonable; the Debtors have a sound business justification for authorizing the Expense Reimbursement; Adeptio's Bid is deemed to be a Qualified Bid; and Adeptio is authorized to make one or more credit bids at the Auction equal to (i) the Expense Reimbursement and (ii) any or all of Adeptio's claims and outstanding obligations under the DIP Facility and the Pre-Petition Loan Documents, pursuant to Bankruptcy Code §363(k) of the Bankruptcy Code. Additionally, the Bid Procedure Order seems to permit Adeptio to be relieved of pre-closing obligations under Designated Contracts, even though the bankruptcy cases were filed for the sole benefit of a sale to Adeptio. (Collectively, "Bid Procedure Issues") In sum, the Bid Procedures Order, along with the DIP Financing Documents, and the Sale Documents, make a sale to the Adeptio "a fait accompli", with no benefit to the Debtors' estates.

12.     Accepting Adeptio credit bid as a Qualified Bid prior to the time within which the Committee can investigate Adeptio's claim should be prohibited, since section 363(k) authorizes only "allowed" claims to serve as a "credit bid."

13.     Section 363(k) provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secured an ***allowed*** claim, ***unless the court for cause orders***

*otherwise* the holder of the claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. §363(k) (emphasis added).

14.     Questions with respect to the lending that took place in August, 2007 include the sale of the Prepetition Lenders Claim to Versa (Adeptio's predecessor in title); Versa's transfer to Adeptio i.e., the Purchased Claims; Adeptio's and Versa's participation in the prepetition sale process prior to the sale of the Purchased Claims; and negotiation of the DIP Facility and the APA. Those questions must be answered prior to deeming Adeptio's credit bid a "Qualified Bid."

## IV.     RESERVATION OF RIGHTS

15.     The Committee was just formed on November 16, 2007.

16.     In connection with the bankruptcy cases, the Committee has filed a motion to permit discovery on an expedited schedule regarding, *inter alia*, the Bid Procedure Issues raised above, and the following general issues:  (i) whether the sale of substantially all of the Debtors' assets is in the best interests of the Debtors' estate and its creditors; (ii) the current value of the Debtors' businesses; (iii) whether the sale process confers an unfair advantage on Adeptio as the Debtors' secured lender and the stalking horse bidder to the detriment of unsecured creditors; and (iv) whether this bankruptcy case is being pursued solely for the benefit of Adeptio. As a result, the Committee respectfully submits that the instant Motion for Reconsideration should be granted.

17.     The Committee intends to conduct expedited discovery in connection with its Motion to Dismiss, and to the extent relevant, this Motion.  Accordingly, the Committee reserves its right to assert such other, different, or further bases to challenge the Bid Procedures and the Sale.

WHEREFORE, for the reasons set forth above, the Committee respectfully requests that this Court enter an Order staying the Bid Process and Sale - other than permitting interested bidders to conduct due diligence - until the Court determines the Committee's Motion to Dismiss.  Should the Court grant the Committee's Motion to Dismiss these bankruptcy cases, then the Court should vacate the Bid Procedures Order. Should the Court decide not to dismiss these bankruptcy cases and decide not to abandon the property subject to the Adeptio's lien (once allowed), then the Committee requests that the Court enter an order (i) amending the Bid Procedures Order to prohibit Adeptio from making a credit bid until a hearing on the allowance of Adeptio's claims, preceded by a reasonable discovery period, occurs; (ii) amending the Bid Procedures Order to not "deem" a bid from Adeptio as a "Qualified Bid" until a hearing on the allowance of Adeptio's claim, preceded by a reasonable discovery period, occurs; and (iii) for such further and consistent relief to the Committee as is appropriate.

Dated: November 21, 2007
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:  /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail:  kgwynne@reedsmith.com

and
Robert P. Simons, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
E-mail: rsimons@reedsmith.com

and

Claudia Z. Springer, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile: 215-851-1420
E-mail: cspringer@reedsmith.com

Proposed Counsel to the Official
Committee of Unsecured Creditors