# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11666 (KG) |
| INPHONIC, INC., *et al.*, | Jointly Administered |
| | Re: Docket Nos. 12 and 52 |
| Debtors. | **Objection Deadline: N/A** |
| | **Hearing Deadline: N/A** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO DEL.BANKR.LR. 9006-1(e) AND 9013-1(m)(v) FOR AN ORDER SHORTENING NOTICE TO CONSIDER MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS SEEKING RECONSIDERATION OF THIS COURT'S ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND MATTER OF NOTICES; (C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its proposed undersigned counsel, moves this Court pursuant to Del.Bankr.LR. 9006-1(e) and 9013-1(m)(v) for an Order shortening notice (the "Motion to Shorten Notice") with respect to the Motion of the Committee for an Order Seeking Reconsideration (the "Motion for Reconsideration") of this Court's Order (a) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief dated November 9, 2007 (the "Bid Procedure Order"; D.I. 52), and respectfully states as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this Motion to Shorten Notice pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

## FACTUAL BACKGROUND

2.   On November 8, 2007 (the "Petition Date"), InPhonic, Inc. ("InPhonic") and each of its wholly-owned subsidiaries (collectively, the "Debtors")[1] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors' cases are being jointly administered (for procedural purposes only).

3.   The Debtors are continuing in possession of their respective properties and are managing their businesses as debtors in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.   On November 16, 2007, the United States Trustee conducted an organizational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Organizational Meeting"). At the Organizational Meeting, the United States Trustee appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

---

[1]   The seven wholly owned debtor-subsidiaries are: (a) CAIS Acquisition, LLC, a Delaware limited liability company, (b) CAIS Acquisition II, LLC, a Delaware limited liability company, (c) SimIPC Acquisition Corp., a Delaware corporation, (d) Star Number, Inc., a Delaware corporation, (e) Mobile Technology Services, LLC, a Delaware limited liability company, (f) FON Acquisition, LLC, a Delaware limited liability company, and (g) 1010 Interactive, LLC, a Delaware limited liability company.

## Summary of the Motion

5.  On November 9, 2007, this Court – as part of the First Day Hearings, approved the Bid Procedures Order (D.I. 52).

6.  As explained in the Motion, the Debtors essentially filed for chapter 11 bankruptcy relief to effect a sale of substantially all of the Debtors' assets to Adeptio INPC Funding, LLC ("Adeptio"). Adeptio is the Debtors' stalking-horse bidder, its DIP financer and also the recent purchaser (at a very steep discount, just 6 days prior to the filing of these bankruptcy cases) of the pre-petition lenders' alleged $90 million claim against the Debtors. The Debtors' statements in their first day motions and related filings indicate that Adeptio's prepetition claim is grossly undersecured (considering its face amount as opposed to the value of the collateral as evidenced by the price Adeptio paid for such claim). As the Debtors also indicate, the proposed auction sale of their assets will likely not generate any bid other than Adeptio's $50 million credit bid, let alone any bid that will provide value to any entity other than Adeptio.

7.  Accordingly, the Committee has filed a Motion to Dismiss the Debtors' bankruptcy cases (or to convert them) as Adeptio is the only party that can hope to receive a benefit from these bankruptcy cases. The Committee intends to conduct limited and expedited discovery in connection with, inter alia, its Motion to Dismiss, and the sale process.

8.  The Committee respectfully requests that this Court reconsider the Bid Procedures Order pursuant to Local Rule 9013-1(m)(v).

9.  Local Rule 9013-1(m)(v) provides:
    Reconsideration of Orders. Any party in interest may file a motion to reconsider any First Day Order, other than any order entered under 11 U.S.C. §§ 363 and 364 with respect to the use of cash collateral and/or

approval of postpetition financing, within thirty (30) days of the entry of such order, unless otherwise ordered by the Court. Any such motion for reconsideration shall be given expedited consideration by the Court. The burden of proof with respect to the appropriateness of the order subject to the motion for reconsideration shall remain with the debtor notwithstanding the entry of such order.

10.     Section 363(k) provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secured an *allowed* claim, **unless the court for cause orders otherwise** the holder of the claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. §363(k) (emphasis added).

11.     Accepting Adeptio credit bid as a Qualified Bid prior to the time within which the Committee can investigate Adeptio's claim should be reconsidered, since section 363(k) authorizes only "allowed" claims to serve as a "credit bid."

12.     In the Motion, the Committee requests that this Court enter an Order amending the Bid Procedures Order by staying the Bid Process and Sale - other than permitting interested bidders to conduct due diligence - until the Court determines the Committee's Motion to Dismiss. Should the Court grant the Committee's Motion to Dismiss these bankruptcy cases, then the Court should vacate the Bid Procedures Order. Should the Court decide not to dismiss these bankruptcy cases and decide not to abandon the property subject to the Adeptio's lien (once allowed), then the Committee requests that the Court enter an order: (i) amending the Bid Procedures Order to prohibit Adeptio from making a credit bid until a hearing on the allowance of Adeptio's claims, preceded by a reasonably expedited discovery period, occurs; (ii) amending the Bid Procedures Order to not "deem" a bid from Adeptio as a "Qualified Bid" until a hearing on the

allowance of Adeptio's claim, preceded by a reasonably expedited discovery period, occurs; and (iii) for such further and consistent relief to the Committee as is appropriate.

## RELIEF REQUESTED

13. Pursuant to Del.Bankr.LR. 9006-1(e) and 9013(m)(v), the Committee seeks an order shortening notice with respect to the Motion and scheduling a hearing on the Motion for November 30, 2007 at 3:00 a.m. (Eastern), as well as establishing November 28, 2007 at 10:00 a.m. (Eastern) as the deadline for filing objections to the Motion.

## BASIS FOR RELIEF REQUESTED

14. Pursuant to Del.Bankr.LR. 9006-1(e), "[n]o motion will be scheduled on less notice than required by these rules or the Fed.R.Bankr.P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for hearing." See also Del.Bankr.L.R. 9013(m)(v), quoted above.

15. The Debtors' next hearing is scheduled for November 30, 2007 at 3:00 p.m. The Court has scheduled the Debtors' sale hearing for December 13, 2007 at 10:30 a.m. (Eastern). Since the Motion requests a reconsideration of the Bid Procedures Order, the Motion must necessarily be heard prior to the sale hearing.

16. The Committee has brought this Motion as quickly as possible. The Committee was only formed on Friday, November 16, 2007 and selected its proposed counsel that same day.

17. Due to the fact that the Motion, by its nature, can only be heard prior to the sale hearing and could not have been filed more promptly, the Committee respectfully requests that the Court grant the shorten notice with respect to Motion.

WHEREFORE, the Committee respectfully request that the Court enter an order (i) scheduling a hearing on the relief requested in the Motion for November 30, 2007 at 3:00 p.m. (Eastern Prevailing Time), and (ii) requiring that any responses to the Motion be filed and served so as to be received on or before November 28, 2007 at 10:00 a.m. (Eastern Prevailing Time).

Dated: November 21, 2007
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

and

Robert P. Simons, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
E-mail: rsimons@reedsmith.com

and

- 7 -

        Claudia Z. Springer, Esquire
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103-7301
        Telephone: 215-851-8100
        Facsimile: 215-851-1420
        E-mail: cspringer@reedsmith.com

        Proposed Counsel to the Official Committee
        of Unsecured Creditors