**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| ) | Case No. 07-11666 (KG) |
| INPHONIC, INC., et al., ) | |
| ) | Jt. Admin. |
| ) | |
| DEBTORS. ) | Hearing Date: November 30, 2007 at 3 pm |
| ) | Related to Docket Nos.: 11, 55 and 67 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF AT&T TO DEBTORS' MOTION SEEKING POSTPETITION**
**FINANCING, USE OF CASH COLLATERAL AND OTHER RELIEF**

AT&T[1], by and through its counsel, files this limited objection and reservation of rights (the "Limited Objection") to the above-captioned Debtors' Motion for entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(c) and (d) (the "Financing Motion"), and respectfully states as follows:

1.      AT&T and the Debtors provide services to each other primarily pursuant to that certain "Cingular Wireless Non-Exclusive Dealer Agreement," effective October 1, 2006.

---

[1] "AT&T" means collectively AT&T Mobility II, LLC f/k/a Cingular Wireless II, LLC and its affiliates including AT&T, Inc.

2. The relationship generally involves AT&T selling cell phones and other equipment to the Debtors and the Debtors procuring customers for AT&T's wireless services.

3. Each time the Debtors procure a customer for AT&T's wireless service, the Debtors are entitled to a commission from AT&T. Under certain circumstances, the Debtors may have to return commissions to AT&T.

4. Likewise, AT&T is entitled to be paid for the cell phones and other equipment it sells to the Debtors.

5. Prior to the filing of the bankruptcy cases, the Debtors and AT&T offset various amounts owing to each other. As of the petition date, the Debtors and AT&T are holding certain amounts subject to offset.

6. Post-petition, the Debtors and AT&T continue to operate in the same fashion, and continue to incur obligations to each other that are subject to offset.

7. The Financing Motion purports to grant certain rights to the "DIP Lender," Adeptio INPC Funding, LLC.

8. From AT&T's review of the Financing Motion and related orders, AT&T understands that the relief sought in the Financing Motion is in no way attempting to alter, abridge or modify the validity, extent or priority of AT&T's pre-petition and post-petition offset rights, be it either recoupment or setoff (the "AT&T's Offset Rights").

9. However, because of the potential for ambiguity, AT&T is filing this Limited Objection to preserve its Offset Rights.

10. AT&T requests that the following text (or substitute text agreeable to AT&T) be inserted into any orders approving the Financing Motion:

> This Order does not abridge, alter or modify in any way AT&T's pre-petition and post-petition offset rights, including recoupment and setoff, nor does this Order abridge, alter or modify in any way the validity, extent or priority of any such asserted offset rights, nor establish the priority of any other party's rights with respect thereto.

11. To the extent that the Financing Motion is seeking to abridge, alter or modify in any way AT&T's Offset Rights, AT&T requests that the Debtors be ordered to clearly and specifically explain how the Financing Motion is seeking to abridge, alter or modify AT&T's Offset Rights, and AT&T will duly respond at such time.

**WHEREFORE**, AT&T respectfully requests that (a) any orders granting the Financing Motion include the above-referenced insert; (b) the Debtors be ordered to clearly and specifically explain how the Financing Motion is seeking to abridge, alter or modify AT&T's Offset Rights, if at all; and (c) the Court grant such other and further relief as is just and proper.

Respectfully submitted this 23rd day of November, 2007.

/s/ Todd C. Meyers
Todd C. Meyers
Georgia Bar No. 503756
Paul M. Rosenblatt
Georgia Bar no. 614522
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street, N.E.
Atlanta, Georgia  30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6500
**Counsel for AT&T**

US2000 10457466.2