# EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------x
In re:                                  :    Chapter 11
                                        :
INPHONIC, INC., et al.,                 :    Case No. 07-11666 (KG)
                                        :    (Jointly Administered)
            Debtors                     :
----------------------------------------x

## NOTICE OF DEPOSITION
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 7030(b)(6)

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Federal Rules of Bankruptcy Procedure 9014 and 7030, the above-captioned debtors and debtors-in-possession (the "Debtors") by and through its undersigned counsel, will take the deposition upon oral examination of The Official Unsecured Creditors' Committee, Inc. (the "Committee"). The matters on which such examination is requested include the following:

1. The preparation of the Committee's Objections to the proposed sale of the Debtors' assets to Versa Capital Management, Inc. (the "Proposed Sale").

2. The deliberation between and among the members of the Committee and its counsel regarding its Objections to the Proposed Sale.

3. The deliberation between and among members of the Committee and its counsel regarding any possible or potential settlement of the Committee's objections to the proposed sale.

**PLEASE TAKE FURTHER NOTICE** that the deposition will take place on November 29, 2007 at 10:00 a.m. at the offices of DLA Piper US LLP, 1251 Avenue of the Americas, 28th Floor, New York, New York 10020. The deposition will be taken before a notary public or other official authorized to administer oaths, will be recorded by stenographic means, and will continue from day to day until completed.

NEWY1\8172288.1

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Federal Rules of Bankruptcy Procedure 9014 and 7030, the Committee shall designate one or more officers, directors or managing agents, or other persons who consent to testify on the Committee's behalf, and set forth for each person designated the matters on which the person will testify.

**PLEASE TAKE FURTHER NOTICE** that at the time of deposition, each deponent shall produce all documents that he or she has reviewed in connection with this matter and in preparation for the deposition, as well as any documents upon which the deponent expects to base his or her testimony at the trial of this action, including, without limitation, all documents that are responsive to the requests made in the attached Document Request.

**PLEASE TAKE FURTHER NOTICE** that any interested party may appear and participate at the deposition.

*/s/ Thomas Califano (JRJ)*

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Proposed Counsel for Debtors
and Debtors in Possession

Dated: November 25, 2007

NEWY1\8172288.1

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

### Definitions and Instructions

1. "You" or "your" or the "Committee" means the party to whom these document requests are directed, and all agents and representatives acting on behalf of such party.

2. The "Debtors" means the above captioned debtors and debtors in possession, and all agents and representatives acting on their behalf.

3. The "Proposed Sale" means the transaction proposed in these proceedings under the terms of which the Debtors will sell their assets, pursuant to Section 363 of the United States Bankruptcy Code, to Versa Capital Management, Inc.

4. "All" shall mean "any" and vice-versa.

5. "And" shall mean "or" and vice-versa.

6. The singular shall mean the plural and vice-versa.

7. "Document" means all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, emails, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings. The definition of "document" shall include all written or printed matter within the

scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence.

8. "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include both written communication and oral communication.

9. "Relating to" or "related" or "relate" means constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating and/or relevant to.

10. The party to whom this request is directed shall produce all documents in its possession, as well as all documents in the possession of the party's present and former agents and representatives, including attorneys, accountants, consultants and investigators.

11. If any part of this request is deemed to call for the production of any privileged documents or materials and such privilege is asserted, a list is to be furnished identifying each document so withheld together with the following information:

(a) the reason for withholding;
(b) a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure; and
(c) a brief description of the document, including:
  (i) the date of the document;
  (ii) the name of its author, authors, or preparers and an identification by employment and title of each such person;
  (iii) the name of each person who was sent or has had access to, or custody of the document, together with an identification of each such person;
  (iv) the paragraph of this request to which the document relates; and
  (v) in the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation.

12. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter. In addition, the date of

NEWY1\8172288.1

11/25/2007  17:47    212-335-4501              DLA PIPER US LLP                    PAGE  06/08

disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

13. This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope between the time of initial production and the time of hearing or trial.

14. All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarily responsive.

15. All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

16. Electronic records and information should be produced in an intelligible format such that they can be readily accessed. The production of any electronic records and information should include a description of the system or database from which the records and information were obtained as well as a description of the system or database on which the records and information are being stored.

17. With respect to each request herein, the party to whom this request is directed shall identify and produce all documents (as defined above without limitation) which are known or which can be located or discovered by reasonably diligent effort, regardless of location, including, without limitation, all such documents requested to be produced which are in the files

(whether personal, business or any other files), possession, custody or control of the attorneys, accountants, agents, representatives or employees of the party to whom this request is directed.

## Documents Requested

1. All documents related to the preparation of the Committee's Objections to the Proposed Sale.

2. All documents related to or reflecting any deliberation among and between the members of the Committee regarding the Committee's Objections to the Proposed Sale.

3. All documents related to or reflecting any deliberation among and between the members of the Committee regarding the possible or potential settlement of the Committee's Objections to the Proposed Sale.

## CERTIFICATE OF SERVICE

I, E. O'Brien Kelley, hereby certify that on this 26th day of November, 2007, I caused to be served, by facsimile, a true and correct copy of the attached Notice of Deposition Pursuant to Federal Rule of Bankruptcy Procedure Rule 7030(b)(6) on:

> Kurt Gwynne, Esq.
> REED SMITH LLP
> 1201 Market Street
> Suite 1050
> Wilmington, DE 19801
> (302) 778-7500 (telephone)
> (302) 778-7550 (fax)

E. O'Brien Kelley
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4961 (telephone)
(212) 884-8661 (fax)

NEWY1\8172288.1