IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| InPhonic, Inc., | : | Case No. 07-11666(KG) |
| | : | |
| Debtor. | : | **Hearing Date: December 13, 2007 at 10:00 a.m.** |
| | : | **Objections Due: December 3, 2007 at 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS; (II) APPROVING AN ASSET PURCHASE AGREEMENT, SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF (D. E. 12, 13 52)**

In support of her objection (the "Objection") to the Debtor's Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing the Sale of Substantially All of Their Assets; (ii) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (iv) Granting Related Relief (D. E. 12, 13 52) (the "Motion"), Kelly Beaudin Stapleton, the United States Trustee for Region 3 ("UST"), by and through her undersigned counsel, states as follows:

1.      This Court has jurisdiction to hear the above-referenced Objection.

2.      Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest);

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.     Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-referenced Objection.

**BACKGROUND**

4.     On November 8, 2007 (the "Petition Date"), the Debtors herein[1] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.     On November 16, 2007, the UST appointed a statutory committee of unsecured creditors in this case.

6.     The Debtor filed the Motion on November 8, 2007, along with a motion to approve the bidding procedures to sell substantially all of the Debtor's assets to Adeptio, LLC ("Adeptio"), subject to higher and better offers.

7.     Adeptio, the proposed "stalking horse" purchaser, acquired the Debtors' prepetition secured debt and is also the Debtors' postpetition lender. The proposed sale contemplates that Adeptio will initially credit bid $50M for the Debtors' assets and assume certain liabilities of the Debtors.

8.     The UST objects to the extent that Adeptio and the Debtors fail to meet their burdens under Section 363 and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986).

9.     UST requests that the Debtor confirm that it is the Debtors' intent to address any and all issues related to consumer privacy under Section 363(b)(1) and consumer fraud under Section

---

[1]     All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

363(o) in any order seeking approval of a sale in accordance with the sale procedures.

**GROUNDS/BASIS FOR RELIEF**

*Requirements for Approval of Sale*

10.    The Debtors must provide evidence that the sale is for fair value and that a good business reason exists. *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983)[2]. The Debtors and Adeptio must prove by credible evidence that the transaction is proposed in "good faith" and that it is an arms-length transaction.  Initially, the Court must determine that the bidding procedures will bring the best and highest price for the Debtors' assets[3]. The Debtors must show that the assets have been fully marketed and that the sale is sufficiently publicized in order to prove that the assets will be sold for a fair and reasonable price. But the Court must also find that the sale is free of any collusion.  The Debtor's relationship to the purchaser must be fully disclosed including any employment agreements or other agreements or understandings.  *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d at 147.

11.    In *Abbotts Dairies*, the Third Circuit stated that ""[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."" *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d

---

[2] To receive approval for a pre-confirmation sale of substantially all of its assets, a debtor must demonstrate that a sound business reason exists for the sale.  In addition, a debtor must show that the sale has been proposed for fair value and in good faith.  *See In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D.Del. 1991).

[3] This part of the Objection exists to the extent that the Committee's Motion to Reconsider Order (a) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief (D. E. 102) is granted in whole or in part.

at 147, *quoting In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978). Accordingly, it is essential that there is full disclosure with respect to the parties' relationships, including details of the transactions between the parties, in order for the Court to make a good faith determination as to the purchaser at the sale hearing.

12.    In essence, the proposed sale must satisfy the *Abbotts Dairies* requirements and comply with Fed. R. Bankr. P. 6004 so that the United States Trustee, the Court, the Committee, creditors and other parties have the ability and opportunity to evaluate the proposed transaction's *bona fides* and determine that the sale is in the creditors' best interests and complies with applicable law.

### 11 U.S.C. § 363(o)

13.    Added to the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 363(o) provides as follows:

> Notwithstanding [11 U.S.C. § 363(f)], if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

14.    The Debtor must acknowledge in the sale order that the sale proposed by the Debtor will not be free and clear of claims and defenses that are related to a consumer credit transaction subject to the Truth in Lending Act or any consumer credit contract as defined by Section 363(o) of the Bankruptcy Code. Further, the sale procedures order should clarify that neither its provisions nor

4

those in the sale order will abridge or modify the newly-added protections of this subsection of the

Bankruptcy Code.

***Consumer Privacy Under 11 U.S.C. § 363(b)(1)***

15.    As was stated at the initial hearing in the these cases, the Motion does not provide

sufficient information for the UST to determine whether a consumer privacy ombudsman needs to

be appointed to protect personally identifiable information about individuals.  11 U.S.C. § 363(b)(1)

provides:

> (b)(1)  The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information[4] to any person unless –

---

[4] 

"Personally identifiable information" is defined in 11 U.S.C. § 101(41A) as meaning

(A) if provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purposes –
(I)  the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name;
(ii)  the geographical address of a physical place of residence of such individual;
(iii)  an electronic address (including an e-mail address) of such individual;
(iv)  a telephone number dedicated to contacting such individual at such physical place of residence;
(v) a social security account number issued to such individual; or
(vi) the account number of a credit card issued to such individual; or

(B) if identified in connection with 1 or more of the items of information specified in subparagraph (A) --
(I)   a birth date, the number of a certificate of birth or adoption, or a place of birth; or
(ii)    any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically.

(A) such sale or lease is consistent with such policy; or

(B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –

(I)    giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

16.    It is the understanding of the UST that the Debtors are not proposing to sell any "personally identifiable information about individuals" and that the Assets do not include such information.  However, the UST requests that the Debtors confirm that no such information is being sold and that it is the Debtors' intent to address any and all issues related to consumer privacy under Section 363(b)(1) in any subsequent order seeking approval of a sale under the sale procedures.

17.    The UST reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**THIS SPACE LEFT INTENTIONALLY BLANK**

WHEREFORE the UST requests that this Court issue an order denying the Motion as written, or denying this Motion to the extent of this Objection and/or granting such other relief as this Court deems appropriate, fair and just.

<div style="margin-left:40%">

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

**By:** /s/Richard L. Schepacarter
    Richard L. Schepacarter
    Trial Attorney
    U. S. Department of Justice
    Office of the U., S. Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 (Fax)

</div>

Dated: June 1, 2007