## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | Case No. 07-11666 (KG) |
| | : | Jointly Administered |
| INPHONIC, INC., *et al.*, | : | |
| | : | Re: Docket Nos. 12, 52, 102 and 132 |
| Debtors. | : | |

**REPLY TO ADEPTIO'S RESPONSE TO MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS SEEKING
RECONSIDERATION OF THIS COURT'S ORDER (A) APPROVING BID
PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE
SALE AND APPROVING THE FORM AND MATTER OF NOTICES;
(C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF
PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE
REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF,
PURSUANT TO *INTER ALIA*, FED.R.BANKR.P. 7052, 9023 AND 9024,
FED.R.CIV.P. 52, 59 AND 60 AND DEL.BANKR.LR 9013-1(m)(v)**

The Official Committee of Unsecured Creditors (the "Committee"), by and

through its undersigned counsel, files its Reply to Adeptio's Response (the "Response")

To Motion (the "Motion to Reconsider") Of The Official Committee Of Unsecured

Creditors Seeking Reconsideration Of This Court's Order (the "Bid Procedures Order")

(A) Approving Bid Procedures Relating To Sale Of Substantially All Of The Debtors'

Assets; (B) Scheduling A Hearing To Consider The Sale And Approving The Form And

Matter Of Notices; (C) Establishing Procedures Relating To Assumption And

Assignment Of Certain Contracts, Including Notice Of Proposed Cure Amounts; (D)

Approving Expense Reimbursement Provision; and (E) Granting Related Relief, Pursuant

To *Inter Alia*, Fed.R.Bankr.P. 7052, 9023 and 9024 and Fed.R.Civ.P. 52, 59 and 60 and

Del.Bankr.LR. 9013-1(m)(v), and states as follows:

## I.    SUMMARY OF ARGUMENT

Preliminarily, as a procedural matter, the Committee has a Motion to Dismiss pending in these bankruptcy cases, which motion must be determined before the sale process continues.  In the interim, and to preserve its rights and remedies, the Committee states that this Court should grant the relief requested in the Committee's Motion to Reconsider the Bid Procedures because the Bid Procedures Order, along with the DIP Financing Documents, and the Sale Documents, make premature substantive findings of fact that make a sale to the Adeptio "*a fait accompli*" and render Adeptio impervious to any challenges regarding its good faith in its prepetition negotiations and the sale process or the validity, extent and priority of its allowed claim before the period for investigating these facts has concluded.

These provisions of the Bid Procedure Order are not "merely" procedural.  They substantially impair the unsecured creditors' rights to challenge the good faith of the sale, the reasonableness of the releases contained in the proposed APA, the validity of Adeptio's claim, and the Committee's ability to recover any damages in the event of an adverse finding on any one of these issues against Adeptio.

Unless reconsidered, this substantial impairment of rights and remedies will have rendered the Committee's right to investigate Adeptio's claim through December 11, 2007, which is 25 days after the appointment of the Committee (the "Investigation Period"), a nullity.[1]  The Investigation Period, however, serves a vital function of ensuring that the due process rights of the unsecured creditors are realized.

---

[1]    The Interim Order approving the DIP Facility permits the Committee to investigate Adeptio's claim to December 11, 2007.  The Committee has filed an objection to the DIP Facility, which includes among its issues that the "25 day investigation period" is too short.

Accordingly, unless reconsidered, the current Bid Procedures Order may result in

substantial detriment to the unsecured creditors of these bankruptcy estates without due

process.

## II.    ARGUMENT

### A.    Certain Substantive Findings of Fact and Conclusions of Law Contained in the Bid Procedure Orders Are Premature Because, Absent An Adequate Investigation Into Adeptio's Claims and Conduct, There Is No Factual Basis To Support Those Findings and Conclusions.

There are several substantive findings of fact and conclusions of law contained in

the Bid Procedures Order that substantially impair the rights and remedies of unsecured

creditors in this case, all of which are premature.  These premature findings of fact and

conclusions of law contained in the Bid Procedures Order, include, but are not limited to:

- the Bid Procedures were negotiated in good faith by the Debtors and Adeptio and are reasonable and appropriate;

- the Expense Reimbursement[2] is a material inducement for Adeptio's entry into the Agreement, and it is fair and reasonable, and the Debtors have a sound business justification for authorizing the Expense Reimbursement;

- Adeptio's Bid is deemed to be a Qualified Bid; and

- Adeptio is authorized to make one or more credit bids at the Auction equal to (i) the Expense Reimbursement and (ii) any or all of Adeptio's claims and outstanding obligations under the DIP Facility and the Per-Petition Loan Documents, pursuant to Bankruptcy Code §363(k).

