**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |
| | : Re: Docket No. 15 |

**ORDER ESTABLISHING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS**

This matter coming before the Court on the *Motion of the Debtor for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3. The Debtors are permitted to compensate Professionals for services rendered and reimburse the same Professionals for expenses incurred pursuant to monthly interim applications in accordance with the following procedures:

    a. No earlier than the twentieth (20th) day of each calendar month, each Professional seeking interim compensation shall file an application (a "Monthly Fee Application") pursuant to Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on the following (collectively, the "Notice Parties"):

        i. InPhonic, Inc., 1010 Wisconsin Avenue, Suite 600, Washington, D.C. 20007, Attn: Kenneth D. Schwarz (the Debtors);

        ii. Neil B. Glassman, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899, Telephone: (302) 655-5000, Facsimile: (302) 658-6395;

        iii. DLA Piper US LLP, The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209-3600, Attn: Maria Ellena Chavez-Ruark (Proposed Counsel to the Debtors);

        iv. United States Trustee's Office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and

   v.  Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady;

   vi.  Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay);

   vii.  Counsel to any statutory committee appointed in these cases pursuant to Section 1102 of the Bankruptcy Code.

b. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

c. Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon expiration of the Objection Deadline, the Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Actual Monthly Amount") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80% of the fees and 100% of the expenses not subject to an objection. Each Professional's first Monthly Fee Application shall include any partial month preceding the first full month of employment.

d. If any Notice Party objects to a Professional's Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection, which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the Parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

e. Beginning with the period ending January 31, 2008, at three-month intervals or at such other time convenient to the Court, each of the

Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application") for interim Court approval and allowance, pursuant to Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the application and any other information requested by the Court or required by the Local Bankruptcy Rules and United States Trustee's Guidelines. Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before March 16, 2008, which shall cover the Interim Fee Period from the Petition Date through and including January 31, 2008. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as a further Interim Fee Application is submitted by the Professional.

f. The Debtors shall request a hearing on pending Interim Fee Application every three (3) months or at such other intervals as the Court deems appropriate.

g. If allowed by the Court upon hearing on an Interim Fee Application, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

h. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify Professional from the future payment of compensation or reimbursement of expenses.

i. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

- 5 -

4.  All Monthly Fee Applications shall comply with the bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines established by the Office of the Untied States Trustee (the "<u>UST guidelines</u>").

5.  The Debtors shall be required to serve only the Notice Parties with both the fee applications and the notice of hearing thereon (the "<u>Hearing Notice</u>") and all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 are required to be served with only the Hearing Notice.

6.  The Debtors shall include all payments made to Professionals in accordance with the compensation procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

7.  All time periods referenced in this Motion shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.  Members of any committee shall be permitted to obtain reimbursement for reasonable out-of-pocket expenses incurred in connection with committee membership (excluding committee member counsel). Each committee member shall submit statements of expenses and supporting vouchers and receipts to committee counsel, who will collect the same and, based thereon, submit a comprehensive request for reimbursement to the Debtors in accordance with the above procedures for Professionals.

9.  The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court will retain jurisdiction to address all disputes related to the interpretation or enforcement of this Order.

Dated: November 30, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE