**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666(KG) |
| | : | (Jointly Administered) |
| Debtor. | : | |
| | : | Re: Docket No. 21 |

## ORDER UNDER SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 5002 AUTHORIZING EMPLOYMENT AND RETENTION OF GOLDSMITH, AGIO, HELMS SECURITIES, INC. AS INVESTMENT BANKER TO DEBTORS IN POSSESSION

This matter coming before the Court on the *Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 Authorizing Employment and Retention of Goldsmith, Agio, Helms Securities Inc. as Investment Banker to the Debtors in Possession* (the "Application"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and the Court being satisfied, based on the representations made in the Application, the Affidavit of Andrew Torgove (the "Torgove Affidavit"), a managing director of Goldsmith, Agio, Helms Securities Inc. ("GAH"), in support of the Application, the Engagement Letter and the Indemnification Agreement, that GAH represents no interest adverse to the Debtors' estates with respect to the matters upon which GAH is to be engaged, that GAH is a "disinterested person"

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

within the meaning of section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that GAH's employment is necessary and in the best interest of the Debtors' estates; and the terms of the Engagement Letter and Indemnification Agreement being reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and upon the Application and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. Application is granted as amended by this Order; and

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and 5002 and Local Rule 2014-1, the Debtors are authorized to employ and retain GAH as financial advisor on the terms set forth in the Application and this Order, effective *nunc pro tunc* to the Petition Date, and to the extent consistent with the Application and this Order, the Engagement Letter and the Indemnification Agreement; and

3. GAH shall be compensated in accordance with the terms of the Engagement Letter subject to the terms of this Order, the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable orders of this Court; and

4. All of GAH's fees and expenses in these cases, including without limitation the Monthly Fee, the Restructuring Fee and the Sale Transaction Fee (as described in the Engagement Letter), are approved pursuant to section 328(a) of the Bankruptcy Code; *provided, however*, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application

by GAH in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and

5. Notwithstanding the foregoing, the U.S. Trustee retains all rights to object to the Monthly Fee, Restructuring Fee and Sale Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and

6. To the extent GAH performs services for the Debtors beyond those set forth in the Application and in the Engagement Letter, the Debtors shall seek the approval of the Court for the additional services and relevant fees; and

7. GAH shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-2 is granted such that GAH may submit time records in one-half hour increments. The Debtors are authorized to pay GAH's fees and to reimburse GAH for its costs and expenses as provided in the Engagement Letter and Indemnification Agreement, upon approval by the Court of interim and final applications; and

8. The provisions set forth in the Indemnification Agreement are approved, subject, during the pendency of the Debtors' chapter 11 cases, to the following:

> (a) subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, GAH, including its affiliates and its and their respective directors, officers, employees, agents, shareholders, controlling persons, partners and members (collectively, the "Indemnified Persons") in accordance with the Indemnification Letter for any claim arising from, related to or in connection with the services provided for in the Engagement Letter (the "Services");

(b) notwithstanding any provisions of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify GAH or provide contribution or reimbursement to GAH (i) to the extent that any claim or expense that is judicially determined (the determination having become final) to have arisen from GAH's gross negligence, willful misconduct, bad faith, self-dealing, or breach of fiduciary duty (if any), (ii) for a contractual dispute in which the Debtors allege the breach of GAH's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) to the extent that any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which GAH should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter or Indemnification Letter, as modified by this Order;

(c) to the extent that any claim or expense is judicially determined (the determination having become final) to have arisen from GAH's gross negligence, willful misconduct, bad faith, self-dealing, or breach of fiduciary duty (if any), then the last sentence of the first paragraph of the Indemnification Letter shall not apply with respect to such claim or expense and the proviso set forth in the first sentence of the contribution provisions in the Indemnification Letter shall not apply with respect to such claim or expense;

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, GAH believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter or Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, GAH must file an application therefor in this Court, and the Debtors may not pay any such amounts to GAH before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by GAH for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify GAH; and

9. To the extent that GAH employs the services of Lazard Frères & Co. LLC or its affiliates or Lazard Capital Markets LLC and fees are to be allocated to such entity pursuant to

the Engagement Letter, notwithstanding anything to the contrary in the Engagement Letter, such entity shall file a verified statement describing its relationship with GAH and indicating that, to the best of such entity's knowledge, information and belief, insofar as such entity has been able to ascertain after due inquiry, such entity does not have any connection with the Debtors or parties-in-interest in the matters for which such entity is so employed, other than as disclosed in such verified statement, and

10. The last sentence of paragraph 11 of the Engagement Letter is stricken; and

11. Notwithstanding anything to the contrary in the Engagement Letter or the Indemnification Agreement, during the pendency of any of the Debtors' chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and

12. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

Dated: Nov. 30, 2007
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE