**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
: 
In re: :
: Chapter 11
INPHONICS, INC., *et al.*, :
: Case No. 07-11666 (KG)
Debtors. : *(Jointly Administered)*
:
: Related to Docket Nos. 13 and 146
:
---------------------------------------------------------X

**OBJECTION OF SPANCO TELESYSTEMS & SOLUTIONS LTD TO MOTION OF DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 6006 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS; (II) APPROVING AN ASSET PURCHASE AGREEMENT, SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

Spanco Telesystems & Solutions Limited ("Spanco"), by and through their undersigned counsel, hereby makes this objection (the "Objection") to the Motion of Debtors for Order Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") and respectfully represents as follows:

**BACKGROUND**

1. On November 8, 2007 (the "Petition Date"), InPhonic, Inc. ("InPhonic") and each of its wholly-owned subsidiaries (collectively, the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. The Debtors' cases are being jointly administered under case no. 07-11666.

2. The Debtors continue to operate their business and manage their property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the case.

3. On the Petition Date, the Debtors filed several "first day" motions including the Sale Motion and the Motion for Order (I) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion").

4. At a hearing on November 9, 2007, the Court entered an Order approving the Bid Procedures Motion (the "Bid Procedures Order') and scheduled a hearing on the Sale Motion for December 13, 2007 with any objections to the Sale Motion, including the assumption, sale and assignment of any contracts that the Debtor may seek to assume, assign and sell (the "Designated Contracts") and the corresponding cure amounts required to be paid

---

[1] InPhonic's seven wholly-owned debtor-subsidiaries are: CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

by the Debtor pursuant to Section 365(b)(a)(A) of the Bankruptcy Code (the "Cure Amount") to be filed no later than December 3, 2007.

5.   On November 23, 2007, Spanco received from the Debtors a "Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Assumption Notice"). On Exhibit A to the Assumption Notice, the Debtors listed a Cure Amount of $1,969,701.78 that would be paid to Spanco in the event their contract was a Designated Contract.

**Spanco's Agreement with InPhonic**

6.   Pre-petition, pursuant to an agreement dated August 1, 2005 between Spanco and InPhonic (the "Agreement"), Spanco owned and operated a call center that provided InPhonic and its customers with technical support services and allied IT enabled services related to the Debtors' products sold to its customers. As of the Petition Date, InPhonic was indebted to Spanco in the approximate amount of $2,115,767.91 and, as a result, Spanco is one of the Debtors' twenty (20) largest unsecured creditors.

7.   Since the Petition Date, Spanco has continued to operate the call center and provide technical support services and allied IT enabled services at the specific request of InPhonic.

8.   Pursuant to the Agreement, Spanco is to invoice InPhonic for services bi-weekly and payments for services are to be made to Spanco via wire transfer within two business days of receipt of an invoice.

9.   The historical bi-weekly billing under the Agreement issued by Spanco to InPhonic approximates $250,000.

**OBJECTION**

A. <u>The Sale Motion is Unclear With Respect to Timing of Assumption of Designated Contracts and Payment of Any Required Cure Amounts.</u>

10. The Sale Motion seeks authority to assume, assign and sell the Designated Contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the Cure Amounts required under Section 365(b)(1)(A) of the Bankruptcy Code. The Sale Motion, however, is devoid of any information relating to the timing of any assumption of a Designated Contract vis-à-vis the consummation of a sale of the assets to either Adeptio or another Successful Bidder.[2]

11. In footnote 6 of the Sale Motion, the Debtor states: "The Bid Procedures Motion, filed contemporaneously herewith, seeks to establish a fair and efficient process by which the Debtors will *timely* satisfy the requirements for assumption and assignment of the Assumed Contracts as requested in this Motion." (emphasis added). Neither the Sale Motion nor the Bid Procedures Motion addresses the timing of either the assumption of a Designated Contract or payment of any required Cure Amount as required under the Bankruptcy Code to assume a Designated Contract. Stating that the requirements of assumption and assignment will be satisfied "timely" allows the Debtor full discretion with regard to the timing of any assumptions and the payments of any Cure Amounts without any input from the affected creditor or this Court.

12. Accordingly, any Order approving the Sale Motion should confirm that the Agreement is being assumed and the timing of the payment of the required Cure Amounts vis-à-vis consummation of a sale of the Debtors' assets.

---

[2] Capitalized terms shall have the meaning ascribed to them in the Bid Procedures Motion unless otherwise defined herein.

#2974240     Page 4

B.  <u>Objection to Proposed Cure Amount and Request for Adequate Assurance of Future Performance.</u>

13. The Bankruptcy Code requires the Debtors to cure *all* defaults under the Agreement before the Agreement may be assumed and assigned. Section 365 of the Bankruptcy Code provides, in relevant part, that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. As indicated previously, the Cure Amount indicated on Exhibit A to the Cure Amount Notice received by Spanco is incorrect. The Debtors indicated a cure amount of $1,969,701.78. This amount fails to include additional amounts incurred for services rendered on the Debtors' behalf by Spanco prior to the Petition Date in the amount of $146,066.13. The total amount owed to Spanco as of the Petition Date was $2,115,767.91 and must be paid by the Debtors to Spanco prior to any assumption of the Agreement. Accordingly, Spanco objects to the proposed Cure Amount with respect to the Agreement and submits that the Debtor must pay the full amount owed as of the Petition Date of $2,115,767.91 before it can assume the Agreement.

15.  Further, while Spanco does not have any specific objection to the Debtors' sale of substantially all of their assets or the future assignment of the Agreement, it requires that the cure amount of $2,115,767.91 be paid in full prior to any assumption of the Agreement and that any future assignment of the agreement be subject to an appropriate showing by either Adeptio or another Successful Bidder as to adequate assurance of future performance within the relevant provisions of the Bankruptcy Code.

16.  Accordingly, Spanco respectfully requests that this Court condition any assumption and assignment of the Agreement on the full satisfaction of the full amount of $2,115,767.91 owed to Spanco as of the Petition Date and that any assignment of the Agreement to either Adeptio or another Successful Bidder be subject to an appropriate showing of adequate assurance of future performance.

C.  <u>Reservation of Rights.</u>

17.  Spanco reserves its rights, claims, defenses and remedies including, without limitation, the right to amend, modify, or supplement this Objection and/or raise additional objections during the final hearing on the Sale Motion and further reserves its rights to join in the objections of any other creditors, including objections of the Official Creditors' Committee, to the Sale Motion.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Spanco respectfully submits that this Court should condition the entry of any order in respect of the Sale Motion on (i) the Debtor providing the timing of any assumption and any cure amount required prior thereto with respect to consummation of a sale, (ii) the fixing of an appropriate cure claim for Spanco and requiring that the Debtors or any proposed assignee satisfy such claim timely and in full; and (iii) requiring of any proposed assignee an appropriate showing of adequate assurance of future performance.

Dated: December 3, 2007

        Respectfully yours,

        **WILENTZ, GOLDMAN & SPITZER, P.A.**

        By: /s/ David H. Stein_____
           David H. Stein, Esq. (DHS-8514)
           Jaimie A. Slosberg, Esq. (JS-9233)
           90 Woodbridge Center Drive
           P.O. Box 10
           Woodbridge, New Jersey 07095-0958
           (732) 636-8000

        - and -

        **DUANE MORRIS LLP**

        By: /s/ Richard W. Riley_____
           Richard W. Riley, Esq. (DE No. 4052)
           Suite 1200
           1100 North Market Street
           Wilmington, Delaware 19801-1246
           (302) 657-4900

        *Attorneys for Creditor*,
        *Spanco Telesystems & Solutions Limited*