IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., *et al.*, | Case No. 07-11666(KG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF MICROSOFT LICENSING, INC. AND MSN TO NOTICE OF POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING AND TO DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS; (II) APPROVING AN ASSET PURCHASE AGREEMENT, SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF</u>**

Microsoft Licensing G.P. ("MSGP") and Microsoft Online L.P., the entity that contracts to provide advertising on the Microsoft Network ("MSN"), by and through their counsel Holland & Knight LLP and Brown Stone Nimeroff LLC, hereby submit their limited objection to Debtor's Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Notice") and the Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (iii) Approving the Assumption of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). MLGP and MSN states, as their objection, that the Notice fails to provide sufficient specificity as to the agreements the Debtors seek to assume and

assign and, therefore, the accuracy of the listed Cure Amounts is impossible to determine, but likely understated, and respectfully represent as follows:

## BACKGROUND

1.      MLGP and one or more of the Debtors are parties to certain intellectual property licensing agreements.  More specifically, the Debtors and MLGP are parties to five agreements, consisting of a Master Select Agreement, a Master Enterprise Agreement, a Standard Enrollment Select Agreement, an MS Business Agreement and a Standard Enrollment Enterprise Agreement(the "Licensing Agreements").  Under these agreements collectively, the Debtors may purchase, have maintained and receive upgrades as to certain Microsoft Corporation produced software products for the users within the Debtors' enterprise in exchange for certain payments and certain undertakings regarding the protection of MLGP's intellectual property rights.

2.      Similarly, MSN and one or more of the Debtors are parties to certain agreements (the "MSN Agreements").  There are in excess of fifty MSN Agreements, several of which remain executory.  The MSN Agreements generally provide for placement of different types of advertising for the Debtors on the Microsoft Network over a defined period.

3.      On or about November 8, 2007, the Debtors filed the Sale Motion.  Pursuant to the Sale Motion,  the Debtors may assume, assign and sell certain of their unexpired leases, license agreements, and executory contracts (the "Contracts") free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code (the "Cure Costs").

4.      On or about November 14, 2007, the Debtors filed the Notice.  Annexed to the Notice is a schedule of those contracts the Debtors may seek to assume, assign and sell, along with the corresponding "Cure Costs."

5.      The annexed schedule lists an agreement with Microsoft Licensing, GP as an agreement to be assumed and assigned, and further indicates a Cure Cost of $487,119.42.  The schedule also contains two listings for agreements with MSN.

6.      The lack of detail as to the agreements the Debtor intends to include in the schedule as to contracts to be assumed and assigned, listing nothing other than MLGP and MSN as counterparties, makes in impossible for either MLGP or MSN to respond to the Notice, and in particular to the listed proposed Cure Costs.

7.      The MLGP Agreements provide generally for charges based on the number of users within the Debtors' enterprise running the licensed software.  The charges, therefore, adjust as the Debtors' workforce running MLGP's programs increases of decreases.  The MLGP Agreements impose upon the Debtors the obligation to report on the numbers of users running a particular application.  Therefore, accurate determination of the Cure Costs is dependent not only on greater specificity as to the agreements envisioned as included in the contracts to be assumed and assigned, but also on the number of users that have run the licensed programs.  The stated $487,119.42 Cure Cost relating to the MLGP agreements to be assumed and assigned may understate, or overstate, the actual cure due.

8.      Similarly, the Cure Costs associated with assumption and assignment of the MSN Agreements are not subject to calculation without greater specificity as to what the Debtors intend.  There are a wide variety of means of calculating the amounts due under the various agreements between MSN and the Debtors.  Some are based on the number of "clicks" received by the Debtors from links placed within the advertising appearing on MSN.  Even within that "cost per click" methodology there are "Base Rate" clicks and "Shop Rate" clicks.  There are other agreements between MSN and the Debtors relating to advertising that involve "cost per

minute" pricing or some that involve fixed charges. Depending on what agreements the Debtors are envisioning as included in the listing that simply states MSN, the stated Cure Cost of zero could understate the actual Cure Costs by as much as $10.1 million.

9. MLGP and MSN, therefore, hereby object to the Cure Costs proposed to be paid in respect of the MLGP Agreements and the MSN Agreements because they fail to accurately reflect the total amounts due and owing to MLGP and MSN, which would also include attorneys' fees and expenses incurred by MLGP and MSN in connection with this bankruptcy case and MLGP and MSN's response to the Sale Motion.

WHEREFORE, MLGP and MSN respectfully request that the Court: (a) Sustain their limited objection to Sale Motion and either deny the Sale Motion as it applies to the MLGP and MSN Agreements or condition the grant of the Sale Motion as it applies to those agreements upon (i) determination and payment of the Cure Costs actually due MLGP and MSN upon the Debtors' further identification of those agreements the Debtors actually seek to assume and assign , (ii) payment of MSLI and MSN's costs and attorneys' fees incurred in connection with this bankruptcy case and MSLI and MSN's response to the Sale Motion; and

[remainder of page left intentionally blank]

(b) Grant such other and further relief as deemed just and appropriate.

Dated:  December 3, 2007
       Wilmington, Delaware

                                        BROWN STONE NIMEROFF LLC

                                        /s/ Jami B. Nimeroff
                                        Jami B. Nimeroff, Esquire (No. 4049)
                                        4 East 8th Street
                                        Suite 400
                                        Wilmington, Delaware 19801
                                        T – 302-428-8142
                                        F – 302-351-2744
                                        E-mail: jnimeroff@bsnlawyers.com

                                                    and

                                        HOLLAND & KNIGHT LLP
                                        John Monaghan
                                        Peter Zisser
                                        10 St. James Avenue, 11th Floor
                                        Boston, MA 02116
                                        Phone:  (617) 573-5834 (212) 513-3200
                                        Fax:  (212) 385-9010

                                        Attorneys for MSLI and MSN