IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INPHONIC, INC., *et al.*,[1] | ) Case No. 07-11666 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objections Due: December 3, 2007 at 4:00 p.m.** |
| | ) **Hearing Date: December 13, 2007 at 10:00 a.m.** |

**OBJECTION OF YELLOW PAGE AUTHORITY, LTD., TO NOTICE OF POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING**
**[RE: DOCKET NOS. 12, 52 and 146]**

Yellow Page Authority, Ltd. ("YPA"), by and through its undersigned counsel, submits this objection ("Objection") to the Debtors' November 14, 2007 Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing as it pertains to YPA (the "Cure Notice"), a copy of which is attached hereto as Exhibit 1, and in support states as follows:

Background

1.  On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors are Inphonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC and 1010 Interactive, LLC.

2. YPA is a full-service agency specializing in nationwide Yellow Page advertising, internet advertising and advertising design. YPA is a party to certain agreements with Debtors for the provision of such advertising services.

3. As of the Petition Date, the Debtors had failed to pay directory-listing charges in the amount of $629,053.27, as summarized in more detail in the invoices collectively attached hereto as Exhibit 2. Moreover, since the Petition Date, Debtors have continued placing requests with YPA for Yellow Pages directory listings.

4. On November 8, 2007, the Debtors filed their Motion For Order (I) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets, (II) Scheduling A Hearing to Consider the Sale and Approving the Form and Manner of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion").

5. On or about November 14, 2007, Debtors issued the Cure Notice to YPA. Pursuant to the Bid Procedures Motion and the Cure Notice, the Debtors propose to pay to YPA a cure amount of $286,174.13 (the "Proposed Cure Amount").

<u>YPA's Objection</u>

6. YPA objects to the Proposed Cure Amount specified in the Cure Notice. As noted above, as of the Petition Date the Debtors owe YPA the amount of $629,053.27 (the "Current Amounts Owed"), for the items and charges detailed in the invoices collectively attached hereto as Exhibit 2.

7.     Moreover, the amount the Debtors will owe to YPA appears likely to increase postpetition, as the Debtors are continuing to place Yellow Pages directory-listing requests with YPA (the "Future Amounts Owed") notwithstanding the bankruptcy filing.

8.     Therefore, given this continuously-accruing liability, YPA objects to the capping of a cure amount as is suggested by the Cure Notice, and instead requests that the cure amount paid to YPA be increased to reflect all Current Amounts Owed and all Future Amounts Owed.

9.     Accordingly, YPA reserves its right to amend and/or revise this Objection and its cure amount to account for all directory-listing charges due and owing as of the effective date of the assumption and assignment of YPA's directory-listing agreements with Debtors. YPA also requests the escrow of any disputed amounts, along with a sufficient reserve, in YPA's discretion, to govern all accrued but unbilled amounts owing under YPA's directory-listing agreements with Debtors as of the effective date of such assumption and assignment. Finally, YPA reserves its right to be provided adequate assurance of future performance by any proposed assignee of such agreements as required by 11 U.S.C. §365(f)(2)(B).

WHEREFORE, YPA respectfully requests that the Court condition any assumption of the YPA's directory-listing agreements with Debtors on the payment of a cure claim to YPA in the amounts stated above, and that the Court grant YPA such other and further relief as is just and proper.

Dated: December 3, 2007					Respectfully submitted,

/s/ Peter J. Duhig
Peter J. Duhig (Bar No. 4024)
BUCHANAN INGERSOLL & ROONEY, P.C.
The Brandywine Building
1000 N. West Street, Suite 1410
Wilmington, DE 19801
Tel. 302/552-4200; Fax 302/552-4295
Email: peter.duhig@bipc.com

– and –

William H. Schorling (Bar No. 4055)
BUCHANAN INGERSOLL & ROONEY, P.C.
Two Logan Square, 12th Floor
Philadelphia, PA 19103
Tel. 215/567-7508; Fax 215/567-2737
Email: william.schorling@bipc.com

– and –

C. Daniel Motsinger
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Tel. 317/636-4341; Fax 317/636-1507
Email: cmotsinger@kdlegal.com

Attorneys for Yellow Page Authority, Ltd.

KD_1208086_1.DOC