UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| INPHONIC, INC., et al., | ) ) ) | Case No. 07- 11666-KG |
| Debtors. | ) ) ) ) | Hearing date:  December 13, 2007 (10:00 a.m.) Objection deadline: December 3, 2007 |
|  |  | **Regarding: Docket No. 12** |

**OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a) 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 6006 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THEIR ASSETS; (II) APPROVING AN ASSET PURCHASE AGREEMENT, SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) <u>GRANTING RELATED RELIEF</u>**

Verizon Business Global, LLC ("Verizon Business"), by and through undersigned counsel, states as its Objection to Debtors' Motion for an Order Pursuant to Sections 105(a) 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief ("Sale Motion") as follows:

<u>**INTRODUCTION**</u>

Verizon Business, f/k/a MCI WORLDCOM Communications, Inc.,[1] provided services to the Debtors related to its business operations pursuant to certain contracts. In seeking authority

---

[1] On January 6, 2006, MCI, Inc., and its subsidiaries and affiliates, including MCI Communications Services, Inc., successor-in-interest to MCI WORLDCOM Communications, Inc., merged into and with Eli Acquisition, Inc., a wholly-owned subsidiary of Verizon Communications, Inc.  As a consequence of this merger, MCI, Inc., and its

to sell its assets, Debtors seek to assume and assign certain contracts. The specific contracts are not listed. Verizon Business opposes assumption and assignment of its executory contracts because no contracts are identified and no cure payment is proposed.

## DISCUSSION

1.  On November 8, 2007 Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

2.  Debtors are operating its businesses and maintaining its assets as Debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. On November 17, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors. No trustee, examiner or other committee has been appointed in this case.

3.  On November 8, 2007 Debtors filed the Sale Motion. The Sale Motion attaches a contract stating that "Designated Contracts" will be assumed. No contracts are designated.

4.  "MCI" and "Verizon Network Integration, Corp." are listed throughout the Debtors' Schedules F and G. There are at least four contracts between the parties. A cure schedule was sent to Verizon Business but not filed with the Court. That schedule states a cure amount of $0.00. The Debtors own Schedules, signed under penalty of perjury, state unsecured debts owed to "MCI" in excess of $200,000 and to "Verizon Network Integration, Corp." in excess of $250,000.

5.  The Bankruptcy Code clearly places the burden of assuming a contract and paying the cure on Debtors. It states:

---

subsidiaries became a wholly-owned subsidiary of Verizon Communications, Inc, operating as, or as subsidiaries of, MCI, LLC, d/b/a Verizon Business. In November, 2006, MCI, LLC changed its name to Verizon Business Global, LLC. Verizon Network Integration Corp. is a subsidiary of Verizon Business.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

6. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr.D.Del.2005).

7. Here, Debtors must pay cure as follows:

   a. The cure associated with the contracts listed by Debtors as "MCI" is, as of November 2007, $189,423.11; and

   b. The cure associated with the contract listed by Debtors as "Verizon Network Integration, Corp." is, as of the petition date, $269,000.

8. Verizon Business objects generally to the Sale Motion as it shifts the burden of identifying the contract and proposing the cure payment to the non-debtor party. Debtors informally indicated that the cure amount for the unidentified Verizon Business contracts is $0.00. The Scheduled amounts exceed $200,000 for "MCI" contracts and exceed $250,000 for the "Verizon Network Integration, Corp." account. That act of shifting the burden of identifying the contract and proposing the cure payment to the non-debtor party is inconsistent with the Bankruptcy Code and existing case law in this District. *See* 11 U.S.C. § 365 (b)(1) and *In re Network Access Solutions*, 330 B.R. at 76.

9.      Verizon Business also objects to the assumption and assignment of any of its contracts until those contracts are identified by Debtors and until cure is paid.

WHEREFORE, Verizon Business respectfully requests that this Court enter an Order:

a.      Directing Debtors to identify which Verizon Business contracts its seeks to assume and assign;

b.      Directing Debtors to pay a cure amount equal to the entire outstanding balance due on each Verizon Business contract to be assumed and assigned; and

c.      granting such other and further relief as this Court may deem equitable and proper.

Dated: December 3, 2007                                 Respectfully submitted,

*/s/ William F. Taylor, Jr.*
_____
William F. Taylor, Jr.
MCCARTER & ENGLISH, LLP
405 North King Street, 8th Floor
Wilmington, DE 19801
Tel. 302-984-6313
Fax. 302-984-2496

Darrell W. Clark, Esq.
Jaime S. Dibble, Esq.
STINSON MORRISON HECKER LLP
1150 18th Street, N.W.
Suite 800
Washington, D.C. 20036
Tel. 202-785-9100
Fax. 202-785-9163

*Attorneys for Verizon Business Global, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Debtors' Motion for an Order Pursuant to Sections 105(A) 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief was served on all parties on the attached service list on December 3, 2007 by hand-delivery or by first class mail, postage pre-paid.

Eric Michael Sutty, Esq.
Mary E. Augustine, Esq.
Neil B. Glassman, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market Street
15th Floor
Wilmington, DE 19801

Office of the U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899

Andrew Torgrove, Esq.
Goldsmith-Agio-Helms/
Lazard Middle Market
11 West 42nd Street
29th Floor
New York, New York 10036

Thomas R. Califano, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020

The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

Adeptio INPC Funding, LLC
Attn: David Lorry
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Anup Sathy, Esq.
John Schoenfeld, Esq.
Kirkland and Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

***/s/ William F. Taylor, Jr.***
____________________
William F. Taylor, Jr.