IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INPHONIC, INC., et al., ) | Case No. 07-11666 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objections Due: December 3, 2007 at 4:00 p.m. |
| ) | Sale Hearing: December 13, 2007 at 10:00 a.m. |
| ) | |
| ) | Re: D.I. 12, 13, 52, 146 |
| ) | |

## CURE OBJECTION OF MFORCE, INC. TO NOTICE OF POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING

mForce Communications, Inc. ("mForce"), by and through undersigned counsel, hereby objects (the "Objection") to the cure amount with respect to that certain Marketing Agreement by and between debtor InPhonic, Inc. ("InPhonic, and with its co-debtors in the above-captioned jointly administered bankruptcy cases, the "Debtors") and mForce set forth in the Debtors' Notice Of Possible Assumption, Sale And Assignment Of Certain Unexpired Leases And Executory Contracts And Sale Hearing (the "Cure Notice") [D.I. 146]. In support of this Objection, mForce respectfully states as follows:

### BACKGROUND

**I.    The Marketing Agreement**

1.    mForce and InPhonic are parties to that certain Marketing Agreement (the "Marketing Agreement") dated May 26, 2006. The Marketing Agreement encompasses several different services, each of which is separately invoiced.

1636550

2.  <u>Partner Commission Statements for Airline Affinity Programs</u>. Pursuant to the Marketing Agreement, mForce provides access to airline affinity marketing programs for InPhonic. mForce operates various websites with InPhonic where new customers (the "Customers") purchase wireless phone service with a range of carriers. When customers purchase wireless services or accessories through these websites, they also receive "frequent flyer" miles from any of nine (9) participating airlines (the "Airlines") through agreements between mForce and the Airlines. InPhonic is required to provide periodic statements and payments (the "Partner Commission Statements") to mForce accounting for commissions owed by InPhonic to mForce for Customers purchasing services under this arrangement.

3.  <u>Excise Invoices for Excise Taxes</u>. mForce is a party to contracts with the Airlines under which mForce purchases frequent flyer miles from the Airlines that are then awarded to the Customers. Federal law requires any party that purchases frequent flyer miles to pay an excise tax for their value. Therefore, mForce must pay such excise tax. However, under the Marketing Agreement, mForce invoices InPhonic (the "Excise Invoices") for the excise taxes, and InPhonic in turn is required to pay mForce the amounts set forth on the Excise Invoices.

4.  <u>Direct Marketing Services</u>. Under the Marketing Agreement, mForce also provides direct marketing services to InPhonic, for which mForce invoices InPhonic (the "DM Invoices").

5.  <u>Satellite Television Sales</u>. InPhonic and mForce operate a similar program under the Marketing Agreement with respect to satellite television sales through VMC Wireless. InPhonic is required to issue periodic statements to mForce, along with payments, for sales of satellite television services (the "VMC Statements").

1636550

## II. The Bankruptcy Case

6. On November 8, 2007 (the "Petition Date"), the Debtors commenced these cases by filing petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

7. On the Petition Date, the Debtors filed their Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion") [D.I. 12].

8. On the Petition Date, the Debtors also filed their Motion of Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") [D.I. 13].

9. On November 9, 2007, the Court entered its order approving the Bid Procedures Motion (the "Bid Procedures Order") [D.I. 52].

10. No earlier than November 20, 2007, mForce received from the Debtors the Cure Notice. mForce appears at page 45 of Exhibit A to the Cure Notice. The Debtors allege that a cure amount of $127,981.00 is required to satisfy the Debtors' cure obligations in the event that the Debtors assume the Marketing Agreement.

11. As of the date hereof, InPhonic owes to mForce no less than $289,734.00 (the "Correct Cure Amount"), which represents the minimum amount that the Debtors must pay to cure InPhonic's defaults under the Marketing Agreement.[1]

## OBJECTION

12. Bankruptcy Code section 365(b)(1)(A) provides, in pertinent part:

> If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . . , the trustee (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

11 U.S.C. § 365(b)(1)(A). InPhonic's failure to remain current in its monetary obligations under the Marketing Agreement is a default thereunder. Accordingly, unless InPhonic pays to mForce the Correct Cure Amount, InPhonic cannot assume the Marketing Agreement.

13. During the course of the relationship between the parties, they have exchanged the various statements and invoices described herein (collectively, the "Invoices").[2] These Invoices provide sufficient detail to inform InPhonic of its payment obligations under the Marketing Agreement. Indeed, as noted herein at paragraphs 2 and 5, InPhonic provides the Partner Commission Statements and VMC Invoices to mForce.

