IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INPHONIC, INC, *et al.*, ) | Case No. 07-11666 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: Docket Nos. 12, 13, 52 and 146 |

**LIMITED OBJECTION OF SPRINT NEXTEL CORPORATION TO THE DEBTORS'
MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(A), 363 AND 365
OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF
SUBSTANTIALLY ALL OF THEIR ASSETS; (II) APPROVING AN ASSET PURCHASE
AGREEMENT, SUBJECT TO HIGHER AND BETTER OFFERS; (III) APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

Sprint Nextel Corporation and its affiliates ("Sprint Nextel") by and through its undersigned counsel, hereby files this Limited Objection (the "Objection") to Debtors' Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). In support of this Objection, Sprint Nextel respectfully states as follows:

**BACKGROUND**

1. On November 8, 2007 (the "Petition Date"), InPhonic, Inc. ("InPhonic") and each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On the Petition Date, the Debtors filed the Sale Motion and on November 9, 2007, the Court entered an Order approving procedures in connection with the proposed sale, including

1636826

procedures relating to the assumption and assignment of certain contracts, and proposed cure amounts.

3. Sprint Nextel and InPhonic are parties to an Online Authorized Representative Agreement dated on or about May 11, 2007 (as amended on or about October 30, 2007, the "OAR Agreement"), whereby InPhonic sells Sprint Nextel telecommunications products and services via electronic commerce and direct response marketing through various web sites on the internet.

4. On or about November 14, 2007, the Debtors sent to Sprint Nextel a Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Notice of Assumption and Assignment") in which Sprint Nextel is listed with a cure amount of zero, and does not identify the executory contract(s) to be assumed. Sprint Nextel presumes from the address listed on the Notice of Assumption and Assignment that the Debtors intend to assume and assign the OAR Agreement.

5. As of the Petition Date, the Debtors owed Sprint Nextel at least $2,503,286.42 under the OAR Agreement, subject to the right of offset and recoupment.[1] Section 6.3 of the OAR Agreement provides, in pertinent part:

> Right to Set Off.   Sprint is entitled to charge to or withhold from [InPhonic's] commissions any amounts owed by [InPhonic], it subsidiaries or Affiliates to Sprint, or any of Sprint's affiliates or subsidiaries, under this or any other agreement between Sprint, its Affiliates or subsidiaries and [InPhonic], its Affiliates or subsidiaries.

## OBJECTION AND RESERVATION OF RIGHTS

6. Sprint Nextel objects to the Sale Motion and the Notice of Assumption and Assignment to the extent that it does not properly cure the OAR Agreement. Sprint Nextel does not object to the assumption and assignment itself, but rather objects to the cure amount of $0.00.

---

[1] Sprint Nextel's claims against the Debtors are also secured by a purchase money security interest, as provided in the OAR Agreement, and perfected by the filing of a UCC financing statement with the Delaware Secretary of State on May 14, 2007 with authenticated notification thereof given to CitiCorp North America, Inc. and all other holders of conflicting security interests. The Debtors' Interim Order and proposed Final Order approving Debtor in Possession Financing provides that Sprint Nextel's rights of offset, recoupment and purchase money security interests are not impaired.

1636826

Moreover, Sprint Nextel objects to the Sale Motion to the extent the Debtors seek to sell their assets, including the OAR Agreement, free and clear of Sprint Nextel's offset rights and security interests.

7. Sprint Nextel submits that a separate Order or Stipulation will be necessary to identify, among other things, the amount of cure in connection with the assumption and assignment of the OAR Agreement, which will be no less than $2,503,286.42; the amount of cure which will be satisfied with an immediate cash payment; and the amount of cure which will be satisfied by exercise of set off rights. Sprint Nextel reserves all of its rights to supplement this Objection if such a Consent Order or Stipulation cannot be obtained prior to the date of the Sale Hearing.

WHEREFORE, Sprint Nextel respectfully requests that the Court (i) sustain this Objection to the Sale Motion and (ii) grant such other and further relief as is just and equitable.

Dated: December 3, 2007

**MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6888
Facsimile: (302) 571-1750
Email: bfallon@morrisjames.com

-and-

David I. Swan
James E. Van Horn
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102
Telephone: (703) 712-5365
Facsimile: (703) 712-5050

*Counsel to Sprint Nextel Corporation*