IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666 (KG) |
| Debtors. | Jointly Administered |
| | Hearing Date: December 5, 2007 at 8:00 a.m.<br>Related to Docket Nos. 12, 52 and 102 |

**DEBTORS' OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS SEEKING RECONSIDERATION OF THIS COURT'S ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND MANNER OF NOTICES; (C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, file this objection (the "Objection") to the Motion of the Official Committee of Unsecured Creditors (the "Committee") Seeking Reconsideration of this Court's Order (A) Approving Bid Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Manner of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Expense

---

[1] The Debtors and the last four digits of each Debtors' federal tax identification numbers are: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00701442;v1}

Reimbursement Provision; and (E) Granting Related Relief, dated November 21, 2007 (the "Motion to Reconsider"). In support of this Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

The Motion to Reconsider is one in a series of attempts by the Committee to derail the only economically feasible resolution of the Debtors' current financial predicament: a sale of substantially all of the Debtors' assets through a section 363 sale. The Committee does not allege that procedures approved by this Court in the "Bid Procedures Order" (defined below) are unfair or unreasonable. Instead, the Motion to Reconsider represents a collateral attack on the proposed financing structure and sale transaction itself and, ultimately, a thinly-veiled effort by a constituency with no real economic interest to extort payment. Simply put, the Committee's Motion to Reconsider lacks factual or legal support and should be denied by this Court.

## BACKGROUND

1. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors continue to possess their property and to manage their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

4. On the Petition Date, the Debtors filed the following first day motions (the "First Day Motions"), among others:

    (a)    Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures

2

{00701442;v1}

        (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").

    (b)    Motion for Order (I) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Motion").

    5.    On November 9, 2007, the Bankruptcy Court entered the Order (A) Approving Bid Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Expense Reimbursement Provision; and (E) Granting Certain Related Relief (the "Bid Procedures Order"), approving the proposed bid procedures and scheduling an auction and a final hearing on the Sale Motion for December 13, 2007. The stalking horse bidder in the Sale Motion is Adeptio Funding I, LLC ("Adeptio").

    6.    On November 8, 2007, the Debtors filed the Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(C) and (D) (the "DIP Financing Motion"). The DIP Financing Motion defines the "DIP Facility" (DIP Financing Motion, p.2).

7. On November 21, 2007, the Committee filed the Motion to Reconsider.

**OBJECTION AND REPLY**

8. The Motion to Reconsider should be denied in its entirety. First, the motion is simply a collateral attack on the proposed sale; the Committee will have the opportunity to object to the Sale Motion. Second, the findings and conclusions of law in the Bid Procedures Order are not a basis for challenging the order. Third, the order does not make the sale to Adeptio "a fait accompli" but rather establishes a detailed procedure for robust marketing and bidding with respect to the proposed sale. Fourth, the Committee's challenge to the Debtors' section 506(c) waiver is improper. Finally, section 363(k) permits the proposed "credit bid" by Adeptio. For the foregoing reasons and other reasons articulated by the Debtors in other pleadings filed in these cases,[2] the Bid Procedures Order should be allowed to stand, and the Committee's Motion to Reconsider should be denied.

A. **The Motion to Reconsider is a collateral attack on the proposed sale, and the Committee will have the opportunity to object to the Sale Motion.**

9. Many of the allegations set forth in the Motion to Reconsider represent poorly-disguised challenges to the proposed sale. For example, the Committee asserts, without support, that it is likely that the proposed sale would have no benefit to unsecured and, potentially, administrative creditors. The Committee also claims that that Adeptio "purports to impose upon the estate and its other creditors the costs and expenses associated with the sale process." (Motion to Reconsider, ¶ 10).

---

[2] See, e.g., Debtors' Objection to Motion of the Official Committee of Unsecured Creditors for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(B) of the Bankruptcy Code or, Alternatively, (II) Compelling the Trustee to Abandon Fully-Encumbered Property Pursuant to Section 544(B) of the Bankruptcy Code [Docket # 127] and Debtors' Omnibus Reply to First Day Motions [Docket # 131], each filed November 28, 2007.

