IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 07-11666 (KG) |
| INPHONIC, INC., *et al.*, | : | Jointly Administered |
| | : | |
| | : | Re: Docket Nos. 12, 52, 102, 132, |
| Debtors. | : | 144 and 185 |
| | : | |

**REPLY TO DEBTORS' OBJECTION TO MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS SEEKING
RECONSIDERATION OF THIS COURT'S ORDER (A) APPROVING BID
PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE
SALE AND APPROVING THE FORM AND MATTER OF NOTICES;
(C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF
PROPOSED CURE AMOUNTS; (D) APPROVING EXPENSE
REIMBURSEMENT PROVISION; AND (E) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, files its Reply to the Debtors' Objection (the "Objection") To Motion (the "Motion to Reconsider") Of The Official Committee Of Unsecured Creditors Seeking Reconsideration Of This Court's Order (the "Bid Procedures Order") (A) Approving Bid Procedures Relating To Sale Of Substantially All Of The Debtors' Assets; (B) Scheduling A Hearing To Consider The Sale And Approving The Form And Matter Of Notices; (C) Establishing Procedures Relating To Assumption And Assignment Of Certain Contracts, Including Notice Of Proposed Cure Amounts; (D) Approving Expense Reimbursement Provision; and (E) Granting Related Relief, and states as follows:

I.  **SUMMARY OF ARGUMENT**

1. Preliminarily, as a procedural matter, the Committee has a Motion to Dismiss pending in these bankruptcy cases, which motion must be determined before the sale process continues. In the interim, and to preserve its rights and remedies, the Committee states that this Court should grant the relief requested in the Committee's Motion to Reconsider because the Bid Procedures Order, along with the DIP Financing Documents, and the Sale Documents make a sale to the Adeptio "*a fait accompli*" and make premature substantive findings of fact that render Adeptio impervious to any challenges regarding its good faith in its prepetition negotiations and the sale process or the validity, extent and priority of its allowed claim before the period for investigating these facts has concluded.[1]

2. Unless reconsidered, the Bid Procedures Order will result in a substantial impairment of creditors' rights and remedies and will have rendered the Committee's right to investigate Adeptio's claim through December 11, 2007 (the "Investigation Period"), a nullity.[2]

II. **ARGUMENT**

3. The Debtors' Objection raises essentially four points. First, the Debtors argue that the Motion to Reconsider constitutes an impermissible collateral attack on the sale itself. Second, the Debtors argue that the substantive findings of fact and conclusions of law contained in the Bid Procedures Order are unobjectionable. Third, the

---

1  The Committee incorporates herein by reference its Reply to Adeptio's Response to the Motion to Reconsider that the Committee filed on November 29, 2007 (D.I. 144).

2  The Interim Order approving the DIP Facility permits the Committee to investigate Adeptio's claim to December 11, 2007. The Committee has filed an objection to the DIP Facility, which includes among its issues that the "25 day investigation period" is too short.

Debtors argue that the Committee has no basis to question the Debtors' waiver of the right to surcharge Adeptio under Section 506(c) of the Bankruptcy Code. Finally, the Debtors argue that the 25-day Investigation Period is adequate. The Debtors' arguments are erroneous and fail to address the Committee's concerns regarding the consequences of the Bid Procedure Order, namely that the findings and conclusions in the Order go well beyond just setting a valid sale process and, instead, encroach on the substantive rights and remedies of the unsecured creditors.

A.  **The Purpose Of The Motion to Reconsider Is To Preserve The Rights and Remedies of Creditors And To Facilitate Bidding, Not To Collaterally Attack A Sale That Has Not Yet Been Approved.**

4.  In their Objection, the Debtors argue that the Motion to Reconsider is a collateral attack on the sale itself.[3] In support of its argument, the Debtors assert that the Committee should, instead, raise its objections to the sale. (Objection, ¶ 11). This argument, however, highlights the Committee's concerns. The Committee objects to the Bid Procedures Order because it contains findings and conclusions that should be reserved for the sale hearing and after the Committee has had an opportunity to perform an adequate investigation. The fact that these findings and conclusions are contained in the Bid Procedures Order causes the concern that they will subsequently preclude the Committee from raising precisely these objections at the time of the sale hearing.

