IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al., | Case No. 07-11666 (KG) |
| Debtors. | Jointly Administered |
| | Objection Deadline: December 5, 2007[1] |
| | Re: Docket Nos. 12, 13, 52 and 146 |

**OBJECTION OF USCC DISTRIBUTION CO., LLC TO PROPOSED CURE AMOUNT**

USCC Distribution Co., LLC ("U.S. Cellular"), by and through its undersigned counsel, hereby objects (the "Objection") to the proposed cure amount in connection with the assumption of its executory contracts with InPhonic, Inc. (the "Debtor"), as set forth in the Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing, dated November 14, 2007 (the "Cure Notice") [Docket No. 146]. In support of this Objection, U.S. Cellular respectfully states as follows:

**BACKGROUND**

1.  U.S. Cellular and the Debtor are parties to that certain Agent Equipment Agreement dated as of November 15, 2004 (the "Equipment Agreement") and that certain Internet Marketing Agreement dated as of November 4, 2004 (the "Marketing Agreement") (collectively, the "Agreements"). U.S. Cellular originally entered into the Agreements with an entity called A1 Wireless USA, Inc., which assigned all of its rights, duties and obligations under the Agreements to the Debtor pursuant to an Assignment Agreement dated as of January 5, 2005.

---

[1] The original objection deadline of December 3, 2007 has been extended for U.S. Cellular to close of business on December 5, 2007 pursuant to an agreement with counsel for the Debtor.

1

2. Pursuant to the Equipment Agreement, U.S. Cellular sells handset equipment and accessories to the Debtor for resale to customers who activate U.S. Cellular service through the Debtor. Pursuant to the Marketing Agreement, the Debtor provides referral, promotion and activation services for U.S. Cellular products through the Debtor's web site. U.S. Cellular invoices the Debtor on a monthly basis for charges payable under the Agreements.

3. On November 8, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor's schedules of assets and liabilities, filed on November 9, 2007 [Docket No. 38] and signed under penalty of perjury, list U.S. Cellular as a creditor holding a secured claim in the amount of $89,742.95.

4. The Debtor now seeks to assume and assign the Agreements in connection with the sale of substantially all of its assets. In connection with the proposed sale, the Debtor has filed and served the Cure Notice, which states a cure amount of $0 with respect to U.S. Cellular but fails to identify the agreements the Debtor seeks to assume and assign.

5. As of the date hereof, the Debtor owes at least $88,109.03 to U.S. Cellular for charges incurred under the Agreements since May 2007 (the "Cure Amount"). Copies of unpaid invoices U.S. Cellular has issued to the Debtor since May 2007 are attached hereto as Exhibit A. The Debtor continues to incur charges under the Agreements and it is likely that additional amounts will be owed to U.S. Cellular prior to the closing of the proposed sale.

## OBJECTION

6. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure such default…;

>    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>    (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). InPhonic's failure to remain current on its payment obligations under the Agreements constitutes a monetary default that must be cured before any assumption and assignment of the Agreements can be approved by this Court. See In re Network Access Solutions, Corp., 330 B.R. 67, 76 (Bankr. D. Del. 2005) (noting that "when a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid").

7. Furthermore, because the Agreements grant the Debtor a non-exclusive license to use U.S. Cellular's trademarks and service marks in the conduct of its business, section 365(c)(1) of the Bankruptcy Code prohibits the Debtor from assuming and assigning the Agreements without U.S. Cellular's consent. See In re Travelot Co., 286 B.R. 447 (Bankr. S.D. Ga. 2002) (holding that the grant of a non-exclusive trademark license is "an assignment in gross" that is personal to the assignee and thus not freely assignable to a third party). Nevertheless, U.S. Cellular is prepared to consent to the Debtor's assumption and assignment of the Agreements if the Debtor commits to pay the Cure Amount, and any additional amounts that may be owing under the Agreements, to U.S. Cellular on the effective date of the assumption.

## RESERVATION OF RIGHTS

8. U.S. Cellular reserves all of its rights and remedies regarding the issues set forth herein, and it expressly reserves the right to supplement this Objection to include any additional amounts owed under the Agreements that cannot be determined as of the date hereof.

WHEREFORE, U.S. Cellular respectfully requests that this Court (i) condition the Debtor's assumption and assignment of the Agreements upon the Debtor's agreement to pay the Cure Amount, and any additional sums that may be due and owing under the Agreements as of the effective date of the Debtor's assumption of the Agreements, to U.S. Cellular on such effective date, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: December 5, 2007　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

_/s/ Mark D. Collins_

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Phone: 302-651-7700
Fax: 302-651-7701

- and -

SIDLEY AUSTIN LLP
Stephen P. Fitzell
Bojan Guzina
One South Dearborn Street
Chicago, Illinois 60603
Phone: 312-853-7000
Fax: 312-853-7036

*Counsel to USCC Distribution Co., LLC*