IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INPHONIC, INC., *et al.*, ) | Case No.: 07-11666-KG |
| ) | Jointly Administered |
| Debtors. ) | **Re: 12, 13, 52 and 146** |
| ) | |

## LIMITED OBJECTION OF ALLTEL COMMUNICATIONS, INC. TO THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING

Alltel Communications, Inc. ("Alltel Communications"), by and through undersigned counsel, submits this Objection to the Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Cure Notice") filed and served by the above-captioned debtors and debtors-in-possession (the "Debtors"). In support thereof, Alltel Communications respectfully states as follows:

### BACKGROUND

1. On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Previously, on or about September 27, 2000, Alltel Communications entered into a contract entitled "Communications Services Agent Agreement" (the "Contract") with Debtor InPhonic, Inc. ("InPhonic") pursuant to which InPhonic became an authorized agent of Alltel Communications to market and sell Communication Services (as that term is defined in the Contract). The Contract further allows InPhonic to purchase Equipment (as that term is defined in the Contract) from Alltel Communications.

3. Under the Contract, InPhonic receives commissions for, *inter alia*, sales and activations. InPhonic is responsible for payment for all Equipment purchased from Alltel Communications and is also liable for certain defined chargebacks (*e.g.*, if a customer does not complete a set period of continuous active service following the date of activation).

4. On November 29, 2007, the Debtors filed the Cure Notice with the Bankruptcy Court. Exhibit A to the Cure Notice purports to identify unexpired leases, license agreements, and executory contracts which the Debtors may assume, assume and sell. Included within Exhibit A are the Debtors' proposed cure amounts.

5. On page 3 of Exhibit A, the Debtors identify "Alltel" and "Alltel Communications Products" as parties to two separate unexpired leases, license agreements, and/or executory contracts. With respect to "Alltel", the Debtors list a cure amount of $0.00, and with respect to "Alltel Communications Products", the Debtors list a cure amount of $932,004.76.

## OBJECTION

6. The Bankruptcy Code requires the Debtors to cure *all* defaults under an executory contract or unexpired lease before the contract or lease may be assumed. Specifically, § 365(b) of the Bankruptcy Code provides, in relevant part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for

{93013}2

WASH_2149221.2

any actual pecuniary loss to such party resulting from such default; and

(c) provides adequate assurance of future performance under such contract or lease.

7.  *First*, Alltel Communications objects to the Cure Notice on the grounds that the Debtors fail to identify the contracts and leases to be assumed. This failure is material since the Debtors have identified "Alltel" and "Alltel Communications Products" but have failed to identify Alltel Communications, the party to the Contract. The Debtors should not be permitted to shift the burden of identifying contracts to be assumed to non-debtor parties.

8.  *Second*, Alltel Communications objects to the Cure Notice on the grounds that it seeks to freeze the amount of the cure payment to an amount which was calculated as of a date prior to the assumption date. InPhonic continues to perform under the Contract, and there will presumably continue to be commissions due to InPhonic and chargebacks due from InPhonic. The cure amount under the Contract is therefore an evolving number, and the Debtors should not be permitted to freeze the amount of the cure payment. Instead, the cure amount must be calculated as of the effective date of the assumption and assignment of the Contract.

9.  *Third*, Alltel Communications objects to the Cure Notice to the extent that it purports to permit assignment of the Contract without the Debtor first being forced to meet its burden under § 365(b)(1)(C) of providing an adequate assurance of future performance on the part of the successful bidder for its assets, including the Contract.

10. Alltel Communications reserves all of its rights to supplement this objection and to amend and/or revise this objection and its alleged cure amount.

WHEREFORE, for the above stated reasons, Alltel Communications respectfully requests that the Court (i) sustain this objection; and (ii) grant such other and further relief as is just and equitable.

December 7, 2007

SMITH, KATZENSTEIN & FURLOW, LLP

By: /s/ Kathleen M. Miller
Kathleen M. Miller (2898)
The Corporate Plaza
800 Delaware Avenue
PO Box 410
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-8400
Fax: (302) 652-8405
Email: KMiller@skfdelaware.com

and

Mark A. Salzberg (*pro hac vice* pending)
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007-5101
Telephone:   202.672.5300
Facsimile:   202.672.5399

Attorneys for Alltel Communications, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December 2007, a copy of the Limited Objection of Alltel Communications, Inc. To the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing was served on the following in the manner indicated:

InPhonic, Inc.
Attn: Gregory S. Cole
1010 Wisconsin Avenue, NW
Suite 600
Washington, DC 20007
*First Class Mail*

Goldsmith-Agio-Helms/
Lazard Middle Market
Attn: Andrew Torgove
11 Est 42nd Street, 29th Floor
New York, NY 10036
Email: atorgove@agio.com

DLA Piper US LLP
Attn: Thomas R. Califano
1251 Avenue of the Americas
New York, NY 10020
Email: thomas.califano@dlapiper.com

The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Attn: Neil B. Glassman
Email: bankserve@bayardfirm.com

Adeptio
Attn: David Lorry
c/o Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Fax: 215 609 3499*

Kirkland and ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Attn: Anup Sathy and John Schoenfeld
Email: asathy@kirkland.com
    jschoenfeld@kirkland.com

Reed Smitih LLP
1201 Market Street, 15th Floor
Wilmington, DE 19801
Attn: Kurt F. Gwynne
Email: kgwyenne@reedsmith.com

Reed Smith LLP
Attn: Claudia Z. Springer
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Email: cspringer@reedsmith.com

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)