## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| INPHONIC, INC., *et al.*, | : | Case No. 07-11666 (KG) |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : | Proposed Hearing Date: December 11, 2007 at 2:00 p.m. |
|  | : |  |

## EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) POSTPONING THE SALE HEARING CURRENTLY SCHEDULED FOR DECEMBER 13, 2007, AND (II) EXTENDING THE INVESTIGATION PERIOD

The Official Committee of Unsecured Creditors (the "Committee"), by and through its proposed counsel, moves this Court for an emergency order (i) postponing the sale hearing currently scheduled for December 13, 2007, and (ii) extending the investigation period with respect to the lenders (the "Motion"), and states as follows:

## I.    FACTUAL BACKGROUND

1.    On November 8, 2007 (the "Petition Date"), InPhonic, Inc. ("InPhonic") and each of its wholly-owned subsidiaries (collectively, the "Debtors")[1] filed for chapter 11 bankruptcy relief to effect a sale of substantially all of the Debtors' assets to Adeptio INPC Funding, LLC ("Adeptio").

2.    The Committee was formed on November 16, 2007.

---

[1]    The seven wholly owned debtor-subsidiaries are: (a) CAIS Acquisition, LLC, a Delaware limited liability company, (b) CAIS Acquisition II, LLC, a Delaware limited liability company, (c) SimIPC Acquisition Corp., a Delaware corporation, (d) Star Number, Inc., a Delaware corporation, (e) Mobile Technology Services, LLC, a Delaware limited liability company, (f) FON Acquisition, LLC, a Delaware limited liability company, and (g) 1010 Interactive, LLC, a Delaware limited liability company.

A.    **The Proposed Releases Of (I) Claims Against Adeptio And
(II) The Estates' Defenses To Adeptio's Claims.**

3.    On the Petition Date, the Debtors filed a series of "first day motions" including the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (C) and (D) (the "DIP Financing Motion"; D.I. 11)

4.    On November 9, 2007, the Court entered an interim Order approving the DIP Financing Motion (the "Interim DIP Order"; D.I. 55).

5.    Pursuant to the Interim DIP Order, the Committee was initially given only 25 days to investigate and assert, *inter alia*, all claims against Adeptio and defenses to Adeptio's claims and liens (the "Investigation Period").

6.    The current Investigation Period expires on December 11, 2007.[2]

7.    Accordingly, if the Interim DIP Order becomes a final order, then Adeptio will obtain a release of all of the estates' claims against Adeptio and all of the estates' defenses to Adeptio's claims, *unless* the Investigation Period (as defined below) is extended.

---

2    Local Bankruptcy Rule 9006-2 provides that "[i]f a motion to extend the time to take any action is filed before the expiration of the period described by the Code . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." See Del. Bankr. L.R. 9006-2. Accordingly, the Investigation Period is extended until the Court rules upon this Motion.

8.     On the Petition Date, the Debtors also filed a Motion for an Order
Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004
and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing the Sale of
Substantially all of the Debtors' Assets, (ii) Approving an Asset Purchase Agreement,
Subject to Higher and Better Offers, (iii) Approving the Assumption and Assignment of
Certain Executory Contracts and Unexpired Lease and (iv) Granting Related Relief (the
"Sale Motion"; D.I. 13).

9.     The proposed form of an Asset Purchase Agreement (the "APA") attached
to the Sale Motion would grant releases to, *inter alia*, Adeptio as the purchaser of the
Debtors' assets. See APA at § 10.15.

10.     Accordingly, Adeptio will be released from all of the estates' claims
against Adeptio, *unless* the hearing on the Sale Motion is continued.

**B.     The Discussion Regarding, The Establishment Of, And This Court's
Warnings Regarding, The 25-Day Investigation Period.**

11.     The Local Rules essentially provide for a default period of 60-days for a
creditors' committee to perform its investigation of a lender's liens and claims. See Del.
Bankr. LR 4001-2(a)(i)(B). In this case, Adeptio proposed to fast track this case by,
among other things, limiting the Committee's investigation period to 25 days.

12.     At the first day hearing, this Court and the U.S. Trustee expressed concern
with the 25-day investigation period proposed by Adeptio.

13.     Adeptio's counsel acknowledged that a 25-day investigation period was
*not* the norm in this District. See Transcript ("Tr."). of 11/9/2007 Hearing (**Exhibit A**) at
28:7-8. Adeptio's counsel further acknowledged that a 60-day period is appropriate to
investigate causes of action. See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 28:14-19.

