# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | . | Chapter 11 |
| | . | |
| INPHONIC, INC., et al., | . | Case No. 07-11666(KG) |
| | . | (Jointly Administered) |
| | . | |
| | . | November 9, 2007 |
| | . | 3:00 p.m. |
| Debtors. | . | (Wilmington) |
| | . | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT JUDGE

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1    MR. BRADY: So nearly $25 million of cash burn in
2    seven weeks. That's an average of $3.3 million a week. So I
3    think that fact alone, along with the Debtors' evidence on
4    the pre-petition marketing process, the Debtors have met
5    their burden that this is a case that needs to move quickly,
6    and can move quickly. Now let's talk about the 25 day
7    period, investigation period. Because we recognize, Your
8    Honor, that that's not the norm in this jurisdiction.
9    THE COURT: Right.
10   MR. BRADY: But there are reasons, and one is this
11   is a credit bid. The Debtor needs to understand how to value
12   Adeptio's bid. And really can't do that until the
13   investigation period has expired to determine if there's
14   going to be a challenge to Adeptio's liens. Now 60 days is
15   more the norm and I would submit, Your Honor, the real reason
16   committees get 60 days or need 60 days is not to conduct a
17   lien search, it's really to evaluate causes of action. I
18   think we can all agree that a lien search can be performed in
19   a couple of days. Here, Adeptio's only been in one week.
20   Adeptio did not declare the default under the pre-petition
21   facility. This is a public company. The loans have been
22   public. It has an. . .(microphone not recording) shareholder
23   base. To the extent the committee believes there are claims
24   against the prior lenders, there's nothing in this order that
25   impacts that. Really what the committee needs to look at

1  motion. But obviously, if a creditors committee comes in and
2  makes persuasive arguments and shows a need for perhaps a
3  departure from some of the dates in the schedule, I can't say
4  that the Court would not be very sensitive to those, those
5  concerns of the committee. Or of the United States Trustee
6  in the future. So I'm entering the order, but I don't want
7  anyone to think that this is simply the highway at this
8  point, until we have a committee in place.
9           MR. CALIFANO: Yes, Your Honor. Thank you. And I
10 understand that completely.
11          MR. SCHEPACARTER: Your Honor - -
12          THE COURT: Yes, Mr. Schepacarter.
13          MR. SCHEPACARTER: - - one point of clarification.
14 For the record, Richard Schepacarter, the United States
15 Trustee. With respect to the request, you had indicated that
16 if the committee goes forward and asks, basically for more
17 time in any aspect, and I guess we'll get to the DIP in a
18 second, I guess there's been an indication, and perhaps some
19 argument or information given, that potentially that the
20 extension of time could be a default - -
21          THE COURT: Yes.
22          MR. SCHEPACARTER: - - under the APA. I think I
23 would want counsel for Adeptio to confirm that if a committee
24 does come up and ask for more time, that that would not be an
25 event of default.

44

1   United States Trustee. I understand that that's what counsel
2   will do. I just don't want counsel to come back and say, at
3   another hearing when the committee does ask for more time,
4   that we can't give you more time because it's a default under
5   the APA, and we have to live by that. That's, I don't, I
6   can't, I can't live with that.
7         THE COURT: Well, look. I think that that can be
8   their position. And the Court, and the committee, will have
9   to weigh, to balance those issues. So I'm not going to
10  demand a commitment on the part of the lender today, and
11  we'll have to see more after a committee is formed, I think.
12  We may have a committee formed that is prepared to proceed
13  very, very promptly. And a lot of it, also, will depend upon
14  Adeptio's cooperation in providing documents and information
15  to a committee.



16        MR. SCHEPACARTER: Understood. Thank you, Your
17  Honor.
18        MR. AGAY: Good afternoon, Your Honor. David Agay
19  here - -
20        THE COURT: Mr. Agay, good afternoon.
21        MR. AGAY: How are you, Your Honor?
22        THE COURT: Very well, sir.
23        MR. AGAY: I believe my *pro hac* is on - -
24        THE COURT: Yes. I think I've, if I haven't signed
25  it, it's, it will be.

1  continue to operate it, and keep those jobs in place.
2  Vendors will continue to have a customer. That is the,
3  Adeptio, if it's the winning bidder, will continue to operate
4  this business, and will continue to provide those vendors.
5  So there are a lot of benefits and considerations outside of
6  just the credit bid. But to the extent a bidder comes
7  forward and bids more, then that, obviously, would provide
8  additional benefits as well to the estate. This sets the
9  floor for how the creditors could do in this case. Your
10 Honor, again, I recognize that because, because the process,
11 the timetable has been set by the bid procedures, typically
12 you don't have to get into the investigation period.
13         THE COURT: Right.
14         MR. BRADY: The committee has more time. But with
15 this credit bid component, it seems very difficult for the
16 Debtor to be able to value this bid. And if there are other
17 bidders, it's going to make it very hard for the Debtor to
18 determine how to value and select the winning bidder. And
19 what provides the most value to the estate. Again, the
20 distinction here is a committee really has to look at the
21 liens, and the liens can be reviewed very quickly. In fact,
22 you heard evidence, testimony as part of the presentation by
23 the Debtor that Adeptio came in and purchased the pre-
24 petition debt in a total of 2½ weeks. So they reviewed these
25 liens of the prior lenders, and purchased this debt on a