# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| INPHONIC, INC., et al[1] | : | Case No. 07-11666 (KG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## ADEPTIO'S RESPONSE AND OBJECTIONS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Adeptio INPC Funding, LLC ("Adeptio") hereby responds and objects to the Official Committee of Unsecured Creditors' (the "Creditors' Committee") second request for the production of documents (the "Request"), attached hereto as Exhibit A.

## GENERAL OBJECTIONS

1.     Adeptio asserts its General Objections with respect to each and every one of the Creditors' Committee's requests for production.

2.     Adeptio has stipulated to the facts set forth in the *Stipulation of Facts By and Among the Debtors, the Official Committee of Unsecured Creditors, and Adeptio INPC Funding, LLC for Purposes of Certain Proceedings in These Bankruptcy Cases* (the "Stipulation"), attached hereto as Exhibit B. Adeptio objects generally to the Creditors' Committee's request to the extent the request is calculated to lead to the discovery of facts, evidence, or information set forth in the Stipulation.

---

[1]     The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

3.      Adeptio is performing and will continue to perform a good faith search for documents responsive to the Request.  These responses and objections represent information currently available and known following a reasonable and diligent investigation in responding to the Request.  Adeptio reserves its right to supplement these responses or its production if additional documents are located during discovery.

4.      Adeptio's response to the Request should not be read to assume that documents responsive to each and every request actually exist.  Rather, its response indicates a willingness to make a good faith search for relevant and responsive materials and to produce them, if they exist, in accordance with the objections and responses to each request.

5.      Adeptio objects to the Creditors' Committee's requests for production to the extent that the documents sought are protected by the attorney-client privilege, work-product doctrine, or other applicable privileges.  If any document produced in response to the Creditors' Committee's requests is privileged but produced inadvertently, Adeptio requests that the document be returned immediately and that all copies be destroyed.  The production of a document should not be construed as a waiver of any applicable privilege.

6.      Adeptio objects generally to the Creditors' Committee's requests, instructions and iefinitions to the extent that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, Adeptio objects to the extent the Creditors' Committee seeks "all documents" related to wide ranging subject matter areas; such requests are unduly burdensome and completely unnecessary given the tangential (if any) relevance to the issues at hand.  Adeptio will perform a good faith search for responsive documents and will produce the materials listed below each request.

2

7.      Adeptio objects generally to the Creditors' Committee's requests for production because they constitute an improper attempt to gain access to Adeptio's proprietary business information. Adeptio will not produce confidential and proprietary documents until, at the very least, a protective order is entered, or a confidentiality agreement is signed, limiting access to any documents solely to counsel for the Creditors' Committee.

8.      Adeptio objects to the Creditors' Committee's requests to the extent they are vague and ambiguous. Adeptio is responding to the Request based upon its interpretation and understanding of each request. Should the Creditors' Committee assert a different interpretation of any request, Adeptio reserves the right to add to, supplement, or modify its response and objections to the Request.

9.      Adeptio objects to the Request to the extent that it seeks the production of documents from entities other than Adeptio. Adeptio can and will only produce documents in its possession, not in the possession of third parties.

10.     Adeptio objects to the Creditors' Committee's requests to the extent they mischaracterize any arguments brought forth by Adeptio. Nothing in Adeptio's response should be read to indicate agreement with allegations expressly stated or implied in the Creditors' Committee's requests. Rather, Adeptio is responding to the Creditors' Committee's requests as if they were accurate, even where they mischaracterize the facts or Adeptio's arguments.

11.     Adeptio objects to the Creditors' Committee's Instructions, Definitions, and Documents to be Produced to the extent that they request more than that required by, or are inconsistent with, the Federal Rules of Civil or Bankruptcy Procedure.

12.     Adeptio objects to the Request because Adeptio has already produced all materials necessary for the Creditors' Committee to investigate Adeptio's pre-petition claims.

