IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., *et al.*, | Case No. 07-11666 (KG) |
| | Jointly Administered |
| Debtors. | Objection Deadline: N/A |
| | Hearing Deadline: N/A |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
PURSUANT TO DEL. BANKR. LR 9006-1(e) FOR AN ORDER SHORTENING
NOTICE TO CONSIDER EMERGENCY MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
(I) POSTPONING THE SALE HEARING CURRENTLY SCHEDULED FOR
DECEMBER 13, 2007, AND (II) EXTENDING THE INVESTIGATION PERIOD**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its proposed undersigned counsel, moves this Court pursuant to Del. Bankr. LR 9006-1(e) for an Order shortening notice (the "Motion to Shorten Notice") with respect to the Emergency Motion of the Committee for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period (the "Motion to Postpone"), and respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Motion to Shorten and Limit Notice pursuant to 28 U.S.C. § 1334(b).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

**FACTUAL BACKGROUND**

4. On November 8, 2007 (the "Petition Date"), InPhonic, Inc. ("InPhonic") and each of its wholly-owned subsidiaries (collectively, the "Debtors")[1] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"). The Debtors' cases are being jointly administered (for procedural purposes only).

5. On November 16, 2007, the United States Trustee conducted an organizational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Organizational Meeting"). At the Organizational Meeting, the United States Trustee appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

A. **The Proposed Releases Of (I) Claims Against Adeptio And (II) The Estates' Defenses To Adeptio's Claims.**

6. On the Petition Date, the Debtors filed a series of "first day motions" including the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (C) and (D) (the "DIP Financing Motion"; D.I. 11)

---

[1] The seven wholly owned debtor-subsidiaries are: (a) CAIS Acquisition, LLC, a Delaware limited liability company, (b) CAIS Acquisition II, LLC, a Delaware limited liability company, (c) SimIPC Acquisition Corp., a Delaware corporation, (d) Star Number, Inc., a Delaware corporation, (e) Mobile Technology Services, LLC, a Delaware limited liability company, (f) FON Acquisition, LLC, a Delaware limited liability company, and (g) 1010 Interactive, LLC, a Delaware limited liability company.

7. On November 9, 2007, the Court entered an interim Order approving the DIP Financing Motion (the "Interim DIP Order"; D.I. 55).

8. Pursuant to the Interim DIP Order, the Committee was initially given only 25 days to investigate and assert, *inter alia*, all claims against Adeptio and defenses to Adeptio's claims and liens (the "Investigation Period").

9. The current Investigation Period expires on December 11, 2007.[2]

10. Accordingly, if the Interim DIP Order becomes a final order, then Adeptio will obtain a release of all of the estates' claims against Adeptio and all of the estates' defenses to Adeptio's claims, *unless* the Investigation Period is extended.

11. On the Petition Date, the Debtors also filed a Motion for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing the Sale of Substantially all of the Debtors' Assets, (ii) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers, (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Lease and (iv) Granting Related Relief (the "Sale Motion"; D.I. 13).

12. The proposed form of an Asset Purchase Agreement (the "APA") attached to the Sale Motion would grant releases to, *inter alia*, Adeptio as the purchaser of the Debtors' assets. See APA at § 10.15.

---

2   Local Bankruptcy Rule 9006-2 provides that "[i]f a motion to extend the time to take any action is filed before the expiration of the period described by the Code . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." See Del. Bankr. L.R. 9006-2. Accordingly, the Investigation Period is extended until the Court rules upon this Motion.

13. Accordingly, Adeptio will be released from all of the estates' claims against Adeptio, *unless* the hearing on the Sale Motion is continued.

**B.  The 25-Day Investigation Period**

14. The Local Rules essentially provide for a default period of 60-days for a Committee to perform its investigation of a lender's liens and claims. See LBR 4001-2(a)(i)(B). In these cases, Adeptio proposed to fast track this case by, among other things, limiting the Committee's Investigation Period to 25 days.

15. At the first day hearing, this Court and the U.S. Trustee expressed concern with the 25-day investigation period proposed by Adeptio.

16. Notably, Adeptio's counsel did not advise the Court that Adeptio sought to preclude much more than a challenge to perfection of its liens. In fact, Adeptio seeks to obtain a release of all the estates' claims against Adeptio. See Proposed APA at § 10.15 (attached to the Sale Motion).

