```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                            .    Chapter 11
                                  .
INPHONIC, INC., et al.,           .    Case No. 07-11666(KG)
                                  .    (Jointly Administered)
                                  .
                                  .    November 30, 2007
                                  .    2:00 p.m.
            Debtors.              .    (Wilmington)
                                  .


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN GROSS
              UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1        THE CLERK: Please rise.

2        THE COURT: Good afternoon, everyone.  Please be
3   seated.  Well, we're here on the InPhonic matter.

4        MS. AUGUSTINE: Good morning, or good afternoon,
5   Your Honor.

6        THE COURT: Good afternoon.

7        MS. AUGUSTINE: Mary Augustine - -

8        THE COURT: Yes.

9        MS. AUGUSTINE:  - - from The Bayard Firm on behalf
10  of InPhonic and it's affiliated Debtors.

11       THE COURT: Good afternoon.

12       MS. AUGUSTINE: I'm here with my co-counsel, Tom
13  Califano - -

14       THE COURT: Yes.

15       MS. AUGUSTINE: - - who would like to proceed with
16  the agenda.  We do have three uncontested matters.

17       THE COURT: And by the way, I meant to mention I am
18  entering the orders on items 1, 2, and 3, which were provided
19  to me with a certificate of no objection.

20       MS. AUGUSTINE: Great.  Thank you, Your Honor.

21       THE COURT: Yes, Ms. Augustine.  Thank you.

22       MS. AUGUSTINE: Then we'll proceed with the next
23  matter that hasn't been continued with Mr. Califano.

24       THE COURT: Thank you.  Thank you, Ms. Augustine.

25       MS. AUGUSTINE: Thank you.

```
1              MR. CALIFANO: Thank you, Your Honor.

2              THE COURT: Welcome back, Mr. Califano.

3              MR. CALIFANO: Thank you, Your Honor.  So that is

4    items 1, 2, 1, 2, and 3 have the orders entered?

5              THE COURT: Yes.

6              MR. CALIFANO: Okay.  So we'll go to the fourth item

7    on the agenda is, is the DIP motion that's been adjourned,

8    Your Honor.  As we, as we did in chambers - -

9              THE COURT: Yes.

10             MR. CALIFANO:  - - to Wednesday at 8 a.m.

11             THE COURT: Exactly.

12             MR. CALIFANO: The fifth matter is our motion, is

13   the supplemental motion with respect to the bid procedures.

14             THE COURT: Yes.

15             MR. CALIFANO: And Your Honor, that motion is

16   intended to address the issue regarding the consumer

17   ombudsman.

