# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : Chapter 11 |
| : |
| INPHONIC, INC., et al.,[1] : Case No. 07-11666 (KG) |
| : (Jointly Administered) |
| Debtors. : |
| : Re: Docket No. 209 |

## DEBTORS' OBJECTION TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) POSTPONING THE SALE HEARING CURRENTLY SCHEDULED FOR DECEMBER 13, 2007, AND (II) EXTENDING THE INVESTIGATION PERIOD

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this objection (the "Objection") to the Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period (the "Emergency Motion"). By this Objection, the Debtors respectfully request that the Court: (a) deny the Emergency Motion, and (b) conduct a settlement conference at the hearing currently scheduled for December 11, 2007. In support of this Objection, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

Contrary to the nonsensical assertions of the Official Committee of Unsecured Creditors (the "Committee") in the Emergency Motion that "Adeptio [INPC Funding LLC ("Adeptio")] and the Debtors have not been diligent in providing responsive documentation," both Adeptio

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00706260;v1}

and the Debtors have exercised the utmost diligence in attempting to respond to the Committee's overbroad and irrelevant production requests in a complete and timely manner. The Committee, on the other hand, has failed to make a good faith effort to either conduct a reasonable investigation within the time provided by this Court or resolve the issues presented in the Emergency Motion with the Debtors and Adeptio.

Further, the Committee, as with its other challenges to the proposed sale and Debtors' bankruptcy cases, is again relying on false accusations regarding the conduct of the other parties, which parties are working toward a productive resolution. Notwithstanding the Court's advice to the parties to focus on settlement and avoid additional and unnecessary litigation, the Committee focuses on a litigation strategy, instead of addressing the underlying substantive issues, to extort a settlement from Adeptio and the Debtors. This strategy risks irreparable harm to the Debtors' estates and damages the legitimate efforts of the Debtors and Adeptio to preserve some value for the Debtors' creditors, both secured and unsecured. Accordingly, the Emergency Motion should be denied.

## BACKGROUND

1. On November 8, 2007, (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continued to possess their property and to operate and manage their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3. On November 16, 2007, the United States Trustee appointed the Committee and the Committee selected proposed counsel. Upon information and belief, Adeptio provided the

Committee with applicable lien search and perfection documents the day the Committee was appointed.

4. The Debtors and Adeptio were not served by the Committee with any discovery requests relating to the claims investigation, or any other aspect of the proposed sale, until nine days after Committee was appointed, on November 25, 2007 (the "First Request").

5. On November 21, 2007, the Committee filed several motions (collectively, the "November 21 Motions") attempting, inter alia, to dismiss the Debtors cases and disrupt the proposed Sale to the detriment of all creditors. See Declaration of Thomas R. Califano in Support of the Objection, dated December 10, 2007, at ¶ 8 (the "Califano Declaration", attached hereto as Exhibit A). Directly thereafter, Debtors' counsel and Committee counsel began negotiations in an attempt to stipulate to certain facts surrounding the November 21 Motions. After a lengthy negotiation process, the parties agreed to certain stipulated facts. (the "Stipulation of Facts").

6. After receiving no additional requests or communications from the Committee regarding the First Request, on December 4, 2007, the Committee sent an e-mail requesting certain documents (the "Second Request").

7. Thereafter, as explained more completely in the Califano Declaration and the Declaration of E. O'Brien Kelly in Support of this Objection, dated November 10, 2007 (the "O'Brien Declaration"), Debtors' counsel has made a good faith effort to diligently respond to Committee counsel's requests, both within and outside the context of the First and Second Requests.

## **OBJECTION**

8.  As discussed more fully in the Califano Declaration and O'Brien Declaration, the Debtors have made numerous and ongoing good faith attempts to comply with the Committee's First and Second Requests, despite the fact that several of the document requests contained therein are overbroad and irrelevant to the matters at hand.

9.  Since the Committee's appointment, the Debtors and Adeptio have exercised the utmost diligence and worked cooperatively in an attempt to facilitate the confidential transfer of information to the Debtors and to make a representative of the Debtors available for interview by the Committee. Notwithstanding the substantial delay in establishing the confidentiality and the process for reviewing information, the Debtors have made every effort to provide the Committee with over two thousand pages of documents since the Second Request on December 4, 2007. See Califano Declaration, ¶¶ 9-27. The Debtors remain committed to providing a significant number of additional documents to the Committee to assist in their investigation. See id. ¶¶ 21-27; O'Brien Declaration, ¶¶ 5-7.

10.  In fact, the Committee has failed to take advantage of most of the investigation period originally provided by this Court, waiting until the end of the period to request additional documents and more time to conduct a proper investigation. Immediately after being appointed, the Committee was provided with the initial documentation regarding Adeptio's lien and secured claims, but has failed to follow up on that information. The Committee has instead focused on unnecessary motion practice, not on the legitimate investigation of the Debtors' operations and secured creditors.

11.  The Committee now seeks an extension, which extension will cause irreparable harm to the Debtors' estate, and their secured and unsecured creditors, by further postponing the

{00706260;v1}

proposed sale in an attempt to extort concessions from the Debtors and their secured creditors. This behavior should not be condoned. The Committee had sufficient time to investigate Adeptio's liens and underlying claims, but did not make a good faith effort to accomplish this goal. They have presented no justification for the proposed relief in the Emergency Motion.

## CONCLUSION

Based on the foregoing reasons, the Califano Declaration and the O'Brien Declaration, the Debtors respectfully request that the Court: (a) deny the Emergency Motion; (b) conduct a settlement conference at the hearing scheduled for December 11, 2007; and (c) grant such other and further relief as this Court deems just and proper.

Date:   December 11, 2007
        Wilmington, Delaware

Respectfully submitted,

**THE BAYARD FIRM**

By:  /s/ Mary E. Augustine
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York  10020
Telephone:   (212) 335-4500
Facsimile:   (212) 335-4501

Counsel for Debtors
and Debtors in Possession

{00706260;v1}