<u>**Exhibit A**</u>

<u>**Declaration of Thomas R. Califano**</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## DECLARATION OF THOMAS R. CALIFANO IN SUPPORT OF DEBTORS' OBJECTION TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) POSTPONING THE SALE HEARING CURRENTLY SCHEDULED FOR DECEMBER 13, 2007, AND (II) EXTENDING THE INVESTIGATION PERIOD

THOMAS R. CALIFANO being duly sworn, deposes and states:

1.      I am a partner of DLA Piper US LLP ("DLA Piper"), which maintains an office for the practice of law at 1251 Avenue of the Americas, New York, NY 10020-1104.  I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York.  I submit this Declaration in Support of Debtors' Objection (the "Objection") to the Emergency Motion for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007 and (II) Extending the Investigation Period (the "Emergency Motion") filed by the Official Committee of Unsecured Creditors (the "Committee").

2.      The Court should deny the Committee's Emergency Motion.  Contrary to the Committee's assertions that "Adeptio and the Debtors have not been diligent in providing

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

responsive documentation," both Adeptio and the Debtors, despite the Committee's lack of good faith, have exercised the utmost diligence in attempting to respond to the Committee's production request in a complete and timely manner.

3.  On November 16, 2007, the United States Trustee appointed the Committee and the Committee selected proposed counsel. Upon information and belief, Adeptio provided the Committee with applicable lien search and perfection documents the day the Committee was appointed.

4.  The Debtors and Adeptio were not served by the Committee with any discovery requests relating to the claims investigation, or any other aspect of the proposed sale, until November 25, 2007 (the "First Request").

5.  The Committee failed to make any good faith attempt at conducting an investigation or requesting documents relating to the proposed sale until nine (9) days of the twenty-five (25) day investigation period had passed and now seek relief that would cause irreparable harm to the Debtors' estates.

6.  On November 21, 2007, the Committee filed several motions including:

- Motion for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or Alternatively, (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code;

- Motion of the Official Committee of Unsecured Creditors Pursuant to Del. Bankr. LR. 9006-1(e) for an Order Limiting and Shortening Notice to Consider Motion of the Committee of Unsecured Creditors for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code;

- Emergency Motion Of The Official Committee Of Unsecured Creditors for an Expedited Telephonic Hearing to Consider the Motion Pursuant to Bankruptcy Rule 9006(c)(1) And Federal Rules Of Civil Procedure 30, 33, 34,

And 36 For An Order Establishing Shortened Discovery Procedures Filed by Official Committee of Unsecured Creditors.;

- Emergency Motion Of The Official Committee Of Unsecured Creditors for an Expedited Telephonic Hearing to Consider the Motion Pursuant to Bankruptcy Rule 9006(c)(1) And Federal Rules Of Civil Procedure 30, 33, 34, And 36 For An Order Establishing Shortened Discovery Procedures Filed by Official Committee of Unsecured Creditors;

- Objection to the Application for Order Pursuant to 11 U.S.C. § 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 Authorizing Employment and Retention of Goldsmith, Agio, Helms Securities, Inc. as Investment Banker to Debtors in Possession;

- Motion to Reconsider Order (a) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief;

- Motion to Shorten Time to Consider Motion to Reconsider Order (a) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement Provisions; and (e) Granting Related Relief ; and

- Objection to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (C) and (D) (collectively, the "November 21 Motions").

7.    Directly following the filing of the November 21 Motions, Debtors' counsel and the Committee counsel began negotiations in order to agree to a stipulation of facts pertaining to the November 21 Motions. Debtors' counsel and the Committee did in fact come to terms on such a stipulation of facts (the "Stipulation of Facts"). While the Stipulation of Facts was being

negotiated, there were no further inquiries into disclosure under the First Request on the part of Committee counsel.

8.      After receiving no additional requests or communications from the Committee regarding the First Request, on December 4, 2007, the Committee sent me an e-mail requesting certain documents (the "Second Request"), attached hereto as Exhibit A.

