IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. **209 and 211** |

### ADEPTIO'S OBJECTION TO CREDITORS' COMMITTEE'S EMERGENCY MOTION TO POSTPONE SALE HEARING AND EXTEND INVESTIGATION PERIOD

The official committee of unsecured creditors (the "Creditors' Committee") has filed eleventh-hour motions[2] to extend its investigation period and postpone the sale hearing, which dates the Court set at the inception of these bankruptcy cases a month ago. In its motions, the Creditors' Committee attempts to paint Adeptio INPC Funding, LLC ("Adeptio") as having actively impeded the Creditors' Committee's investigation and failing to cooperate with its discovery requests. Nothing could be further from the truth. Adeptio is filing this objection to (i) explain why the Court should maintain the current timeline, (ii) respond to the Creditors' Committee's misstatements, and (iii) assist the Court in understanding the current state of settlement discussions between the parties.

---

[1]  The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2]  The motions are: Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period (Docket No. 209); and Motion of the Official Committee of Unsecured Creditors Pursuant to Del.Bankr.LR. 9006-1(e) for an Order Limiting and Shortening Notice to Consider Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period (Docket No. 211).

DB02:6431956.2

**PRELIMINARY STATEMENT**

Since its formation, the Creditors' Committee has demonized Adeptio as a "bad actor" in these cases. Without foundation, the Creditors' Committee has alleged that Adeptio is misappropriating value from unsecured creditors. Indeed, in the next breath, the Creditors' Committee confesses that they are "out-of-money." The fact that no bidders have emerged to top Adeptio's credit bid just proves the truth of this statement and justifies the structure and timeline of these cases.

Contrary to the Creditors' Committees allegations, Adeptio is a rescue financier. In point of fact, Adeptio is: the <u>only reason</u> the Debtors still exist; the <u>only chance</u> for survival of the Debtors' businesses as a going-concern; and the <u>only party</u> offering unsecured creditors any opportunity for recovery in these cases. Adeptio has shouldered the significant costs of these cases for a business that currently is losing $3.2 million per week. On the other hand, unsecured creditors are bearing no cost of these bankruptcy cases. While Adeptio has worked to salvage the Debtors' business, the Creditors' Committee has, at every turn, striven to increase the costs of these cases for all parties and has argued for an outcome, i.e., dismissal, conversion or abandonment, that guarantees zero recovery for its constituents. It is unclear how a creditors' committee can advocate for this outcome while purporting to carry out its fiduciary duty to unsecured creditors.

Because of the Debtors' continuing losses and the significant costs of the chapter 11 proceedings, Adeptio structured its DIP funding and the purchase agreement so that the Debtors' businesses could emerge from bankruptcy on a highly expedited basis. In this regard, it is notable that, in its current motions, the Creditors' Committee never questions the Debtors' business judgment in entering into the DIP and purchase agreement with Adeptio. Moreover, the

Creditors' Committee has had sufficient time to investigate Adeptio's prepetition claims and liens and Adeptio has fully responded to all of the Creditors' Committee's discovery requests. Absent any other reason advanced by the Creditors' Committee for extending the investigation period or delaying the sale hearing, the Court should deny the motion.

While parrying the Creditors' Committee's numerous motions and responding to its multiple discovery requests, Adeptio has abided by the Court's advice to earnestly engage in settlement discussions with the Creditors' Committee. To that end, upon closing of the sale, Adeptio has committed to fund/assume up to $2.7 million (a) for professional and administrative costs of the estate, and (b) to finance an investigation and potential prosecution of claims that could result in significant recoveries for unsecured creditors and finance a chapter 11 plan. To date, the Creditors' Committee has rejected this proposal in favor of a scorched earth approach that, if successful, would guarantee zero recovery for unsecured creditors. Despite this, Adeptio continues to hope for a consensual resolution that stops the hemorrhaging of administrative costs and frees the Debtors' resources to work towards a rehabilitation of the Debtors' businesses and a recovery for unsecured creditors.

I. *Creditors' Committee's Discovery Requests and Adeptio's Responses*

Contrary to the Creditors' Committee's assertions, Adeptio has worked diligently to facilitate the Creditors' Committee's investigation and to timely respond to the Creditors' Committee's discovery requests. Unfortunately, in its motion, the Creditors' Committee neglects to mention the following salient facts that the Court should consider:

- On the same day as the Creditors' Committee's formation meeting, Adeptio delivered to the Creditors' Committee's counsel a voluminous binder containing 29 different documents relating to the pre-petition loan, including Adeptio's lien searches, so that the Creditors' Committee could immediately begin its investigation.[3]

---

[3] See Certification of Counsel re Delivery of Discovery Materials, attached hereto as Exhibit A.

- Following the Creditors' Committee formation and Adeptio's initial disclosure, Adeptio did not hear from the Creditors' Committee until November 21st.

- On November 21st, the eve of Thanksgiving, the Creditors' Committee filed several motions and objections, including its motion to dismiss, motion to reconsider the bid procedures, and objection to the DIP motion. At that same time, the Creditors' Committee filed a motion for shortened discovery procedures which included its first discovery request of Adeptio.

- Adeptio worked through the Thanksgiving holiday weekend to respond to the Creditors' Committee's discovery requests.

- On November 25th, while still working on the Creditors' Committee's first discovery request, Adeptio was served with a second discovery request, purporting to pertain to the Creditors' Committee's investigation of Adeptio's claims, which in many respects was redundant of the first. Adeptio did not immediately respond to this second request, as its resources were committed to responding to the first discovery request.

