EXHIBIT 13

EXECUTION COPY

## AMENDMENT TO CREDIT AGREEMENT

AMENDMENT, dated as of February 6, 2007 (this "Amendment"), to the Credit Agreement, dated as of November 7, 2006 (the "Agreement"), among InPhonic, Inc., a Delaware corporation (the "Borrower"), the Lenders listed on the signature pages hereof as Lenders, and Citicorp North America, Inc., as Administrative Agent.

WHEREAS, the parties hereto have previously entered into the Agreement; and

WHEREAS, the parties have agreed to amend the Agreement pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties agree as follows:

**Section 1.**        **Definitions.** Capitalized terms used but not otherwise defined herein shall have the respective meanings given to them in the Agreement.

**Section 2.**        **Effectiveness of the Amendment.** This Amendment shall become effective upon receipt by the Administrative Agent of (x) counterparts hereof duly executed by: (i) the Borrower, (ii) each of the Guarantors, (iii) the Administrative Agent, and (iv) each Lender, and (y) confirmation of the due authorization of this Amendment by the Borrower and each Guarantor in form and substance satisfactory to the Administrative Agent and the Lenders.

**Section 3.**        **Amendment to the Agreement - Definitions.**

(a)    The definition of "Availability Period in Section 1.01 is hereby amended and restated in its entirety as follows:

"Availability Period" means the period from and including the Closing Date to the earliest of (A) the Maturity Date, (B) the date of termination of the Commitments pursuant to Section 8.02 and (C) March 30, 2007.

(b)    The definition of "Interest Payment Date" in Section 1.01 is hereby amended and restated in its entirety as follows:

"Interest Payment Date" means the first Business Day of each April, July, October and January and the Maturity Date.

**Section 4.**        **Amendments to Agreement – Delayed Draw.** The penultimate sentence of Section 2.01 is hereby amended and restated in its entirety as follows:

The Borrower shall, not later than March 30, 2007, have made up to two requests for Loans which, in the aggregate, equal the full amount of the Facility.

**Section 5.**      **Amendments to Agreement – Post-Closing Covenants and Cash Collateral Account.**

(a)    *Section 6.12(b)(i)*. The phrase "for a period of 90 days after the Closing Date" in clause (x) of Section 6.12(b)(i) shall be replaced with the phrase: "for a  period commencing on the Closing Date and ending on February 28, 2007".

(b)    *Section 6.12(d)*. The phrase "within 60 days after the Closing Date and at all times thereafter" in the first sentence of Section 6.12(d) shall be replaced with the phrase: "by February 28, 2007 and at all times thereafter".

(c)    *Section 6.16*. Section 6.16 is hereby amended and restated in its entirety as follows:
"By March 30, 2007 and at all times thereafter, maintain the Cash Collateral Account."

(d)    *Section 7.11(b)*. The phrase "90 days after the Closing Date" in Section 7.11(b) shall be replaced with the phrase: "March 30, 2007".

**Section 6.**      **Representations and Warranties**. The Borrower hereby repeats and restates those representations and warranties set forth in Article V of the Agreement, as if made on and as of the date hereof (except to the extent such representations and warranties expressly relate to an earlier date), which representations and warranties are hereby incorporated herein by reference, as if specifically set forth herein; provided that references to "the Agreement" in any Loan Documents shall be and are deemed to mean the Agreement as amended hereby. The Borrower hereby represents and warrants that, after giving effect to this Amendment, no Default or Event of Default exists on the date of this Amendment.

**Section 7.**      **Consent of Guarantors.** By signing below, each of the Guarantors irrevocably consents and agrees to this Amendment.

**Section 8.**      **Miscellaneous**. This Amendment may be executed by one or more of the parties to this Amendment on any number of counterparts (including by facsimile), and all of said counterparts taken together shall be deemed to constitute one and the same instrument. This Amendment is a Loan Document. The Borrower shall pay or reimburse each of the Lenders and the Administrative Agent for all of their reasonable out-of-pocket expenses in connection with the negotiation, preparation, execution and delivery of this Amendment, including without limitation, the reasonable fees and expenses of Fried, Frank, Harris, Shriver & Jacobson, LLP. The provisions of Sections 10.14 and 10.15 of the Agreement are incorporated

by reference into this Amendment *mutatis mutandis*. This Amendment shall not constitute an amendment or waiver of any of the terms and provisions of the Agreement and shall not be construed as a waiver or consent to any further or future action on the part of the Borrower or any Guarantor, except to the extent expressly set forth herein. Except as specifically set forth herein, all of the terms and provisions of the Agreement and the other Loan Documents are and shall remain in full force and effect and the Borrower and the Guarantors shall continue to be bound by such terms and provisions.

