# EXHIBIT 22

EXECUTION VERSION

## AMENDMENT / WAIVER NO. 10 TO CREDIT AGREEMENT

AMENDMENT, dated as of August 30, 2007 (this "Amendment"), to the Credit Agreement, dated as of November 7, 2006, as amended by Amendment to the Credit Agreement, dated as of February 6, 2007, by Amendment No. 2 to the Credit Agreement, dated as of March 30, 2007, by Amendment No. 3 to the Credit Agreement, dated as of April 9, 2007, by Amendment No. 4 to the Credit Agreement, dated as of April 23, 2007, Amendment No. 5 to the Credit Agreement, dated as of May 1, 2007, Amendment No. 6 to the Credit Agreement, dated as of May 31, 2007, Amendment No. 7 to the Credit Agreement, dated as of June 15, 2007, Amendment No. 8 to the Credit Agreement, dated as of June 29, 2007, and Amendment No. 9 to the Credit Agreement, dated as of August 8, 2007 (collectively, the "Agreement"), among InPhonic, Inc., a Delaware corporation (the "Borrower"), the Lenders listed on the signature pages hereof as Lenders, and Citicorp North America, Inc., as Administrative Agent. Capitalized terms used but not otherwise defined herein shall have the respective meanings given them in the Agreement.

WHEREAS, the parties hereto have previously entered into the Agreement; and

WHEREAS, the parties desire to amend the Agreement on the terms and subject to the conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties agree as follows:

**Section 1.**     **Effectiveness of the Amendment.** This Amendment shall become effective, as of August 30, 2007, upon receipt by the Administrative Agent of counterparts hereof duly executed by:

(i) the Borrower,

(ii) each of the Guarantors,

(iii) the Administrative Agent, and

(iv) each Lender.

**Section 2.**     **Waiver.**

With respect to the annual financial statements for the year-ended December 31, 2006, the Administrative Agent and the Lenders hereby waive the requirement set forth in Section 6.01(a) of the Agreement that Borrower deliver an opinion (the "Internal Controls Opinion for 2007") of a Registered Public Accounting Firm independently assessing the Borrower's internal controls over financial reporting in accordance with Item 308 of SEC Regulation S-K, PCAOB Auditing Standard No. 2, and Section 404 of Sarbanes-Oxley expressing a conclusion that contains no statement that there is a material weakness in

such internal controls to the extent that the Internal Controls Opinion for 2007 (x) is delivered later than March 31, 2007 and (y) mentions that there are material weaknesses in such internal controls; provided that the waiver in this Section 2 shall terminate and be of no force or effect unless (i) the Borrower cures all of the material weakness in internal controls (identified in Schedule A to Amendment No. 2 to Credit Agreement dated as of March 30, 2007 or in the Internal Controls Opinion for 2007) by September 14, 2007, and (ii) the Borrower receives the Internal Controls Opinion for 2007 (and delivers a copy to the Administrative Agent and the Lenders) by September 14, 2007.

Section 3.     <u>Representations and Warranties</u>. The Borrower hereby repeats and restates those representations and warranties set forth in Article V of the Agreement, as if made on and as of the date hereof (except to the extent such representations and warranties expressly relate to an earlier date), which representations and warranties are hereby incorporated herein by reference, as if specifically set forth herein; <u>provided</u> that references to "the Agreement" in any Loan Documents shall be and are deemed to mean the Agreement as amended hereby.

The Borrower represents and warrants to the Administrative Agent and the Lenders that attached to Amendment No. 2 to Credit Agreement dated as of March 30, 2007 as <u>Schedule A</u> is a brief description of the material weaknesses in the Borrower's internal controls over financial reporting in accordance with Item 308 of SEC Regulation S-K, PCAOB Auditing Standard No. 2, and Section 404 of Sarbanes-Oxley identified with respect to the annual financial statements for the year-ended December 31, 2006.

The Borrower represents and warrants to the Administrative Agent and the Lenders that, after giving effect to this Amendment, no Default or Event of Default exists on the Effective Date of this Amendment.

Section 4.     <u>Consent of Guarantors.</u> By signing below, each of the Guarantors irrevocably consents and agrees to this Amendment and all of the terms and provisions hereof.

Section 5.     <u>Miscellaneous</u>. This Amendment may be executed by one or more of the parties to this Amendment on any number of counterparts (including by facsimile), and all of said counterparts taken together shall be deemed to constitute one and the same instrument. This Amendment is a Loan Document. The Borrower shall pay or reimburse each of the Lenders and the Administrative Agent for all of their reasonable out-of-pocket expenses in connection with the negotiation, preparation, execution and delivery of this Amendment, including without limitation, the reasonable fees and expenses of Fried, Frank, Harris, Shriver & Jacobson, LLP and Dechert LLP. The provisions of Sections 10.14 and 10.15 of the Agreement are incorporated by reference into this Amendment *mutatis mutandis*. This Amendment shall not constitute an amendment or waiver of any of the terms and provisions of the Agreement and shall not be construed as a waiver or consent to any further or future action on the part of the Borrower or any Guarantor, except to the extent expressly set forth herein. None of the terms or provisions of this

Amendment shall be effective except as specified in Section 1 of this Amendment. Except as specifically set forth herein, all of the terms and provisions of the Agreement and the other Loan Documents are confirmed and shall remain in full force and effect and the Borrower and the Guarantors shall continue to be bound by such terms and provisions.

[Signature Pages Follow]

IN WITNESS WHEREOF, each of the parties hereto has caused this Amendment to be duly executed and delivered as of the date first above written.

Borrower:

INPHONIC, INC.

By: _____
Name: David A. Steinberg
Title: Chief Executive Officer

Guarantors:

CAIS ACQUISITION, LLC

By: _____
Name: David A. Steinberg
Title: President

CAIS ACQUISITION II, LLC

By: _____
Name: David A. Steinberg
Title: President

FON ACQUISITION, LLC

By: _____
Name: David A. Steinberg
Title: President

MOBILE TECHNOLOGY SERVICES, LLC

By: _____
Name: David A. Steinberg
Title: President

[Signature Page to Amendment and Waiver No. 10 to InPhonic Credit Agreement]

SIMIPC ACQUISITION CORP.

By: _____
Name: David A. Steinberg
Title: Chief Executive Officer


STAR NUMBER, INC.

By: _____
Name: David A. Steinberg
Title: Chief Executive Officer


1010 INTERACTIVE, LLC.

By: _____
Name: David A. Steinberg
Title: Chief Executive Officer


[Signature Page to Amendment / Waiver No. 10 to InPhonic Credit Agreement]

CITICORP NORTH AMERICA, INC.,
as Administrative Agent and as a Lender

By: /s/ David S____

Name: David Stempler
Title: Vice President

GOLDMAN SACHS CREDIT PARTNERS, L.P.,
as a Lender

By: _____
Name: Raanan A. Agus
Title: Attorney-in-fact
Goldman Sachs Credit Partners

[Signature Page to Amendment / Waiver No. 10 to InPhonic Credit Agreement]

AP INPHONIC HOLDINGS, LLC,
as a Lender

By: _____
Name: SCOTT B. BRUCE
Title: MANAGING DIRECTOR

[Signature Page to Amendment / Waiver No. 10 to InPhonic Credit Agreement]