EXHIBIT 27

**Grant of Security Interest
in United States Patents and Trademarks**

FOR GOOD AND VALUABLE CONSIDERATION, receipt and sufficiency of which are hereby acknowledged, CAIS Acquisition II, LLC, a Limited Liability Company (the "Assignor"), having its chief executive office at 1010 Wisconsin Ave., N.W., Suite 600, Washington D.C., 20007, hereby grants to Citicorp North America, Inc., as Administrative Agent, (the "Assignee"), with offices at 390 Greenwich St., 7th Floor, New York, New York, 10013, a security interest in all of the Assignor's right, title and interest in, to and under the following (all of the following items or types of property being herein collectively referred to as the "Patent and Trademark Collateral"), whether now owned or existing or hereafter acquired, created or arising:

(i)    (a) each of Assignor's United States and foreign patents, including those described on Schedule A hereto, and any renewals thereof; (b) each of Assignor's other letters patent and design letters patent of the United States or any other country; (c) each of Assignor's applications filed or in preparation for filing for letters patent and design letters patent of the United States or any other country including, without limitation, applications in the United States Patent and Trademark Office or in any similar office or agency of the United States or any other country or political subdivision thereof; (d) all reissues, divisions, continuations, continuations-in-part, revisions, renewals or extensions thereof; (e) all claims for, and rights to sue for, past, present or future infringement of any of the foregoing; (f) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and payments and damages under all Patent Licenses in connection therewith; and (g) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise;

(ii)    each of Assignor's Patent Licenses, including each Patent License listed on Schedule A hereto;

(iii)    (a) each of Assignor's United States and foreign trademarks, including those described on Schedule B hereto, and any renewals thereof (but excluding in all cases all intent-to-use United States trademark applications for which an amendment to allege use or statement of use has not been filed under 15 U.S.C. § 1051(c) or 15 U.S.C. § 1051(d), respectively, or if filed, has not been deemed in conformance with 15 U.S.C. § 1051(a) or examined and accepted, respectively, by the United States Patent and Trademark Office); (b) each of Assignor's other trademarks, trade names, corporate names, company names, business names, fictitious business names, trade styles, service marks, logos, certification marks, collective marks, brand names and trade dress which are or have been used in the United States or in any state, territory or possession thereof, or in any other place, nation or jurisdiction, package and other designs, and any other source or business identifiers, and general intangibles of like nature, and the rights in any of the foregoing which arise under applicable Law; (c) the goodwill of the business symbolized thereby or connected with the use of each of the foregoing; (d) all registrations and applications in connection therewith, including, without limitation, registrations and applications in the United States Patent and Trademark Office or in any similar office or agency of the United States, any state thereof or any other country or any political subdivision thereof; (e) all reissues, extensions and renewals thereof; (f) all claims for, and rights to sue for, past, present or future infringements of any of the foregoing; (g) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and

payments and damages under all Trademark Licenses in connection therewith; and (h) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise; and

(iv)    each of Assignor's Trademark Licenses, including each Trademark License referred to in Schedule B hereto.

Security Agreement. THIS GRANT is granted in conjunction with the security interests granted to the Assignee pursuant to the Security Agreement among the Assignor, the Assignee and certain other parties dated as of November 7, 2006, as amended, modified or supplemented from time to time (the "Security Agreement").

The rights and remedies of the Assignee with respect to the security interest granted herein are without prejudice to, and are in addition to those set forth in the Security Agreement, all terms and provisions of which are incorporated herein by reference. In the event that any provisions of this Assignment are deemed to conflict with the Security Agreement, the provisions of the Security Agreement shall govern. All capitalized terms used but not otherwise defined herein have the meanings given to them in the Security Agreement.

Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, EXCEPT AS OTHERWISE REQUIRED BY MANDATORY PROVISIONS OF LAW AND EXCEPT TO THE EXTENT THAT REMEDIES PROVIDED BY THE LAWS OF ANY JURISDICTIONS OTHER THAN NEW YORK ARE GOVERNED BY THE LAWS OF SUCH JURISDICTIONS.

Counterparts. This agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this Assignment as of the _____ day of _____, 20__.

CAIS Acquisition II, LLC, as Assignor

By: _____
    Name:
    Title:

Citicorp North America, Inc., as Administrative
    Agent, as Assignee

By: _____
    Name:
    Title:

- 2 -

## SCHEDULE A

## PATENTS

None.

## PATENT APPLICATIONS

None.

## PATENT LICENSES

None.

## SCHEDULE B

## TRADEMARKS

| Registration No. | Country | Registration Date | Mark |
|---|---|---|---|
| 3,052,535 | U.S. | 1/31/06 | VMC |
| 3,052,534 | U.S. | 1/31/06 | VMC SATELLITE |

## TRADEMARK APPLICATIONS

None.

