**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INPHONIC, INC., *et al.*, | ) | Case No.: 07-11666-KG |
| | ) | Jointly Administered |
| Debtors. | ) | **Re: 12, 13, 52 and 146** |
| | ) | |

**SUPPLEMENT TO LIMITED OBJECTION OF ALLTEL COMMUNICATIONS, INC.
TO THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION, SALE AND
ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY
CONTRACTS AND SALE HEARING**

Alltel Communications, Inc. ("Alltel Communications"), by and through undersigned counsel, hereby submits this Supplement (the "Supplemental Objection") to Alltel Communications' *Limited Objection To The Notice Of Possible Assumption, Sale And Assignment Of Certain Unexpired Leases And Executory Contracts And Sale Hearing* (the "Limited Objection", Docket No. 207) by which Alltel Communications objected to the *Notice Of Possible Assumption, Sale And Assignment Of Certain Unexpired Leases And Executory Contracts* (the "Cure Notice", Docket No. 146) filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Supplemental Objection, Alltel Communications incorporates herein the Limited Objection and respectfully states further as follows:

1.    Pursuant to Section 2.5(a) of the Asset Purchase Agreement (the "APA") by and between Adeptio INPC Funding, LLC ("Adeptio"), as buyer, and Debtors, as seller, Adeptio will designate certain executory contracts and unexpired leases (referred to in the APA as the "Designated Contracts") which are to be assumed by the Debtors and assigned to Adeptio. Pursuant to Section 2.5(b) of the APA, Adeptio may identify certain executory contracts and

unexpired leases (referred to in the APA as the "Held Contracts") which the Debtors must hold and not reject for the duration of a period of *210 days* following the closing date (referred to in the APA as the "Contract Retention Period").

2.      The Communications Services Agent Agreement (the "Contract") by and between Alltel Communications and Debtor InPhonic, Inc. ("InPhonic") was not identified in the *Notice Of Assumption, Sale And Assignment Of Certain Unexpired Leases And Executory Contracts* (the "Designated Contracts Notice", Docket No. 213) filed by the Debtors.  As such, the Contract may be classified as a Held Contract and therefore be subject to the Contract Retention Period.[1]

3.      Alltel Communications supplements its Limited Objection and objects to the Sale Motion (as that term is defined in the Cure Notice) to the extent that the Sale Motion allows Adeptio, or any successful bidder, to designate executory contracts and unexpired leases to be held without assumption or rejection for the Contract Retention Period.

4.      *First*, the Debtors will cease to operate following the Closing Date as defined by the APA and instead will wind down their business affairs through December 31, 2007, at which time the DIP financing is set to expire.  A Contract Retention Period of 210 days makes absolutely no sense given this abbreviated wind down period.  Moreover, there is no reason why parties to the Held Contracts should be required to maintain their contracts and therefore be prevented from securing substitute performance if in fact the Debtors will cease operating by year's end.

---

[1] Following the filing of the Designated Contracts Notice, Alltel Communications received indication that the Debtors may in fact seek to assume the Contract. Nonetheless, at this time, the Contract is not on the Designated Contracts Notice and may therefore be designated as a Held Contract.

5.    *Second*, assuming that *Adeptio* is going to perform under the Held Contracts during the Contract Retention Period (since the Debtors will no longer be operating), the APA would allow Adeptio to recover the benefits of the Held Contracts without assuming the Held Contracts and the burdens thereunder. This is improper under 11 U.S.C. § 365 which requires the *entire* contract to be assumed or rejected. *See In re Fleming Cos., Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) ("If [the debtor] accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.") (citations omitted).

6.    *Third*, the APA makes no provision to preserve the set-off and/or recoupment rights of the non-debtor parties to the Held Contracts. Similarly, the APA makes no provision to preserve the rights of the non-debtor parties to the Held Contracts to either seek relief from the automatic stay pursuant to 11 U.S.C. § 362 to terminate the contracts or to seek an order pursuant to 11 U.S.C. § 365 compelling assumption or rejection of the contracts.

7.    Alltel Communications reserves all of its rights to further supplement this objection and to amend and/or revise this objection and its alleged cure amount.[2]

---

[2] The deadline for filing objections to the Cure Notice and Sale Motion was originally December 3, 2007 (the "Response Deadline"). On December 11, 2007, this Court entered an order (Docket No. 220) extending the Response Deadline for Alltel Communications to December 7, 2007, on which date the Limited Objection was filed. Notwithstanding the extended deadline, Alltel Communications submits that the Court should consider this Supplemental Objection since: (1) the provisions of the APA providing for the objectionable Contract Retention Period were not apparent from the face of the Sale Motion, but were instead discovered only through a detailed review of the terms of the APA (a complex transactional document over 35 pages in length, exclusive of exhibits); and (2) Alltel Communications specifically reserved its right in the Limited Objection to supplement, amend and/or revise its objections.

**WHEREFORE**, for the above stated reasons, Alltel Communications respectfully requests that the Court (i) sustain the Limited Objection and this Supplemental Objection; and (ii) grant such other and further relief as is just and equitable.

SMITH, KATZENSTEIN & FURLOW, LLP

Dated: December 12, 2007

By:     /s/ Etta R. Wolfe
        Kathleen M. Miller (DE ID 2898)
        Etta R. Wolfe (DE ID 4164)
        The Corporate Plaza
        800 Delaware Avenue
        PO Box 410
        Wilmington, DE 19899 (Courier 19801)
        Tel: (302) 652-8400
        Fax: (302) 652-8405
        Email: KMiller@skfdelaware.com

        and

        Mark A. Salzberg (*pro hac vice* pending)
        Foley & Lardner LLP
        3000 K Street, N.W., Suite 500
        Washington, DC 20007-5101
        Telephone:     202.672.5300
        Facsimile:      202.672.5399

        Attorneys for Alltel Communications, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December 2007, a copy of the Supplement to

Limited Objection of Alltel Communications, Inc. To the Debtors' Notice of Possible Assumption,

Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing was

served on the following in the manner indicated:

InPhonic, Inc.
Attn: Gregory S. Cole
1010 Wisconsin Avenue, NW
Suite 600
Washington, DC 20007
*First Class Mail*

Goldsmith-Agio-Helms/
Lazard Middle Market
Attn: Andrew Torgove
11 Est 42nd Street, 29th Floor
New York, NY 10036
*Email: atorgove@agio.com*

DLA Piper US LLP
Attn: Thomas R. Califano
1251 Avenue of the Americas
New York, NY 10020
*Email: thomas.califano@dlapiper.com*

The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Attn: Neil B. Glassman
*Email: bankserve@bayardfirm.com*

Adeptio
Attn: David Lorry
c/o Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Fax: 215 609 3499*

Kirkland and ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Attn: Anup Sathy and John Schoenfeld
*Email: asathy@kirkland.com*
          *jschoenfeld@kirkland.com*

Reed Smitih LLP
1201 Market Street, 15th Floor
Wilmington, DE 19801
Attn: Kurt F. Gwynne
*Email: kgwyenne@reedsmith.com*

Reed Smith LLP
Attn: Claudia Z. Springer
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
*Email: cspringer@reedsmith.com*

*/s/ Etta R. Wolfe*
Etta R. Wolfe (ID No. 4164)

93013|COS|10035194.WPD