IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INPHONIC, INC., et al.,<br><br>               Debtors. | Chapter 11<br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br><br>Re: D.I.s 13, 65, 146, 172, 212, 213 and 217 |

**LIMITED OBJECTION OF ECHOSTAR SATELLITE L.L.C.,
TO THE NOTICE OF FILING OF CORRECTED EXHIBIT A
TO NOTICE OF ASSUMPTION, SALE AND ASSIGNMENT OF
DESIGNATED UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

EchoStar Satellite L.L.C. ("EchoStar"), a party in interest in the above-captioned bankruptcy cases, hereby files this limited objection (the "Objection") to the above-captioned debtors and debtors-in-possession's proposed assumption and assignment of an EchoStar Retailer Agreement dated December 31, 2006, by and between EchoStar and one of the Debtors, CAIS Acquisition II LLC (the "Retailer Agreement"), pursuant to the Motion for an Order (i) Authorizing the Sale of Substantially All of Their Assets; (ii) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (iii) Approving the Assumption of Certain Executory Contracts and Unexpired Leases; and (iv) Granting Related Relief (the "Sale Motion"). In support of this Objection, EchoStar respectfully states as follows:

**LIMITED OBJECTION**

1.      On December 10, 2007, the Debtors filed a Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts (the "Assumption Notice"). Neither EchoStar, nor any contract with EchoStar, was listed on the Assumption Notice.

2.      On December 11, 2007, the Debtors filed a Notice Filing of Corrected Exhibit A to Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts (the "Revised Assumption Notice"). The Revised Assumption Notice listed the Retailer Agreement as being assumed and assigned to Adeptio INPC Funding, LLC (the "Purchaser") for the first time in connection with the proposed sale pursuant to the Sale Motion (the "Proposed Sale").

3.      An integral part of the Retailer Agreement, which allows the Debtors to market, promote and solicit orders for EchoStar's programming services (the "Programming"), is a Trademark License Agreement (the "License Agreement"). The License Agreement is necessary to enable the Debtors to use EchoStar's intellectual property in connection with the sale of the Programming.

4.      Under applicable law, any assumption and assignment of the Retailer Agreement by the Debtors requires EchoStar's written consent. See In re Golden Books Family Entertainment, Inc., 269 B.R. 300, 310 (D. Del. 2001); In re Access Beyond Technologies, Inc., 237 B.R. 32, 48-49 (Bankr. D. Del. 1999).

5.      While EchoStar does not oppose the assumption and assignment of the Retailer Agreement to the Purchaser in connection with this Proposed Sale[1], EchoStar believes that there may be outstanding cure amounts associated with the Retailer Agreement. Additionally, EchoStar has specific recoupment and indemnification rights under the Retailer Agreement.

---

[1]    EchoStar hereby reserves all rights to object to any assumption or assignment of the Retailer Agreement to any other party or subsequent purchaser.

6. Therefore, EchoStar does not consent to the assumption and assignment of the Retailer Agreement unless (a) the Debtors and Purchaser confirm that all outstanding cure amounts associated with the Retailer Agreement will be paid and (b) EchoStar's rights, including without limitation, recoupment and indemnification, under the Retailer Agreement are preserved.

WHEREFORE, EchoStar respectfully requests that the Court: (a) deny the Sale Motion to the extent it allows the assumption and assignment of the Retailer Agreement without any confirmation that (i) any and all outstanding cure amounts associated with the Retailer Agreement will be paid, and (ii) all of EchoStar's rights, including without limitation, recoupment and indemnification, under the Retailer Agreement are preserved; and (b) grant such further and other relief as may be deemed just and appropriate.

Dated: December 12, 2007
      Wilmington, Delaware

                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                        */s/ Daniel B. Butz*
                        Robert J. Dehney (No. 3578)
                        Daniel B. Butz (No. 4227)
                        1201 N. Market Street
                        P.O. Box 1347
                        Wilmington, DE 19899-1347
                        (302) 658-9200

                        *Attorneys for EchoStar Satellite L.L.C.*

1333790.2