IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**NOTICE OF SECOND AMENDED[2] AGENDA OF MATTERS SCHEDULED
FOR HEARING ON DECEMBER 13, 2007 AT 10:45 A.M.
824 MARKET STREET, COURTROOM 3, 6TH FLOOR
<u>WILMINGTON, DELAWARE 19801</u>**

**\*\*PLEASE NOTE THAT THE HEARING TIME HAS BEEN RESCHEDULED FROM
10:00 A.M. TO 10:45 A.M.**

<u>**UNCONTESTED MATTER WITH CERTIFICATION OF NO OBJECTION FILED:**</u>

1. Application of Debtors Pursuant to 11 U.S.C. Section 327(a) for Authority to Employ and Retain The Bayard Firm as Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date [Filed 11/19/07, Docket No. 83]

   <u>Response Deadline</u>:

   December 6, 2007 at 4:00 p.m.

   <u>Related Documents</u>:

   (a) Certification of No Objection Regarding Docket No. 83 [Filed 12/10/07, Docket No. 208]

   (b) Proposed Order Regarding Docket No. 83

   <u>Response(s) Received</u>:

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Amended items appear in bold.

{00707260;v1}

None.

Status:

A certification of no objection has been filed. This matter will go forward.

**<u>UNCONTESTED MATTERS GOING FORWARD:</u>**

2. Emergency Motion of Alltel Communications, Inc. for Extension of Time to Object [Filed 12/7/07, Docket No. 206]

Response Deadline:

None.

Related Documents:

(a) Motion of the Debtors for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/8/07, Docket No. 13]

(b) Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 11/29/07, Docket No. 146]

(c) Limited Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/7/07, Docket No. 207]

(d) Order Granting Emergency Motion of Alltel Communications, Inc. for Extension of Time to Object [Filed 12/11/07, Docket No. 220]

Response(s) Received:

None.

Status:

This motion has been approved by the Court.

**CONTESTED MATTERS GOING FORWARD:**

3. Motion of the Debtors for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/8/07, Docket No. 13]

Response Deadline:

November 23, 2007 at 4:00 p.m. The response deadline was extended until November 26, 2007 for the Official Committee of Unsecured Creditors.

Related Documents:

(a) Order Approving Motion for (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief [Filed 11/9/07, Docket No. 52]

(b) Notice of Auction and Sale [Filed 11/13/07, Docket No. 65]

(c) Notice of Supplement to the Motion of the Debtors for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/14/07, Docket No. 74]

(d) Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 11/29/07, Docket No. 146]

(e) Debtors' Omnibus Reply to Objections to Motion for an Order (I) Authorizing the Sale of Substantially all of Their Assets; (II) Approving

an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/10/07, Docket No. 212]

(f) Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts [Filed 12/10/07, Docket No. 213]

(g) Notice of Filing of Corrected Exhibit A to Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts [Filed 12/11/07, Docket No. 217]

Response(s) Received:

(a) United States Trustee's Objection to Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/27/07, Docket No. 125]

(b) Objection of NEA's Member Benefits Corporation to Cure Amounts [Filed 11/30/07, Docket No. 161]

(c) Objection by CompareWirelessRates, LLC and MyRatePlan.com, LLC to Proposed Cure Amount [Filed 12/3/07, Docket No. 169]

(d) Objection of Spanco Telesystems & Solutions Ltd. To Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 170]

(e) Limited Objection of Microsoft Licensing, Inc. and MSN to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing and to Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 172]

(f) Objection of Yellow Page Authority, LTD., to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/3/07, Docket No. 173]

(g) Objection of Verizon Business Global, LLC Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 177]

(h) Cure Objection of mForce, Inc. to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/3/07, Docket No. 179]

(i) Objection of Randall Van Dyke & Associates, Inc., d/b/a RNA, Inc. to Cure Amounts [Filed 12/3/07, Docket No. 180]

(j) Limited Objection of Sprint Nextel Corporation to the Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 181]

(k) Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 182]

(l) Objection of Qualution Systems, Inc. to Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III)

> Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 196]

(m)  Objection of USCC Distribution Co., LLC to Proposed Cure Amount [Filed 12/5/07, Docket No. 198]

