## In re InPhonic, Inc., et al., Case No. 07-11666

## Settlement Term Sheet

[Handwritten margin note: which amount shall be repaid from first proceeds paid to the trust]

- **Upon Closing of the APA**, Adeptio INPC Funding, LLC ("Adeptio") will:

    [Handwritten: confirmation] [Handwritten margin: litigation trust]

    - **Professional Fee Payments**: Upon allowance or other court authorization, pay all professional fees accrued through the ~~sale closing~~ing, up to the aggregate amount budgeted for such fees in the DIP budget from the filing date through ~~the week of closing~~ (to the extent not previously paid by the debtor from DIP funds) (the "Professional Funding"). For the avoidance of doubt, and notwithstanding the foregoing, the aggregate amount paid by Adeptio on account of the Professional Funding shall not exceed ~~$850,000~~; $1,100,000.

    [Handwritten margin: Confirmation of a plan] [Handwritten: and Windown] [Handwritten: in the amount of $200,000 ("Windown Funding")]

    [Handwritten margin: which shall accrue interest as ~~\_\_\_\_~~ ruled ~~\_\_\_\_~~ by the court; through a Litigation Trust]

    - **Investigation ~~and~~ Litigation Funding**. Fund (i) the administrative costs of maintaining the Debtors' estates post closing ~~after the asset sale, subject to the attached budget for a period of no greater than sixty (60) days~~, and (ii) the costs of professional fees necessary to investigate the viability of avoidance actions and other litigation claims and commence and prosecute such litigation if appropriate that the Debtors' estates may possess through a senior secured loan of up to a total $~~9~~00,000, in accordance with the terms set forth below (the "Investigation Funding"); and (5)

    [Handwritten: Adeptio shall have an allowed deficiency claim of $20,000,000 on account of]

    - **Deficiency Claim.** ~~Waive $15,000,000.00 in face value of its~~ prepetition unsecured ~~\_\_\_\_~~ claim.

    [Handwritten margin: (whether or not an officer or director)]

    - **Priority Claims.** Upon confirmation of a chapter 11 plan, contribute up to a total $500,000 solely for the purpose of making distributions under such plan on account of allowed priority claims, pursuant to the terms and conditions of section 1129(a)(9) of the Bankruptcy Code (the "Priority Claims Funding"). [Handwritten: as such claims become allowed]

- **Retained Litigation Claims.** The Debtors' estates shall retain Excluded Assets, as set forth and defined in the APA, including Excluded Avoidance Actions and excluded litigation claims (including claims against individuals and parties with no on-going, post-closing ~~business relationship~~). These claims include those set forth in the Notice of Circumstances sent by the Debtors on November 29, 2007 to its respective Directors and Officers liability insurance carriers it being understood that such claims do include claims against individuals and parties with an on-going, post-closing business relationship with the Debtors' post-closing business, which are considered Purchased Assets under the APA.

[Handwritten margin: and the Debtors shall promptly seek to ~~abandon~~ all ~~\_\_\_\_~~ 547 ~~preference~~ claims]

- **DIP Facility Funding.** Funding under the DIP Facility shall continue in accordance with the terms of the DIP Facility and the Budget (as defined in the DIP Facility), up to the Revolving Credit Commitment (as defined in the DIP Facility) of $25,000,000.00. The DIP Facility shall terminate in accordance with its terms.

- **Assumed Liabilities.** Adeptio shall assume the following liabilities, as set forth in the APA (all as defined in the APA): Cure Costs under Designated Contracts and the Assumed Liabilities. It is understood that the Assumed Liabilities include Adeptio's obligations in

connection with the GAH Fee ~~Letter (to the extent allowed)~~, which such obligations are in addition to the Professional Funding. [handwritten: which shall be allowed in the amount of $1,300,000 inclusive of amounts paid to GAH to the date of closing]

- **No Further Obligations.** It is expressly understood that Adeptio has no obligation to the Debtors' or their estates other than under

    o that certain Senior Secured, Super-Priority Debtor-In-Possession Credit and Guaranty Agreement, dated as of November 9, 2007, and related documents and orders (the "DIP Facility");

    o that certain Asset Purchase Agreement, dated as of November 8, 2007 (the "APA"),

    o [handwritten: the Windown Funding;]
    o the Professional Funding;

    o the Investigation and Litigation Funding; and

    o the Priority Claims Funding.

- **Purchased ~~Avoidance~~ Actions.** In connection with the purchase of Avoidance Actions or litigation claims purchased under the APA, Avoidance Actions against the putative defendants shall be ~~deemed~~ released as of the closing of the sale under the APA. [handwritten edits]

- **Investigation Period.** The Creditors' Committee's investigation period under the DIP Facility shall terminate on December 13, 2007.

- **Court Approval.** Immediately upon execution and delivery of this Term Sheet, the Debtors shall file and serve appropriate pleadings with the Bankruptcy Court for approval of this Term Sheet and settlement pursuant to Bankruptcy Rule 9019 on an expedited basis, ~~but no~~ [handwritten: to be heard] later than December 20, 2007.

- [handwritten: Litigation Trust: The parties agree to work in good faith towards an agreement]

- **Sale Process.** At the December 13, 2007 Sale Hearing, the Court shall enter a Sale Order as required under the APA. [handwritten: regarding the governance and constitution of the Litigation Trust]

- **Cooperation.** The books, records, files or other materials, or copies thereof, necessary to investigate and/or prosecute the claims and causes of action not sold and assigned to Adeptio will be provided by the Debtors and/or Adeptio to the Creditors Committee or its designee, and the Debtors and Adeptio will provide access to personnel as reasonably necessary.

- **Final Settlement.** This settlement shall be a final, unconditional settlement between Adeptio, [handwritten: the Official Committee of Unsecured Creditors,] and the Debtors, with no investigation or other contingencies.

- **Reservation of Rights and No Amendment.** The APA, the DIP Facility, and the prepetition secured loan facility remain in full force and effect, with no amendment or modification whatsoever, and Adeptio fully reserves all rights thereunder.

- **Full Authority.** By their signature below, the parties represent that they are vested with full and complete authority to execute this term sheet on behalf of their client(s).

<u>Andrew Zeinfeld, Ken Schwa~~~ and Walter Leah~~~</u> ~~[struck through text]~~ shall cooperate with the Litigation Trust in the pursuit of trust claims

- <u>Post-Closing Cooperation</u> ~~[struck]~~: Without limiting anything in this term sheet,

Agreed and Accepted:

*Official Committee of Unsecured Creditors for*

| | |
|---|---|
| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020 | InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, ~~as Debtors and Debtors In Possession~~<br><br>By: _____<br><br>Reed Smith, LLP<br>1201 Market Street, Suite 1500<br>Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 | |