IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666 (KG) |
| | : Jointly Administered |
| Debtors. | : |
| | : **Objection Deadline: N/A** |
| | : **Hearing Deadline: N/A** |

**DEBTORS' EMERGENCY MOTION TO SHORTEN NOTICE WITH
RESPECT TO DEBTORS' MOTION FOR AN ORDER: (I) APPROVING
THE TERM SHEET BY AND AMONG THE DEBTORS, ADEPTIO INPC
FUNDING, LLC AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND (II) AUTHORIZING THE ABANDONMENT OF
CERTAIN PREFERENCE CLAIMS PURSUANT TO BANKRUPTCY
CODE SECTION 544**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, pursuant to section 102 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), file this emergency motion to shorten the notice period (the "Motion to Shorten") under Rule 9006-1(c) of the Local Rules and Rule 2002(a) of the Federal Rules of Bankruptcy (the "Bankruptcy Rules") with respect to the Debtors' Motion for an order (i) approving the conformed term sheet by and among the Debtors, Adeptio INPC Funding LLC and the Official Committee of Unsecured Creditors (the "Term Sheet")and (ii) authorizing the abandonment of

---

[1] The Debtors and the last four digits of each Debtors' federal tax identification numbers are: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00708440;v1}NEWY1\8179753.2

certain preference claims under Bankruptcy Code 547 (the "Settlement Motion"). In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are section 102 of the Bankruptcy Code and Rule 9006-1(e) of the Local Rules.

## GENERAL BACKGROUND

3. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. The Debtors continued to possess their property and to manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

6. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"), which contemplates

the sale of substantially all of the Debtors' assets and was heard on December 13, 2007.

7. Also, on the Petition Date, the Debtors filed a Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Postpetition Financing; (II) Granting Liens and Security Interests and Providing Superpriority Administrative Expenses Status; (II) Authorizing Use of Cash Collateral and Affording Adequate Protection; (IV) Modifying Automatic Stay; and (V) Scheduling Final Hearing, Pursuant to Section 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(C) and (D) (the "DIP Motion").

8. At the hearing on the DIP Motion and Sale Motion on December 13, 2007, after intensive discussions, the Committee, the Debtors, and Adeptio reached a global settlement on the Committee's various objections and motions, including the Committee Motions, allowing for entry of final orders approving the Sale Motion (the "Final Sale Order") and the DIP Motion (the "Final DIP Order"). The settlement is reflected in the Term Sheet that was approved and incorporated into the Final Sale Order . The terms of the Term Sheet control in the event of any inconsistencies between it and the DIP Order or the Final Sale Order.

9. As the Court is well aware, the Parties have struggled to find a consensual resolution to this litigation that would permit the Debtors to sell their assets in an orderly fashion and provide for the resolution of these chapter 11 cases. The early stages of the Debtors' cases have been marked by a significant amount of contention and litigation between the Parties. The litigation between the Parties has significantly impaired the value of the Debtors' businesses. Additionally, since Adeptio, the Debtor's senior prepetition secured creditor, is significantly undersecured, absent a consensual resolution the Debtors' estates would have been administratively insolvent. The settlement embodied in the Term Sheet resolves the litigation

between the Parties, allowing the Debtors to move forward with the sale and providing the framework for a plan of liquidation.

## RELIEF REQUESTED

10. Pursuant to Local Rule 9006-1(e), the Debtors seek to shorten the period of the hearing on the Settlement Motion required by Bankruptcy Rule 2002(a) so that this Court may consider the Motion at the hearing on December 20, 2007 at 3:00 p.m. In addition, the Plaintiff seeks a corresponding objection deadline for the Settlement Motion of December 19, 2007 at 4:00 p.m.

## BASIS FOR REQUESTED RELIEF

11. Local Rule 9006-1(e) provides that, "[n]o motion will be scheduled on less notice than required by these rules or the [Bankruptcy Rules] except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for hearing."

12. Pursuant to Bankruptcy Rule 2002(a), the regular notice period for a hearing on the Settlement Motion is twenty (20) days notice by mail.

13. In support of this Motion to Shorten, the Debtors assert that a prompt hearing on the Settlement Motion is appropriate considering the nature of the relief requested. As described more fully in the Settlement Motion, the Debtors seek approval of a settlement term sheet (the "Term Sheet") evidencing a settlement which resolves the litigation between the parties and allows the Debtors to move forward with the sale and provides the framework for a plan of liquidation.

14. Expedited consideration is warranted because, as the Court is well aware, the early stages of the Debtors' cases have been marked by a significant amount of contention and

litigation between the Debtor, Adeptio and the Committee. Because of this litigation between the Parties, the Debtors have suffered significant impairment to the value of their businesses.

15. The settlement, and the Debtors corresponding abandonment of preference claims under section 547 of the Bankruptcy Code, provide great benefit to the Debtors' estates while at the same time allowing for the prompt resolution of these chapter 11 cases.

16. Due to the fact that the Term Sheet, and corresponding abandonment of the Debtors' preference claims under 547 of the Bankruptcy Code, by their nature, must be approved and authorized by the Court in order for the Debtors to be allowed to fully comply with the Courts Final Sale Order, the Debtors respectfully request that the Court shorten notice with respect to the Settlement Motion.

17. The shortened notice period will not prejudice any party in interest. The Debtors will, through their servicing agent, service the Motion to Shorten upon the same parties served with the Settlement Motion. Under these circumstances the Debtors seek relief from this Court, pursuant to section 102 of the Bankruptcy Code and Local Rule 9006-1(e), to have the Settlement Motion heard on shortened notice as set forth herein.

### STATEMENT PURSUANT TO LOCAL RULE 1001-1(B)

18. Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion to Shorten because there are no novel issues of law presented in this Motion.

### NOTICE

19. Notice of this Motion to Shorten has been provided to: (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Adeptio Funding LLC: Young Conway Stargatt &

Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay), (c) proposed counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne); and (d) all parties having filed requests for notices in the Debtors chapter 11 cases. The Debtors submit that such notice constitutes good and sufficient notice of this Motion to Shorten and all proceedings to be held thereon, and that no other or further notice need be given.

## NO PRIOR REQUEST

20. No previous motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this grant the relief requested herein and such further relief as this Court deems just and proper.

Date:  December 17, 2007
       Wilmington, Delaware

Respectfully submitted,

**THE BAYARD FIRM**

By: _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Counsel for Debtors and Debtors in Possession