# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., *et al.*, | Case No. 07-11666 (KG) <br> Jointly Administered |
| Debtors. | Objection Deadline: January 2, 2008 at 4:00 p.m. <br> Hearing Date: January 9, 2008 at 10:00 a.m. |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORIZATION TO EMPLOY DELOITTE FINANCIAL ADVISORY SERVICES LLP *NUNC PRO TUNC* TO NOVEMBER 19, 2007 TO SERVE AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The duly-appointed Official Unsecured Creditors' Committee (the "Committee") in these Chapter 11 cases of debtor Inphonics, Inc. (the "Case(s)") hereby applies for an order, pursuant to §§ 327(a) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing it to employ Deloitte Financial Advisory Services LLP ("Deloitte FAS") as financial advisors to the Committee to perform specified services in connection with the Cases, *nunc pro tunc* to November 19, 2007. In support of this application (the "Application"), the Committee submits the declaration of Daniel Polsky, a Director of Deloitte FAS (the "Polsky Declaration") together with supporting exhibit(s), and respectfully represents as follows:

## BACKGROUND

1. On November 8, 2007 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to be

authorized to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 9, 2007, the Court entered an order directing the Debtors' cases to be jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3. On November 16, 2007, the United States Trustee appointed the Committee in accordance with section 1102 of the Bankruptcy Code.

4. The Committee has elected to employ Deloitte FAS to serve as its financial advisors.

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these Cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 327 and 1103 of the Bankruptcy Code, as supplemented by the Bankruptcy Rules.

**RELIEF REQUESTED**

6. By this Application, the Committee seeks authority to employ Deloitte FAS as financial advisors in matters related to these Cases, as more fully described below and in the Polsky Declaration. The terms and conditions of Deloitte FAS' proposed retention by the Committee are set forth in that certain engagement letter between the Committee and Deloitte FAS (the "Deloitte FAS Engagement Letter") attached as Exhibit 1 to the Polsky Declaration. Pursuant to Sections 327 and 1103 of the Bankruptcy Code, the Committee requests that the Court approve the retention of Deloitte FAS in accordance with the terms of the Deloitte FAS Engagement Letter, the Polsky Declaration, and the Application.

7. The Committee has requested that Deloitte FAS immediately commence work on the Cases in order for Deloitte FAS to assist the Committee as described below. Additional

details with respect to the scope of Deloitte FAS' retention are set forth in the Deloitte FAS Engagement Letter. Due to the fact that Deloitte FAS has been requested to begin work immediately, and commenced providing services on November 19, 2007, the Committee respectfully requests that the Application be approved on a *nunc pro tunc* basis effective as of November 19, 2007.

8. The Committee believes that the size and scope of the Debtors' operations, the magnitude and the complexity of the attendant financial issues to be ascertained, and the time frames proposed require the Committee to employ a financial advisor to assist the Committee in gathering and analyzing financial information and to perform other services as set forth herein. The Committee hereby requests this Court's approval of its employment and retention of Deloitte FAS in the Cases. The Committee believes that the employment of Deloitte FAS will be a positive contribution to the resolution of the Cases.

9. The Committee has reviewed the qualifications and experience of Deloitte FAS' personnel and believes that such personnel have considerable experience in advising creditors' committees and assisting various parties-in-interest in restructuring and other business combination transactions, both inside and outside of chapter 11 proceedings. For example, personnel of Deloitte FAS have assisted secured creditors, unsecured creditors, bondholders, and equity holders in numerous bankruptcy cases and out-of-court restructurings and have acted as financial advisors to both buyers and sellers in numerous business combination transactions. Deloitte FAS is a qualified professional services firm whose reorganization professionals have experience in matters of this type. Deloitte FAS' depth of experience and breadth of service capabilities render it particularly well-qualified and able to provide services to the Committee during the pendency of these Cases.

## SCOPE OF RETENTION

10.     The Committee contemplates that Deloitte FAS will provide the Committee with assistance in connection with the restructuring and reorganization of the Debtors' affairs throughout the course of the Cases as set forth in the Polsky Declaration and Deloitte FAS Engagement Letter, and as the Committee or its counsel may otherwise request and as may be agreed to by Deloitte FAS. Certain of the advisory services and assistance that Deloitte FAS may render to the Committee may be summarized as follows:

i.) Assist the Committee in connection with its assessment of the Debtors' cash and liquidity requirements, as well as the Debtors' financing requirements;

ii.) Assist the Committee in connection with its monitoring of the Debtors' financial and operating performance, including their current operations, monthly operating reports, and other financial and operating analyses or periodic reports as provided by management or the Debtors' financial advisors;

iii.) Assist the Committee in connection with its evaluation of the Debtors' key employee retention plans, compensation and benefit plans and/or other incentive or bonus plans;

iv.) Assist the Committee in connection with its evaluation of the Debtors' business, operational and financial plans, both short-term and long-term, including with respect to actual results versus forecast, capital expenditure requirements, and cost reduction opportunities;

v.) Assist the Committee in connection with its evaluation of the Debtors' statements of financial affairs and supporting schedules, executory contracts and claims;

