## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

### NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON DECEMBER 20, 2007 AT 3:00 P.M. 824 MARKET STREET, COURTROOM 3, 6TH FLOOR WILMINGTON, DELAWARE 19801

### UNCONTESTED MATTER GOING FORWARD:

1.  Debtors' Motion for an Order: (I) Approving the Conformed Term Sheet by and among the Debtors, Adeptio INPC Funding, LLC and the Official Committee of Unsecured Creditors and (II) Authorizing the Abandonment of Certain Preference Claims Pursuant to Bankruptcy Code Section 544 [Filed 12/17/07, Docket No. 261]

Response Deadline:

December 19, 2007 at 4:00 p.m.

Related Documents:

(a)  Debtors' Emergency Motion to Shorten Notice with Respect to Debtors' Motion for an Order: (I) Approving the Conformed Term Sheet By and Among the Debtors, Adeptio INPC Funding, LLC and the Official Committee of Unsecured Creditors and (II) Authorizing the Abandonment of Certain Preference Claims Pursuant to Bankruptcy Code Section 544 [Filed 12/17/07, Docket No. 262]

---

[1]  The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

Response(s) Received:

    None at this time.

Status:

    This matter will go forward if the motion to shorten notice is granted.

## CONTESTED MATTER GOING FORWARD:

2.    Motion of the Debtors for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/8/07, Docket No. 13]

Response Deadline:

    November 23, 2007 at 4:00 p.m.   The response deadline was extended until November 26, 2007 for the Official Committee of Unsecured Creditors.

Related Documents:

    (a)    Order Approving Motion for (I) Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices; (III) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts, (IV) Approving Expense Reimbursement Provision, and (V) Granting Related Relief [Filed 11/9/07, Docket No. 52]

    (b)    Notice of Auction and Sale [Filed 11/13/07, Docket No. 65]

    (c)    Notice of Supplement to the Motion of the Debtors for an Order Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All Their Assets; (II) Approving An Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/14/07, Docket No. 74]

2

(d)    Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 11/29/07, Docket No. 146]

(e)    Debtors' Omnibus Reply to Objections to Motion for an Order (I) Authorizing the Sale of Substantially all of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/10/07, Docket No. 212]

(f)    Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts [Filed 12/10/07, Docket No. 213]

(g)    Notice of Filing of Corrected Exhibit A to Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts [Filed 12/11/07, Docket No. 217]

(h)    Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief [Filed 12/13/07, Docket No. 250]

Response(s) Received:

(a)    United States Trustee's Objection to Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 11/27/07, Docket No. 125]

(b)    Objection of NEA's Member Benefits Corporation to Cure Amounts [Filed 11/30/07, Docket No. 161]

(c)    Objection by CompareWirelessRates, LLC and MyRatePlan.com, LLC to Proposed Cure Amount [Filed 12/3/07, Docket No. 169]

(d)    Objection of Spanco Telesystems & Solutions Ltd. to Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II)

3

Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 170]

(e)    Limited Objection of Microsoft Licensing, Inc. and MSN to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing and to Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 172]

(f)    Objection of Yellow Page Authority, LTD., to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/3/07, Docket No. 173]

(g)    Objection of Verizon Business Global, LLC Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 177]

(h)    Cure Objection of mForce, Inc. to Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/3/07, Docket No. 179]

(i)    Objection of Randall Van Dyke & Associates, Inc., d/b/a RNA, Inc. to Cure Amounts [Filed 12/3/07, Docket No. 180]

(j)    Limited Objection of Sprint Nextel Corporation to the Debtors' Motion for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 181]

(k)    Objection of the Official Committee of Unsecured Creditors to the Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the

{00707649;v1}

Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/3/07, Docket No. 182]

(l)     Objection of Qualution Systems, Inc. to Motion of Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 196]

(m)    Objection of USCC Distribution Co., LLC to Proposed Cure Amount [Filed 12/5/07, Docket No. 198]

(n)     Limited Objection of T-Mobile USA, Inc. to Motion of the Debtors for an Order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 199]

(o)     Objection of AT&T to Cure Notice and Limited Objection to Debtors' Motion to Sell Substantially All Assets and to Assume and Assign Contracts [Filed 12/5/07, Docket No. 200]

(p)     Limited Objection of GSI Commerce Solutions, Inc. to the Debtors' Motion for an Order Pursuant to Sections 105(A), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of bankruptcy Procedure (I) Authorizing the Sale of Substantially All of their Assets: (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/5/07, Docket No. 201]

(q)     Objection of Cellco Partnership d/b/a Verizon Wireless to (A) Debtors Motion (I) Authorizing the Sale of Substantially All Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related

5

Relief and (B) Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/5/07, Docket No. 202]

(r)   Limited Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/7/07, Docket No. 207]

(s)   Supplement to Limited Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/12/07, Docket No. 229]

(t)   Response of Microsoft Licensing and MSN to Debtor's Omnibus Reply to Objections to Motion for an Order (I) Authorizing the Sale of Substantially all of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed 12/12/07, Docket No. 231]

(u)   Joinder to Supplemental Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing [Filed 12/12/07, Docket No. 232]

(v)   Supplemental Objection to Sale Motion [Filed 12/12/07, Docket No. 238]

(w)   Joinder of Cellco Partnership d/b/a Verizon Wireless to Supplemental Objection of Alltel Communications, Inc. to the Debtors' Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contractors and Sale Hearing [Filed 12/12/07, Docket No. 240]

(x)   Limited Objection to the Notice of Filing of Corrected Exhibit A to Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts [Filed 12/12/07, Docket No. 242]

6

Status:

Responses (a), (k), and (x) are resolved.  This matter will go forward as a status conference with respect to the remaining responses.

Dated: Wilmington, Delaware
       December 18, 2007

THE BAYARD FIRM

By: _____

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

Thomas R. Califano
Jeremy R. Johnson
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors
and Debtors in Possession

{00707649;v1}