IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Hearing date: January 30, 2008 at 3:00 p.m.** |
| | : | **Objection deadline: January 23, 2008 at 4:00 p.m.** |

**OMNIBUS MOTION FOR ORDER APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS PURSUANT TO THE DECEMBER 13, 2007 ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND SALE AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion") seeking (a) the assumption and assignment of certain unexpired leases and executory contracts; and (b) approval of procedures for future assumption and assignment of certain contracts to be held by the Debtors ("Held Contracts") pursuant to the December 13, 2007 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and

---

[1] The Debtors and the last four digits of each Debtors' federal tax identification numbers are: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware

Clear of All Liens, Claims, Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief (the "Sale Order").  In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.      The statutory predicate for the relief requested herein is section 365(a) title 11 of the United States Code (the "Bankruptcy Code").

## GENERAL BACKGROUND

3.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4.      The Debtors continue to posses their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' business assets have been sold to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer") as set forth below.

5.      No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

---

limited liability company, Fed. Tax Id. No. 5391.

## ASSET SALE

6.    On the Petition Date the Debtors filed their Motion For an Order (A) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets, (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Procured Cure Amounts, (D) Approving Expense Reimbursement Provision, and (E) Granting Related Relief (the "Bid Procedures Motion") with the Bankruptcy Court.  On November 9, 2007, the Bankruptcy Court entered an order approving the Bid Procedures Motion (the "Bidding Procedures Order").

7.    On the Petition Date, the Debtors also filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement (the "Agreement"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and Agreement, the Debtors sought authority to sell substantially all of their business assets to the Buyer and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts ("Cure Costs") required under Bankruptcy Code section 365(b)(1)(A).

8.    Between November 14 and 20, 2007, the Debtors served upon all contract parties that certain Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Cure Notice").  The Cure Notice sets forth the list of contracts that the Debtors may seek to assume, assign and

sell and the corresponding Cure Costs.  The deadline for parties to object to their respective

Cure Costs expired on December 3, 2007.

9.      On December 10, 2007, pursuant to section 2.5(a) of the Agreement, the

Buyer submitted to the Debtors, and the Debtors subsequently filed with the Bankruptcy

Court, that certain Notice of Assumption Sale and Assignment of Designated Unexpired

Leases and Executory Contracts ("Notice of Designated Contracts"), setting forth certain

executory contracts and unexpired leases to which the Seller is a party that, subject to

subsequent notice of the Buyer under Section 2.5 of the Agreement, the Buyer intended to

have assumed and assigned pursuant to section 363 and 365 of the Bankruptcy Code

("Designated Contracts").

10.      On December 13, 2007, after conducting a hearing, the Bankruptcy Court

approved the Sale Motion and entered an order approving the Sale Motion and

Agreement (the "Sale Order").  The Sale Order authorizes the Debtors to assume and

assign the Designated Contracts to the Buyer.  The Sale Order also authorizes the Buyer

to direct the Debtors to assume additional contracts and "hold" contracts as follows:

> [t]he Buyer may designate certain unexpired leases or executory
> contracts as a Held Contract.  The Debtors shall hold and not reject
> each Held Contract for the Contract Retention Period.  During the
> Contract Retention Period, the Buyer may direct the Debtors to
> assume and assign the Held Contract to the Buyer.  As soon as
> practicable after receiving written notice from the Buyer to assume
> and assign the Held Contract the Debtors shall take all actions
> reasonably necessary to assume and assign the Held Contract to
> Buyer pursuant to Bankruptcy Code §365.

Sale Order, ¶30.    The last section of 2.5(b) of the Agreement provides that

"[n]otwithstanding anything in the Agreement to the contrary, on the date any Contract

is assumed and assigned to the Buyer pursuant to this Section 2.5(b), such Contract shall

be deemed a [Designated]² Contract for all purposes under the Agreement." Agreement, ¶2.5(b).

11.    On or around December 21, 2007, the Buyer assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), its rights to receive the Assets from the Sellers under the Agreement (as defined in the Agreement).

12.    On December 31, 2007, pursuant to the Sale Order and section 2.5(b) of the Agreement, Simplexity submitted to the Debtors the notice and attached Annex A ("Notice of Held Contracts") and Annex B ("Additional Designated Contract Notice"), each attached hereto as Exhibit 1, setting forth additional designated contracts for assumption and assignment and Held Contracts to be "held" by the Debtors pursuant to the terms of section 2.5(b) of the Agreement and Sale Order. No non-debtor party to the Additional Designated Contracts has objected to the Sale Motion or the assumption and assignment of their contract pursuant to the terms of the Agreement.

