**Exhibit 2**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666 (KG) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Re: Docket No. __ |

**ORDER APPROVING (A) THE ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATED CONTRACTS; AND (B) PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS**

This matter coming before the Court on motion (the "Motion") of the Debtors seeking (a) the assumption and assignment of certain unexpired leases and executory contracts ("Additional Designated Contracts"); and (b) approval of procedures for future assumption and assignment of certain contracts to be held by the Debtors ("Held Contracts") pursuant to the December 13, 2007 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief (the "Sale Order")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a

---

[1] The Debtors are InPhonic, Inc., CAIS Acquisition LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

{00716467;v1}

hearing (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED**, that the Additional Designated Contracts are hereby assumed by the Debtors and assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity") as contemplated by the Motion and Sale Order; and it is further

**ORDERED,** that the Additional Designated Contracts are deemed "Designated Contracts" for all purposes under the Agreement; and it is further

**ORDERED,** that the procedures proposed in the Motion for future assumption and assignment of the Held Contracts are deemed sufficient and proper in their entirety; and it is further

**ORDERED**, that following any written Assumption Notice (as defined in the Motion) from Simplexity, the Debtors shall file with the Bankruptcy Court a proposed order (the "Assumption Order") (i) authorizing the assumption and assignment of the Held Contract for which the Debtors received Assumption Notice and (ii) deeming that

those Held Contracts listed on the Assumption Notice are to be "Designated Contracts" for all purposes under the Agreement and Sale Order; and it is further

**ORDERED**, that the Debtors shall serve notice of filing of the Assumption Order upon all parties to the contracts which are to be assumed. Any objection to the assumption and assignment of the Held Contract must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the Untied States Bankruptcy Court of the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, within ten (10) business days of the party's receipt of notice of filing of the Assumption Order (the "Objection Deadline"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Easter Time) on the same day, upon (i) InPhonic, Inc., 1010 Wisconsin Ave. NW, Suite 600, Washington, D.C. 20007, Attn: Walter Leach, (ii) Debtors' counsel, DLA Piper US LLP, 1251 Avenue of the Americas, New York, New York, 10020, Attn: Thomas R. Califano and Bayard, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, De 19899, Attn: Neil B. Glassman; (iii) investment bankers for the Debtors, Goldsmith-Algio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036, Attn: Andrew Torgrove; (iv) Simplexity, c/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry, with a copy to Kirkland and Ellis LLP, 2000 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and David Agay; and (v) counsel to the Committee, Kurt F. Gwynne, Reed Smith LLP, 1201 Market Street, Wilmington, DE 19801. The Notice shall state that if no objections are received by the Objection Deadline, the Assumption Order may be entered; and it is further

**ORDERED,** that if a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 15 days from the date of receipt of the objection and the notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Assumption Order by default; and it is further

**ORDERED,** that if no objection to the Assumption Order is received by the Objection Deadline, the Debtors may file a certificate of no objection with the Bankruptcy Court and seek approval of the Assumption Order with out further notice to any party; and it is further

**ORDERED,** that the relief authorized herein shall be effective immediately upon entry of the Order; and it is further

**ORDERED,** that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the relief authorized herein or the Order.

Dated: January __, 2008
      Wilmington, Delaware

                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE