## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| INPHONIC, INC., <u>et al.</u>,[1] | : |
| | :    Case No. 07-11666 (KG) |
| Debtors. | : |
| | :    (Jointly Administered) |
| | : |
| | :    **Hearing date: January 30, 2008 at 3:00 p.m.** |
| | :    **Objection deadline: January 23, 2008 at 4:00 p.m.** |
| | : |

## DEBTORS' MOTION TO REJECT ITS REAL PROPERTY LEASE OF OFFICE SPACE AT WATERFRONT CENTER

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), by and through undersigned counsel, file this motion (this "<u>Motion</u>") for entry of an order pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") authorizing the rejection a certain unexpired real property Lease Agreement by and between Waterfront Center Limited Partnership and InPhonic, Inc. ("InPhonic"), dated April, 2003, including, without limitation, any and all amendments, extensions, expansions, assignments or supplements thereto (collectively, the "<u>Lease</u>").[2]   In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] A true and correct copy of the Lease, including two proposed extensions and expansions thereto, are attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is Bankruptcy Code section 365(a).

## GENERAL BACKGROUND

3.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4.      The Debtors continue to possess their property and to manage their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

6.      On December 13, 2007, the Court entered the Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief, which approved and authorized the sale of substantially all of the Debtors' assets to Adeptio INPC Funding LLC.

2

## THE LEASE

7.       The Lease governs the Debtors' use of office space in the building commonly known as Waterfront Center, which is situated at 1010 Wisconsin Avenue N.W., Washington, D.C. and additional space in the building commonly referred to as the Dodge Warehouse (collectively, the "Georgetown Offices"). The Lease began on December 1, 2003 and expires on November 30, 2008. Lease § 2(A). The Lease provides that the "base rent" for the term of the Lease shall total $2,168,796.00, payable in the following minimum monthly installments: (a) year one - $33,350; (b) year two - $35,600; (c) year three - $35,898.00; (d) year four - $37,244; and (e) year five - $38,641. Id. at § 4(B). The Debtors currently rent other office space in Reston, Virginia and have already vacated the Georgetown Offices. In fact, the Debtors completed the transition out of the Georgetown Offices on December 16, 2007, have not utilized the Georgetown Offices since that date, and unequivocally surrendered the premises to the landlord on that date.

## RELIEF REQUESTED

8.       By this Motion, the Debtors seek the entry of an order authorizing the Debtors to reject the Lease nunc pro tunc to the date of the filing of this Motion.

## BASIS FOR REQUESTED RELIEF

9.       Bankruptcy Code section 365(a) provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"

3

{00718146;v1}

Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

10.    Courts generally defer to a debtor's business judgment in rejecting an executory contract or unexpired lease and, upon finding that a debtor has exercised its sound business judgment, approve such rejection under Bankruptcy Code section 365(a). See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (recognizing that a trustee's decision to reject an executory contract is measured under the "business judgment test," which requires only that trustee demonstrate a benefit to the debtor's estate); Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc. T&N Ltd.), 293 B.R. 124, 126 (D. Del. 2003) (stating that, under the business judgment test, "a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion").

11.    The Debtors, in their sound business judgment, have determined that rejecting the Lease is in the best interest of the estates. Because the Debtors now have alternate office space and no longer occupy the Georgetown Offices, the Debtors no longer require the Lease and can eliminate the burdensome and unnecessary costs associated with the Lease by rejecting it. Thus, it would be in the best interest of the estates for the Debtors to reject the Lease nunc pro tunc to the date of the filing of this Motion, which would avoid the accrual of any further liabilities under the Lease following that date.

12.    Moreover, the Court should authorize the Lease's rejection nunc pro tunc. On December 16, 2007, the Debtors unequivocally surrendered the premises to their landlord. The Court has the authority to deem the rejection of the Lease retroactive to a date prior to the date of

{00718146;v1}

entry of an order approving the Lease's rejection.  See In re At Home Corp., 392 F.3d 1064, 1070 (9th Cir. 2004) (courts have "the equitable power, in suitable cases, to order a rejection to operate retroactively"); In re Thinking Machines Corp., 67 F.3d 1021, 1028 (1st Cir. 1995); In re Stonebridge Technologies, Inc., 430 F.3d 260, 273 (5th Cir. 2005); SCS Co. v. Peter J. Schmitt Co., Inc., No. 94-125-RRM, 1995 U.S. Dist. LEXIS 22163, *4-6 (D. Del. May 15, 1995) (recognizing a court's authority to deem a lease rejected retroactively); In re Jamesway Corp., 179 B.R. 33, 37-38 (Bankr. S.D.N.Y. 1995).

13.    Normally, the effective date of a rejection is the date that the order approving rejection is entered.  See In re Chi Chi's Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (citing In re Thinking Machs. Corp., 67 F.3d 1021, 1025 (1st Cir. 1995) (the date of court approval controls)).  However, rejection may be allowed nunc pro tunc to the date the motion seeking rejection is filed.  See Chi Chi's, 305 B.R. at 399 (citing Thinking Machs., 67 F.3d at 1025) (holding the bankruptcy court has discretion under principles of equity to approve a rejection retroactively to the motion filing date)); In re CCI Wireless, LLC, 297 B.R. 133, 140 (D. Colo. 2003) (same).

14.    To grant nunc pro tunc rejection, the Debtors must state an unequivocal intent to reject the contract or lease.  See, e.g., In re 1 Potato 2, Inc., 58 B.R. 752, 754-55 (Bankr. D. Minn. 1986) ("[T]he trustee or debtor in possession may assume or reject an executory contract or unexpired lease by clearly communicating in an unequivocal manner its intentions to either assume or reject to the lessor. The trustee or debtor-in-possession must manifest an unconditional and unambiguous decision.").

15.    Because the estates obtained no benefit from the Lease following December 16, 2007, and the Debtors unequivocally surrendered the premises on that date, the estates should not

be burdened with any unnecessary obligations under the Lease. Based upon the foregoing, this Court should authorize the Debtors rejection of the Lease nunc pro tunc or the date of the filing of this Motion.

### STATEMENT PURSUANT TO LOCAL RULE 1001-1(b)

16.    Pursuant to District Local Rule 7.1.2(a), incorporated into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

### NOTICE

17.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Adeptio Funding LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn: David A. Agay); (c) proposed counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne); (d) all parties having filed requests for notices in the Debtors' chapter 11 cases; (e) all parties to the Lease at the address(es) set forth for notice in the Lease; and (f) counsel to the landlord: Holland & Knight LLP, 2099 Pennsylvania Avenue, N.W., Suite 100, Washington, D.C. 20006 (Attn: Stephen A. Bogorad). The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

### NO PRIOR REQUEST

18.    No previous motion for the relief requested herein has been made to this or any other Court.

{00718146;v1}

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court approve the Motion.

Date:  January 14, 2008  
      Wilmington, Delaware

          **BAYARD, P.A.**

By: _____  
      Neil B. Glassman (No. 2087)  
      Mary E. Augustine (No. 4477)  
      222 Delaware Avenue, Suite 900  
      P.O. Box 25130  
      Wilmington, DE 19899  
      Telephone:    (302) 655-5000  
      Facsimile:    (302) 658-6395

      and

**DLA PIPER US LLP**

Thomas R. Califano  
Jeremy R. Johnson  
1251 Avenue of the Americas  
New York, New York 10020  
Telephone:    (212) 335-4500  
Facsimile:    (212) 335-4501

Counsel for Debtors  
and Debtors in Possession

7

{00718146;v1}