IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al.,[1] | Case No. 07-11666 (KG) |
| | (Jointly Administered) |
| Debtors. | |
| | Hearing date: January 30, 2008 at 3:00 p.m. |
| | Objection deadline: January 23, 2008 at 4:00 p.m. |

**MOTION OF DEBTORS FOR AN ORDER (I) ESTABLISHING FEBRUARY 28, 2008 AS THE GENERAL BAR DATE FOR FILING GENERAL CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING A BAR DATE RELATING TO REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) ESTABLISHING MAY 6, 2008 AS THE BAR DATE FOR GOVERNMENTAL UNITS AND (IV) APPROVING SCOPE AND MANNER OF NOTICE OF BAR DATES**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") this court for an order (i) establishing February 28, 2008, pursuant to section 105(a) of title 11 of the United Stated Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as the deadline for filing General Claims (as herein defined) against the Debtors (the "General Bar Date"), (ii) establishing a bar date for filing claims relating to the rejection of executory contracts and unexpired leases in these cases (the "Rejection Bar Date"); (iii) establishing May 6, 2008 as a bar date for Governmental Units (as defined herein) to file claims (the "Governmental Bar Date," and together with the General Bar Date and Rejection Bar

---

[1] InPhonic, Inc., ("InPhonic") together with its wholly-owned subsidiaries identified below, have each filed voluntary Chapter 11 petitions and a motion is pending pursuant to Federal Rule of Bankruptcy Procedure 1015 for joint administration. The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00723398;v1}

Date, the "Bar Dates"); and (iv) approving the proposed form, scope and manner of notice of the Bar Dates. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rules 3003(c)(3) and 9007.

## BACKGROUND

3. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. The Debtors have sold substantially all their assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer") pursuant to the Bankruptcy Court's Order (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, and Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (iv) Granting Related Relief (the "Sale Order"), dated December 13, 2007.

5. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The BMC Group, Inc. ("BMC" or "BMC Group") was appointed as the claims agent in the Debtors' chapter 11 cases on November 9, 2007.

**REQUESTED RELIEF**

6. By this Motion, the Debtors seek entry of an order establishing the Bar Dates in order to ascertain with finality the scope and extent of all claims[2] that might be asserted against the Debtors' estates. All claims that are subject to the Bar Dates are referred to herein as "General Claims."

7. The Debtors request that the Bankruptcy Court (a) set the General Bar Date as February 28, 2008 at 4:00 p.m., Prevailing Eastern Time, as the last date and time by which those parties who believe that they hold General Claims against the Debtors, with the exception of those parties having a claim stemming from rejection of a contract subject to the Rejection Bar Date or Governmental Bar Date, must file proofs of claim on account of such claims or be forever barred from asserting such claims; (b) set the Rejection Bar Date, for any claim resulting from the rejection of an executory contract or unexpired lease (a "Rejection Claim") as thirty (30) days from entry of the order authorizing rejection of the contract or lease underlying such claim or such other date as ordered; (c) set the Governmental Bar Date, for claims by governmental entities, as set forth in Bankruptcy Code section 502(b)(9), as May 6, 2008; and (d) approve the manner and scope of notice of the Bar Dates that the Debtors propose to provide to known and potential claimants, in both mailed and publication formats.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 3003(c)(3) provides, "[t]he court shall and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). The Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") do not specify a time by which proofs of claim

---

[2] As used herein, the term "claim" shall have the meaning ascribed to such term in section 101(5) of the Bankruptcy Code.

or interest shall be filed in a chapter 11 case. Accordingly, the Debtors bring this Motion to establish the Bar Dates as set forth herein.

A.  **The General Bar Date**

9. Through their noticing agent, BMC, the Debtors will serve upon all known "entities" (as such term is defined in section 101(15) of the Bankruptcy Code) that hold or may hold General Claims notice of the Bar Dates and a proof of claim form, substantially in the form of Official Form 10 within five (5) business days after the date an order is entered approving this Motion and establishing the Bar Dates (the "Bar Date Order"). This will ensure that the Debtors have sufficient time to mail notice of the Bar Dates and a proof of claim form to all known entities that hold or may hold General Claims and to publish notice of the General Bar Date in various newspapers in the United States (as more particularly described below).

