## Exhibit A

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666-KG |
| Debtors. | : (Jointly Administered) |

## STIPULATION AMONG DEBTORS, SIMPLEXITY, AND AT&T FOR ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS

InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned subsidiaries, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Simplexity, LLC ("Simplexity"), as assignee of Adeptio INPC Holdings, LLC ("Adeptio"), and AT&T[2] ("AT&T" and together with the Debtors and Simplexity, the "Parties") hereby enter into this stipulation ("Stipulation"), dated as of January 15, 2008. The Parties hereby make the following statements and agreements:

**WHEREAS**, on November 8, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, the Debtors remain in possession of their assets and continue to manage their business as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108; and

**WHEREAS**, on the Petition Date, the Debtors filed that certain Motion for an Order Pursuant to Sections 105(A), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better

---

[1] The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2] "AT&T" means collectively AT&T Mobility II, LLC, f/k/a Cingular Wireless II, LLC, and its affiliates

K&E 12321680.12

Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"), pursuant to which the Debtors sought authority to sell substantially all their assets to Adeptio, or such other higher or better bidder; and

**WHEREAS**, by that certain Order dated December 13, 2007 (Docket No. 250), the Court granted the Sale Motion (the "Sale Order") and authorized the Debtors' entry into that certain Asset Purchase Agreement with Adeptio (the "APA"); and

**WHEREAS**, InPhonic and AT&T entered into that certain Cingular Wireless Non-Exclusive Dealer Agreement dated October 12, 2006 (as amended, supplemented, and modified from time to time, the "Dealer Agreement"), relating to AT&T selling cell phones and other equipment to the Debtors and the Debtors procuring customers for AT&T's wireless services; and

**WHEREAS**, as of the Effective Date (defined below), InPhonic owes AT&T $3,846,473.90 under the Dealer Agreement for cell phone and other equipment purchases through October 31, 2007 (the "Unpaid Equipment Balance"), which such Unpaid Equipment Balance is net of reductions for cell phones and other equipment returned to AT&T through October 31, 2007; and

**WHEREAS**, as of the Effective Date (defined below), AT&T owes InPhonic $4,452,763.03 under the Dealer Agreement on account of commissions for performance activities under the Dealer Agreement through October 31, 2007 (the "Unpaid Commission Balance"), which such Unpaid Commission Balance is subject to reconciliation, dispute, Chargeback (as defined in the Dealer Agreement), recoupment and other rights, claims, and actions in accordance with the terms and conditions of the Dealer Agreement; and

---

including AT&T, Inc.

K&E 12321680.13                             2

WHEREAS, as of the Effective Date (defined below), the Debtors have asserted $5,968,666.00 in certain open disputed amounts under the Dealer Agreement (the "Disputed Amount"), which such Disputed Amount arises from the Debtors' reconciliation of balances and accounts between the Debtors and AT&T for the period through October 31, 2007; and

WHEREAS, in addition to the Disputed Amount, potential disputes under the Dealer Agreement may arise in connection with the Unpaid Commission Balance and the Post-November 1 InPhonic Receivable (defined below) (collectively with the Disputed Amount, "Disputes"); and

WHEREAS, for the period commencing on and after November 1, 2007, InPhonic is owed commissions for performance activities and other obligations under the Dealer Agreement (the "Post-November 1 InPhonic Receivable"), and AT&T is owed amounts for cell phone and other equipment purchases and other obligations (the "Post-November 1 AT&T Receivable"), which such Post-November 1 InPhonic Receivable and Post-November 1 AT&T Receivable are subject to reduction, adjustment, setoff, recoupment and other rights, claims, and actions pursuant to the terms of the Dealer Agreement; and

WHEREAS, the Sale Order contained certain terms preserving the Parties' rights and remedies under the Dealer Agreement pending the Debtors' assumption or rejection of the Dealer Agreement pursuant to the terms of the Sale Order and the APA; and

WHEREAS, pursuant to the Sale Order and APA, Simplexity, as assignee of Adeptio, purchased, *inter alia*, the Post-November 1 InPhonic Receivable and the Net Amount (defined below); and

WHEREAS, as reflected by this Stipulation, the Parties have reached an agreement, subject to the approval of the Bankruptcy Court, providing for assumption and assignment of the

Dealer Agreement and cure of the Unpaid Equipment Balance and any other unpaid amounts and defaults pursuant to Bankruptcy Code § 365.

