# Exhibit B

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. ____** |

## ORDER APPROVING STIPULATION AMONG DEBTORS, SIMPLEXITY, ADEPTIO AND VERIZON WIRELESS FOR ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS

Upon the request of the above-captioned debtors and debtors in possession (the "Debtors") for approval of the stipulation annexed hereto as Exhibit A (the "Stipulation") between the Debtors, Simplexity, LLC ("Simplexity"), Adeptio INPC Funding, LLC ("Adeptio") and Cellco Partnership, a Delaware partnership, d/b/a Verizon Wireless ("Verizon Wireless"); and upon consideration of the Stipulation and the agreement of the parties thereto; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice was sufficient under the circumstances; the Court having determined that the relief granted herein is in the best interest of the Debtors and their estates; it is hereby

**ORDERED,** that the Stipulation is approved; and it is further

**ORDERED,** that the agreement between Verizon Wireless and the Debtors referenced in the Stipulation is amended, assumed and assigned pursuant to the terms of the Stipulation; and it is further

---

[1] The Debtors are InPhonic, Inc., CAIS Acquisition LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

{00728624;v1}

2

**ORDERED,** that the Court shall retain jurisdiction to hear any and all disputes arising from the Stipulation or this Order; and it is further

**ORDERED,** that the provisions of this Order are effective immediately upon entry.

Dated: _____, 2008
Wilmington, Delaware

                                            HONORABLE KEVIN GROSS
                                            UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666-KG |
| Debtors. | : (Jointly Administered) |

### STIPULATION AMONG DEBTORS, SIMPLEXITY, ADEPTIO AND VERIZON WIRELESS FOR ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS

InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned subsidiaries, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Adeptio INPC Holdings, LLC ("Adeptio"), Simplexity, LLC ("Simplexity"), as assignee of Adeptio, and Cellco Partnership, a Delaware general partnership, d/b/a Verizon Wireless ("Verizon Wireless" and together with the Debtors, Adeptio and Simplexity, the "Parties") hereby enter into this stipulation ("Stipulation"), dated January 17, 2008. The Parties hereby make the following statements and agreements:

WHEREAS, on November 8, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors remain in possession of their assets and continue to manage their business as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108; and

WHEREAS, on the Petition Date, the Debtors filed that certain Motion for an Order Pursuant to §§ 105(A), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of

---

[1] The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

KMG-32088-11-12308920.11

the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"), pursuant to which the Debtors sought authority to sell substantially all of their assets to Adeptio or such other higher or better bidder; and

**WHEREAS**, by that certain Order dated December 13, 2007 (Docket No. 250), the Court granted the Sale Motion (the "Sale Order") and authorized the Debtors' entry into that certain Asset Purchase Agreement with Adeptio (the "APA"); and

**WHEREAS**, InPhonic and Verizon Wireless entered into that certain Non-Exclusive E-Commerce Authorized Agency Agreement, Contract No. 730-06258-2002, dated January 20, 2003 (as amended, supplemented, and modified from time to time, the "Agent Agreement"), relating to Verizon Wireless authorizing, inter alia, InPhonic to act as an agent for the sale of Verizon Wireless service and for InPhonic to purchase equipment from time to time; and

**WHEREAS**, on or about September 11, 2007, InPhonic and Verizon Wireless negotiated Amendment Number 3 to the Agent Agreement ("Amendment No. 3"), which was fully negotiated prior to the Petition Date, but never fully executed or effective, between InPhonic and Verizon Wireless; and

**WHEREAS**, Amendment No. 3 provides for certain modifications to the Agent Agreement including, but not limited to, price protections, compensation, product purchasing and returns, all of which inure to the benefit of the Debtors and their estates; and

WHEREAS, as of the Effective Date (defined below), InPhonic owes Verizon Wireless $1,218,647.92 under the Agent Agreement for cell phone equipment purchases through October 31, 2007 (the "Unpaid Equipment Balance"); and

