IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al. | : Case No. 07-11666 (KG) <br> : (Jointly Administered) |
| Debtors. | : Objection Deadline: 1/23/08 at 4:00 p.m. <br> : Hearing Date: 1/30/08 at 3:00 p.m. |

**OBJECTION OF QUALUTION SYSTEMS, INC. TO OMNIBUS MOTION
FOR ORDER APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B)
PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN
HELD CONTRACTS PURSUANT TO THE DECEMBER 13, 2007 ORDER, ETC.**

Qualution Systems, Inc. ("Qualution"), by and through their undersigned counsel, hereby makes this objection (the "Objection") to the *Omnibus Motion for Order Approving (A) Assumption and Assignment of Certain Executory Contracts and Unexpired Lease; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts Pursuant to the December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Lease and (IV) Granting Related Relief* (the "Motion") and respectfully represents as follows:

**General Background**

1.  Qualution and Star Number, Inc. ("Star Number"), a wholly-owned subsidiary of InPhonic, Inc. ("InPhonic"), are parties to a Non-Exclusive License and Servicing Agreement dated effective as of October 7, 2003 (the "License Agreement"). Pursuant to the License Agreement, Qualution granted to Star Number a non-exclusive license to use that certain wireless

62970 v1

communications customer relations management software suite known as CATALYST for Telecom, and further agreed to provide certain maintenance services, as set forth in the License Agreement. A true and correct copy of the License Agreement is attached hereto as Exhibit 1. Since the Petition Date, upon information and belief, Debtors have continued to utilize CATALYST software and related services provided pursuant to the License Agreement.

2.   On November 8, 2007 ("the Petition Date"), InPhonic and each of its wholly-owned subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code").

3.   On the Petition Date, the Debtors also filed their Sale Motion.[1]

4.   Qualution received from the Debtors a "Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing" (the "Assumption Notice"). On Exhibit A to the Assumption Notice, the Debtors listed a cure amount of $0.00 that would be paid to Qualution in the event the License Agreement was a contract the Debtors sought to assume and assign. In response thereto, Qualution filed its objection to the Sale Motion, setting forth the true and actual cure amount of $94,066.46 (the "Cure Objection"). *See*, D.I. 196.

5.   On December 13, 2007, the Court approved the Sale Motion and entered the Sale Order, pursuant to which certain unexpired leases and/or executory contracts could be designated as "Held Contracts". If an executory contract is designated as a "Held Contract," the Debtors are required to hold and not reject the contract for the Contract Retention Period (which could be as long as 210 days).

6.   On January 4, 2008, the License Agreement was designated as a Held Contract. *See*, D.I. 290.

---

[1] All capitalized terms used herein shall have the meaning ascribed them in the Motion.

## Objection

7.In the Motion, the Debtors (and Buyer) seek to establish procedures governing the future assumption and assignment of Held Contracts. The proposed procedures are set forth in paragraph 33 of the Motion. Qualution objects to the proposed procedures in their current form and requests the following amendments:

(a)The Debtors be required to serve notice of the Assumption Order upon all parties to the contracts which are to be assumed <u>and their counsel of record</u>; and

(b)To the extent a party to a Held Contract which is sought to be assumed and assigned has already filed a cure objection in response to the Sale Motion, no additional objection to the Assumption Order need be filed prior to the Objection Deadline, in order for the Debtors to schedule a hearing on the objection. Further, a party to a Held Contract shall be permitted to file an amended objection so as to amend any cure amounts which might be owed at the time of the proposed assumption and assignment.

WHEREFORE, Qualution Systems, Inc. respectfully requests that this Court enter an Order sustaining this Objection and granting Qualution such other and further relief as the Court deems appropriate.

Dated: January 21, 2008

        SEITZ, VAN OGTROP & GREEN, P.A.

        /s/ *Patricia P. McGonigle*

        _____
        Patricia P. McGonigle (DE 3126)
        pmcgonigle@svglaw.com
        Kevin A. Guerke (DE4096)
        kguerke@svglaw.com
        222 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        Tel: 302.888.0600
        Fax: 302.888.0606
        -and-

        J. Scott Bovitz
        Bovitz & Spitzer
        880 West First Street, Suite 502
        Los Angeles, CA 90012-2445

        Counsel to: Qualution Systems, Inc.