UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INPHONIC, INC., et al., | ) Case No. 07-11666-KG |
| | ) Docket No. 296 |
| Debtors. | ) Hearing date: January 30, 2008 |
| | ) Objection deadline: January 23, 2008 |

**OBJECTION OF VERIZON BUSINESS GLOBAL, LLC TO DEBTORS' OMNIBUS MOTION FOR ORDER APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS PURSUANT TO THE DECEMBER 13, 2007 ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF DEBTOR OUTSIDE OF THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND SALE AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF**

Verizon Business Global, LLC ("Verizon Business"), by and through undersigned counsel, states as its Objection ("Objection") to Debtor's Omnibus Motion for order approving (a) assumption and assignment of certain executory contracts and unexpired leases; and (b) procedures for future assumption and assignment of certain held contracts pursuant to the December 13, 2007 Order (i) approving asset purchase agreement and authorizing the sale of assets of debtor outside the ordinary course of business, (ii) authorizing the sale of assets free and clear of all liens, claims, encumbrances and interests, (iii) authorizing the assumption and sale and assignment of certain executory contracts and unexpired leases and (iv) granting related relief ("Motion") as follows:

## INTRODUCTION

Verizon Business, f/k/a MCI WORLDCOM Communications, Inc.,[1] provides services to the Debtors related to its business operations pursuant to certain contracts. The Debtors have neither rejected nor assumed the contracts but have instead attempted to transfer the benefits of those contracts to a third party purchaser pursuant to the earlier § 363 sale.[2] No cure was paid. Verizon Business is now in the position of supplying services to a party with whom it has no contract. Now, the Debtors seek to establish future procedures for assuming and assigning those contracts to the purchaser's assignee, Simplexity LLC ("Simplexity"). As is more specifically set forth below, those procedures (a) ignore the motion and notice requirements; and (b) shift the burden of assumption onto the non-debtor contracting party. Verizon Business opposes part (B) of the Motion, specifically paragraphs 30 through 34, and seeks entry of an order denying that portion of the Motion.

## DISCUSSION

1. On November 8, 2007, Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

2. Debtors are operating its businesses and maintaining its assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. On November 17, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors. No trustee, examiner or other committee has been appointed in this case.

---

[1] On January 6, 2006, MCI, Inc., and its subsidiaries and affiliates, including MCI Communications Services, Inc., successor-in-interest to MCI WORLDCOM Communications, Inc., merged into and with Eli Acquisition, Inc., a wholly-owned subsidiary of Verizon Communications, Inc. As a consequence of this merger, MCI, Inc., and its subsidiaries became a wholly-owned subsidiary of Verizon Communications, Inc, operating as, or as subsidiaries of, MCI, LLC, d/b/a Verizon Business. In November, 2006, MCI, LLC changed its name to Verizon Business Global, LLC. Verizon Network Integration Corp. is a subsidiary of Verizon Business.

[2] All referenced are to Title 11 U.S. C., unless otherwise noted.

3. On November 8, 2007, Debtors filed a motion seeking, among other relief, to approve a sale of the Debtors' assets and to authorize the assumption and assignment of certain executory contracts ("Sale Motion").

4. Verizon Business' contracts were initially included as contracts to be assumed and assigned to the purchaser.

5. The Debtors' Schedules F and G, signed under the penalty of perjury, state prepetition amounts due in excess of $200,000. Despite that listing, a cure notice was faxed to Verizon Business listing a proposed cure of $0.00 on all contracts.

6. In fact, Verizon Business has at least four contracts with the Debtors both under the names "MCI" and "Verizon Network Integration Corp." The amounts due at that time exceeded $450,000. Thus, Verizon Business filed an objection to the Sale Motion demanding a cure payment that resolved the monetary defaults.

7. Over one dozen other contract creditors had also received $0.00 cure notices and filed objections to the Sale Motion.

8. The Debtors responded by withdrawing the Sale Motion as it related to those contract creditors who demanded something other than a $0.00 cure payment. **See** Debtors' Omnibus Reply to Objections to Motion for an order (I) authorizing the sale of substantially all of their assets, (II) approving an asset purchase agreement, subject to higher and better offers; (III) approving the assumption and assignment of certain executory contracts and unexpired leases; and (IV) granting related relief ("Debtors' Reply"), docket entry no. 212.

9. A hearing went forward on the Sale Motion. At that hearing, the Debtors took the position that Verizon Business' objection was premature and should not be heard by the Court in connection with the Sale Motion.

10. The Debtors have designated the Verizon Business contracts as "held contracts." The purchaser's assignee, Simplexity, is now operating the Debtors' business and is using the contracts.

