IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al. | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objection Deadline: January 23, 2008 at 4:00 p.m. EST** |
| | : | **Hearing Date: January 30, 2008 at 3:00 p.m. EST** |
| | : | |
| | : | **Re: D.I. 296, 326** |

**OBJECTION AND JOINDER OF MFORCE, INC. TO OMNIBUS MOTION
FOR ORDER APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND
(B) PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN
HELD CONTRACTS PURSUANT TO THE DECEMBER 13, 2007 ORDER
(I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE
OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND
INTERESTS, (III) AUTHORIZING THE ASSUMPTION AND SALE AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF**

mForce Communications, Inc. ("mForce"), by and through its undersigned counsel, hereby objects (the "Objection") to the *Omnibus Motion for Order Approving (A) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts Pursuant to the December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale of Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief* (the "Motion") [D.I. 296] filed by the debtors (the "Debtors") in the above-captioned jointly administered bankruptcy cases, and respectfully represents as follows:

1669684/2

## FACTUAL BACKGROUND

1.      mForce and InPhonic are parties to that certain Marketing Agreement (the "Marketing Agreement") dated May 26, 2006. Pursuant to the Marketing Agreement, mForce, inter alia, (i) provides access to airline affinity marketing programs for InPhonic including availability of frequent flyer miles offered to new customers purchasing wireless phone services and accessories via the website operated by mForce and InPhonic; (ii) contracted with the airlines to purchase the frequent flyer miles that are subsequently awarded to customers and pays the required excise taxes for the mileage value that, according to the Marketing Agreement, InPhonic is required to reimburse to mForce; (iii) provides direct marketing services to InPhonic; and (iv) offers satellite television sales through VMC wireless for which InPhonic is required to issue periodic statements to mForce, along with payments, for sales of said satellite television services.

2.      On November 8, 2007 (the "Petition Date"), InPhonic and each of its wholly-owned subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3.      On the Petition Date, the Debtors also filed the Sale Motion [D.I. 13].[1]

4.      No earlier than November 20, 2007, mForce received from Debtors a Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing (the "Cure Notice"). At page 45 of Exhibit A to the Cure Notice, the Debtors alleged that a cure amount of $127,981.00 would be required to satisfy the Debtors' cure obligations in the event that the Debtors assume the License Agreement. mForce timely filed its

---

[1] All capitalized terms used herein shall have the meaning ascribed them in the Motion.

1669684/2

objection to the Sale Motion and Assumption Notice (the "Cure Objection"), evidencing the

minimum cure amount of $289,734.00, and reserving the right to amend such amount [D.I. 179].

5.      On December 13, 2007, the Court approved the Sale Motion and entered the Sale

Order, pursuant to which certain unexpired leases and/or executory contracts could be designated

as "Held Contracts." Sale Order ¶ 30.  At the hearing on that date, representations were made on

the record that all objections that had been asserted to assumption of any contract based on cure

amount were preserved.

6.      On January 7, 2008, the Debtors filed the Motion.  The Motion designated the

Marketing Agreement as a Held Contract. Motion Annex A.

## OBJECTION

7.      In the Motion, the Debtors seek to establish procedures governing the future

assumption and assignment of Held Contracts.   The proposed procedures are set forth in

paragraph 33 of the Motion and in the proposed order attached thereto (the "Proposed Order").

mForce objects to the proposed procedures in their current form and requests the following

revisions be made to any order entered granting the Motion:

I.      **The Debtors Should Be Required To Notify Counsel To Parties Under Any Held Contract In The Event That The Debtors File An Assumption Order With Respect To Such Contract**

8.      The proposed Order with respect to the Motion would provide, in relevant part, as

follows:

> **ORDERED,** that the Debtors shall serve notice of filing of the Assumption Order
> upon all parties to the contracts which are to be assumed.

Proposed Order, p. 3.

1669684/2

9.    The Order should specify that parties to Held Contracts that are subject to an

Assumption Order should also be served with the Assumption Order through their counsel.

Accordingly, mForce requests that the Proposed Order be amended as follows:

> **ORDERED,** that the Debtors shall serve notice of filing of the Assumption Order
> upon (i) all parties to the contracts which are to be assumed; and (ii) counsel to
> such parties where counsel has appeared for such parties.

**II.    Because mForce Has Already Filed A Cure Objection, In The Event
The Debtors Wish To Assume The Marketing Agreement, A Hearing
On The Cure Objection Should Be Scheduled Without The
Requirement That mForce File Another Objection**

10.    The Proposed Order would require that any objections to assumption and

assignment of a Held Contract be made following service of the Assumption Order. Proposed

Order page 3.  Only if a party to such a Held Contract files an objection would a hearing be held

with respect to the assumption and assignment of that Held Contract. Id. at page 4.

11.    However, mForce has already asserted and preserved one (1) basis for objecting

to the Assumption Order by filing its Cure Objection.  Accordingly, the Proposed Order would

impose an unnecessary cost and burden on mForce by requiring it to file another objection to

preserve a basis for objection that has already been asserted and preserved.

12.    Because mForce has already filed an objection, in the event that the Debtors file

an Assumption Order with respect to the Marketing Agreement, the Debtors should be required

to schedule a hearing on the Cure Objection without the need for mForce to file any further

objection in response to such an Assumption Order.  In addition, mForce's right to object or

amend a prior objection or to assert other grounds for objection to the Assumption Order should

expressly be reserved.  Therefore, mForce requests that the Order provide as follows:

> **ORDERED,** that if a written objection is timely filed, the Debtors will schedule a
> hearing on the objection on the next available omnibus hearing date that is more
> than 15 days from the date of receipt of the objection and the notice shall state

1669684/2

that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in entry of the Assumption Order by default; except that if the party to such Held Contract has previously filed an objection (a "Prior Objection") to the assumption of such Held Contract on any grounds, including, without limitation, the cure amount for such Held Contract, the party to such Held Contract shall not be required to file any further objection, and the Debtors shall schedule a hearing on such objection pursuant to the terms of this Order as if such objection had been timely filed in response to the Assumption Order; and it is further

**ORDERED,** that the right of any party to a Held Contract that has filed a Prior Objection to (i) amend such Prior Objection; or (ii) assert any other and further grounds for objection to assumption of such Held Contract is reserved; . . .

## JOINDER

13.    To the extent that the Objection of Verizon Business Global, LLC (the "Verizon Objection") to the Motion [D.I. 326] is not inconsistent with this Objection, mForce hereby joins in the Verizon Objection as if fully set forth herein.

**WHEREFORE,** mForce respectfully requests that this Court (i) enter an Order sustaining this Objection; (ii) incorporate the language set forth herein into any Order granting the Motion; and (iii) grant mForce such other and further relief as the Court deems appropriate.

Dated: January 23, 2008                    **MORRIS JAMES LLP**

Brett D. Fallon (DE Bar No. 2480)
Thomas M. Horan (DE Bar No. 4641)
Ericka F. Johnson (DE Bar No. 5024)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: thoran@morrisjames.com
E-mail: ejohnson@morrisjames.com

*Counsel for mForce Communications, Inc.*

5

1669684/2