IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INPHONIC, INC., et al, | Case No.: 07-11666(KG) |
| | (Jointly Administered) |
| Debtors. | |
| | **Hearing Date: January 30, 2008 3:00 p.m.** |
| | Re: DI 296 |

**LIMITED OBJECTION BY QUIXTAR INC. AND QUIXTAR CANADA
CORPORATION TO DEBTORS' OMNIBUS MOTION FOR ORDER APPROVING
(A) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (B) PROCEDURES FOR FUTURE ASSUMPTION
AND ASSIGNMENT OF CERTAIN HELD CONTRACTS PURSUANT TO THE
DECEMBER 13, 2007 ORDER (I) APPROVING ASSET PURCHASE AGREEMENT
AND AUTHORIZING THE SALE OF ASSETS OF DEBTOR OUTSIDE THE
ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS,
(III) AUTHORIZING THE ASSUMPTION AND SALE AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND,
(IV) GRANTING RELATED RELIEF**

Quixtar Inc. and Quixtar Canada Corporation hereby file this limited objection to the Debtors' Omnibus Motion for Order Approving (A) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts Pursuant to the December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief dated January 7, 2008 (the "Motion"). This limited objection is based upon the following;

**Background**

1. On November 8, 2007, Debtors filed a voluntary Chapter 11 petition. Debtors are operating as debtors-in-possessions pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On November 17, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors. No trustee, examiner or other committee has been appointed in this case.

3. Quixtar Inc. and Quixtar Canada Corporation (collectively, "Quixtar") are parties to certain executory contracts with debtor InPhonic, Inc. ("InPhonic"). These executory contracts consist of marketing agreements (the "Quixtar Agreements").

4. Pursuant to its obligations under the Quixtar Agreements, InPhonic owed pre-petition amounts to Quixtar totaling $344,165.18. This amount consists of $339,494.43 owed to Quixtar Inc. and $4,670.75 owed to Quixtar Canada Corporation. Statements of account showing the pre-petition amounts owing to each Quixtar entity are attached as **Exhibit A**.

5. On November 8, 2007, Debtors filed a motion seeking to approve a sale of the Debtors' assets and to authorize the assumption and assignment of certain executory contracts (the "Sale Motion").

6. Pursuant to the Sale Motion, the Debtors were permitted to provide notices of cure amounts to counter-parties of executory contracts that were to be assumed and assigned to the purchaser. To Quixtar's knowledge, it never received any cure notice from the Debtors. Accordingly, Quixtar does not know the proposed cure amounts if the Quixtar Agreements will

be eventually assigned to the purchaser's assignee, Simplexity, LLC. As noted above, the total pre-petition amount owing to Quixtar is $344,165.18.[1]

7. The Court approved the Sale Motion and the Debtors have now designated the Quixtar Agreements as "Held Contracts." The purchaser's assignee, Simplexity, LLC, is now operating the Debtors' business and may wish to have the Quixtar Agreements assumed and assigned to it.

8. On January 7, 2008, the Debtors filed the Motion seeking, among other things, to assume and assign certain Held Contracts to Simplexity, LLC without any further motion. Instead, the Debtors propose to give notice of the assumption and assignment of the Held Contracts by merely filing a proposed Order with this Court and serving that proposed Order on counterparties to the Held Contracts. The Debtors' Motion does not indicate (i) whether the proposed Order will identify the applicable cure amount, (ii) whether the proposed Order will describe how the Debtors will provide adequate assurance of future performance under Section 365(b)(1)(C), or (iii) what other information will be included in the proposed Order.

**Limited Objection**

9. Quixtar objects to the Motion to the extent that it attempts to assume and assign the Quixtar Agreements without adequate and proper notice to Quixtar. More specifically, Quixtar objects to the Debtors' procedure as follows:

>    A. Rather than serving only a proposed Order upon Quixtar, Quixtar should be served with the proposed Order along with a notice of assignment (the "Notice") of the Quixtar Agreements. The Notice should include the following information at a minimum:

---

[1] The Debtors' schedules state that Quixtar Inc. is owed $227,888.79 (although such amount is indicated as being unliquidated) and that Quixtar Canada is owed $0. These amounts are inaccurate.

- The specific Quixtar Agreements that the Debtors propose to assume and assign.

- The cure amounts for each such Agreement and when the cure amounts will be paid.

- The adequate assurance of future performance that the Debtors are offering.

- The procedure for objecting to the Notice, which should have a deadline of not less than ten (10) business days.

B.   In addition to being sent directly to Quixtar, the Notice should be served upon counsel for Quixtar.

10.   Quixtar therefore requests that the Court deny the Debtors' Motion unless and until it is modified to provide for the procedure set forth in the preceding paragraph.

WHEREFORE, Quixtar files this Limited Objection and requests that the Court deny the Debtors' Motion unless and until Quixtar's Motion is modified to include the protections for Quixtar set forth above.

Dated: January 24, 2008                SULLIVAN HAZELTINE ALLINSON LLC

By   /s/ William A. Hazeltine
William A. Hazeltine
4 East 8th Street, Suite 400
Wilmington, DE 19807
(302) 428-8191
Attorneys for Quixtar Inc. and
Quixtar Canada Corporation

and

Gordon J. Toering (Mich. Bar No. P46409)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2185
Attorneys for Quixtar Inc. and
Quixtar Canada Corporation

1500944