# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666-KG |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

### STIPULATION AMONG DEBTORS, SIMPLEXITY, AND T-MOBILE
### FOR ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS

InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned subsidiaries,

the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Simplexity,

LLC ("Simplexity"), as assignee of Adeptio INPC Holdings, LLC ("Adeptio"), and T-Mobile

USA, Inc d/b/a T-Mobile (f/k/a Voice Stream Corporation) (collectively, "T-Mobile" and

together with the Debtors and Simplexity, the "Parties") hereby enter into this stipulation

("Stipulation"), dated as of January 29, 2008. The Parties hereby make the following statements

and agreements:

**WHEREAS,** on November 8, 2007, the Debtors filed voluntary petitions for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS,** the Debtors remain in possession of their assets and continue to manage

their business as debtors in possession pursuant to Bankruptcy Code § § 1107 and 1108; and

**WHEREAS,** on the Petition Date, the Debtors filed that certain Motion for an Order

Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and

9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All

of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better

---

[1]  The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile
Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"), pursuant to which the Debtors sought authority to sell substantially all their assets to Adeptio or such other higher or better bidder; and

**WHEREAS,** by that certain Order dated December 13, 2007 (Docket No. 250), the Court granted the Sale Motion (the "Sale Order") and authorized the Debtors' entry into that certain Asset Purchase Dealer Agreement with Adeptio (the "APA"); and

**WHEREAS,** InPhonic and T-Mobile entered into that certain Premier I-Dealer Agreement, dated July 1, 2003 (as amended, supplemented, and modified from time to time, including but not limited to the Amendment to Premier I- Dealer Agreement - 2008 (Revised) dated January 17, 2008, the "Dealer Agreement"), relating to T-Mobile authorizing, *inter alia*, InPhonic to act as an agent for the sale of T-Mobile products and services and for InPhonic to purchase cell phones and other equipment from time to time; and

**WHEREAS,** as of the Effective Date (defined below), InPhonic owes T-Mobile approximately $7,122,829.25 under the Dealer Agreement for cell phone and other equipment purchases through October 31, 2007 (the "Unpaid Equipment Balance"); and

**WHEREAS,** as of the Effective Date (defined below), T-Mobile owes InPhonic $1,158,919.97 (the "Unpaid Commission Balance") under the Dealer Agreement on account of commissions for performance activities under the Dealer Agreement through October 31, 2007, which such Unpaid Commission Balance is subject to reconciliation, dispute, Chargeback (as defined in the Dealer Agreement), recoupment and other rights, claims, and actions in accordance with the terms and conditions of the Dealer Agreement; and

**WHEREAS**, the term Disputes shall mean the reconciliation process as set forth in the "Reconciliation" section of Exhibit "C", section A.3. on page 27 of the Dealer Agreement; and

**WHEREAS**, as of the Effective Date (defined below), the Debtors have asserted certain open disputed amounts under the Dealer Agreement through October 31, 2007 (the "Disputed Amount"), which such Disputed Amount arises from the Debtors' reconciliation of commission payments; and

**WHEREAS**, Chargebacks (as defined in the Dealer Agreement) may arise in connection with the Unpaid Commission Balance and the Post-November 1 InPhonic Receivable (defined below) ("Chargebacks"); and

**WHEREAS**, for the period commencing on and after November 1, 2007, InPhonic is owed commissions for performance activities and other obligations under the Dealer Agreement (the "Post-November 1 InPhonic Receivable"), and T-Mobile is owed amounts for cell phone and other equipment purchases and other obligations (the "Post-November 1 T-Mobile Receivable"), which such Post-November 1 InPhonic Receivable and Post-November 1 T-Mobile Receivable are subject to Disputes, reduction, adjustment, setoff, recoupment and other rights, claims, and actions pursuant to the terms of the Dealer Agreement; and

**WHEREAS**, the Sale Order contained certain terms preserving the Parties' rights and remedies under the Dealer Agreement pending the Debtors' assumption or rejection of the Dealer Agreement pursuant to the terms of the Sale Order and the APA; and

**WHEREAS**, pursuant to the Sale Order and APA, Simplexity, as assignee of Adeptio, purchased, *inter alia*, the Post-November 1 InPhonic Receivable, Disputes, the Disputed Amount, and Chargebacks; and

**WHEREAS,** as reflected by this Stipulation, the Parties have reached an agreement, subject to the approval of the Bankruptcy Court, providing for assumption of the Dealer Agreement and cure of the Unpaid Equipment Balance and any other unpaid amounts and defaults under Bankruptcy Code § 365.

