**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666 (KG) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |
|  | : Re: Docket No. 296 |
|  | : |

### ORDER APPROVING (A) THE ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATED CONTRACTS; AND (B) PROCEDURES FOR FUTURE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS

This matter coming before the Court on motion (the "Motion") of the Debtors seeking (a) the assumption and assignment of certain unexpired leases and executory contracts ("Additional Designated Contracts"); and (b) approval of procedures for future assumption and assignment of certain contracts to be held by the Debtors ("Held Contracts") pursuant to the December 13, 2007 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief (the "Sale Order")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors are InPhonic, Inc., CAIS Acquisition LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

ORDERED, that the Motion is granted in its entirety subject to the provisions set forth below; and it is further

ORDERED, that the Additional Designated Contracts are hereby assumed by the Debtors and assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity") as contemplated by the Motion and Sale Order; and it is further

ORDERED, that with respect to Discover and the Discover Contract:

(i)    Discover is authorized to immediately setoff (the "Setoff") amounts owed to Discover by the Debtors under the Discover Contract against amounts Discover is withholding;

(ii)    In order to provide Discover with adequate assurance of future performance, Discover is authorized to retain the existing reserve of $75,000.00 and immediately create a reserve account of at least $75,000.00 (the "Discover Reserve Account") and Simplexity is directed to cooperate with Discover in the creation of the Discover Reserve Account;

(iii) to the extent additional claims arise from chargebacks, returns, terminal subscription fees, processing fees and adjustments related to pre-assignment transactions, Simplexity is liable for any such claims and Discover is permitted to offset such claims against

2

amounts that would otherwise be paid by Discover to Simplexity in accordance with the Discover Contract;

(iv) Discover retains all of its rights under the Discover Contract including but not limited to its right to setoff and its right to increase the reserve amount; and it is further

**ORDERED,** that the Additional Designated Contracts are deemed "Designated Contracts" for all purposes under the Agreement and Sale Order; and it is further

**ORDERED**, that the procedures proposed in the Motion for future assumption and assignment of the Held Contracts are deemed sufficient and proper as amended by this Order; and it is further

**ORDERED**, that following any written Assumption Notice (as defined in the Motion) from Simplexity, the Debtors shall file with the Bankruptcy Court a proposed order (the "Assumption Order") (i) authorizing the assumption and assignment of the Held Contract for which the Debtors received the Assumption Notice and (ii) deeming that those Held Contracts listed on the Assumption Notice are to be "Designated Contracts" for all purposes under the Agreement and Sale Order; and it is further

**ORDERED**, that the Debtors shall serve notice of filing of the Assumption Order (i) by regular mail upon all parties to the contracts which are to be assumed; and (ii) by fax, e-mail or overnight delivery upon counsel to such parties for whom counsel has appeared ("Counsel of Record"). Any objection to the assumption and assignment of the Held Contract must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, within ten (10) business days of the party's receipt of notice of filing of the Assumption Order (the "Objection Deadline"), and (d)

3

be served so as to be received no later than 4:00 p.m. (Prevailing Easter Time) on the same day, upon (i) InPhonic, Inc., 1010 Wisconsin Ave. NW, Suite 600, Washington, D.C. 20007, Attn: Walter Leach, (ii) Debtors' counsel, DLA Piper US LLP, 1251 Avenue of the Americas, New York, New York, 10020, Attn: Thomas R. Califano and The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, De 19899, Attn: Neil B. Glassman; (iii) investment bankers for the Debtors, Goldsmith-Algio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036, Attn: Andrew Torgrove; (iv) Simplexity, C/o Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry, with a copy to Kirkland and Ellis LLP, 2000 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and David Agay; and (v) counsel to the Committee, Kurt F. Gwynne, Reed Smith LLP, 1201 Market Street, Wilmington, DE 19801; provided, however, that as to any party to a Held Contract which is sought to be assumed and assigned who has already filed a cure objection in response to the Sale Motion, Cure Notice or otherwise (a "Prior Cure Objection"), no additional objection to the Assumption Order need be filed prior to the Objection Deadline in order for the Debtors to schedule a hearing on the objection. For purposes of the preceding sentence, Quixtar Inc. and Quixtar Canada Corporation shall be deemed to have filed a Prior Cure Objection and nothing in the Motion or this Order shall prejudice or impair the objections by Quixtar Inc. and Quixtar Canada Corporation to the cure amounts, or the Debtors' responses and defenses with respect thereto. The Notice shall state that if no objections are received by the Objection Deadline, the Assumption Order may be entered; and it is further

