**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INPHONIC, INC., et al.,[1] | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Re: Docket No. 307 |

## AMENDED ORDER (I) ESTABLISHING MARCH 21, 2008 AS THE GENERAL BAR DATE FOR FILING GENERAL CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING A BAR DATE RELATING TO REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) ESTABLISHING MAY 6, 2008 AS THE BAR DATE FOR GOVERNMENTAL UNITS, AND (IV) APPROVING SCOPE AND MANNER OF NOTICE OF BAR DATES

This matter coming before the Court on the Motion of the Debtors for an Order (I) Establishing February 28, 2008 at 4:00 p.m. as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

---

[1] The Debtors and the last four digits of each Debtor's federal tax identification numbers are: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) SN Liquidation, Inc. f/k/a Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

{00732359;v1}

core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that the General Bar Date is established as 4:00 p.m., Prevailing Eastern Time, on **March 21, 2008**, as the last date and time by which any entity that wishes to assert a General Claim against any of the Debtors must file a Proof of Claim Form, conforming substantially to Official Form 10, on account of such General Claim, in accordance with the terms of the Motion and the Bar Date Notice, as revised by this Order; and it is further

**ORDERED**, that the Rejection Bar Date for any person or entity that holds a Rejection Claim shall be thirty (30) days after the date of the order authorizing such rejection or such other date as ordered by the Bankruptcy Court and the Rejection Bar Date shall be the last date by which any holder of a Rejection Claim against any of the Debtors may file a Proof of Claim Form on account of such Rejection Claim; and it is further

**ORDERED**, that the Governmental Bar Date for any governmental units, as defined in Bankruptcy Code section 101(27), shall be May 6, 2008 and the Governmental Bar Date shall be the last date by which governmental units that wish to assert a General Claim against any of the Debtors must file a Proof of Claim Form; and it is further

**ORDERED**, that any Entity that fails to file a proof of claim on account of a General Claim by the applicable Bar Date described in this Notice shall be forever barred, estopped and

2

{00732359;v1}

enjoined from (a) asserting any General Claim against the Debtors that is not identified in the Schedules on behalf of such entity as liquidated, undisputed and non-contingent; or (b) asserting any General Claim against the Debtors that is identified in the Schedules on behalf of such entity as unliquidated, disputed or contingent; or (c) asserting any General Claim against the Debtors that is of a different amount, nature or classification than any General Claim identified in the Schedules on behalf of such entity (the type of claims described in (a), (b) and (c) of this paragraph is hereinafter referred to as an "Unscheduled Claim"); or (d) voting upon, or receiving distributions under, any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, notwithstanding that such entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the applicable Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts; and it is further

**ORDERED**, that for purposes of the mailing of the Bar Date Notices and publication of the Publication Bar Date Notice, the Debtors shall be entitled to refer to the Debtors as SN Liquidation, Inc. f/k/a InPhonic, Inc.; and it is further

**ORDERED**, that the Debtors shall have the Bar Date Notices, together with a Proof of Claim Form substantially in the form attached to the Motion as Exhibit B, to the extent amended by this Order, mailed by first-class United States mail, postage prepaid (or other similar or better means) to those entities believed to have or potentially have a claim against the Debtors no later than five (5) business days after entry of this Order, and that such program for providing direct mailed notice of the Bar Dates shall constitute, and is hereby approved as, good and sufficient notice to known claimants that hold or may hold General Claims against the Debtors; and it is further

3

{00732359;v1}

**ORDERED**, that the Debtors shall cause the Bar Date Publication Notice to be published in the manner set forth in the Motion no later than **February 21, 2008** and that such publication notice shall constitute, and is hereby approved as, good and sufficient notice of the General Bar Date to unknown claimants that hold or may hold General Claims against the Debtors; and it is further

**ORDERED**, that the form of the Bar Date Notice, substantially in the form attached hereto as Exhibit A, is approved in all respects; and it is further

**ORDERED**, that the Proof of Claim Form, substantially in the form attached to the Motion as Exhibit B, is approved in all respects; and it is further

**ORDERED**, that creditors shall file all claims against any of the Debtors in the claims register for the lead case, SN Liquidation, Inc., et al. f/k/a InPhonic, Inc., et al., Case No. 07-11666 (KG) (the "Lead Case"), provided, however, that where creditors inadvertently file proofs of claims in a Debtors' claims register other than in the Lead Case, such failure shall not be a basis to object to such claim and the Debtors shall be entitled to transfer such claim to the Lead Case; and it is further

**ORDERED**, that this Order shall apply to all General Claims that may be asserted against the Debtors.

Dated: January 30, 2008
Wilmington, Delaware

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4

{00732359;v1}