## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC. | : | Case No. 07-11666 (KG) |
| F/K/A INPHONIC, INC., et al.,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

### NOTICE OF BAR DATE FOR FILING
### PROOFS OF CLAIMS AGAINST DEBTORS

**TO ALL KNOWN AND POTENTIAL CREDITORS OF SN LIQUIDATION, INC. ET AL. F/K/A INPHONIC, INC., ET. AL., THE ABOVE REFERENCED DEBTORS AND DEBTORS IN POSSESSION (the "Debtors"):**

On January 30, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") in the above-captioned chapter 11 cases setting **March 21, 2008 AT 4:00 P.M., PREVAILING EASTERN TIME** (the "General Bar Date"), as the last date and time by which all Entities (as defined below), excluding Governmental Units (as defined below), that wish to assert against the Debtors any General Claims (as defined below) that arose before November 8, 2007 must file proofs of claim with The BMC Group, Inc. ("BMC"), the claims agent in these cases. Please note that the terms "Entity," "General Claim" and "Governmental Unit" are defined below.

The General Bar Date applies to all claims that arose before November 8, 2007 against the Debtors except those claims for rejection of an executory contract ("Rejection Claims")

---

[1] The Debtors and the last four digits of each Debtor's federal tax identification numbers are: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) SN Liquidation, Inc. f/k/a Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00732641;v1}

which are subject to the Rejection Bar Date and General Claims of Governmental Units (as defined below).

## KEY DEFINITIONS

As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right or equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units and the United States Trustee.

As used in this Notice, the term "General Claim" means any Claim, including the Claims of Governmental Units, against the Debtors that arose before November 8, 2007.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states and provinces; and departments, agencies and instrumentalities of the foregoing (but not including the United States Trustee while serving as a trustee under the Bankruptcy Code).

2

## PROCEDURE FOR FILING PROOFS OF CLAIM

A signed original of a completed proof of claim, together with any accompanying or supporting documentation, must be delivered to the Debtors' claims agent at one of the following addresses: (i) if by first-class mail, InPhonic, Inc., et al. c/o BMC Group, P.O. Box 978, El Segundo, CA 90245-0978; or (ii) if by courier service or hand-delivery, InPhonic Inc., et al. c/o BMC Group, 1330 East Franklin Avenue, El Segundo, CA 90245, so as to be received no later than 4:00 p.m., Prevailing Eastern Time on March 21, 2008 or by the Rejection Bar Date or Governmental Bar Date, if applicable. You may use Official Bankruptcy Form No. 10 to file General Claims, a copy of which is enclosed herewith.

Creditors must file all claims against any of the Debtors in the claims register for the lead case, SN Liquidation, Inc., et al. f/k/a InPhonic, Inc., et al., Case No. 07-11666 (KG) (the "Lead Case"), provided, however, that where creditors inadvertently file proofs of claim in a Debtors' claims register other than in the Lead Case, such failure will not be a basis to object to such claim and the Debtors will be entitled to transfer such claim to the Lead Case.

All filed proofs of claim must conform substantially with the enclosed proof of claim form and/or Official Bankruptcy Form No. 10. Proofs of claim may be submitted in person or by courier service, hand-delivery or mail addressed to the Debtors' claims agent at the foregoing addresses. Proofs of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received by the Debtors' claims agent. If you wish to receive acknowledgement of receipt of your proof of claim, you must also submit, by the General Bar Date (or the Rejection Bar Date or Governmental Bar Date, whichever is applicable) and concurrently with submitting your original

3

{00732641;v1}

proof of claim, (a) a copy of your executed original proof of claim and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Federal Rules of Bankruptcy Procedure 3001(c) and 3001(d) and the relevant proof of claim, form, including an original or a copy of any written document that forms the basis of your General Claim.

Additional information regarding the filing of a proof of claim may be obtained from the BMC Group Helpline at 1-888-909-0100, or by visiting the BMC Website at www.bmcgroup.com/inphonic. Questions may also be addressed in writing, by first class mail, to the Debtors' claims agent at the following address: InPhonic Inc., et al. c/o BMC Group, 1330 East Franklin Avenue, El Segundo, CA 90245. The register of General Claims asserted against the Debtors will be available for review during normal business hours at the offices of the Debtors claims agent identified above as well as by reviewing the links for Filed Claims on the BMC Website.

## WHO MUST FILE A PROOF OF CLAIM AND THE DEADLINES TO FILE

The Bar Date Order establishes the following bar dates as the last dates for filing proofs of claim against the Debtors (collectively, the "Bar Dates"):

(a)      The General Bar Date. All Entities that wish to assert General Claims against the Debtors are required to file proofs of claim by March 21, 2008 at 4:00 p.m., Prevailing Eastern Time.

(b)      The Governmental Bar Date. All Governmental Units (as defined in section 101(27) of the Bankruptcy Code) who wish to file General Claims are required to file proofs of claim by May 6, 2008 at 4:00 p.m., Prevailing Eastern Time.

(c)     The Rejection Bar Date.     Any Rejection Claim for rejection of an executory contract must be filed thirty (30) days after the date of the order authorizing such rejection or such other date as ordered by the Bankruptcy Court.

If it is unclear from the Debtors' respective Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Schedules") whether your General Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date.  Any Entity that relies on the information in the Schedules bears responsibility for determining that its General Claim is listed accurately therein.

## PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE

The following Entities need not file proofs of claim on account of General Claims by the General Bar Date:

a.     any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the District of Delaware, a proof of claim against the Debtors utilizing a claim form substantially similar to the Proof of Claim or Official Form No. 10;

b.     any person or entity (i) whose claim is listed on the Debtors' Statements of Financial Affairs or Schedules of Assets and Liabilities, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or nature of the claim for such person or entity as set forth in the Schedules;

c.     any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

d.     any person or entity whose claim has been paid in full by the Debtor;

e.     any holder of a claim for which specific deadlines have previously been fixed by this Court; and

f.     any person or entity holding a claim for an administrative expense,

5

as such term is used in sections 503(b) and 507(a) of the Bankruptcy Code;

g.      any governmental units (as defined in section 101(27) of the Bankruptcy Code) who shall have until May 6, 2008, 4:00 p.m., Prevailing Eastern Time, to file proofs of claim for any underlying General Claim.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that fails to file a proof of claim on account of a General Claim by the applicable Bar Date described in this Notice shall be forever barred, estopped and enjoined from (a) asserting any General Claim against the Debtors that is not identified in the Schedules on behalf of such entity as liquidated, undisputed and non-contingent; or (b) asserting any General Claim against the Debtors that is identified in the Schedules on behalf of such entity as unliquidated, disputed or contingent; or (c) asserting any General Claim against the Debtors that is of a different amount, nature or classification than any General Claim identified in the Schedules on behalf of such entity (the claims described in (a), (b) and (c) of this paragraph are hereinafter referred to as an "Unscheduled Claim"); or (d) voting upon, or receiving distributions under, any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim, notwithstanding that such entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the applicable Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.

{00732641;v1}

## RESERVATION OF RIGHTS

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any General Claim asserted against them. Nothing in this Notice shall preclude the Debtors from objecting to any General Claim asserted against them on any grounds.

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

Date:   January 30, 2008
       Wilmington, Delaware

**BY ORDER OF THE COURT**

**BAYARD, P.A.**

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Wilmington, DE  19899

7

{00732641;v1}