**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | :   Chapter 11 |
| | : |
| SN Liquidation, Inc., *et al.*,[1] | :   Cases No. 07-11666 (KG) |
| | : |
|       Debtors. | :   (Jointly Administered) |
| | : |

**CERTIFICATION OF COUNSEL REGARDING STIPULATION AMONG
DEBTORS, SIMPLEXITY, AND SPRINT NEXTEL CORPORATION FOR
ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS**

I, Mary E. Augustine, counsel for the above-captioned debtors and debtors in possession

(the "Debtors") hereby certify and state as follows:

1.      On November 8, 2007, the Debtors filed the Motion for an Order Pursuant to

Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the

Federal Rules of Bankruptcy Procedure (A) Authorizing the Sale of Substantially All of Its Assets,

(B) Approving an Asset Purchase Agreement (the "Agreement"), Subject to Higher and Better

Offers, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired

Leases, and (D) Granting Related Relief; (the "Sale Motion"). The Sale Motion sought entry of an

order approving the Agreement between the Debtors and Adeptio INPC Funding, LLC ("Adeptio" or

"Buyer").

2.      On November 29, 2007, the Debtors filed with the Bankruptcy Court that certain

Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and

Executory Contracts and Sale Hearing (the "Cure Notice"). The Cure Notice sets forth the list of

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows:
(a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited
liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed.
Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number,
Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited
liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax
Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

{00731616;v1}

contracts that the Debtors may seek to assume, assign and sell and the corresponding Cure Costs.

3.     On December 3, 2007, Sprint Nextel Corporation ("Sprint") filed the Limited Objection of Sprint Nextel Corporation to the Debtors' Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sprint Objection").

4.     On December 13, 2007, the Bankruptcy Court entered an order approving the Sale Motion and Agreement (the "Sale Order"). Pursuant to the Sale Order and Agreement, the Debtors may assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts ("Cure Costs") required under section 365(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code").

5.     On or around December 21, 2007, the Buyer assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), its rights to receive the assets from the Debtors under the Agreement.

6.     The Debtors, Simplexity and Sprint entered into a stipulation to resolve the Sprint Objection and to govern the assumption, assignment and cure of certain of Sprint's agreements with the Debtors (the "Stipulation"). A copy of the Stipulation is attached hereto as Exhibit A.

7.     Attached hereto as Exhibit B is a proposed form of order (the "Order") approving the Stipulation. The Official Committee of Unsecured Creditors and the Office of the United States Trustee consent to approval of the Stipulation.

2

{00731616;v1}

**WHEREFORE**, the Debtors respectfully request the entry of the Order approving the

Stipulation at the Court's earliest convenience.

Dated: Wilmington, Delaware
      January 31, 2008

**BAYARD, P.A.**

By:_____
    Neil B. Glassman (No. 2087)
    Mary E. Augustine (No. 4477)
    222 Delaware Avenue, Suite 900
    P.O. Box 25130
    Wilmington, DE  19899
    Telephone:    (302) 655-5000

-and-

**DLA PIPER US LLP**

Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone:    (212) 335-4569

Counsel for Debtors
and Debtors in Possession

3