**<u>Exhibit A</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666-KG |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

**STIPULATION AMONG DEBTORS, SIMPLEXITY, AND
SPRINT NEXTEL CORPORATION FOR ASSUMPTION,
ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS**

InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned subsidiaries, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Simplexity, LLC ("Simplexity"), as assignee of Adeptio INPC Holdings, LLC ("Adeptio"), Adeptio, and Sprint Nextel Corporation and its affiliates ("Sprint" and together with the Debtors, Simplexity and Adeptio, the "Parties") hereby enter into this stipulation ("Stipulation"), dated January 29, 2008. The Parties hereby make the following statements and agreements:

WHEREAS, on November 8, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors remain in possession of their assets and continue to manage their business as debtors in possession pursuant to Bankruptcy Code § § 1107 and 1108; and

WHEREAS, on the Petition Date, the Debtors filed that certain Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better

---

[1] The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"), pursuant to which the Debtors sought authority to sell substantially all their assets to Adeptio or such other higher or better bidder; and

WHEREAS, by that certain Order dated December 13, 2007 (Docket No. 250) the Court granted the Sale Motion (the "Sale Order"), and authorized the Debtors' entry into that certain Asset Purchase Agreement with Adeptio (the "APA"); and

WHEREAS, InPhonic and Sprint entered into that certain Online Authorized Representative Agreement dated as of May 11, 2007 (as amended, supplemented, and modified from time to time, the "OAR Agreement"), relating to the Debtors' sale of Sprint's telecommunications products and services via electronic commerce and direct response marketing through websites on the internet; and

WHEREAS, as of the Effective Date (defined below), Sprint owes InPhonic $1,001,592.32 under the OAR Agreement for overpayments and valid returns of cell phone and other equipment through October 31, 2007 (the "Overpaid Equipment Balance"), which Overpaid Equipment Balance includes $492,000.00 on account of resolved April 2007 disputed amounts applied on the October 2007 commission statement; and

WHEREAS, as of the Effective Date (defined below), Sprint owes InPhonic $77,092.63 (the "Unpaid Commission Balance") under the OAR Agreement on account of commissions for performance activities reconciled to include undisputed and allowed offsets and recoupment under the OAR Agreement through October 31, 2007; and

2

WHEREAS, as of the Effective Date (defined below), InPhonic has asserted that Sprint owes InPhonic $126,353.51 in the aggregate consisting of certain credits and open invoices submitted to Sprint (the "Open Amount"); and

WHEREAS, Sprint currently holds a $500,000.00 deposit given by InPhonic under the OAR Agreement (the "Deposit"); and

WHEREAS, as of the Effective Date (defined below): (a) the Debtors have asserted $6,711,625.00 in certain open disputed amounts under the OAR Agreement through October 31, 2007; and (b) Sprint has asserted $1,871,688.00 in overpayments to the Debtors through October 31, 2007, which such disputed amounts and alleged overpayments arise from the Debtors' and Sprint's reconciliation of commission payments (collectively, the "Disputed Amounts"); and

WHEREAS, the Parties have agreed to fully and finally settle the Disputed Amounts, and any other disputed amounts and alleged overpayments arising under the OAR Agreement prior to October 31, 2007, by Sprint making a lump sum payment to Simplexity of $1,000,000.00 (the "Settlement Amount"); and

WHEREAS, for the period commencing on and after November 1, 2007, InPhonic is owed commissions for performance activities and other obligations under the OAR Agreement (the "Post-November 1 InPhonic Receivable"), which Post-November 1 InPhonic Receivable includes $685,935.00 on account resolved May 2007 and June 2007 disputed amounts, and Sprint is owed amounts for cell phone and other equipment purchases and other obligations (the "Post-November 1 Sprint Receivable"), which such Post-November 1 InPhonic Receivable and Post-November 1 Sprint Receivable are subject to reduction, adjustment, setoff, recoupment, Chargeback, and other rights, claims, and actions pursuant to the terms of the OAR Agreement; and

K&E 42088-11:12308561.12

WHEREAS, the Parties acknowledge that potential disputes under the OAR Agreement may arise in connection with (a) the Post-November 1 InPhonic Receivable; and (b) Chargebacks (as defined in the OAR Agreement) relating to ordinary course deactivations of Sprint Services (as defined in the OAR Agreement) that occur within 180 days of service activation and were reported on a commission statement and paid by Sprint, even if those activations occurred prior to November 1, 2007, which Chargebacks may be reconciled and disputed in accordance with the terms of the OAR Agreement (collectively, "Post-November 1 Disputes"); and

WHEREAS, the Sale Order contained certain terms preserving Sprint's, the Debtors', and Adeptio's rights and remedies under the OAR Agreement pending the Debtors' assumption or rejection of the OAR Agreement pursuant to the terms of the Sale Order and the APA; and

WHEREAS, pursuant to the Sale Order and APA, Simplexity, as assignee of Adeptio, purchased, *inter alia*, the Post-November 1 InPhonic Receivable and Post-November 1 Disputes; and

WHEREAS, as reflected by this Stipulation, the Parties have reached an agreement, subject to the approval of the Bankruptcy Court, providing for assumption and assignment of the OAR Agreement.

