IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>Jointly Administered<br><br>Objection Deadline: February 26, 2008 at 4:00 p.m.<br>Hearing Date: Only if Objections are Filed |

**SECOND MONTHLY FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007**

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 7, 2008, *nunc pro tunc* to November 16, 2007 |
| Period for which compensation and reimbursement is sought: | December 1, 2007 through December 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $146,992.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $21,481.49 |
| This is a: | Monthly Fee Application |

The total time expended for preparation of this application is approximately 10 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

Summary of Monthly Fee Applications Filed:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| January 14, 2008 | November 16, 2007 - November 30, 2007 | $203,247.00 | $305.43[1] | Pending | Pending |

---

[1] Reed Smith LLP voluntarily reduces the total requested expenses in its November 2007 monthly fee application (D.I. 303) from $322.63 to $305.43. In-house copies were inadvertently billed at a rate of $0.15 per copy rather than $0.10 per copy.

# REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Claudia Z. Springer | Partner. Joined firm as partner in 2002. Member of PA bar since 1981. Member of DC bar since 1980. | $585.00 | 49.70 | $29,074.50 |
| Robert P. Simons | Joined firm as partner in 2001. Member of WV bar since 1982. Member of PA bar since 1986. | $530.00 | 87.20 | $46,216.00 |
| Kurt F. Gwynne | Partner. Joined firm as partner in 2001. Member DE bar since 2000. Member PA and NJ bars since 1992. | $530.00 | 60.90 | $32,277.00 |
| Amy M. Tonti | Joined firm as partner in 2001. Member of PA bar since 1980. Member of NY bar since 2003. | $510.00 | 13.50 | $6,885.00 |
| Jay M. Levin | Joined firm as counsel in 2005. Member of PA bar since 1981 | $480.00 | 10.50 | $5,040.00 |
| Douglas R. Widin | Joined firm as partner in 2005. Member of PA bar since 1983. Member of NJ bar since 1985. | $480.00 | 2.60 | $1,248.00 |
| Gregory L. Taddonio | Partner. Joined firm as associate in 2001. Member of OH bar since 1996 and PA bar since 2002. | $385.00 | 0.20 | $77.00 |
| Gaston P. Loomis II | Joined firm as associate in 2005. Member of GA bar since 2001. Member of DE bar since 2006. | $330.00 | 5.80 | $1,914.00 |
| Joshua C. Lewis | Joined firm as associate in 2005. Member of PA bar since 2004. Member of NY bar since 2003. | $315.00 | 45.70 | $14,395.50 |
| Jennifer P. Knox | Joined firm as new associate in 2007. | $250.00 | 1.40 | $350.00 |
| Jeanne S. Lofgren | Joined firm as associate in 2005. Member of PA bar since 2002. | $315.00 | 9.20 | $2,898.00 |
| John B. Lord | Joined firm as paralegal in 2000. Paralegal for fifteen years. | $220.00 | 26.00 | $5,720.00 |
| Lisa A. Lankford | Joined firm in 2000. Practice Group Specialist since 2003. | $115.00 | 7.80 | $897.00 |
| Grand Total: | | | 320.50 | $146,992.00 |
| Blended Rate: | | | | $458.63 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $489.62 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Case Administration – 60002 | 12.80 | $3,432.00 |
| Creditor Meetings/Committees - 60005 | 30.90 | $14,821.00 |
| Non-Working Travel – 60006 | 1.80 | $1,053.00 |
| Preparation of Fee Statement/Application – 60007 | 5.60 | $1,232.00 |
| Insurance – 60012 | 12.20 | $5,799.50 |
| Miscellaneous Motions -60013 | 28.70 | $15,005.00 |
| Retention of Professionals – 60015 | 19.70 | $6,528.50 |
| Asset Disposition – 60016 | 53.20 | $20,363.00 |
| Secured Claims – 60017 | 71.10 | $37,937.50 |
| Plan Review and Litigation -60021 | 2.70 | $850.50 |
| D&O Claims – 60026 | 13.40 | $6,981.50 |
| Investigation re: Lenders – 60027 | 29.20 | $12,373.00 |
| Attendance at Hearings - 60029 | 39.20 | $20,615.50 |
| **TOTAL:** | 320.50 | $146,992.00 |

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Copying | IKON | $19,810.20 |
| In-House Duplicating | | $346.20 |
| Subpoena Service Costs | | $286.50 |
| Telephone - Outside | ChorusCall | $394.70 |
| Telephone Expense | | $4.65 |
| Legal Research | Westlaw/Lexis | $19.02 |
| Transcript Expense | | $553.45 |
| Courier Service - Outside | UPS/Parcels | $66.77 |
| **TOTAL** | | $21,481.49 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>Jointly Administered<br><br>**Objection Deadline: February 26, 2008 at 4:00 p.m.**<br>**Hearing Date: Only if Objections are Filed** |

**SECOND MONTHLY FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007**

Reed Smith LLP ("Reed Smith") hereby submits this Second Monthly Fee Application of Reed Smith LLP, Counsel to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation and Reimbursement of Expenses for the Period December 1, 2007 through December 31, 2007 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, Del.Bankr.LR. 2016-2, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members (the "Administrative Order"; D.I. 165) and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, Reed Smith, as counsel to the Committee in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing December 1, 2007 through December 31, 2007 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

### I.   FACTUAL BACKGROUND

1.   On November 8, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their business and manage their properties as debtors-in-possession. By order dated November 9, 2007, the Court approved the joint administration of these cases for procedural purposes only.

