IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: February 19, 2008 at 4:00 p.m. |
| | : | Hearing Date: February 26, 2008 at 3:00 p.m. |

### MOTION OF WATERFRONT CENTER LIMITED PARTNERSHIP FOR ENTRY OF AN ORDER THAT DIRECTS AND COMPELS PAYMENT OF POST-PETITION RENT OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)

Waterfront Center Limited Partnership ("Waterfront"), by and through its undersigned counsel, respectfully requests that this Court enter an order that directs and compels the above-captioned debtors ("Debtors") to immediately comply with their post-petition obligations to Waterfront pursuant to 11 U.S.C. § 365(d)(3), and in support thereof, respectfully states as follows:

### Background

1. On November 8, 2007 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, Waterfront and Inphonic, Inc., one of the Debtors, entered into a lease agreement, which has subsequently been amended ("Lease"), pursuant to which the Debtors, as tenant, leased non-residential real property located at 1010 Wisconsin Avenue, N.W., Washington, D.C ("Premises"), from Waterfront, as landlord.

3. On or about January 14, 2008, the Debtors filed a *Motion to Reject its Real Property Lease of Office Space at Waterfront Center* ("Motion to Reject") [Docket No. 305]. On or about January 29, 2008, the court entered an order that approved the Motion to Reject

("Rejection Order") [Docket No.341]. Pursuant to the Rejection Order, the Lease has been rejected by the Debtors, effective as of January 14, 2008 ("Rejection Date").

4. Prior to the Rejection Date, the Debtors defaulted on their post-Petition Date obligations under the Lease. To date, the Debtors have failed to pay Waterfront its post-petition obligations due under the Lease for the months of December 2007 and January 2008, which total $95,974.00 ("Post-Petition Defaults").[1]

**Relief Requested**

5. Waterfront respectfully requests that the Court enter an order that directs and compels the Debtors to immediately pay the Post-Petition Defaults to Waterfront.

6. Section 365(d)(3) of the Bankruptcy Code states that the Debtors must "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other providers of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit. *See* 130 Cong. Rec. S8894-95 (daily ed. June 29, 1984).

7. In this case, the Debtors have done exactly what Congress intended to prevent by enacting section 365(d)(3) of the Bankruptcy Code. Waterfront was denied use and possession of the Premises during the months of December and January,[2] while the Debtors failed to pay post-petition rent. Moreover, although the Rejection Date occurred in mid-January, 2008, in this jurisdiction, when payments become due under a non-residential real property lease during the

[1] The Post-Petition Defaults are calculated as follows: $51,041.00 due under the Lease for December 2007 rent, plus $51,041.00 due under the Lease for January 2008 rent, minus $6,108.00 collected by Waterfront for it's re-lease of a small portion of the Premises for the month of January 2008.

[2] As stated above in footnote 1, the only exception was that Waterfront was able to relet a small portion of the Premises for the month of January 2008.

post-petition, pre-rejection period, the landlord is entitled to the full amount of those payments when they are due. Proration is no longer allowed in this Circuit. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001); *See also In re ZB Company, Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003) (*citing Montgomery Ward*); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 172 (Bankr. D. Del. 2002) (finding that proration of lease obligations is prohibited following *Montgomery Ward*).

8. Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. § 365(d)(3). *See In re Pudgie's Div. of New York, Inc.*, 202 B.R. 832 (Bankr. S.D.N.Y. 1996); *see also In re Wingspread Corp.*, 116 B.R. 915 (S.D.N.Y. 1990); *see also In re Brennick*, 178 B.R. 305 (Bankr. D. Mass. 1995); *see also Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993); *see also In re Rare Coin Galleries of America, Inc.*, 7 2 B.R. 415 (D. Mass 1987); *see also In re Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr. D. Del. 1985). Accordingly, the Court should enter an order that compels the Debtors to immediately pay the Post-Petition Defaults to Waterfront in order to satisfy its post-petition obligations under the Lease and section 365(d)(3) of the Bankruptcy Code.

9. Additionally, pursuant to the terms of the Lease, the Debtors are obligated to reimburse Waterfront for the reasonable attorneys' fees and costs incurred by Waterfront in connection with seeking the Debtors' compliance with the terms of the Lease. *See* Lease at §§ 27 & 40. Accordingly, Waterfront respectfully requests that the Debtors be directed to pay to Waterfront the attorneys' fees and costs it has incurred in connection with the filing and prosecution of this Motion.

WHEREFORE, Waterfront respectfully requests that the Court enter an order that compels the Debtors to immediately pay Waterfront the amount of $95,974.00, plus Waterfront's reasonable attorneys' fees and costs, and that grants Waterfront such other and further relief as this Court deems just and proper.

Dated: February 8, 2008                    CONNOLLY BOVE LODGE & HUTZ LLP

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

-and-

Stephen A. Bogorad, Esq.
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006
(202) 955-3000

Attorneys for Waterfront Center Limited Partnership

#587538v1