IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al., | Case No. 07-11666 (KG) |
| | (Jointly Administered) |
| Debtors. | |
| | Hearing date: February 26, 2008 at 3:00 p.m. EST |
| | Objection deadline: February 19, 2008 at 4:00 p.m. EST |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE REQUIRED TO BE GIVEN TO CERTAIN REBATE CREDITORS

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this Motion for Entry of an Order Limiting Notice Required to be Given to Certain Rebate Creditors (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2002-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### GENERAL BACKGROUND

3. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United

{00737143;v1}

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The BMC Group, Inc. ("BMC" or "BMC Group") was appointed as the claims agent in the Debtors' chapter 11 cases on November 9, 2007.

5. The Debtors have sold substantially all their assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer") pursuant to the Bankruptcy Court's Order (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, and Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (iv) Granting Related Relief (the "Sale Order"), dated December 13, 2007.

## THE DEBTORS' BUSINESS AND THE REBATE CLAIMS

6. InPhonic, Inc., one of the above-captioned debtors and debtors in possession ("InPhonic"), was incorporated in 1997 and began operations in 1999. InPhonic's business principally involved the marketing of wireless telephone and satellite television services and related equipment and support services. InPhonic focused in four (4) areas: (a) wireless device activation services, (b) television satellite activation services, (c) mobile virtual network enabler services, and (d) unified communication services. InPhonic sold wireless services and devices through company owned and branded websites as well as through a variety of private label websites that it developed and managed for marketing parties such as internet businesses, affinity organizations and

national retailers. In connection therewith, InPhonic had agreements with the largest wireless carriers in the United States to market their products.

7. As an incentive to its customers, InPhonic offered certain rebates when customers purchased goods and/or services from its websites. Depending upon the given purchases and InPhonic's promotional programs in effect from time to time, customers might have become entitled to specified rebates for money back if they timely submitted the proper paperwork to InPhonic after making a purchase (generally, the "Rebates"). Many of the Rebates incurred by InPhonic prior to the Petition Date remain unsatisfied, thereby resulting in general unsecured non-priority claims against InPhonic's estate.

8. Contemporaneous with the filing of this Motion, InPhonic has filed its amendment to Schedule F of its Schedules of Assets and Liabilities ("Amendment to Schedule F"), which identifies all InPhonic's creditors holding general unsecured non-priority claims against InPhonic in connection with the Rebates. As evidenced by Amendment to Schedule F, there are approximately twenty six thousand (26,000) creditors (the "Rebate Creditors") holding claims (the "Rebate Claims") against InPhonic. Most of the individual Rebate Claims range from $50.00 to $250.00 and the Rebate Claims collectively total approximately $1,682,277.30.[1] InPhonic has acknowledged that each of the Rebate Claims represent undisputed, noncontingent and liquidated claims against InPhonic's estate.[2]

---

[1] See Amended Schedule F for a comprehensive list of the Rebate Creditors and Rebate Claims.

[2] Because the Rebate creditors were not identified in the Schedule F of the Debtors' Schedules nor listed on the list of all creditors, they did not receive notice of the entry of the orders for relief or the section 341 meeting. The Debtors submit that they will not be prejudiced by the procedures set forth herein if the Court grants this Motion.

{00737143;v1}

## RELIEF REQUESTED

9. Because of the significant number of Rebate Creditors and the de minimis amount of each of the Rebate Claims, the Debtors submit that it would be unduly expensive and burdensome to serve notice to the Rebate Creditors each time the Bankruptcy Code, the Rules or the Local Rules require that all creditors receive notice. Thus, by this Motion and as set forth in more detail below, the Debtors seek entry of an order limiting the notice required to be given to the Rebate Creditors.

## BASIS FOR REQUESTED RELIEF

10. As set forth above, the significant number of Rebate Creditors, and the amount of their respective claims, makes it unduly expensive and burdensome for the Debtors to serve notice upon all the Rebate Creditors in each of those instances in which the Bankruptcy Code, the Bankruptcy Rules or the Local Rules dictate that each creditors receive notice. In fact, the resultant copy and postage costs that the Debtors would incur in connection with each and every notice to the Rebate Creditors would cost thousands of dollars. The Debtors do not believe that these expenses can be justified given the de minimis amount of each of the Rebate Claims (i.e., $50.00 - $250.00), which renders it extremely unlikely that the Rebate Creditors would participate in these cases.

11. As such, the Debtors believe that it would be in the best interests of their estates and their creditors to provide a single notice to all the Rebate Creditors as opposed to providing them with repeated notices throughout these cases. Attached hereto as Exhibit A is a proposed notice (the "Notice") in the form of a postcard that the Debtors propose sending to each of the Rebate Claimants within five (5) business days following the date this Court enters any order approving this Motion. The Notice provides the Rebate Creditors with, among other things, the following:

    a.    basic information about the Debtors' bankruptcy filings and the case number under which the Debtors' cases are being jointly administered;

    b.    a statement advising each Rebate Creditor to review the schedule of Rebate Claims on the Debtors' bankruptcy website and a statement that the Rebate Creditors need not file proofs of claim if that amount is accurate and advising the Rebate Creditors of their rights if it is inaccurate;

    c.    advising the Rebate Creditors that they will receive no further notices from the Debtors; and

    d.    information for Rebate Creditors about how to protect their rights and participate in these bankruptcy cases by: visiting this Court's website; visiting the website for the Debtors' claims and noticing agent, BMC Group, Inc., www.bmcgroup.com/inphonic; or by contacting BMC Group, Inc. by phone at 1-888-909-0100.

