UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                          .    Chapter 11
                                .
INPHONIC, INC., *et al.,*        .    Case No. 07-11666(KG)
                                .    (Jointly Administered)
        Debtors.               .
                                .    Jan. 30, 2008 (3:01 p.m.)
                                .    (Wilmington)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT JUDGE


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          THE CLERK: Please rise.

2          THE COURT: Good afternoon.  You may be seated.

3   Thank you.  Ms. Augustine, good afternoon.

4          MS. AUGUSTINE: Good afternoon, Your Honor.  I'm

5   pleased to inform that we have all uncontested matters now on

6   the agenda today.

7          THE COURT: I have confidence in you.

8          MS. AUGUSTINE: I can't take credit.  My co-counsel

9   at DLA who's not here gets the credit, but if you would like

10  to, I can start with item 3 because items 1 and 2 have

11  already been approved.

12         THE COURT: Yes, please.

13         MS. AUGUSTINE: Number 3 is the bar date motion.

14  The motion as filed seeks February 28th as a general bar date.

15  After receiving comments from the Committee and our claims

16  agent BMC we've extended or seek to extend the order date and

17  suggest March 21st, which would allow a 45-day notice period

18  and a 5-day service period by BMC.  So that was the first

19  comment that we had to that motion.  The May 6, 2008 bar date

20  for governmental units would stay the same.

21         THE COURT: Okay.

22         MS. AUGUSTINE: And then there would be a 30-day

23  rejection bar date which would be 30 days from the entry of

24  any order rejecting an executory contract or some other date

25  as ordered by the Court.  So, yesterday evening we filed a

1    notice of revised form of orders with a blank bar date

2    because we wanted to insure that March 21st was agreeable to

3    Your Honor and the Committee, and we've also indicated that

4    we will notify creditors with direct mail service,

5    publication notice.  There will be an internet website and a

6    toll-free number, and that service will go out within 5 days

7    from the entry of the bar date order.  The other revision

8    that was made in the notice that was served last night is

9    that because the InPhonic debtor name has changed to SN

10   Liquidation, we will now serve out the notice under "SN

11   Liquidation, Inc., formerly known as InPhonic, Inc.," and any

12   claims that are filed against an affiliated debtor entity

13   will be transferred so that in the plan that we intend to

14   file, we anticipate substantive consolidation.  So at that

15   point, there really won't be an issue if there was an

16   incorrect debtor filing for proof of claim.  So I do have a

17   blackline form of order.  The only thing that is blank in

18   this order is the deadline for publication notice.  I was

19   thinking by February 21st, which would be a month before the

20   bar date.

21            THE COURT: Yes.

22            MS. AUGUSTINE: So I can fill that in now.

23            THE COURT: Okay.  The dates are certainly fine.

24   Does anyone have any further comments?  Okay.

25            MS. AUGUSTINE: Okay, if I may approach with a clean

1    and a blackline?

2              THE COURT: Yes, please.  Thank you.  Okay.

3              MS. AUGUSTINE: Okay, then, the next item on the

4    agenda is an executory contract rejection motion.  This

5    motion is based on the background that on December 21st, that

6    the sale closed of substantially all of the debtors' assets.

7    The sale was to Adeptio and subsequently those rights that

8    Adeptio received for the purchase of assets were assigned to

9    Simplexity, who is the current purchaser.  The debtors

10   divided their executory contracts into different groups under

11   the asset purchase agreement.  I think Your Honor's familiar

12   with the held contract group -

13             THE COURT: Yes.

14             MS. AUGUSTINE:  - and then the group of designated

15   contracts to be assumed and assigned.  At the time of the

16   filing of the motion, the debtors determined that if these

17   contracts are not going to be assumed or assigned or held,

18   there's no business justification in continuing since the

19   debtors were liquidating, so they determined to reject their

20   executory contracts.  The motion seeks a rejection date *nunc*

21   *pro tunc* to December 21st, which is the date of the closing of

22   the sale or in the alternative January 18th, 2008, which is

23   the date of the filing of the motion.  The reason the *nunc*

24   *pro tunc* rejection to the sale date is requested, is because

25   at that point the debtors' assets were sold to the buyer and

1   there was no reason to carry forward with any of the rejected

2   contracts.  It also seeks to save any possible ad min claim

3   that would be filed between, for instance, a period of

4   December 21st and then the date of the filing of the motion,

5   which was January 18th.  So, to have some kind of economy with

6   the treatment of these executory contracts, we request that

7   the approval be effective *nunc pro tunc* to December 21st.  We

8   did not receive any objections to that relief.  We did

9   receive some comments to parties who did not believe it was

10  appropriate for them to be included on the rejection list,

11  and those parties have been removed.  So I do have a

12  blackline form of order that I can hand up.  The only

13  changes, really, that the motion is granted as set forth

14  herein as opposed to in its entirety because the exhibit has

15  changed.

16            THE COURT: Okay.

17            MS. AUGUSTINE: So, if I may approach?

18            THE COURT: You may, and good afternoon.

19            MR. HORAN: Good afternoon, Your Honor.  Tom Horan,

20  Morris, James.

21            THE COURT: Yes, sir.

22            MR. HORAN: Just one very minor point relating to

23  the agenda.

24            THE COURT: Yes.

25            MR. HORAN: Here today for Afco.  It's not an issue

1   that Your Honor has to decide today, but we approached the

2   debtors' counsel about removing Afco from the list of

3   executory contracts.  Our argument was that because this is a

4   insurance premium financing agreement, that it is not an

5   executory contract, to the extent that the agenda states that

6   the executory contract of Afco has been removed, we disagree

7   with that characterization.  So, all rights reserved.

8           THE COURT: Understood.

9           MR. HORAN: Thank you very much, Your Honor.

10          THE COURT: You don't want to be characterized as an

11  executory contract.

12          MR. HORAN: Yes, Your Honor, that's correct.

13          THE COURT: Okay.

14          MR. HORAN: Thank you, Your Honor.

15          THE COURT: Thank you.  All right, I'm going to sign

16  the order -

17          MS. AUGUSTINE: Okay, great.

18          THE COURT:  - with the *nunc pro tunc* provision to

19  December 21st.

20          MS. AUGUSTINE: Thank you, Your Honor.  Okay.  The

21  final item on the agenda, although we do have some

22  housekeeping items that I will present after, is the omnibus

23  assumption and procedures motion.

24          THE COURT: Yes.

25          MS. AUGUSTINE: Again, this motion is a result of

1    the sale procedures that were previously approved by the

2    Court, and some additional designated contracts have come up

3    as well as some additional held contracts that are the

4    subject of the motion.  Pursuant to the sale order, the

5    debtor was previously authorized to assume and assign

6    designated contracts to the buyer and also to hold executory

7    contracts per instructions of the buyer.  After the

8    assignment of the rights from Adeptio to Simplexity,

9    Simplexity submitted a notice of held contracts and notice of

10   additional designated contracts.  These additional parties

11   are on the exhibit to the motion, and then none of these

12   parties have objected to the sale motion or the assumption

13   and assignment or cure amounts in the initial sale motion.

14   Additionally, on January 2nd, Simplexity instructed the

15   debtors to assume and assign a merchant service agreement

16   with Discover.  Discover was a slightly different scenario

17   because they never received notice of a cure amount under

18   their contract.  So, a notice was sent out to Discover with

19   the cure amount which was proposed at zero.  There have been

20   ongoing communications with Discover as well to give them

21   sufficient notice.  So, now we seek to assume and assign to

22   Simplexity the additional designated contracts.  We also seek

23   approval of procedures for the future assumption and

24   assignment of the contracts that are the additional held

25   contracts.  Simplexity had agreed to pay all cure costs.  In

1   addition, the procedures that we are - I'm sorry, the

2   assumption and assignment is consistent with § 365 of the

3   Bankruptcy Code.  It's permitted with the sale order.

4   There's adequate assurance, and we've already found that

5   anti-assignment provisions are not enforceable, so we believe

6   the relief for these additional contracts is consistent with

7   the procedures already in place.  However, the procedures for

8   the assumption and assignment of the additional held

9   contracts are more streamlined than your traditional motion.

10  We propose to file and serve a notice with a proposed order

11  of assumption and assignment.  Then objections would be able

12  to be filed with 10 business days of the receipt of the

13  notice by the contract party.  If no objection is received,

14  we can file a certificate of no objection and seek the entry

15  of the order approving the assumption and assignment.  If

16  there is an objection, a hearing can be scheduled.  Six

17  parties, which are indicated on the agenda, objected to the

18  motion either in a limited or a general capacity, and I can

19  represent that the order's been revised to alleviate those

20  objections which I would like to hand up a blackline, an

21  original to the Court so you can review, Your Honor.

22          THE COURT: Thank you.

23          MS. AUGUSTINE: If Your Honor turns to, what

24  unfortunately looks like it's page 18 but really page 3 of

25  the blackline, you can see that there is language added with

1    respect to Discover and setoff amounts.  In addition, there

2    is language that requires notice to the attorney of the

3    designated or held contract party -

4              THE COURT: Yes.

5              MS. AUGUSTINE: - in addition to notice on the

6    contract party alone.  The other significant change is that

7    the - excuse me.  The other significant changes that the

8    objections that were filed previously to the sale motion can

9    be carried forward with the objections to these notices so

10   that parties are not prejudiced by having to file double

11   objections.

12             THE COURT: Right.

13             MS. AUGUSTINE: So with those changes, the debtors

14   request entry of that order and the approval of the

15   procedures.

16             THE COURT: Thank you, Ms. Augustine.  Does anyone

17   wish to be heard?  I have read the objections, and I

18   certainly understood them, and I see that the order certainly

19   does address those, those concerns, and I think it makes a

20   lot of sense.  So, unless anyone wishes to be heard, I'm

21   going to enter the order.  Thank you.

22             MS. AUGUSTINE: Thank you.

23             THE COURT: Okay.

24             MS. AUGUSTINE: Okay, the remaining items have to do

25   with -

1          THE COURT: Housekeeping.

2          MS. AUGUSTINE: Yes, the carrier stipulations that

3  Your Honor has been so kind to enter when they're submitted

4  to chambers.

5          THE COURT: Yes.

6          MS. AUGUSTINE: Under the sale order certain

7  carriers were carved out of this whole period of 210 days -

8          THE COURT: Right.

9          MS. AUGUSTINE:  - and the contracts have to be

10  dealt with by the end of this month.  So, we have a

11  stipulation that we've entered into with T-Mobile, and an

12  order approving the stipulation that I'd like to hand up to

13  Your Honor.  Usually, we file under certification of counsel,

14  but we were hoping that because of the lateness of the day

15  that would be acceptable.

16          THE COURT: Absolutely.

17          MS. AUGUSTINE: Great, thank you.

18          THE COURT: Certainly.  And this is essentially in

19  the form that had already been -

20          MS. AUGUSTINE: Yes.

21          THE COURT:  - reviewed.

22          MS. AUGUSTINE: It's just occurred to me that

23  they're usually Exhibit A to the order, and I think I flip-

24  flopped them when I handed them to you, but -

25          THE COURT: That is okay.  Good.

1          MS. AUGUSTINE: Okay and then Mr. Morton, counsel

2   for Simplexity would like to advise you of some further

3   stipulations to expect.

4          THE COURT: Thank you, Ms. Augustine.

5          MS. AUGUSTINE: Thank you, Your Honor.

6          THE COURT: Mr. Morton, good afternoon.

7          MR. MORTON: Good afternoon, Your Honor.  Again, for

8   the record, Edmon Morton from Young, Conaway, Stargatt &

9   Taylor on behalf of Simplexity.  We simply wanted to note, as

10  I'm sure Your Honor remembers every line of every order

11  you've ever entered, but the sale order of the unit in this

12  case establishes a January 31st deadline for purposes of

13  assuming or rejecting the carrier contracts themselves.

14          THE COURT: Yes.

15          MR. MORTON: We are pleased to report that we're in

16  active discussions with the two remaining carriers that we

17  are likely going to assume, those being Sprint and Alltel

18  Communications.  What we wanted to do is to place on the

19  record today, since the January 31st deadline tolls tomorrow,

20  that with respect to Sprint, we are fairly close to the terms

21  of a stipulation and hope to be in a position to submit that

22  by Friday, and as such, the parties have agreed to extend

23  that deadline to Friday.  In addition, Alltel Communications

24  were also in the midst of discussions with and the parties

25  have agreed to extend that deadline to February 15th.  Since

1    we're often loathed to take court orders and extend them

2    unilaterally without previewing that for Your Honor, we

3    simply wanted to insure that that was acceptable to Your

4    Honor, and to the extent necessary, have the record so

5    ordered to that effect.

6            THE COURT: Certainly.  As long as both sides are in

7    agreement, I have no problem with that extension.

8            MR. MORTON: Thank you, Your Honor, and that does

9    clear up another point which is obviously to avoid needlessly

10   contacting your chambers to the extent a few extra days are

11   needed for either of these parties, it sounds as if Your

12   Honor's fine with us making those extensions.

13           THE COURT: That's correct.  You don't have to, you

14   know, check each time, but if there is a disagreement over

15   that, please just get hold of me by telephone -

16           MR.  MORTON: Certainly.

17           THE COURT:  - and I'll hear you that way quickly.

18           MR. MORTON: Well, Your Honor has certainly proven

19   in this case that availability is not something we can accuse

20   you of denying us, so we certainly appreciate that, and our

21   hope is to dispose of these the way we have the others, which

22   is just under certification of counsel.

23           THE COURT: Absolutely.

24           MR. MORTON: Thank you, Your Honor.

25           THE COURT: That's fine, that's certainly

1   acceptable.  Anyone else?  Any other issues?  None?

2           MS. AUGUSTINE: No, that completes the agenda.

3           THE COURT: All right, well, I thank everyone and

4   we'll stand in recess.  Good afternoon.

5           (Whereupon at 3:16 p.m., the hearing in this matter

6   was concluded for this date.)

7

8

9

10

11

12

13

14

15

16

17

18           I, Elaine M. Ryan, approved transcriber for the

19   United States Courts, certify that the foregoing is a correct

20   transcript from the electronic sound recording of the

21   proceedings in the above-entitled matter.

22

23   /s/ Elaine M. Ryan                            February 8, 2008
     Elaine M. Ryan
     2801 Faulkland Road
     Wilmington, DE 19808
     (302) 683-0221