## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., et al., | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Hearing date: March 28, 2008 at 10:00 a.m.** |
| | : | **Objection deadline: March 21, 2008 at 4:00 p.m.** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING INPHONIC, INC. TO ENTER INTO POSTPETITION CONTRACT WITH OVERTURE SERVICES, INC. AND SUBSEQUENTLY ASSIGN POSTPETITION CONTRACT TO SIMPLEXITY, INC.

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this Motion for Entry of an Order Authorizing InPhonic, Inc. to Enter Into Postpetition Contract with Overture Services, Inc. and Subsequently Assign Post Petition Contract to Simplexity, Inc. (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### GENERAL BACKGROUND

3.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4.      The Debtors continue to posses their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' business assets have been sold to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer") as set forth below.

5.      No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

## ASSET SALE

6.      On the Petition Date, the Debtors filed their Motion For an Order (A) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors' Assets, (B) Scheduling a Hearing to Consider the Sale and Approving the Form and Matter of Notices, (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Procured Cure Amounts, (D) Approving Expense Reimbursement Provision, and (E) Granting Related Relief (the "Bid Procedures Motion") with the Bankruptcy Court.  On November 9, 2007, the Bankruptcy Court entered an order approving the Bid Procedures Motion (the "Bidding Procedures Order").

7.      On the Petition Date, the Debtors also filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement (the "Agreement"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and Agreement, the Debtors sought authority to sell substantially all of their business assets to the Buyer and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts ("Cure Costs")

2

required under Bankruptcy Code section 365(b)(1)(A).

8.      On December 10, 2007, pursuant to section 2.5(a) of the Agreement, the Buyer submitted to the Debtors, and the Debtors subsequently filed with the Bankruptcy Court, that certain Notice of Assumption Sale and Assignment of Designated Unexpired Leases and Executory Contracts ("Notice of Designated Contracts"), setting forth certain executory contracts and unexpired leases to which the Debtors are a party that, subject to subsequent notice of the Buyer under Section 2.5 of the Agreement, the Buyer intended to have assumed and assigned pursuant to section 363 and 365 of the Bankruptcy Code ("Designated Contracts").

9.      On December 13, 2007, after conducting a hearing, the Bankruptcy Court approved the Sale Motion and entered an order approving the Sale Motion and Agreement (the "Sale Order"). The Sale Order authorizes the Debtors to assume and assign the Designated Contracts to the Buyer.

10.     On or around December 21, 2007, the Buyer assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), its rights to receive the Assets from the Sellers under the Agreement (as defined in the Agreement).

## THE DEBTORS' BUSINESS

11.     The Debtors' business principally involved the marketing of wireless telephone and satellite television services and related equipment and support services. The Debtors focused in the following four (4) areas: (a) wireless device activation services, (b) television satellite activation services, (c) mobile virtual network enabler services, and (d) unified communication services. The Debtors sold wireless services and devices through company - owned and branded websites as well as through a variety of private label websites that it develops and manages for marketing parties such as internet businesses, affinity organizations

3

{00738393;v1}

and national retailers.

### THE OVERTURE SERVICES, INC. CONTRACT

12.     As evidenced by the foregoing, the Debtors' accessibility and presence on the Internet was critical to its business operations.  As such, InPhonic, Inc., one of the above-captioned debtors and debtors-in-possession ("InPhonic"), and Overture Services, Inc. ("Overture") were parties to an Advertiser Master Services Terms and Conditions Agreement entered into September 15, 2005 (as amended and supplemented, the "Master Terms Agreement").  InPhonic purchased online advertising from Overture for display in accordance with the Master Terms Agreement.  However, on October 17, 2007 (less than one month prior to the Petition Date), Overture terminated the Master Terms Agreement.

13.     Following the Petition Date, InPhonic and Overture engaged in negotiations in an effort to enter into a new contract for the Debtors to procure online advertising through use of Overtures' products and services.  Prior to the closing of the Agreement, InPhonic and Overture agreed on the terms of a new agreement for postpetition services (the "Postpetition Agreement").  The terms and conditions of the Postpetition Agreement are substantially similar to those set forth in the Master Terms Agreement.  The most significant difference between the Postpetition Agreement and the Master Terms Agreement is that the Postpetition Agreement provides that InPhonic must pre pay for all advertising products and services offered by Overture.  A true and correct copy of the Postpetition Agreement is attached hereto as Exhibit A.

### RELIEF REQUESTED

14.     The Postpetition Agreement is conditioned upon the Bankruptcy Court's approval.  Simplexity has designated the Postpetition Agreement as a contract that is to be assumed and assigned to Simplexity.

15.     Therefore, by this Motion, the Debtors, seek an order, pursuant to the Bankruptcy

Code, Sale Order and Agreement: (a) authorizing the Debtors to execute and enter into the Postpetition Agreement with Overture; and (b) subsequently assign to Simplexity the Postpetition Agreement and any rights of the Debtors thereunder.

**BASIS FOR REQUESTED RELIEF**

**A.      The Debtors Should be Permitted to Enter into the Postpetition Agreement**

16.      The Debtors submit that Court approval may not be necessary for InPhonic to execute and enter into the Postpetition Agreement, as it is a transaction that fits within the Debtors' ordinary course of business.  See 11 U.S.C. §363(c)(1) (authorizing the trustee to enter into transactions in the ordinary course of business).  In fact, but for the pre-payment exception noted above, the Postpetition Agreement is substantially similar to the Master Terms Agreement, which was entered into prior to the Petition Date.  Nevertheless, out of an abundance of caution and in the event the Court might not consider this matter to fit within the Debtors' ordinary course of business, the Debtors are seeking this Court's approval to authorize InPhonic to execute and enter into and assign the Postpetition Agreement to Simplexity pursuant to section 363(b) of the Bankruptcy Code.

17.      Section 363(b) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."  In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999).  Whether a sound business purpose justifies a debtor's actions is governed by the business judgment rule.  See id.  The business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an

5

informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985); Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984)). "Courts are loathe to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence" and "[c]ourts 'will uphold the board's decisions as long as they are attributable to any rational business purpose.'" Id. (citations omitted).

18.     As set forth above, prior to the Petition Date, the Debtors used Overture's products and services in the ordinary course of business.  Under the Sale Order and Agreement, Simplexity is authorized to designate certain contracts, to which the Debtors are a party to be assumed by the Debtors and assigned to Simplexity.  Here, Simplexity has requested that the Debtors assume the Postpetition Agreement and assign it to Simplexity.

19.     As such, the Debtors' proposed entry into the Postpetition Agreement is solely intended to facilitate the subsequent assignment of the Postpetition Agreement to Simplexity. Thus, the requested relief is fully consistent with the Sale Order and Agreement, and therefore, satisfies the business judgment rule.  The Debtors, therefore, respectfully request that the Bankruptcy Court authorize InPhonic to execute and enter into the Postpetition Agreement in order to facilitate its subsequent assignment to Simplexity.

**B.      The Debtors and Simplexity Have Established Adequate Assurance.**

20.     A debtor in possession may assign an executory contract or an unexpired lease of the debtor if it assumes the agreement in accordance with section 365(a), and provides adequate assurance of future performance by the assignee, whether or not there has been a default under the agreement.  See 11 U.S.C. § 365(f)(2).  Significantly, among other things, adequate assurance may be provided by demonstrating the assignee's financial health and experience in

6

managing the type of enterprise or property assigned.  See, e.g., In re Bygaph, Inc., 56 B.R. 596,

605-06 (Bankr. S.D.N.Y. 1986) (stating that adequate assurance of future performance is present

when the prospective assignee of a lease from the debtor has financial resources and has

expressed willingness to devote sufficient funding to the business in order to give it a strong

likelihood of succeeding).

21.    The meaning of "adequate assurance of future performance" depends on the facts

and circumstances of each case, but should be given "practical, pragmatic construction."  EBG

Midtown South Corp. v. McLaren/Hart Environmental Engineering Corp. (In re Sanshoe

Worldwide Corp.), 139 B.R. 585, 592 (S.D.N.Y. 1992) (citations omitted), aff'd, 993 F.2d 300

(2d Cir. 1993).

22.    In the present case, Simplexity has demonstrated to the satisfaction of the

Bankruptcy Court the existence of adequate assurance of future performance by the promise to

perform the obligations of the Postpetition Agreement from and after the closing date of the

Agreement.  See Sale Order, ¶W.  Accordingly, the Debtors respectfully submit that the

assumption and assignment of the Postpetition Agreement as set forth herein should be approved.

23.    Based on the forgoing authority, the Sale Order and Agreement, the Debtors

respectfully request that the Court enter an order, substantially in the form annexed hereto as

Exhibit B, authorizing InPhonic, Inc. to (a) execute and enter into the Postpetition Agreement

with Overture; and (b) subsequently assign the Postpetition Agreement to Simplexity pursuant to

the terms of the Sale Order, Agreement and Bankruptcy Code section 365(a).

## STATEMENT PURSUANT TO LOCAL RULE 1001-1(B)

24.    Pursuant to District Local Rule 7.1.2(a), incorporated by reference into

Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the

{00738393;v1}

Motion because there are no novel issues of law presented in this Motion.

## NOTICE

25.     Notice of this Motion has been provided to:  (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Simplexity, LLC: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay); (c) counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne); (d) all parties having filed requests for notices in the Debtors' chapter 11 cases; and (e) Overture.  The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

## NO PRIOR REQUEST

26.     No previous motion for the relief requested herein has been made to this or any other Court.

{00738393;v1}

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the proposed order attached hereto as Exhibit B and grant such other and further relief as this Court deems just and proper.

Date:   February 14, 2008
Wilmington, Delaware

**BAYARD, P.A.**

By: _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

**DLA PIPER US LLP**

Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession

{00738393;v1}