# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN Liquidation, Inc., et al. | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| SN Liquidation, Inc., et al., | |
| Plaintiffs, | |
| | Adv. Pro. No. _____ |
| v. | |
| ICON INTERNATIONAL, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The above-captioned debtors and debtors in possession (the "Debtors"), as plaintiffs in this adversary proceeding, by their attorneys, DLA Piper US LLP and Bayard, P.A., as and for their complaint against the defendant, Icon International, LLC (the "Defendant" or "Icon"), seeking, inter alia a declaratory judgment and a permanent injunction staying, restraining and enjoining Icon's prosecution or continuation of the Icon Action (as defined herein) against the Individual Defendants' (as defined herein) pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and (e), and 157(b)(1). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

{00739119;v1}

2. Venue of this action in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding has been brought in accordance with sections 105(a) and 362(a) of the Bankruptcy Code and Bankruptcy Rules 7001(7) and (9).

## PARTIES

4. The Debtors are Delaware corporations and limited liability companies and are the debtors and debtors in possession in the above-referenced cases.

5. The Defendant, Icon International, Inc., is a creditor of the Debtors that maintains offices at Four Stamford Plaza, 107 Elm Street, Stamford, CT 06902.

## BACKGROUND

6. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7. The Debtors have sold substantially all their assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer") pursuant to the Bankruptcy Court's Order (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, and Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (iv) Granting Related Relief (the "Sale Order"), dated December 13, 2007.

8. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The members of the Committee are: JBR Media

Ventures, LLC, Google Inc., Infinite Computer Solutions, Inc., Yahoo!, Inc., and ACN Communications Services, Inc.

9.  The Defendant is an unsecured creditor of the Debtors having filed a proof of claim in the amount of $4,997,406.61 (Claim No. 9).

10. On or about December 31, 2007, Icon commenced a lawsuit against the Individual Defendants (as defined herein), styled as Icon International, Inc. v. Steinberg, Zeinfeld and Schwarz, in the United States District Court for the District of Columbia, Case No. 07-02342 (the "Icon Action"). The damages sought in the Icon Action are identical to those sought by Defendant's proof of claim filed against the Debtors.

11. The Icon Action asserts four causes of action allegedly resulting from pre-petition actions undertaken while the individual defendants to the Icon Action (the "Individual Defendants") were employed by the Debtors.

12. As of the Petition Date, (1) Andrew Zeinfeld was the President of the e-commerce unit of InPhonic, Inc. ("InPhonic"); (2) Kenneth D. Schwarz was the Chief Financial Officer of InPhonic, and (3) David A. Steinberg was no longer affiliated with the Debtors but served as the Chief Executive Officer of InPhonic at the time of the alleged actions in the Icon Action.

13. By letter dated January 11, 2008, the Individual Defendants asserted indemnification rights against the Debtors for the costs and expenses incurred in defending the Icon Action. These indemnification claims will serve to diminish remaining assets of the Debtors' estates.

14. The current bylaws of InPhonic, Inc. provide for indemnification by the corporation to the fullest extent authorized by the Delaware General Corporation Law. Delaware

Law provides for indemnification if the person acted in good faith and in a manner reasonably believed to be in the best interests of the corporation. 8 Del. C. § 145.

15. Contemporaneously with the filing of this Complaint, the Debtors filed a motion for preliminary injunction against Icon.

## Count I
## Declaratory Relief Under Section 362(a) of the Bankruptcy Code

16. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

17. The automatic stay under section 362 of the Bankruptcy Code prohibits the commencement or continuation of actions or proceedings that were or could have been commenced against the Debtors prior to the Debtors' filing of their petition for relief, as well as any act to obtain possession of property of the estates or from the estates or to exercise control over property of the estates. 11 U.S.C. § 362(a).

18. As a direct result of the Icon Action, the Individual Defendants have asserted indemnification rights against the Debtor's estates.

19. The Debtors currently maintain several insurance policies which may be subject to the Individual Defendants' indemnification claims. These policies constitute property of the Debtors' estates within the meaning of the Bankruptcy Code.

20. Because the Icon Action involves claims against assets of the Debtors, continuation of the Icon Action as to the Individual Defendants affects the Debtors' rights thereto.

21. The continuation of the Icon Action against the Individual Defendants will have an immediate adverse economic consequence for the Debtors' estates.

22. The continuation of the Icon Action against the Individual Defendants will interfere with the Debtors' efforts to confirm a plan of reorganization and thereby threatens the Debtors' reorganization efforts.

23. The continuation of the Icon Action against the Individual Defendants interferes with property of the Debtors' estates.

24. Section 362 of the Bankruptcy Code serves as a stay of any action against the Debtors. Section 105 should extend that protection in this case to the Individual Defendants so as to protect the assets of the Debtors.

25. Pursuant to sections 362 and 105 of the Bankruptcy Code, this Court has the authority to extend the protections of the automatic stay to the Individual Defendants.

26. The Debtors are entitled to a declaratory judgment that the automatic stay of section 362 of the Bankruptcy Code extends to the Individual Defendants and that Icon is stayed from further prosecuting the Icon Action. Alternatively, the Debtors are entitled to declaratory judgment extending the automatic stay via section 105 of the Bankruptcy Code to the Individual Defendants.

**Count II**
**Injunctive Relief Under Section 105 (a) of the Bankruptcy Code**

27. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

29. An injunction of the continuation or prosecution of the Icon Action against all defendants is necessary to preserve and maximize the Debtors' estates.

30. The continuation of the Icon Action will have a direct negative impact on the Debtors' estates by jeopardizing their property interests in the aforementioned insurance policies and thereby harming the ongoing efforts aimed at plan confirmation.

31. If the Icon Action proceeds against the Individual Defendants, there is a risk that their indemnification claims will have an adverse effect on assets of the Debtors' estates.

32. The Debtors are entitled to an injunction under section 105(a) of the Bankruptcy Code enjoining Icon from prosecuting or continuing the Icon Action against all defendants to that action.

**WHEREFORE**, the Debtors respectfully request that the Court enter:

A. A judgment declaring that the automatic stay extends to all of the defendants in the Icon Action;

B. An order permanently enjoining Icon's further prosecution of the Icon Action; and

C. An order granting such other and further relief as is just.

Date: February 15, 2008
Wilmington, DE

**BAYARD, P.A.**

By: _____
Neil B. Glassman (No. 2087)
Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

{00739119;v1}

**DLA PIPER US LLP**
Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 335-4500
Facsimile:   (212) 335-4501

*Counsel for Debtors and Debtors in Possession*