IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., et al.,[1] | : Case No. 07-11666 (KG) |
| Debtors. | : Jointly Administered |
| | : Ref. No. 365 |

## ADEPTIO'S LIMITED RESPONSE AND RESERVATION OF RIGHTS REGARDING WATERFRONT'S MOTION FOR PAYMENT OF POST-PETITION RENT

On February 8, 2008, Waterfront Center Limited Partnership ("Waterfront") filed its Motion for Entry of an Order that Directs and Compels Payment of Post-Petition Rent Obligations Pursuant to 11 U.S.C. § 365(d)(3) (Docket No. 365) (the "Motion"), by which Waterfront seeks payment of postpetition rent allegedly owed by InPhonic, Inc., a debtor in the above-captioned case (collectively with the other debtors, the "Debtors"). Adeptio INPC Funding, LLC ("Adeptio") files this limited response out of an abundance of caution to clarify that, irrespective of the Court's ruling on the Motion, neither Adeptio nor any of Adeptio's affiliates, successors, or assignees bear any liabilities for any rent or other administrative claims sought by Waterfront.

---

[1] Pursuant to the Bankruptcy Court's order on January 29, 2008, the Debtors' cases, which were jointly administered under the name "InPhonic, Inc., et al.", are now jointly-administered under the name "SN Liquidation, Inc., et al.". The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

## *Background*

Prior to the commencement of these chapter 11 cases, Waterfront and the Debtors entered into a lease (the "Georgetown Lease") for property located at 1010 Wisconsin Avenue, N.W., Washington, D.C., under which Waterfront, as landlord, leased certain real property to the Debtors, as tenant. On November 8, 2007, the Debtors filed their chapter 11 bankruptcy petitions with the Court. The Debtors filed numerous motions on that date, including a motion for approval of the Debtors' asset purchase agreement with Adeptio (the "APA"), pursuant to which the Debtors sold substantially all of their assets to Adeptio. The Court approved the sale APA on December 13, 2007 (the "Sale Order"). The sale closed on December 21, 2007.

Under section 2.5 of the APA, Adeptio had to identify any executory contracts to be assumed and assigned to Adeptio under the APA (the "Designated Contracts"), as well as additional contracts that the Debtors hold (i.e., not assume or reject) for a period of time (the "Held Contracts"), pending Adeptio's decision on each Held Contract. The APA is clear that any executory contracts not identified as Designated Contracts or Held Contracts are "Excluded Assets" under the APA, which remain property of the estates. The APA further provides that, while Adeptio pays cure costs for Designated Contracts and costs of maintaining Held Contracts, Adeptio bears no liability or other obligations for Excluded Assets.

## *Waterfront's Motion*

The Georgetown Lease was not identified as either a Designated Contract or a Held Contract. On January 14, 2008, the Debtors filed a motion to reject the Georgetown Lease *nunc pro tunc* to January 14, 2008,[2] which the Court granted on January 30, 2008. Subsequently,

---

[2] On January 18, 2008, the Debtors filed a motion to reject certain other executory contracts and unexpired leases *nunc pro tunc* to December 21, 2008, the date of the closing of the sale. Adeptio has no insight into the Debtors' decision to file a separate motion to reject the Georgetown Lease or the reason for seeking two different rejection effective dates, particularly given that the Debtors vacated the Georgetown Lease space the weekend of December 15-16.

Waterfront filed the Motion with the Court, seeking $95,974.00 for alleged post-petition rent payments due for the months of December 2007 and January 2008.

As noted above, the Georgetown Lease constitutes an Excluded Asset under the APA. As such, pursuant to the express terms of the Sale Order, Waterfront is precluded from asserting such claim or interest against Adeptio. Sale Order, ¶ 32 ("All persons holding or asserting any [i]nterest in Excluded Assets are . . . enjoined from asserting or prosecuting such [interest] against [Adeptio] or its affiliates."). Moreover, under the APA, Adeptio has no obligation to the estates on account of any rent owed under the Georgetown Lease or other administrative claims awarded by the Court, if any.

Date: February 20, 2008       YOUNG CONWAY STARGATT & TAYLOR, LLP

/s/ 

Robert S. Brady (No. 2847)
Edmon Morton (No. 3856)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (312) 571-1253

and

KIRKLAND & ELLIS LLP
Anup Sathy
David A. Agay
Jeffrey D. Pawlitz
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:    (312) 861-2000
Facsimile:    (312-861-2200

Counsel for Adeptio INPC Funding LLC