IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | ) Case No. 07-11666 (KG) |
| Debtors. | ) Jointly Administered |
| | ) **Objection deadline: February 29, 2008 at 4:00 p.m.** |
| | ) **Hearing date: March 7, 2008 at 11:00 a.m.** |

## DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 365(d)(4) FOR EXTENSION OF TIME PERIOD WITHIN WHICH THE DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (the "Motion") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for an order extending by 90 days from March 7, 2008 to June 5, 2008 the time period within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "365(d)(4) Deadline"), and respectfully represent as follows:

### General Background

1. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court.") The Debtors continue to posses their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

2. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002,

{00739512;v3}

6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and the APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under Bankruptcy Code section 365(b)(1)(A).

3. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

4. On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). The Sale Order authorized Adeptio, the purchaser of the Debtors' assets, to direct the Debtors to assume additional contracts and "hold" contracts as follows:

> [t]he Buyer may designate certain unexpired leases or executory contracts as a Held Contracts. The Debtors shall hold and not reject each Held Contract for the Contract Retention Period. During the Contract Retention Period, the Buyer may direct the Debtors to assume and assign the Held Contract to the Buyer. As soon as practicable after receiving written notice from the Buyer to assume and assign the Held Contract the Debtors shall take all actions reasonably necessary to assume and assign the Held Contract to Buyer pursuant to Bankruptcy Code §365.

Sale Order, ¶30.

5. On December 21, 2007, the sale closed, and Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), its rights to receive the Assets from the Debtors under the APA.

6. On December 31, 2007, Simplexity submitted to the Debtors notice of certain contracts to be held. On January 4, 2008, in accordance with the Sale Order, the APA and Simplexity's notice, the Debtors filed the Notice of Contracts to Be Held and Not Rejected by the Debtors Pursuant to Section 365 of the Bankruptcy Code (the "Notice of Held Contracts"). The Notice of Held Contracts included, among others, three unexpired leases that Simplexity requests the Debtors assume and assign to it (the "Unexpired Leases"), as set forth below.

7. On January 7, 2008, the Debtors filed the Omnibus Motion for Order Approving (A) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts Pursuant to the December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief (the "Omnibus Motion").

8. On January 30, 2008, the Court approved the Omnibus Motion (the "Omnibus Procedures Order"). The Omnibus Procedures Order sets forth procedures for the future assumption and assignment of Held Contracts. In summary, following any written Assumption Notice (as defined in the Omnibus Motion) from Simplexity, the Debtors shall file with the Bankruptcy Court a proposed order (i) authorizing the assumption and assignment of the Held Contract for which the Debtors received the Assumption Notice and (ii) deeming that those Held Contracts listed on the Assumption

Notice are to be "Designated Contracts" for all purposes under the APA and Sale Order. The Debtors shall serve notice of filing of the Assumption Order on appropriate parties. Any objection to the assumption and assignment of the Held Contract must be in writing and filed with the Clerk of the Bankruptcy Court within ten (10) business days of the party's receipt of notice of filing of the Assumption Order. If a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 25 days from the date of the filing of the proposed assumption order.

9. Simplexity intends to submit to the Debtors in the next few days an Assumption Notice setting forth certain Held Contracts, including the Unexpired Leases (as defined below), to be assumed pursuant to assumption procedures delineated in the Sale Order, the APA and the Omnibus Procedures Order. Although the notice will allow the Unexpired Leases to be assumed and assigned by the 365(d)(4) Deadline, if an objection is filed and a hearing must be scheduled pursuant to the Omnibus Procedures Order, such a hearing will fall after the 365(d)(4) Deadline.

### The Unexpired Leases

10. The Debtors are parties to the following three unexpired leases of nonresidential real property: a) property located at 10205 Colvin Run Road, Great Falls, Virginia 22066, leased by Colvin Run Partners LLC; b) property located at 9301 Peppercorn Place, Largo, Maryland 20774, leased by Inglewood Business Park III LLC and Inglewood Business Park IV LLC; and c) property located at 11130 Sunrise Valley Drive, Reston, Virginia 20191, leased by Sunrise Campus Investors LLC (collectively, the "Unexpired Leases"). Prior to the 365(d)(4) Deadline, Simplexity intends to submit a

formal request to the Debtors pursuant to the Sale Order, section 2.5(b) of the APA and the Omnibus Procedures Order, requesting that the Debtors assume and assign the Unexpired Leases to Simplexity.

11.   In accordance with the procedures set forth in the Omnibus Procedures Order, the Debtors will file a notice of proposed order (the "Assumption Order") seeking authorization for the assumption and assignment of the Unexpired Leases.

### Jurisdiction

12.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13.   The Debtors respectfully request the extension of the 365(4)(d) Deadline by 90 days, through and including June 5, 2008.  Such extension would be without prejudice to the rights of the Debtors to seek further extensions pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code.

### Basis for Relief

14.   Section 365(d)(4) of the Bankruptcy Code provides that a debtor must assume or reject their unexpired leases of nonresidential real property within 120 days of the petition date.  Specifically, section 365(d)(4) of the Bankruptcy Code provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

>   (i) the date that is 120 days after the date of the order for relief; or
>
>   (ii) the date of the entry of an order confirming a plan.
>
>   (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
>   (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4). Thus, the Court may, for cause, order a 90-day extension of the period within which the Debtors may assume or reject unexpired leases of nonresidential real property upon the filing of a motion for such relief.

15. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code. In determining what constitutes sufficient cause to extend the time period within which a debtor may assume or reject unexpired leases of nonresidential real property, courts have considered several factors, including:

1. whether the case is complex;

2. whether the debtor has had sufficient time to intelligently appraise its financial situation and each lease's potential value to a plan of reorganization;

3. whether the debtor is current on its postpetition obligations under the leases and the impact of the proposed extension on lessors;

4. the existence of any other facts indicating lack of reasonable time to decide whether to reject, assume or assign a lease.

See <u>S. St. Seaport L.P. v. In re Burger Boys, Inc. (In re Burger Boys, Inc.)</u>, 94 F.3d 755, 761 (2d Cir. 1996); <u>In re Wedtech Corp.</u>, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); <u>see also</u> <u>Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)</u>, 989

F.2d 682, 689 (3d Cir.) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing Wedtech, 72 B.R. at 471-72)), cert. denied, 510 U.S. 865 (1993).

16. There is sufficient "cause" to extend the 365(d)(4) Deadline. Although the Debtors expect that the Assumption Order will be entered by the Court prior to the expiration of the 365(d)(4) Deadline, the Debtors cannot be certain of such a result. If the Debtors file a notice of proposed order assuming the Unexpired Leases ten days or more before the expiration of the 365(d)(4) Deadline, it is possible that an objection may be filed to the Assumption Order. Pursuant to the Omnibus Procedures Order, a hearing on an objection must be scheduled more than 25 days from the date of the filing of the notice of the Assumption Order. Such a hearing will occur after the 365(d)(4) Deadline has expired. To prevent the expiration of the 365(d)(4), the Debtors, out of an abundance of caution, seek to extend it pursuant to section 365(b)(4).

17. The Debtors are current on their postpetition obligations under the Unexpired Leases. The lessors of the Unexpired Leases will not suffer any harm as a result of the requested extension since the Debtors will continue to comply with their postpetition obligations under the Unexpired Leases until the Unexpired Leases are assumed and assigned to Simplexity.

18. Moreover, pursuant to the Sale Order, the APA and the Omnibus Procedures Order, this Court has established set procedures to seek the assumption of unexpired leases. An order allowing for the extension proposed herein will permit the Debtors to continue to implement the Sale Order and the assumption and assignment process previously approved by this Court with respect to the Unexpired Leases and any

7

other unexpired leases of nonresidential real property that Simplexity could ask the Debtors to assume and assign.

19. Based on the foregoing, the Debtors respectfully submit that there is cause to extend the 365(d)(4) Deadline through June 5, 2008. Such an extension will afford the Debtors an opportunity to seek assumption of unexpired leases of nonresidential real property in a manner consistent with procedures approved by the Court and within the deadlines set by section 365(d)(4) of the Bankruptcy Code.

20. Nothing in this Motion is intended to prejudice the Debtors' right to seek additional extensions of time under section 365(d)(4) of the Bankruptcy Code if circumstances so warrant.

### Notice

22. Notice of this Objection has been provided to: (a) the Office of the United States Trustee; (b) counsel to Adeptio Funding LLC; (c) counsel to the Committee (d) the counterparties to the Unexpired Leases; and (e) all parties requesting notice in the Debtors' chapter 11 cases.

### Conclusion

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Date: February 20, 2008
Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Daniel A. O'Brien*

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

**DLA PIPER US LLP**
Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and
Debtors in Possession