# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SN LIQUIDATION, INC., *et al.*, | ) Case No. 07-11666 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: March 12, 2008 at 4:00 p.m.** |
| | ) **Hearing Date: Only if an objection is filed.** |

## SECOND MONTHLY FEE STATEMENT OF BAYARD, P.A. FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

| | |
|---|---|
| Name of Applicant: | Bayard, P.A. |
| Authorized to Provide Professional Services to: | Debtors and Debtors-In-Possession |
| Date of Retention: | Order entered December 13, 2007 [Docket No. 245] *nunc pro tunc* to November 8, 2007 |
| Period for which compensation and reimbursement is sought: | December 1, 2007 through December 31, 2007 |
| Amount of compensation sought as actual, reasonable and necessary: | $85,300.50 |
| 80% of compensation sought as actual, reasonable and necessary: | $68,240.40 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $5,364.75 |

This is an: X monthly ___ quarterly ___ final application.

This is Bayard's second monthly fee statement in these cases.

{00737407;v1}

## Summary of Bayard Monthly Fee Statements

| Date & Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 1/3/08 [284] | 11/8/07 through 11/30/07 | $85,248.50 | $5,409.40 | 1/25/08 [333] | $68,198.80 | $5,409.40 | $17,049.70 |
| 2/19/08 | 12/1/07 through 12/31/07 | $85,300.50 | $5,364.75 | Objection Deadline 3/10/08 | $0.00 | $0.00 | $90,665.25 |

## **Timekeeper Summary**

| Timekeeper | Position | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Neil B. Glassman | Director | Director since 1988. Joined firm in 1986. Member of DE Bar since 1982. Areas of Expertise: Bankruptcy and Commercial Law. | $725.00 | 59.5 | $43,137.50 |
| Eric M. Sutty | Associate | Associate since 2000. Member of DE Bar since 2000. Areas of Expertise: Bankruptcy and Creditors' Rights. | $365.00 | 2.2 | $803.00 |
| Mary E. Augustine | Associate | Associate since 2003. Member of DE Bar since 2004. Areas of Expertise: Bankruptcy and Litigation. | $310.0 | 68.2 | $21,142.00 |
| Justin Edelson | Associate | Associate since 2007. Awaiting DE Bar admission. Areas of Expertise: Bankruptcy and Litigation. | $215.00 | 2.2 | $473.00 |
| Walter Cavers | Paralegal | Paralegal; Joined firm in 2001; Area of Expertise: Bankruptcy. | $205.00 | 27.7 | $5,678.50 |
| Tiffany Matthews | Paralegal | Paralegal; joined firm in 2001. Area of Expertise: Bankruptcy. | $200.00 | 1.0 | $200.00 |
| Edith Miranda | Paralegal | Paralegal; joined firm in 2007. Area of Expertise: Bankruptcy. | $190.00 | 64.6 | $12,274.00 |
| Lindsey Suprum | Paralegal | Paralegal; joined firm in 2007. Area of Expertise: Bankruptcy. | $125.00 | 3.0 | $375.00 |
| Jacqueline Lately | Case Management Assistant | Case Management Assistant; joined firm in 2003. | $125.00 | 3.9 | $487.50 |
| James Sanderson | Fee Application Specialist | Fee Application Specialist since 2003; joined firm in 1995. | $100.00 | 7.3 | $730.00 |
| | | | Totals | 239.6 | $85,300.50 |

Blended Rate: $356.01

{00737407;v1}

## Project Category Summary by Task Code

| Project Category | Hours | Amount |
| --- | --- | --- |
| Litigation/Adversary Proceeding (AP) | 21.7 | $13,142.00 |
| Business Operations (BO) | 1.0 | $642.00 |
| Case Administration (CA) | 54.1 | $13,944.50 |
| Court Hearings (CH) | 100.6 | $34,570.00 |
| Creditor Inquiries (CI) | 0.9 | $279.00 |
| Cash Collateral/DIP Financing CR) | 0.2 | $103.50 |
| TBF Retention Application (EA1) | 0.6 | $274.50 |
| Other Professionals' Retention Applications (EA2) | 0.5 | $362.50 |
| Leases/Executory Contracts (EC) | 7.2 | $3,903.00 |
| TBF Fee Applications/Compensation (FA1) | 11.5 | $2,940.50 |
| Other Professionals Fee Apps (FA2) | 2.5 | $731.00 |
| Meetings of Creditors (MC) | 0.9 | $279.00 |
| Stay Relief Matters (MR) | 0.1 | $31.00 |
| Claims Analysis and Resolution (PC) | 2.8 | $985.00 |
| Plan (PL) | 4.4 | $3,190.00 |
| Use, Sale or Lease of Property (SA) | 28.5 | $8,881.00 |
| Trustee Reporting/Schedules (TR) | 1.9 | $897.00 |
| Utility Matters (UM) | 0.2 | $145.00 |
| Totals | 239.6 | $85,300.50 |

{00737407;v1}

## Expense Category Summary

| Expense Category | Amount |
| --- | --- |
| Copies (10 cents per page) | $463.60 |
| CourtCall Charges | $132.50 |
| Delivery Charges | $276.00 |
| Depositions & Transcripts | $831.00 |
| Filing Fees | $25.00 |
| Meals & Meetings | $1,205.65 |
| Outside Copy Charges | $26.82 |
| Outside Fax Charges | $1,004.32 |
| PACER Document Downloads | $501.04 |
| Postage | $58.34 |
| Print Images | $471.10 |
| Support Staff Overtime | $235.03 |
| Telecopier/Fax Charges | $14.00 |
| Travel Costs | $120.35 |
| Totals | $5,364.75 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SN LIQUIDATION, INC., *et al.*, ) | Case No. 07-11666 (KG) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Objection Deadline: March 12, 2008 at 4:00 p.m.** |
| ) | **Hearing Date: Only if an Objection is Filed.** |

### SECOND MONTHLY FEE STATEMENT OF BAYARD, P.A. FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bayard, P.A. ("Bayard") hereby seeks reasonable compensation in the above-captioned cases of SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for professional legal services rendered as co-counsel to the Debtors in the amount of $85,300.50, together with reimbursement for actual and necessary expenses incurred in the amount of $5,364.75 for the period commencing December 1, 2007, through and including December 31, 2007 (the "Compensation Period"). Pursuant to the Administrative Order of this Court dated November 30, 2007 [Docket No. 165] approving procedures for interim compensation and reimbursement of professionals (the "Compensation Order"), Bayard seeks 80% reimbursement of its total reasonable and necessary fees incurred, in the amount of $68,240.40, together with 100% reimbursement for actual and necessary expenses incurred in the amount of $5,364.75 for the Compensation Period. In support of this Application, Bayard represents as follows:

{00737407;v1}

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Background

3. On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

4. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5. On December 13, 2007, this Court approved Bayard's retention as co-counsel to the Debtors [Docket No. 245] (the "Retention Order") *nunc pro tunc* to November 8, 2007.

## Relief Requested

6. Bayard submits this Application in accordance with this Court's Compensation Order. All services for which Bayard requests compensation were performed for, or on behalf of, the Debtors.

7. This Application is the second monthly fee statement filed by Bayard in these cases. In connection with the professional services rendered, by this Application, Bayard seeks compensation in the amount of $85,300.50 and expense reimbursement of

{00737407;v1}

$5,364.75. Attached hereto as Exhibit A is a detailed statement of hours spent rendering legal services to the Debtors supporting Bayard's request of $85,300.50 in compensation for fees incurred during the Compensation Period. Attached hereto as Exhibit B is a detailed list of disbursements made by Bayard supporting Bayard's request of $5,364.75 in expense reimbursement for the Compensation Period. A description of the task codes used to categorize time spent by project category is attached as Exhibit C.

8. Given the nature and value of the services that Bayard provided to the Debtors as described herein, the interim amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

9. Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

## Summary of Services Rendered

10. In general, the services that Bayard rendered as co-counsel to the Debtors included, without limitation, the following:

    (a) representing the Debtors at all hearings in these cases;

    (b) reviewing all pleadings and papers filed in these cases;

    (c) drafting pleadings on behalf of the Debtors;

    (d) advising the Debtors regarding practice and procedure in the United States Bankruptcy and District Courts for the District of Delaware;

    (e) coordinating responsibility for filing and service of all pleadings of the Debtors relative to these cases;

{00737407;v1}

  (f)  coordinating weekly (or more frequent) updating of docket sheets, critical dates, schedules and calendars and maintaining case and pleadings files; and

  (g)  assisting in advising and representing the Debtors in connection with their financial affairs and operations.

11. The services provided by Bayard during the Application Period were rendered to ensure no unnecessary duplication with lead counsel to the Debtors, and are grouped into the categories set forth in Exhibit A. The attorneys and paralegals who rendered services relating to each category are identified in the above attachment and summaries of the hours and fees of each professional for the Compensation Period and the total compensation by project category are included in Exhibit B.

## Amounts Requested

12. For the Application Period, Bayard seeks 80% of its total compensation in the amount of $85,300.50 in connection with the professional services summarized above and detailed in Exhibit A.

13. Bayard incurred or disbursed the actual and necessary costs and expenses related to these cases in the amount of $5,364.75 and as detailed in Exhibit B and summarized in the attachments hereto.

## Certification and Notice

14. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Bayard represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

(a) Copy, scanning and printing charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

(b) Incoming facsimiles are not billed.

(c) Out-going facsimiles are billed at the rate of $1.00 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

16. The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the notice parties set forth in the Compensation Order.

[remainder of page intentionally left blank.]

{00737407;v1}

WHEREFORE, Bayard prays that approval be made to it for the current Application Period in the sum of $85,300.50, the total compensation for professional services rendered, 80% of which is to be currently paid upon the filing of a certificate of no objection, and the sum of $5,364.75 for reimbursement of actual and necessary costs and expenses incurred by it in these cases from December 1, 2007 through December 31, 2007.

Dated: February 21, 2007  
       Wilmington, Delaware

BAYARD, P.A.

/s/ _____  
Neil B. Glassman (No. 2087)  
Mary E. Augustine (No. 4477)  
222 Delaware Avenue  
Suite 900  
P.O. Box 25130  
Wilmington, DE 19899  
Telephone: (302) 655-5000  
Facsimile: (302) 658-6395  

Co-Counsel to the Debtors

{00737407;v1}