IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X   Chapter 11
In re:                                                      :
                                                            :   Case No. 08-10161 (CSS)
FRIEDMAN'S INC.,                                            :
a Delaware corporation, et al.,[1]                          :   Jointly Administered
                                                            :
                  Debtors.                                  :   **Objection Deadline: March 10, 2008 at 4:00 p.m.**
------------------------------------------------------------X   **Hearing Date: March 20, 2008 at 11:30 a.m.**

## APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 328(a), 1103(a) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF CONSENSUS ADVISORS AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors hereby applies pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the retention of Consensus Advisors LLC ("Consensus") effective as of February 4, 2008, as financial advisors to the Committee (the "Application"). In support of the Application, the Committee respectfully represents as follows:

### BACKGROUND

1. On January 22, 2008, an involuntary petition was filed against Friedman's Inc. ("Friedman's") for relief with this Court under Chapter 7 of the Bankruptcy Code. An Order subsequently converting the case to Chapter 11 of the Bankruptcy Code was entered by this Court on January 28, 2008.

---

[1] The debtors consist of the following entities: Friedman's Inc. (EIN: 58-2058362) and Crescent Jewelers (EIN: 94-1639920).

{00740492;v1}

2. On January 28, 2008, Crescent Jewelers ("Crescent") filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

3. An Order was entered on January 28, 2008 directing the joint administration of the Chapter 11 cases of Friedman's and Crescent (together, the "Debtors").

4. The Debtors have continued in possession of their businesses and assets as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these cases.

5. On February 4, 2008, the United States Trustee for the District of Delaware, appointed the following entities to serve on the Committee:

    a. Rosy Blue Inc.,

    b. Paul Winston-Eurostar, LLC,

    c. Bulova Corporation,

    d. Andin International,

    e. Ivie & Associates, Inc.,

    f. National Electronics Warranty Corporation, and

    g. General Growth Properties, Inc.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code.

## RELIEF REQUESTED

7.      By this Application, the Committee respectfully requests authorization, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, to retain and employ Consensus as financial advisors to the Committee effective as of February 4, 2008, in these Chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

8.      Consensus is a boutique investment banking and financial advisory firm focused exclusively on retail and consumer products companies at every stage of development from early stage venture companies to late-stage distressed entities. Consensus professionals have extensive experience in working with financially troubled companies, providing advice on restructuring, capital raising, and operational and strategic consulting services. Consensus professionals additionally have experience working with Chapter 11 creditors' committees in large complex bankruptcy cases and have rendered advisory services for several of the Debtors' customers and competitors in the jewelry and related markets. The knowledge and depth of experience that Consensus possesses with respect to the Debtors' industry is invaluable to the Committee. Consensus's extensive experience in the jewelry industry and its knowledge of the Debtors' businesses were key considerations in its selection as financial advisors to the Committee. Consensus served as the financial advisor to a group of the debtors' thirty (30) largest trade vendors pre-petition.

9.      Moreover, Consensus has familiarized itself with the Debtors' businesses and legal affairs and began rendering services to the Committee on February 4, 2008 in order to prepare for an imminent hearing and objection deadline associated with adjourned first day

hearings as well as an expedited sale process. For that reason, the Committee requests that the Court authorize Consensus's retention effective as of February 4, 2008.

10. Given the expertise and background knowledge of Consensus in its numerous practice areas and its familiarity with the Debtors and the jewelry industry, Consensus is uniquely qualified to advise the Committee in these cases. Importantly, as mentioned above, Consensus comes to this engagement with extensive knowledge of and information regarding the Debtors' businesses. If the Committee is forced to find other financial advisors it would experience undesirable delays, incur additional and unnecessary expenses and disrupt its critical role of protecting unsecured creditors' interests.

11. Based on the foregoing, the Committee believes that Consensus is well-qualified to serve as financial advisors in these cases and that the retention of Consensus is in the best interest of the Committee and unsecured creditors.

## COMPENSATION AND SERVICES TO BE RENDERED

12. Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and any other procedural Orders of this Court, compensation will be payable to Consensus on an hourly basis. Consensus's services to the Committee will be provided by a team of professionals led by President Michael O'Hara and Managing Director Mark Lenz. The hourly billing rates for these individuals are as follows: Michael O'Hara $495 per hour, Mark Lenz $450 per hour, managing directors $450 per hour, directors $350 per hour, associates $275 per hour and paraprofessionals $95 per hour.

13. Consensus will also seek reimbursement of the actual and necessary expenses it incurs in connection with its work on behalf of the Committee in these cases.

14. The professional services that it is anticipated Consensus will render in this proceeding include the following:

    a. Become familiar with, to the extent Consensus deems reasonably appropriate, and analyze the business, operations, properties, financial condition and prospects of the Debtors;

    b. To the extent requested by the Committee and/or Committee counsel, conduct investigations into financial or other matters concerning the Debtors and/or their affiliates;

    c. Analyze the Debtors' financial liquidity and availability of assets to support DIP borrowings or the use of cash collateral;

    d. Monitor and, to the extent practical, participate in, any efforts by the Debtors and their advisors to market all or any part of the Debtors for sale, to raise capital, to restructure the Debtors' bank indebtedness and other liabilities and/or to liquidate all or any portion of the Debtors' assets;

    e. Monitor and, to the extent practical, participate in, any efforts by the Debtors and/or their principals and their respective advisors to market all or any affiliates of the Debtors for sale, to raise capital for such affiliates, to restructure the affiliate(s)' bank indebtedness and other liabilities and/or to liquidate all or any portion of any such affiliates' assets;

    f. In connection with the duties described in items the previous two items, participate in the review and analysis of bids to acquire the Debtors and/or all or part of their assets;

    g. Determine an estimated range of values for the Debtors and, if practical, their subsidiaries and affiliates on a hypothetical liquidation basis and, if requested, on an enterprise basis;

    h. Advise the Committee on financial and factual issues concerning capital structure priorities and the rights, priorities and status of the Debtors' various classes of unsecured claims;

    i. Provide assistance with the claims resolution procedure including, but not limited to, analyses of creditors' claims by type and entity;

    j. Assist the Committee's counsel in developing support for Committee positions on preference and other avoidance actions, reclamation claims, consignment issues, subordination or recharacterization issues, substantive consolidation and/or other litigation matters;

    k. To the extent requested by the Committee and subject to any confidentiality obligations of the Committee, communicate to creditors not otherwise members of the Committee on matters involving the case; and

    l. Render other general bankruptcy and consulting services such as attending court hearings, if so requested, and identifying or evaluating strategies to maximize the value of the estate, including a sale, liquidation or other alternatives.

15. Except as set forth in the Affidavit of Michael O'Hara, sworn to on February 21, 2008 (the "O'Hara Affidavit") filed in support of this Application, and attached hereto as Exhibit A, Consensus does not hold or represent any interest adverse to the Debtors' estates. Consensus is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and Consensus's employment is necessary and in the best interests of the Committee.

## NO PRIOR REQUEST

16. No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

17. Notice of this Application has been given to the Office of the United States Trustee, counsel for the Debtors, the largest twenty (20) unsecured creditors of each Debtor, and all parties having filed a notice of appearance in these cases. The Committee respectfully submits that no further notice of the relief sought is required.

## CONCLUSION

WHEREFORE, based on the foregoing, the Committee respectfully requests that this Court enter an Order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, substantially in the form submitted herewith, authorizing the retention of Consensus as its financial advisors effective as of February 4, 2008, pursuant to the terms set forth in the Retention Agreement, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 15, 2008

                              Official Committee of Unsecured Creditors

                              By:   /s/ Nirav Dalal
                                    Authorized Member of the Committee

# **EXHIBIT A**