IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                                        :   Chapter 11
                                                              :
FRIEDMAN'S INC.,                                              :   Case No. 08-10161 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                              :   Jointly Administered
                            Debtors.                          :
---------------------------------------------------------------X

**AFFIDAVIT OF MICHAEL O'HARA IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 328(a), 1103(a), AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF CONSENSUS ADVISORS AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

MICHAEL O'HARA, being duly sworn, deposes and says:

1. I am a president of Consensus Advisors ("Consensus") located at 218 Newbury Street, 3rd floor, Boston, MA 02116-2550. This Affidavit is submitted in support of the Application of the Official Committee of Unsecured Creditors (the "Committee"), for the entry of an Order authorizing it to retain Consensus as its financial advisors in these cases effective as of February 4, 2008. Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. On January 22, 2008, an involuntary petition was filed against Friedman's Inc. ("Friedman's") for relief with this Court under Chapter 7 of the Bankruptcy Code.

3. An Order subsequently converting the case to Chapter 11 of the Bankruptcy Code was entered by this Court on January 28, 2008.

---

[1] The debtors consist of the following entities: Friedman's Inc. (EIN: 58-2058362) and Crescent Jewelers (EIN: 94-1639920).

{00740493;v1}

4. On January 28, 2008, Crescent Jewelers ("Crescent") filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

5. An Order was entered on January 28, 2008 directing the joint administration of the Chapter 11 cases of Friedman's and Crescent (together, the "Debtors"). The Debtors have continued in possession of their businesses and assets as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these cases.

6. On February 4, 2008, the United States Trustee for the District of Delaware, appointed the following entities to serve on the Committee:

    a. Rosy Blue Inc.,

    b. Paul Winston-Eurostar, LLC,

    c. Bulova Corporation,

    d. Andin International,

    e. Ivie & Associates, Inc.,

    f. National Electronics Warranty Corporation, and

    g. General Growth Properties, Inc.

7. On February 4, 2008, the Committee retained Consensus as its financial advisor in these cases, subject to the approval of this Court, based on, among other things, Consensus's experience in advising creditors' committees and other parties in bankruptcy cases as well as Consensus's experience in advising entities in the diamond and jewelry industry.

8. On February 4, 2008, Consensus began working with the Committee and familiarizing itself with the Debtors' businesses and legal affairs in order to prepare for the hearing scheduled for February 13, 2008 as well as an expedited sale process. For that reason,

the Committee requests that the Court authorize Consensus's retention effective as of February 4, 2008.

9. Consensus's services to the Committee will be provided by a team of professionals led by myself and Managing Director Mark Lenz. The hourly billing rates for these individuals and for our colleagues are as follows:

| Name | Position | Hourly Billing Rate |
| --- | --- | --- |
| Michael O'Hara | President | $495.00 |
| Mark Lenz | Managing Director | $450.00 |
| | Directors | $350.00 |
| | Associates | $275.00 |
| | Paraprofessionals | $95.00 |

10. Consensus will also seek reimbursement of the actual and necessary expenses it incurs in connection with its work on behalf of the Committee in these cases.

11. The professional services that it is anticipated Consensus will render in this case include the following:

> a) Become familiar with, to the extent Consensus deems reasonably appropriate, and analyze the business, operations, properties, financial condition and prospects of the Debtors;
>
> b) To the extent requested by the Committee and/or Committee counsel, conduct investigations into financial or other matters concerning the Debtors and/or their affiliates;
>
> c) Analyze the Debtors' financial liquidity and availability of assets to support the use of DIP borrowings and/or cash collateral;
>
> d) Monitor and, to the extent practical, participate in, any efforts by the Debtors and their advisors to market all or any part of the Debtors for sale, to raise capital, to restructure the Debtors' bank indebtedness and other liabilities and/or to liquidate all or any portion of the Debtors' assets;

e) Monitor and, to the extent practical, participate in, any efforts by the Debtors and/or their principals and their respective advisors to market all or any affiliates of the Debtors for sale, to raise capital for such affiliates, to restructure the affiliate(s)' bank indebtedness and other liabilities and/or to liquidate all or any portion of any such affiliates' assets;

f) In connection with the duties described in items the previous two items, participate in the review and analysis of bids to acquire the Debtors and/or all or part of their assets;

g) Determine an estimated range of values for the Debtors and, if practical, their subsidiaries and affiliates on a hypothetical liquidation basis and, if requested, on an enterprise basis;

h) Advise the Committee on financial and factual issues concerning capital structure priorities and the rights, priorities and status of the Debtors' various classes of unsecured claims;

i) Provide assistance with the claims resolution procedure including, but not limited to, analyses of creditors' claims by type and entity;

j) Assist the Committee's counsel in developing support for Committee positions on preference and other avoidance actions, reclamation claims, consignment issues, subordination or recharacterization issues, substantive consolidation and/or other litigation matters;

k) To the extent requested by the Committee and subject to any confidentiality obligations of the Committee, communicate to creditors not otherwise members of the Committee on matters involving the case; and

l) Render other general bankruptcy and consulting services such as attending court hearings, if so requested, and identifying or evaluating strategies to maximize the value of the estate, including a sale, liquidation or other alternatives.

12. To the best of my knowledge, after due inquiry, Consensus neither represents nor holds any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. In conducting this inquiry, I personally reviewed the names of the entities on Exhibit A hereto to determine if Consensus has advised any of these entities. As President of Consensus, I am fully familiar with all of its former and current clients. Except as noted immediately below, I am presently unaware of any instances in which Consensus, or its employees have represented, or may be currently

representing creditors of the Debtors or other parties in interest, in matters unrelated to this case, but it is possible one or more of them may assert claims against the Debtors during these chapter 11 cases.

13. Prior to the Petition Date, Consensus served as the financial adviser to an ad hoc group of the Debtors' thirty (30) largest trade creditors in connection with the Debtors' efforts to restructure their businesses out of court.

14. From August 2004 through February 3, 2006, I served my former employer, Financo, Inc., in our representation of the Official Committee of Unsecured Creditors of Crescent. From February 6, 2006 through its confirmation in July 2006, Consensus and I were co-advisors to the aforementioned Committee along with Financo. On July 28, 2006, I was appointed to serve as the Trustee to the post-effective Crescent Creditors Trust, the post-effective trust formed to liquidate proceeds for the benefit of unsecured creditors in the aforementioned case. Substantially all of the monies to be distributed to unsecured creditors have been distributed as of this date. Crescent, as reorganized, is now a Debtor in these cases.

15. Although they have never been clients of Consensus, I have in the past when employed by another organization (in all cases, greater than two years ago) provided services to Samuels Jewelers and Whitehall Jewellers who are both competitors of the Debtors and who may participate in bidding for the some or all of the Debtors assets in a sale process. In addition, Mark Lenz previously served as Chief Financial Officer of Zale Corporation, also a competitor of the Debtors and an entity that may participate in bidding for the some or all of the Debtors' assets in a sale process. None of the aforementioned competitors is a client of Consensus.

16. Christopher Ellis, a Managing Director of Consensus, is engaged as chief restructuring advisor to L.I.D., Ltd. ("LID"), a debtor-in-possiession under Chapter 11 of the U.S. Bankruptcy Code and a global diamond and jewelry manufacturer, and Consensus is providing financial advisory services to Mr. Ellis. LID was once a vendor to the Debtors and may be owed monies by the Debtors. Consensus believes that, to the extent LID is owed monies by the Debtors, their interests are aligned with those of other similarly situated merchandise vendors on the Committee or otherwise.

17. Consensus currently serves as financial advisor to the Official Committee of Unsecured Creditors of M. Fabrikant & Sons ("MFS") and Fabrikant-Leer International, Ltd. ("FLI"), both debtors-in-possession under Chapter 11 of the U.S. Bankruptcy Code. Both MFS and FLI were once large vendors to the Debtors, but neither is currently an operating company. Further, to the extent that either MFS or FLI is owed monies by the Debtors, Consensus believes that their interests are aligned with those of the trade vendors owed monies by these Debtors whether on the Committee or otherwise.

18. I currently serve on the Board of Directors of Footstar, Inc. Two of the Debtors' current directors, Eugene Davis and Steven Scheiwe also serve on this Board of Directors.

19. Consensus served as an advisor to Wells Fargo Retail Finance on an unrelated project from November 2007 through December 2007. Consensus has been engaged in various bankruptcies with several of the lenders in the Debtors' senior lending facility but, except as described in the previous sentence, have not been retained by such lenders.

20. From October 2006 through October 2007, we were engaged as general strategic advisors to an affiliate of Rosy Blue Inc. ("Rosy Blue") on matters unrelated to the current case.

21. If Consensus discovers any information that is inconsistent with the statements made herein or otherwise relevant to the disclosures, Consensus will file and serve a supplemental affidavit disclosing such information.

22. Consensus will apply for allowance of compensation at its normal hourly rates and for reimbursement of actual and necessary expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the rules of this Court and any other procedures as have been or may be fixed by orders of this Court.

23. Consensus has not entered into any agreement to share the compensation it receives in connection with these cases nor to share the compensation received by another person in connection with these cases, other than as permitted by Bankruptcy Code section 504(b).

                                                                    /s/ Michael O'Hara
                                                                    Michael O'Hara

Sworn to before me on February 21, 2008

/s/ Don Kick
Notary Public

      Don K. Kick
Notary Public, State of New York
     No. 01KI6098644
  Qualified in Nassau County
Commission Expires Sept. 15, 2011

EXHIBIT A

LIST OF PARTIES SEARCHED FOR CONFLICTS

**The Debtors**

Friedman's Inc.;
Crescent Jewelers

**Top Twenty (20) Unsecured Creditors of Friedman's Inc.**

Sumit Diamond Corporation;
Rosy Blue Inc.;
Masterpiece Diamond, LLC;
N.E.W. Customer Service Company;
Verigold Jewelry, Inc.;
Paul Winston-Eurostar, LLC;
Andin International;
Clover Corporation;
Sieche & Co., Inc.;
Bulova Corporation;
Vijay Gold;
Fantasy Diamond;
GoldStar Jewellery;
Citizen Watch Co.;
Ivie & Associates, Inc.;
Royal Chain;
Frederick Goldman;
Seiko Time;
Lorenzo USA (Diamond);
Grant Thornton LLP

**Top Twenty (20) Unsecured Creditors of Crescent Jewelers**

Ivie & Associates, Inc.;
Buntin Advertising, Inc.;
Give Something Back Business Products;
Fed Ex;
AT&T;
International Packaging;
High Cotton;
ADT Security Systems;
Office of the United States Trustee;
Genuine Jewel;
Johnson & Son Mfg.;
Nation Service, Inc.;

Megapath, Inc.;
Vu's Jewelers;
Arrow Financial Services, LLC;
Play Network, Inc.;
Verizon California;
K.V. Jeweler;
MBA of California, Inc.;
PG&E – Pacific Gas & Electric Company

**The Debtors' Senior Management**

Eugene I. Davis

**The Debtors' Lenders/Agent**

Harbinger Capital Partners Master Fund I, Ltd.;
Wells Fargo Retail Finance LLC;
LaSalle Retail Finance, a division of LaSalle Business Credit LLC, as agent for LaSalle Bank;
Midwest National Association;
Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services, Inc.;
Sovereign Bank;
The CIT Group/Business Credit, Inc.