# Exhibit A

{00733010;v1}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| INPHONIC, INC., et al.,[1] | : Case No. 07-11666-KG |
| Debtors. | : (Jointly Administered) |

### STIPULATION AMONG DEBTORS, SIMPLEXITY, LLC, ADEPTIO INPC HOLDINGS, LLC AND ALLTEL COMMUNICATIONS, INC. FOR ASSUMPTION, ASSIGNMENT, AND CURE OF CERTAIN AGREEMENTS

InPhonic, Inc., a Delaware corporation ("InPhonic"), and its wholly-owned subsidiaries, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Simplexity, LLC ("Simplexity"), as assignee of Adeptio INPC Holdings, LLC ("Adeptio"), Adeptio, and Alltel Communications, LLC f/k/a Alltel Communications, Inc. ("Alltel" and together with the Debtors, Adeptio and Simplexity, the "Parties") hereby enter into this stipulation ("Stipulation"), dated February [29], 2008. The Parties hereby make the following statements and agreements:

WHEREAS, on November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors remain in possession of their assets and continue to manage their business as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108; and

WHEREAS, on the Petition Date, the Debtors filed that certain Motion for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and

---

[1] The Debtors are InPhonic, Inc, CAIS Acquisition, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, CAIS Acquisition II, LLC, FON Acquisition, LLC, and 1010 Interactive, LLC.

9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (Docket No. 13, the "Sale Motion"), pursuant to which the Debtors sought authority to sell substantially all their assets to Adeptio or such other higher or better bidder; and

WHEREAS, by that certain Order dated December 13, 2007 (Docket No. 250, the "Sale Order") the Court granted the Sale Motion and authorized the Debtors' entry into that certain Asset Purchase Dealer Agreement with Adeptio (the "APA"); and

WHEREAS, InPhonic and Alltel entered into that certain Communications Services Agent Agreement, dated September 27, 2000 (as amended, supplemented, and modified from time to time, the "Agent Agreement"), pursuant to which: (a) InPhonic became an authorized agent of Alltel to market and sell Communications Services (as that term is defined in the Agent Agreement); and (b) InPhonic became permitted to purchase communication equipment, including but not limited to, cellular and wireless telephones, pagers and accessories (the "Equipment") from Alltel; and

WHEREAS, as of the Effective Date (defined below), InPhonic owes Alltel $308,795.29 under the Agent Agreement for purchases of Equipment through October 31, 2007 (the "Unpaid Equipment Balance"); and

WHEREAS, as of the Effective Date (defined below), Alltel owes InPhonic $102.42 (the "Unpaid Commission Balance") under the Agent Agreement on account of commissions for performance activities under the Agent Agreement through October 31, 2007, which such Unpaid Commission Balance is subject to reconciliation, dispute, Chargeback (as defined in the

Agent Agreement), recoupment and other rights, claims, and actions in accordance with the terms and conditions of the Agent Agreement; and;

**WHEREAS**, as of the Effective Date (defined below), InPhonic has accrued and qualified for $61,900.00 in Co-Operative Accrual Payments (as defined in the Agent Agreement) through February 14, 2008 (the "Unpaid Co-op Balance"); and

**WHEREAS**, as of the Effective Date (defined below), InPhonic has asserted $24,379.00 in certain open disputed amounts under the Agent Agreement (the "Disputed Amount"), which such Disputed Amount arises from InPhonic's reconciliation of commission payments for the period through October 31, 2007, it being understood that the Parties reserve all rights in connection with such Disputed Amount and Alltel does not concede the validity of the Disputed Amount; and

**WHEREAS**, in addition to the Disputed Amount, potential disputes under the Agent Agreement may arise in connection with the Post-November 1 InPhonic Receivable (defined below), the Post-November 1 Alltel Receivable (defined below) and Chargebacks (as defined in the Agent Agreement) (collectively with the Disputed Amount, the "Disputes"); and

**WHEREAS**, for the period commencing on and after November 1, 2007, InPhonic is owed commissions and Residual Payments (as defined in the Agent Agreement), and has accrued additional Co-Operative Accrual Payments (as defined in the Agent Agreement) for performance of activities under the Agent Agreement (the "Post-November 1 InPhonic Receivable"), and Alltel is owed amounts for Equipment purchases (the "Post-November 1 Alltel Receivable"), which such Post-November 1 InPhonic Receivable and Post-November 1 Alltel Receivable are subject to reconciliation, dispute, Chargeback (as defined in the Agent Agreement), recoupment and other rights, claims, and actions pursuant to the terms of the Agent Agreement; and

**WHEREAS**, the Sale Order contained certain terms preserving the Parties' rights and remedies under the Agent Agreement pending InPhonic's assumption or rejection of the Agent Agreement pursuant to the terms of the Sale Order and the APA; and

**WHEREAS**, pursuant to the Sale Order and APA, Simplexity, as assignee of Adeptio, purchased, *inter alia*, the Unpaid Commission Balance, the Unpaid Co-Op Balance, the Post-November 1 InPhonic Receivable and the Disputes; and .

**WHEREAS**, as reflected by this Stipulation, the Parties have reached an agreement, subject to the approval of the Bankruptcy Court, providing for: (a) the assumption of the Agent Agreement by InPhonic and the assignment of the Agent Agreement by InPhonic to Simplexity; and (b) the cure of the Unpaid Equipment Balance and any other amounts owing to Alltel under the Agent Agreement as of Petition Date under Bankruptcy Code § 365 (provided, however, that nothing herein shall affect and/or abridge Alltel's right to the Chargebacks (as defined in the Agent Agreement) or Alltel's Offset Rights (as defined below) for amounts owed as of, or after, the Petition Date, all such rights being expressly reserved).

**NOW, IT IS THEREFORE STIPULATED AND AGREED**, by the Parties as follows:

1.     Upon the Effective Date (as defined below), the Agent Agreement shall be deemed assumed by InPhonic and assigned by InPhonic to Simplexity pursuant to Bankruptcy Code § 365. Alltel agrees that InPhonic shall be permitted to assign the Agent Agreement to Simplexity, as assignee of Adeptio, and Simplexity agrees to be bound by the Agent Agreement and this Stipulation.

2.     On the Effective Date (as defined below), and by the Offset (as defined below) and the terms of this Stipulation, the Debtors, Adeptio and Simplexity shall be deemed to have

provided adequate assurance of future performance and to have satisfied all obligations relating thereto under Bankruptcy Code § 365.

3. Upon the Effective Date (as defined below), Alltel shall be deemed to have an allowed claim in the amount of the Unpaid Equipment Balance which shall be deemed paid in full by the Offset as set forth in this Stipulation.

4. In full and final settlement, satisfaction, and cure of the Unpaid Equipment Balance, Alltel shall offset the Unpaid Equipment Balance against the Unpaid Commission Balance and the Post-November 1 InPhonic Receivable until such Unpaid Equipment Balance is satisfied in full (the "Offset"), and that portion of the Post-November 1 InPhonic Receivable remaining after the Offset and the Unpaid Co-op Balance shall be paid to Simplexity (the "Payment"). By the Offset, the Debtors, Adeptio, and Simplexity shall be deemed to have satisfied any and all cure obligations under Bankruptcy Code § 365.

5. Upon the Effective Date: (a) the terms of this Stipulation shall govern the Parties' rights and remedies with respect to the Offset; and (b) the Offset and the Payment shall be deemed a full and final accord and satisfaction among the Parties as to (i) the Unpaid Equipment Balance, and (ii) the Unpaid Commission Balance and the Unpaid Co-op Balance, and (iii) the Post-November 1 InPhonic Receivable solely to the extent necessary to satisfy the Unpaid Equipment Balance (after application of the Unpaid Commission Balance); provided, however, that nothing herein shall affect and/or abridge Alltel's right to the Chargebacks (as defined in the Agent Agreement) or Alltel's Offset Rights (as defined below) with regards to the Unpaid Commission Balance, the Unpaid Co-op Balance or the Post-November 1 Inphonic Receivable, all such rights being expressly reserved.

6. Subject to Paragraph 10 below, upon the Effective Date, the Debtors, on behalf of themselves, their respective officers, directors (in their individual and representative capacities), and their subsidiaries, predecessors, affiliates, parent corporations, if any, joint ventures, successors and assigns, administrators and trustees (including without limitation any subsequently appointed chapter 7 or chapter 11 trustees, plan administrator, responsible officer, receiver, litigation or liquidating trusts, litigation officer and any other estate fiduciary in this or any other proceeding or matter) (each a "Debtor Party" and collectively, the "Debtor Parties"), hereby waive, discharge, and release any and all rights, claims, causes of action, defenses, damages, actions, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, demands, controversies or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable (collectively, the "Claims"), including without limitation, any Claims under chapter 5 of the Bankruptcy Code or any similar or dissimilar state laws (collectively, "Avoidance Actions"), which any Debtor Party now has or ever had or hereafter may have against Alltel and any of its past or present employees, officers, directors (in their individual and representative capacities), subsidiaries and other controlled affiliates, predecessors, successors and assigns (each a "Alltel Party" and collectively, the "Alltel Parties") from the beginning of time until the Effective Date arising out of, in connection with, or relating to, the Agent Agreement. For the avoidance of doubt, the release of the Avoidance Actions under this Stipulation does not release any of the Alltel Parties from any Claim by the Debtor Parties on account of any stock or other equity interests in the Debtors or any payments to any of the Alltel Parties on account of any equity interests received within two years of the filing of Debtors' bankruptcy petitions.

7. Subject to Paragraph 10 below, upon the Effective Date, the Alltel Parties hereby waive, discharge, and release any and all Claims which any Alltel Party now has or ever had or hereafter may have against any of the Debtor Parties from the beginning of time until the Effective Date arising out of, in connection with, or relating to, the Agent Agreement.

8. Subject to Paragraph 10 below, upon the Effective Date, Simplexity and Adeptio, and all of their respective past and present employees, officers, directors (in their individual and representative capacities), subsidiaries and other controlled affiliates, predecessors, successors and assigns (each a "Simplexity/Adeptio Party" and collectively, the "Simplexity/Adeptio Parties") hereby waive, discharge, and release any and all Claims and/or Avoidance Actions which any of the Simplexity/Adeptio Parties now have or ever had or hereafter may have against any of the Alltel Parties from the beginning of time until the Effective Date.

9. Subject to Paragraph 10 below, upon the Effective Date, the Alltel Parties hereby waive, discharge, and release any and all Claims which any Alltel Party now has or ever had or hereafter may have against any of the Simplexity/Adeptio Parties from the beginning of time until the Effective Date arising out of, in connection with, or relating to, the Agent Agreement.

10. Nothing in the releases set forth in Paragraphs 6, 7, 8 and 9 above shall be deemed or construed to operate as a release of: the Disputes; the Chargebacks (as defined in the Agent Agreement); the Post-November 1 InPhonic Receivable (to the extent not necessary to satisfy the Unpaid Equipment Balance); the Post-November 1 Alltel Receivable; claims, rights or defenses arising under the Agent Agreement after the Effective Date; or any right to reconcile and dispute commissions and other amounts in accordance with the Agent Agreement; provided, however, it is understood and agreed that nothing in this Paragraph 10 (including the reservations contained herein) in any way alters, modifies, or otherwise impacts the release of the Debtors from any

Claims on account of the Disputes, the Post-November 1 InPhonic Receivable, the Post-November 1 Alltel Receivable, and Chargebacks. All Claims, rights, and actions with respect to the Disputes, Chargebacks (as defined in the Agent Agreement), Post-November 1 InPhonic Receivable (to the extent not necessary to satisfy the Unpaid Equipment Balance), and Post-November 1 Alltel Receivable are expressly reserved, and all such Claims, rights and actions shall be reconciled and resolved in accordance with the Agent Agreement.

11. Any modification to the payment terms for the purchases of Equipment set forth in Section 6 of the Agent Agreement shall be mutually agreed upon by Simplexity and Alltel in writing.

12. Other than as explicitly set forth herein: (a) nothing in this Stipulation shall alter the terms of the Agent Agreement; and (b) upon assumption of the Agent Agreement by InPhonic and assignment of the Agent Agreement to Simplexity, the terms and conditions of the Agent Agreement shall govern all Claims, amounts, transactions, and other matters arising under the Agent Agreement. Nothing contained herein shall impact, impair, abridge, alter, or modify the validity, extent or priority of any offset, setoff, recoupment and purchase money security interest (collectively, the "Offset Rights"), if (and only to the extent) any such Offset Rights exist under the Agent Agreement or otherwise.

13. Other than as explicitly set forth herein, Simplexity shall observe and perform all of the duties, obligations, terms, provisions and covenants, and pay and discharge all of the liabilities of the Debtors to be observed, performed, paid or discharged under the Agent Agreement.

14. Upon the Effective Date, the Debtors shall be relieved of all claims, duties, obligations, terms, provisions, covenants, and liabilities to be observed, performed, paid or discharged under the Agent Agreement.

15. Simplexity shall have the right, in accordance with the terms of the Agent Agreement, to return to Alltel for credit Equipment purchased prior to, on, or after the Effective Date.

16. Other than with respect to matters set forth in this Stipulation, Alltel reserves all of its rights and remedies against the Debtors, their estates, and all other parties, including without limitation, its right to seek any other relief it deems appropriate in these cases.

17. Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

18. Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

19. The Debtors represent that all parties in interest required to be given notice of this Stipulation by the Bankruptcy Code have been given notice and no other or further notice is necessary or required.

20. This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding and agreements between them concerning its subject. There are no other oral or written representations, agreements, or understandings between the Parties

relating to its subject. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided. Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

21. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation; provided, however, that nothing in this Stipulation shall be construed to be or constitute a waiver of the arbitration provisions contained in Section 14.15 of the Agent Agreement.

22. This Stipulation shall be interpreted in accordance with the laws of the State of New York.

23. This Stipulation may be executed by facsimile signature in separate counterparts and shall become effective when such separate counterparts have been exchanged among the Parties.

24. The execution of this Stipulation by any Party does not constitute, imply or evidence the truth of any claim, the admission of any liability, the validity of any defense or the existence of any circumstances of fact, which could constitute a basis for any claim, liability or defense, other than for the purpose of enforcing the terms and provisions of this Stipulation.

25. This Stipulation shall be binding upon the parties hereto and the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed chapter 11 or chapter 7 trustee or other estate fiduciary.

26. This Stipulation is subject to and shall become effective on the date that an Order of the Bankruptcy Court approving this Stipulation (the "Effective Date") becomes final and non-appealable.

IN WITNESS WHEREOF, the parties, by their authorized counsel, have set their hands in agreement as of the dates written below

Dated: Wilmington, Delaware
February 24, 2008

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020 | Simplexity, LLC, as assignee of Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |
|---|---|
| Alltel Communications, LLC f/k/a Alltel Communications, Inc.<br><br>By: _____<br>Kathleen M. Miller<br>Smith, Katzenstein & Furlow, LLP<br>The Corporate Plaza<br>800 Delaware Avenue<br>PO Box 410<br>Wilmington, Delaware 19899<br><br>and<br><br>Mark A. Salzberg (*pro hac vice*)<br>Foley & Lardner LLP<br>3000 K Street, N.W., Suite 500<br>Washington, DC 20007-5101 | Adeptio INPC Holdings, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 |