**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: : <br> : <br> SN LIQUIDATION, INC., <u>et al</u>. : <br> : <br> Debtors. : <br> : <br> : | Chapter 11 <br><br> Case No. 07-11666 (KG) <br> (Jointly Administered) <br><br> **Obj. Deadline: March 18, 2008 at 4:00 p.m.** <br> **Hearing Date: March 28, 2008 @ 10:00 a.m.** |

**QUALUTION SYSTEMS, INC.'S MOTION TO COMPEL PAYMENT OF
MONTHLY LEASE OBLIGATIONS DUE UNDER LICENSE AGREEMENT OR
FOR ORDER ALLOWING ADMINSTRATIVE EXPENSE CLAIM
<u>PURSUANT TO 11 U.S.C. §503(b)</u>**

Qualution Systems, Inc. ("Qualution"), a creditor and party in interest, hereby submits this *Motion to Compel Payment of Monthly Lease Obligations Due Under License Agreement or for Order Allowing Administrative Expense Claim Under 11 U.S.C. §503(b)* (the "Motion"), and in support thereof, represents as follows:

<u>**General Background**</u>

1. Qualution and Star Number, Inc. ("Star Number"), a wholly-owned subsidiary of InPhonic, Inc. ("InPhonic"), are parties to a Non-Exclusive License and Servicing Agreement dated effective as of October 7, 2003 (the "License Agreement"). Pursuant to the License Agreement, Qualution granted to Star Number a non-exclusive license to use that certain wireless communications customer relations management software suite known as CATALYST for Telecom, and further agreed to provide certain maintenance services, as set forth in the License Agreement. A true and correct copy of the License Agreement is attached hereto as Exhibit 1.

2.  On November 8, 2007 ("the Petition Date"), InPhonic and each of its wholly-owned subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code").

3.  Since the Petition Date, upon information and belief, Debtors have continued to utilize CATALYST software and related services provided pursuant to the License Agreement. Since the Petition Date, Qualution has provided services pursuant to the terms and conditions of the License Agreement.

4.  On the Petition Date, the Debtors filed the *Motion of Debtors for an Order Pursuant to Sections 105(A), 363, and 365 of the Bankruptcy Code in Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the "Sale Motion").

5.  On December 13, 2007, the Court entered an order approving the Sale Motion (the "Sale Order"). The Sale Order authorizes the Buyer (as defined in the Sale Order) to direct the Debtors to "hold" certain unexpired leases and/or executory contracts (the "Held Contracts"). If an executory contract is designated as a "Held Contract," the Debtors may hold and not reject the contract for as long as 210 days.

6.  On January 4, 2008, the License Agreement was designated as a Held Contract. *See,* D.I. 290.

7.  The Debtors (or the Buyer) have defaulted on the post-petition obligations under the License Agreement, having failed to pay the monthly license charges for the

months of December 2007, January 2008 and February 2008, which total $25,000.00 (the "Post-Petition Defaults"). Attached hereto as Exhibit 2 are true and correct copies of the unpaid post-petition invoices.

## Basis for Claim and Relief Requested

8.   Qualution respectfully requests that the Court enter an order that directs and compels the immediate payment of the Post-Petition Defaults to Qualution or award Qualution an allowed administrative expense claim pursuant to 11 U.S.C. §503(b) in the amount of the Post-Petition Defaults.  Here, given the designation of the License Agreement as a "Held Contract", it is especially egregious that Debtors (or the Buyer) have defaulted on their post-petition obligations.

9.   Section 503(b)(1)(A) of the Bankruptcy Code provides for the allowance of administrative expenses, including "the actual necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."  Administrative expenses are entitled to a first priority distribution pursuant to § 507(a)(1) of the Bankruptcy Code.

10.   Generally speaking, in order for an obligation to qualify as an actual and necessary administrative expense, the obligation (1) must have arisen from a transaction with the estate and (2) must have benefited the estate in some demonstrable way. In re Megafood Stores, Inc. 163 F.3d 1063 (9th Cir. 1998); In re White Motor Corp., 831 F.2d 106 (6th Cir. 1987).

11.   With respect to post-petition obligations incurred by a debtor, the Supreme Court has held that:

> If the debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor in possession is obligated to pay for the reasonable value of those services, which, depending on the circumstance of a particular contract, may be what is specified in the contract.

National Labor Relations, Bd. v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984).  All of the expenses which are the subject of this Motion arose from post-petition services provided by Qualution to the Debtors relating directly to the operation of the Debtors' business.

12. Qualution reserves the right to file an additional claim or claims for any amounts that may become due and owing to Qualution.

WHEREFORE, Qualution respectfully requests that this Court enter an order:

a. Compelling the immediate payment to Qualution of the amount of the Post-Petition Defaults in the amount of $25,000; or

b. Award Qualution an allowed administrative expense claim in the amount of $20,000; and

c. Granting Qualution such other and further relief to which it may show itself to be justly entitled.

5

Dated: February 25, 2008

        SEITZ, VAN OGTROP & GREEN, P.A.

        /s/ Patricia P. McGonigle
        _____
        Patricia P. McGonigle (DE 3126)
        pmcgonigle@svglaw.com
        Kevin A. Guerke (DE4096)
        kguerke@svglaw.com
        222 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        Tel: 302.888.0600
        Fax: 302.888.0606
        -and-

        J. Scott Bovitz
        Bovitz & Spitzer
        880 West First Street, Suite 502
        Los Angeles, CA 90012-2445

        Counsel to: Qualution Systems, Inc.