IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., et al.,[1] | : |
| | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Re: Docket No. 367 |

### ORDER APPROVING LIMITED NOTICE
### TO CERTAIN REBATE CREDITORS

This matter coming before the Court on the Debtors' Motion for Entry of an Order Limiting Notice Required to be Given to Certain Rebate Creditors (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) SN Liquidation, Inc. f/k/a Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

{00736301;v2}

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that the notice attached to the Motion as Exhibit A (the "Notice") is approved in all respects; and it is further

**ORDERED** that, provided that the Debtors serve the Notice upon all Rebate Creditors within ten (10) business days following the date of this Order, the Debtors are not required to provide any notices to the Rebate Creditors during the course of these chapter 11 proceedings other than the Notice; and it is further

**ORDERED** that the Rebate Claims shall constitute allowed general unsecured non-priority claims against the Debtors' bankruptcy estates; and it is further

**ORDERED** that the Debtors shall not object to the validity of any of the Rebate Claims for any reason during the course of these chapter 11 proceedings; and it is further

**ORDERED** that the Committee, any parties in interest, or any trustee appointed in these cases shall also be foreclosed from contesting the validity of the Rebate Claims; and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that this Court will retain jurisdiction to address all disputes related to the interpretation or enforcement of this Final Order.

Dated: February 25, 2007
Wilmington, Delaware

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY
JUDGE

{00736301;v2}