IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., et al.,<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 07-11666 (KG)<br>:<br>: (Jointly Administered)<br>:<br>: |

**NOTICE OF DEBTORS' FILING OF PROPOSED ORDER (I) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS
AND (II) DEEMING THAT THOSE CERTAIN HELD CONTRACTS TO BE
DESIGNATED CONTRACTS FOR ALL PURPOSES UNDER THE DECEMBER 13,
2007 SALE ORDER AND RELATED ASSET PURCHASE AGREEMENT**

**PLEASE TAKE NOTICE** the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, have filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a proposed order (the "Proposed Assumption Order") (i) authorizing the assumption and assignment of certain Held Contracts[1] for which the Debtors received an Assumption Notice, and (ii) deeming that those Held Contracts listed on the Assumption Notice are to be "Designated Contracts" for all purposes under December 13, 2007 Sale Order and related Agreement. A copy of the Proposed Assumption Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bankruptcy Court's January 30, 2008 Order Approving (a) the Assumption and Assignment of Additional Designated Contracts; and (b) Procedures for Future Assumption and Assignment of Certain Held Contracts (the "Procedures Order"), the Debtors are serving notice (the "Notice") of filing of the Proposed Assumption Order (i) by regular mail upon all parties to the contracts which are to be assumed; and (ii) by fax, e-mail or overnight delivery upon counsel to such parties for

---

[1] Unless otherwise indicated, all undefined capitalized terms used herein shall have the meaning ascribed to them in

{00743306;v1}

whom counsel has appeared ("Counsel of Record").

**PLEASE TAKE FURTHER NOTICE** that any objection to the assumption and assignment of the Held Contract must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the local rules for the Bankruptcy Court, (c) be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, within ten (10) business days of the party's receipt of the Notice (the "Objection Deadline"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on the same day, upon (i) SN Liquidation Inc., f/k/a/ InPhonic, Inc., 1010 Wisconsin Ave NW, Suite 600, Washington, D.C. 2007, Attn: Joseph Meyers, (ii) Debtors counsel, DLA Piper US LLP, 1251 Avenue of the Americas, New York, New York, 10020, Attn: Thomas R. Califano and Bayard, P.A., 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE, 19899, Attn: Neil B. Glassman; (iii) investment bankers for the Debtors, Goldsmith-Algio-Helms/Lazard Middle Market, 11 West 42nd Street, 29th Floor, New York, New York 10036, Attn: Andrew Torgrove; (iv) Simplexity LLC, c/o Cira Center, 2929 Arch Street, Philadelphia, PA 19104, Attn: David Lorry, with a copy to Kirkland and Ellis LLP, 2000 East Randolph Drive, Chicago, Illinois 60601, Attn: Anup Sathy and David Agay; and (v) counsel to the Official Committee of Unsecured Creditors, Reed Smith LLP, 1201 Market Street, Wilmington, DE 19801, Attn: Kurt F. Gwynne.

**PLEASE TAKE FURTHER NOTICE THAT** any party to a Held Contract which is sought to be assumed and assigned who has already filed a cure objection in response to the Sale Motion, Cure Notice or otherwise (a "Prior Cure Objection") need not file any additional objection to the Proposed Assumption Order prior to the objection deadline in order for the Debtors to schedule a hearing on the objection.

---

the Procedures Order.

**PLEASE TAKE FURTHER NOTICE THAT** if a written objection is timely filed, the Debtors will schedule a hearing on the objection (including any Prior Cure Objection filed by a party to a Held Contract which is to be assumed and assigned) on the next available omnibus hearing date that is more than 25 days from the date of the filing of the Proposed Assumption Order.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors and objecting Party are required to attend the hearing and failure to attend the hearing in person or by counsel may result in the entry of the Proposed Assumption Order by default.

**PLEASE TAKE FURTHER NOTICE THAT** the right of any party to a Held Contract that has filed a Prior Cure Objection to (i) amend such Prior Cure Objection; or (ii) assert any other and further grounds for objection to such assumption of such Held Contract prior to the Objection Deadline is reserved.

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are received by the Objection Deadline, or if there has been no Prior Cure Objection filed with respect to any contract sought to be assumed and assigned pursuant to the Assumption Order, the Debtors may file a certificate of no objection with the Bankruptcy Court and seek approval of the Assumption Order without further notice to any party.

Date:   February 25, 2008
        Wilmington, Delaware

**BAYARD, P.A.**

_____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

and

3

{00743306;v1}

**DLA PIPER US LLP**

Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession