## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., et al., | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |

**Hearing Date: March 28, 2008 at 10:00 a.m.**
**Objection Deadline: March 14, 2008 at 4:00 p.m.**

## SECOND MOTION FOR AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby file this second motion (the "Motion") for an order authorizing the Debtors to reject certain unexpired leases and executory contracts, as provided herein, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.    The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a) and 365(a) and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### GENERAL BACKGROUND

3.    On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

{00743371;v1}

4.    The Debtors continue to possess their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' business assets have been sold to a designee of Adeptio INPC Funding, LLC ("Adeptio" or "Buyer") as set forth below.

5.    No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

## ASSET SALE

6.    On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "Agreement"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  The Sale Motion sought authority to enter into the Agreement with Adeptio.

7.    On December 10, 2007, pursuant to section 2.5(a) of the Agreement, Adeptio submitted to the Debtors, and the Debtors subsequently filed with the Bankruptcy Court, that certain Notice of Assumption, Sale and Assignment of Designated Unexpired Leases and Executory Contracts ("Notice of Designated Contracts").  The Notice of Designated Contracts sets forth certain executory contracts and unexpired leases to which the Debtors are a party that, subject to subsequent notice of Adeptio under Section 2.5 of the Agreement, Adeptio intended to have assumed and assigned pursuant to Bankruptcy Code section 363 and 365 ("Designated Contracts").

8.    On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and Agreement (the "Sale Order").  The Sale Order authorizes the Debtors to assume and assign the Designated Contracts to Adeptio.  The Sale

{00743371;v1}

Order also authorizes Adeptio to direct the Debtors to assume additional contracts and "hold" contracts as follows:

> The Buyer may designate certain unexpired leases or executory contracts as a Held Contract. The Debtors shall hold and not reject each Held Contract for the Contract Retention Period. During the Contract Retention Period, the Buyer may direct the Debtors to assume and assign the Held Contract to the Buyer. As soon as practicable after receiving written notice from the Buyer to assume and assign the Held Contract the Debtors shall take all actions reasonably necessary to assume and assign the Held Contract to Buyer pursuant to Bankruptcy Code §365.

Sale Order, ¶30.

9.      The Debtors may reject any executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, except for those contracts that are deemed Designated Contracts and Held Contracts (defined below), pursuant to the terms in the Sale Order and Agreement. See Agreement, § 2.5.

10.     On or around December 21, 2007, Adeptio assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the Agreement (as defined in the Agreement). That date, the parties closed the sale of the Agreement.

11.     On December 31, 2007, pursuant to the Sale Order and section 2.5(b) of the Agreement, Simplexity submitted to the Debtors a notice setting forth additional Designated Contracts for assumption and assignment ("Additional Designated Contracts") and contracts to be "held" by the Debtors pursuant to the terms of the Sale order and section 2.5(b) of the Agreement ("Held Contracts").[1]

---

[1] On January 30, 2008, the Bankruptcy Court entered that certain Order Approving (A) The Assumption and Assignment of Additional Designated Contracts; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts, authorizing the Debtors to assume and assign certain contract to Simplexity and establishing the procedures for future assumption and assignment of held contracts.

{00743371;v1}

12.     On or around January 30, 2008 and February 15, 2008, Simplexity submitted to the Debtors notices (the "Notices") setting forth, among other things, lists of contracts and leases to be rejected by the Debtors and removed from the list of Held Contracts. The Debtors seek relief with respect to those contracts which, by the Notices, are no longer Held Contracts, and are to be rejected by the Debtors ("Rejected Contracts"). A list of the Rejected Contracts is attached hereto as Exhibit A.

13.     In addition, the Debtors are a party to an agreement with DS3 DataVaulting LLC (the "DS3 Agreement"). The Debtors seek to reject the DS3 Agreement nunc pro tunc to December 21, 2007.

## RELIEF REQUESTED

14.     By this Motion, the Debtors request the entry of an order under Bankruptcy Code section 105(a) and 365(a) authorizing the Debtors to reject the Rejected Contracts and the DS3 Agreement, nunc pro tunc to December 21, 2007 (the date of the closing of the sale) or, in the alternative, the earlier of: (a) the date the Debtors notified the non-debtor party to the Rejected Contract of the Debtors' intent to reject the contract by service of the instant motion; or (b) the date of entry of the Order approving this Motion (the "Rejection Date"). The Rejected Contracts, as enumerated in Exhibit A, and the DS3 Agreement have been neither assumed and assigned to Adeptio or Simplexity nor designated as Designated Contracts or Additional Designated Contracts.

## BASIS FOR REQUESTED RELIEF

15.     Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to reject an executory contract or unexpired lease is governed by the

4

"business judgment" standard. In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

16.     Once the Debtor states a valid business justification. "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

17.     The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S. D. N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions.").

18.     The Debtors, using their sound business judgment, have determined that rejecting the Rejected Contracts and the DS3 Agreement is in the best interest of the Debtors' estates. The Debtors' estates have determined that neither they nor their estates receive any benefit from the Rejected Contracts or the DS3 Agreement. The Debtors have sold substantially all of their business assets to Simplexity. The Rejected Contracts and the DS3 Agreement are not part of the assets that have been sold, nor will they ever be assumed and assigned to Simplexity. Therefore, there is no business justification to not reject the Rejected Contracts and the DS3 Agreement. In contrast, the relief requested herein will minimize administrative expense and maximize distribution to the Debtors' unsecured creditors.

{00743371;v1}

<u>**NUNC PRO TUNC REJECTION**</u>

19.     It is well established that the Bankruptcy Court has authority to deem the rejection of an unexpired lease or executory contract retroactively to a date prior to the date of entry of an order approving the rejection. <u>See</u>, <u>e.g.</u>, <u>In re NAMCO Cybertainment, Inc.</u>, Case No. 98-173 (PJW) (Bankr. D. Del. Apr. 15, 1998); <u>see also</u> <u>In re Hechinger Inv. Co.</u>, Case No. 99-2261 (PJW) (Bankr. D. Del. Aug. 12, 1999).

20.     The Debtors seek <u>nunc</u> <u>pro</u> <u>tunc</u> relief to avoid any potential additional administrative claim that could be asserted if the rejection of the Rejected Contracts and the DS3 Agreement was effective as of the date of entry of the order approving this Motion.  As set forth above, the Debtors sold substantially all of their assets to Simplexity on December 21, 2007. Thus, the Debtors submit that the rejection of the Rejected Contracts should be effective as of December 21, 2007 or, in the alternative, the earlier of: (a) the date the Debtors notified the non-debtor party to the Rejected Contract of the Debtors' intent to reject the contract by service of the instant motion; or (b) the date of entry of the Order approving this Motion.

<u>**STATEMENT PURSUANT TO LOCAL RULE 1001-1(b)**</u>

21.     Pursuant to District Local Rule 7.1.2(a), incorporated by reference into Bankruptcy Local Rule 1001-1(b), the Debtors waive their right to file a brief in support of the Motion because there are no novel issues of law presented in this Motion.

<u>**NOTICE**</u>

22.     Notice of this Motion has been provided to:  (a) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard Shepacarter); (b) counsel to Simplexity: Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Robert

6

S. Brady) and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (Attn.: David A. Agay), (c) counsel to the Committee, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne) (d) all parties having filed requests for notices in the Debtors' chapter 11 cases; (e) all parties to the Rejected Contracts.  The Debtors submit that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

### NO PRIOR REQUEST

23.    No previous motion for the relief requested herein has been made to this or any other Court.

### CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court approve the relief requested in the motion.

Date:  February 25, 2008
       Wilmington, Delaware

**BAYARD, P.A.**

By:
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

and

7

{00743371;v1}

**DLA PIPER US LLP**

Thomas R. Califano
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession

{00743371;v1}