IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| : | |
| SN LIQUIDATION, INC., <u>et al</u>. : | Case No. 07-11666 (KG) |
| : | (Jointly Administered) |
| : | |
| Debtors. : | **Obj. Deadline: March 14, 2008 at 4:00 p.m.** |
| : | **Hearing Date: March 28, 2008 at 10:00 a.m.** |
| : | |

**QUALUTION SYSTEMS, INC.'S OBJECTION TO DEBTORS' SECOND MOTION FOR AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE**

Qualution Systems, Inc. ("Qualution"), a creditor and party in interest, hereby files this objection to *Second Motion for an Order Authorizing Debtors to Reject Certain Unexpired Lease and Executory Contracts Pursuant to Section 365(a) of the Bankruptcy Code* (the "Motion"), and states as follows:

**General Background**

1.  Qualution and Star Number, Inc. ("Star Number"), a wholly-owned subsidiary of InPhonic, Inc. ("InPhonic"), are parties to a Non-Exclusive License and Servicing Agreement dated effective as of October 7, 2003 (the "License Agreement"). Pursuant to the License Agreement, Qualution granted to Star Number a non-exclusive license to use that certain wireless communications customer relations management software suite known as CATALYST for Telecom, and further agreed to provide certain maintenance services, as set forth in the License Agreement. A true and correct copy of the License Agreement is attached hereto as Exhibit 1.

2.  On November 8, 2007 ("the Petition Date"), InPhonic and each of its wholly-owned subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code"). The Debtors continue to possess their

property as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. The Debtors' business assets have been sold to a designee of Adeptio INPC Funding, LLC ("Adeptio" or "Buyer").

3. Since the Petition Date, upon information and belief, Debtors and/or Adeptio have continued to utilize CATALYST software and related services provided pursuant to the License Agreement. Since the Petition Date, Qualution has provided services pursuant to the terms and conditions of the License Agreement.

4. On the Petition Date, the Debtors filed the *Motion of Debtors for an Order Pursuant to Sections 105(A), 363, and 365 of the Bankruptcy Code in Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Sale of Substantially All of Their Assets; (II) Approving an Asset Purchase Agreement, Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the "Sale Motion").

*5.* On December 13, 2007, the Court entered an order approving the Sale Motion (the "Sale Order"). The Sale Order authorizes the Buyer (as defined in the Sale Order) to direct the Debtors to "hold" certain unexpired leases and/or executory contracts (the "Held Contracts"). If an executory contract is designated as a "Held Contract," the Debtors may hold and not reject the contract for as long as 210 days.

6. On January 4, 2008, the License Agreement was designated as a Held Contract. *See,* D.I. 290.

7. The Debtors and/or Adeptio (or its designee) have defaulted on the post-petition obligations under the License Agreement, having failed to pay all monthly license charges for the months of December 2007, January 2008 and February 2008, which total $20,000.00 (the "Post-

63638v1

2

Petition Defaults"). Qualution has filed its *Motion to Compel Payment of Monthly Lease Obligations Due Under License Agreement or for Order Allowing Administrative Expense Claim Pursuant to 11 U.S.C. §503(b)* (the "Motion to Compel"), seeking to compel payment of the Post-Petition Defaults.

8. According to the Motion, on or about January 30, 2008, Adeptio's designee, Simplexity, LLC, provided notice (the "Notice") to the Debtors requesting that the License Agreement, among other contracts, be rejected by the Debtors and removed from the list of Held Contracts. *See*, Motion at ¶12 and Exhibit "A". The Notice was not provided to Qualution or its counsel.

9. Qualution did not learn of the Debtors' intent to reject the License Agreement until counsel's receipt of the Motion on or about February 25, 2008.

**Basis for Objection**

10. The Motion is objectionable to the extent the Debtors seek to reject the License Agreement, *nunc pro tunc* to December 21, 2007, or in the alternative, the earlier of (a) the date the Debtors notified Qualution of the Debtors' intent to reject the License Agreement by service of the Motion (i.e., February 25, 2008), or (b) the date of entry of an order approving the Motion.

11. The License Agreement provides:

> 11.3 …Upon termination, in addition to any obligations or responsibilities hereunder, Star Number [Debtor] shall return all Work Product and Confidential Information in their or their designated data center(s) possession, to Qualution, remove CATALYST from Star Number data center(s) servers and otherwise discontinue Star Number's participation and use of CATALYST. The License shall also terminate as of the termination date.

12. CATALYST was installed on multiple serves utilized by the Debtors. Under the express provisions of Section 11.3 of the License Agreement, upon termination, the Debtors (or in

this case, the Buyer or Buyer's designee) are required to return all Work Product and Confidential Information (collectively, "Work Product") provided by Qualution. Such Work Product includes, but is not limited to, software provided by Qualution, including the CATALYST data model in Oracle, Oracle Forms/report applications, CATALYST business logic stored as PL/SQL Packages, procedures and functions, CATALYST web services and various scripts. Further, all backups of such software must be permanently erased from the applicable servers.

13. To date, no Work Product has been returned to Qualution.

14. The effective date of any rejection of the License Agreement should be the date upon which all Work Product is returned to Qualution as required by the express terms of the License Agreement. Until such time as the Work Product is returned to Qualution, the Debtors and Buyer will continue to receive the benefits of the License Agreement being designated as a "Held Contract", including access to and unlimited use of the CATALYST suite.[1]

15. Alternatively, rejection should be the date of entry of an order approving rejection of the License Agreement provided any such order is expressly conditioned upon return of the Work Product within three (3) business days of entry of the order and permanent removal of the software from all servers.

16. Lastly, the Motion is procedurally flawed. The Sale Order permitted the License Agreement to be designated as a "Held Contract", and the Debtors and Buyer elected to so designate it via its *Notice of Contracts to Be Held* filed on January 4, 2008 (D.I. 290). The Motion now seeks to retroactively change the elected designation – from "held" to "rejected" effective as of December 21, 2007. Application for relief from a prior judgment or order must comply with

---

[1] The same reasoning is applicable to Qualution's Motion to Compel. During the period of time the License Agreement has been "held" (i.e., while the Buyer was making its decision on assumption), the Buyer has received all the benefits under the License Agreement and had full access to the CATALYST software suite, while Qualution has not been paid the monthly lease obligations.

63638v1                                                                                                            4

Federal Rules of Bankruptcy Procedure 9023 and 9024 and Federal Rules of Civil Procedure 59 and 60.  The Debtors have not attempted to meet the standards applicable to such rules, and accordingly, the Motion should be denied to the extent it seeks rejection *nunc pro tunc*.

WHEREFORE, Qualution Systems, Inc. respectfully requests this Objection be sustained and the Court enter an order:

A. Authorizing rejection of the License Agreement effective upon the date all Work Product and related material (as defined in Section 11.3 of the License Agreement) is returned to Qualution and permanently erased from all servers; or

B. Authorizing rejection of the License Agreement as of the date of entry of an order approving the Motion <u>provided</u> that all Work Product and related material (as defined in Section 11.3 of the License Agreement) is returned to Qualution within three (3) business days of entry of the order and permanently removed from all servers; and

C. Such other and further relief as the Court deems just and proper.

Dated:  February 29, 2008

            SEITZ, VAN OGTROP & GREEN, P.A.

            /s/ Patricia P. McGonigle
            _____

            Patricia P. McGonigle (DE 3126)
            pmcgonigle@svglaw.com
            Kevin A. Guerke (DE4096)
            kguerke@svglaw.com
            222 Delaware Avenue, Suite 1500
            Wilmington, DE 19801
            Tel: 302.888.0600
            Fax: 302.888.0606

            -and-

            J. Scott Bovitz
            Bovitz & Spitzer
            880 West First Street, Suite 502
            Los Angeles, CA 90012-2445

            Counsel to:  Qualution Systems, Inc.