IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.* | : | Case No. 07-11666 (KG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Objection Deadline: March 21, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: March 28, 2008 at 10:00 a.m.** |

**MOTION OF WATERFRONT CENTER LIMITED PARTNERSHIP
FOR RELIEF FROM THE AUTOMATIC STAY TO
<u>PERMIT IT TO EXERCISE ITS RIGHT OF SETOFF</u>**

Waterfront Center Limited Partnership ("Waterfront"), by and through its undersigned counsel, hereby moves this Court to enter an order that grants Waterfront relief from the automatic stay so that Waterfront may setoff a security deposit that it holds against certain pre-petition amounts owed to Waterfront from Inphonic, Inc., one of the above-captioned debtors ("Debtors"), and in support thereof, Waterfront respectfully represents as follows:

<u>**Jurisdiction**</u>

1. This Court has jurisdiction to decide this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

<u>**Background**</u>

2. On November 8, 2007 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

3. Prior to the Petition Date, Waterfront and Inphonic, Inc., one of the Debtors, entered into a lease agreement, which has subsequently been amended ("Lease"), pursuant to which the Debtors, as tenant, leased non-residential real property located at 1010 Wisconsin Avenue, N.W., Washington, D.C ("Premises"), from Waterfront, as landlord. The Debtors'

obligations to Waterfront under the Lease are secured by a cash deposit that the Debtors provided prior to the Petition Date, which currently totals $46,568.00, plus accrued interest ("Security Deposit"), pursuant to the terms of the Lease.

4.  On or about January 14, 2008, the Debtors filed a *Motion to Reject its Real Property Lease of Office Space at Waterfront Center* ("Motion to Reject") [Docket No. 305]. On or about January 29, 2008, the Court entered an Order granting the Motion to Reject ("Rejection Order") [Docket No. 341]. Pursuant to the Rejection Order, the Lease was rejected effective as of January 14, 2008 ("Rejection Date"). On February 28, 2008, Waterfront filed a proof of claim, in which it sought damages pursuant to section 502(b)(6) of the Bankruptcy Code in the amount of $626,773.56 ("Claim").

## Relief Requested and Basis Therefor

5.  By this motion, Waterfront respectfully requests that it be permitted to setoff the Security Deposit against the Claim.

6.  A creditor's right to setoff its claim against a security deposit is well-established. *See In re Aspen Data Graphics. Inc.*, 109 B.R. 677, 683 (Bankr. E.D. Pa. 1990) ("Indeed, a lessor may setoff the amount of a security deposit under a lease against a pre-petition claim for rent and damages owed to the landlord, as these are mutual, prepetition obligations."); *see also In re Johnson*, 215 B.R. 381, 385 (N.D. Ill. 1997) ("In general, a creditor holding a debtor's security deposit as collateral to [e]nsure future payment is entitled to setoff, and thus is a secured creditor to the extent of the security deposit"); *see also In re Village Craftsmen. Inc.*, 160 B.R. 740, 747 (Bankr. D.N.J. 1993); *In re Valentine*, 125 B.R. 11, 13 (Bankr. S.D. Ohio 1991); *see also* Collier on Bankruptcy, ¶ 553.03[3][c][iii], at 553-35, 553-36.

7.	Section 553 of the Bankruptcy Code preserves a creditor's common law right to setoff if that creditor can meet three criteria: (i) the creditor's claim against the debtor arose pre-petition, (ii) the debt the creditor owes to the debtor arose pre-petition, and (iii) the debts are mutual. 11 U.S.C. § 553(a).

8.	There is no doubt that the obligations giving rise to Waterfront's Claim arose prior to the Petition Date. *See* 11 U.S.C. § 365(g)(1). Furthermore, the Security Deposit was provided by the Debtors prior to the Petition Date. Therefore, the first two requirements for setoff have been fulfilled.

9.	The third requirement that the debts be mutual is also satisfied in this case because the debts of Waterfront and the Debtors against one another both arise from the Lease and are ". . . in the same right and between the same parties, standing in the same capacity." *See In re Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 59 (3d Cir. 1990); *see also In re Aspen Data Graphics, Inc.*, 109 B.R. 677, 683 (Bankr. E.D. Pa. 1990) (holding that rent owed by debtor and landlord's holding of security deposit are "mutual pre-petition obligations" for the purposes of setoff under section 553 of the Bankruptcy Code). Accordingly, the three elements of section 553 of the Bankruptcy Code are met in this instance, and Waterfront has a valid right of setoff.

10.	Although its right to setoff is clear, Waterfront's ability to exercise that right is enjoined by the automatic stay to the extent that the doctrine of recoupment does not apply. *See* 11 U.S.C. § 362(a)(7). As a precautionary measure, Waterfront is seeking relief from the automatic stay before it sets off its mutual debts to and from the Debtors.

11.	The mere existence of a valid right of setoff has, in and of itself, been held to be sufficient to require relief from the automatic stay. *See In re Whitaker*, 173 B.R. 359, 361-62

(Bankr. S.D. Ohio 1994) (holding that, by establishing a right to setoff under section 553 of the Bankruptcy Code, the creditor made a "prima facie" showing of cause under section 362(d)(1), shifting the burden to the debtor to show why the automatic stay should not be lifted (*e.g.*, because of an adverse effect on the debtor's reorganization or prejudice to other creditors)). In this case, given the size of the Security Deposit, and that Waterfront has had possession of it for some time, the Debtors cannot demonstrate that the Security Deposit could possibly have an effect on their reorganization, or that granting the relief requested herein could possibly prejudice the Debtors' other creditors. Accordingly, the Court should grant Waterfront's request for relief from the automatic stay to permit it to exercise its right of setoff with respect to the Security Deposit and the Claim.

WHEREFORE, for all of the foregoing reasons, Waterfront respectfully requests that this Court enter an order that grants Waterfront relief from the automatic stay to permit it to setoff the Security Deposit against the Claim, and that grants Waterfront such other and further relief as just and proper.

Dated: February 29, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899
(302) 658-9141

-and-

Stephen A. Bogorad, Esq.
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006
(202) 955-3000

#587587v1

Attorneys for Waterfront Center Limited Partnership