# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SN LIQUIDATION, INC., et al., | : Cases No. 07-11666 (KG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Re: Docket No. ____ |

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE EMPLOYMENT OF CLEAR THINKING GROUP LLC AND JOSEPH MYERS AS CHIEF WIND-DOWN OFFICER FOR THE DEBTORS *NUNC PRO TUNC* TO FEBRUARY 21, 2008, AND (II) APPROVING THE APPOINTMENT OF JOSEPH PARDO

Upon the motion (the "Motion") for an order under sections 105 and 363 of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the employment of Clear Thinking Group LLC ("CTG") and Joseph Myers ("Myers") as Chief Wind-Down Officer ("CWO") *nunc pro tunc* to February 21, 2008 and the appointment of Joseph Pardo as the sole member of the board of directors of each corporate debtor entity and as the manager or other authorized person for each limited liability company debtor entity. In support of this Motion, the Debtors rely on the declaration of Myers (the "Myers Declaration"); filed concurrently with the Motion; and the Court having reviewed the Motion and the Myers Declaration; and the Court having held a hearing on the Motion and the Court having determined that the relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, creditors, and other parties-in-interest, and it appearing that CTG, Mr. Myers and Mr. Pardo do not hold or represent any interest adverse to the Debtors' estates; and this Court having determined that the retention of CTG, Mr. Myers and Mr. Pardo is in the best interests of the Debtors and their creditors; and it appearing that notice of the Motion was good and

sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that

1. The Motion is GRANTED.

2. Under 11 U.S.C. §§ 105 and 363, the Debtors, as debtors-in-possession, are authorized to employ and retain CTG and Myers[1] as the Chief Wind-Down Officer under the terms of the Engagement Letter as modified by the Motion and this Order, and CTG is authorized to perform the requested services *nunc pro tunc* to February 21, 2008.

3. Debtors shall be, and hereby are, authorized to employ CTG and Mr. Myers to provide wind-down services to the Debtors on the terms and conditions set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits(s) related thereto to the contrary:

(a) CTG, Mr. Myers and CTG's affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) while the above-captioned cases are being administered under chapter 11 of the Bankruptcy Code.

(b) In the event the Debtors seek to have CTG personnel or Mr. Myers assume executive officer positions that are different than Chief Wind-down Officer, or to materially change the terms of the Engagement Letter, as modified herein, by either (i) modifying the functions of the Chief Wind-down Officer, (ii) adding new executive officers, or (iii) altering or expanding the scope of the Engagement Letter, as modified herein, a motion to modify the retention shall be filed.

---

[1] All references in this Order to the employment and compensation of Mr. Myers are in Mr. Myers' capacity as a Managing Director of CTG as designated by CTG and not in a personal capacity.

(c) CTG shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled by CTG and the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee or independent contractor of CTG and its affiliates hereafter shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

(e) CTG shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the time incurred and services provided, identify the compensation earned by the Chief Wind-down Officer and staff employees, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in one-tenth hour increments and the corresponding charge (time multiplied by hourly rate) for each task. All compensation shall be subject to review by the Court in the event an objection is filed.

(f) The Debtors are permitted to indemnify Mr. Pardo, CTG and the Chief Wind-down Officer, on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(g) CTG shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries, certain of its affiliates and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

(h) Notwithstanding anything in the Engagement Letter to the contrary, CTG employees who are appointed officers of the Debtors shall be subject to all duties and obligations pertaining to their status as officers under applicable law.

4.  Under 11 U.S.C. §§ 105 and 363, the Debtors, as debtors-in-possession, are authorized to appoint and compensate Joseph Pardo as the sole member of the board of directors of each corporate debtor entity and as the manager or other authorized person for each limited liability company debtor entity.

5.  Except as provided in this Order, to the extent accrued, CTG, Mr. Myers and Mr. Pardo shall receive (a) compensation as set forth in the Motion and (b) reimbursement of expenses, which in each case shall not hereafter be subject to challenge except under the reasonableness standard in 11 U.S.C. § 330.

6.  This Court will retain jurisdiction to continue and enforce the terms of the Motion, the Engagement Letter and this Order.

Date: _____, 2008
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE