IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| | Jointly Administered |
| Debtors. | |
| | Objection Deadline: March 21, 2008 at 4:00 p.m. |
| | Hearing Date: March 28, 2008 at 10:00 a.m. |

### MOTION OF RADIOSHACK CORPORATION FOR AN ORDER EXTENDING THE DEADLINE BY WHICH PARTIES MUST FILE OBJECTIONS TO CURE AMOUNTS LISTED IN THE NOTICE OF POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING

RadioShack Corporation ("RadioShack"), by and through its undersigned counsel, hereby respectfully moves this Court to enter an order that extends the deadline by which RadioShack, as one of the parties to an executory contract that was listed on the *Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing* ("Cure Notice") [Docket No. 146], was required to file an objection to the cure amount that was set forth on Exhibit A attached to the Cure Notice. In support of this motion ("Motion"), RadioShack respectfully represents as follows:

### Background

1. On November 8, 2007 ("Petition Date"), the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the purview of, without limitation, 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

3.     Prior to the Petition Date, RadioShack and InPhonic, Inc., one of the Debtors, entered into a Wireless Services Marketing Agreement, which has subsequently been amended from time to time ("Agreement"). Pursuant to the Agreement, RadioShack engaged the Debtors on an exclusive basis to provide certain services to RadioShack in order to enable RadioShack to sell certain wireless communications products to the public via the internet and by means of in-bound telephone orders. Under the Agreement, among other things, the Debtors were required to develop a privately branded web site and 800 telephone number (collectively, the "System"), through which RadioShack's products could be sold. In addition, the Debtors were required to run the System for RadioShack, which they have continued to do through the date hereof. The Debtors have several obligations to RadioShack under the Agreement, including their obligation to remit royalties to RadioShack pursuant to the terms of the Agreement.

4.     Pursuant to section 17.5 of the Agreement, all notices regarding the Agreement are required to be sent to RadioShack at 300 RadioShack Circle, Mail Stop EF4-218, Fort Worth, Texas 76102.

5.     On or about November 29, 2007, the Debtors filed the Cure Notice.[1] The Agreement is listed on Exhibit A that was attached to the Cure Notice as an executory contract that may be assumed and assigned by the Debtors. The Cure Notice stated that all parties must file by December 3, 2007 ("Cure Deadline") any objections to the cure amounts listed on Exhibit A attached to the Cure Notice. The Cure Notice also stated that if any person or entity receiving notice of the Cure Notice did not file an objection on a timely basis to the cure amount listed on Exhibit A to the Cure Notice, then such person or entity is forever barred from objecting to or asserting any additional cure or other amount with respect to such executory contract or

---

[1] The Cure Notice is dated November 14, 2007 and the Affidavit of Service of the Cure Notice indicates that the Cure Notice was served on November 14, 16, 17, 20 and 21, 2007.

2

unexpired lease. The Cure Notice stated that the cure amount for the Agreement was $191,903.00.

6. According to the Affidavit of Service that was filed with respect to the Cure Notice, the Debtors mailed the Cure Notice via First Class Mail on or about November 14, 2007 to RadioShack at RadioShack Circle, Mail Stop EF4-218, Fort Worth, Texas 76102-1964. *See Affidavit of Service* [Docket No. 237], Exhibit A, at 67.

7. RadioShack never received the Cure Notice. *See* Affidavit of James B. Spisak, Esquire ("Spisak Affidavit") ¶ 4, at 1, attached hereto as Exhibit 1. RadioShack has completed a thorough search of its files, and has determined that no one at RadioShack ever received a copy of the Cure Notice. *Id.* RadioShack was not aware of the existence of the Cure Notice or the Cure Deadline contained therein until approximately February 27, 2008, when newly hired counsel to RadioShack informed RadioShack of the existence of the Cure Notice and the Cure Deadline. *Id.* ¶ 5, at 2. Moreover, RadioShack disputes the amount set forth in the Cure Notice for cure of all defaults under the Agreement. According to RadioShack's books and records, as of March 1, 2008, the Debtors owe RadioShack $556,191.52 under the Agreement. *Id.* ¶ 6, at 2.

8. On or about January 4, 2008, the Debtors filed the *Notice of Contracts to be Held and Not Rejected by the Debtors Pursuant to Section 365 of the Bankruptcy Code Pursuant to (a) December 13, 2007 Order (i) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (iii) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (iv) Granting Related Relief and (b) Section 2.5(b) of the Asset Purchase Agreement* ("Held Contracts Notice") [Docket No. 290]. The Agreement is listed on Annex A to the Held

Contracts Notice as a contract to by held and not rejected. As of the filing of this Motion, the Agreement has not been assumed and assigned by the Debtors.

9. According to the Affidavit of Service that was filed with respect to the Held Contracts Notice, the Debtors mailed the Held Contracts Notice via First Class Mail on or about January 7, 2008 to RadioShack at RadioShack Circle, Mail Stop EF4-218, Fort Worth, Texas 76102-1964. *See Affidavit of Service* [Docket No. 299], Exhibit A, at 9. RadioShack did receive a copy of the Held Contracts Notice, but it was not received by RadioShack until on or about January 23, 2008. *See* Spisak Affidavit ¶ 7, at 2.

**Relief Requested**

10. RadioShack respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b) that extends the Cure Deadline so that RadioShack may file its objection to the cure amount listed on Exhibit A to the Cure Notice, and set forth the amounts for which the Debtors are in default under the Agreement as of March 1, 2008 ("Cure Objection").

11. First and foremost, the Court should extend the Cure Deadline so that RadioShack can file its Cure Objection because RadioShack did not receive adequate notice of the Cure Notice and Cure Deadline, in violation of its due process rights. This Court has stated that in determining what constitutes "appropriate" notice under section 102(1) of the Bankruptcy Code, the Court is guided by "fundamental notions of procedural due process." *In re Lomas Financial Corporation*, 212 B.R. 46, 54 (Bankr. D. Del. 1997). "Due process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all the required information, and permits a reasonable time for response.'" *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252, 265

(3d. Cir. 2000). RadioShack's entitlement to due process clearly was not met by the Debtors in this case.

12. The Cure Notice was not filed with the Court until November 29, 2007, a mere four (4) days before the Cure Deadline occurred on December 3, 2007. Although the Debtors have sworn that they served RadioShack with a copy of the Cure Notice by sending it via First Class Mail on November 14, 2007 to RadioShack Circle, Mail Stop EF4-218, Fort Worth, Texas 76102-1964, see *Affidavit of Service* [Docket No. 237], the foregoing address used by the Debtors was defective. As stated previously, the Agreement requires that all notices be sent to **300** RadioShack Circle, Mail Stop EF4-218, Forth Worth, Texas 76102. Because the Debtors did not include the proper street address, RadioShack can only assume that the Cure Notice was lost somewhere along the line. What RadioShack does know is that it never received the Cure Notice. *See* Spisak Affidavit ¶ 4, at 1. RadioShack did an exhaustive review of its files, and no one at RadioShack had ever seen the Cure Notice until RadioShack's counsel first made RadioShack aware of the Cure Notice on or about February 27, 2008. *Id.* ¶¶ 4-5, at 1-2.

13. Although RadioShack did belatedly receive later pleadings that were mailed by the Debtors, such as the Held Contracts Notice, which were also sent to the address of RadioShack Circle, Mail Stop EF4-218, Fort Worth, Texas 76102-1964, *see* Spisak Affidavit ¶ 7, at 2, RadioShack does not know why some pleadings seem to have reached RadioShack and why some did not. However, because the wrong address was used by the Debtors on all such mailings to RadioShack, it does appear that even the ones that RadioShack did receive took longer to arrive at RadioShack, due to the defective address being used by the Debtors. *Id.*

14. Inadequate notice of a bar date is a defect that precludes discharge of a claim in bankruptcy. S*ee generally In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997);

*Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). Accordingly, given that the Debtors used a defective address for RadioShack, and that RadioShack never received the Cure Notice, the Debtors should not be discharged of their obligation to RadioShack under the Agreement, and RadioShack should be allowed to file its Cure Objection.

15.     Even if this Court found that the Debtors did provide adequate notice of the Cure Deadline to RadioShack, RadioShack's failure to comply with the Cure Notice was clearly the result of "excusable neglect," and therefore, RadioShack should be allowed to file its Cure Objection. Bankruptcy Rule 9006(b) provides that

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period[,] permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b).

16.     The term "excusable neglect," as used in Bankruptcy Rule 9006(b), was clarified by the United States Supreme Court in *Pioneer Inv. Services v. Brunswick Assoc.*, 507 U.S. 380 (1993). In *Pioneer*, the Supreme Court found that "by empowering the Court to accept late filings where the failure to act was the result of excusable neglect . . . Congress plainly contemplated that the Courts would be permitted, where appropriate, to accept late filings caused in inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. The Supreme Court stressed that the determination of whether a party's neglect of a deadline was excusable was "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Id.* at 395. The Third Circuit has stated that the determining factor in arriving at a proper resolution in this equitable proceeding is *Pioneer's* admonition to consider the totality of the circumstances. *In re Cendant*

*Corporation Prides Litigation Welch & Forbes, Inc. v. Cendant Corporation*, 311 F.3d 298, 305 (3d. Cir. 2002).

17. As the Supreme Court noted in *Pioneer*, the circumstances that must be taken into account include; (a) the danger of prejudice to the debtor; (b) the length of delay and its potential impact on judicial proceedings; (c) the reason for delay, including whether it was in the reasonable control of the movant; and (d) whether the movant acted in good faith. *Id.*; *In re O'Brien Envtl. Energy, Inc. v. Official Committee of Unsecured Creditors*, 188 F.3d 116, 125 (3d. Cir. 1999); *Jones v. Chemetron Corporation*, 212 F.3d 199, 204 (3d. Cir. 2000); *In re Cendant Corporation Prides Litigation Welch & Forbes, Inc. v. Cendant Corporation*, 311 F.3d at 300. In this case, each of the *Pioneer* factors weighs heavily in favor of extending the Cure Deadline such that RadioShack should be allowed to file its Cure Objection.

18. First, "[u]nder *Pioneer*, the central inquiry is whether the debtor will be prejudiced." *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995). "Prejudice occurs when allowance of a late claim would injure or damage the debtor." *See In re Spring Ford Industries, Inc.*, 2003 WL 21785960 *5 (Bankr. E.D. Pa.). Here, there is not one iota of prejudice that the Debtors would suffer if RadioShack is allowed to file its Cure Objection. The Agreement has not yet been assumed and assigned by the Debtors to the purchaser of the Debtors' assets, and the Agreement is still considered to be a held contract. If the purchaser decides that it wants the Agreement, then the purchaser, and not the Debtors, will have to pay the proper amount of cure to RadioShack. Upon information and belief, the purchaser is required to pay all ongoing costs of contracts it designated to be held. This is not a situation where the Agreement has already been assumed and assigned, and now the Debtors will be stuck with paying the proper amount of cure to RadioShack.

19. Second, the length of delay in this case is minimal. The Third Circuit has observed that delay should be considered in absolute terms, and that claims filed four days or even 2 years late could be excusable. *In re Cendant Corporation*, 311 F.3d at 305 (four day delay found excusable); *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d. Cir. 1995) (claim two years late could be excusable); *In re Orthopedic Bone Screw Products Liab. Litig.*, 246 F.3d 315 (3d Cir. 2001) (seven month delay held excusable). As soon as reasonably practicable that RadioShack became aware of the Cure Notice and the Cure Deadline, it filed this Motion.

20. Third, the reason for RadioShack's delay in filing its Cure Objection is due to the Debtors' failure to send the Cure Notice to the proper address for RadioShack, which appears to have caused RadioShack to have never received the Cure Notice. *See* Spisak Affidavit ¶ 4, at 1. Upon learning of the existence of the Cure Notice, RadioShack has worked diligently to pursue collection of the proper cure amount owed to it, by filing this Motion.

21. Fourth, RadioShack has consistently acted in good faith in this matter, as evidenced by its prompt movement to extend the Cure Deadline upon learning about its existence. *See In re Spring Ford Industries, Inc.*, 2003 WL 21785960 *4 (holding that a movant's good faith is manifest where the movant promptly seeks to have the bar date enlarged and its late filed claim allowed).

22. In sum, RadioShack has not been neglectful in any way. Certainly, however, if this Court were to find that RadioShack was somehow neglectful, any such neglect is "excusable" under the *Pioneer* standard. Clearly, given the totality of the circumstances present in this case, it would be entirely inequitable if RadioShack were denied the amount to which it is rightfully entitled under the Agreement and under section 365(b) of the Bankruptcy Code.

WHEREFORE, for all of the foregoing reasons, RadioShack, respectfully requests that the Court enter an order that extends the Cure Deadline in order to allow RadioShack to file its Cure Objection, and grants such other and further relief as is just and proper.

Dated: March 10, 2008                              CONNOLLY BOVE LODGE & HUTZ LLP

                                                                                                        /s/ *(signature)*

                                                     Karen C. Bifferato (No. 3279)
                                                     Marc J. Phillips (No. 4445)
                                                     The Nemours Building
                                                     1007 North Orange Street
                                                     Wilmington, Delaware 19899
                                                     (302) 658-9141

                                                     Attorneys for RadioShack Corporation

#596230v1