# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al., | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection deadline: April 2, 2008 at 4:00 p.m. |
| | Hearing date: Only if objections are filed. |

## THIRD MONTHLY FEE STATEMENT OF DLA PIPER US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 1, 2008 THROUGH JANUARY 31, 2008

| | |
|---|---|
| Name of Applicant: | DLA Piper US LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors In Possession |
| Date of Retention: | Order entered December 3, 2007 [Docket No. 166] |
| Period for which compensation and reimbursement is sought: | January 1, 2008 through January 31, 2008 |
| Amount of compensation sought as actual, reasonable and necessary: | $170,879.00 |
| 80% of compensation sought as actual, reasonable and necessary: | $136,703.20 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $14,897.30 |

This is an: X interim ___ final application.

This is DLA Piper US LLP's third monthly fee statement in these cases.

## Summary of DLA Piper Monthly Fee Statements

| Date | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 12/20/07 | 11/08/2007 through 11/30/2007 | $264,034.40 | $18,324.56 | 1/14/2008 306 | $264,034.40 | $18,324.56 | $66,008.60 |
| 2/13/08 | 12/01/2007 Though 12/31/2007 | $195,670.00 | $17,870.90 | 3/11/2008 438 | $195,670.00 | $17,870.90 | $48,917.50 |
| 3/12/08 | 1/01/2008 Through 1/31/2008 | $136,703.20 | $14,897.30 | n/a | n/a | n/a | n/a |

## Timekeeper Summary

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Thomas R. Califano | Partner | 800 | 38.30 | 30,640.00 |
| Deborah Meshulam | Partner | 740 | 1.70 | 1,258.00 |
| Eric S. Connuck | Of Counsel | 630 | 2.50 | 1,575.00 |
| David J. Folds | Of Counsel | 595 | 3.90 | 2,320.50 |
| Jeremy R. Johnson | Associate | 630 | 55.00 | 34,650.00 |
| Vincent J. Roldan | Associate | 630 | 37.40 | 23,562.00 |
| Meghan K. Dougherty | Associate | 610 | .40 | 244.00 |
| Christopher R. Thomson | Associate | 535 | 56.20 | 28,141.00 |
| Brian Audette | Associate | 495 | 2.20 | 1,089.00 |
| Alix Magill | Associate | 360 | 3.00 | 1,050.00 |
| Syma Mirza | Associate | 360 | 2.00 | 720 |
| William H. Coleman | Paralegal | 280 | 0.30 | 84.00 |
| Trinette A. Bolden | Paralegal | 240.00 | 2.00 | 480.00 |
| Robert T. Ware | Paralegal | 205.00 | 19.50 | 3,997.50 |
| Mark C. Smith | Law Clerk | 355.00 | 115.60 | 41,038.00 |
| **Totals** | | | 336.40 | 170,879.00 |

Blended Rate:   $507.96

3

## Project Category Summary by Task Code

| Project Category | Hours | Amount |
|---|---|---|
| Case Administration (B110) | 124.50 | 69052.50 |
| Relief from Stay/Adequate Protection Proceedings (B140) | 5.00 | 3150.00 |
| Meetings of and Communications with Creditors (B150) | 3.30 | 2079.00 |
| Fee/Employment Applications (B160) | 5.20 | 1088.50 |
| Assumption/Rejection of Leases and Contracts (B185) | 56.40 | 32540.00 |
| Other Contested Matters (B190) | 84.70 | 36496.00 |
| Business Operations (B210) | 0.50 | 315.00 |
| Financing/Cash Collections (B230) | 0.40 | 252.00 |
| Board of Directors Matters (B260) | 8.90 | 5029.50 |
| Claims Administration and Objections (B310) | 2.00 | 710.00 |
| Plan and Disclosure Statement (B320) | 33.60 | 14403.00 |
| Bankruptcy Related Advice (B400) | 5.20 | 2138.00 |
| General Bankruptcy Advice (B410) | 0.20 | 148.00 |
| Restructurings (B420) | 6.50 | 3477.50 |
| | | |
| **Totals** | **336.40** | **170,879.00** |

## Expense Category Summary

| Expense Category | Amount |
| --- | --- |
| Delivery Services | 406.78 |
| Out-of-Town Travel | 933.50 |
| Filing/Recording Fees | 551.87 |
| Local Travel | 826.03 |
| Meals | 1,953.56 |
| Lexis Charges | 4,825.16 |
| Westlaw Charges | 693.69 |
| Hotel | 262.90 |
| Duplicating | 3.75 |
| Mileage Allowance/Parking | 40.20 |
| Corporate/LLC/Partnership Filings | 3,607.30 |
| Air Fare | 792.56 |
|  |  |
| **Totals** | **14,897.30** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al., | Case No. 07-11666 (KG) |
| | (Jointly Administered) |
| Debtors. | |
| | Objection deadline: April 2, 2008 at 4:00 p.m.<br>Hearing date: Only if objections are filed. |

### THIRD MONTHLY FEE STATEMENT OF DLA PIPER US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 1, 2007 THROUGH JANUARY 31, 2007

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), DLA Piper US LLP ("DLA Piper") hereby seeks reasonable compensation in the above-captioned cases of InPhonic, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for professional legal services rendered as counsel to the Debtors in the amount of $170,879.00 together with reimbursement for actual and necessary expenses incurred in the amount of $14,897.30 for the period commencing January 1, 2008, through and including January 31, 2008 (the "Compensation Period"). Pursuant to the Administrative Order of this Court dated December 3, 2007 [Docket No. 165] approving procedures for interim compensation and reimbursement of professionals (the "Interim Compensation Order"), DLA Piper seeks 80% reimbursement of its total reasonable and necessary fees incurred, in the amount of $136,703.20 together with 100% reimbursement for actual and

NEWY1\8208683.1

necessary expenses incurred in the amount of $14,897.30 for the Compensation Period. In support of this Application, DLA Piper represents as follows:

## Background

1. On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

3. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4. On December 3, 2007, this Court approved DLA Piper's retention as counsel to the Debtors [Docket No. 166] (the "Retention Order").

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Relief Requested

7. DLA Piper submits this Application in accordance with this Court's Interim Compensation Order. All services for which DLA Piper requests compensation were performed for, or on behalf of, the Debtors.

8. This Application is the third monthly fee statement filed by DLA Piper in these cases. In connection with the professional services rendered, by this Application,

DLA Piper seeks compensation in the amount of $170,879.00 and expense reimbursement of $14,897.30. Attached hereto as Exhibit A is a detailed statement of hours spent rendering legal services to the Debtors supporting DLA Piper's request of $170,879.00 in compensation for fees incurred during the Compensation Period. Attached hereto as Exhibit B is a detailed list of disbursements made by DLA Piper supporting DLA Piper's request of $14,897.30 in expense reimbursement for the Compensation Period. A description of the task codes used to categorize time spent by project category is attached as Exhibit C.

9. Given the nature and value of the services that DLA Piper provided to the Debtors as described herein, the interim amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

10. Except as provided for herein below, DLA Piper has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between DLA Piper and any other person (other than members of DLA Piper) for the sharing of compensation to be received for the services rendered in these cases.

### Summary of Services Rendered

11. In general, the services that DLA Piper rendered as counsel to the Debtors included, without limitation, the following:

    (a) representing the Debtors at all hearings in these cases;

    (b) reviewing all pleadings and papers filed in these cases;

    (c) drafting pleadings on behalf of the Debtors;

(d) advising the Debtors regarding practice and procedure in the United States Bankruptcy and District Courts for the District of Delaware;

(e) coordinating responsibility for filing and service of all pleadings of the Debtors relative to these cases;

(f) coordinating weekly (or more frequent) updating of docket sheets, critical dates, schedules and calendars and maintaining case and pleadings files; and

(g) assisting in advising and representing the Debtors in connection with their financial affairs and operations.

## Amounts Requested

12. For the Application Period, DLA Piper seeks 80% of its total compensation in the amount of $136,703.20 in connection with the professional services summarized above and detailed in Exhibit A.

13. DLA Piper incurred or disbursed the actual and necessary costs and expenses related to these cases in the amount of $14,897.30 and as detailed in Exhibit B and summarized in the attachments hereto.

14. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, DLA Piper represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

(a) Copy, scanning and printing charges do not exceed $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

(b) Incoming facsimiles are not billed.

(c) Out-going facsimiles do not exceed the rate of $1.00 per page. The cost represents operator time, maintaining several

dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable, given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

16. The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the parties set forth in the Interim Compensation Order.

**(END OF PAGE LEFT INTENTIONALLY BLANK)**

**WHEREFORE**, DLA Piper seeks approval of fees for the current Application Period in the sum of $170,879.00, 80% of which is to be paid upon the filing of a certificate of no objection, and the approval of reimbursement of $14,897.30 for actual and necessary costs and expenses incurred in these cases from January 1, 2008 through January 31, 2008.

Dated: New York, New York
       March 13, 2008

                                        **DLA PIPER US LLP**

By:   /s/ Thomas R. Califano
       Thomas R. Califano
       1251 Avenue of the Americas
       New York, New York 10020
       (212) 335-4616

**Attorneys for InPhonic, Inc.
Debtor and Debtor in Possession**