UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC. | : | Case No. 07-11666 (KG) |
| F/K/A INPHONIC, INC., et al., | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

**DECLARATION IN SUPPORT OF OBJECTION TO**
**DEBTORS' MOTION FOR ORDER AUTHORIZING RETROACTIVE REJECTION OF**
**CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

I, Patrick M. Fagen, submit this declaration in support of the Objection ("Objection") to the Debtors' Second Motion for an Order Authorizing Debtors' to Reject Certain Unexpired Leases and Executory Contracts Pursuant to § 365(a) of the Bankruptcy Code filed on February 25, 2008 (the Motion"), filed by Yellow Page Authority, Ltd. ("YPA").  I have personal knowledge of the following matters, and if called upon to testify, I could and would testify competently with respect to these matters:

1. I am an adult more than twenty-one (21) years of age, of sound mind and body, and CFO of YPA. My business address is 8940 W. 192nd St., Unit D, Mokena, IL 60448.

2. In my position, I regularly have reviewed the records, reports and other documents routinely prepared and/or maintained by employees of YPA, for the benefit of YPA, in the ordinary course and scope of their employment. YPA's records are made or obtained in the ordinary course of business by persons who have a business duty to YPA to make or provide these records. The records are made at or near the occurrence of the event or events of which they are a record. This Declaration is based upon my review of such records, reports and documents, as well as my own personal knowledge.

3. I have reviewed certain records of YPA that relate to SN Liquidation, Inc. f/k/a Inphonic, Inc., *et al.* (collectively, the "Debtors"), and I am familiar with the manner in which those records were obtained or compiled.

4. YPA is a full-service agency specializing in nationwide yellow page advertising, internet advertising and advertising design. YPA is a party to certain agreements with Debtors for the provision of such advertising services (the "YPA Agreements").

5. I had several discussions with Lou Provost of Simplexity, LLC, as successor-in-interest to Adeptio ("Simplexity"), regarding paying to YPA the amounts owed under the YPA Agreements.

6. As of the November 8, 2007 filing of Debtors' bankruptcy petitions herein (the "Petition Date"), YPA had claims against Debtors for $629,053 owed with respect to the YPA Agreements.

7. Following further review and analysis of the YPA Agreements, and discussions of the same, Lou Provost on behalf of Simplexity agreed that $481,391.00 of the $629,053 claimed by YPA represented services rendered to Debtors following the Petition Date, and he prepared a summary, entitled "YPA Summary Pre/Post Invoices" (the "YPA Summary"), reflecting Simplexity's position in this regard. A true, correct and authentic copy of the YPA Summary is attached hereto as <u>Exhibit A</u>.

8. YPA agreed to Simplexity's analysis as reflected in the YPA Summary.

9. Accordingly, Lou Provost, on behalf of Simplexity, directed me, on behalf of YPA, to send invoices to Simplexity reflecting the YPA Summary, and he agreed Simplexity would pay YPA the sum of $481,391.00 in three (3) installments, as follows:

  (a)  $160,463.67 on February 1, 2008;

  (b)  $160,463.67 on March 1, 2008; and

  (c)  $160,463.66 on April 1, 2008.

Pursuant to this agreement, I sent the requested invoices to Lou Provost at Simplexity. True, correct and authentic copies of the Invoices I sent to Simplexity on behalf of YPA collectively are attached hereto as <u>Exhibit B</u>.

  10.  To date, YPA has not received any of the money Simplexity agreed to pay it.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746(2) that the foregoing is true and correct.

Dated: March 14, 2008

_____
Patrick M. Fagen