IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>Jointly Administered<br><br>Objection Deadline: April 7, 2008 at 4:00 p.m.<br>Hearing Date: Only if Objections are Filed |

**SECOND MONTHLY FEE APPLICATION OF DELOITTE
FINANCIAL ADVISORY SERVICES LLP, FINANCIAL ADVISORS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE PERIOD FROM
JANUARY 1, 2008 THROUGH JANUARY 31, 2008**

| | |
|---|---|
| Name of Applicant: | Deloitte Financial Advisory Services LLP |
| Authorized to Provide Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *nunc pro tunc* as of November 19, 2007 |
| Period for which compensation and reimbursement sought: | January 1, 2008 through January 31, 2008 |
| Current Application: | Fees Incurred: $12,967.50<br>Expenses Requested: N/A |
| Prior Interim Application: | Not applicable |

Summary of Monthly Fee Applications Filed:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| March 14, 2008 | November 19, 2007 – December 31, 2007 | $68,022.50 | $1,494.32 | Pending | Pending |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>Jointly Administered<br><br>**Objection Deadline: April 7, 2008 at 4:00 p.m.**<br>**Hearing Date: Only if Objections are Filed** |

**SECOND MONTHLY FEE APPLICATION OF DELOITTE
FINANCIAL ADVISORY SERVICES LLP, FINANCIAL ADVISORS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE PERIOD FROM
<u>JANUARY 1, 2008 THROUGH JANUARY 31, 2008</u>**

Pursuant to section 330 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines, Deloitte Financial Advisory Services LLP ("Deloitte FAS"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of InPhonic, Inc. et al. (the "Debtors") hereby submits this Second Monthly Fee Application (the "Second Monthly Fee Application") for approval and payment of compensation for professional services rendered and expenses incurred during the period commencing January 1, 2008 through January 31, 2008 (the "Compensation Period"). In support of its Second Monthly Fee Application, Deloitte FAS respectfully represents as follows:

**Background**

1. On November 8, 2007 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 9, 2007, the Court entered an order directing the Debtors' cases to be jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3. On November 16, 2007, the United States Trustee appointed the Committee in accordance with section 1102 of Bankruptcy Code.

4. The Committee elected to employ Deloitte FAS to serve as its Financial Advisor.

5. On January 8, 2008, the Court authorized the employment of Deloitte FAS as financial advisor to the Committee *nunc pro tunc* to November 19, 2007.

**Requested Fees and Reimbursement of Expenses**

6. Deloitte FAS hereby submits this statement of fees and expenses for the Compensation Period and requests (a) approval of compensation in the aggregate amounts of $12,967.50 in fees for services rendered on behalf of the Committee and (b) pursuant to the Administrative Order, payment of compensation in the amount of $10,374.00 (80% of $12,967.50) in connection with the rendition of such services. There were no expenses incurred during the Compensation Period.

7. The rates Deloitte FAS charges for the services rendered by its professionals in this case are similar to the rates Deloitte FAS charges for similar professional services

rendered in comparable matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national advisory market.

8. Pursuant to the US Trustee Guidelines, annexed hereto as **Exhibit A,** is a schedule setting forth all Deloitte FAS professionals who have performed services for the Committee in these Chapter 11 cases during the Compensation Period, the capacities in which each such professional is employed by Deloitte FAS, the hourly billing rate charged by Deloitte FAS for services performed by such professional, the aggregate number of hours expended per professional in this matter and fees billed.

9. Annexed hereto as **Exhibit B** is the Summary of Time Detail by Category regarding the services performed by Deloitte FAS during the Compensation Period, the aggregate number of hours expended in each category in this matter and fees billed.

10. Annexed hereto as **Exhibit C** is the Time Detail in chronological order regarding the services performed by Deloitte FAS during the Compensation Period, including the date, name of professional, hours expended, time description, rate, and fees billed per task.

11. Annexed hereto as **Exhibit D** is a schedule specifying the expenses for which Deloitte FAS is seeking reimbursement, the total amount for each such expense category and an itemized record of all expenses for which Deloitte FAS is seeking reimbursement. Expenses incurred by Deloitte FAS are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. Deloitte FAS does not factor general overhead expenses into

3

disbursements charged to its clients in connection with Chapter 11 cases. Deloitte FAS incurred no expenses during the Compensation Period.

### Services Rendered

12.     The professional services rendered by Deloitte FAS on behalf of the Committee during the Compensation Period (as described in greater detail in **Exhibit E** annexed hereto) were reasonable, necessary and appropriate to the administration of the chapter 11 cases and related matters.

13.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, magnitude, deadlines and nature of the problems, issues or tasks involved.

14.     Additionally, the professional services for which compensation is sought herein were performed expeditiously and in an efficient manner.

### Expenses Incurred

15.     As set forth in **Exhibit D** annexed hereto, Deloitte FAS did not incur any expenses on behalf of the Committee in providing professional services during the Compensation Period.

### The Requested Compensation Should Be Allowed

16.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 325 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered...and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also

sets forth the criteria for the award of such compensation and reimbursement. Specifically, Section 330(a) (3) of the Bankruptcy Code provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider, the nature, extent, and the value of such services, taking into account all relevant factors, including
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title 11 U.S.C. § 330(a)(3).

17.     In this instance, Deloitte FAS respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered believed to be necessary for and beneficial to the Committee during the pendency of these Chapter 11 cases.

18.     The services rendered to the Committee by Deloitte FAS for which it seeks compensation in this Application were performed economically, effectively and efficiently, and the results obtained to date have benefited not only the Committee, but also the Debtor and Debtors' estates.

19.     Accordingly, the compensation requested herein is reasonable in light of the nature, extend, and value of such services to the Committee.

20. As demonstrated by this Application and the exhibits annexed hereto, Deloitte FAS spent its time in performing services for the Committee economically and without unnecessary duplication of effort. In addition, such services were carefully assigned to appropriate professionals according to the experience and level of expertise required for each particular task.

21. In sum, the services rendered by Deloitte FAS for which it seeks compensation in this Application were necessary and beneficial to the Committee, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

22. Accordingly, approval of the compensation sought herein is warranted.

## Memorandum Of Law

23. Deloitte FAS respectfully submits that the relevant legal authorities are set forth herein and that this Application presents no novel issue of law. Thus, Deloitte FAS respectfully submits that this Application satisfies the requirement set forth in the District of Delaware Local Bankruptcy Rule 9013-1 that a separate memorandum of law need not be filed in support of this Application.

## **Conclusion**

WHEREFORE, Deloitte Financial Advisory Services LLP respectfully requests that this Court enter an order: 1) awarding Deloitte FAS allowance of compensation in the total amount of $12,967.50 as set forth herein and as indicated in the attached Declaration of Daniel Polsky, a Director of Deloitte FAS, 2) direct the debtors to disburse to Deloitte FAS 80% of this amount, or $10,374.00, pursuant to the Administrative order, and 3) grant such other relief as is just and proper..

Dated: March 14, 2008

Deloitte Financial Advisory Services LLP

BY: /s/ Daniel Polsky

Daniel Polsky
Director