IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SN LIQUIDATION, INC.,** *et al.*, | : | Bankruptcy No. 07-11666(KG) |
| | : | Jointly Administered |
| | : | Hearing Date: April 17, 2008 @ 11:00 a.m. |
| Debtors. | : | Objection Deadline: April 10, 2008 @ 4:00 p.m. |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DISMISSING
OR CONVERTING THE CHAPTER 11 CASE TO A CHAPTER 7 CASE**

Kelly Beaudin Stapleton, The United States Trustee ("UST") for this District, by and through her counsel, hereby files a Motion for Entry of an Order Dismissing or Converting the Chapter 11 Case to a Chapter 7 Case, and in support thereof respectfully represents as follows:

1. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard.

3. On November 8, 2007 (the "Petition Date"), the Debtors herein filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On November 16, 2007, the UST appointed a statutory committee of unsecured creditors in this case.

1

5.      This case is moving towards an orderly liquidation, however, to date, no Chapter 11 plan of liquidation has been filed.

6.      Pursuant to 11 U.S.C.§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, certain reports as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases are required to be supplied in each case.

7.      The Debtors failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases as the Debtors have not filed monthly operating reports ("MORs") and the Debtors owe fees pursuant to 28 U.S.C. § 1930(a)(6) ("Quarterly Fees").

8.      The failure to file MORs, to comply with Fed R. Bankr. P. 2015(a) and to pay Quarterly Fees is cause for conversion.

9.      Specifically, the Debtors filed an Initial MOR, but have not filed any other MORs to date. Moreover, they have not paid any Quarterly Fees and have not provided the UST with an insurance certificate with the UST as a notified party. Additionally, our Office requested copies of the 941 Payroll Tax Returns; 1120 Tax Return; the most recently prepared audited or unaudited financial statements with disclosures; accounting system used to maintain financial records; chart of accounts; corporate organizational chart of debtor and non-debtor entities; and copies of the Debtors unadjusted general ledger and trial balance as of the month end prior to filing in a letter dated November 13, 2007, but we have not received the information despite several requests.

10.     The failure to file the MORs, *inter alia*, hinders the ability to monitor the Debtors' operation and efforts towards a Chapter 11 Plan. For example, in the absence of reports, it is impossible to determine, *inter alia*, whether the Debtors are current with their obligations, paid the correct amount of Quarterly Fees, has the present ability to administer the case, propose a Chapter

11 Plan.

11.     The Debtors have not paid Quarterly Fees and are in arrears in the estimated sum of $1,000.00 based upon estimated disbursements. The United States Trustee was required to estimate the disbursements and fees due to the Debtor's failure to file timely post-confirmation reports. The actual quantum of Quarterly Fees may be greater based on the Debtor's actual disbursements[1].

12.     The Debtors' failure to file operating reports, to comply with Fed. R. Bankr. P. 2015(a) and to pay Quarterly Fees is cause for the conversion of the case pursuant to 11 U.S.C. § 1112(b) as most recently amended under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[2] ("BAPCPA"),which now provides that a court **shall** convert or dismiss a case, whichever is in the best interests of creditors and the estate, for cause, including, but not limited to the revocation of an order of confirmation under section 1144, the inability to effectuate substantial consummation of a confirmed plan, and a material default by the debtor with respect to a confirmed plan as well as the failure to pay fees or charges required under chapter 123 of title 28.

13.     Causes for conversion or dismissal enumerated in 11 U.S.C. § 1112(b) are not exclusive and the court has broad discretion in determining cause . King, *Collier on Bankruptcy*, Vol. 7, ¶ 1112.01(a) (15th Rev'd Ed.). The Court may convert or dismiss a case for reasons that are not specifically enumerated in § 1112 of the Code. *First Jersey Nat'l Bank v. Brown*, 951 F.2d 564, 572 (3rd Cir. 1991).

---

[1]  The payment of Quarterly Fees is required by law and the debtor may not avert, abrogate or avoid its obligation to pay Quarterly Fees.  The payment of Quarterly Fees is required until the case is closed, converted or dismissed. *United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552 (3d Cir. 1999).  It is a strict requirement for confirmation. 11 U.S.C. §1129(a)(12).

[2]  In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to prevent abuses of the bankruptcy system.

14. Whether the case should be converted or dismissed is in the court's sound discretion and is based on what is in the best interest of the creditors and the estate. *In re Shockley*, 197 BR 677, 679 (Bankr. D.Mont. 1996); *In re Mechanical Maintenance*, 128 BR 382, 386 (Bankr. E.D.Pa. 1991). It would appear that given the above facts and circumstances that there is a demonstrated inability to effectuate a plan; or at least, failure to comply with the Debtors' obligations to file MORs and to pay Quarterly Fees.

15. The UST reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Motion and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order either converting or dismissing the Chapter 11 case as may be in the best interests of the estate and creditors and for such other and further relief that is deemed fair, just, equitable and proper.

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**

By: /s/Richard L. Schepacarter
     Richard L. Schepacarter
     Trial Attorney
     U. S. Department of Justice
     Office of the U.S. Trustee
     J. Caleb Boggs Federal Building
     844 King Street, Room 2207
     Wilmington, DE 19801
     Phone: (302) 573-6491
     Fax: (302) 573-6497

Dated: March 17, 2008