## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG)<br>(Jointly Administered) |
| Debtors. | **Obj. Deadline: March 25, 2008**<br>**Hearing Date: March 28, 2008 at 10:00 a.m.** |
| | Re: Docket No. 433 |

### LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO EXTEND EXCLUSIVITY PERIOD FOR FILING A CHAPTER 11 PLAN AND DISCLOSURE STATEMENT AND SOLICIT ACCEPTANCES THEREOF

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby files its limited objection (the "Limited Objection") to Debtors' Motion For An Order Pursuant To 11 U.S.C. § 1121(d) Of The Bankruptcy Code Extending The Exclusive Time Periods During Which Debtors May File A Chapter 11 Plan Or Plans Of Reorganization And Solicit Acceptances Thereof (the "Motion"; D.I. 433), and states as follows:

### BACKGROUND

1.　　SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") on November 8, 2007.

2.　　The Debtors' current exclusive filing and solicitation periods (the "Exclusive Periods") under section 1121(b) of the Bankruptcy Code run through March 7, 2008 and May 6, 2008, respectively.

3.     On December 13, 2007, after a hearing, the Bankruptcy Court entered an order approving the sale of substantially all of the Debtors' assets to Adeptio INPC Funding, LLC (the "Sale Order").

4.     On March 7, 2008, the Debtors filed the Motion whereby they seek to extend the exclusive periods during which the Debtors may file a chapter 11 plan or plans of reorganization and solicit acceptances thereof, to September 3, 2008 and November 2, 2008, respectively.

## LIMITED OBJECTION

5.     Counsel to the Debtors and the Committee have been working together to formulate a plan or plans of reorganization for the Debtors' estates.  To that end, as of the date of this filing, the Debtors and the Committee have already circulated draft documents.

6.     In these cases, given the Debtors' progress, the Debtors have demonstrated ample grounds to support a further extension of the Exclusive Periods.  The Committee believes that "[o]pening the floodgates to allow each and every [creditor] to file a plan, no matter how poorly conceived or supported, would not serve 'to secure the expeditious and economical administrative of' this case . . . nor 'to carry out the provisions of' the Bankruptcy Code." In re United Press Int'l, Inc., 60 B.R. 265, 271 n. 12 (Bankr. D. Col. 1986), quoting Federal Rule of Bankruptcy Procedure 1001 and 11 U.S.C. § 105(a).  Hence, as to most creditors and parties in interest in these cases, the Debtors' exclusivity should continue.

7.     Although there is good cause to extend exclusivity in these cases, there is similar cause to modify and limit the scope of any such extended exclusivity so as to except the Committee from its application.  In other words, there is justification to expand exclusivity and grant the Committee "co-exclusive" rights to file a plan or plans of reorganization in these cases.

8.    This "co-exclusivity" approach was adopted in In re United Press Int'l,
where the Bankruptcy Court permitted the creditors' committee to file a plan even before the
expiration of the initial exclusive filing period. Id. at 271. The court considered this course of
action "a middle approach" which "open[ed] up the right to file a plan on a limited basis to those
. . . entities (besides the Debtor itself) **that have the most at stake** in these case and have shown
themselves to be responsible parties, while refraining from opening the floodgates completely."
Id. (emphasis added).

9.    Pursuant to the Sale Order, the Debtors sold substantially all of their assets
to Adeptio INPC Funding, LLC. Accordingly, the Debtors no long have any operations or
employees, nor are they generating any revenue stream. After the sale, the parties with the most
at stake (perhaps the parties with the only stake) in these cases are the Debtors' unsecured
creditors. Although the Committee is confident that a consensual plan (or plans) will be filed in
these cases, it seeks co-exclusivity because it alone represents the interests of the remaining
**parties that have the most to lose in these cases**. Because the Debtors are no longer
operational, there will be no prejudice to the Debtors should this Court grant the Committee joint
exclusivity with the Debtors. A confirmed plan or plans of reorganization is in the best interests
of the Debtors' unsecured creditors and the estates generally. Therefore, co-exclusivity will
preserve the Debtors' motivation to remain at the table and continue discussions with the
Committee and its professionals in connection with a proposed plan or plans of reorganization.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court sustain the Limited Objection and condition the relief requested by the Debtors in the Motion by granting the Committee the co-exclusive right to file and solicit acceptances of a plan or plans of reorganization for the duration of any extended Exclusive Periods in these cases, and grant such other and further relief as is just and proper.

Dated: March 25, 2008
  Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
    Kurt F. Gwynne (No. 3951)
    Gaston P. Loomis II (No. 4812)
    1201 N. Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575

    and

    Robert P. Simons, Esquire
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone:  (412) 288-3131
    Facsimile:  (412) 288-3063

    and

    Claudia Z. Springer, Esquire
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103-7301
    Telephone: 215-851-8100
    Facsimile: 215-851-1420

    Counsel to the Official Committee of Unsecured Creditors