# Exhibit A

## Postpetition Agreement

{00738393;v1}

## AGREEMENT FOR POST-PETITION SERVICES

This Agreement for Post-Petition Services (the "Agreement"), dated as of November 29, 2007, is entered into between InPhonic, Inc., a debtor-in-possession in that Chapter 11 case styled In re InPhonic, Inc., Case No. 07-11666 (KG) pending before the Bankruptcy Court for the District of Delaware ("InPhonic"), and Overture Services, Inc., a Delaware corporation ("Overture").

### RECITALS

A. InPhonic and Overture were parties to an Advertiser Master Services Terms and Conditions entered into as of September 15, 2005 and supplemented and amended by (i) Conversion Counter, Sponsored Listings and Local Sponsored Search Program Terms and Conditions effective as of September 15, 2005 and (ii) Search Submit Pro, Product Submit and/or Travel Submit Program Terms and Conditions effective as of September 15, 2007 (collectively the "Overture Service Terms").

B. InPhonic purchased online advertising from Overture for display in accordance with the Overture Service Terms pursuant to Insertion Orders dated September 15, 2005 and February 7, 2007 (the "Insertion Orders").

C. Overture notified InPhonic on or about October 12, 2007 that Overture was suspending all services to InPhonic and InPhonic's participation in all Overture Programs effective as of October 15, 2007.

D. Overture notified InPhonic on or about October 17, 2007 that Overture was terminating all of its agreements with InPhonic.

E. InPhonic filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 8, 2007.

F. InPhonic has requested that Overture provide certain Services and Products to InPhonic during the course of its Chapter 11 case, and Overture is willing to provide such services and products on the terms set forth below.

NOW, THEREFORE, the parties agree as follows:

1. Definitions.

The following terms shall mean the following in this Agreement.

    1.1. "Overture Services Agreement" means the Terms & Conditions and Program Terms, attached hereto as Exhibit "A."

    1.2. "Bankruptcy Case" means the Chapter 11 case styled In re InPhonic, Inc., Case No. 07-11666 (KG) commenced by InPhonic's filing of its petition for relief under Chapter 11 with the Bankruptcy Court.

1.3. "Bankruptcy Court" means the Bankruptcy Court for the District of Delaware.

1.4. "Post-Petition Services" shall mean Overture's provision of access to its Program(s) pursuant to the Overture Services Agreement, for the purpose of online advertising.

1.5. Any capitalized term used but not defined in this Agreement has the same meaning as in the Overture Services Agreement.

2. Effectiveness of this Agreement.

The terms of this Agreement will become effective and enforceable only upon entry of a final order of the Bankruptcy Court in a form reasonably acceptable to Overture approving the terms of this Agreement and authorizing InPhonic to perform its obligations hereunder.

3. Post-Petition Services By Overture.

Subject to the terms hereof, Overture will provide Post-Petition Services on the same terms and conditions as the Overture Services Agreement and all such terms and conditions are incorporated herein and made a part of this Agreement except to the extent that any such term or condition conflicts with the terms of this Agreement. For avoidance of doubt, the terms of this Agreement control and prevail over the terms of any inconsistent term of the Overture Services Agreement.

4. Payment in Advance for All Services.

A new account will be established under which the Post-Petition services will be provided on a pre-paid basis. InPhonic shall deposit by check or wire transfer the amount(s) in this account commensurate with what it seeks to spend for the Post-Petition Services, which amount(s) will be depleted as charges for the Post-Petition Services are incurred. InPhonic shall not attempt to pay for any Post-Petition Services by credit or debit card. InPhonic shall not be entitled, and shall not seek, to set off payment obligations for Post-Petition Services against any pre-petition credit it claims is or may be due from Overture. Overture shall not be entitled, and shall not seek, to apply or otherwise set off any amounts received from InPhonic against any pre-petition amounts owed to Overture including, but not limited to, pursuant to the Overture Services Terms. Overture shall have no obligation to provide any Post-Petition Services that are not fully prepaid, and Overture may cease all Post-Petition Services immediately without notice of such termination.

5. Arrangements with Other Media Service Providers.

Except for any assumption approved by the Bankruptcy court, InPhonic represents and warrants that it will not enter into any contract or arrangement for post-petition internet

advertising or marketing services with another party on terms, including pricing, that differ in any material respect from those terms on which InPhonic and such party conducted business prior to the Bankruptcy Case, provided that InPhonic may prepay for such services.

6. Termination of Post-Petition Services.

Termination of Post-Petition Services by either party shall be governed by the terms of the Overture Services Agreement.

7. General Terms.

    7.1. Advice of Counsel. The Parties acknowledge that they have conferred with legal counsel of their own selection, have had the opportunity to have the terms of this Agreement explained to them by their own legal counsel prior to accepting and executing it, and fully and completely understand its content and effect. The Parties enter into this Agreement based wholly upon their own judgments, beliefs and knowledge of the matters set forth herein and on the advice of their own legal counsel. The Parties acknowledge that this Agreement has been drafted jointly by them such that the rule of construing Agreements against the drafter shall not apply.

    7.2. Assignment. This Agreement is not assignable and any attempt to assign all or any rights or obligations hereunder shall be void.

    7.3. Governing Law. This Agreement shall be construed and enforced pursuant to the laws of the State of California, without regard to conflicts/choice of law principles.

    7.4. Attorneys Fees. In the event that any action is initiated relating to this Agreement or its breach, the prevailing party shall be entitled to recover, in addition to any other relief provided by law, such reasonable costs and expenses as may be incurred by said party, including court costs, attorneys fees and all other reasonable costs and expenses. Any amounts to which Overture may be entitled pursuant to this provision shall be entitled to administrative expense priority in the Bankruptcy Case.

    7.5. Entire Agreement. Except as specified in paragraph 3 above, this Agreement embodies the entire agreement and understanding between the Parties hereto relating to the subject matter hereof and supersedes any prior agreements and understandings relating to the subject matter hereof. In the case of any conflict or inconsistency between the terms of the Overture Services Agreement and this Agreement, the terms of this Agreement shall control.

    7.6. Severability. If any part or provision of this Agreement is or shall be deemed violative of any applicable laws, rules or regulations, such legal invalidity shall not void the Agreement or affect the remaining terms and provisions of this Agreement, and the Agreement shall be construed and interpreted to comport with all such laws, rules or regulations to the maximum extent possible.

7.7. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument.

WHEREFORE, the Parties have executed this Agreement For Post-Petition Services.

Dated: November 29, 2007

**INPHONIC, INC.**

By: *[signature]*
Name: BRIAN WESTRICK
Title: PRESIDEN - W/AJ

Dated: November ___, 2007

**OVERTURE SERVICES, INC.**

By: _____
Name: _____
Title: _____