# EXHIBIT 1

# SN LIQUIDATION, INC.

## LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement (the "Trust Agreement"), dated as of _____, 2008, by and among SN Liquidation, Inc. f/k/a InPhonic, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), and Morton Branzburg, Esquire, in his capacity as trustee hereunder (the "Trustee"). This Trust Agreement is being entered into in connection with the Debtors' Joint Plan of Liquidation (the "Plan") Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee")[1], which was confirmed by the Bankruptcy Court's Confirmation Order entered on _____, 2008 (the "Confirmation Order"), and provides for, inter alia,:

(a)     The transfer of the assets (the "Trust Assets") of the Debtors and the Debtors' chapter 11 estates (the "Estates") required by the Plan to be transferred as of the Effective Date to the Litigation Trust for distribution to the holders of Allowed Claims (the "Beneficiaries") pursuant to and in accordance with this Trust Agreement, the Plan, and the Confirmation Order;

(b)     For federal income tax purposes (i) the Beneficiaries of the Litigation Trust are to be treated as the grantees of the Litigation Trust and deemed to be the owners of the Trust Assets, and (ii) the Debtors are to treat the transfer of the Trust Assets to the Litigation Trust as a deemed transfer to such Beneficiaries followed by a deemed transfer by such Beneficiaries to the Litigation Trust;

(c)     The management of the Trust Assets by the Trustee in conjunction with the Trust Oversight Committee (hereinafter defined); and

(d)     The liquidation of the Trust Assets and liquidation of unresolved claims and, after payment of expenses in accordance with the terms of this Trust Agreement and any unpaid Administrative Claims, the distribution of the proceeds of such liquidation to the Beneficiaries as set forth in the Plan.

---

[1] Any capitalized term contained herein without definition shall have the definition set forth in the Plan.

NOW, THEREFORE, pursuant to the Plan and in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I

## DECLARATION OF TRUST

1.1     **Purpose of the Litigation Trust.**  The Debtors and the Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, applicable tax statutes, rules and regulations, to the extent incorporated in this Trust Agreement, hereby constitute and create the Litigation Trust (the "SN Liquidation Litigation Trust" or the "Litigation Trust") for the purpose of liquidating the Trust Assets and liquidating claims against the Debtors' estates with no objective to continue or engage in the conduct of a trade or business.  In particular, the Litigation Trust, through the Trustee and with the assistance of the Trust Oversight Committee, shall (i) receive, analyze, investigate and, if appropriate, collect and reduce the Trust Assets to Cash, (ii) if appropriate, resolve any issues concerning the amount of the Claims of the Beneficiaries, (iii) prosecute, abandon, settle and/or defend any claims or causes of action that are a part of the Trust Assets or against Trust Assets; (iv) file final tax returns and dissolve the Debtors, (iv) make distributions to the Beneficiaries pursuant to the Plan and this Litigation Trust, and (v) perform all actions required under the Plan and take such steps as are reasonably necessary to accomplish such purpose, all as more fully provided in, and subject to the terms and provisions of the Plan, the Confirmation Order, and this Trust Agreement.  The Litigation Trust shall not have authority to engage in a trade or business, and no portion of the Trust Assets shall be used in the conduct of a trade or business, except as is reasonably necessary to the prompt and orderly collection and reduction to the Trust Assets to Cash and closing the cases.

1.2     **Name of the Litigation Trust.**  The Litigation Trust established hereby shall be known as the "SN Liquidation Litigation Trust".  In connection with the exercise of its powers, the

2

Trustee may use such name or such variation thereof as it sees fit, and may transact the business and affairs of the Litigation Trust in such name.

       **1.3**    **Transfer of Assets to Create Litigation Trust.** The Debtors and the Estate, to the full extent permitted under applicable law, hereby grant, release, assign, transfer, convey and deliver to the Litigation Trust as of the Effective Date, to have and to hold unto the Trustee and his successors in trust and to be applied as specified in the Plan and this Trust Agreement, all of the "Estate Assets" (as defined in the Plan, in relevant part, to include "collectively, all of the legal and equitable rights in and to all assets, property, interests and affects, real and personal, tangible and intangible, wherever situated, held at any time by the Estates including, without limitation, Excluded Assets and all Causes of Action"). Upon the transfer of the Estate Assets to the Trust, those assets shall become Trust Assets, and the Debtors shall retain no interest in such Trust Assets. On the Effective Date, the Debtors shall execute and deliver or cause to be executed and delivered to or upon the order of the Trustee all such documents, in recordable form where necessary or appropriate, and the Debtors shall take or cause to be taken such further or other action, as the Trustee may deem appropriate, to vest or perfect in or confirm to the Trustee, or upon the order of the Trustee, title to and possession of all of the Trust Assets. The Trust Assets shall also include the rights to receive funds (and the proceeds thereof) pursuant to the Term Sheet (as defined in the Plan).

       **1.4**    **Acceptance by Trustee.** The Trustee hereby accepts (a) the appointment to serve as Trustee; (b) the transfer of the Trust Assets on behalf of the Litigation Trust; and (c) the trust imposed on him by this Trust Agreement. The Trustee agrees to receive, hold, administer and distribute the Trust Assets and the income derived therefrom, if any, pursuant to the terms of the Plan, the Confirmation Order, and this Trust Agreement.

{00817516;v1}

**ARTICLE II**

**TRUSTEE - GENERALLY**

**2.1      Appointment.** The initial Trustee shall be Morton Branzburg.

**2.2      Term of Service.** The Trustee shall serve until (a) the termination of the Litigation Trust in accordance with Article X of this Trust Agreement, or (b) the Trustee's resignation, death or removal in accordance with this Trust Agreement.

**2.3      Services.** The Trustee shall be entitled to engage in such other activities as he deems appropriate which are not in conflict with the Plan, this Trust Agreement, or the interests of the Beneficiaries. The Trustee shall devote such time as is necessary to fulfill all of its duties as Trustee.

**2.4      Resignation, Death or Removal of Trustee.** The Trustee may resign at any time upon forty-five (45) days' written notice, in accordance with the notice provisions of the Plan, to the Bankruptcy Court, the Trust Oversight Committee and the United States Trustee. Such resignation shall become effective prior to the expiration of such forty-five (45) day notice period upon the appointment of a permanent or interim successor Trustee. The Trustee may be removed for cause by (i) the Trust Oversight Committee, without further order of the Bankruptcy Court; provided, however, in any such case, removal shall be in good faith and can be challenged by the Trustee by making an application to the Bankruptcy Court during which challenge period the Trustee shall remain with all rights and obligations under the Trust Agreement. "Cause" for removal of the Trustee shall include gross negligence, fraud, willful wrongful action or inaction in the performance of his duties, or failure to consult with the Trust Oversight Committee, as required hereby. Upon the resignation, death or removal of the Trustee, the Trust Oversight Committee shall appoint the successor Trustee. In its discretion the Trust Oversight Committee may appoint an interim successor Trustee pending its appointment of a permanent successor Trustee. Upon appointment pursuant to this Section 2.4 of the Trust Agreement, the successor Trustee,

4

{00817516;v1}

without any further act, shall become fully vested with all of the rights, powers, duties and obligations of his, her or its predecessor.

       **2.5    Trust Continuance.**  The death, resignation or removal of the Trustee shall not terminate the Litigation Trust or revoke any existing agency (other than any agency of such Trustee as a Litigation Trustee) created pursuant to this Trust Agreement or invalidate any action theretofore taken by the Trustee.  By accepting the position as Trustee or Interim Trustee, such successor Trustee agrees that the provisions of this Trust Agreement shall be binding upon and inure to the benefit of such successor Trustee and all his, her or its heirs and legal and personal representatives, successors or assigns.

       **2.6    Compensation and Expenses of Trustee.**  The Trustee shall be entitled to receive compensation based on his (and those persons in his firm's) standard hourly rates for actual time spent (including non-working travel at 50% of the applicable rate) plus out-of-pocket expenses including mileage, copies and faxes).  The Trustee's standard hourly rates are subject to increase from time to time as such standard hourly rates may be increased in the ordinary course of business.  The Trustee shall endeavor to have all work performed efficiently and at a reasonable cost.  The Trustee shall regularly and periodically submit to the Trust Oversight Committee an invoice for his services, and his firm's fees and expenses.  Absent any Trust Oversight Committee member's objection to such fees and expenses within such 10-day period, the Trustee may pay such fees and expenses.

       **2.7    Retention and Compensation of Professionals.**  The Trustee may retain and engage such professionals, consultants and persons as may be necessary to carry out its duties under this Trust Agreement, including, without limitation, any law or accounting firm of which such Trustee is a partner or otherwise affiliated from time to time (the "Trustee's Professionals"), provided that any professional, consultant or person whom the Trustee intends to retain shall be approved in advance of such retention by the Trust Oversight Committee.  The terms of the retention of the Trustee's Professionals shall be as agreed to by the Trustee, after consultation with the Trust Oversight Committee,

{00817516;v1}

and such Trustee's Professionals. The Trustee's Professionals receiving compensation or an hourly or periodic basis shall regularly and periodically submit to the Trustee and the Trust Oversight Committee an invoice for his services, and his firm's fees and expenses. Absent any objection by the Trustee or any Trust Oversight Committee member to such fees and expenses within such 10-day period, the Trustee may pay such fees and expenses.

      2.8    **Court Approval for Payment.** Notwithstanding the foregoing paragraphs 2.6 and 2.7, the Trustee may in its sole discretion, but shall not be obligated to, seek Bankruptcy Court authorization before the payment of any fees and expenses to the Trustee or Trustee's Professionals.

**ARTICLE III**

**POWERS AND LIMITATIONS OF TRUSTEE**

      3.1    **General Powers of Trustee.** In connection with the administration of the Litigation Trust, except as otherwise set forth herein, the Trustee is authorized to perform only those acts necessary and desirable to accomplish the purposes of the Litigation Trust. In addition to the Litigation Trustee's powers under the Plan and the Trust Agreement, the Litigation Trust shall succeed to all of the rights of the Debtors necessary to protect, conserve and liquidate all Trust Assets as quickly as reasonably practicable. Subject to the limitations set forth in this Trust Agreement, the Plan and the Confirmation Order, the Trustee may exercise all powers granted it hereunder related to, or in connection with, the collection, prosecution, liquidation, and distribution to the Beneficiaries, of the Trust Assets. Without limiting, but subject to, the foregoing, the Trustee shall be expressly authorized:

          (a)    To open and maintain bank accounts, or other investment accounts, on behalf of or in the name of the Litigation Trust, calculate and make Distributions and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves, in the name of the Litigation Trust .

6

(b)    To receive, conserve and manage the Trust Assets.

(c)    To hold legal title to any and all Trust Assets.

(d)    Subject to the applicable provisions of the Plan, to investigate, to prosecute, to settle, to otherwise, collect and liquidate, or to abandon, the Trust Assets.

(e)    To make decisions regarding the retention or engagement of Trustee's Professionals and to pay, from the Reserve or other Trust Assets and the proceeds thereof, the fees and charges incurred by the Litigation Trust and the fees and expenses of the Trustee's Professionals, as well as the disbursements, expenses or related support services relating to the implementation of the Plan and performance by the Trustee of its duties under this Trust Agreement, without application to the Bankruptcy Court.

(f)    To establish, and with the consent of the Trust Oversight Committee, to fund and administer the Reserve in accordance with and pursuant to the Plan, the Confirmation Order and this Trust Agreement.

(g)    To pay all lawful, expenses, debts, charges and liabilities of the Litigation Trust.

(h)    To wind down the affairs of the Debtors, including the filing of final tax returns and certificates of dissolution and then to make all Distributions to the Beneficiaries provided for or contemplated by the Plan.

(i)    To withhold from the amount distributable to any Person such amount as may be sufficient to pay any tax or other charge which the Trustee has determined, in its sole discretion, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof.  In the exercise of his, her or its discretion and judgment, the Trustee may

7

enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section.

(j)     To enter into any agreement or execute any document required by or consistent with the Plan and perform all obligations thereunder.

(k)     To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization of its choice, any assets if it concludes that they are of no significant value or benefit to the Litigation Trust.

(l)     If any of the Trust Assets are situated in any state or other jurisdiction in which the Trustee is not qualified to act as trustee, to nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee some form of adequate security as designated by the Trustee; confer upon such trustee all the rights, powers, privileges and duties of Trustee, subject to the conditions and limitations of this Litigation Trust, except as modified or limited by the Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such trustee is acting shall prevail to the extent necessary); require such other trustee to be answerable to the Trustee for all monies, assets and other property that may be received in connection with the administration of all property; and remove such other trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Trustee of a written instrument declaring such other trustee removed from office, and specifying the effective date and time of removal.

(m)     Except as otherwise set forth in this Trust Agreement, to have exclusive power to prosecute and/or settle all Avoidance Actions and other Causes of Action (collectively, the "Causes of Action") and exercise, participate in or initiate any proceeding before the Bankruptcy Court or any other court of competent and appropriate jurisdiction and voluntarily participate as a party or otherwise in any administrative proceeding, arbitration, mediation, or other nonjudicial proceeding and

8

litigate or settle such Causes of Action on behalf of the Debtors or the Estates, and pursue such Causes of Action to settlement or final order, all in accordance with the terms of this Trust Agreement.

(n)    To hold any unclaimed Distributions or payment to a Beneficiary in accordance with this Trust Agreement, the Confirmation Order and the Plan.

(o)    To purchase or create and carry all insurance policies and pay all insurance premiums and costs it deems necessary or advisable.

(p)    To implement and/or enforce all provisions of the Plan.

(q)    To collect and liquidate all Trust Assets pursuant to the Plan, the Confirmation Order and this Trust Agreement and to ultimately close the Chapter 11 Cases.

(r)    Exercise such rights of setoff as the Debtors or the Estates may have had against any Beneficiary and/or seek Court approval of such exercise.

(s)    Voluntarily engage in arbitration or mediation with regard to any dispute.

(t)    To (i) seek a determination of tax liability under section 505 of the Bankruptcy Code, (ii) to file, if necessary, any and all tax information returns required with respect to the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treas. Reg. 1.67-4(a) or otherwise, (iii) make tax elections by and on behalf of the Litigation Trust, and (iv) pay taxes, if any, payable by the Litigation Trust.

(u)    To make all distributions ("Distributions") to holders of Allowed Claims provided for or contemplated by the Plan.

(v)    To perform any other actions or duties required to be performed by the Trustee pursuant to the provisions of the Plan and/or Confirmation Order.

9

{00817516;v1}

**3.2    Limitations on the Trustee.**  Notwithstanding anything in this Trust Agreement to the contrary, the Trustee shall not do or undertake any of the following, unless authorized by the Bankruptcy Court:

(a)    Take any action in contravention of the Plan, the Confirmation Order or this Trust Agreement.

(b)    Take any action that would significantly jeopardize treatment of the Litigation Trust as a "Litigation Trust" for federal income tax purposes.

(c)    Loan Trust Assets to the Trustee.

(d)    Purchase Trust Assets from the Litigation Trust.

(e)    Transfer Trust Assets to another trust with respect to which the Trustee serves as trustee.

(f)    Settle or dismiss any Action in which the amount being sought by the Trustee (or the amount in controversy) is in excess of $100,000 for an amount which is less than seventy percent (70%) of the amount at issue, without the prior consent of the Trust Oversight Committee.

(g)    Pay any fees or expenses of the Trustee or the Trustee's Professionals other than in accordance with this Trust Agreement.

**3.3    Trustee Conflicts of Interest.**  If the Trustee determines, in the exercise of the Trustee's discretion, that he has a material conflict of interest with respect to any matter, the Trust Oversight Committee shall at its option and in its discretion either (i) exercise the Trustee's rights and authorities with respect to such matter, or (ii) designate a person to act on behalf of the Litigation Trust solely with respect to such matter with such designee's authority to act on behalf of the Litigation Trust to terminate upon the matter's conclusion.  If neither the Trustee nor the Trust Oversight Committee is able

{00817516;v1}

to act on behalf of the Litigation Trust (and the Trust Oversight Committee is unable to appoint a designee to so act on behalf of the Litigation Trust) with respect to any matter, the Litigation Trustee, after notice to the US Trustee and the Trust Oversight Committee, may request the Bankruptcy Court to approve the Trustee's choice of a designee to act on behalf of the Litigation Trust solely with respect to such matter, with such designee's authority to act on behalf of the Trust to terminate upon the matter's conclusion.

## ARTICLE IV

## TRUST OVERSIGHT COMMITTEE, GENERALLY

      **4.1**    **The Trust Oversight Committee.**  On the Effective Date, a governing board of three (3) persons, which shall include two (2) members selected by the Committee and one (1) representative selected by Adeptio, shall commence serving as the "Trust Oversight Committee".  The initial members of the Trust Oversight Committee are the individuals (each, a "Member") set forth in Schedule A attached hereto.  The Trust Oversight Committee shall have general oversight powers for the activities of the Trustee as well as those specific rights and powers set forth in other provisions of this Trust Agreement and under the Plan.

      **4.2**    **Authority and Responsibilities**.  The Trust Oversight Committee shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Trustee and shall have the authority to remove the Trustee in accordance with Section 2.4 hereof.  The Trust Oversight Committee shall also (a) monitor and review the fairness of settlement, abandonment and other disposition proposals proposed to or conditionally agreed to[2] by the Trustee with respect to the Litigation Claims (including any counterclaims), (b) consult with the Trustee, and if required, vote on a proposed settlement, abandonment and other disposition and prosecution of any Causes of Action, (c) monitor and oversee the administration of the Trust and the Trustee's performance of its responsibilities under this

---

[2] A condition being the obtaining of the consent of the Trust Oversight Committee.

{00817516;v1}

Trust Agreement and the Plan, and (d) perform such other tasks as set forth in this Trust Agreement and in the Plan. In all circumstances, except as explicitly provided herein, the Trust Oversight Committee shall exercise its responsibilities under the Liquidation Trust consistent with fiduciary standards. In all circumstances, the Trust Oversight Committee shall act in the best interests of all Beneficiaries and in furtherance of the purpose of the Liquidation Trust. The Trustee shall consult with and provide information to the Trust Oversight Committee on a regular, periodic basis as the Trustee deems appropriate or as required by the Trust Oversight Committee.

      **4.3**    **Meeting of the Trust Oversight Committee.** Meetings of the Trust Oversight Committee are to be held with such frequency and at such place as the Trustee and the Members may determine in their reasonable discretion. Special meetings of the Trust Oversight Committee may be held whenever and wherever called for by the Trustee or any two Members. Unless the Trust Oversight Committee decides otherwise (which decision shall rest in the sole discretion of the Trust Oversight Committee), the Trustee and its/his/her designated advisors may attend meetings of the Trust Oversight Committee.

      **4.4**    **Manner of Acting.** Two (2) Members of the Trust Oversight Committee shall constitute a quorum for the transaction of business at any meeting of the Trust Oversight Committee. The affirmative vote of a majority of the Members of the Trust Oversight Committee present at a meeting shall be the act of the Trust Oversight Committee. Any action required or permitted to be taken by the Trust Oversight Committee at a meeting may be taken without a meeting if the action is taken by written consent of a majority of the Trust Oversight Committee. Any or all of the Members of the Trust Oversight Committee may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any Member participating in a meeting by this means is deemed to be present in person at the meeting. Voting

{00817516;v1}

(including on negative notice) may, if approved by the Members at a meeting, be conducted by electronic mail or individual communications by the Trustee and each Member of the Trust Oversight Committee.

**4.5     Tenure of the Members of the Trust Oversight Committee.**  The authority of the Members will be effective as of the Effective Date and will remain and continue in full force and effect until the Liquidation Trust is terminated in accordance with Article X hereof.  The Members of the Trust Oversight Committee will serve until death or resignation pursuant to Section 4.6 below, or removal pursuant to Section 4.7 below.

**4.6     Resignation.**  A Member may resign by giving not less than forty-five (45) days' prior written notice thereof to the Trustee and the other Members.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice; and (ii) the appointment of a successor in accordance with Section 4.8 below.

**4.7     Removal**.  A Member may be removed by the unanimous vote of the other Members and the Trustee, written resolution of which shall be delivered to the removed Member; provided, however, that such removal may only be made for Cause (as defined in Section 2.4 hereof).

**4.8     Appointment of a Successor Trust Oversight Committee Member.**

(a)     In the event of a vacancy on the Trust Oversight Committee (whether by removal, death, or resignation), a new Member may be appointed by the remaining Members to fill such position.  If all Members resign at once, the Trustee, with Bankruptcy Court approval, may appoint new members.

(b)     Immediately upon the appointment of any successor Member, all rights, powers, duties, authority, and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act; and the successor Member will not be liable personally for any act or omission of the predecessor Member.

13

{00817516;v1}

    **4.9**    **Reimbursement of Expenses**.  The Litigation Trust will reimburse the Members for all reasonable, out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder.  All expenses of Members shall be paid solely from the Trust Assets.  In the event that the Trust Assets are insufficient to pay the expenses of the Members, the expenses will be paid pro rata to each Member until sufficient funds exist from which to pay the Member's expenses.

**ARTICLE V**

**LIABILITY OF TRUSTEE AND MEMBERS OF TRUST OVERSIGHT COMMITTEE; EXCULPATION AND INDEMNITY**

    **5.1**    **Trustee and Members of Trust Oversight Committee Standard of Care; Exculpation.**  Neither the Trustee, any partner, Member, officer, affiliate, employee, employer, professional, agent or representative of the Trustee, or any Member or any of its Members, officers, affiliates, employees, employers, professionals, agents or representatives (collectively the "Indemnified Persons") shall be personally liable in connection with the affairs of the Litigation Trust to any Person, including any Beneficiary of the Litigation Trust, or to the Litigation Trust, except for acts or omissions of the Indemnified Person that constitute fraud, willful misconduct, or gross negligence.  Persons dealing with Indemnified Persons in connection with the Litigation Trust, or seeking to assert claims against the Litigation Trust, shall have recourse only to the Trust Assets (excluding any fund designated to pay administrative costs) to satisfy any liability incurred by the Indemnified Persons to such persons in carrying out the terms of this Trust Agreement, except for acts or omissions of the Indemnified Persons that constitute fraud, willful misconduct or gross negligence.

    **5.2**    **Indemnification.**  Except as otherwise set forth in the Plan or Confirmation Order, Indemnified Persons, including, without limitation, any firm in which the Trustee or Member is a partner, member, shareholder or employee (the "Firm") shall be defended, held harmless and indemnified from time to time by the Litigation Trust against any and all losses, claims, costs, expenses and liabilities to which such Indemnified Persons may be subject by reason of such Indemnified Party's execution in

14

good faith of its duties pursuant to the discretion, power and authority conferred on such Person by this Trust Agreement, the Plan, or the Confirmation Order; provided, however, that the indemnification obligations arising pursuant to this section shall not indemnify any Indemnified Person for any actions taken by an Indemnified Person which constitute bad faith, fraud, willful misconduct, or gross negligence. Satisfaction of any obligation of an Indemnified Person arising pursuant to the terms of this Section 5.2 shall be payable only from the Trust Assets (excluding any fund designated to pay administrative costs) and such right to payment shall be prior and superior to any rights of Beneficiaries to receive a Distribution of the Trust Assets.

        **5.3**      **No Liability for Acts of Predecessor Trustees.**  No successor Trustee shall be in any way liable for the acts or omissions of any predecessor Trustee.

        **5.4**      **Reliance by Trustee and Members on Documents, Mistake of Fact or Advice of Counsel.**  Except as otherwise provided in this Trust Agreement, the Trustee and each Member may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Trustee or Member, as the case may be, to be genuine and to have been presented by an authorized party.  The Trustee and each Member shall not be liable if it acts based on a mistake of fact before having actual knowledge of an event or for any action taken or suffered by such person if such person has reasonably relied upon the advice of counsel or other professionals engaged by the Trustee or Member in accordance with this Trust Agreement.

        **5.5**      **Insurance.**  To the extent that Trust Assets exist to pay for such insurance, the Trustee may purchase errors and omissions insurance for himself (and any Trustee Firm) and the Members with regard to any liabilities, losses, damages, claims, costs and expenses such Person may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions, or

{00817516;v1}

consequences of such actions or omissions, other than as a result of its fraud, gross negligence or willful misconduct, with respect to the implementation and administration of the Plan and this Trust Agreement.

## ARTICLE VI

## DUTIES OF TRUSTEE

**6.1    General.**    The Trustee shall have all duties specified in the Plan, the Confirmation Order and this Trust Agreement as being the responsibility of the Trustee.

**6.2    Books and Records.**    The Trustee shall maintain in respect of the Litigation Trust, books and records relating to the Trust Assets, income realized therefrom and expenses of and claims against or assumed by the Litigation Trust, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof.  Except as expressly provided in this Trust Agreement, the Plan or the Confirmation Order, nothing in this Trust Agreement is intended to require the Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or Distribution out of the Trust Assets.

**6.3    Asset Valuation.**    The Trustee, following consultation with the Trust Oversight Committee, shall apprise the Beneficiaries of the value of the Trust Assets to the extent required by applicable law.  The valuation shall be used consistently by all parties (including the Trustee and Beneficiaries) for all federal income tax purposes.  Any dispute regarding the valuation of Assets shall be resolved by the Bankruptcy Court.

**6.4    Final Accounting of Trustee Upon His Termination.**    Within thirty (30) days after a Trustee's announced resignation or removal, such Trustee of former Trustee, as the case may be, shall render a final accounting (the "Outgoing Trustee's Final Accounting") containing at least the following information:

{00817516;v1}

(a)    A description of the Trust Assets as of the last day of such Trustee's service hereunder;

(b)    A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Litigation Trust and the Trust Assets during the Trustee's term of service, including their source and nature;

(c)    Separate entries for all receipts of principal and income;

(d)    The ending balance of all Trust Assets as of the date of the Trustee's accounting, including the Cash balance on hand and the name and location of the depository where it is kept; and

(e)    All known liabilities owed by the Litigation Trust.

## ARTICLE VII

## BENEFICIARIES

**7.1    Effect of Death, Incapacity or Bankruptcy of Beneficiary.**    The death, incapacity or bankruptcy of a Beneficiary during the term of the Litigation Trust shall not operate to terminate the Litigation Trust, nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Trust Assets or for a petition thereof nor shall it otherwise affect the rights and obligations of the Beneficiary under this Trust Agreement or in the Litigation Trust .

**7.2    Standing of Beneficiary.**    Except as expressly provided in this Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Trust Assets.

{00817516;v1}

**ARTICLE VIII**

**DISTRIBUTIONS**

8.1    **Distributions from Trust Assets.**  All Distributions of Trust Assets made by the

Trustee to the Beneficiaries shall be made only in accordance with the Plan, the Confirmation Order and

this Trust Agreement.  Any Distribution made by the Trustee in good faith and, if required hereby, with

the consent of the members of the Trust Oversight Committee, shall be binding and conclusive on all

interested parties.  The Trust Assets shall be distributed as follows:

> **First**, to pay the administrative expenses of the Liquidation Trust, including the reasonable fees and expenses of the Trustee and the Trustee's Professionals;
>
> **Second**, in accordance with the Plan, to pay any Claims (including administrative expense claims) with a priority ahead of the General Unsecured Claims; and
>
> **Third**, to pay the Beneficiaries, Pro Rata, on account of their Allowed General Unsecured Claims.

8.2    **Annual Distributions; Withholding.**    To the extent that sufficient funds are

contained in the Litigation Trust from which to make a Distribution, the Trustee may make Distributions

annually (or more frequently as determined by the Trustee) to the Beneficiaries from all net Cash income

and all other Cash held in the Litigation Trust; provided, however, that the Litigation Trust shall retain

such amounts in the Reserve as are reasonably necessary (a) to meet contingent liabilities of the Litigation

Trust, (b) to pay reasonable administrative expenses including, without limitation, the compensation to

and reasonable, actual and necessary costs and expenses of the Trustee, including, without limitation, the

fees and expenses of Trustee's Professionals, in connection with the performance of the Trustee's duties

in connection with this Trust Agreement, (c) the reasonable expenses of the Members as permitted by the

terms of this Trust Agreements; and (d) to satisfy all other liabilities incurred or assumed by the Litigation

Trust  (or to which the Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation

Order and this Trust  Agreement.  All such Distributions shall be made as provided, and subject to any

{00817516;v1}

withholding or reserve, in this Trust Agreement, the Plan or the Confirmation Order. Additionally, the Trustee may withhold from amounts distributable to the Beneficiaries any and all amounts, determined in the Trustee's reasonable sole direction, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

Notwithstanding any provision in the Plan to the contrary, no partial payments and no partial Distributions will be made with respect to a Disputed Claim until the resolution of such disputes by settlement or Final Order. Unless otherwise agreed by the Litigation Trustee, a Beneficiary who holds both an Allowed Claim(s) and a Disputed Claim(s) will not receive a Distribution on account of either the Allowed Claim or the Disputed Claim, nor accrue interest thereon until such Disputed Claim is resolved by settlement or Final Order.

8.3     **Non-Cash Property.**  Any Trust Asset that is not Cash may be sold, transferred or abandoned by the Trustee upon the consent of a majority of Members, provided, however, no consent of the Members is required if (i) the item being sold, transferred or abandoned has a fair market value of less than $10,000 and in the Trustee's judgment, cannot be sold in a commercially reasonable manner, or (ii) in the case of an Action, such Action would cost more to prosecute than the likely recovery from the prosecution of such Action, or the Trustee otherwise believes that abandonment of the action is appropriate.

8.4     **Method of Cash Distributions.**  Any Cash Distribution to be made by the Litigation Trust  pursuant to the Plan will be in U.S. dollars and may be made, at the sole discretion of the Trustee, by draft, check, wire transfer, or as otherwise required or provided in any relevant agreement or applicable law.

{00817516;v1}

## ARTICLE IX

## TAXES

**9.1     Income Tax Status.**  Consistent with the Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Litigation Trust shall be treated as a Litigation Trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to Sections 671-677 of the Internal Code.  As such, the Beneficiaries will be treated as the deemed owners of the Litigation Trust.  Any items of income, deductions and credit loss of the Litigation Trust shall be allocated for federal income tax purposes, to the Litigation Trust.

**9.2     Tax Returns.**  In accordance with Treasury Regulation Section 1.671-4(a), the Litigation Trust shall file with the Internal Revenue Service annual tax returns on Form 1041 together with the separate statements required under such Regulation.  In addition, the Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay solely from Trust Assets any taxes shown as due thereon.  The Trustee may require that each Beneficiary provide and/or confirm such Beneficiaries' name, address and tax identification number as a condition to payment of any Distribution to such Beneficiary.

**9.3     Withholding of Taxes Related to Litigation Trust Operations.**  To the extent that the operation of the Litigation Trust or the liquidation of the Trust Assets creates a tax liability in excess of applicable net operating losses, the Litigation Trust shall promptly pay such tax liability from the Trust Assets and any such payment shall be considered a cost and expense of the operation of the Litigation Trust.  The Trustee may reserve a sum, the amount of which shall be determined by the Trustee in its sole discretion, sufficient to pay the accrued or potential tax liability arising out of the operations of the Litigation Trust or the operation of the Trust Assets.  In the exercise of discretion and judgment, the Trustee may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld.

{00817516;v1}

No later than the time required under applicable law after the end of each calendar year, the Trustee shall cause to be filed all required federal, state and other tax returns. Pursuant to the requirement under the Plan for the Trust to be treated as a Grantor Trust, all items of income will be treated as income subject to tax on a current basis. Further, for federal income tax purposes, all items of income, gain, loss, and deduction of the Trust for such calendar year shall be allocated to all Beneficiaries on a pro rata basis, based on either their Allowed Claim(s) or, in the case of Disputed Claims, the greater of (a) the amount of the claim as scheduled by the Debtors in their bankruptcy schedules and statements of financial affairs filed by the Debtors in their Chapter 11 Cases, and (b) the amount set forth in any proof of claim filed by the Beneficiary in the Chapter 11 Cases. Such pro-rata allocation will be calculated as of the end of each calendar year and, with respect to each Disputed Claim, until such claim either becomes an Allowed Claim or is disallowed. Further, such pro rata allocation in regard to Disputed Claims shall not in itself entitle any Beneficiary to any payment and shall be irrespective of whether any payments are actually disbursed to such Beneficiary.

As a condition to making any distribution under this Agreement and the Plan, each Beneficiary or other entity receiving a distribution from Trust Assets may be required to provide its taxpayer identification number on IRS Form W-9 and such other certification as may be deemed necessary to comply with applicable tax reporting and withholding laws. Notwithstanding any other provision of the Plan, Claims of Beneficiaries or other persons receiving distributions of Trust Assets who do not provide such information within 30 days of such request may be expunged.

## ARTICLE X

## TERMINATION OF TRUST

10.1    **Maximum Term.**  The Litigation Trust shall commence as of the Effective Date shall continue and remain in full force and until (i) the conclusion by settlement or Final Order of all pending litigation to which the Trustee is a party and, in the sole opinion and discretion of the Trustee, the exhaustion of all efforts to collect thereon, (ii) all of the Trust Assets are liquidated or disposed of in

21

{00817516;v1}

accordance with the Plan and this Trust Agreement and all of the funds in the Litigation Trust have been completely distributed in accordance with the Plan and this Trust Agreement, (iii) all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities and all time periods and all opportunity for such authorities to challenge such final tax returns have expired, and (iv) the orders closing the Chapter 11 Cases are each a Final Order (the "Trust Term").

      **10.2**    **Distribution Upon Termination.**  Upon the termination of the Litigation Trust, the Trustee shall distribute the remaining Trust Assets, if any, to the Beneficiaries, in accordance with the Plan, Confirmation Order, and this Trust Agreement.

      **10.3**    **Winding Up and Discharge of the Trustee.**  For the purposes of winding up the affairs of the Litigation Trust at its termination, the Trustee shall continue to act as Trustee and the Members shall continue to act as members of the Trust Oversight Committee until their respective duties have been fully discharged. After doing so, the Trustee, its agents and employees and the Members, their agents and employees shall have no further duties or obligations hereunder, except as required by this Trust Agreement, the Plan, the Disclosure Statement or applicable law concerning the termination of a trust. Upon a motion by the Trustee, the Bankruptcy Court may enter an order relieving the Trustee, its agents and employees and the Members, their agents and employees of any further duties, discharging the Trustee and releasing its bond, if any.

**ARTICLE XI**

**MISCELLANEOUS PROVISIONS**

      **11.1**    **Amendments.**  The Trustee may propose to the Bankruptcy Court the modification, supplementation or amendment of this Trust Agreement following consultation with the Trust Oversight Committee, and if such modifications are material in nature, the consent of a majority of the Members. Such modification, supplementation or amendment shall be in writing and filed with the

{00817516;v1}

Bankruptcy Court. No modification, supplementation or amendment of this Trust Agreement shall be effective except upon a Final Order of the Court.

      **11.2    Waiver.** No failure by the Trustee to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

      **11.3    Cumulative Rights and Remedies.** The rights and remedies provided in this Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

      **11.4    No Bond Required.** Except as otherwise provided for in the Plan or Confirmation Order, notwithstanding any state law to the contrary, the Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

      **11.5    Irrevocability.** The Litigation Trust is irrevocable.

      **11.6    Division of Trust.** Under no circumstances shall the Trustee have the right or power to divide the Litigation Trust unless authorized to do so by the Bankruptcy Court.

      **11.7    Governing Law.** This Trust Agreement shall be governed and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws. If the Trustee determines to do so, he may cause the Trust to become a statutory trust under Delaware Law by filing a certificate of trust with the Secretary of State of Delaware pursuant to 12 Del. C. § 38.

      **11.8    Retention of Jurisdiction.** Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Litigation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all Causes of

{00817516;v1}

Action, and any controversies, suits and issues that may arise in connection therewith, including, without limitation, this Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the Trustee or any professional retained by the Trustee or the Litigation Trust, in each case in its capacity as such. Each party to this Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Trust Agreement or of any other agreement or document delivered in connection with this Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that (i) any action to enforce, interpret or construe any provision of this Trust Agreement will be brought only in the Bankruptcy Court and (ii) all determinations, decisions, rulings and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to reargument or reconsideration.

11.9 **Severability.** In the event that any provision of this Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to persons or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.10 **Limitation of Benefits.** Except as otherwise specifically provided in this Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Trust Agreement.

11.11 **Notices.** All notices, requests, demands, consents and other communication hereunder shall be in writing and shall be deemed to have been duly given, if delivered in person or by

24

facsimile with an electromechanical report of delivery or if sent by overnight mail or by registered or certified mail with postage prepaid, return receipt requested, to the following addresses.

> If to the Debtors:
>
>> Bayard, P.A.
>> 222 Delaware Ave., Suite 900
>> P.O. Box 25130
>> Wilmington, DE  19899
>> Attention:  Neil B. Glassman, Esquire
>> Telephone:  (302) 655-5000
>> Facsimile:  (302) 658-6395
>
> If to the Litigation Trustee:
>
>> Morton Branzburg, Esquire
>> 260 South Broad Street
>> Philadelphia, PA 19102-5003
>> Telephone:  (215) 569-3007
>> Facsimile:  (215) 568-6603
>
> If to the Trust Advisory Committee:
>
>> [Chair's name/contact information]

The parties may designate in writing from time to time other and additional places to which notices may be sent.  All demands requests, consents, notices and communications shall be deemed to have been given (a) upon receipt of a facsimile transmission as confirmed by the sender's facsimile transmission receipt, (b) at the time of actual delivery thereof, (c) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid and properly addressed, or (d) if given by overnight courier, the next business day after being sent, charges prepaid and properly addressed.

**11.12    Further Assurances.**   From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Trust Agreement, and to consummate the transactions contemplated hereby.

{00817516;v1}

**11.13    Integration.**    This Trust Agreement, the Plan and the Confirmation Order constitute the entire agreement with by and among the parties, and there are no representations, warranties, covenants or obligations except a set forth herein, in the Plan and in the Confirmation Order. This Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise provided herein, the Plan or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Trust Agreement.

**11.14    Relationship to the Plan.**    The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and, therefore, this Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order.  In the event that any provision of this Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.

**11.15    Successors or Assigns.**    The terms of this Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.16    Interpretation.**    The enumeration and section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.  Unless context otherwise requires, whenever used in this Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations.  The words herein, hereby, and hereunder and words with similar import, refer to this Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

{00817516;v1}

**11.17    Counterparts.**    This Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**SN LIQUIDATION, INC., and its affiliated Debtors and Debtors in Possession**

By: _____

    Name:

    Its:

**LITIGATION TRUSTEE**

By: _____

    Morton Branzburg, Esquire

27

{00817516;v1}

**SCHEDULE A**