The finding of fact that deems Adeptio to be a Qualified Bidder, for example,

authorizes Adeptio to credit bid its claim without giving the Committee an opportunity to

determine whether there is a factual basis for allowing Adeptio's claim or objecting to

Adeptio's claim.  Section 363(k), however, provides that a creditor gets the benefit and

---

2    Capitalized terms not herein defined are given the meaning ascribed to them in the Bid Procedures Motion and the Motion to Reconsider.

convenience of a credit bid only to the extent the assets being sold are subject to the

creditor's *allowed* claim.  Section 363(k) provides:

> At a sale under subsection (b) of this section of property that is subject to a
> lien that secured an ***allowed*** claim, ***unless the court for cause orders***
> ***otherwise*** the holder of the claim may bid at such sale, and, if the holder
> of such claim purchases such property, such holder may offset such claim
> against the purchase price of such property.

11 U.S.C. §363(k) (emphasis added).   In these cases, the Bid Procedures Order, by

deeming Adeptio to be a Qualified Bidder allows a chilling bid procedure and potentially

precludes any recovery by the unsecured creditors if, once the investigation has been

concluded, the Committee determines that Adeptio's claim is objectionable and subject to

disallowance, reduction, equitable subordination, etc.[3]

---

3   Certain averments contained in the Schwarz Affidavit, as well as proposed stipulated facts
between the parties, provide a reasonable basis for believing that Adeptio's claim could be
subject to equitable subordination under 11 U.S.C. § 510, recharacterization, and/or lack of good
faith.  See e.g.

     a.    On Friday, November 2, 2007, the Debtors were informed that Adeptio had
acquired all the rights of the prepetition Lenders under the Senior Credit
Agreement, and had purchased all of the Lenders' right, title and interest in and
to the Senior Credit Agreement;

     b.    Adeptio's affiliate, Versa Capital Management, Inc. ("Versa") purchased all of
the Lenders' rights, title and interests at a discount;

     c.    Prior to November 2, 2007, Adeptio or Versa or their affiliates or representatives
participated in due diligence regarding the Debtors and their assets.  Before
participating in that due diligence, Adeptio or Versa or their affiliates or
representatives entered into a confidentiality agreement with the Debtors;

     d.    Adeptio has made clear to the Debtors that it was unwilling to either (i) advance
additional funding or (ii) consummate the Agreement, outside of a Chapter 11
proceeding due to numerous uncertainties, risks and complications entailed in
any attempt to do so outside of a Chapter 11 proceeding; and

     e.    The Sale Motion was filed, and the sale process is being conducted, as required
by Adeptio.

By permitting Adeptio's Credit Bid in the Bid Procedures Order, this Court has ruled that Adeptio has an allowed secured claim, without due process to the Committee to investigate whether the claim should be allowed. The ruling presumes that there is no reason for avoidance or subordination, even though there is no evidence on the record of the relationships between and among the Debtors, the Prepetition Lenders, Adeptio and Versa, and their respective officers and directors, or as to the legitimacy of, for example, the lending that took place in August 2007 which is part of the claim.

The Bid Procedures Order also approves the form APA, which contains releases against key participants for potentially valuable causes of action belonging to the Debtors' estate and/or their unsecured creditors. (See APA, Section 1015. General Releases; see also APA subsection (k) to definition of "Assets"). These releases are tantamount to a settlement of claims. They arguably are condoned in the Bid Procedures Order and could prevent the Committee from pursing actions against these key participants without a court determination that the releases were proper under the circumstances. See Protective Committee Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 20 L. Ed. 2d 1, 88 S. Ct. 1157 (1968) (noting four criteria that a bankruptcy court should consider in striking this balance: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors). Accordingly, condoning the releases without assessing these factors is improper and the Bid Procedures Order should be reconsidered.

**B.      The Investigation Period Serves a Vital Function That Ensures the Due Process Rights of the Unsecured Creditors Are Realized.**

The Investigation Period during which the Committee can determine the factual basis to support the allowance of Adeptio's claim in its entirety or a finding of good faith by the Court is critical to ensuring that the due process rights of the unsecured creditors are met. Not surprisingly, Adeptio disagrees. In its Response, Adeptio argues that the 25-day Investigation Period provided under the Interim DIP Order more that suffices under the circumstances and that investigating the actions of the prior lenders is unnecessary. In support of this erroneous contention, Adeptio cites the recently decided district court decision in Enron.

> [N]otwithstanding the Creditors' Committee's assertions to the contrary, the Court does not need to extend the investigation period so that the Creditors' Committee can investigate the actions of the prior lenders. The district court's recent decision in *In re Enron Corp.*, makes it clear that Adeptio's claim cannot be tainted by any of these 'bad acts'. *See In re Enron Corp.*, 2007 WL 2446498 (S.D.N.Y. Aug. 27, 2007) …As the Creditors' Committee cannot impute any 'bad acts' of the prior lenders to Adeptio, there is no need to extend the investigation period on this basis.

Adeptio's Response at p.6.

The opinion in Enron, however, was based on the "undisputed [fact] that Springfield is not alleged to have itself acted inequitably or received any preference that would subject its claim to subordination or disallowance." In re Enron, 2007 WL 2446498 at p 12. The Committee certainly has not come to the same conclusion about Adeptio or Versa and cannot possibly come to such a conclusion until the expiration of the Investigation Period. Furthermore, the Enron matter was remanded; a certification for an interlocutory appeal to the Court of Appeals was denied because actions were "pending against the original lenders were scheduled to go to trial in 2008." Here,

Adeptio's plan is to have this Court allow its purchased claim, and to approve a release of all potential claims that the Debtors' estates may have arising from or relating to the claim that it purchased. Therefore, Adeptio's reliance on <u>Enron</u> is wholly misplaced.

Adeptio further argues, that the Investigation Period need not be extended because it completed its due diligence regarding the debt in less time than is being provided to the Committee. This argument is absurd for may reasons the most important of which is that the purpose of Adeptio's review was to buy a secured claim at a steep discount and could account for its risk of any alleged limited due diligence by discounting the price it paid for the $90 million secured claim. The Committee's purpose is to fulfill its fiduciary duties to creditors, including whether grounds exist to equitably subordinate or otherwise disallow the secured claim.

Further, a 25-day investigation period is not customary or usual in chapter 11 proceedings. On the contrary, at a minimum, 60 days is more appropriate. *See* <u>In re Adelphia Communications Corp., et al</u>, 330 B.R. 364, 374 fn. 60. (Bankr. S.D. N.Y. 2005) (citing S.D.N.Y. Gen. Order No. M-274, "Guidelines for Financing Requests," "Extraordinary Provisions,": The Court will not consider as extraordinary the debtor's stipulation as to validity, perfection, enforceability, priority and non-avoidability of a prepetition lender's claim and liens, and the lack of any defense thereto, provided that: (a) the Official Committee of Unsecured Creditors (the "Committee"), appointed under section 1102 of the Bankruptcy Code, **has a minimum of 60 days** (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the date of the order approving the appointment of counsel for the Committee to investigate the facts and bring any appropriate proceedings as representative of the

estate…) (emphasis added).

Until, the Committee is permitted adequate time and at least to the expiration of the present Investigation Period, Adeptio can not credit bid until it is determined that it hold allowed claim as expressly required by Section 363(k).

Finally, the Committee has discovery pending including a request for production of documents relating to Adeptio's acquisition of the secured claim. Adeptio has refused to produce these documents.  Therefore, the Committee's attempts to investigate up until this date have been thwarted.  In order to protect the unsecured creditors' rights to due process, the Bid Procedures Order must be reconsidered such that an adequate investigation by the Committee can be performed.

## III     CONCLUSION

For the foregoing reasons, without a fair opportunity for the Committee to conduct discovery with respect to the issues raised in the Motion for Reconsideration of the Bid Procedures Order, the Court (i) must amend the Bid Procedures Order to prohibit Adeptio from making a credit bid; (ii) must amend the Bid Procedures Order to not "deem" a bid from Adeptio as a "Qualified Bid"; (iii) must amend the Bid Procedures Order to eliminate the finding of good faith; and (iv) insure that no parties are released from any liability to the estate without proper due process.

Dated: November 29, 2007
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
    Kurt F. Gwynne (No. 3951)
    1201 N. Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: kgwynne@reedsmith.com

         and

    Robert P. Simons, Esquire
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone:  (412) 288-3131
    Facsimile:  (412) 288-3063
    E-mail: rsimons@reedsmith.com

         and

    Claudia Z. Springer, Esquire
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103-7301
    Telephone: 215-851-8100
    Facsimile: 215-851-1420
    E-mail: cspringer@reedsmith.com

    Proposed Counsel to the Official
    Committee of Unsecured Creditors