14. InPhonic is, however, in default of various payment obligations under the Marketing Agreement. Details of the defaults are as follows:

Partner Commission Statements

| Period Ending Date | Amount Owed by InPhonic to mForce |
| --- | --- |
| July 31, 2007 | $37,388.03 |
| August 31, 2007 | $53,668.02 |
| September 30, 2007 | $85,595.15 |
| October 31, 2007 | $46,986.57 |
| **Subtotal:** | **$223,637.77** |

---

[1] The actual cure amount will be higher once more current information is known. See infra at ¶ 15.

[2] Copies of the Invoices, redacted to protect sensitive commercial information, are attached hereto as Exhibit A.

4

1636550

Excise Invoices

| Invoice Number | Amount Owed by InPhonic to mForce |
|---|---|
| 3 (Dated February 5, 2007) | $5,140.08 |
| 4 (Dated April 9, 2007) | $6,859.31 |
| 7 (Dated June 24, 2007) | $10,808.95 |
| 9 (Dated August 30, 2007) | $12,965.06 |
| 11 (Dated September 15, 2007) | $3,756.83 |
| **Subtotal:** | **$39,530.23** |

DM Invoices

| Invoice Number | Amount Owed by InPhonic to mForce |
|---|---|
| 5 (Dated April 9, 2007) | $5,000.00 |
| 6 (Dated June 24, 2007) | $3,995.00 |
| **Subtotal:** | **$8,995.00** |

VMC Statements[3]

| Period | Amount Owed by InPhonic to mForce |
|---|---|
| August 2007 | $3,105.00 |
| September 2007 | $1,265.00 |
| October 2007 | $2,070.00 |
| **Subtotal:** | **$6,440.00** |

There is an additional outstanding invoice that mForce has issued to InPhonic for corrections and adjustments to prior invoices. Details of that invoice follow:

| Invoice Number | Amount Owed by InPhonic to mForce |
|---|---|
| 8 (Dated June 25, 2007) | $11,131.00 |
| **Subtotal:** | **$11,131.00** |
| **Net Total:** | **$289,734.00** |

15.     mForce and InPhonic continue to transact business pursuant to the Marketing Agreement. Accordingly, the Correct Cure Amount will increase. In particular, the above numbers do not include, inter alia, any amounts due for the November and December time periods. Moreover, to the extent that InPhonic is not current in providing Partner Commission Statements and VMC Statements to mForce, it must identify such additional amounts that are

---

[3] InPhonic's practice is to provide a VMC Statement at the time of payment by InPhonic to mForce of such invoices. Because InPhonic has not yet paid the August through November VMC Statement, mForce does not possess documents to submit with respect to these debts. However, the amounts set forth herein for the VMC Statements are based on information that InPhonic has communicated to mForce regarding the number of new satellite television subscribers under the Marketing Agreement

5

1636550

owed to mForce and pay such amounts to cure its defaults under the Marketing Agreement as a condition precedent to assumption and assignment of the Marketing Agreement.[4] Likewise, based upon the amount of frequent flyer miles that mForce will be required to purchase if the Marketing Agreement is assumed, InPhonic will be required to reimburse mForce for excise tax obligations. mForce expressly reserves its right to supplement this Objection.

WHEREFORE, mForce, Inc. respectfully requests that this Court enter an order (a) finding that the InPhonic's cure obligation under the Marketing Agreement is not less than $289,734.00; (b) conditioning the Debtors' assumption and assignment of the Marketing Agreement upon the payment of all amounts due under the Marketing Agreement; and (c) granting such further relief as this Court deems just and proper.

Dated: December 3, 2007                     **MORRIS JAMES LLP**

                                            _____
                                            Brett D. Fallon (DE Bar No. 2480)
                                            Thomas M. Horan (DE Bar No. 4641)
                                            500 Delaware Avenue, Suite 1500
                                            P.O. Box 2306
                                            Wilmington, DE 19899-2306
                                            Telephone: (302) 888-6800
                                            Facsimile: (302) 571-1750
                                            E-mail: bfallon@morrisjames.com
                                            E-mail: thoran@morrisjames.com

                                            *Counsel for mForce Communications, Inc.*

---

[4] InPhonic has advised mForce of its intention to assume the Marketing Agreement, and rendered advance payments to be applied against InPhonic's post-petition obligations to mForce. These amounts will need to be reconciled with amounts owed, and a final accurate cure amount tallied.

6

1636550