10. As discussed extensively in other pleadings filed by the Debtors in these cases,[3] the only reasonable and responsible course of action for the Debtors was the filing of these chapter 11 cases and the sale of substantially all of the Debtors' assets in an effort to continue the business. The Committee's allegations with respect to the proposed sale simply are incorrect. For example, through these cases and the proposed sale, the counterparty unsecured creditors to several executory contracts and leases will receive significant benefits in that they will receive cure payments and continued performance by the Debtors' assumption and assignment of such contracts and leases. Furthermore, contrary to the Committee's assertions, Adeptio has agreed to bear all of the burden associated with the proposed sale. Adeptio is paying the administrative expenses through the DIP Facility, which will be satisfied through the sale of the Debtors' operating assets; the majority of the costs of the sale will be borne by Adeptio.

11. To the extent that the Committee has concerns with or objections to the sale, the Committee has the opportunity to file an objection to the Sale Motion and participate in the hearing on the motion. The Sale Motion is scheduled for hearing on December 13, 2007, and the response deadline is December 3, 2007. The Motion to Reconsider should not be used as an end-run around the otherwise available channels for objecting to the sale.

**B.     The findings and conclusions of law in the Bid Procedures Order are not a basis for challenging the order.**

12. The Committee asserts that "[r]elief should also be granted because rather than setting forth a procedure, the Bid Procedures Order makes a number of findings and conclusions of law." (Motion to Reconsider, ¶ 11). As discussed below, the Bid Procedures Order, and the Bid Procedures and Notice of Auction and Sale (the "Auction and Sale Notice") appended thereto, establish a detailed process for marketing and selling the Debtors' property. Contrary to

---

[3] See footnote 2 supra.

the Committee's assertion, the Bid Procedures Order quite clearly – and extensively – sets forth a procedure for the marketing and bid process.

13. The Committee does not appear to argue that the findings and conclusions of law are inaccurate or untrue; indeed, it is unclear exactly why the Committee believes that the findings and conclusions are problematic. In any event, the inclusion of certain standard findings and conclusions in the Bid Procedures Order does not in any way diminish its validity.

C. **The Bid Procedures Order does not make a sale to Adeptio "a fait accompli" but rather establishes a detailed procedure for comprehensive and vigorous marketing and bidding with respect to the proposed sale.**

14. The Committee concludes, without support, that the Bid Procedures Order, along with the DIP Financing Documents[4] and the Sale Documents, make a sale to Adeptio "'a fait accompli,' with no benefit to the Debtors' estates." (Motion to Reconsider, ¶ 11).

15. As discussed extensively in other pleadings filed in these cases,[5] the Debtors, through their prepetition and proposed postpetition investment banker Goldsmith, Agio, Helms Securities, Inc. ("GAH") have been actively marketing the assets. GAH has been sending its marketing book to prospective purchasers — 244 potential purchasers have been solicited postpetition (182 financial buyers and 62 strategic buyers), 18 confidentiality agreements have been received and 14 were executed, and 14 books were sent to potential purchasers along with data room access.

16. The Bid Procedures Order establishes a schedule and process that is designed to promote comprehensive marketing and competitive bidding. For example, the order approves the "Auction and Sale Notice" and provides for its service on a wide spectrum of parties including, but not limited to, all creditors and parties in interest as provided in the Sale Motion,

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion to Reconsider.

6

{00701442;v1}

which was accomplished on November 14, 2007.[6] The publication notice provided for in the Bid Procedures Order ran in The New York Times, Daily News and Wireless Week. The counterparties to "Designated Contracts" (as defined in the Asset Purchase Agreement) were served with cure amount notices on a rolling basis commencing on November 14, 2007 and ending on November 21, 2007. The order sets forth deadlines and procedures with respect to the submission of bids, qualifications to participate in an auction, the conduct of an auction and related matters.

17.   Far from making a sale to Adeptio "a fait accompli," the Bid Procedures Order expressly articulates a procedure for other parties to actively and meaningfully participate in the auction and sale process.

**D.   The Committee's challenge to the Debtors' 506(c) waiver is improper.**

18.   The Committee complains that "[w]orse yet, Adeptio seeks to impose upon the estate and its creditors a claim for diminution of value of Adeptio's collateral during the sale process – even though that process benefits only Adeptio." (Motion to Reconsider, ¶ 10).

19.   It is unclear why this attack on the Debtors' section 506(c) waiver is included a motion to reconsider bid procedures. Its inclusion appears to be part of the Committee's scattershot attempt to "muck up" the process in an effort to extort otherwise unjustified payments.

---

[5]   See footnote 2 supra.

[6]   All of the required actions and deadlines provided for in the Bid Procedures Order were satisfied, including noticing by both direct and publication methods. Given the broad reach of the noticing procedures established by the Bid Procedures Order (e.g., notice in the national edition of The Wall Street Journal or The New York Times), thousands of people likely have reviewed, and are relying on, the information contained in such notices. Although Local Rule 9013-1(m)(v) technically permits reconsideration of the Bid Procedures Order, as a practical matter, much of the order has been effectuated, making it difficult and costly to "unscramble the egg."

7

{00701442;v1}

20.     First, the Committee has no right to assert a section 506(c) claim. As noted in other pleadings filed by the Debtors,[7] the right to use Bankruptcy Code section 506(c) to recover the costs of preserving or disposing of the collateral securing an allowed secured claim is expressly limited to a trustee or debtor in possession. See 11 U.S.C. §§ 506(c) and 1107; see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S. Ct. 1942 (2000).

21.     Second, the Debtors are well within their discretion to agree to waive section 506(c) claims to obtain the DIP Facility, and there are numerous examples where courts have approved such agreements. See In re Film Equip. Rental Co., No. 91 Civ. 3746, 1991 U.S. Dist. LEXIS 17956, at *7 (S.D.N.Y. Dec. 12, 1991); In re Molten Metal Tech., Inc., 244 B.R. 515, 525 (Bankr. D. Mass. 2000); Inteliquest Media Corp. v. Miller (In re Inteliquest Media Corp.), 326 B.R. 825 (B.A.P. 10th Cir. 2005).

22.     Finally, courts have recognized that a section 506(c) waiver can be an integral part of a financing arrangement reached between a debtor and DIP lenders. See, e.g., In re Antico Mfg. Co., 31 B.R. 103, 106 n.1 (Bankr. E.D.N.Y. 1983).

**E.    Section 363(k) of the Bankruptcy Code permits the proposed "credit bid" by Adeptio.**

23.     Failing to cite any authority, the Committee contends that accepting Adeptio's credit bid as a "Qualified Bid" prior to the expiration of the Committee's investigation period should be prohibited because section 363(k) of the Bankruptcy Code authorizes only "allowed" claims to serve as a "credit bid."

24.     Section 363(k) provides as follows:

---

[7] See footnote 2 supra.

> (k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of the property.

11 U.S.C. § 363(k).

25. Adeptio has a valid secured claim against the Debtors. The Interim DIP Order provides the Committee with twenty-five (25) days from formation to investigate Adeptio's liens. The Committee was formed on November 16, 2007. The investigation period provided in the Interim DIP Order, if approved in the Final DIP Order, will terminate on December 11, 2007, two days before the proposed sale hearing.

26. As discussed before this Court during the first-day hearings, the Debtors and Adeptio agreed to immediately provide the Committee with the information necessary to analyze Adeptio's claim and to assist in any way possible in the Committee's investigation. Indeed, upon information and belief, on November 19, 2007, Adeptio provided the Committee with the information necessary to analyze Adeptio's claim. Every accommodation was made to assist the Committee in investigating Adeptio's liens during the time period.

27. However, rather than attempt to work within this case's time constraints, the Committee has focused on litigation and attacks on the proposed sale. In light of these facts, the Debtors respectfully request that the Court overrule any request by the Committee for more time to review Adeptio's liens. In addition, based on the timing provided in the Interim DIP Order, the Committee's objection to Adeptio's credit bid should be overruled.

28. The Committee's section 363(k) objection does not relate to the bid procedures, but rather to the sale itself. To the extent that the Committee wishes to challenge the validity of Adeptio's secured claim as the basis for a credit bid, the Committee may file a response to the Sale Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court deny the Motion to Reconsider and grant such other and further relief as this Court deems just and proper.

Date:  December 3, 2007
       Wilmington, Delaware

Respectfully submitted,

**THE BAYARD FIRM**

By: _/s/_

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:  (302) 655-5000
Facsimile:   (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:   (212) 335-4501

Proposed Counsel for Debtors
and Debtors in Possession

{00701442;v1}