---

[3] The Debtors' assertions regarding whether a section 363 bankruptcy sale is the "only reasonable and responsible course of action" and provides benefits to other creditors that would not be received in a sale outside the bankruptcy forum are addressed in the Committee's Motion to Dismiss pending before this Court. The Committee, however, maintains that funding the administrative costs of the sale with a DIP Facility is not equivalent to the secured creditor agreeing "to bear all of the burdens associated with the proposed sale." (Objection, ¶ 10). On the contrary, administrative costs initially borne by Adeptio related to the sale will be paid in full, first, with interest and fees, before any other creditor.

Accordingly, the Motion to Reconsider is not a collateral attack on the sale, but the prudent exercise of preserving rights and remedies that otherwise could be jeopardized.

5. In addition to preserving rights and remedies, the Motion also seeks to establish a sale process that will not have an unduly chilling effect on bidding. The Debtors argue that that the Bid Procedures Order establishes a "robust marketing and bidding" process because the Debtors have widely circulated marketing materials, have 14 potential bidders, and have published notice of the sale. (Objection, ¶¶ 15 & 16). The Committee, however, is not objecting to these provisions in the Bid Procedures Order. The Committee acknowledges that the provisions set forth in paragraphs 15 and 16 of the Debtors' Objection are necessary to establish a valid sale process. Instead, the Committee is objecting to the chilling effect that certain provisions contained in the Bid Procedures Order will have on the actual offering of a bid by the 14 potential purchasers. For these reasons, the Committee requests that the Court reconsider the Bid Procedures Order.

**B.     Certain Substantive Findings of Fact and Conclusions of Law Contained in the Bid Procedure Orders Are Objectionable Because They May Have A Preclusive Effect On Substantive Rights And Remedies Under The Law Of The Case Doctrine And Because They Are Premature.**

6. There are several substantive findings of fact and conclusions of law contained in the Bid Procedures Order that substantially impair the rights and remedies of unsecured creditors in this case. These objectionable findings of fact and conclusions of law contained in the Bid Procedures Order, include, but are not limited to:

- the Bid Procedures were negotiated in good faith by the Debtors and Adeptio and are reasonable and appropriate;

4

- the Expense Reimbursement[4] is a material inducement for Adeptio's entry into the Agreement, and it is fair and reasonable, and the Debtors have a sound business justification for authorizing the Expense Reimbursement;

- Adeptio's Bid is deemed to be a Qualified Bid; and

- Adeptio is authorized to make one or more credit bids at the Auction equal to (i) the Expense Reimbursement and (ii) any or all of Adeptio's claims and outstanding obligations under the DIP Facility and the Per-Petition Loan Documents, pursuant to Bankruptcy Code §363(k).

7. None of the above-listed findings of fact or conclusions of law is necessary to establish a valid sale process. Further, these findings and conclusions may preclude the Committee's ability to bring subsequent actions, including avoidance actions, actions to determine the validity, extent, and priority of liens, and challenges to the good faith of the purchaser. *See* The Official Committee of Unsecured Creditors of Radnor Holdings Corporation, et al. v. Tennenbaum Capital Partners, LLC, et al., 353 B.R. 820, 836, 844 & 845 (Bankr. D. Del. 2006) (holding that the findings of fact and conclusions of law contained in the bid procedures order was law of the case and prevented the Committee from litigating such issues as whether the sale was in the best interests of the estate and whether the purchaser had breached a duty).

8. Additionally, these findings and conclusions are premature given that the Committee has not had the opportunity to conduct an adequate investigation to determine if there is a factual basis that supports them. For example, Adeptio has not filed a proof of claim with the Court that attaches evidence of its security instruments for review by the Court or by the Committee. Such a proof of claim is necessary to establish that Adeptio has a *prima facie* valid claim. *See* The Official Committee of Unsecured

---

[4] Capitalized terms not herein defined are given the meaning ascribed to them in the Bid Procedures Motion and the Motion to Reconsider.

Creditors of Radnor Holdings Corporation, et al. v. Tennenbaum Capital Partners, LLC, et al., 353 B.R. 820, 845-46 (Bankr. D. Del. 2006) (finding that proposed purchaser was authorized to credit bid under Section 363(k) because it filed a proof claim that alleged sufficient facts to support a legal basis for the claim, meeting the standard of Bankruptcy Rule 3001(f)). In In re Radnor Holdings Corporation, the proof of claim filed by the proposed purchaser included copies of properly recorded mortgages, fixture filings and UCC financing statements. In this case, Adeptio has filed nothing with the Court to evidence any right to reap the substantial benefits of a section 363(k) credit bid.[5] Yet, the Bid Procedures Order already states that the credit bid constitutes a Qualified Bid.

Without such a minimal showing of proof and the opportunity for the Committee to determine if sufficient evidence exists to substantiate the objectionable findings and conclusions contained in the Bid Procedures Order, those findings and conclusions should be omitted. Accordingly, the Bid Procedures Order should be reconsidered.

### C.  The Committee's Challenge to the Debtors' Section 506(c) Waiver Is Proper.

The Debtors erroneously assert that because only a debtor in possession or the trustee has the ability to waive the estate's right to surcharge a secured creditor's collateral under section 506(c) for the costs and expenses of preserving the collateral, the Committee has no right to object to the waiver. The argument is without merit. It is

---

[5] Section 363(k) provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secured an ***allowed*** claim, ***unless the court for cause orders otherwise*** the holder of the claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. §363(k) (emphasis added).

axiomatic that the debtor in possession and a trustee have a fiduciary duty to maximize the value of the bankruptcy estate for the benefit of all creditors. The right to surcharge a secured creditor's collateral pursuant to section 506(c) is a mechanism to maximize the value of the estate by not depleting the estate's resources. Since unsecured creditors are detrimentally affected when a debtor in possession waives the right to surcharge a secured creditor's collateral, the Committee has a pecuniary interest to make sure that such waivers are approved only where exigent circumstances require the waiver and the committee for the unsecured creditors consents to the waiver. *See* In re Mortgage Lenders Network USA, Inc., Case No. 07-10146 (PJW), Bankr. D. Del., March 20, 2007 Hg. Tr., p. 21:7-13 (stating that, unless the committee agrees to the surcharge waiver, it will not be approved.).[6]

### D.    The 25-Day Investigation Period Must Be Extended.

The Investigation Period during which the Committee can determine the factual basis to support the findings and conclusions in the Bid Procedures Order is critical to ensuring that the due process rights of the unsecured creditors are met. The Debtors argue that the 25-day Investigation Period provided under the Interim DIP Order suffices under the circumstances. A 25-day investigation period, however, does not suffice and is not customary or usual in chapter 11 proceedings. On the contrary, at a minimum, 60 days is more appropriate. *See* In re Adelphia Communications Corp., et al, 330 B.R. 364, 374 fn. 60. (Bankr. S.D. N.Y. 2005) (citing S.D.N.Y. Gen. Order No. M-274, "Guidelines for Financing Requests," "Extraordinary Provisions,": The Court will not consider as extraordinary the debtor's stipulation as to validity, perfection, enforceability, priority and

---

[6] A copy of the relevant pages of the March 20, 2007 transcript in Mortgage Lenders Network USA, Inc. is attached as Exhibit A.

non-avoidability of a prepetition lender's claim and liens, and the lack of any defense thereto, provided that: (a) the Official Committee of Unsecured Creditors (the "Committee"), appointed under section 1102 of the Bankruptcy Code, **has a minimum of 60 days** (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the date of the order approving the appointment of counsel for the Committee to investigate the facts and bring any appropriate proceedings as representative of the estate...)) (emphasis added).

Finally, the Committee has discovery pending including a request for production of documents relating to Adeptio's acquisition of the secured claim. Adeptio has refused to produce these documents. Therefore, the Committee's attempts to investigate up until this date have been thwarted. In order to protect the unsecured creditors' rights to due process, the Bid Procedures Order must be reconsidered such that an adequate investigation by the Committee can be performed.

### III    CONCLUSION

For the foregoing reasons, without a fair opportunity for the Committee to conduct discovery with respect to the issues raised in the Motion to Reconsider the the Bid Procedures Order, the Court should grant the relief requested in the Motion to Reconsider and such other relief as this Court deems just.

Dated: December 4, 2007  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

and

Robert P. Simons, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
E-mail: rsimons@reedsmith.com

and

Claudia Z. Springer, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile: 215-851-1420
E-mail: cspringer@reedsmith.com

Proposed Counsel to the Official
Committee of Unsecured Creditors