3

Adeptio's counsel, however implied that causes of action were not being released and that only a lien search was necessary, which counsel suggested could be done in a couple of days. See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 28:14-19 ("Now 60 days is more the norm and I would submit, Your Honor, the real reason committees get 60 days or need 60 days is not to conduct a lien search, it's really to evaluate causes of action. I think we can all agree that a lien search can be performed in a couple of days."); at 60:19-21 ("Again, the distinction here is a committee really has to look at the liens, and the liens can be reviewed very quickly.").

14.    Notably, Adeptio's counsel did not advise the Court that Adeptio sought to preclude much more than a challenge to perfection of its liens. In fact, Adeptio seeks to obtain a release of all the estates' claims against Adeptio. See Proposed APA at § 10.15 (attached to the Sale Motion).

15.    Pursuant to the Interim DIP Order, the Investigation Period was 25 days (subject to extension by Court order).

16.    The Investigation Period is currently scheduled to end on December 11, 2007.

17.    This Court, however, advised the Debtors and Adeptio that "obviously," if the Committee shows a need for more time than the 25-day period, the Court would be "very sensitive" to the Committee's concerns. See Tr. of 11/29/2007 Hearing (**Exhibit A**) at 41:1-5.

18.    This Court also forewarned the parties that "*a lot of it" will "depend on Adeptio's cooperation in providing documents and information to a Committee.*" See Tr. of 11/29/2007 Hearing (**Exhibit A**) at 44:13-15 (emphasis added).

19.     As will be demonstrated below, Adeptio and the Debtors have not been diligent in providing responsive documents to the Committee.  In fact, the Debtors and Adeptio did not even respond to Discovery Requests (as defined below) until the Investigation Period was almost completely expired.

20.     In addition, as of this past Friday, the Debtors refused to make an officer available for an interview by Committee counsel conducting the investigation.  By email sent this morning December 10, 2007, counsel advised that the Debtors would produce an appropriate representative for an interview with Committee counsel in connection with its investigation.  However, as of the filing of this Motion, Committee counsel still does not know when the interview with the Debtors' representative will occur.

**C.     The Committee's Investigation And The Debtors' And Adeptio's Failure To Timely Cooperate**

21.     In an effort to accommodate the Debtors' and Adeptio's aggressive schedule, the Committee has repeatedly attempted to gather the information it needs to conduct its investigation.  It served its limited discovery requests on the Debtors and Adeptio on November 25, 2007 (the "Discovery Requests").  See Gwynne E-mail dated November 25, 2007 attached hereto as **Exhibit B**.

22.     As this Court may recall, at a prior hearing regarding a discovery dispute, the Debtors and Adeptio indicated that they did not intend to respond to the Committee's Discovery Requests associated with its investigation until after the resolution of proceedings on the Committee's motion to dismiss.

23.     On December 4, 2007, having received no documents from either the Debtors or Adeptio in response to the Discovery Requests sent November 25, 2007,

Committee counsel re-served the Discovery Requests (with minor modifications).
See Gwynne E-mail dated December 4, 2007 attached hereto as **Exhibit C**.

24.     On the evening of December 6, 2007, the Debtors served the Responses
and Objections of the Debtors to the Second Set of Requests for the Production of
Documents Propounded by the Official Committee of Unsecured Creditors of InPhonic,
Inc. to InPhonics, Inc., et al. (the "Debtors' Responses").[3]  A true and correct copy of the
Debtors' Responses is attached hereto as **Exhibit D**.

25.     On the evening of December 6, 2007, Adeptio served Adeptio's Response
and Objections to Official Committee of Unsecured Creditors' Request for Production
("Adeptio's Responses").  A true and correct copy of Adeptio's Responses is attached
hereto as **Exhibit E**.

26.     The Debtors' Responses contained numerous objections, but no
responsive documents.

27.     On Friday, December 7, 2007, Committee counsel requested that the
Debtors make an officer or director available to discuss issues with Committee counsel as
part of the Committee's investigation.  Debtors' counsel denied that request until this
morning.[4]

---

3       Although the Debtors suggest that this is the Committee's "second set" of requests for the
        production of documents, a comparison of Exhibits A and Exhibits B indicates that the
        document requests were almost identical, but were sent a second time because their first
        transmission had not resulted in the production of any documents from the Debtors or
        Adeptio.

4       Debtors' counsel originally stated that he would make an officer available to answer
        questions posed by Robert P. Simons, Esquire, of Reed Smith LLP in connection with
        settlement, but would not make an officer available to answer questions posed by Kurt F.
        Gwynne, Esquire, of Reed Smith LLP in connection with the investigation of claims
        against Adeptio.

28.     As of Sunday, December 9, 2007, the 23rd day of the Investigation Period, the Committee has not received any documents from the Debtors.

29.     The Debtors' advised counsel to the Committee that they would produce some documents responsive to the Document Requests on Monday, December 10, 2007, just *one* day before the Committee's investigation deadline expires, and three days before the proposed credit-bid sale of the Debtors' businesses to Adeptio.

30.     Adeptio's Responses contained numerous objections, and two pages of responsive documents (that dealt solely with the DIP loan).

31.     Adeptio provided some additional responsive documents by email at 10:22 p.m. and 10:36 p.m. on Sunday, December 9, 2007, just *two* days prior to the expiration of the current Investigation Period.[5]

**D.     The Looming Sale Hearing And Further Releases Of Adeptio**

32.     Pursuant to the Sale Motion, the Debtors seek to sell substantially all of their assets to Adeptio for a $50 million credit bid.  <u>See</u> Sale Motion at ¶ 34.

33.     Pursuant to the Order approving the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "<u>Bid Procedures Order</u>"; D.I. 52), a hearing to

---

[5]     Committee counsel discussed the Debtors' Responses and Adeptio's Responses with their respective counsel on Friday, December 7, 2007. Pursuant to those discussions, Committee counsel believes that most of the issues regarding the scope of discovery have been resolved (pending confirmation of the respondents' respective counsel and the production of the relevant documents).

consider approval of the sale of substantially all of the Debtors' assets to Adeptio in exchange for a credit bid is currently scheduled for December 13, 2007.

34.     The proposed form of the APA would grant releases to, *inter alia*, the purchaser of the Debtors' assets. See APA at § 10.15 (attached to the Sale Motion).

35.     Accordingly, the looming hearing on the Sale Motion threatens to prematurely cut-off the Committee's investigation rights notwithstanding that the Debtors have produced no responsive documents (and Adeptio has belatedly produced some responsive documents) in connection with the Committee's investigation, and have not yet made an officer or director available to discuss issues with Committee counsel as part of its investigation.

## II.     RELIEF REQUESTED

36.     Given the Debtors' and Adeptio's very tardy production of (or agreement to produce) documents in response to the Discovery Requests, as compounded by the Debtors' failure to make an officer or director available to answer the Committee's questions as part of its investigation, the Committee respectfully requests that this Court enter an Order (i) postponing the sale hearing for thirty (30) days, and (ii) extending the Committee's Investigation Period for an additional thirty (30) days (subject to further extension if appropriate).

## III.     BASIS FOR RELIEF REQUESTED

37.     It is obvious that these chapter 11 cases have been filed at Adeptio's insistence and solely for Adeptio's benefit. The singular purpose of these cases is to obtain for Adeptio an expedited order transferring the Debtors' assets free and clear of liens, claims and interests. These cases offer no material recovery for the unsecured

8

creditors and, worse yet, seek to foreclose any claims that creditors would have against Adeptio (or defenses to Adeptio's liens and claims) after an extremely brief Investigation Period notwithstanding the Debtors' and Adeptio's failure to timely produce documents as part of the Committee's investigation.[6]

**A.      The Debtors and Adeptio Should Not Be Allowed To Proceed With The Expedited Sale After Thwarting The Committee's Reasonable Discovery Requests.**

38.      A twenty-five (25) day Investigation Period is short and hardly normal in chapter 11 cases.  Adeptio has acknowledged that a 25-day investigation period for the Committee is "not the norm in this jurisdiction."  See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 28:8.

39.      Adeptio further recognizes that the value of Adeptio's credit bid cannot be established until after the Committee has completed its investigation period.  See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 28:12-13.

40.      However, despite the Committee's best efforts, it has been unable to complete (or even really get started on) its investigation.  The Committee has attempted to abide by the Debtor's aggressive schedule, and yet, at every turn, its efforts have been ignored or met with delay tactics by Adeptio and the Debtors.

41.      Indeed, the Debtors and Adeptio refused to respond to the Committee's Discovery Requests sent on November 25, 2007.  At a prior discovery hearing, the Debtors and Adeptio advised this Court that they did not intend to respond to those Discovery Requests until after the proceedings on the Committee's motion to dismiss.

---

6      Of course, outside of chapter 11, the unsecured creditors would have years to investigate and assert claims against Adeptio.

42.     The Committee, faced with an impending investigation deadline, re-sent its Discovery Requests again on December 4, 2007.

43.     On December 6, 2007, the Debtors and Adeptio finally served responses. However, except for Exhibit C to Adeptio's Responses, the Committee did not receive any documents at that time.

44.     Indeed, it is telling of the relationship between the Debtors and Adeptio that both have objected to the production of documents regarding communications between the Debtors and its Prepetition Lenders.  See **Exhibit D** at p. 2, ¶ 1, **Exhibit E** at p. 4, ¶ 1.  After further discussions with Committee counsel, the Debtors and Adeptio have agreed to provide certain of these requested documents.

45.     Despite their refusal to timely provide critical and necessary information in order for the Committee to conduct its investigation into claims against Adeptio (and defenses to its liens and claims), the Debtors and Adeptio nevertheless seek to push ahead with the sale immediately upon the expiration of the current 25-day Investigation Period.

46.     The Debtors and Adeptio cannot have it both ways.  They cannot force an expedited sale and Investigation Period upon their unsecured creditors, while at the same time stonewalling the Committee's efforts to obtain the information it needs to conduct its investigation.  The Court recognized as much, saying that "a lot of it, also, will depend upon Adeptio's cooperation in providing documents and information to a committee." See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 44:13-15.  The Debtors and Adeptio have plainly not been cooperative on a timely basis.

**B.    The Committee Should Be Granted An Additional Thirty (30) Days To Complete Its Investigation Of The Debtors' Lenders.**

47.    The Court said at the first day hearings regarding an expedited schedule that "[o]bviously, if a creditors committee comes in and makes persuasive arguments and shows a need for perhaps a departure from some of the dates in the schedule, I can't say that the Court would not be very sensitive to those, those concerns of the committee." See Tr. of 11/9/2007 Hearing (**Exhibit A**) at 41:1-5.

48.    As set forth above, the Committee has attempted to accommodate Adeptio's aggressive schedule.  Adeptio acknowledged that sixty (60) days is the typical amount of time given to Committees to perform their investigation of the Debtors' secured lenders.  Indeed, granting releases on anything less than 60 days is quite extraordinary.  See In re Adelphia Communications Corp., 330 B.R. 364, 374 n. 60 (Bankr. S.D.N.Y. 2005) (citing S.D.N.Y. Gen. Order No. M-274, "Guidelines for Financing Request," "Extraordinary Provisions," stating that anything less than sixty (60) days for a committee to conduct an investigation is extraordinary).

49.    A party should not be able to impose an extraordinarily short deadline on a creditors' committee and then stonewall the investigation by withholding responsive documents until *one* or *two* days prior to the expiration of the deadline.

50.    Perhaps most telling is the Debtors' initial refusal to make an officer or director available to answer questions posed by Committee counsel conducting the investigation of claims against Adeptio (and defenses to Adeptio's claims and liens). Although counsel to the Debtors' this morning agreed to make a representative available, as of the filing of this Motion, and only a day before the expiration of the Investigation

Period, the Committee still does not know when the interview with the Debtors' representative will occur.

51.     The Committee has tirelessly attempted to operate within the constraints of the Debtors' proposed expedited schedule.  However, Adeptio and the Debtors have only recently responded to the Committee's November 25, 2007 Discovery Requests, and have failed to produce the documents within the time necessary for the Committee to conduct an appropriate investigation.  Accordingly, because of Adeptio's and the Debtors' failure to meaningfully and timely cooperate with the Committee in its attempt to conduct its investigation, the Committee's Investigation Period should be extended an additional thirty (30) days.

52.     Moreover, the extension of the Investigation Period requires an extension of the hearing on the Sale Motion.  Otherwise, Adeptio would be released pursuant to the terms of the APA.  See APA at § 10.15.  Upon information and belief, Adeptio was formed for purposes of taking possession of the Debtors' assets.  Adeptio should not be permitted to take possession of the Debtors' assets until the Committee's investigation is completed.

WHEREFORE, for the reasons set forth above, the Committee respectfully requests that this Court enter an Order (i) postponing the sale of substantially all of the Debtors' assets currently scheduled for December 13, 2007 for thirty (30) days, (ii) extending the Investigation Period for thirty (30) days, and (iii) granting such further relief to the Committee as is appropriate.

Dated: December 10, 2007
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
    Kurt F. Gwynne (No. 3951)
    1201 N. Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575

        and

    Robert P. Simons, Esquire
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone:  (412) 288-3131
    Facsimile:  (412) 288-3063

        and

    Claudia Z. Springer, Esquire
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103-7301
    Telephone: 215-851-8100
    Facsimile: 215-851-1420

    Proposed Counsel to the Official
    Committee of Unsecured Creditors