3

## RESPONSES TO DOCUMENT REQUESTS

1. All email, correspondence and other communications between any of the Prepetition Lenders and any of the Debtors.

**Response:**    To the extent the term, "Prepetition Lenders", is intended to include Adeptio or Versa Capital Management, Inc. ("Versa"), Adeptio objects to this request because it is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Furthermore, Adeptio objects to this request to the extent it is seeks facts, evidence, or information set forth in the Stipulation.

2. All documents regarding any payments made to any of the Prepetition Lenders by any of the Debtors.

**Response:**    The Prepetition Credit Agreement is responsive to this request and was previously provided to the Creditors' Committee. Adeptio is not aware of any additional documents responsive to this request.

3. All documents regarding the basis for any payments made to any of the Prepetition Lenders by any of the Debtors.

**Response:**    The Prepetition Credit Agreement is responsive to this request and was previously provided to the Creditors' Committee. Adeptio is not aware of any additional documents responsive to this request.

4. All documents regarding the participation by any of the Prepetition Lenders in the boards of directors of any of the Debtors.

**Response:**    Adeptio is not aware of any documents responsive to this request.

5. All documents regarding the payment of any dividends to any of the Prepetition Lenders.

**Response:**    Adeptio is not aware of any documents responsive to this request.

6. All documents regarding the payment of any stock redemption payment to any of the Prepetition Lenders.

**Response:**    Adeptio is not aware of any documents responsive to this request.

4

7. All confidentiality agreements between any of the Prepetition Lenders and any or all of the Debtors.

**Response:**   To the extent the term, "Prepetition Lenders", is intended to include Adeptio or Versa, the confidentiality agreement between Versa and the Debtors is responsive to this request and has previously been delivered to the Creditors' Committee. Adeptio is not aware of any additional documents responsive to this request.

8. All documents regarding the members of AP InPhonic Holdings, LLC.

**Response:**   Adeptio is not aware of any documents responsive to this request.

9. All documents concerning any agreements between or among the Prior Lenders, Adeptio and any prior or current directors or officers of any of the Debtors regarding the provision of any consideration to any such officers or directors.

**Response:**   Adeptio is not aware of any documents responsive to this request.

10. All documents regarding the release of any of the Prepetition Lenders by the Debtors.

**Response:**   To the extent the term, "Prepetition Lenders", is intended to include Adeptio or Versa, the Interim and Final DIP Orders are responsive to this request; both have previously been provided to the Creditors' Committee and are also available by the Court. Adeptio is not aware of any additional documents responsive to this request.

11. All documents regarding any potential claims against any of the Prepetition Lenders by the Debtors.

**Response:**   Adeptio is not in possession of any such documents. Furthermore, Adeptio objects to the request to the extent it seeks documents regarding claims against any of the Prepetition Lenders other than Adeptio, as such claims are irrelevant.

12. All documents regarding the timing of the filing of the Debtors' bankruptcy petitions.

**Response:**   Adeptio objects to this request because it is vague, overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Other than

5

documents which Adeptio understands the Debtors intend to produce, Adeptio is not aware of any additional documents responsive to this request.

13. Copies of all financing statements filed by Adeptio.

**Response:**    Adeptio is not aware of any documents responsive to this request.

14. All email, correspondence and other communications between Adeptio and any of the Debtors.

**Response:**    Adeptio objects to this request because it is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence.  Furthermore, Adeptio objects to this request to the extent it is seeks facts, evidence, or information set forth in the Stipulation.

15. All documents regarding any payments made to Adeptio by any of the Debtors.

**Response:**    Adeptio is not aware of any documents responsive to this request. Pursuant to the DIP Facility, a payment is scheduled to be made by the Debtors to Adeptio on December 4, 2007.

16. All documents regarding the basis for any payments made to Adeptio by any of the Debtors.

**Response:**    The Prepetition Credit Agreement and DIP Credit Facility are responsive to this request.  The foregoing documents have previously been delivered to the Creditors' Committee.  In addition, Adeptio is producing documents attached hereto as Exhibit C.  Adeptio is not aware of any additional documents responsive to this request.

17. All documents regarding the participation by Adeptio in the boards of directors of any of the Debtors.

**Response:**    Adeptio is not aware of any documents responsive to this request.

18. All confidentiality or other agreements between Adeptio and any of the Debtors.

6

**Response:**    The confidentiality agreement between Versa and the Debtors is responsive to this request and has previously been delivered to the Creditors' Committee.

19. All documents regarding the release of Adeptio by the Debtors.

**Response:**    The Interim and Final DIP Orders and the Asset Purchase Agreement are responsive to this request. The foregoing documents have previously been delivered to the Creditors' Committee. Adeptio is not aware of any additional documents responsive to this request.

20. All documents regarding any potential claims against Adeptio by any of the Debtors.

**Response:**    Adeptio is not aware of any documents responsive to this request.

21. All documents regarding Adeptio's decision to purchase claims against the Debtors rather than to purchase the Debtors' assets.

**Response:**    Adeptio is not aware of any documents responsive to this request. To the extent such documents exist, the requested documents constitute a privileged trade secret and the allowance of the privilege will not tend to conceal fraud or otherwise work injustice.

22. Copies of the Debtors' general ledger entries and sub-ledger entries for the Prepetition Lenders.

**Response:**    Adeptio is not aware of any documents responsive to this request.

23. Copies of the Debtors' account statements for the Prepetition Lenders.

**Response:**    Adeptio is not aware of any documents responsive to this request.

24. Copies of the Debtors' general ledger entries and sub-ledger entries for Adeptio.

**Response:**    Adeptio is not aware of any documents responsive to this request.

25. Copies of the Debtors' account statements for Adeptio.

**Response:**    Adeptio is not aware of any documents responsive to this request.

# EXHIBIT A



| | |
|---|---|
| "Gwynne, Kurt F."<br><KGwynne@ReedSmith.com><br>><br>12/04/2007 09:51 AM | To  <Thomas.Califano@dlapiper.com>, <dagay@kirkland.com><br>cc  "Simons, Robert P." <RSimons@ReedSmith.com>,<br>      "Springer, Claudia Z." <CSpringer@ReedSmith.com><br>bcc<br>Subject  LIEN/CLAIM INVESTIGATION RE: PREPETITION<br>LENDERS AND ADEPTIO |

History:  🔄 This message has been forwarded.

Dear Tom and David:

With respect to our investigation of the liens, security interests, and claims by and against Adeptio, its predecessor, and the prior secured creditors, we need prompt responses from both the Debtors and Adeptio (as those terms are defined below) as soon as possible (as we currently have only 25 days from Committee formation to conduct the investigation):

DEFINITIONS

    1.    "Any" shall be inclusive, meaning any and/or all.

    2.    "Adeptio" means Adeptio INPC Funding, LLC, a Delaware limited liability company and its affiliates, and including Versa Capital Management, Inc.

    3.    "Debtors" means InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned corporate and limited liability company subsidiaries: (a) CAIS Acquisition, LLC, a Delaware limited liability company; (b) CAIS Acquisition II, LLC, a Delaware limited liability company; (c) SimIPC Acquisition Corp., a Delaware corporation; (d) Star Number, Inc., a Delaware corporation; (e) Mobile Technology Services, LLC, a Delaware limited liability company; (f) FON Acquisition, LLC, a Delaware limited liability company; and (g) 1010 Interactive, LLC, a Delaware limited liability company.

    4.    "Or" shall mean and/or.

    5.    "Prepetition Lenders" has the meaning ascribed to it in the affidavit of Kenneth D. Schwarz filed in support of the applications and motions filed by the Debtors on the petition date.

DOCUMENT REQUESTS

1.    All email, correspondence and other communications between any of the Prepetition Lenders and any of the Debtors.

2.    All documents regarding any payments made to any of the Prepetition Lenders by any of the Debtors.

3.    All documents regarding the basis for any payments made to any of the Prepetition Lenders by any of the Debtors.

4.    All documents regarding the participation by any of the Prepetition Lenders in the boards of directors of any of the Debtors.

5.    All documents regarding the payment of any dividends to any of the Prepetition Lenders.

6.    All documents regarding the payment of any stock redemption payment to any of the Prepetition Lenders.

7.    All confidentiality agreements between any of the Prepetition Lenders and any or all of the Debtors.

8.    All documents regarding the members of AP InPhonic Holdings, LLC.

9.    All documents concerning any agreements between or among the Prior Lenders, Adeptio and any prior or current directors or officers of any of the Debtors regarding the provision of any consideration to any such officers or directors..

10.    All documents regarding the release of any of the Prepetition Lenders by the Debtors.

11.    All documents regarding any potential claims against any of the Prepetition Lenders by the Debtors.

12.    All documents regarding the timing of the filing of the Debtors' bankruptcy petitions.

13.    Copies of all financing statements filed by Adeptio.

14.    All email, correspondence and other communications between Adeptio and any of the Debtors.

15.    All documents regarding any payments made to Adeptio by any of the Debtors.

16.    All documents regarding the basis for any payments made to Adeptio by any of the Debtors.

17.    All documents regarding the participation by Adeptio in the boards of directors of any of the Debtors.

18.    All confidentiality or other agreements between Adeptio and any of the Debtors.

19.    All documents regarding the release of Adeptio by the Debtors.

20.    All documents regarding any potential claims against Adeptio by any of the Debtors.

21.    All documents regarding Adeptio's decision to purchase claims against the Debtors rather than to purchase the Debtors' assets.

22.    Copies of the Debtors' general ledger entries and sub-ledger entries for the Prepetition Lenders.

23.    Copies of the Debtors' account statements for the Prepetition Lenders.

24.    Copies of the Debtors' general ledger entries and sub-ledger entries for Adeptio.

25.    Copies of the Debtors' account statements for Adeptio.

As you know, we have a limited amount of time to conduct our investigation. Previously, you both indicated that you would not focus on this discovery until after the other discovery/expedited hearing issues were resolved. That discovery has now been resolved and the hearings will conclude tomorrow. Accordingly, we request and expect the Debtors' and Adeptio's full cooperation to get us all of the requested documents asap. We have little precious time left in our investigation period.

Previously, you have both claimed that certain of the requested documents are irrelevant. We respectfully disagree.

Please confirm that (i) on behalf of your clients, you will send to us the responsive (non-privileged documents), and (ii) the date upon which we can expect to receive those documents (and if a rolling production, when it will start and end). There is no reason that many of the requested documents could not be produced tomorrow. We reserve the right to request additional documents and to seek to extend the investigation deadline and sale hearing or other deadlines/hearings as may be appropriate.

Thank you in advance for your cooperation, kg.

Kurt F. Gwynne
302.778.7550

kgwynne@reedsmith.com
**Reed Smith**LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801
302.778.7500
Fax 302.778.7575

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| INPHONIC, INC., <u>et al.</u>, | : | Case No. 07-11666(KG) |
| Debtors. | : | |

**STIPULATION OF FACTS BY AND AMONG THE DEBTORS, THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, AND ADEPTIO INPC FUNDING, LLC
FOR PURPOSES OF CERTAIN PROCEEDINGS IN THESE BANKRUPTCY CASES**

Stipulation of Facts By and Among Inphonic, Inc. and its debtor-affiliates (the "<u>Debtors</u>"),[1] the Official Committee of Unsecured Creditors ("<u>Committee</u>"), and Adeptio INPC Funding, LLC ("<u>Adeptio</u>") dated as of this 27th day of November 2007.

The Committee and the Debtors , by and through their respective counsel, stipulate and agree to the accuracy and admissibility of the facts set forth below:

1.    In 1997, Inphonic, Inc. was incorporated in the State of Delaware.

2.    Since their respective formations, the Debtors have never earned an operating profit during any of their fiscal years.

3.    The Debtors have never earned a net profit during any of their fiscal years.

4.    Except for one quarter, the Debtors have not earned an operating profit during any quarter of any fiscal year.

---

1    The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

5.    Except for one quarter, the Debtors have not earned a net profit during any quarter of any fiscal year.

6.    In 2005, the Debtors earned a net loss of $38.2 million.

7.    In 2006, the Debtors earned a net loss of $63.7 million.

8.    For 2007, the Debtors project a net loss $116.1 million.

9.    The Debtors project that they will incur operating losses post-petition and prior to the closing of the Sale.

10.    The Debtors project that they will incur net losses post-petition and prior to the closing of the Sale in at least the amount of $25 million (the amount of the proposed DIP facility).

11.    The Debtors project that they will incur negative cash flow post-petition and prior to the closing of the Sale.

12.    The Debtors believe that a sale of substantially all of their assets is the only viable option in these bankruptcy cases.

13.    The Debtors and Adeptio believe that Adeptio's security interests and liens fully encumber the Debtors' assets and, if Adeptio's current $50 million credit bid for substantially all of the Debtors' assets is the final purchase price for the assets, the amount of Adeptio's secured prepetition claims will exceed the value of the Debtors' assets.

**The Sale Motion**

14.    On the Petition Date, the Debtors filed a Motion for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal

Rules of Bankruptcy Procedure (i) Authorizing the Sale of Substantially all of the Debtors' Assets, (ii) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers, (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Lease and (iv) Granting Related Relief (the "Sale Motion"; D.I. 13).

15.     Pursuant to the Sale Motion, the Debtors seek to sell substantially all their assets to Adeptio for a $50 million credit bid, subject to higher and better offers.

16.     The Debtors believe that unsecured creditors are "out of the money" in that the Sale Motion will not result in a bid high enough to pay Adeptio's secured claims in full.

17.     No other entity or group of entities has provided a definitive offer to purchase the assets for greater economic value to the Debtors' estates than Adeptio, which according to the Debtors, is "particularly telling" given the Debtors' prepetition marketing efforts.

18.     The Sale Motion was filed, and the sale process is being conducted, as required by Adeptio.

19.     After the closing of the Sale, the Debtors will not operate any business.

20.     The Debtors and Adeptio have discussed yet have not reached agreement on any budget to pay administrative expenses incurred after the closing of the Sale.  Adeptio has agreed to a $1.2 million carve out to pay professionals' fees and has assumed all post-petition trade accounts payable, cure costs for assumed contacts, and the fees of Goldsmith, Agio, Helms Securities, Inc. ("GAH").  The Debtors do not believe that there will be significant administrative expenses incurred after the sale.

21.     The Debtors and Adeptio have discussed but not yet reached agreement on any wind-down budget.

**The DIP Financing Motion**

22.    Prior to the petition date, the Debtors entered into that certain Credit Agreement

dated as of November 7, 2006 (the "Prepetition Credit Agreement") by and among the Debtors,

the lenders from time to time party thereto (the "Prior Lenders") and Citicorp North America, as

Administrative Agent (the "Existing Agent"). As collateral for the indebtedness and other

obligations under the Prepetition Credit Agreement, the Debtors purported to grant the Prior

Lenders and Existing Agent a first-priority security interest in and lien upon all of the Debtors'

assets. As of the petition date, the Debtors claim that they were indebted to the Prior Lenders

and Existing Agent in the aggregate principal amount of not less than $90 million plus accrued

interest with respect thereto and any fees, expenses, costs and charges provided under the Credit

Agreement.

23.    On October 5, 2007, the Debtors received a notice of default from their Prior

Lenders for failure to pay interest due.

24.    On November 2, 2007, Versa Capital Management, Inc. ("Versa"), an affiliate of

Adeptio (which is Versa's assignee), purchased at a discount all of the Prior Lenders' right, title

and interest in and to the Prepetition Credit Agreement and the documents related thereto.

25.    Prior to November 2, 2007, Adeptio or Versa or their affiliates or representatives

participated in due diligence regarding the Debtors and their assets. Before participating in that

due diligence, Adeptio or Versa or their affiliates or representatives entered into a confidentiality

agreement with the Debtors.

26.    On the Petition Date, the Debtors filed their Motion for Entry of Interim and Final

Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security

Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of

-4-

Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) (the "DIP Financing Motion") (D.I. 11).

27.    The Debtors claim to have urgent cash needs because they will continue to operate at a loss post-petition.

28.    The Debtors assert that their cash reserves have been so seriously depleted that, as of November 9, 2007, the Debtors admitted that they would no longer be capable of funding operations absent post-petition financing (that will serve only to cover further losses).

29.    Although the Debtors believe that a DIP facility should allow them to continue to operate their business for a very brief time, the Debtors admit that the "only viable solution" that will preserve the value of their assets and business is a sale pursuant to Section 363 of the Bankruptcy Code.

30.    In the DIP Financing Motion, the Debtors seek to borrow, on both a secured and superpriority administrative expense basis, $25 million from Adeptio.

31.    The $25 million in proposed DIP financing is intended to cover the Debtors' losses through the closing of the sale pursuant to the Sale Motion.

### The Proposed Retention Of An Investment Banker

32.    On the Petition Date, the Debtors also filed an Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 Authorizing Employment and Retention (the "GAH Application"; D.I. 21) of GAH.

33.    GAH and the Debtors believe that it is highly unlikely that the Debtors will obtain a bid in excess of the face amount (approximately $90 million) of the prepetition secured debt, let alone the additional $25 million from the DIP loan.

**The Motion To Dismiss**

34.    On November 21, 2007, the Committee filed its Motion for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code (the "Motion to Dismiss") (D.I. 86).

35.    On November 21, 2007, the Committee also filed its Motion Seeking Reconsideration of this Court's Order (a) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief (the "Motion to Reconsider Bid Procedures") (D.I. 102).

**Miscellaneous**

36.    This stipulation of facts shall be applicable to all proceedings on (i) the Sale Motion, (ii) the DIP Financing Motion, (iii) the GAH Application, (iv) the Motion to Dismiss, (v) the Motion to Reconsider Bid Procedures, all objections to the foregoing, and any other motion, application, or objection scheduled for hearing on November 30, 2007. The parties stipulate that the facts set forth above are true and correct for purposes of all such proceedings (including without limitation, all post-trial motions and appeals related thereto).

37.    The stipulated facts set forth herein are non-exclusive. Any party may seek to present admissible evidence of any other facts that are not inconsistent with the stipulated facts

-6-

set forth herein; *provided, however,* that the Committee's time to investigate Adeptio's security interests, liens, and claims has not expired, and, therefore, if the Committee determines that Adeptio's security interests, liens, and/or claims are unperfected, avoidable, invalid or otherwise subject to challenge or objection, the Committee may contest the stipulated facts set forth herein in any and all proceedings. All rights, remedies, claims and defenses of the Committee with respect to the security interests, liens, and claims of Adeptio are preserved.

Adeptio, the Debtors, and the Committee, by and through their respective counsel, stipulate and agree as follows:

1.    Adeptio stipulates and agrees to the facts set forth in paragraphs 13-15, 18, 24-26, 32, and 34-35 above.

2.    Subject to and as provided in paragraph 3 below, Adeptio agrees that it will not present evidence contrary to, or otherwise dispute, the facts to which the Debtors and the Committee have agreed and stipulated in paragraphs 1-12, 16-17, 19-22, 23, 27-31, and 33 above.

3.    Adeptio agrees that its stipulation to certain facts and agreement not to present contrary evidence or otherwise dispute other alleged facts shall be applicable solely to the hearings scheduled for November 30, 2007, regarding (i) the DIP Financing Motion, (ii) the GAH Application, (iii) the Motion to Dismiss, (iv) the Motion to Reconsider Bid Procedures, all objections to the foregoing, and any other motion, application, or objection scheduled for hearing on November 30, 2007. Adeptio further agrees that the facts to which it has stipulated above are true and correct for purposes of all such proceedings scheduled for hearing on November 30, 2007 (including without limitation, all post-trial motions and appeals related thereto).

4.      Adeptio agrees that the facts to which it has stipulated or with respect to which it has agreed not to present contrary evidence or otherwise dispute are non-exclusive. Any party may seek to present admissible evidence of any other facts that are not inconsistent with the stipulated facts or Adeptio's promise not to present contrary evidence or otherwise dispute certain facts. Adeptio further agrees that the Committee's time to investigate Adeptio's security interests, liens, and claims has not expired, and, therefore, if the Committee determines that Adeptio's security interests, liens, and/or claims are unperfected, avoidable, invalid or otherwise subject to challenge or objection, the Committee may contest the stipulated facts set forth herein in any and all proceedings. All rights, remedies, claims and defenses of the Committee with respect to the security interests, liens, and claims of Adeptio are preserved.

[remainder of page intentionally left blank]

REED SMITH LLP

By:_____
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7550
E-mail: kgwynne@reedsmith.com
            and
Claudia Z. Springer
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
            and
Robert P. Simons
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

Proposed Counsel for the Official Committee
of Unsecured Creditors


YOUNG CONAWAY
STARGATT & TAYLOR, LLP

By:_____
Robert S. Brady (No. 2847)
Edward J. Kosmowski (No. 3849)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
            and
Anup Sathy
David A. Agay
Andrea L. Johnson
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2342
Email: dagay@kirkland.com

Counsel for Adeptio INPC Funding, LLC


THE BAYARD FIRM

By:_____
Neil B. Glassman (No. 2087)
Mary E. Augustine
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 429-4224
Email: nglassman@bayardfirm.com


            and


Thomas R. Califano
Jeremy R. Johnson
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4990
Email: thomas.califano@dlapiper.com

Counsel for the Debtors and Debtors in
Possession

# EXHIBIT C

## Inphonic - DIP Facility

| Date | Advance | Principal | Date From | Date To | All-In | Base | Spread | Daily Rate | Per Diem | Fees | Interest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13-Nov-07 | 5,979,000.00 | 5,979,000 | 13-Nov-07 | 20-Nov-07 | 11.0000% | 7.7500% | 3.2500% | 0.030556% | 1826.92 | 250,000 | 14,615.36 |
| 21-Nov-07 | 500,000.00 | 6,479,000 | 21-Nov-07 | 27-Nov-07 | 11.0000% | 7.7500% | 3.2500% | 0.030556% | 1979.69 | | 13,857.83 |
| 28-Nov-07 | 3,075,000.00 | 9,554,000 | 28-Nov-07 | 30-Nov-07 | 11.0000% | 7.7500% | 3.2500% | 0.030556% | 2919.28 | | 8,757.84 |
| | | | | | | | | | | | 37,231.03 |

## Inphonic - DIP Facility
### Unused Line Fee Calculation

| Date | Advance | Principal | Max Avail | Unused | Date From | Date To | Wt. Unused | Average Daily Unused Balance | Unused Fee Per Diem % | Unused Fee Per Day | Unused Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13-Nov-07 | 5,979,000 | 5,979,000 | 10,000,000 | 4,021,000 | 13-Nov-07 | 20-Nov-07 | 32,168,000 | 4,021,000.00 | 0.0013889% | 55.85 | 446.80 |
| 21-Nov-07 | 500,000 | 6,479,000 | 10,000,000 | 3,521,000 | 21-Nov-07 | 27-Nov-07 | 24,647,000 | 3,787,668.67 | 0.0013889% | 52.61 | 368.27 |
| 28-Nov-07 | 3,075,000 | 9,554,000 | 10,000,000 | 446,000 | 28-Nov-07 | 30-Nov-07 | 1,338,000 | 3,230,722.22 | 0.0013889% | 44.87 | 134.61 |
| | | | | | | | | | | | 949.68 |