17. Pursuant to the Interim DIP Order, the Investigation Period was 25 days (subject to extension by Court order) and is currently scheduled to end on December 11, 2007.

18. Adeptio and the Debtors have not been diligent in providing responsive documents to the Committee. In fact, the Debtors and Adeptio did not even respond to Discovery Requests (as defined below) until the Investigation Period was almost completely expired.

19. In addition, the Debtors initially refused to make an officer available for an interview by Committee counsel conducting the investigation. Although Debtors' counsel has now agreed to provide a representative, as of the filing of the Motion, the Committee does not know when the interview will occur.

4

### C. The Committee's Investigation And The Debtors' And Adeptio's Failure To Timely Cooperate

20. In an effort to accommodate the Debtors' and Adeptio's aggressive schedule, the Committee has repeatedly attempted to gather the information it needs to conduct its investigation. It served its limited discovery requests (the "Discovery Requests") on the Debtors and Adeptio on November 25, 2007.

21. As this Court may recall, at a prior hearing regarding a discovery dispute, the Debtors and Adeptio indicated that they did not intend to respond to the Committee's Discovery Requests associated with its investigation until after the resolution of proceedings on the Committee's motion to dismiss.

22. On December 4, 2007, having received no documents from either the Debtors or Adeptio in response to the Discovery Requests served on November 25, 2007, Committee counsel re-served its Discovery Requests (with minor modifications).

23. On the evening of December 6, 2007, the Debtors served the Responses and Objections of the Debtors to the Second Set of Requests for the Production of Documents Propounded by the Official Committee of Unsecured Creditors of InPhonic, Inc. to InPhonics, Inc., *et al.* (the "Debtors' Responses").[3]

24. On the evening of December 6, 2007, Adeptio served Adeptio's Response and Objections to Official Committee of Unsecured Creditors' Requests for Production ("Adeptio's Responses").

---

3   Although the Debtors suggest that this is the Committee's "second set" of requests for the production of documents, the Committee had to send its Discovery Requests twice because their first transmission had not resulted in the production of *any* documents from the Debtors or Adeptio.

25. The Debtors' Responses contained numerous objections, but no responsive documents.

26. On Friday, December 7, 2007, Committee counsel requested that the Debtors make an officer or director available to discuss issues with Committee counsel as part of the Committee's investigation. Debtors' counsel initially denied that request, but by e-mail on the morning of December 10, 2007, advised that the Debtors will make someone available. However, as of the filing of this Motion, the Committee is not aware of when the representative will be available.

27. As of Sunday, December 9, 2007, the 23rd day of the Investigation Period, the Committee has not received any documents from the Debtors.

28. The Debtors' advised counsel to the Committee that they would produce some documents responsive to the Document Requests on Monday, December 10, 2007, just *one* day before the Committee's investigation deadline expires, and three days before the proposed credit-bid sale of the Debtors' businesses to Adeptio.

29. Adeptio's Responses contained numerous objections, and only two pages of responsive documents (that dealt solely with the DIP loan).

30. Adeptio provided some additional responsive documents by email at 10:22 p.m. and 10:36 p.m. on Sunday, December 9, 2007, just *two* days prior to the expiration of the current Investigation Period.[4]

---

4   Committee counsel discussed the Debtors' Responses and Adeptio's Responses with their respective counsel on Friday, December 7, 2007. Pursuant to those discussions, Committee counsel believes that most of the issues regarding the scope of discovery have been resolved (pending confirmation of the respondents' respective counsel and the production of the relevant documents).

### D.  The Looming Sale Hearing And Further Releases Of Adeptio

31.   Pursuant to the Sale Motion, the Debtors seek to sell substantially all of their assets to Adeptio for a $50 million credit bid. See Sale Motion at ¶ 34.

32.   Pursuant to the Order approving the Motion to Approve (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief (the "Bid Procedures Order"; D.I. 52), a hearing to consider approval of the sale of substantially all of the Debtors' assets to Adeptio in exchange for a credit bid is currently scheduled for December 13, 2007.

33.   The proposed form of the APA would grant releases to, *inter alia*, the purchaser of the Debtors' assets. See APA at § 10.15 (attached to the Sale Motion).

34.   Accordingly, the looming hearing on the Sale Motion threatens to prematurely cut-off the Committee's investigation rights notwithstanding that the Debtors have produced no responsive documents (and Adeptio has belatedly produced some responsive documents) in connection with the Committee's investigation, and has not yet made an officer or director available to discuss issues with Committee counsel as part of its investigation.

### RELIEF REQUESTED

35.   Pursuant to Del. Bankr. LR 9006-1(e), the Committee seeks an order shortening notice with respect to the Motion to Postpone and scheduling a hearing on the Motion to Postpone for December 11, 2007 at 2:00 p.m. (Eastern).

## BASIS FOR RELIEF REQUESTED

36.     It is obvious that these chapter 11 cases have been filed at Adeptio's insistence and solely for Adeptio's benefit. The singular purpose of these cases is to obtain for Adeptio an expedited order transferring the Debtors' assets free and clear of liens, claims and interests. These cases offer no material recovery for the unsecured creditors and, worse yet, seek to foreclose any claims that creditors would have against Adeptio (or defenses to Adeptio's liens and claims) after an extremely brief Investigation Period notwithstanding the Debtors' and Adeptio's failure to timely produce documents as part of the Committee's investigation.

37.     The Committee has tirelessly attempted to operate within the constraints of the Debtors' proposed expedited schedule. However, Adeptio and the Debtors have only recently responded to the Committee's November 25, 2007 Discovery Requests, and have failed to produce the documents within the time necessary for the Committee to conduct an appropriate investigation. Accordingly, because of Adeptio's and the Debtors' failure tomeaningfully and timely cooperate with the Committee in its attempt to conduct its investigation, the Committee's Investigation Period should be extended an additional thirty (30) days. Moreoever, the extension of the Investigation Period requires an extension of the hearing on the Sale Motion. Otherwise, Adeptio would be released pursuant to the terms of the APA. See APA at § 10.15.

38.     Pursuant to Del. Bankr. LR 9006-1(e), "[n]o motion will be scheduled on less notice than required by these rules or the Fed.R.Bankr.P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies

justifying shortened notice. The Court will rule on such motion promptly without need for hearing."

### Request To Shorten Notice

39. Pursuant to Fed.R.Bankr.P. 2002(a), the regular notice period for a hearing on the Motion to Postpone is 20 days notice by mail.

40. The Debtors' next hearing is scheduled for December 11, 2007 at 2:00 p.m. At that hearing, this Court will hear a number of matters, including the DIP Financing Motion.

41. Due to the fact that the Motion to Postpone, by its nature, must be heard prior to the hearing on the DIP Financing Motion and the Sale Motion, and before the expiration for the Investigation Period, the Committee respectfully requests that the Court shorten notice with respect to the Motion to Postpone.

42. The Committee has brought the Motion to Postpone as quickly as possible upon receiving the Debtors' and Adeptio's responses to its Discovery Requests.

43. For the reasons set forth above, the Committee respectfully requests that this Court schedule a hearing on the Motion to Postpone for December 11, 2007, so that it can be heard prior to the hearing on the Sale Motion and the expiration of the Investigation Period.

WHEREFORE, the Committee respectfully requests that the Court enter an order scheduling a hearing on the relief requested in the Motion to Postpone for December 11, 2007 at 2:00 p.m. (Eastern Prevailing Time).

| | |
|---|---|
| Dated: December 10, 2007<br>Wilmington, Delaware | Respectfully submitted,<br><br>REED SMITH LLP<br><br>By: /s/ Kurt F. Gwynne<br>Kurt F. Gwynne (No. 3951)<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500<br>Facsimile: (302) 778-7575<br>E-mail: kgwynne@reedsmith.com<br><br>and<br><br>Robert P. Simons, Esquire<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>E-mail: rsimons@reedsmith.com<br><br>and<br><br>Claudia Z. Springer, Esquire<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103-7301<br>Telephone: 215-851-8100<br>Facsimile: 215-851-1420<br>E-mail: cspringer@reedsmith.com<br><br>Proposed Counsel to the Official Committee of Unsecured Creditors |