18             THE COURT: Correct.

19             MR. CALIFANO: And the necessity there for.  And

20   when we looked at the statute, it was our opinion that based

21   on the plain language of the statute, as we set forth in our

22   motion, and obviously there isn't much case law on this

23   provision, we believed that if a Debtor had a privacy policy,

24   which the Debtor does have, the statute would be satisfied if

25   the buyer assumes to abide by that privacy policy once they
```

1  purchase the assets, and along with it any consumer

2  identifiable information.  Adeptio has agreed, and they're

3  our stalking horse bidder, has agreed to abide by the

4  consumer privacy policy that the Debtor had in place pre-

5  petition.  With our motion we submitted an affidavit of

6  Adeptio – -

7             THE COURT: Yes.

8             MR. CALIFANO:  - - setting that forth.  Our request

9  is to modify the bid procedures to require any bidder to

10 qualify as a bidder at the auction to make a similar

11 agreement.  That they will abide by the Debtors' privacy

12 policy.  If we do that, then the consumer interests are

13 protected, and there's no necessity for an ombudsman.  You

14 know, we thought about what was the best way to get this

15 issue before Your Honor, and resolve it, and we thought that

16 was the best way.  To have every buyer agree that they'd be

17 bound by our pre-existing, pre-petition privacy policy.  And

18 this way we can put the motion before Your Honor.

19            THE COURT: Thank you Mr. Califano.  Mr.

20 Schepacarter.

21            MR. SCHEPACARTER: Thank you, Your Honor.  Good

22 afternoon.  Richard Schepacarter for the United States

23 Trustee.  What Mr. Califano proposes sounds acceptable to us.

24 We had raised it at the first day hearing, and we raised it

25 again in an objection we filed, which I think is sort of on

1   the calendar a little bit.  And I guess when we finally get
2   to that, we can sort of clarify that a little bit.  As to
3   where that stands.  But, with respect to the ombudsman issue,
4   at this point, we have no objection to that, to the relief
5   that they have sought.
6           THE COURT: Very good.  Thank you.
7           MR. SCHEPACARTER: Thank you.
8           MR. CALIFANO: Thank you, Your Honor.  Okay.  The
9   next matter, Your Honor, is item no. 6, the application to
10  retain Goldsmith, Agio, Helms as the investment banker to the
11  Debtors.  Your Honor, we received objections from the Office
12  of the United States Trustee and an objection from the
13  Official Committee of Unsecured Creditors.  The, the United
14  States Trustee had issues with the terms of the retention.
15  We have, in agreement with the US Trustee, made modifications
16  to the order, and we have an agreed order on their retention.
17  The Committee had objections both to the terms of the
18  retention, and also on a macro issue as to whether it was
19  appropriate to retain investment bankers at all.  We've
20  agreed with the Committee on the issues with respect to the
21  retention, and have a modified order which reflects that.
22  With respect to the Committee's macro objection, that
23  objection remains in place.  That's an issue that goes to the
24  sale - -
25          THE COURT: Yes.

1      MR. CALIFANO: - - and goes to the dismissal of the
2 case.  Obviously, if the case is dismissed, and there's no
3 sale, then the retention becomes irrelevant, because we're
4 not selling the Debtor and will be in bankruptcy.  So we do
5 recognize that that objection remains to that extent, and
6 that Goldsmith Agio is, to that extent, still at risk.  If
7 the case would be dismissed and there would be no sale.
8      THE COURT: Correct.
9      MR. CALIFANO: So with that being said, Your Honor,
10 we have an order which all the objecting parties have agreed
11 to.  And with Your Honor's - -
12      THE COURT: I'd be pleased to look at it.
13      MR. CALIFANO: - - permission, I'll hand it up.
14      THE COURT: Please.  Please.  Thank you, Mr.
15 Califano.  Mr. Gwynne, you've seen the proposed order?
16      MR. GWYNNE: I have seen the order, Your Honor, and
17 it's acceptable to the Committee.  And I agree with Mr.
18 Califano's statements, and just wanted to make one minor
19 clarification, and that's that the Debtor also agreed that
20 the fact that Goldsmith Agio was being retained would not be
21 a factor that they would argue in support, or in opposition
22 to our motion to dismiss.
23      THE COURT: Certainly.
24      MR. CALIFANO: Basically, the parties reserve all
25 rights with respect to those issues.

1        THE COURT: All right.  I'm going to enter the
2   order.
3        MR. CALIFANO: Okay.  Thank you, Your Honor.  Your
4   Honor, item no. 7 is the Committee's motion to dismiss, or
5   convert, or require abandonment of certain assets.  That
6   motion is also being carried to Wednesday morning at 8 a.m.
7        THE COURT: Yes.
8        MR. CALIFANO: Your Honor, the next item, item no. 8
9   is the Committee's emergency motion for discovery.  I
10  believe, based on the stipulation of fact that the parties
11  worked out last week on a, and brought before Your Honor on
12  our conference call last week, I believe that that motion is
13  mooted.
14       THE COURT: I think, I think that's correct.  Do you
15  agree Mr. Gwynne?  Your, the discovery motion.
16       MR. GWYNNE: That's correct, Your Honor.
17       THE COURT: Thank you.
18       MR. CALIFANO: All right.  And the next item, Your
19  Honor, no. 9, the motion to reconsider the bid procedures,
20  etcetera.
21       THE COURT: Yes.
22       MR. CALIFANO: That motion is also being carried to
23  Wednesday at 8 a.m.
24       THE COURT: Excellent.
25       MR. CALIFANO: And I believe, Your Honor, that is

1  it.  There is, as Mr. Schepacarter mentioned, on the agenda
2  there was the US Trustee's objection to the sale, which had
3  two issues.  One was a reference to §363(o), and I was never,
4  I had never heard of that section until Mr. Schepacarter
5  pointed it out to me.  And he has language that he'd like us
6  to insert into any sale order, and we've agreed that we would
7  insert that into the sale order.  The second prong of the
8  objection was with respect to the consumer ombudsman.
9       THE COURT: Yes.
10      MR. CALIFANO: And that issue has been resolved.
11      THE COURT: Mr. - -
12      MR. CALIFANO: So that would, that would complete
13 our agenda for today, Your Honor.
14      THE COURT: Thank you Mr. Califano.  Mr.
15 Schepacarter.
16      MR. SCHEPACARTER: Thank you, Your Honor.  Thank you
17 Mr. Califano.  For the record, Richard Schepacarter, United
18 States Trustee.  Just to clarify our objection.  It's
19 actually an objection to the sale.  It's Docket No. 125.  It
20 was listed as an objection, I think, to the supplement, and
21 it really wasn't.  It was basically towards the sale, which
22 the objection deadline isn't until next week.
23      THE COURT: Correct.
24      MR. SCHEPACARTER: Mr. Califano's correct in that we
25 resolved the ombudsman issue, and that we also resolved the

1   363(o) issue, which is the, basically the causes of actions
2   that consumers or private parties may have, sort of go along
3   with - - I'm not sure that that is applicable in this case,
4   but to the extent that it is, it will be continued.  And
5   that's fine with us.  So that satisfies our office's
6   concerns.  The third part of the objection really isn't much
7   of an objection.  It's basically a restating of the law in
8   that we have indicated in our papers - - I'll call that the
9   response part of what I wrote.
10              THE COURT: You've given us a preview, I think, of
11  - -
12              MR. SCHEPACARTER: A preview.
13              THE COURT: Yes.
14              MR. SCHEPACARTER: Basically, we would like the
15  parties to be able to put on credible evidence to the effect
16  that they can satisfy all of the adversaries' factors, which
17  are the factors which are longstanding, well settled law in
18  this 3rd Circuit Court of Appeals district, actually want to
19  call it a region, indicating what has to go forward with the
20  363 sale.
21              THE COURT: Yes.
22              MR. SCHEPACARTER: That all of the tenets in that,
23  that case are met.  And if the parties can do that, then the,
24  then the sale can go forward.  But I just want to sort of
25  reiterate that in this case.  I know there's some issues with

1  the credit bid, and some other issues.

2             THE COURT: Yes.

3             MR. SCHEPACARTER: So that we want to make sure that

4  that's all sort of out there on the record, and taken care

5  of.

6             THE COURT: I think it's helpful, and thank you, Mr.

7  Schepacarter.

8             MR. SCHEPACARTER: Thank you.

9             MR. AGAY(Telephonic): Your Honor, this is David

10 Agay from Kirkland & Ellis.

11            THE COURT: Yes, Mr. Agay.

12            MR. AGAY(Telephonic): We have not yet had an

13 opportunity to review the language that was agreed upon for

14 inclusion in the sale order - -

15            THE COURT: Okay.

16            MR. AGAY(Telephonic): - - by the Debtors and the US

17 Trustee.  I have every confidence in the Debtor, but we just

18 reserve our rights, until we take a look at that language.

19            THE COURT: Well, would you like me to hold off

20 entering the order until you've had that opportunity?

21            MR. AGAY(Telephonic): The order granting - -

22            THE COURT: Oh, I'm sorry.  That's - - this is the

23 sale order - -

24            MR. AGAY(Telephonic): Yes.

25            THE COURT:  - - that you're referring to.

1          MR. AGAY(Telephonic): This is the sale order.

2          THE COURT: Of course.  Of course.  That's not even

3   really before me here today.

4          MR. AGAY(Telephonic): Right.

5          MR. SCHEPACARTER: Just for the record.  It's the

6   same language that was used at another case where Chrysalis

7   or I forget the name of the parent's called.  I cannot

8   remember.

9          THE COURT: The - -

10         MR. SCHEPACARTER: It was Versa, thank you.

11         THE COURT:  - - the hospital case.  The Northwest

12  Suburban case.

13         MR. SCHEPACARTER: No.  It wasn't that case.  It was

14  a different case.  It was Hollistan Mills (phonetic), or one

15  of those cases, I think, where they were the purchaser in the

16  case.  And it's the exact same language that we worked out

17  with counsel who represented, I can't remember, I think it

18  was Agra Vista - -

19         THE COURT: Yes.

20         MR. SCHEPACARTER:  - - was the name of the, the

21  party who was buying it.  So, but it's the same language that

22  we would use now as we used in the other sale.  And it's

23  basically the same parties.

24         THE COURT: Okay.

25         MR. SCHEPACARTER: Well, it's a different subsidiary

1   of the same parent.

2           THE COURT: But, I guess what Mr. Agay is saying is

3   he just, he wants to make it clear that rights are being

4   reserved as to that language and - -

5           MR. SCHEPACARTER: That's fine.

6           THE COURT:  - - if there are any problems, then

7   perhaps he'll be able to speak with you.

8           MR. SCHEPACARTER: Sure that's fine.

9           MR. AGAY(Telephonic): Yes.  That's exactly right.

10          MR. SCHEPACARTER: That's fine.

11          THE COURT: Thank you, Mr. Agay.

12          MR. SCHEPACARTER: That's fine.  Thank you.

13          THE COURT: Mr. Gwynne.

14          MR. GWYNNE: Thank you, Your Honor.  Kurt Gwynne on

15  behalf of the Creditors Committee.  On Monday's conference

16  call with Your Honor at noon, we discussed that we had a

17  stipulation of facts.  That there were a few matters that

18  needed to be modified in that stipulation.  And we did take

19  care of that, and the stipulation has been signed by the

20  Debtor, Adeptio, and the Committee.  But in the stipulation

21  it provided that it governed, with respect to Adeptio, that

22  it only governed with respect to the hearing that was going

23  to take place on November 30th.  But as part of the

24  continuance, we've agreed that the stipulation will govern

25  the hearing that is now scheduled for next Tuesday at 8 a.m.,

1  and I just wanted to - -

2          THE COURT: Next Wednesday, but that - -

3          MR. GWYNNE: Wednesday. I'm sorry, Your Honor.

4          THE COURT: Just to be clear.

5          MR. GWYNNE: Right. Wednesday at 8 a.m. I just

6  wanted counsel to confirm that on the phone. Thank you.

7          MR. AGAY(Telephonic): Your Honor, David Agay for

8  Adeptio. I absolutely confirm that.

9          THE COURT: Wonderful. Thank you, Mr. Agay. Do I

10 need a form of order from you on the bid procedures at this

11 point?

12         MR. CALIFANO: No, Your Honor. I don't believe that

13 we do.

14         THE COURT: Okay. All right. Well, I think then

15 we've covered all the matters.

16         MR. CALIFANO: Yes, Your Honor.

17         THE COURT: And I'm appreciative to counsel, and I

18 think it was a productive session. And we will then stand in

19 recess until Wednesday at 8 a.m.

20    (The remainder of the page is intentionally left blank.)

21

22

23

24

25

1          MR. CALIFANO: Thank you, Your Honor.

2          ALL: Thank you, Your Honor.

3          THE COURT: Thank you, everyone.

4          MR. SCHEPACARTER: Thank you, Your Honor.

5          THE COURT: Good day now.

6     (Whereupon at 2:15 p.m. the hearing in this matter was

7  concluded for this date.)

8

9

10

11

12

13

14

15

16

17

18          I, Jennifer Ryan Enslen, approved transcriber for

19  the United States Courts, certify that the foregoing is a

20  correct transcript from the electronic sound recording of the

21  proceedings in the above entitled matter.

22

23   _/s/Jennifer Ryan Enslen_                    __12/10/07__
     Jennifer Ryan Enslen
24   43 Bay Boulevard
     Newark, DE 19702
25   (302)836-1905