9.      This Second Request contained approximately twenty-five (25) broadly worded document requests that will require the Debtors to compile an enormous universe of documents; most of which would be irrelevant to the matters at hand.

10.     On December 6, 2007, the Debtors served the Committee with the Responses and Objections of the Debtors to the Second Set of Requests for the Production of Documents Propounded by the Official Committee of Unsecured Creditors of InPhonic, Inc. to InPhonic, et al. (the "Debtors' Responses").

11.     Due to the volume and scope of the documents requested in the Second Request, Debtors' counsel worked diligently through yet another weekend in a good faith attempt to gather and disclose the requested documents.

12.     On December 7, 2007, Debtors' counsel and Committee counsel entered into negotiations in an attempt to clarify the scope and aim of some of the Second Request. Thereafter, Debtors' counsel agreed to produce virtually all of the documents requested in the Second Request.

13.     On Friday, December 7, 2007, Committee counsel, through Robert P. Simons, whom the Debtors were told would be handling negotiations, requested that the Debtors make an officer or director available for questioning by the Committee as part of informal settlement negotiations. The Debtors agreed to make such a person available.

14.     Thereafter, Committee counsel, Kurt Gwynne, whom the Debtors were told was handling litigation matters, requested to also be part of any such questioning. The Committee's need to include Mr. Gwynne in the questioning of a representative of the Debtors made it clear that any potential questioning was no longer an informal inquiry as part of settlement discussions, but rather, part of a formal investigation of the Debtors.

15.     As a condition to making a representative of the Debtors available for questioning, Debtors' counsel requested a list of discussion topics (the "List"). Committee counsel agreed to provide the List if it was not disclosed to Adeptio. In response, again, Debtors' counsel agreed to enter into an agreement whereby neither the Debtors nor Debtors' counsel would share the List with Adeptio "absent receipt of a formal discovery request from Adeptio seeking the production of the list or disclosure of its contents . . . provided, however, in the event that the Debtors received such a [r]equest, the Debtors will not produce the List or its contents before the third business day after the day that the Debtors notify Committee counsel" of such request. See December 10, 2007 Letter, attached hereto as Exhibit B.

16.     On December 10, 2007, Debtors' counsel returned the December 10, 2007 Letter to Committee counsel with minimal changes. However, to date, Debtors' counsel has yet to receive either a List or a response to their good faith attempts to resolve the issue with Committee counsel.

17.     It is clear to Debtors' counsel that Committee counsel was not making a good faith attempt to do an investigation throughout the ongoing negotiations and demands, but rather, was merely posturing.

18.     On December 10, 2007, the Debtors began providing discovery to the Committee in accordance with the following timeline (all as supported by the O'Brien Declaration):

- Beginning at or around 2:04 p.m., provided approximately 2,762 pages of documents to the Committee in response to the Committee's December 4, Request. O'Brien Declaration, ¶ 2;

- At 3:16 p.m., the Debtors also served 92 pages of documents on the Committee by email. This email was sent to counsel for the Committee, Kurt Gwynne, at kgwynne@reedsmith.com. Id. at ¶ 3;

- At 3:21 p.m., the Debtors also served 900 pages of documents on the Committee by email. This email was sent to counsel for the Committee, Kurt Gwynne, at kgwynne@reedsmith.com. Id. at ¶ 3;

- At 3:22 p.m., the Debtors' email program, Microsoft Outlook, generated an email indicating that Mr. Gwynne's email box was full and could not receive the 3:21 p.m. transmission of documents. Id. at ¶ 5;

- At 3:32 p.m., the Debtors emailed Mr. Gwynne and informed him that they could no longer serve documents by email, as his email box was apparently full, and asked that he advise as to how he would like the documents to be served. Id. at ¶ 6;

- At approximately 4:10 p.m., the Debtors called Mr. Gwynne at 302-778-7550 and left a message detailing their inability to continue to serve documents by email, and again asking for direction as to how he would like additional documents to be served. Id. at ¶ 7.

19.    As of 4:32 p.m. Debtors have prepared hundreds of pages of additional documents to serve on Mr. Gwynne but cannot do so electronically until the technical issues at Mr. Gwynne's firm are resolved. Id. at ¶ 8.

20.    Compact discs containing the Debtors' production have been and continue to be created, and Debtors have advised Mr. Gwynne that we will serve the discs by overnight courier to be received on December 11, 2007. Id. at ¶ 9.

21.    I, based on the foregoing, believe that the Committee has neither made good faith efforts to resolve the issues presented in the Emergency Motion, nor filed the motion with the intention of facilitating a productive investigation.

22.    Rather the Committee, as it has done throughout these cases, has filed the Emergency Motion as an attempt to obtain leverage to extort a payment out of Adeptio, or in the alternative, cause irreparable harm to the Debtors as they attempt to preserve estate value for secured creditors, unsecured creditors and other constituents.

23.    The Debtors and Adeptio, on the other hand, have made, and will continue to make all possible good faith efforts to come to a reasonable and equitable resolution with the Committee on the matters contained in the Emergency Motion, and any other matters, if given the proper chance and venue

24.    I, Thomas R. Califano, swear under penalty of perjury that the foregoing is true and correct.

25.    By reason of the foregoing, the Court should deny the Emergency Motion and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 11, 2007

                                        /s/ Thomas R. Califano
                                        Thomas R. Califano
                                        DLA Piper US LLP

**Exhibit A**

**Second Request**

**Lord, John B**

| | |
|---|---|
| From: | Gwynne, Kurt F. |
| Sent: | Tuesday, December 04, 2007 10:51 AM |
| To: | 'Thomas.Califano@dlapiper.com'; 'dagay@kirkland.com' |
| Cc: | Simons, Robert P.; Springer, Claudia Z. |
| Subject: | LIEN/CLAIM INVESTIGATION RE: PREPETITION LENDERS AND ADEPTIO |

Dear Tom and David:

With respect to our investigation of the liens, security interests, and claims by and against Adeptio, its predecessor, and the prior secured creditors, we need prompt responses from both the Debtors and Adeptio (as those terms are defined below) as soon as possible (as we currently have only 25 days from Committee formation to conduct the investigation):

DEFINITIONS

1.  "Any" shall be inclusive, meaning any and/or all.

2.  "Adeptio" means Adeptio INPC Funding, LLC, a Delaware limited liability company and its affiliates, and including Versa Capital Management, Inc.

3.  "Debtors" means InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned corporate and limited liability company subsidiaries: (a) CAIS Acquisition, LLC, a Delaware limited liability company; (b) CAIS Acquisition II, LLC, a Delaware limited liability company; (c) SimIPC Acquisition Corp., a Delaware corporation; (d) Star Number, Inc., a Delaware corporation; (e) Mobile Technology Services, LLC, a Delaware limited liability company; (f) FON Acquisition, LLC, a Delaware limited liability company; and (g) 1010 Interactive, LLC, a Delaware limited liability company.

4.  "Or" shall mean and/or.

5.  "Prepetition Lenders" has the meaning ascribed to it in the affidavit of Kenneth D. Schwarz filed in support of the applications and motions filed by the Debtors on the petition date.

DOCUMENT REQUESTS

1.  All email, correspondence and other communications between any of the Prepetition Lenders and any of the Debtors.

2.  All documents regarding any payments made to any of the Prepetition Lenders by any of the Debtors.

3.  All documents regarding the basis for any payments made to any of the Prepetition Lenders by any of the Debtors.

4.  All documents regarding the participation by any of the Prepetition Lenders in the boards of directors of any of the Debtors.

5.  All documents regarding the payment of any dividends to any of the Prepetition Lenders.

6.  All documents regarding the payment of any stock redemption payment to any of the Prepetition Lenders.

7.  All confidentiality agreements between any of the Prepetition Lenders and any or all of the Debtors.

8.  All documents regarding the members of AP InPhonic Holdings, LLC.

1

9.      All documents concerning any agreements between or among the Prior Lenders, Adeptio and any prior or current directors or officers of any of the Debtors regarding the provision of any consideration to any such officers or directors..

10.     All documents regarding the release of any of the Prepetition Lenders by the Debtors.

11.     All documents regarding any potential claims against any of the Prepetition Lenders by the Debtors.

12.     All documents regarding the timing of the filing of the Debtors' bankruptcy petitions.

13.     Copies of all financing statements filed by Adeptio.

14.     All email, correspondence and other communications between Adeptio and any of the Debtors.

15.     All documents regarding any payments made to Adeptio by any of the Debtors.

16.     All documents regarding the basis for any payments made to Adeptio by any of the Debtors.

17.     All documents regarding the participation by Adeptio in the boards of directors of any of the Debtors.

18.     All confidentiality or other agreements between Adeptio and any of the Debtors.

19.     All documents regarding the release of Adeptio by the Debtors.

20.     All documents regarding any potential claims against Adeptio by any of the Debtors.

21.     All documents regarding Adeptio's decision to purchase claims against the Debtors rather than to purchase the Debtors' assets.

22.     Copies of the Debtors' general ledger entries and sub-ledger entries for the Prepetition Lenders.

23.     Copies of the Debtors' account statements for the Prepetition Lenders.

24.     Copies of the Debtors' general ledger entries and sub-ledger entries for Adeptio.

25.     Copies of the Debtors' account statements for Adeptio.

As you know, we have a limited amount of time to conduct our investigation. Previously, you both indicated that you would not focus on this discovery until after the other discovery/expedited hearing issues were resolved. That discovery has now been resolved and the hearings will conclude tomorrow. Accordingly, we request and expect the Debtors' and Adeptio's full cooperation to get us all of the requested documents asap. We have little precious time left in our investigation period.

Previously, you have both claimed that certain of the requested documents are irrelevant. We respectfully disagree.

Please confirm that (i) on behalf of your clients, you will send to us the responsive (non-privileged documents), and (ii) the date upon which we can expect to receive those documents (and if a rolling production, when it will start and end). There is no reason that many of the requested documents could not be produced tomorrow. We reserve the right to request additional documents and to seek to extend the investigation deadline and sale hearing or other deadlines/hearings as may be appropriate.

Thank you in advance for your cooperation, kg.

**Kurt F. Gwynne**
302.778.7550
kgwynne@reedsmith.com

2

**Reed Smith**LLP

1201 Market Street
Suite 1500
Wilmington, DE 19801
302.778.7500
Fax 302.778.7575

3

**Exhibit B**

**Revised December 10, 2007 Letter**

# ReedSmith

Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
+1 412 288 3131
Fax +1 412 288 3063

Joshua C. Lewis
Direct Phone: 412.288.4146
Email: jlewis@reedsmith.com

December 10, 2007

**VIA FACSIMILE (212) 884-8690 AND ELECTRONIC MAIL**

Thomas R. Califano, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY  10020-1104

     Re:    <u>InPhonic, Inc., et al.; Case No. 07-11666 (KG) (Bankr. D. Del.)</u>

Dear Tom:

     This will confirm your telephone conversation with Kurt Gwynne this morning regarding your request that the Committee supply you with a list of discussion topics (the "List") in connection with the Committee's interview of the Debtors' representative.  You have agreed that neither the Debtors nor their counsel will supply or otherwise disclose the List or its contents to Adeptio or its counsel absent receipt of a formal discovery request from Adeptio seeking the production of the List or disclosure of its contents (the "Discovery Request"); *provided, however*, in the event that the Debtors receive such a Discovery Request, the Debtors will not produce the List or its contents before the third business day after the day that the Debtors notify Committee counsel in writing via facsimile to me that they have received the Discovery Request.

     Please acknowledge our understanding by counter-signing below.  Upon receipt of your signature, we will supply you with the List.  Note that the List is subject to change in all respects based upon the Committee's review of the documents produced by Adeptio and/or the Debtors.  Accordingly, the List is being supplied without prejudice to the Committee's right to supplement or amend the List.

     Sincerely,

Joshua C. Lewis

**ACKNOWLEDGED AND AGREED:**

Thomas R. Califano, Esq.
Counsel to the Debtors

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m