- Following several discovery-related discussions and at least three telephonic hearings with the Court on November 21, November 26 and November 27, the parties entered into an agreed stipulation of facts on November 27 that absolved Adeptio of responding to the first discovery request.

- In light of the overlap between the first and second discovery requests, Adeptio believed that the second discovery request was rendered moot, at least in part, by the November 27 stipulation of facts.

- However, a week later, on December 4, the Creditors' Committee "re-served" its November 25th discovery request, which was substantially modified.

- Adeptio forwarded its response to the Creditors' Committee's December 4 request, two days later, on December 6. The Creditors' Committee correctly states that Adeptio only produced 2 pages of responsive documents. However, this is because, with exception of two documents, Adeptio had already produced responsive documents or was not aware of any other responsive documents.

- Adeptio objected to requests #1 and #14 in the December 4th request, which sought "all email, correspondence and other communications" between Adeptio and the Debtors, on the grounds that the requests were overbroad and sought irrelevant information not likely to lead to the discovery of admissible evidence.

- The next day, on December 7th, Adeptio worked with the Creditors' Committee to reach an acceptable compromise on document requests #1 and #14. In lieu of the original requests, Adeptio agreed to deliver "all email, correspondence and other communications between Adeptio and InPhonic relating to (or regarding) the prepetition claims."

- Immediately thereafter, Adeptio and its professionals spent the entire weekend, December 8 and 9, gathering and reviewing emails, correspondence and other communications between Adeptio and the Debtors. On December 9th, Adeptio served the Creditors' Committee with all potentially responsive documents which totaled approximately 150 pages. One additional document was disclosed on December 10th.

Far from evidencing a pattern of delay or obstruction, the foregoing events and actions by Adeptio evidence its full cooperation in the Creditors' Committee's investigation. Adeptio quickly responded to the Creditors' Committee's discovery requests and made every effort to facilitate disclosure. Adeptio did not even wait for the Creditors' Committee to make a request prior to providing documents. Thus, if the Creditors' Committee's only basis for the relief requested in the motions is Adeptio's conduct, the motions should be denied outright.

II.     *The Investigation Period is Sufficient and the Sale Hearing Should Not Be Postponed*

The Creditors' Committee insists that the sale hearing should be postponed and that the investigation period should be extended for 30 days. Adeptio respectfully submits that no reason exists for a delay. Adeptio believes, for the reasons set forth at the "first-day" hearing[4] and herein, that the 25-day investigation period more than suffices under the circumstances. As Adeptio bought the prepetition debt in early November 2007 and the chapter 11 cases were filed on November 8, the Creditors' Committee's investigation of Adeptio's claim should not have involved a lengthy process. Starting with Adeptio's proactive sharing of information with the Creditors' Committee on the same date as the formation of the Creditors' Committee, and ending

---

[4] In its motion, the Creditors' Committee has taken Adeptio's counsel's comments at the first-day hearing out of context. Adeptio's counsel did not "imply that causes of action were not being released [against Adeptio]" (Motion at 4). Adeptio's counsel was speaking as to causes of action or claims against the Debtors' prior lenders, not Adeptio. At the first day hearing, Adeptio's counsel was clarifying that the investigation period did not need to be extended to accommodate an investigation into these prior lender's acts, as the prior lenders are not released under the DIP orders.

[6] Notably, at no time has the Creditors' Committee requested a deposition of any of Adeptio's principals in conjunction with its investigation.

with its final disclosure on December 9th and 10th, Adeptio has responded to all of the Creditors' Committee's discovery requests.[6] Accordingly, contrary to the Creditors' Committee's assertion that Adeptio has hindered the Creditors' Committee's investigation, Adeptio already has provided all responsive documents in its possession. Furthermore, Adeptio is confident that nothing stipulated or disclosed to date in any way undermines Adeptio's claims or liens. Notably, despite having all of the lien review documents since the day it was formed and having filed hundreds of pages of pleadings in these cases, the Creditors' Committee has never even hinted that there is any defect in Adeptio's pre-petition liens.

In addition, there is no valid reason to delay the sale. Despite an extensive marketing process, no bids for the Debtors' assets have been received other than Adeptio's. The Debtors are hemorrhaging cash at a rate of approximately $3.2 million per week and professional fees are piling up. Adeptio is providing the funding for these bankruptcy cases, and a quick sale is in the interest of all creditors. Even if Adeptio continues as the Debtors' DIP lender, under these circumstances, any additional expenditures amount to funds that could have gone to fund potential unsecured creditors' recoveries.

## CONCLUSION

Adeptio respectfully requests that the Court (i) deny the Creditors' Committee's motions, and (ii) grant such further relief as is just and proper.

Dated: Wilmington, Delaware
December 11, 2007

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          /s/ Robert S. Brady

          Robert S. Brady (No. 2847)
          Edward J. Kosmowski (No. 3849)
          Edmon L. Morton (No. 3856)
          1000 West Street, 17th Floor
          P.O. Box 391
          Wilmington, DE 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          and

          Anup Sathy, P.C. (*pro hac vice*)
          David A. Agay (*pro hac vice*)
          Andrea L. Johnson *(admission pending)*
          Kirkland & Ellis LLP
          200 East Randolph Drive
          Chicago, IL 60601
          Telephone: (312) 861-2000
          Facsimile: (312) 861-2200

          Counsel to Adeptio