[Signature Pages Follow]

IN WITNESS WHEREOF, each of the parties hereto has caused this Amendment to be duly executed and delivered as of the date first above written.

Borrower:

INPHONIC, INC.

By: _____

    Name:  David A. Steinberg
    Title: Chief Executive Officer

Guarantors:

CAIS ACQUISITION, LLC

By: _____

    Name: David A. Steinberg
    Title:  President

CAIS ACQUISITION II, LLC

By: _____

    Name: David A. Steinberg
    Title:  President

FON ACQUISITION, LLC

By: _____

    Name: David A. Steinberg
    Title:  President

MOBILE TECHNOLOGY SERVICES, LLC

By: _____

    Name: David A. Steinberg
    Title:  President

IN WITNESS WHEREOF, each of the parties hereto has caused this Amendment to be duly executed and delivered as of the date first above written.

Borrower:

INPHONIC, INC.

By:
     Name:  David A. Steinberg
     Title: Chief Executive Officer

Guarantors:

CAIS ACQUISITION, LLC

By:
     Name: David A. Steinberg
     Title:  President

CAIS ACQUISITION II, LLC

By:
     Name: David A. Steinberg
     Title:  President

FON ACQUISITION, LLC

By:
     Name: David A. Steinberg
     Title:  President

MOBILE TECHNOLOGY SERVICES, LLC

By:
     Name: David A. Steinberg
     Title:  President

SIMIPC ACQUISITION CORP.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer

STAR NUMBER, INC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer

1010 INTERACTIVE, LLC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer

CITICORP NORTH AMERICA, INC.,
    as Administrative Agent and as a Lender

By: _____
    Name:
    Title:

GOLDMAN SACHS CREDIT PARTNERS, L.P.,
    as a Lender

By: _____
    Name:
    Title:

AP INPHONIC HOLDINGS, LLC,
    as a Lender

By: _____
    Name:
    Title:

[Signature Page to Amendment to InPhonic Credit Agreement]

SIMIPC ACQUISITION CORP.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


STAR NUMBER, INC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


1010 INTERACTIVE, LLC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


CITICORP NORTH AMERICA, INC.,
    as Administrative Agent and as a Lender

By: _____
    Name: Scot P. French
    Title: Managing Director / Vice President


GOLDMAN SACHS CREDIT PARTNERS, L.P.,
    as a Lender

By: _____
    Name:
    Title:


AP INPHONIC HOLDINGS, LLC,
    as a Lender

By: _____
    Name:
    Title:


[Signature Page to Amendment to InPhonic Credit Agreement]

SIMIPC ACQUISITION CORP.

By: _____
    Name:
    Title:

STARNUMBER, INC.

By: _____
    Name:
    Title:

CITICORP NORTH AMERICA, INC.,
    as Administrative Agent and as a Lender

By: _____
    Name:
    Title:

GOLDMAN SACHS CREDIT PARTNERS, L.P.,
    as a Lender

By: _____
    Name: KENNETH EBERTS
    Title: MANAGING DIRECTOR   GOLDMAN SACHS / co.
           ATTORNEY IN FACT GOLDMAN SACHS
                              CREDIT PARTNERS

AP INPHONIC HOLDINGS, LLC,
    as a Lender

By: _____
    Name:
    Title:

[Signature Page to Amendment to InPhonic Credit Agreement]

SIMIPC ACQUISITION CORP.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


STAR NUMBER, INC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


1010 INTERACTIVE, LLC.

By: _____
    Name: David A. Steinberg
    Title: Chief Executive Officer


CITICORP NORTH AMERICA, INC.,
    as Administrative Agent and as a Lender

By: _____
    Name:
    Title:


GOLDMAN SACHS CREDIT PARTNERS, L.P.,
    as a Lender

By: _____
    Name:
    Title:


AP INPHONIC HOLDINGS, LLC,
    as a Lender

By: _____
    Name: DAVID A. BERKMAN
    Title: MANAGING PARTNER

**INPHONIC, INC.**

SECRETARY'S CERTIFICATE

The undersigned, as Corporate Secretary of InPhonic, Inc., a Delaware corporation (the "*Company*"), does hereby certify as of this 6th day of February 2007, on behalf of the Company that:

1.  Attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of all resolutions adopted by the Company's Board of Directors authorizing the execution, delivery and performance of: (i) the Credit Agreement, dated as of November 7, 2006, among InPhonic, Inc., the Lenders listed on the signature pages thereof as Lenders, and Citicorp North America, Inc., as Administrative Agent (the "*Credit Agreement*") and (ii) the Amendment to Credit Agreement of even date herewith among InPhonic, Inc., the Lenders listed on the signature pages hereof as Lenders, and Citicorp North America, Inc., as Administrative Agent. (the "*Amendment*" and collectively with the Credit Agreement, the "*Agreements*") and the performance of all of the transactions described in the Agreements. All such resolutions were duly adopted, are in full force and effect at the date hereof, have not been amended, varied or revoked in any respect and are all the resolutions adopted in connection with the transactions contemplated by the Agreements. Such resolutions authorize the Company to execute, deliver and perform its obligations under the Agreements.

2.  The Amendment has been duly executed and delivered by David A. Steinberg the Chairman and Chief Executive Officer of the Company, who is duly authorized to do so pursuant to such resolutions.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Secretary's Certificate as of the date first written above.

Walter W. Leach
General Counsel and Corporate Secretary,
InPhonic, Inc.

~WASH1:3718472.v2  |3/3/03
27244-2

## Exhibit A

Resolutions of the Board of Directors

9  Thereafter, with Mr. Steinberg abstaining from vote, the Board upon motion duly made and seconded, unanimously adopted the following resolutions:

WHEREAS, the Board deems it advisable and in the best interest of the Corporation to enter into a Credit Agreement, to be dated as of November 6, 2006, among the Corporation, the lenders from time to time party thereto, and Citicorp North America, Inc., as Administrative Agent (the "*Credit Agreement*"), providing for, among other things, the extension of a credit facility to the Corporation by the lenders on the terms and conditions set forth therein;

WHEREAS, the Credit Agreement and other collateral agreements were reviewed by independent outside counsel at Sherman & Sterling;

WHEREAS, it is a condition precedent to the Credit Agreement that the Corporation enter into one or more pledge agreements (the "*Pledge Agreement*");

WHEREAS, it is a condition precedent to the Credit Agreement that the Corporation enter into a Security Agreement (the "*Security Agreement*");

WHEREAS, it is a condition precedent to the Credit Agreement that the subsidiaries of the Corporation provide a Guaranty (the "*Guaranty*") for the obligations under the Credit Agreement and the related Loan Documents, and that the corporation sign as a party thereto

WHEREAS, it is a condition precedent to the Credit Agreement that the Corporation provide a perfection certificate (the "*Perfection Certificate*" and together with the Pledge Agreement, the Security Agreement, and the Guaranty, the "*Collateral Documents*");

*WHEREAS*, it is a condition precedent to the Credit Agreement that the Corporation enter into a Warrant Agreement (the "*Warrant Agreement*) and

*WHEREAS*, upon the execution and delivery of the Warrant Agreement by the Company and Goldman Sachs and/or the consummation of the transactions contemplated thereby, Goldman may be deemed to be an "interested stockholder" (as such term is defined in Section 203 ("*Section 203*") of the Delaware General Corporation Law) of the Company;

THEREFORE, BE IT

Credit Agreement

RESOLVED, that the forms, terms and provisions of, and the transactions contemplated by, the Credit Agreement providing for, among other things, the extension of a credit facility to the Corporation by the lenders, consisting of up to $100 million term loan be, and they hereby are, approved and adopted in all respects; and further

RESOLVED, that the appropriate officers of the Company (the "*Appropriate Officers*") and each employee of the Corporation that is authorized in writing as an Appropriate

3

Officer (together with the Appropriate Officers, the *"Authorized Individuals"*) be, and each of them, acting individually hereby is, authorized and empowered to execute and deliver, in the name and on behalf of the Corporation, the Credit Agreement, to borrow thereunder from time to time, to execute and deliver the Warrant Agreement, the Warrants and the Collateral Documents, and to consummate the transactions contemplated thereby, including without limitation the execution, delivery, and/or filing of such certificates, agreements, instruments, or documents as any Authorized Individual, in his sole discretion, may deem necessary or desirable and in the best interests of the Corporation, with such changes therein and additions thereto as shall be deemed necessary, appropriate or advisable by the officer executing the same on behalf of the Corporation, the execution thereof by such officer to be conclusive evidence of the approval by him of such changes and additions; and further

*RESOLVED*, that the Authorized Individuals be, and each of them acting individually hereby is, authorized and empowered to execute, in the name of and on behalf of the Corporation, and to deliver when so executed, term loan notes, notices of borrowing or other appropriate document or documents to the Administrative Agent or Lenders, in such form, with such changes thereto, as shall be deemed necessary, appropriate or advisable by the officer executing the same; and further

### Pledge Agreement

*RESOLVED*, that the forms, terms and provisions of, and the transactions contemplated by, the Pledge Agreement which provides for, among other things, the grant by the Corporation of security interests to the Administrative Agent for the benefit of the Secured Parties (as defined in the Pledge Agreement) in all of the equity interests of each of the Corporation's direct or indirect, present or future subsidiaries, to the extent provided therein, as security for, among other things, the Company's obligations thereunder, be, and they hereby are, approved and adopted in all respects; and further

**RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to execute and deliver, in the name and on behalf of the Corporation, the Pledge Agreement, and to consummate the transactions contemplated thereby, including without limitation the execution, delivery, and/or filing of such certificates, agreements, instruments, or documents as any Authorized Individual, in his sole discretion, may deem necessary or desirable as in the best interests of the Corporation, with such changes therein and additions thereto as shall be deemed necessary, appropriate or advisable by the officer executing the same on behalf of the Corporation, the execution thereof by such officer to be conclusive evidence of the approval by him of such changes and additions; and further

### Security Agreement

**RESOLVED**, that the forms, terms and provisions of, and the transactions contemplated by, the Security Agreement, which provides for, among other things, the grant by the Corporation of security interests to the Administrative Agent for the benefit of the Secured Parties (as defined in the Security Agreement) in, subject to certain exceptions, all assets now or hereafter owned or acquired by the Corporation as security for, among other things, the obligations, be, and they hereby are, approved and adopted in all respects; and further

**RESOLVED**, that the Authorized Individuals be, and each of them hereby is, authorized to execute and deliver, in the name and on behalf of the Corporation, the Security Agreement, and to consummate the transactions contemplated thereby, including without

4

limitation the execution, delivery, and/or filing of such certificates, agreements, instruments, or documents as any Authorized Individual, in his sole discretion, may deem necessary or desirable as in the best interests of the Corporation, with such changes therein and additions thereto as shall be deemed necessary, appropriate or advisable by the officer executing the same on behalf of the Corporation, the execution thereof by such officer to be conclusive evidence of the approval by him of such changes and additions; and further

## Guaranty

RESOLVED, that the forms, terms and provisions of, and the transactions contemplated by, the Guaranty in favor of the Administrative Agent on behalf of the Secured Parties (as defined in the Guaranty), which provides for, among other things, the subsidiaries of the Corporation to guarantee all of the obligations of the Corporation and the other guarantors of their obligations under the Credit Agreement and the related Loan Documents of any payments made by any of its Subsidiaries pursuant to the Guaranty be, and they hereby are, approved and adopted in all respects; and further

RESOLVED, that the Authorized Individuals be, and each of them hereby is, authorized to execute and deliver, in the name and on behalf of the Corporation, the Guaranty, and to consummate the transactions contemplated thereby, including without limitation the execution, delivery, and/or filing of such certificates, agreements, instruments, or documents as any Authorized Individual, in his sole discretion, may deem necessary or desirable as in the best interests of the Corporation, with such changes therein and additions thereto as shall be deemed necessary, appropriate or advisable by the officer executing the same on behalf of the Corporation, the execution thereof by such officer to be conclusive evidence of the approval by him of such changes and additions; and further

## Warrant Agreement

RESOLVED, that the forms, terms and provisions of, and the transactions contemplated by, the Warrant Agreement, pursuant to which, among other things, the Corporation has agreed to issue and sell warrants for the Common Stock of the Corporation to the Purchases (as defined in the Warrant Agreement), and the transactions contemplated thereby be, and they hereby are, approved and adopted in all respects; and further

RESOLVED, that whereas the Board wishes to issue 1,250,000 Warrants (as defined in the Warrant Agreement) and, if obligated to do so under the terms of the Warrant Agreement, certain Default Warrants (as defined in the Warrant Agreement) to the holders of Warrants, the Authorized Individuals be, and they hereby are, authorized and directed to issue to the holders of Warrants a certificate or certificates representing 1,250,000 Warrants and, if obligated to do so under the terms of the Warrant Agreement, certificates representing that number of Default Warrants as appropriate in accordance with the Corporation's obligations under the Warrant Agreement; and

RESOLVED, that the Corporation duly, validly and irrevocably approves of Goldman and its affiliates becoming an "interested stockholder" within the meaning and for purposes of Section 203; and further

RESOLVED, that the Corporation shall at all times reserve and keep available, free from preemptive rights, out of the aggregate of its authorized but unissued Common Stock or its authorized Common Stock held in treasury, that number of shares of Common Stock sufficient

5

for the purposes of enabling it to satisfy any obligations to issue Warrant Shares (as defined in the Warrant Agreement) upon the exercise or exchange of all outstanding Warrants (as defined in the Warrant Agreement); and further

RESOLVED, that, if and when so obligated under the terms of the Warrant Agreement, the Authorized Individuals be, and they hereby are, authorized and directed to issue to the holders of Warrants a certificate or certificates representing the applicable aggregate amount under the Warrant Agreement of Warrant Shares to the exercising or exchanging holder of Warrants, each such Warrant Share to be a duly authorized, validly issued, fully paid and nonassessable share of the Corporation's Common Stock; and

RESOLVED, that the Authorized Individuals be, and each of them hereby is, authorized to execute and deliver, in the name and on behalf of the Corporation, the Warrant Agreement, and to consummate the transactions contemplated thereby, including without limitation the execution, delivery, and/or filing of such certificates, agreements, instruments, or documents as any Authorized Individual, in his sole discretion, may deem necessary or desirable as in the best interests of the Corporation, with such changes therein and additions thereto as shall be deemed necessary, appropriate or advisable by the officer executing the same on behalf of the Corporation, the execution thereof by such officer to be conclusive evidence of the approval by him of such changes and additions; and further

General Resolutions

RESOLVED, that the Authorized Individuals be, and each of them individually hereby is, authorized, empowered and directed, for, and in the name and on behalf of the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver all such other instruments, documents, undertakings, agreements, certificates, and papers (including without limitation all amendments to any of the documents authorized hereunder and any and all other Collateral Documents) required or desirable to be entered into, or contemplated by the documents referred to in the foregoing resolutions in the name and on behalf of the Corporation, to incur and pay all such fees and expenses and to engage such persons as such officer or officers shall, in his or their discretion, determine to be necessary, proper or desirable to carry out fully the intent and purposes of the foregoing resolutions and the execution by such officer or officers of any such instrument or document or the payment of any such fees and expenses or the engagement of such persons or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the ratification, approval and confirmation by the Corporation of the instruments or documents so executed, the fees and expenses so paid, the persons so engaged and the actions so taken; and further

RESOLVED, that the Secretary of the Corporation is authorized and empowered to certify and to attest any documents which such officer deems necessary or advisable to complete the transactions contemplated by these resolutions; provided that such certification or attestation shall not be required for the validity of the particular document; and further

RESOLVED, that all actions previously taken by any officer or director of the Corporation in connection with the transactions contemplated by the foregoing resolutions are hereby adopted, ratified, confirmed and approved in all respects.

10. The members of management exited the meeting and the Board held an executive session.

6