## TRADEMARK LICENSES

None.

541632.2

**Execution Copy**

**Grant of Security Interest**
**in United States Patents and Trademarks**

FOR GOOD AND VALUABLE CONSIDERATION, receipt and sufficiency of which are hereby acknowledged, FON Acquisition, LLC, a Limited Liability Company, (the "Assignor"), having its chief executive office at 1010 Wisconsin Ave., N.W., Suite 600, Washington D.C., 20007, hereby grants to Citicorp North America, Inc., as Administrative Agent, (the "Assignee"), with offices at 390 Greenwich St., 7th Floor, New York, New York, 10013, a security interest in all of the Assignor's right, title and interest in, to and under the following (all of the following items or types of property being herein collectively referred to as the "Patent and Trademark Collateral"), whether now owned or existing or hereafter acquired, created or arising:

(i)    (a) each of Assignor's United States and foreign patents, including those described on Schedule A hereto, and any renewals thereof; (b) each of Assignor's other letters patent and design letters patent of the United States or any other country; (c) each of Assignor's applications filed or in preparation for filing for letters patent and design letters patent of the United States or any other country including, without limitation, applications in the United States Patent and Trademark Office or in any similar office or agency of the United States or any other country or political subdivision thereof; (d) all reissues, divisions, continuations, continuations-in-part, revisions, renewals or extensions thereof; (e) all claims for, and rights to sue for, past, present or future infringement of any of the foregoing; (f) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and payments and damages under all Patent Licenses in connection therewith; and (g) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise;

(ii)    each of Assignor's Patent Licenses, including each Patent License listed on Schedule A hereto;

(iii)    (a) each of Assignor's United States and foreign trademarks, including those described on Schedule B hereto, and any renewals thereof (but excluding in all cases all intent-to-use United States trademark applications for which an amendment to allege use or statement of use has not been filed under 15 U.S.C. § 1051(c) or 15 U.S.C. § 1051(d), respectively, or if filed, has not been deemed in conformance with 15 U.S.C. § 1051(a) or examined and accepted, respectively, by the United States Patent and Trademark Office); (b) each of Assignor's other trademarks, trade names, corporate names, company names, business names, fictitious business names, trade styles, service marks, logos, certification marks, collective marks, brand names and trade dress which are or have been used in the United States or in any state, territory or possession thereof, or in any other place, nation or jurisdiction, package and other designs, and any other source or business identifiers, and general intangibles of like nature, and the rights in any of the foregoing which arise under applicable Law; (c) the goodwill of the business symbolized thereby or connected with the use of each of the foregoing; (d) all registrations and applications in connection therewith, including, without limitation, registrations and applications in the United States Patent and Trademark Office or in any similar office or agency of the United States, any state thereof or any other country or any political subdivision thereof; (e) all reissues, extensions and renewals thereof; (f) all claims for, and rights to sue for, past, present or future infringements of any of the foregoing; (g) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and

payments and damages under all Trademark Licenses in connection therewith; and (h) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise; and

(iv)    each of Assignor's Trademark Licenses, including each Trademark License referred to in Schedule B hereto.

Security Agreement. THIS GRANT is granted in conjunction with the security interests granted to the Assignee pursuant to the Security Agreement among the Assignor, the Assignee and certain other parties dated as of November 7, 2006, as amended, modified or supplemented from time to time (the "Security Agreement").

The rights and remedies of the Assignee with respect to the security interest granted herein are without prejudice to, and are in addition to those set forth in the Security Agreement, all terms and provisions of which are incorporated herein by reference. In the event that any provisions of this Assignment are deemed to conflict with the Security Agreement, the provisions of the Security Agreement shall govern. All capitalized terms used but not otherwise defined herein have the meanings given to them in the Security Agreement.

Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, EXCEPT AS OTHERWISE REQUIRED BY MANDATORY PROVISIONS OF LAW AND EXCEPT TO THE EXTENT THAT REMEDIES PROVIDED BY THE LAWS OF ANY JURISDICTIONS OTHER THAN NEW YORK ARE GOVERNED BY THE LAWS OF SUCH JURISDICTIONS.

Counterparts. This agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this Assignment as of the _____ day of _____, 20__.

FON Acquisition, LLC, as Assignor

By: _____
Name: WALTER WILGADA
Title: General Counsel

Citicorp North America, Inc., as Administrative
     Agent, as Assignee

By: _____
    Name:
    Title:

- 2 -

## SCHEDULE A

## PATENTS

None.

## PATENT APPLICATIONS

None.

## PATENT LICENSES

None.

- 3 -

## SCHEDULE B

## TRADEMARKS

| Registration No. | Country | Registration Date | Mark |
|---|---|---|---|
| 2,939,540 | U.S. | 4/12/05 | FONCENTRAL.COM |
| 2,939,539 | U.S. | 4/12/05 | MOBILE CITY DIRECT |

## TRADEMARK APPLICATIONS

None.

## TRADEMARK LICENSES

None.

541678.2

**Execution Copy**

**Grant of Security Interest
in United States Patents and Trademarks**

FOR GOOD AND VALUABLE CONSIDERATION, receipt and sufficiency of which are hereby acknowledged, InPhonic, Inc., a Delaware Corporation (the "Assignor"), having its chief executive office at 1010 Wisconsin Ave., Suite 600, Washington D.C., 20007, hereby grants to Citicorp North America, Inc., as Administrative Agent, (the "Assignee"), with offices at 390 Greenwich St., 7th Floor, New York, New York, 10013, a security interest in all of the Assignor's right, title and interest in, to and under the following (all of the following items or types of property being herein collectively referred to as the "Patent and Trademark Collateral", whether now owned or existing or hereafter acquired, created or arising:

(i)    (a) each of Assignor's United States and foreign patents, including those described on Schedule A hereto, and any renewals thereof; (b) each of Assignor's other letters patent and design letters patent of the United States or any other country; (c) each of Assignor's applications filed or in preparation for filing for letters patent and design letters patent of the United States or any other country including, without limitation, applications in the United States Patent and Trademark Office or in any similar office or agency of the United States or any other country or political subdivision thereof; (d) all reissues, divisions, continuations, continuations-in-part, revisions, renewals or extensions thereof; (e) all claims for, and rights to sue for, past, present or future infringement of any of the foregoing; (f) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and payments and damages under all Patent Licenses in connection therewith; and (g) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise;

(ii)    each of Assignor's Patent Licenses, including each Patent License listed on Schedule A hereto;

(iii)    (a) each of Assignor's United States and foreign trademarks, including those described on Schedule B hereto, and any renewals thereof (but excluding in all cases all intent-to-use United States trademark applications for which an amendment to allege use or statement of use has not been filed under 15 U.S.C. § 1051(c) or 15 U.S.C. § 1051(d), respectively, or if filed, has not been deemed in conformance with 15 U.S.C. § 1051(a) or has been examined and accepted, respectively, by the United States Patent and Trademark Office); (b) each of Assignor's other trademarks, trade names, corporate names, company names, business names, fictitious business names, trade styles, service marks, logos, certification marks, collective marks, brand names and trade dress which are or have been used in the United States or in any state, territory or possession thereof, or in any other place, nation or jurisdiction, package and other designs, and any other source or business identifiers, and general intangibles of like nature, and the rights in any of the foregoing which arise under applicable Law; (c) the goodwill of the business symbolized thereby or connected with the use of each of the foregoing; (d) all registrations and applications in connection therewith, including, without limitation, registrations and applications in the United States Patent and Trademark Office or in any similar office or agency of the United States, any state thereof or any other country or any political subdivision thereof; (e) all reissues, extensions and renewals thereof; (f) all claims for, and rights to sue for, past, present or future infringements of any of the foregoing; (g) all income, royalties, damages and payments now or hereafter due or payable with respect to any of the foregoing, including, without limitation, damages and payments for past, present or future infringements thereof and

payments and damages under all Trademark Licenses in connection therewith; and (h) all rights corresponding to any of the foregoing whether arising under the Laws of the United States or any foreign country or otherwise; and

        (iv)    each of Assignor's Trademark Licenses, including each Trademark License referred to in Schedule B hereto.

        Security Agreement. THIS GRANT is granted in conjunction with the security interests granted to the Assignee pursuant to the Security Agreement among the Assignor, the Assignee and certain other parties dated as of November 7, 2006, as amended, modified or supplemented from time to time (the "Security Agreement").

        The rights and remedies of the Assignee with respect to the security interest granted herein are without prejudice to, and are in addition to those set forth in the Security Agreement, all terms and provisions of which are incorporated herein by reference. In the event that any provisions of this Assignment are deemed to conflict with the Security Agreement, the provisions of the Security Agreement shall govern. All capitalized terms used but not otherwise defined herein have the meanings given to them in the Security Agreement.

        Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, EXCEPT AS OTHERWISE REQUIRED BY MANDATORY PROVISIONS OF LAW AND EXCEPT TO THE EXTENT THAT REMEDIES PROVIDED BY THE LAWS OF ANY JURISDICTIONS OTHER THAN NEW YORK ARE GOVERNED BY THE LAWS OF SUCH JURISDICTIONS.

        Counterparts. This agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

        IN WITNESS WHEREOF, the undersigned have executed this Assignment as of the _____ day of _____, 20__.

InPhonic, Inc., as Assignor.

By: _____
    Name: WARREN W. Leach
    Title: General Counsel

Citicorp North America, Inc., as Administrative
    Agent, as Assignee

By: _____
    Name:
    Title:

- 2 -

## SCHEDULE A

## PATENTS

| Registration No. | Issue Date | Issue Title | Country |
|---|---|---|---|
| 7,076,447 | 7/11/06 | Systems and Methods for Aggregating Buyers for the Purchase of Telecommunications Services Via a Network | U.S. |
| 7,013,127 | 3/14/06 | Systems and Methods for Employing "Pay-As-You-Go" Telecommunication Services | U.S. |
| 6,618,763 | 9/9/03 | Virtual Private Wireless Network | U.S. |

## PATENT APPLICATIONS

| Serial No. | Filing Date | Issue Title | Country |
|---|---|---|---|
| 09/390,026 | 9/3/99 | Buying and Selling | U.S. |
| 09/425,739 | 10/22/99 | Systems and Methods for Distributing Telecommunication | U.S. |
| 11/270,965 | 11/11/05 | Systems and Methods for Monitoring "Pay-As-You-Go" Telecommunication Services | U.S. |
| 10/389,899 | 3/18/03 | Certification and Activation of Used Phones on a Wireless Carrier Network | U.S. |
| 11/156,977 | 6/20/05 | Identifying An Alternative | U.S. |
| 09/860,401 | 5/18/01 | Systems, Methods and Computer Program Products for Facilitating Display of Content within Application Programs Executing on Electronic Devices | U.S. |
| 10/455,692 | 6/6/03 | A Transaction Execution System Interface and Enterprise System Architecture Thereof | U.S. |
| 10/975,721 | 10/28/04 | System and Method for Rating Alternative Solutions | U.S. |

| 10/606,672 | 6/26/03 | Method of Operating a Virtual Private Wireless Network Implementing Message Delivery Preferences of the User | U.S. |
|---|---|---|---|
| 09/922,348 | 8/3/01 | Systems, Methods and Computer Program Products for Integrating Advertising within Web Content | U.S. |
| 10/017,355 | 12/14/01 | Systems, Methods and Computer Program Products for Registering Wireless Device Users in Direct Marketing Campaigns | U.S. |
| 10/420,074 | 4/22/03 | Method and System for Short Message Service (SMS) Transactions for Wireless Devices | U.S. |

## PATENT LICENSES

None.

- 4 -

## SCHEDULE B

## TRADEMARKS

| Registration No. | Country | Registration Date | Mark |
|---|---|---|---|
| 2,637,716 | U.S | 10/15/02 | UNIFIED INFORMATION |
| 2,658,604 | U.S | 12/10/02 | WELCOME TO OUR WIRELESS WORLD |
| 2,768,131 | U.S | 9/23/03 | WIREFLY |
| 2,869,870 | U.S | 8/3/04 | POINT.COM |
| 2,843,311 | U.S | 5/18/04 | POINT.COM |
| 2,948,952 | U.S | 9/11/02 | POWERED BY INPHONIC |
| 2,854,629 | U.S | 6/15/04 | LIBERTY WIRELESS |
| 2,991,879 | U.S | 9/6/05 | WE DELIVER CELLULAR |
| 2,027,075 | U.S. | 12/31/96 | NTH DIMENSION |
| 2,481,589 | U.S. | 8/28/01 | SIMPLEMOBILE |
| 2,528,160 | U.S. | 1/8/02 | SIMPLEXITY.COM |
| 2,566,727 | U.S. | 5/7/02 | GADGETSPACE |
| 2,630,092 | U.S. | 10/8/02 | INPHONIC |
| 2,639,600 | U.S. | 10/22/02 | REASON |
| 2,493,077 | U.S. | 9/25/01 | REASON |
| 2,882,387 | U.S | 9/7/04 | STARBOX |
| 2,604,395 | U.S. | 8/6/02 | THE NEW WAY TO CHOOSE TELECOMMUNICATIONS |
| 2,518,245 | U.S. | 12/11/01 | SIMPLEXITY |
| 2,592,865 | U.S. | 7/9/02 | MATCH |
| 2,595,837 | U.S. | 7/16/02 | AVESAIR |

## TRADEMARK APPLICATIONS

| Serial No. | Country | Filing Date | Mark |
|------------|---------|-------------|------|
| 78/760,429 | U.S. | 11/23/05 | WIREFLY |
| 78/760,468 | U.S. | 11/23/05 | JOE MOBILE |

## TRADEMARK LICENSES

None.

540609.4