(n)  Limited Objection of T-Mobile USA, Inc. to Motion of the Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 199]

(o)  Objection of AT&T to Cure Notice and Limited Objection to Debtors' Motion to Sell Substantially All Assets and to Assume and Assign Contracts [Filed 12/5/07, Docket No. 200]

(p)  Limited Objection of GSI Commerce Solutions, Inc. to the Debtors' Motion for an Order Pursuant to Sections 105(A), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of bankruptcy Procedure (I) Authorizing the Sale of Substantially All of their Assets: (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 201]

(q)  Objection of Cellco Partnership d/b/a Verizon Wireless to (A) Debtors Motion (I) Authorizing the Sale of Substantially All Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief and (B) Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/5/07, Docket No. 202]

(r)  Limited Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/7/07, Docket No. 207]

(s)  Supplement to Limited Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain

{00707260;v1}

        Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/12/07, Docket No. 229]

(t)     Response of Microsoft Licensing and MSN to Debtor's Omnibus Reply to Objections to Motion for an Order (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/12/07, Docket No. 231]

(u)     Joinder to Supplemental Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/12/07, Docket No. 232]

(v)     Supplemental Objection to Sale Motion [Filed 12/12/07, Docket No. 238]

(w)     Joinder Of Cellco Partnership d/b/a Verizon Wireless To Supplemental Objection Of Alltel Communications, Inc. To The Debtors' Notice Of Possible Assumption, Sale And Assignment Of Certain Unexpired Leases And Executory Contractors And Sale Hearing [Filed 12/12/07, Docket No. 240]

(x)     Limited Objection to The Notice Of Filing Of Corrected Exhibit A To Notice Of Assumption, Sale And Assignment Of Designated Unexpired Leases And Executory Contracts [Filed 12/12/07, Docket No. 242]

Status:

    This matter will go forward.

4.     Motion of Infinite Computer Solutions, Inc. (1) to Compel Debtor to Assume or Reject the Master Service Agreement Between Infinite Computer Solutions, Inc. and the Debtor Under Section 365(d)(2) or, Alternatively, (2) For Relief from the Stay under Section 362(d)(1) to Allow Infinite Computer Solutions, Inc. to Terminate Its Executory Contract [Filed 11/21/07, Docket No. 101]

Response Deadline:

    December 6, 2007 at 4:00 p.m. Extended to December 10, 2007 for the Debtors.

Related Documents:

    None

{00707260;v1}

Response(s) Received:

    (a)    Debtors' Objection to Motion of Infinite Computer Solutions, Inc. (I) to Compel Debtor to Assume or Reject the Master Service Agreement Between ICS and the Debtor under Section 365(D)(2) or, Alternatively, (II) for Relief from Stay Under Section 362(D)(1) to Allow ICS to Terminate its Executory Contract [Filed 12/10/07, Docket No. 210]

Status:

This matter will go forward.

5.    Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (III) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) [Filed 11/8/07, Docket No. 11]

Response Deadline:

November 23, 2007 at 4:00 p.m. The response deadline was extended until November 26, 2007 for T-Mobile and the Official Committee of Unsecured Creditors.

Related Documents:

    (a)    Interim Order (I) Authorizing and Approving Postpetition Financing; (II) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(c) and (d) [Filed 11/9/07, Docket No. 55]

    (b)    Notice of (A) Filing of Motion and Entry of Interim Order and (B) Final Hearing with Respect to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (II) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(c) and (d) [Filed 11/13/07, Docket No. 67]

(c)     Debtors' Omnibus Reply to Objections to First Day Motions [Filed 11/28/07, Docket No. 131]

(d)     Notice of Filing of Proposed Final Order (I) Authorizing and Approving Debtors' Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status: (II) Authorizing Use of Collateral and Affording Adequate Protection; And (IV) Modifying Automatic Stay [Filed 11/28/07, Docket No. 148]

(e)     Re-Notice of Final Hearing Regarding: Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(C) and (D) [Filed 11/30/07, Docket No. 157]

(f)     Re-Notice of Final Hearing Regarding: Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(C) and (D) [Filed 12/5/07, Docket No 195]

(g)     Second Interim Order (I) Authorizing and Approving Debtors' Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; and (IV) Modifying Automatic Stay [Filed 12/11/07, Docket No. 225]

(h)     Notice of Hearing Regarding Docket No. 11 [Filed 12/11/07, Docket No. 228]

Response(s) Received:

(a)     Limited Objection of Verizon Wireless to Debtors' Motion for Approval of Debtor-in-Possession Financing and Related Relief [Filed 11/21/07, Docket No. 99]

(b)     Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and

9

        Approving Postpetition Financing; (III) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) [Filed 11/21/07, Docket No. 104]

(c)    Limited Objection and Reservation of Rights of AT&T to Debtors' Motion Seeking Postpetition Financing, Use of Cash Collateral and Other Relief [Filed 11/21/07, Docket No. 105]

(d)    Limited Objection of Spanco Telesystems & Solutions Limited to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (III) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) [Filed 11/21/07, Docket No. 106]

(e)    Limited Objection of Sprint Nextel Corporation to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (III) Granting Liens, and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001 (c) and (d) [Filed 11/21/07, Docket No. 108]

(f)    Limited Objection and Reservation of Rights of T-Mobile USA, Inc. to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Post-Petition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(C) and (D) [Filed 11/26/07, Docket No. 115]

(g)    Adeptio's Omnibus Response (I) to Creditors' Committee's (A) Motion to Dismiss and (B) Motion to Reconsider Bidding Procedures Order and (II) in Support of Final Order for Post-Petition Financing [Filed 11/28/07, Docket No. 132]

Status:

    This matter is going forward.

6.     Motion of the Committee of Unsecured Creditors for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code [Filed 11/21/07, Docket No. 86]

Response Deadline:

    November 28, 2007 at 10:00 a.m.

Related Documents:

    (a)     Motion of the Official Committee of Unsecured Creditors Pursuant to Del.Bankr.LR. 9006-1(e) for an Order Limiting and Shortening Notice to Consider Motion of the Committee of Unsecured Creditors for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code [Filed 11/21/07, Docket No. 87]

    (b)     Order Granting Motion of the Official Committee of Unsecured Creditors Pursuant to Del.Bankr.LR. 9006-1(e) for an Order Limiting and Shortening Notice to Consider Motion of the Committee of Unsecured Creditors for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code [Filed 11/21/07, Docket No. 94]

    (c)     Re-Notice of Hearing Regarding Docket Nos. 86 and 102 [Filed 11/30/07, Docket No. 156]

    (d)     Re-Notice of Hearing Regarding Docket Nos. 86 and 102 [Filed 12/5/07, Docket No. 194]

    (e)     Notice of Hearing Regarding Docket Nos. 86, 102 and 209 [Filed 12/11/07, Docket No. 227]

Response(s) Received:

    (a)     Debtors' Objection to Motion of The Official Committee of Unsecured

{00707260;v1}

        Creditors for an Order (I) Dismissing (Or Converting) Debtors' Bankruptcy Cases Pursuant to Section 1112(b) of the Bankruptcy Code or, Alternatively, (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code [Filed 11/28/07, Docket No. 127]

    (b)    Adeptio's Omnibus Response (I) to Creditors' Committee's (A) Motion to Dismiss and (B) Motion to Reconsider Bidding Procedures Order and (II) in Support of Final Order for Post-Petition Financing [Filed 11/28/07, Docket No. 132]

    (c)    Reply of the Official Committee of Unsecured Creditors in Further Support of its Motion for an Order (I) Dismissing (or Converting) Debtors' Bankruptcy cases Pursuant to Section 1112(b) of the Bankruptcy Code or, Alternatively, (II) Compelling the Trustee to Abandon Fully-Encumbered Estate Property Pursuant to Section 554(b) of the Bankruptcy Code [Filed 11/29/07, Docket No. 142]

Status:

    This matter is going forward.

7.    Motion of the Official Committee of Unsecured Creditors to Reconsider Order (a) Approving Motion for (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (d) Approving Expense Reimbursement Provision, and (e) Granting Related Relief [Filed 11/21/07, Docket No. 102]

Response Deadline:

    November 30, 2007 at noon.

Related Documents:

    (a)    Motion to Shorten Time to Consider Motion of the Official Committee of Unsecured Creditors to Reconsider Order (a) Approving Motion for (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (d) Approving Expense Reimbursement Provision, and (e) Granting Related Relief [Filed 11/21/07, Docket No. 103]

{00707260;v1}

(b) Order Granting Motion to Shorten Time to Consider Motion of the Official Committee of Unsecured Creditors to Reconsider Order (a) Approving Motion for (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (b) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (d) Approving Expense Reimbursement Provision, and (e) Granting Related Relief [Filed 11/27/07, Docket No. 123]

(c) Re-Notice of Hearing Regarding Docket Nos. 86 and 102 [Filed 11/30/07, Docket No. 156]

(d) Re-Notice of Hearing Regarding Docket Nos. 86 and 102 [Filed 12/5/07, Docket No. 194]

(e) Notice of Hearing Regarding Docket Nos. 86, 102 and 209 [Filed 12/11/07, Docket No. 227]

Response(s) Received:

(a) Adeptio's Omnibus Response (I) to Creditors' Committee's (A) Motion to Dismiss and (B) Motion to Reconsider Bidding Procedures Order and (II) in Support of Final Order for Post-Petition Financing [Filed 11/28/07, Docket No. 132]

(b) Reply to Adeptio's Response to Motion of the Official Committee of Unsecured Creditors Seeking Reconsideration of this Court's Order (A) Approving Bid Procedures Relating to Sale of Substantially all of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (C) Establishing Procedures Relating to Assumption and assignment of Certain Contracts, Including Notice of Proposed Cure amounts; (D) Approving Expense Reimbursement Provision; and (E) Granting Related Relief, Pursuant to *Inter Alia*, Fed.R.Bankr.P. 7052, 9023 and 9024, Fed.R.Civ.P. 52, 59 and 60 and Del.Bankr.LR 9013-1(m)(v) [Filed 11/29/07, Docket No. 144]

(c) Objection to Motion of the Official Committee of Unsecured Creditors Seeking Reconsideration of this Court's Order (A) Approving Bid Procedures Relating to Sale of Substantially all of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Manner of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Expense Reimbursement Provision; and (E) Granting Related Relief [Filed 12/3/07, Docket No. 185]

{00707260;v1}

(d) Reply to Debtors' Objection to Motion of the Official Committee of Unsecured Creditors Seeking Reconsideration of this Court's Order (A) Approving Bid Procedures Relating to Sale of Substantially all of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Expense Reimbursement Provision; and (E) Granting Related Relief [Filed 12/4/07, Docket No. 189]

Status:

This matter is going forward.

8. Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period [Filed 12/10/07, Docket No. 209]

Response Deadline:

None.

Related Documents:

(a) Motion of the Official Committee of Unsecured Creditors Pursuant to Del.Bankr.LR. 9006-1(e) for an Order Limiting and Shortening Notice to Consider Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period [Filed 12/10/07, Docket No. 211]

(b) Order Granting Motion of the Official Committee of Unsecured Creditors Pursuant to Del.Bankr.LR. 9006-1(e) for an Order Shortening Notice to Consider Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period [Filed 12/11/07, Docket No. 215]

(c) Notice of Hearing Regarding Docket Nos. 86, 102 and 209 [Filed 12/11/07, Docket No. 227]

Response(s) Received:

(a) Debtors' Objection to the Emergency Motion of the Official Committee of Unsecured Creditors for an Order (I) Postponing the Sale Hearing Currently Scheduled for December 13, 2007, and (II) Extending the Investigation Period [Filed 12/11/07, Docket No. 216]

(b) Objection to Creditors' Committee's Emergency Motion to Postpone Sale Hearing and Extend Investigation Period [Filed 12/11/07, Docket No. 221 and 222]

Status:

This matter is going forward.


Dated: Wilmington, Delaware
December 13, 2007

THE BAYARD FIRM

By: \s\ Mary E. Augustine
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

Thomas R. Califano
Jeremy R. Johnson
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Proposed Counsel for Debtors
and Debtors in Possession

{00707260;v1}