vi.) Assist the Committee in connection with its evaluation of the Debtors' operating structure, business configuration and strategic alternatives;

vii.) Assist the Committee in connection with its evaluation of restructuring-related alternatives for the Debtors;

viii.) Assist the Committee in connection with the Committee's restructuring or reorganization-related negotiations including analysis, preparation or evaluation of any plan(s) of reorganization proposed by the Debtors, the Committee or a third party;

ix.) Assist the Committee in connection with its analysis of issues related to claims filed against the Debtors including reclamation issues, administrative, priority or unsecured claims, case litigation and contract rejection damages;

x.) Assist the Committee in its evaluation of auction procedures or sale transactions that may take place, including with respect to the Committee's evaluation of bids, establishment of bid procedures, identification of additional potentially interested parties for the Debtors' assets, negotiation of asset purchase agreement provisions including working capital adjustments, valuation issues and other related matters;

xi.) Consistent with the scope of services set forth herein, attend and participate in hearings before the Bankruptcy Court;

xii.) Assist the Committee, where appropriate, in its analysis of the books and records of the Debtors in connection with potential for recovery of funds to the estate from voidable transactions including related party transactions, preference payments and unenforceable claims; and

xiii.) Provide such other related services as may be requested in writing by the Committee and as agreed to by Deloitte FAS.

## **DISINTERESTEDNESS AND LACK OF ADVERSE INTEREST**

11.  To the best of the Committee's knowledge, and based upon the Polsky Declaration, Deloitte FAS neither holds nor represents an interest adverse to the Debtors or the Debtors' estates in connection with the Cases. Furthermore, to the best of the Committee's knowledge, Deloitte FAS does not have any connection with the Debtors, their significant creditors, the United States Trustee's office for the District of Delaware, any other significant party in interest in the Cases, or with the Debtors' attorneys, except as stated herein, or as described in the Polsky Declaration or the attachments thereto.

12.  As is discussed in more detail in the Polsky Declaration and any attachments thereto, from time to time Deloitte FAS or its affiliates have provided, may currently provide, and may in the future continue to provide professional services to certain of the Debtors'

creditors or their affiliates, or to other parties-in-interest in matters unrelated to the Cases. A listing of such parties is shown on Exhibit "2" to the Polsky Declaration.

13.  Because Deloitte FAS is a nationwide firm with many client relationships, and because various parties-in-interest are significant enterprises, Deloitte FAS is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard if Deloitte FAS discovers additional information that it determines requires disclosure, it will file promptly a supplemental disclosure with the Court.

## **TERMS OF RETENTION**

14.  Subject to allowance and approval by the Bankruptcy Court, in exchange for the services hereunder, the professional fees of Deloitte FAS will be based upon a blended average hourly billing rate of $325 per hour the ("Applicable Rate") for all professional staff. Deloitte FAS will bill any paralegal and support personnel at $125 per hour. In addition, Deloitte FAS has agreed to certain fee caps on a monthly (the "Monthly Caps") and a cumulative (the "Cumulative Cap") basis. The Monthly Caps provide that Deloitte FAS may bill the lesser of actual fees incurred or the Monthly Cap in all months, subject to the provisions below. The Monthly Caps are based upon the following schedule: $75,000 for services provided from November 19, 2007, through December 18, 2007 ("Month 1"), and $50,000 per month, thereafter. In the event that actual fees exceed the Monthly Cap in any given month, such excess may be carried forward and billed in a subsequent month ("Catch-up Billing") in which actual monthly billing is less than the Monthly Cap. The Cumulative Cap provides that Deloitte FAS may bill up to the sum of the Monthly Caps. In no event can Deloitte FAS' total fees exceed the Cumulative Cap. Deloitte FAS will provide a detailed reconciliation in each monthly fee statement and interim fee application submitted.

15. In addition to professional fees for the services described in the Deloitte FAS Engagement Letter, Deloitte FAS fee applications will include requests for reimbursement of reasonable expenses, including travel, report production, delivery services, and other costs incurred in providing the services.

16. Deloitte FAS intends to apply for compensation for professional services to be rendered in connection with the Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under § 330, and the Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Chapter 11 Professionals and Committee Members. Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by this Court.

17. Except as may be described herein, Deloitte FAS does not have any agreement to share its compensation from the services for which it is seeking to be retained hereunder with any non-affiliated entity. Finally, Deloitte FAS has not requested and has not been paid any retainer in connection with the Cases.

18. The Committee believes Deloitte FAS' fees are comparable with those of Deloitte FAS' competitors.

19. The Committee believes that the retention of Deloitte FAS as its financial advisor on the terms described above *nunc pro tunc* to November 19, 2007, is in the best interests of these estates.

## PROCEDURE

20. No previous application or other request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order approving its selection of Deloitte FAS as financial advisors to the Committee in these proceedings, said appointment *nunc pro tunc* to November 19, 2007.

Dated: December 17, 2007

Respectfully Submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____
Mr. Ashoka Tankala
S.V.P. – Finance and Corporate
Infinite Computer Solutions, Inc.
5 Choke Cherry Road
Suite 320
Rockville, MD 20850

Committee Chair