13.    On or about January 2, 2008, Simplexity instructed the Debtors to assume and assign that certain Merchant Service Agreement (the "Discover Contract") with DSF Services LLC f/k/a Discover Financial Services LLC ("Discover").

14.    As of January 2, 2008, Discover had not been served with a Cure Notice. On January 7, 2008, the Debtors served Discover with a Cure Notice that set the Cure Costs at $0.00.

---

² Note that there is a typo in the final sentence of Section 2.5 of the Agreement. "Designed" should be "Designated".

**RELIEF REQUESTED**

15.    By this Motion, the Debtors seek an order, pursuant to the Sale Order and Agreement: (a) authorizing the Debtors to assume and assign to Simplexity those additional designated contracts listed in Annex B to the Attached Exhibit 1 and the Discover Contract (those contracts listed on Annex B to the Attached Exhibit 1 and the Discover Contract shall collectively be referred to herein as the "Additional Designated Contracts"); and (b) approving the procedures as set forth herein for future assumption and assignment of the Held Contracts.

**BASIS FOR REQUESTED RELIEF**

**A. The Assumption and Assignment of the Additional Designated Contracts Should Be Approved.**

     (i)    **The Relief Requested Herein is Consistent with the Sale Order.**

16.    Sections 365(a) and (b) of the Bankruptcy Code authorize a debtor in possession to assume, subject to the court's approval, executory contracts or unexpired leases of the debtor.  11 U.S.C. § 365(a) and (b); In re Jamesway Corp., 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996).   Under section 365(a) of the Bankruptcy Code, a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) of the Bankruptcy Code, in turn, codifies the requirements for assuming an unexpired lease or executory contract of a debtor, providing that:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
>
> > (A)    cures or provides adequate assurance that the trustee will promptly cure, such default;

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provide adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(l).

17.    The standard applied by a court in determining whether the assumption or rejection of an executory contract or unexpired lease pursuant to section 365(a) should be approved is the "business judgment" test, which requires a debtor to determine that the requested assumption or rejection would be beneficial to its estate. See, e.g., In re Group of Institutional Investors, Inc. v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co., 318 U.S. 523, 550 (1943) ("the question [of assumption] is one of business judgment"); Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098-99 (2d Cir. 1993) (to decide a motion to assume the court must put itself in the position of the trustee and determine whether such assumption would be a good decision or a bad one).

18.    In the present case, the Court has already approved the sale of the Debtors' assets and the assumption and assignment of certain contracts in connection thereto pursuant to the Sale Order. The Sale Order authorizes the Buyer to direct the Debtors to assume and assign additional contracts that were not already assumed and assigned pursuant to the Sale Order. Thus, the relief requested supplements the relief already granted in the Sale Order.

19.    Further, the Sale Order provides that assumption and assignment of the Additional Designated Contracts meets the requirements of Bankruptcy Code section 365. In relevant part, the Sale Order states that:

> The Debtors and the Buyer have, to the extent necessary, satisfied the requirements of Bankruptcy Code §365, including Bankruptcy Code § § 365(b)(1)(A), (B) and 365 (f), in connection with the sale and assumption and assignment of the Designated Contracts. The Buyer has demonstrated adequate assurance of future performance with respect to the Designated Contracts pursuant to Bankruptcy Code §365(b)(1)(C). The Assumption and assignment of the Designated Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interest of the Debtors, their estates, their creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtors.

Sale Order, ¶W.   Because the Debtors intend to assume and assign the Additional Designated Contracts in a manner consistent with that of the Designated Contracts, the Sale Order and Agreement, the assumption and assignment of the Additional Designated Contracts are consistent with the requirements of Bankruptcy Code section 365.

(ii)    **The Debtors and Simplexity Have Established Adequate Assurance.**

20.    A debtor in possession may assign an executory contract or an unexpired lease of the debtor if it assumes the agreement in accordance with section 365(a), and provides adequate assurance of future performance by the assignee, whether or not there has been a default under the agreement. See 11 U.S.C. § 365(f)(2). Significantly, among other things, adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. See, e.g., In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (stating that adequate assurance of future performance is present when the prospective assignee of a lease from the debtor has financial resources and has expressed willingness to devote

sufficient funding to the business in order to give it a strong likelihood of succeeding).

21.    The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." EBG Midtown South Corp. v. McLaren/Hart Environmental Engineering Corp. (In re Sanshoe Worldwide Corp.), 139 B.R. 585, 592 (S.D.N.Y. 1992) (citations omitted), aff'd, 993 F.2d 300 (2d Cir. 1993).

22.    In the present case, Simplexity has agreed to pay all Cure Costs in connection with the Additional Designated Contracts. Because the Additional Designated Contracts will be assumed and assigned pursuant to the terms of the Sale Order and Agreement, Simplexity has demonstrated to the satisfaction of the Bankruptcy Court the existence of adequate assurance of future performance by the promise to perform the obligations of the Additional Designated Contracts from and after the Closing Date. See Sale Order, ¶W.  Accordingly, the Debtors respectfully submit that the assumption and assignment of the Additional Designated Contracts as set forth herein should be approved.

(iii)    **The Debtors and Simplexity May Assume and Assign Additional Designated Contracts Notwithstanding Any Existing Anti-Assignment Provisions.**

23.    Section 365(f)(1) of the Bankruptcy Code permits a debtor to assign unexpired leases and contracts free from such anti-assignment restrictions, providing, in pertinent part, that:

> [N]otwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection . . . .

11 U.S.C. § 365(f)(l).

24.    Section 365(f)(l), by operation of law, invalidates provisions that prohibit, restrict, or condition assignment of an executory contract or unexpired lease.  See, e.g., Coleman Oil Co., Inc. v. The Circle K Corp. (In re The Circle K Corp.), 127 F. 3d 904, 910-11 (9th Cir. 1997) ("no principle of bankruptcy or contract law precludes us from permitting the Debtors here to extend their leases in a manner contrary to the leases' terms, when to do so will effectuate the purposes of section 365").  Section 365(f)(3) goes beyond the scope of section 365(f)(1) by prohibiting enforcement of any clause creating a right to modify or terminate the contract or lease upon a proposed assumption or assignment thereof.  See, e.g., In re Jamesway Corp., 201 B.R. 73 (Bankr. S.D.N.Y. 1996) (section 365(f)(3) prohibits enforcement of any lease clause creating right to terminate lease because it is being assumed or assigned, thereby indirectly barring assignment by debtor; all lease provisions, not merely those entitled anti-assignment clauses, are subject to court's scrutiny regarding anti-assignment effect).

25.    Other courts have recognized that provisions that have the effect of restricting assignments also cannot be enforced.  See In re Rickel Home Centers, Inc., 240 B.R. 826, 831 (D. Del. 1998) ("In interpreting Section 365(f), courts and commentators alike have construed the terms to not only render unenforceable lease provisions which prohibit assignment outright, but also lease provisions that are so restrictive that they constitute de facto anti-assignment provisions.").  Similarly, in In re Mr. Grocer, Inc., the court noted that:

> [the] case law interpreting § 365(f)(l) of the Bankruptcy Code establishes that the court does retain some discretion in determining that lease provisions, which are not themselves ipso facto anti-assignment clauses, may still be refused enforcement in

> a bankruptcy context in which there is no substantial economic detriment to the landlord shown, and in which enforcement would preclude the bankruptcy estate from realizing the intrinsic value of its assets.

77 B.R. 349, 354 (Bankr. D.N.H. 1987).

26.     In the present case, the Bankruptcy Court already determined, pursuant to Bankruptcy Code 365(f)(1), that the Designated Contracts under the Agreement were assignable notwithstanding any provisions contained therein to the contrary. In relevant part, the Bankruptcy Court's Sale Order states that:

> Any provisions in any Designated Contract that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtors is unenforceable, and all Designated Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Costs, if any.

Sale Order, ¶27. Thus, because the Additional Designated Contracts will be assumed and assigned in a manner consistent with the Designated Contracts, the Sale Order and the Agreement, the Debtors request that any anti-assignment provisions be deemed not to restrict, limit or prohibit the assumption, assignment and sale of the Additional Designated Contracts and be deemed and found to be unenforceable anti-assignment provisions within the meaning of section 365(f) of the Bankruptcy Code.

27.     Based on the forgoing authority, the Sale Order and Agreement, the Debtors respectfully request that the Bankruptcy Court enter an order, substantially in the form annexed hereto as Exhibit 2, deeming the Additional Designated Contracts assumed and assigned pursuant to the terms of the Sale Order and section 2.5(b) of the Agreement.

(iv)  **Once Assumed and Assigned the Additional Designated Contracts Should Be Deemed Designated Contracts for All Purposes.**

28.    The Agreement states in relevant part:

> Notwithstanding anything in this Agreement to the contrary, on the date any Contract is assumed and assigned to Buyer pursuant to this Section 2.5(b), such Contract shall be deemed [a Designated] Contract for all purposes under this Agreement.

Agreement, Section 2.5(b).

29.    Thus, in accordance with the Agreement, the Debtors respectfully request that once the Additional Designated Contracts are assumed and assigned that those contracts be deemed "Designated Contracts" for all purposes under the Agreement and the Sale Order.

**B. The Procedures for Future Assumption and Assignment of the Held Contracts Should Be Approved.**

30.    As described above, the Sale Order authorizes the Buyer to direct the Debtors to "hold" contracts for a period of time and then assume and assign such contracts. See Sale Order, ¶30.

31.    Thus, pursuant to the Sale Order, the Debtors, upon receiving written notice from the Buyer requesting the assumption of certain Held Contracts ("Assumption Notice"), are required to take all reasonably necessary measures to assume and assign those certain Held Contracts to Simplexity.

32.    By this Motion, the Debtors seek authority to assume and assign the Held Contracts with no further motion but, rather, pursuant to the procedures set forth below. The Debtors respectfully submit that the following procedures are both reasonable and necessary for the prompt assumption and assignment of the Held Contract as

contemplated by the Sale Order and Agreement.

33.     The Debtors propose that following any written Assumption Notice from Simplexity:

- The Debtors shall file with the Bankruptcy Court a proposed order (the "Assumption Order") (i) authorizing the assumption and assignment of the Held Contract for which the Debtors received Assumption Notice and (ii) deeming that those Held Contracts listed on the Assumption Notice are to be "Designated Contracts" for all purposes under the Agreement.

- The Debtors shall serve notice of filing of the Assumption Order upon all parties to the contracts which are to be assumed.  Any objection to the assumption and assignment of the Held Contract must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the Untied States Bankruptcy Court of the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, within ten (10) business days of the party's receipt of notice of filing of the Assumption Order (the "Objection Deadline"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Easter Time) on the same day, upon (i) InPhonic, Inc., 1010 Wisconsin Ave. NW, Suite 600, Washington, D.C. 20007, Attn: Walter Leach, (ii) Debtors' counsel, DLA Piper US LLP, 1251 Avenue of the Americas, New York, New York, 10020, Attn: Thomas R. Califano and Bayard, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, De 19899, Attn: Neil B. Glassman; (iii) investment bankers for the Debtors, Goldsmith-Algio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036, Attn: Andrew Torgrove; (iv) Simplexity, C/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry, with a copy to Kirkland and Ellis LLP, 2000 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and David Agay; and (v) counsel to the Committee, Kurt F. Gwynne, Reed Smith LLP, 1201 Market Street, Wilmington, DE 19801.  The Notice shall state that if no objections are received by the Objection Deadline, the Assumption Order may be entered.

- If a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 15 days from the date of receipt of the objection.  The notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Assumption Order by default.

- If no objection to the Assumption Order is received by the Objection Deadline, the Debtors may file a certificate of no objection with the Bankruptcy Court and seek approval of the Assumption Order without further notice to any party.

34.     The Debtors submit that the enumerated procedures for the future assumption and assignment of Held Contracts is both reasonable and necessary for the prompt and efficient assumption and assignment of Held Contracts to Simplexity as contemplated by both the Sale Order and Agreement.   Thus, for the aforementioned reasons, the Debtors respectfully request that the Bankruptcy Court, pursuant to the Sale Order and Agreement, enter an order approving the above proposed procedures for the future assumption and assignment of Held Contracts.

## STATEMENT PURSUANT TO LOCAL RULE 1001-1(B)

35.     Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

## NOTICE

36.     Notice of this Motion has been provided to:  (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Simplexity, LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay); (c) counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne); (d) all parties having filed requests for notices in the Debtors' chapter 11 cases; (e) all parties to the Held Contracts; and (f) all parties to Additional Designated Contracts, including DFS Servicer LLC f/k/a Discover Financial Services LLC, Discover Network, Senior Vice President, Network Operations, 2500 Lake Cook Road,

Riverwoods, IL 60015-3800 and  Catherine Guastello, Esq., Quarles & Brady LLP, One Renaissance Center, Two North Central Avenue, Phoenix, AZ 85004-2391.  The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

### NO PRIOR REQUEST

37.    No previous motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the proposed order substantially in the form attached hereto as Exhibit 2 and grant such other and further relief as this Court deems just and proper.

Date:    January 7, 2008
        Wilmington, Delaware

Respectfully submitted,

**BAYARD**

By: _____

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

-and-

**DLA PIPER US LLP**

Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors
and Debtors in Possession

{00716467;v1}

15