10. Establishing the General Bar Date will provide those parties wishing to assert General Claims against the Debtors with at least thirty (30) days' notice of the General Bar Date. Such period exceeds the minimum twenty (20) days' notice period for claims bar dates under Fed. R. Bankr. P. 2002(a)(7). Therefore, the Debtors submit that thirty (30) days' notice of the Bar Dates is adequate notice under the circumstances.

B.  **The Governmental Bar Date**

11. The Debtors propose that May 6, 2008, 4:00 p.m., Prevailing Eastern Time, be set as the last date and time by which any governmental units (as defined in section 101(27) of the Bankruptcy Code), who shall have not less than the 180-day statutory minimum set forth in section 502(b)(9) of the Bankruptcy Code, must file proofs of claim on account of any potential claims or be barred from asserting such claim.

C. **The Rejection Bar Date**

12. The Debtors anticipate that certain creditors may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to both Bankruptcy Code section 365 and the relevant provisions of the Final Sale Order and accompanying Asset Purchase Agreement by and between the Debtors and Adeptio. The Debtors propose that the Rejection Bar Date for any person or entity that holds a Rejection Claim be thirty (30) days after the date of the order authorizing such rejection or such other date as is ordered.

**PROOFS OF CLAIM THAT NEED TO BE FILED BY GENERAL BAR DATE**

13. The Debtors propose that, subject to the provisions contained in this Motion for holders of claims subject to the Rejection Bar Date and Governmental Bar Date, the following entities must file claims on or before the General Bar Date:

> a. any entity whose General Claim against the Debtors is not listed in the Debtors' Schedules (defined below) or is listed therein as contingent, disputed or unliquidated and that desires to participate in the Debtors' chapter 11 cases or share in any distribution in the Debtors' Chapter 11 cases; and
>
> b. any entity that believes its General Claim against the Debtors is improperly classified in the Debtors' Schedules or is listed therein in an incorrect amount and that desires to have its General Claim allowed in a classification or amount that is different than that shown in the Debtors' Schedules.

**PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE**

14. The Debtors propose that the following entities whose General Claims would otherwise be subject to the General Bar Date need not file proofs of claim by the General Bar Date:

> a. any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the District of Delaware, a proof of claim against the Debtors utilizing a claim

5

{00723398;v1}

form substantially similar to the Proof of Claim or Official Form No. 10;

b.   any person or entity (i) whose claim is listed on the Debtors' Statements of Financial Affairs or Schedules of Assets and Liabilities (the "Schedules"), (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or nature of the claim for such person or entity as set forth in the Schedules;

c.   any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

d.   any person or entity whose claim has been paid in full by the Debtor;

e.   any holder of a claim for which specific deadlines have previously been fixed by this Court; and

f.   any person or entity holding a claim for an administrative expense, as such term is used in sections 503(b) and 507(a) of the Bankruptcy Code;

g.   any governmental units (as defined in section 101(27) of the Bankruptcy Code) who shall have until May 6, 2008 at 4:00 p.m., Prevailing Eastern Time, to file proofs of claim for any General Claims.

h.   any holders of Rejection Claims subject to the Rejection Bar Date.

## EFFECT OF FAILURE TO FILE A PROOF OF CLAIM

15.   The Debtors request that, pursuant to Bankruptcy Rule 3003(c)(2), any entity that fails to file a proof of claim by the General Bar Date (or by the Rejection Bar Date or Governmental Bar Date, if applicable) on account of a General Claim shall be forever barred, estopped and enjoined from: (a) asserting any General Claim against the Debtors that is not identified in the Schedules on behalf of such entity as liquidated, undisputed and non-contingent; or (b) asserting any General Claim against the Debtors that is identified in the Schedules on behalf of such entity as unliquidated, disputed or contingent; or (c) asserting any General Claim

against the Debtors that is of a different amount, nature or classification than any General Claim identified in the Schedules on behalf of such entity (a claim described in (a), (b) and (c) of this paragraph is hereinafter referred to as, an "Unscheduled Claim"); or (d) voting upon, or receiving distributions under, any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, notwithstanding that such entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the applicable Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.

### PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES AND OF PROCEDURES FOR FILING PROOFS OF CLAIM

**A. General Procedures**

16. The Debtors propose to provide notice of the Bar Dates to known and potential holders of General Claims as follows: (a) direct mail notice to known entities that hold or may hold General Claims, (b) newspaper publications, (c) an Internet website, and (d) toll-free telephone assistance. This proposal is designed to provide broad, reliable notice to the known and potential holders of General Claims. Information available from the website and the toll-free telephone number will include, among other things, information about the Bar Dates and instructions regarding how to obtain and file a proof of claim in these cases.

**B. Direct Mail Notice**

17. The primary component of the Debtors' proposed notice program is direct mail notice. The Debtors, through their noticing agent, BMC, propose to serve upon all known entities, as reasonably ascertained by the Debtors, that hold or may hold General Claims (a) a notice of the General Bar Date and the Rejection Bar Date substantially in the form attached hereto as Exhibit A (the "Bar Date Notice") and (b) a proof of claim form, substantially in the form of Official Form 10, as attached hereto as Exhibit B (the "Proof of Claim Form," together

with the Bar Date Notice, the "<u>Bar Date Notice Package</u>").

18. The Bar Date Notice states, among other things, that proofs of claim must be filed with the Debtors' claims agent, BMC Group, on or before the General Bar Date (or the Rejection Bar Date or Governmental Bar Date, to the extent applicable). As soon as practicable, but in any event no later than five (5) business days after the Court enters the Bar Date Order, the Debtors, through their noticing agent, shall mail the Bar Date Notice Package by first-class United States mail, postage prepaid, to all known entities at their last known address (or their counsel, if known) that hold or may hold General Claims. Such recipients of the mailed notice shall include (a) all holders of General Claims listed in the Debtors' Schedules, (b) all entities listed on the Debtors' matrix of creditors, (c) all entities that have requested notice pursuant to Local Rule 2002-1 as of the date of the Bar Date Order, (d) all counterparties to executory contracts and unexpired leases listed in the Debtors' Schedules, (e) the U.S. Department of Justice and the Administrator of the U.S. Environmental Protection Agency, (f) all of the Debtors' equity security holders, (g) the Internal Revenue Service, State and Local Taxing Authorities and (h) pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known, (i) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, and (j) counsel to the Committee, Reed Smith LLP, 1201 Market Street, 15th Floor, Wilmington, Delaware 19801.

19. Such notice is intended, and the Debtors believe is sufficient, to give notice of the Bar Dates to all known entities that hold or may hold General Claims.

20. The Proofs of Claim Form mailed to the holders of General Claims will state the claimant's name and, in the upper right-hand corner of the form, all such claimants who were scheduled by the Debtor shall receive a Proof of Claim Form which also states that the

claimant's General Claim is listed in the Debtors' Schedules and which will set forth (a) whether the General Claim is listed as contingent, unliquidated, or disputed; (b) whether the General Claim is listed as secured, priority, or unsecured; and (c) the stated dollar amount of the General Claim (as listed in the Schedules). Any entity that relies on the information in the Schedules will bear responsibility for determining that its General Claim is accurately listed therein.

### C.   Publication Notice And Related Notice Procedures

21.   To provide broad and appropriate notice of the General Bar Date, the Debtors propose, pursuant to Bankruptcy Rule 2002(1), to publish notice of the Bar Dates in a form substantially similar to the Bar Date Notice in national and regional newspapers in the United States (the "Bar Date Publication Notice"). Specifically, the Debtors intend to insert the Bar Date Publication Notice into the following publications:

   a. Wall Street Journal or New York Times; and

   b. RCR Wireless or Wireless Week.

22.   The Bar Date Publication Notice will contain an Internet website address where entities that wish to assert General Claims may download the Proofs of Claim Form (in substantially the form attached hereto as Exhibit B) and related instructions. In addition, the Bar Date Publication Notice will have a toll-free number (administered by BMC Group) so that those entities that wish to assert General Claims may call to seek additional information with respect to filing such claims that may not be contained in the Bar Date Publication Notice. As a result, entities with General Claims that see the Bar Date Publication Notice will have, or will readily be able to obtain, the information necessary to file a Proof of Claim Form in these cases.

### D.   Requirements For Valid Filing Of Proofs Of Claim

23.   For any General Claim to be validly and properly filed, a signed original of a

completed Proof of Claim Form, together with any accompanying supporting documents and information required by such form, must be delivered to the Debtors' claims agent, BMC Group, at the address identified on the Bar Date Notice and Bar Date Publication Notice <u>so as to be received</u> by no later than 4:00 p.m., Prevailing Eastern Time, on February 28, 2008 (or the Rejection Bar Date or Governmental Bar Date, if applicable). All filed proofs of claim on account of General Claims must (i) conform with the Proof of Claim Form (or, alternatively, with Official Form No. 10), and (ii) provide the documents and information required by the Proof of Claim Form or Official Form No. 10, as applicable.

24.     Properly completed proofs of claim must be submitted in person or by courier service, hand-delivery, or mail. Proofs of claim submitted by <u>email or facsimile will not be accepted</u>. Proofs of claim will be deemed filed when actually received by the Debtors' claims agent. If an entity filing a proof of claim wishes to receive acknowledgement of the claims agent's receipt of a proof of claim, the claimant must submit to the claims agent by the General Bar Date (or the Rejection Bar Date or Governmental Bar Date, to the extent applicable) concurrently with submitting its original Proof of Claim Form (a) a copy of the executed original Proof of Claim Form and (b) a self-addressed envelope, postage prepaid.

### E.     <u>Legal Basis for the Debtors' Notice Procedures</u>

25.     In conjunction with the setting of the Bar Dates, the Debtors must ensure that interested parties receive appropriate notice of such dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. <u>See</u> <u>Chemetron Corp. v. Jones</u>. 72 F.3d 341, 345 (3d. Cir. 1995). As the Third Circuit in <u>Chemetron</u> explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by

publication will generally suffice." Id. at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." Id. (citing Tulsa Prof. Collection Serv. Inc. v. Pope. 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Chemetron, 72 F.3d at 346 (citing Muliane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

26.  In defining the efforts required to identify "known" creditors, the United States Court of Appeals for the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.

Chemetron, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" In re The Grand Union Co., 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing Oppenheim. Appel. Dixon & Co. v. Bullock (In re Robintech. Inc.), 863 F.2d 393, 396 (5th Cir.1989), cert. denied, 493 U.S. 811 (1989)).

27.  The Debtors submit that the notice procedures outlined above respecting the General Bar Date more than satisfies the Chemetron standard. The Debtors have identified those entities that are known by the Debtors to hold General Claims against the Debtors, or are especially likely to be potential holders of General Claims. Those entities were identified following a careful review of the Debtors' books and records.

28.  In addition, the Debtors believe that the publication notice contemplated by this Motion constitutes good and sufficient notice to "unknown" creditors, as defined by the Third

11

{00723398;v1}

Circuit in <u>Chemetron</u>. The Debtors' proposed notice respecting the General Bar Date has been tailored to provide notice throughout the United States and Canada. <u>See</u> <u>Chemetron</u>, 72 F.3d at 348-49 ("Publication in national newspapers is regularly deemed sufficient notice to unknown creditors . . ."); <u>see</u> <u>also</u> <u>In re Chicago. Milwaukee. St. Paul & Pacific R.R. Co,</u> 112 B.R. 920 (N.D. Ill. 1990) (holding publication notice in the Wall Street Journal adequate under bankruptcy law). The Debtors believe that such publication notice suffices to provide adequate notice of the General Bar Date to any "unknown" claimants that may potentially hold General Claims against the Debtors.

### STATEMENT PURSUANT TO LOCAL RULE 1001-1(B)

29. Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

### NOTICE

30. Notice of this Motion has been provided to the U.S. Trustee, counsel to the Secured Lender, counsel to the Creditors' Committee, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

31. No previous motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (i) establishing February 28, 2008 as the General Bar Date, (ii) establishing a Rejection Bar Date, (iii) approving the proposed form, scope and manner of notice of the Bar Dates, and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

Date:   January 14, 2008
          Wilmington, Delaware

**BAYARD, P.A.**

By: /s/ _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 335-4500
Facsimile:   (212) 335-4501

Counsel for Debtors and Debtors in Possession

{00723398;v1}