**NOW, IT IS THEREFORE STIPULATED AND AGREED**, by the Parties as follows:

1. Upon the Effective Date (defined below), the Dealer Agreement shall be deemed assumed and assigned to Simplexity pursuant to Bankruptcy Code § 365.

2. As of the Effective Date, the Debtors, Adeptio, and Simplexity shall be deemed to have provided adequate assurance of future performance and to have satisfied all obligations relating thereto under Bankruptcy Code § 365.

3. In full and final settlement, satisfaction, and cure of the Unpaid Equipment Balance, AT&T shall offset the Unpaid Equipment Balance against the Unpaid Commission Balance (the "Offset"). By such Offset, the Debtors, Adeptio, and Simplexity shall be deemed to have satisfied any and all cure obligations under Bankruptcy Code § 365. Upon Bankruptcy Court approval of this Stipulation: (a) AT&T shall pay to Simplexity $606,289.13 (the "Net Amount"); and (b) to the extent (and in the amounts) payable under the Dealer Agreement and this Stipulation, and after offsetting amounts owed to AT&T, AT&T will make any and all other payments due and owing as of December 31, 2007.

4. Other than with respect to Disputes and Chargebacks (as defined in the Dealer Agreement): (a) the terms of this Stipulation shall govern the Parties' rights and remedies with respect to the Unpaid Equipment Balance and the Unpaid Commission Balance; (b) the Offset and payment of the Net Amount shall be deemed a full and final accord and satisfaction among the Parties as to the Unpaid Equipment Balance and the Unpaid Commission Balance; and (c) the Parties, individually and collectively, on behalf of themselves, their respective officers, directors (in their individual and representative capacities), and their subsidiaries, predecessors,

affiliates, parent corporations, if any, joint ventures, successors and assigns, administrators and trustees (including without limitation any subsequently appointed chapter 7 or chapter 11 trustees, plan administrator, responsible officer, receiver, litigation or liquidating trusts, litigation officer and any other estate fiduciary in this or any other proceeding or matter), hereby waive and release any and all rights, claims, causes of action, defenses, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable (collectively, "Claims"), including without limitation, any Claims under chapter 5 of the Bankruptcy Code or any similar or dissimilar state laws (collectively, "Avoidance Actions"), which any Party now has or ever had or hereafter may have against any other Party in connection with, or relating to, the Unpaid Equipment Balance or the Unpaid Commission Balance. The Debtors further release AT&T from any Avoidance Actions irrespective of whether such Avoidance Actions relate to the Unpaid Equipment Balance or the Unpaid Commission Balance. For the avoidance of doubt, the release of Avoidance Actions under this Stipulation does not release AT&T from any Claims (or defenses and counterclaims by AT&T thereto) by the Debtors on account of AT&T's ownership of any stock or other equity interests in the Debtors during the two years prior to the filing of the Debtors' bankruptcy petitions or any payments made by the Debtors to AT&T on account of any such equity interests received by AT&T within two years of the filing of the Debtors' bankruptcy petitions.

5. For the avoidance of doubt, nothing contained herein is, or shall be deemed as, a release or waiver by the Parties, individually or collectively, with respect to Disputes, Chargebacks, the Post-November 1 InPhonic Receivable, the Post-November 1 AT&T Receivable, or AT&T's Chargeback (as defined in the Dealer Agreement) rights pursuant to the

terms and conditions of the Dealer Agreement. All Claims, rights, and actions with respect to Disputes, Chargebacks, the Post-November 1 InPhonic Receivable, and the Post-November 1 AT&T Receivable are reserved. Disputes shall be resolved in accordance with the Dealer Agreement.

6. Other than as explicitly set forth herein: (a) nothing in this Stipulation shall alter the terms of the Dealer Agreement; and (b) upon assumption and assignment of the Dealer Agreement to Simplexity, the terms and conditions of the Dealer Agreement shall govern all Claims, amounts, transactions, and other matters arising under the Dealer Agreement, including, for the avoidance of doubt, all equipment purchases and returns, commissions, deactivations, and customer deposits arising on or after November 1, 2007. Nothing contained herein shall impact, impair, abridge, alter, or modify the validity, extent or priority of any offset, setoff, recoupment and purchase money security interest (collectively, the "Offset Rights"), if (and only to the extent) any such Offset Rights exist under the Dealer Agreement or otherwise.

7. Other than as explicitly set forth herein, Simplexity shall observe and perform all of the duties, obligations, terms, provisions and covenants, and pay and discharge all of the liabilities of the Debtors to be observed, performed, paid or discharged under the Dealer Agreement. Upon the Effective Date, the Debtors shall be relieved of all duties, obligations, terms, provisions, covenants, and liabilities to be observed, performed, paid or discharged under the Dealer Agreement.

8. Subject to the terms of the Dealer Agreement, Simplexity is authorized and entitled to return to AT&T for applicable credit cell phone and other equipment purchased prior to, on, or after the Effective Date.

9. Upon the Effective Date, Agreement No. 20040920.1.C. under which InPhonic acts as a mobile virtual network operator for AT&T, shall be deemed assumed by InPhonic and assigned to Simplexity. Agreement No. 20040920.1 terminates effective December 31, 2007. AT&T shall make the following payments to Simplexity as such payments come due under Agreement No. 20040920.1: (i) September transaction fees of $16,013.25; (ii) October transaction fees of $12,945.42; (iii) November transaction fees of $7,950.00; (iv) December transaction fees of $2,950.00; and (v) December monthly fee of $100,000.00. InPhonic acknowledges receiving payment of $34,400.00 for the creation and delivery of a "notes/history" file to AT&T by January 4, 2008 and $100,000 for the November 2007 monthly fee.

10. Upon the Effective Date, the agreements or tariffs under which the Debtors purchase traditional landline telephone services from AT&T shall be deemed assumed by InPhonic and assigned to Simplexity. As of the Petition Date, the Debtors owed AT&T certain amounts for these services. Notwithstanding anything herein to the contrary, Simplexity shall separately cure this arrearage, and pay any additional and future obligations for these services in accordance with the payment terms and procedures for such services, without offset.

11. Other than with respect to matters set forth in this Stipulation, AT&T reserves all of its rights and remedies against the Debtors, their estates, and all other parties, including without limitation, its right to seek any other relief it deems appropriate in these cases.

12. On and after the date of this Stipulation, AT&T will extend credit, if any, to Simplexity in accordance with AT&T's ordinary terms, conditions, business practices and in accordance with the Dealer Agreement.

13. Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation

against the drafting Party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

14. Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

15. The Debtors represent that all parties in interest required to be given notice of this Stipulation by the Bankruptcy Code have been given notice and no other or further notice is necessary or required.

16. This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding and agreements between them concerning its subject. There are no other oral or written representations, agreements, or understandings between the Parties relating to its subject. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided. Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

17. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

18. This Stipulation shall be interpreted in accordance with the laws of the State of New York.

19. This Stipulation may be executed by facsimile signature in separate counterparts and, subject to the Effective Date, shall become effective when such separate counterparts have been exchanged among the Parties.

20. The execution of this Stipulation by any Party does not constitute, imply or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstances or fact, which could constitute a basis for any claim, liability or defense, other than for the purpose of enforcing the terms and provisions of this Stipulation.

21. This Stipulation shall be binding upon the Parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or other estate fiduciary.

22. This Stipulation is subject to and shall become effective on the date of entry on the docket of the Bankruptcy Court's Order approving this Stipulation (the "Effective Date").

23. Upon execution of this Stipulation, the Debtors shall use its best efforts to seek approval of this Stipulation, and may file an expedited motion seeking approval of this Stipulation which motion shall be in form and substance satisfactory to AT&T.

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have set their hands in agreement as of the dates written below

Dated: Wilmington, Delaware                    January __, 2008

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas | Simplexity, LLC, as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |
|---|---|

20. The execution of this Stipulation by any Party does not constitute, imply or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstances or fact, which could constitute a basis for any claim, liability or defense, other than for the purpose of enforcing the terms and provisions of this Stipulation.

21. This Stipulation shall be binding upon the Parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or other estate fiduciary.

22. This Stipulation is subject to and shall become effective on the date of entry on the docket of the Bankruptcy Court's Order approving this Stipulation (the "Effective Date").

23. Upon execution of this Stipulation, the Debtors shall use its best efforts to seek approval of this Stipulation, and may file an expedited motion seeking approval of this Stipulation which motion shall be in form and substance satisfactory to AT&T.

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have set their hands in agreement as of the dates written below

Dated: Wilmington, Delaware                    January 15, 2008

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas | Simplexity, LLC, as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |

| | |
|---|---|
| New York, New York 10020<br>AT&T<br><br>By: _/s/ Todd C. Meyers_  1/15/08<br>Todd C. Meyers<br>Paul M. Rosenblatt<br>KILPATRICK STOCKTON LLP<br>1100 Peachtree Street, N.E.<br>Atlanta, GA 30309-4530 | |

K&S 1232r540.13

10