WHEREAS, as of the Effective Date (defined below), Verizon Wireless owes InPhonic (a) $769,462.17 under the Agent Agreement on account of advance payments of commissions for activations of Verizon Wireless services through October 31, 2007 (the "Unpaid Commission Balance") and (b) additional amounts on account of advance payments of commissions for activations of Verizon Wireless services accruing on or after November 1, 2007 (the "Post November 1 Commissions"), which Unpaid Commission Balance and Post November 1 Commissions are subject to further reduction, adjustment, setoff, reconciliation, dispute, Chargeback (as defined in the Agent Agreement), recoupment and other rights, claims, and actions in accordance with the terms and conditions of the Agent Agreement; and

WHEREAS, disputes under the Agent Agreement have arisen and hereafter may arise in connection with the Unpaid Commission Balance, the Post November 1 Commissions and Chargebacks (as defined in the Agent Agreement) (the "Disputes"); and

WHEREAS, the Sale Order contained certain terms preserving the Parties' rights and remedies under the Agent Agreement pending the Debtors' assumption or rejection of the Agent Agreement pursuant to the terms of the Sale Order and the APA; and

WHEREAS, pursuant to the Sale Order and APA, Simplexity, as assignee of Adeptio, purchased, *inter alia*, the Unpaid Commission Balance, the Post November 1 Commissions and the Disputes; and

WHEREAS, as reflected by this Stipulation, the Parties have reached an agreement, subject to the approval of the Bankruptcy Court, providing for: (a) assumption of the Agent

Agreement and assignment to Simplexity; (b) cure of the Unpaid Equipment Balance and any other unpaid amounts and defaults under Bankruptcy Code § 365; and (c) authorization to enter into Amendment No. 3.

**NOW, IT IS THEREFORE STIPULATED AND AGREED**, by the Parties as follows:

1. Upon the Effective Date (as defined below), Verizon Wireless agrees to execute Amendment No. 3.

2. Upon the Effective Date, the Agent Agreement, together with Amendment No. 3, shall be deemed assumed and assigned to Simplexity pursuant to Bankruptcy Code § 365. Verizon Wireless agrees that the Debtors shall be permitted to assign the Agent Agreement, together with Amendment No. 3 to Simplexity, as assignee of Adeptio, and Simplexity agrees hereby to be bound by the Agent Agreement, Amendment No. 3 and this Stipulation.

3. On the Effective Date and by the Offset, the Debtors, Adeptio, and Simplexity shall be deemed to have provided adequate assurance of future performance and to have satisfied all obligations relating thereto under Bankruptcy Code § 365.

4. Upon the Effective Date, Verizon Wireless shall be deemed to have an allowed claim in the amount of the Unpaid Equipment Balance which shall be deemed paid in full by the Offsets as set forth in this Stipulation. In full and final settlement, satisfaction, and cure of the Unpaid Equipment Balance, Verizon Wireless shall: (a) offset the Unpaid Equipment Balance against the Unpaid Commission Balance; (b) be authorized to offset any Unpaid Equipment Balance remaining (after offsetting against the Unpaid Commission Balance) (i) against any credits that InPhonic, Adeptio or Simplexity would be otherwise entitled to as a result of the return of the VZW Equipment (as defined below) pursuant to the terms of the Agent Agreement and Amendment No. 3; (ii) against the Post November 1 Commissions; and/or (iii) the Disputes,

in each case existing as of or arising subsequent to the Effective Date, until such Unpaid Equipment Balance is satisfied in full (the "Offset"). By the Offset, the Debtors, Adeptio, and Simplexity shall be deemed to have satisfied any and all cure obligations under Bankruptcy Code § 365.

5. After the Effective Date and within thirty (30) days thereafter, InPhonic, Adeptio and Simplexity are authorized to return, in accordance with Amendment No. 3, certain cell phone equipment previously purchased from Verizon Wireless ("VZW Equipment") pre-petition in the ordinary course of business. InPhonic, Adeptio and Simplexity, represent that the VZW Equipment is being returned free and clear of all liens, claims and encumbrances, and to the extent that there exists any liens, claims or encumbrances against the VZW Equipment, InPhonic, Adeptio and Simplexity have received the consent of any secured party that may hold a lien on the VZW Equipment, either as inventory or equipment.

6. Upon the Effective Date, other than with respect to Disputes and Chargebacks (as defined in the Agent Agreement): (a) the terms of this Stipulation shall govern the Parties' rights and remedies with respect to the Unpaid Equipment Balance and the Unpaid Commission Balance; (b) the Offset shall be deemed a full and final accord and satisfaction among the Parties as to the Unpaid Equipment Balance and the Unpaid Commission Balance and the only cure required under this Stipulation; and (c) the Debtors, as debtors and debtors in possession, on behalf of themselves and their estates, Adeptio and Simplexity, individually and collectively, on behalf of themselves, their respective officers, directors (in their individual and representative capacities), and their subsidiaries, predecessors, affiliates, parent corporations, if any, joint ventures, successors and assigns, administrators and trustees (including without limitation any subsequently appointed chapter 7 or chapter 11 trustees, plan administrator, responsible officer,

receiver, litigation or liquidating trusts, litigation officer and any other estate fiduciary in this or any other proceeding or matter) (each a "Debtor/Adeptio Party" and collectively, the "Debtor/Adeptio Parties"), hereby waives, discharges and releases Verizon Wireless and all of their past and present employees, agents, officers, directors (in their individual and representative capacities) subsidiaries and other controlled affiliates, predecessors, successors and assigns (each a "VZW Party" and collectively, the "VZW Parties") any and all rights, claims, causes of action, defenses, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable (collectively, "Claims"), including without limitation, any Claims under chapter 5 of the Bankruptcy Code or any similar or dissimilar state laws (collectively, "Avoidance Actions"), which any Debtor/Adeptio Party now has or ever had or hereafter may have against any VZW Party from the beginning of time until the Effective Date arising out of, in connection with, or relating to, the Unpaid Equipment Balance, the Unpaid Commission Balance or the Agent Agreement; provided, however, nothing contained in this Paragraph 6 shall be, or shall be deemed as, a release, waiver, or discharge as to (x) post-Effective Date Claims, rights, or defenses under the Agent Agreement or otherwise, (y) any Claims, rights, or defenses of a Debtor/Adeptio Party in connection with, or relating to, the Post November 1 Commissions, the Disputes, the VZW Equipment, Chargebacks (as defined in the Agent Agreement), or (z) any right of any Debtor/Adeptio Party to reconcile and dispute commissions and other amounts in accordance with this Stipulation and the Agent Agreement. The Debtors/Adeptio Parties hereby grant Verizon Wireless a general release arising out of, related to or in connection with any Avoidance Actions. For the avoidance of doubt, the release of Avoidance Actions under this Stipulation does not release any VZW Party from any Claim by

the Debtors on account of any stock or other equity interests in the Debtors or any payments to any VZW Party on account of any equity interests received within two years of the filing of Debtors' bankruptcy petitions.

7. Upon the Effective Date and other than with respect to Disputes and Chargebacks (as defined in the Agent Agreement), the VZW Parties hereby discharge and release the Debtor/Adeptio Parties from any Claims which any VZW Party now has or ever had or hereafter may have against any Debtor/Adeptio Party from the beginning of time until the Effective Date arising out of, in connection with, or relating to, the Unpaid Equipment Balance, the Unpaid Commission Balance or the Agent Agreement; provided, however, nothing contained in this Paragraph 7 shall be, or shall be deemed as, a release, waiver, or discharge as to (x) post-Effective Date Claims, rights, or defenses under the Agent Agreement or otherwise, (y) any Claims, rights, or defenses of a VZW Party in connection with, or relating to, the Post November 1 Commissions, the Disputes, the VZW Equipment, Chargebacks (as defined in the Agent Agreement), or (z) any right of any VZW Party to reconcile and dispute commissions and other amounts in accordance with this Stipulation and the Agent Agreement.

8. For the further avoidance of doubt, nothing contained herein is, or shall be deemed as, a release or waiver by the Parties, individually or collectively, with respect to Disputes, the Post November 1 Commissions or Verizon Wireless's Chargeback (as defined in the Agent Agreement) rights pursuant to the terms and conditions of the Agent Agreement. All Claims, rights, and actions with respect to Disputes, the Post November 1 Commissions and Verizon Wireless's Chargeback (as defined in the Agent Agreement) rights pursuant to the terms and conditions of the Agent Agreement are reserved. Disputes and Chargebacks (as defined in the Agent Agreement) shall be reconciled and resolved in accordance with the Agent Agreement.

9. Other than as explicitly set forth herein: (a) nothing in this Stipulation shall alter the terms of the Agent Agreement or Amendment No. 3; and (b) upon assumption and assignment of the Agent Agreement and Amendment No. 3 to Simplexity, the terms and conditions of the Agent Agreement and Amendment No. 3 shall govern all Claims, amounts, transactions, and other matters arising under the Agent Agreement, including, for the avoidance of doubt, all equipment purchases and returns, commissions, deactivations, and customer deposits arising on or after November 1, 2007.

10. Other than as explicitly set forth herein, Simplexity shall observe and perform all of the duties, obligations, terms, provision and covenants, and pay and discharge all of the liabilities of the Debtors to be observed, performed, paid or discharged under the Agent Agreement and Amendment No. 3. Simplexity agrees to execute any instrument of transfer and assignment as may be reasonably requested by Verizon Wireless.

11. Upon the Effective Date, the Debtors shall be relieved of all claims, duties, obligations, terms, provisions, covenants, and liabilities to be observed, performed, paid or discharged under the Agent Agreement.

12. Until further agreed between Verizon Wireless and Simplexity, all equipment purchases under the Agent Agreement, as amended by Amendment No. 3, including purchases to be made by Simplexity subsequent to the Effective Date, require cash on delivery via wire transfer which funds shall be confirmed prior to shipment.

13. Other than with respect to matters set forth in this Stipulation, Verizon Wireless reserves all of its rights and remedies against the Debtors, their estates, and all other parties, including without limitation, its right to seek any other relief it deems appropriate in these cases.

14. Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

15. Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

16. The Debtors represent that all parties in interest required to be given notice of this Stipulation by the Bankruptcy Code have been given notice and no other or further notice is necessary or required.

17. This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding and agreements between them concerning its subject. There are no other oral or written representations, agreements, or understandings between the Parties relating to its subject. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided. Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

18. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

19. This Stipulation shall be interpreted in accordance with the laws of the State of New York.

20. This Stipulation may be executed by facsimile signature in separate counterparts and shall become effective when such separate counterparts have been exchanged among the Parties.

21. This Stipulation shall be binding upon the parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or other estate fiduciary.

22. This Stipulation is subject to and shall become effective on the date of entry of an Order of the Bankruptcy Court on the docket approving this Stipulation (the "Effective Date"). If the Effective Date does not occur prior to February 15, 2008, this Stipulation is null and void and of no force and effect.

IN WITNESS WHEREOF, the parties, by their authorized counsel, have set their hands in agreement as of the dates written below

Dated: Wilmington, Delaware
January 17, 2008

| | |
|---|---|
| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, PON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020 | Simplexity, LLC, as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |
| Cellco Partnership, d/b/a Verizon Wireless<br><br>By: _____<br>Regina Stango Kelbon<br>Blank Rome, LLP<br>One Logan Square<br>130 N. 18th Street<br>Philadelphia, PA 19103 | Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLO<br>200 East Randolph<br>Chicago, Illinois 60601 |