11. Verizon Business never consented to the transfer of its contracts to Simplexity and is unaware of any Bankruptcy Code permitted transfer of contract right available to the Debtors absent assumption and assignment.

12. Now, the Debtors seeks to establish procedures for treating these "held contracts." Those procedures propose, among other procedures, that no motion be filed, that an order be noticed to parties and that, if a party does not agree to the assumption order, that the non-debtor party file an objection.

13. Verizon Business recognizes that it is helpful to the Court, the debtor and creditors generally when there is a uniform procedure in place, particularly in large cases. However, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of this Court create that uniform procedure.

14. Section 365(b) and Bankruptcy Rules 6006 and 9014 require that the Debtors file a motion seeking to assume and assign contracts, give notice of that motion pursuant to Bankruptcy Rule 7004, and provide a time certain to respond to that motion. In re Golden Books Family Entertainment, Inc., 269 B.R. 300, 305 (D. Del. 2001).

15. The U.S. District Court for this District has previously rejected efforts to assume and assign contracts on shortened notice and on notices that do not strictly adhere to the Bankruptcy Rules. Id., at 305 (citing the U.S. Supreme Court's comments in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) that "strict fulfillment" of notice requirements are central to our system of jurisprudence).

16. Here the Debtors suggest, in paragraph 33 of the Motion, that they simply file a proposed order to effectuate assumption of the "held contracts." That proposed procedure provides none of the safeguards of a motion and notice.

17. First, as the Debtors have withdrawn their prior efforts to assume the Verizon Business contracts though the Sale Motion, filing a proposed order is not procedurally adequate to assume and assign these contracts.

18. Further, as is evident from the plain language of § 365(b)(1)(A), it is the Debtors' burden to prove assumption, demonstrate a proper cure, and give adequate assurance of future performance. Adequate assurance of future performance is required to be demonstrated even if no cure amount is proposed. § 365(f)(2)(B).

19. The non-debtor party should be properly and fairly advised of both the party to whom its contracts will be assigned as well as the cure and adequate assurance that is proposed. This requirement is designed to ensure that the non-debtor party will receive the benefit of its bargain because, pursuant to § 365(k), the effect of assumption and assignment is that the estate is no longer liable for breach following assignment. C&S Grain Co., Inc., 47 F.3d 233 (7th Cir. 1995); In re Washington Capital Aviation and Leasing, 156 B.R. 167, 175 and n. 3 (Bankr. M.D. Pa. 1993); In re Rachels Indus., Inc., 109 B.R. 797 (Bankr. W.D. Tenn. 1990)(collecting authorities on same).

20. The proposed procedure improperly shifts the burden of proving a cure and demonstrating adequate assurance of future performance onto the non-debtor party. Before deciding on whether or not to object to the assumption and assignment to Simplexity, the Debtors need to file a motion, give notice of that motion, and provide notice of the time to file a response to that motion. Verizon Business should not be put into the position of having to file an

objection to a proposed order before first learning how cure will be paid or how adequate assurance of future performance will be demonstrated. That burden belongs on the Debtors.

21. For these reasons, Verizon Business respectfully requests that the Court deny the Debtors' Motion inasmuch as it seeks, in part (B), to impose procedures that are inconsistent with the Bankruptcy Code and Rules.

WHEREFORE, Verizon Business respectfully requests that this Court enter an Order:

a. Denying part (B) of the Debtors' Motion; and

b. granting such other and further relief as this Court may deem equitable and proper.

Dated: January 23, 2008

Respectfully submitted,

William F. Taylor, Jr. (Del # 2936)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-2496 (Fax)

-and-

Darrell W. Clark, Esq.
Jaime S. Dibble, Esq.
STINSON MORRISON HECKER LLP
1150 18th Street, N.W.
Suite 800
Washington, D.C. 20036
Tel. 202-785-9100
Fax. 202-785-9163

*Attorneys for Verizon Business Global, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served on all parties on the attached service list on January 23, 2008 by hand-delivery or by first class mail, postage pre-paid.

Eric Michael Sutty, Esq.
Mary E. Augustine, Esq.
Neil B. Glassman, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market Street
15th Floor
Wilmington, DE 19801

Office of the U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899

Andrew Torgrove, Esq.
Goldsmith-Agio-Helms/
Lazard Middle Market
11 West 42nd Street
29th Floor
New York, New York 10036

Thomas R. Califano, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020

The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

Adeptio INPC Funding, LLC
Attn: David Lorry
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Anup Sathy, Esq.
John Schoenfeld, Esq.
Kirkland and Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

William F. Taylor, Jr. (Del # 2936)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-2496 (Fax)