**NOW, IT IS THEREFORE STIPULATED AND AGREED,** by the Parties as follows:

1. Upon the Effective Date (as defined below), the Dealer Agreement shall be deemed assumed and assigned to Simplexity pursuant to Bankruptcy Code § 365. T-Mobile agrees that the Debtor shall be permitted to assign the Dealer Agreement to Simplexity, as assignee of Adeptio.

2. As of the Effective Date, the Debtors, Adeptio, and Simplexity shall be deemed to have provided adequate assurance of future performance and to have satisfied all obligations relating thereto under Bankruptcy Code § 365.

3. In full and final settlement, satisfaction, and cure of the Unpaid Equipment Balance, T-Mobile shall: (a) offset the Unpaid Equipment Balance against the Unpaid Commission Balance (the "Offset"); and (b) T-Mobile shall recover the Unpaid Equipment Balance remaining after the Offset (i.e., $5,953,909.23) (the "Remaining Unpaid Equipment Balance") by offsetting such Remaining Unpaid Equipment Balance in twelve (12) equal installments of $496,159.11 against going-forward commissions under the Dealer Agreement, with such offset to commence with the December Commission payment (as defined in the Dealer Agreement) (collectively with the Offset, the "Repayment"). By the Repayment, and as of the Effective Date, the Debtors, Adeptio, and Simplexity shall be deemed to have satisfied any and all cure obligations under Bankruptcy Code § 365.

4

4. Simplexity shall execute a promissory note in the amount of the Remaining Unpaid Equipment Balance and shall remain liable to T-Mobile for such amount until paid in full. In the event of any shortfall (a "Shortfall") on any of the twelve (12) equal installments of the $496,159.11 as offset, then Simplexity will pay the difference within seven (7) business days (the "Payment Deadline"). Simplexity may prepay the Remaining Unpaid Equipment Balance at any time without any prepayment premium, penalty or other amount. Notwithstanding the foregoing, commencing on the business day subsequent to the date of the Payment Deadline, each Shortfall shall accrue interest on a per diem basis at the lesser of (x) 1.5% per month for a 30-day month and (y) the maximum amount allowed by law.

5. Other than with respect to the Disputed Amount, Disputes and Chargebacks: (a) the terms of this Stipulation shall govern the Parties' rights and remedies with respect to the Unpaid Equipment Balance and the Unpaid Commission Balance; (b) the Repayment shall be deemed a full and final accord and satisfaction among the Parties as to the Unpaid Equipment Balance and the Unpaid Commission Balance; and (c) the Parties, individually and collectively, on behalf of themselves, their respective officers, directors (in their individual and representative capacities), and their subsidiaries, predecessors, affiliates, parent corporations, if any, joint ventures, successors and assigns, administrators and trustees (including without limitation any subsequently appointed chapter 7 or chapter 11 trustees, plan administrator, responsible officer, receiver, litigation or liquidating trusts, litigation officer and any other estate fiduciary in this or any other proceeding or matter), hereby waive and release any and all rights, claims, causes of action, defenses, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable (collectively, "Claims"),

including without limitation, any Claims under chapter 5 of the Bankruptcy Code or any similar or dissimilar state laws (collectively, "Avoidance Actions"), which any Party now has or ever had or hereafter may have against any other Party in connection with, or relating to, the Unpaid Equipment Balance or the Unpaid Commission Balance. For the avoidance of doubt, and notwithstanding anything contained in this Paragraph 5, the Debtors are released from any Claims on account the Disputed Amount, Disputes, the Post-November 1 InPhonic Receivable, the Post-November 1 T-Mobile Receivable, and Chargebacks in accordance with paragraph 9 upon execution of the Stipulation and nothing herein shall affect Simplexity's obligations under paragraphs 7 and 8 of this Stipulation. The Debtors further release T-Mobile from any Avoidance Actions irrespective of whether such Avoidance Actions relate to the Unpaid Equipment Balance or the Unpaid Commission Balance. For the avoidance of doubt, the release of Avoidance Actions under this Stipulation does not release T-Mobile from any Claims by the Debtors on account of any stock or other equity interests in the Debtors or any payments to T-Mobile on account of any equity interests received within two years of the filing of Debtors' the bankruptcy petitions.

6. For the avoidance of doubt, nothing contained herein is, or shall be deemed as, a release or waiver by the Parties, individually or collectively, with respect to Disputes, the Disputed Amount, Chargebacks, the Post-November 1 InPhonic Receivable, or the Post--November 1 T-Mobile Receivable; provided, however, it is understood and agreed that nothing in this Paragraph 6 (including the reservations contained herein) in any way alters, modifies, or otherwise impacts the release of the Debtors from any Claims on account of the Disputed Amount, Disputes, the Post-November 1 InPhonic Receivable, the Post-November 1 T-Mobile Receivable, and Chargebacks. All Claims, rights, and actions with respect to Disputes, the

Disputed Amount, Chargebacks, the Post-November 1 InPhonic Receivable, and the Post-November 1 T-Mobile Receivable are reserved. Disputes, the Disputed Amount, and Chargebacks shall be reconciled and resolved in accordance with the Dealer Agreement and will be applied to Post-November 1 Receivables.

7. Other than as explicitly set forth herein: (a) nothing in this Stipulation shall alter the terms of the Dealer Agreement; and (b) upon assumption and assignment of the Dealer Agreement to Simplexity, the terms and conditions of the Dealer Agreement shall govern all Claims, amounts, transactions, and other matters arising under the Dealer Agreement, including, for the avoidance of doubt, all equipment purchases and returns, commissions, deactivations, and customer deposits arising on or after November 1, 2007. Nothing contained herein shall impact, impair, abridge, alter, or modify the validity, extent or priority of any offset, setoff, recoupment and purchase money security interest (collectively, the "Offset Rights"), if (and only to the extent) any such Offset Rights exist under the Dealer Agreement or otherwise. Nothing contained herein shall impact, impair, abridge, alter, or modify the validity, extent or priority of any indemnification rights under the Dealer Agreement, if (and only to the extent) any such indemnification rights exist under the Dealer Agreement or otherwise.

8. Other than as explicitly set forth herein, Simplexity shall observe and perform all of the duties, obligations, terms, provisions and covenants, and pay and discharge all of the liabilities of the Debtors to be observed, performed, paid or discharged under the Dealer Agreement.

9. Upon the Effective Date, the Debtors shall be relieved of all claims, duties, obligations, terms, provisions, covenants, and liabilities to be observed, performed, paid or discharged under the Dealer Agreement.

K&E 42088-11:1210891016

7

10. In accordance with the terms of the Dealer Agreement, Simplexity is entitled to return to T-Mobile for credit cell phone and other equipment purchased prior to, on, or after the Effective Date.

11. Other than with respect to matters set forth in this Stipulation, T-Mobile reserves all of its rights and remedies against the Debtors, their estates, and all other parties, including without limitation, its right to seek any other relief it deems appropriate in these cases.

12. Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

13. Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

14. The Debtors represent that all parties in interest required to be given notice of this Stipulation by the Bankruptcy Code have been given notice and no other or further notice is necessary or required.

15. This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding and agreements between them concerning its subject. There are no other oral or written representations, agreements, or understandings between the Parties relating to its subject. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing

waiver unless expressly provided.   Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

16. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

17. This Stipulation shall be interpreted in accordance with the laws of the State of New York.

18. This Stipulation may be executed by facsimile signature in separate counterparts and shall become effective when such separate counterparts have been exchanged among the Parties.

19. The execution of this Stipulation by any Party does not constitute, imply or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstances of fact, which could constitute a basis for any claim, liability or defense, other than for the purpose of enforcing the terms and provisions of this Stipulation.

20. This Stipulation shall be binding upon the parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed chapter 11 or chapter 7 trustee or other estate fiduciary.

21. This Stipulation is subject to and shall become effective on that date of entry on the docket of the Bankruptcy Court's Order approving this Stipulation (the "Effective Date").

IN WITNESS WHEREOF, the parties, by their authorized counsel, have set their hands

in agreement as of the dates written below

Dated: Wilmington, Delaware
January 30, 2008

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _Califano w/p MEA 4477_<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020 | Simplexity, LLC , as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |
| T-Mobile, USA, Inc.<br><br>By: _____<br>Francis A. Monaco, Jr. (#2078)<br>Kevin J. Mangan (#3810)<br>Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Ave., Suite 1501<br>Wilmington, DE 19801 | |