**ORDERED,** that if a written objection is timely filed, the Debtors will schedule a hearing on the objection (including any Prior Cure Objection filed by a party to a Held Contract which is sought to be assumed and assigned) on the next available omnibus hearing date that is

4

{00732340;v1}

more than 25 days from the date of the filing of the applicable Assumption Order and the notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Assumption Order by default; and it is further

**ORDERED**, that the right of any party to a Held Contract that has filed a Prior Cure Objection to (i) amend such Prior Cure Objection; or (ii) assert any other and further grounds for objection to such assumption of such Held Contract prior to the Objection Deadline is reserved; and it is further

**ORDERED**, that if no objection to the Assumption Order is received by the Objection Deadline, or if there has been no Prior Cure Objection filed with respect to any contract sought to be assumed and assigned pursuant to the Assumption Order, the Debtors may file a certificate of no objection with the Bankruptcy Court and seek approval of the Assumption Order without further notice to any party; and it is further

**ORDERED**, that upon the assumption and assignment of the Additional Designated Contracts or any of the Held Contracts pursuant to an Assumption Order, there shall be no further claims against the Debtors or their estates on account of such contracts; provided, however, that parties shall retain all rights relating to any timely-filed objection or Prior Cure Objection until such objection is resolved; and it is further

**ORDERED**, that the relief authorized herein shall be effective immediately upon entry of the Order; and it is further

{00732340;v1}

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any

dispute arising from or related to the relief authorized herein or the Order.

Dated: January _30_, 2008
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HONORABLE KEVIN GROSS
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE


APPROVED AS TO FORM AND CONTENT:

　/s/ Thomas R. Califano　　　　　　　　　　　　　/s/ David Agay
Thomas R. Califano　　　　　　　　　　　　　Anup Sathy
Vincent J. Roldan　　　　　　　　　　　　　David Agay
DLA Piper US LLP　　　　　　　　　　　　　Kirkland and Ellis LLP
1251 Avenue of the Americas　　　　　　　2000 East Randolph Drive
New York, New York 10020　　　　　　　　Chicago, IL 60601
Telephone: (212) 335-4500　　　　　　　　Telephone:　(312) 861-2000
Facsimile:　(202) 335-4501　　　　　　　　Facsimile:　(312) 861-2200

　　　　　-and-　　　　　　　　　　　　　　Attorneys for Simplexity

Bayard, P.A.　　　　　　　　　　　　　　　/s/ Catherine Guastello
Neil B. Glassman　　　　　　　　　　　　　Brian Sirower
Mary E. Augustine　　　　　　　　　　　　Catherine Guastello
222 Delaware Avenue　　　　　　　　　　　Quarles & Brady LLP
Suite 900　　　　　　　　　　　　　　　　One Renaissance Square
P.O. Box 25130　　　　　　　　　　　　　Two North Central Ave.
Wilmington, DE 19899　　　　　　　　　　Phoenix, AZ 85014
Telephone: (302) 655-5000　　　　　　　　Telephone:　(602) 229-5200
Facsimile:　(302) 335-4501　　　　　　　　Facsimile:　(602) 229-5690

Attorneys for the Debtors and Debtors　　　Attorneys for DFS Services LLC
in Possession