NOW, IT IS THEREFORE STIPULATED AND AGREED, by the Parties as follows:

1.      Upon the Effective Date (as defined below), the OAR Agreement shall be deemed assumed and assigned to Simplexity pursuant to Bankruptcy Code § 365.  Sprint agrees that the Debtor shall be permitted to assign the OAR Agreement to Simplexity as assignee of Adeptio.

2.      As of the Effective Date, the Debtors, Adeptio, and Simplexity shall be deemed to have provided adequate assurance of future performance and to have satisfied all obligations

4

relating thereto under Bankruptcy Code § 365. As of the Effective Date, the Debtors, Adeptio, and Simplexity shall be deemed to have satisfied any cure obligations under Bankruptcy Code § 365.

    3.    On the Effective Date, in full and final settlement and satisfaction of the Overpaid Equipment Balance, Unpaid Commission Balance, the Deposit, and the Settlement Amount, Sprint shall make a lump sum payment to Simplexity of $2,578,684.95 the ("Final Payment Amount"), which Final Payment Amount consists of the Overpaid Equipment Balance, the Unpaid Commission Balance, the Deposit, and the Settlement Amount.

    4.    In full and final settlement and satisfaction of the Open Amount, Sprint shall pay Simplexity $126,353.51 within ten (10) business days of the Effective Date; provided, however, Sprint's payment of the Open Amount is subject to Sprint's right to dispute portions of the Open Amount and reduce payment accordingly; provided, further, that Sprint, with Simplexity's consent (such consent not to be unreasonably withheld), may extend of the foregoing 10-day deadline solely to the extent necessary to resolve any disputes regarding the Open Amount; and

    5.    Other than with respect to Post-November 1 Disputes and Chargebacks (as defined in the OAR Agreement) for post-November 1 deactivations: (a) the terms of this Stipulation shall govern the Parties' rights and remedies with respect to the Disputed Amounts, the Settlement Amount, the Deposit, the Open Amount, the Overpaid Equipment Balance, the Unpaid Commission Balance, and the Final Payment Amount; (b) payment of the Final Payment Amount shall be deemed a full and final accord and satisfaction among the Parties as to the Disputed Amounts, the Deposit, the Overpaid Equipment Balance, the Unpaid Commission Balance, and the Settlement Amount; and (c) the Parties, individually and collectively, on behalf of themselves, their respective officers, directors (in their individual and representative

K&E 42008-11:12308561.12

capacities), and their subsidiaries, predecessors, affiliates, parent corporations, if any, joint ventures, successors and assigns, administrators and trustees (including without limitation any subsequently appointed chapter 7 or chapter 11 trustees, plan administrator, responsible officer, receiver, litigation or liquidating trusts, litigation officer and any other estate fiduciary in this or any other proceeding or matter), hereby waive and release any and all rights, claims, causes of action, defenses, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable (collectively, "Claims"), including without limitation, any Claims under chapter 5 of the Bankruptcy Code or any similar or dissimilar state laws (collectively, "Avoidance Actions"), which any Party now has or ever had or hereafter may have against any other Party in connection with, or relating to, the Disputed Amounts, the Settlement Amount, the Overpaid Equipment Balance, the Unpaid Commission Balance, and the Final Payment Amount.  For the avoidance of doubt, and notwithstanding anything contained in this Paragraph 5, the Debtors are released from any Claims on account Post-November 1 Disputes, the Post-November 1 InPhonic Receivable, the Post-November 1 Sprint Receivable, and Chargebacks.  The Debtors further release Sprint from any Avoidance Actions irrespective of whether such Avoidance Actions relate to the Disputed Amounts, the Settlement Amount, the Overpaid Equipment Balance, the Unpaid Commission Balance, and the Final Payment Amount. For the avoidance of doubt, the release of Avoidance Actions under this Stipulation does not release Sprint from any Claims by the Debtors on account of any stock or other equity interests in the Debtors or any payments to Sprint on account of any equity interests received within two years of the filing of Debtors' the bankruptcy petitions.

6

6.    For the avoidance of doubt, nothing contained herein is, or shall be deemed as, a release or waiver by the Parties, individually or collectively, with respect to the Parties rights relating to Post-November 1 Disputes, the Post-November 1 InPhonic Receivable, or the Post-November 1 Sprint Receivable pursuant to the terms and conditions of the OAR Agreement; provided, however, it is understood and agreed that nothing in this Paragraph 6 (including the reservations contained herein) in any way alters, modifies, or otherwise impacts the release of the Debtors from any Claims on account of the Post-November 1 Disputes, the Post-November 1 InPhonic Receivable, the Post-November 1 Sprint Receivable, or Chargebacks. All Claims, rights, and actions with respect to Post-November 1 Disputes, the Post-November 1 InPhonic Receivable, and the Post-November 1 Sprint Receivable are reserved. Post-November 1 Disputes and Chargebacks (as defined in the OAR Agreement) for post-November 1 deactivations, shall be reconciled and resolved in accordance with the OAR Agreement.

7.    Other than as explicitly set forth herein: (a) nothing in this Stipulation shall alter the terms of the OAR Agreement; and (b) upon assumption and assignment of the OAR Agreement to Simplexity, the terms and conditions of the OAR Agreement shall govern all Claims, amounts, transactions, and other matters arising under the OAR Agreement, including, for the avoidance of doubt, all equipment purchases and returns, commissions, deactivations, and customer deposits arising on or after November 1, 2007. Nothing contained herein shall impact, impair, abridge, alter, or modify the validity, extent or priority of any offset, setoff, and recoupment rights, and the purchase money security interest granted under the OAR Agreement. Subject to the terms and conditions of the OAR Agreement, Sprint is authorized by Simplexity to file UCC Financing Statements and amendments thereto with the Secretary of State or other

7

appropriate offices, and to give notifications to third parties of Sprint's security interest to perfect and maintain the continuous enforceability, perfection and priority of Sprint's security interest..

8.      Other than as explicitly set forth herein, Simplexity shall observe and perform all of the duties, obligations, terms, provisions and covenants, and pay and discharge all of the liabilities of the Debtors to be observed, performed, paid or discharged under the OAR Agreement.

9.      Upon the Effective Date, the Debtors shall be relieved of all claims, duties, obligations, terms, provisions, covenants, and liabilities to be observed, performed, paid or discharged under the OAR Agreement.

10.      Subject to the terms of the OAR Agreement, Simplexity is authorized and entitled to return to Sprint for full credit any cell phone and other equipment purchased prior to, on, or after the Effective Date (as defined below).

11.      Other than with respect to matters set forth in this Stipulation, Sprint reserves all of its rights and remedies against the Debtors, their estates, and all other parties, including without limitation, its right to seek any other relief it deems appropriate in these cases.

12.      Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

13.      Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

8

KAE 42088-11:12308561.12

14.    The Debtors represent that all parties in interest required to be given notice of this Stipulation by the Bankruptcy Code have been given notice and no other or further notice is necessary or required.

15.    This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding and agreements between them concerning its subject. There are no other oral or written representations, agreements, or understandings between the Parties relating to its subject. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided. Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

16.    The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation. The Bankruptcy Court shall not have jurisdiction over disputes which may arise under the OAR Agreement, between Simplexity and Sprint after the Effective Date.

17.    This Stipulation shall be interpreted in accordance with the laws of the Commonwealth of Virginia.

18.    This Stipulation may be executed by facsimile signature in separate counterparts and shall become effective when such separate counterparts have been exchanged among the Parties.

19.    The execution of this Stipulation by any Party does not constitute, imply or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstances of fact, which could constitute a basis for any claim, liability or defense, other than for the purpose of enforcing the terms and provisions of this Stipulation.

9

20.     This Stipulation shall be binding upon the parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed chapter 11 or chapter 7 trustee or other estate fiduciary.

21.     This Stipulation is subject to and shall become effective on that date of entry on the docket of the Bankruptcy Court's Order approving this Stipulation (the "Effective Date")

K&E 42088-11;12308561.12

IN WITNESS WHEREOF, the parties, by their authorized counsel, have set their hands

in agreement as of the dates written below

Dated: Wilmington, Delaware
       January 29, 2008

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>     Thomas R. Califano<br>     DLA Piper US LLP<br>     1251 Avenue of the Americas<br>     New York, New York 10020 | Simplexity, LLC , as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>     Anup Sathy, P.C.<br>     David A. Agay<br>     Kirkland & Ellis, LLP<br>     200 East Randolph<br>     Chicago, Illinois 60601 |
| Sprint Nextel Corporation<br><br>By: _____<br>     David I. Swan<br>     James E. Van Horn<br>     McGuireWoods LLP<br>     1750 Tysons Boulevard, Suite 1800<br>     McLean, VA 22102 | Adeptio INPC Holdings, LLC<br><br>By: _____<br>     Anup Sathy, P.C.<br>     David A. Agay<br>     Kirkland & Ellis, LLP<br>     200 East Randolph<br>     Chicago, Illinois 60601 |

\5011608.4

11