2. On November 16, 2007, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting").

3. At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) JBR Media Ventures, LLC; (ii) Google, Inc.; (iii) Infinite Computer Solutions, Inc.; (iv) Yahoo!, Inc.; and (v) ACN Communications Services, Inc. Upon formation, the Committee selected Reed Smith as its counsel.

4. The Committee selected Reed Smith because its attorneys have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in Reed Smith's ability to provide superior legal services during these bankruptcy cases.

5. On January 7, 2008, the Bankruptcy Court approved the Committee's retention of Reed Smith as counsel. A copy of the Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, *Nunc Pro Tunc* as of November 16, 2007, as Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (the "Retention Order"; D.I. 292) is attached as Exhibit A.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

6. Reed Smith submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the Committee as its counsel in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Committer during the Compensation Period.

6. Reed Smith billed a total of $146,992.00 in fees and disbursed $21,481.49 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

7. By this Application, Reed Smith thus seeks: (a) allowance of compensation in the amount of $146,992.00 for legal services rendered during the Compensation Period, and reimbursement in the amount of $21,481.49 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $117,593.60 (80% of the compensation requested) and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $21,481.49 (100% of the expenses incurred) at this time.

8. For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

9. In addition, Exhibit B contains computer-printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

10. Exhibit C contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $21,481.49. This sum is broken down into categories of charges, including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage and photocopying charges. Reed Smith's rate for duplication is $.10 per page. Reed Smith also uses outside duplication services for large photocopy work. Reed Smith has not charged or sought reimbursement for incoming and outgoing facsimile transmissions.

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

11. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

12. In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service

was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

13. With respect to the time and labor expended by Reed Smith in this case, as set forth in Exhibit B, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $146,992.00. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Debtor and the time expended, organized by project task categories, as follows:

A. **CASE ADMINISTRATION (60002)**

During the Compensation Period, Reed Smith reviewed all case pleadings and other materials for case development and strategy. Reed Smith conferred internally regarding case strategy and its delegation of labor for assignments. Reed Smith conferred with the Debtors and counsel for Adeptio regarding numerous case issues. Reed Smith reviewed the docket and updated the Committee's Rule 2002 service list, as well as the Committee's chart of critical case deadlines. Further, Reed Smith coordinated telephonic appearances for its attorneys and numerous Committee members for the various telephonic and in-person court hearings during the Compensation Period. Reed Smith seeks compensation for 12.80 hours of reasonable and necessary legal expenses incurred for Case Administration during the Compensation Period in the total amount of $3,432.00.

B.  **CREDITOR MEETINGS/COMMITTEES (60005)**

During the Compensation Period, Reed Smith prepared for and attended numerous Committee meetings and telephone conferences regarding case issues and strategy. Reed Smith fielded and responded to numerous telephone inquiries from the Debtors' unsecured creditors regarding the Committee's motion to dismiss. Reed Smith seeks compensation for 30.90 hours of reasonable and necessary legal expenses incurred for Creditor Meetings/Committees during the Compensation Period in the total amount of $14,821.00.

C.  **NON-WORKING TRAVEL (60006)**

During the Compensation Period, Ms. Springer traveled to and from Philadelphia to attend court hearings in these cases. All non-working travel has been reduced by 50%. Reed Smith seeks compensation for 1.80 hours of reasonable and necessary legal expenses incurred for Non-Working Travel during the Compensation Period in the total amount of $1,053.00.

D.  **PREPARATION OF FEE STATEMENT/APPLICATION (60007)**

During the Compensation Period, Reed Smith began preparation of its November monthly fee application. Reed Smith seeks compensation for 5.60 hours of reasonable and necessary legal expenses incurred for Creditor Meetings/Committees during the Compensation Period in the total amount of $1,232.00.

E.  **INSURANCE (60012)**

During the Compensation Period, Reed Smith conferred internally, reviewed case law and prepared an analysis on the Debtors' insurance situation and its implications on the proposed litigation trust. See D&O Claims – 60026 for related time entries. Reed Smith seeks compensation for 12.20 hours of reasonable and necessary legal expenses incurred for Insurance during the Compensation Period in the total amount of $5,799.50.

F.  **MISCELLANEOUS MOTIONS** (60013)

During the Compensation Period, Reed Smith prepared for the hearing on the Committee's motion to dismiss. Reed Smith's hearing preparation included, but was not limited to (i) review of case law; (ii) review of case pleadings and preparation of possible exhibits; (iii) preparation of witnesses; and (iv) preparation of the Committee's opening statement and closing argument. Reed Smith seeks compensation for 28.70 hours of reasonable and necessary legal expenses incurred for Miscellaneous Motions during the Compensation Period in the total amount of $15,005.00.

G.  **RETENTION OF PROFESSIONALS** (60015)

During the Compensation Period, Reed Smith finalized, filed and served the Committee's retention applications for Reed Smith as its counsel and Deloitte Consulting as its financial advisor. Reed Smith seeks compensation for 19.70 hours of reasonable and necessary legal expenses incurred for Retention of Professionals during the Compensation Period in the total amount of $6,528.50.

H.  **ASSET DISPOSITION** (60016)

During the Compensation Period, Reed Smith prepared, filed and served an objection to the Debtors' sale, as well as reply in support of the Committee's motion to reconsider the Debtors' bidding procedures. Reed Smith reviewed and analyzed information on potential bidders. Reed Smith also prepared, filed and served a motion to postpone the Debtor's sale hearing and extend the Committee's investigation period, as well as a motion to shorten notice for the same. Further, Reed Smith conferred with counsel for Adeptio regarding the Debtors' sale closing. Reed Smith seeks compensation for 53.20 hours of reasonable and necessary legal

expenses incurred for Asset Disposition during the Compensation Period in the total amount of $20,363.00.

### I. SECURED CLAIMS (60017)

During the Compensation Period, Reed Smith discussed and analyzed the potential claims of the Committee and negotiated a settlement of those claims and other related issues with the Debtors and Adeptio. Reed Smith seeks compensation for 71.10 hours of reasonable and necessary legal expenses incurred for Secured Claims during the Compensation Period in the total amount of $37,937.50.

### J. PLAN REVIEW AND LITIGATION (60021)

During the Compensation Period, Reed Smith conferred internally and began drafting the litigation trust agreement. See Insurance – 60012 for related time entries. Reed Smith seeks compensation for 2.70 hours of reasonable and necessary legal expenses incurred for Plan Review and Litigation during the Compensation Period in the total amount of $850.50.

### K. D&O CLAIMS (60019)

During the Compensation Period, Reed Smith continued the Committee's investigation of possible claims against the Debtors' directors and officers. See Insurance – 60012 for related time entries. Reed Smith seeks compensation for 13.40 hours of reasonable and necessary legal expenses incurred for D&O Claims during the Compensation Period in the total amount of $6,981.50.

### L. INVESTIGATION RE: LENDERS (60027)

During the Compensation Period Reed Smith reviewed discovery and continued the Committee's efforts relative to its lien investigation. Reed Smith also drafted, filed and served a motion to extend the Committee's investigation period (additional fees in matter 60016). Reed

Smith seeks compensation for 29.20 hours of reasonable and necessary legal expenses incurred for Investigation re: Lenders during the Compensation Period in the total amount of $12,373.00.

### M. ATTENDANCE AT HEARINGS (60029)

During the Compensation Period, Reed Smith prepared for and attended numerous in-person and telephonic hearings including, but not limited to the hearings on the its motion to dismiss, DIP financing issues, the Committee's motion for reconsideration and the Debtors' sale. Reed Smith seeks compensation for 39.20 hours of reasonable and necessary legal expenses incurred for Attendance at Hearings during the Compensation Period in the total amount of $20,615.50.

14      Reed Smith charged and now requests those fees that are customary and charged by most counsel in this marketplace for similar Chapter 11 cases. Billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from December 1, 2007 through December 31, 2007 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, Reed Smith stated in the Application of the Official Committee of Unsecured Creditors for Authorization to Employ Reed Smith LLP, *Nunc Pro Tunc*, as of November 16, 2007, as Counsel to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (D.I. 263) ("Retention Application") and the accompanying Unsworn Declaration of Kurt F. Gwynne in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly

compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

15.     In addition, as set forth in its Retention Application, the Committee believed that the retention of Reed Smith as its counsel would be cost-effective and efficient.

16.     Further, the Committee sought to retain Reed Smith as its counsel due to its extensive experience and knowledge in the field of debtors' and creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of Reed Smith was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that Reed Smith would provide distinct benefits to the Committee and enhance the administration of these bankruptcy cases.

17.     This Application covers the period from December 1, 2007 through December 31, 2007. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

18.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.LR.2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of Joshua C. Lewis is attached hereto as <u>Exhibit D</u>.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $146,992.00 and reimbursement of expenses in the amount of $21,481.49 for the period December 1, 2007 through December 31, 2007 and payment according to the procedures set forth in the Administrative Order.

Dated: February 6, 2008
  Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Gaston P. Loomis II
Kurt F. Gwynne (No. 3951)
Gaston P. Loomis II (No. 4812)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

and

Robert P. Simons, Esquire
Joshua C. Lewis, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

and

Claudia Z. Springer, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile: 215-851-1420

Counsel to the Official Committee of Unsecured Creditors