12.     The Notice should be deemed adequate and sufficient because it informs the Rebate Creditors that they hold allowed claims against InPhonic's estate and provides them with an opportunity to monitor and/or participate in the Debtors' cases if they so choose. Moreover, the Debtors agree not to challenge the validity of any of the Rebate Claims in the future and request that any order granting this Motion provide that the Committee, any parties in interest or any trustee appointed in these cases be foreclosed from contesting the validity of the individual Rebate Claims. Although the Rebate Creditors might not receive further notices from the Debtors in these cases, the Rebate Creditors will nevertheless hold allowed claims against InPhonic's estate.

13.     Local Rule 2002-1(b) provides, in pertinent part, as follows:

    (b)     <u>Service</u>. In Chapter 11 cases, all motions (except matters specified in Fed. R. Bankr. P. 2002(a)(1), (4), (5), (7), 2002(b) and 2002(f) and Local Rules 4001-1 and 9013-1) shall be served only upon counsel for the debtor, the United States Trustee, counsel for all official committees, all parties who file a request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by the motion.

5

{00737143;v1}

14.     The exceptions enunciated in Local Rule 2002-1(b) requiring notice to all creditors consist of the following:[3]

> a.  the meeting of creditors under section 341 of the Bankruptcy Code (Rule 2002(a)(1));
>
> b.  any hearing on the dismissal or conversion of the case (Rule 2002(a)(4));
>
> c.  the time fixed to accept or reject a proposed modification of a plan (Rule 2002(a)(5));
>
> d.  the time fixed for filing proofs of claim (Rule 2002(a)(7));
>
> e.  the time fixed for filing objections and the hearing to consider approval of a disclosure statement, and the time fixed for filing objections and the hearing to consider confirmation of a plan (Rule 2002(b)); and
>
> f.  the order for relief; the dismissal or conversion of the case; the time allowed for filing claims; the time fixed for filing objections to discharge under section 727 of the Bankruptcy Code; the time fixed for filing objections to dischargeability of debts under section 523 of the Bankruptcy Code; the waiver, denial or revocation of a discharge; any order confirming a plan; and the summary of a trustee's final report (Rule 2002(f)).

15.     If the Court grants this Motion, the Debtors will be relieved of providing notice to the Rebate Creditors of: (a) the Debtors' section 341 meeting of creditors; (b) the time fixed for filing proofs of claim against the Debtors' estates; (c) the hearing on any disclosure statement and plan of reorganization and the time fixed for filing objections thereto; (d) the time fixed to accept or reject any modifications to a plan of reorganization; and (e) the entry of any order confirming a plan of reorganization.

16.     Although the foregoing events are critical to chapter 11 bankruptcy proceedings and the Rebate Creditors' rights might be affected by these events, the costs

---

[3] Local Rules 4001-1 and 9013-1 do not provide for notice to all creditors; thus, the Debtors are not

and burden to the Debtors' estates associated with providing notice of these events outweighs the Rebate Creditors' rights to receive notice of these events. As set forth in more detail above, the Rebate Creditors are unlikely to participate in the Debtors' cases given the de minimis nature of the Rebate Claims. Moreover, the Committee has been active in these cases and will continue to monitor the Debtors' actions and protect the interests of all general unsecured creditors, including, without limitation, the Rebate Creditors. As a result, the Debtors' estates should not be burdened with the costly task of providing repeated notices to the Rebate Creditors.

17. The limited notice requested herein should be permitted by this Court under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002(m). Bankruptcy Rule 2002(m) provides:

> [t]he court may, from time to time, enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which, notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

18. Section 105(a) grants bankruptcy courts authority to enter "any order, process or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). The provision codifies the "equitable power" of the bankruptcy courts and provides "broad authority" to accomplish tasks important to the implementation of the Bankruptcy Code. See United States v. Energy Res. Co., 495 U.S. 545, 549 (1990) (stating that section 105(a)'s statutory directive is "consistent with the traditional understanding that bankruptcy courts, as courts in equity, have broad authority to modify the creditor-debtor relationship."). Therefore, the Court should

---

attempting to limit or reduce the notice provisions contained in those Local Rules.

approve this proposed notice procedure.

19. Based upon the foregoing, this Court should approve the proposed limited notice requested herein by entering an order approving the Notice and providing that the Notice shall be adequate and sufficient notice to all Rebate Claimants with respect to any and all matters in the Debtors' cases and that no other or further notice to the Rebate Claimants shall be necessary by the Debtors.

### STATEMENT PURSUANT TO LOCAL RULE 1001-1(B)

20. Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

### NOTICE

21. Notice of this Motion has been provided to: (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Adeptio Funding LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay), (c) counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne); and (d) all parties having filed requests for notices in the Debtors chapter 11 cases. The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

## NO PRIOR REQUEST

22.  No previous motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter an order granting this motion and such other and further relief as this Court deems just and proper.

Date:  February 8, 2008
       Wilmington, Delaware

Respectfully submitted,

**BAYARD, P.A.**

By: _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:   (302) 655-5000
Facsimile:    (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York  10020
Telephone:   (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession