# EXHIBIT 2

**In re InPhonic, Inc., et al., Case No. 07-11666**

**Settlement Term Sheet**

- **Upon Closing of the APA, Adeptio INPC Funding, LLC ("Adeptio") will:**

  o **Professional Fee Payments**. Upon allowance or other court authorization, pay all professional fees accrued through the confirmation, up to the aggregate amount budgeted for such fees in the DIP budget from the filing date through confirmation of a plan (to the extent not previously paid by the debtor from DIP funds) (the "Professional Funding"). For the avoidance of doubt, and notwithstanding the foregoing, the aggregate amount paid by Adeptio on account of the Professional Funding shall not exceed $1,100,000;

  o **Investigation, Litigation and Wind Down Funding**. Fund (i) the administrative costs of maintaining the Debtors' estates post closing in the amount of $200,000 ("Wind Down Funding") and (ii) the costs of professional fees necessary to investigate the viability of avoidance actions and other litigation claims and commence and prosecute such litigation if appropriate that the Debtors' estates through a Litigation Trust may possess through a senior secured loan (which shall accrue interest as ruled by the Court) of up to a total $500,000, in accordance with the terms set forth below (the "Investigation Funding") which amount shall be repaid from first proceeds paid to the Litigation Trust;

  o **Deficiency Claim**. Adeptio shall have an allowed deficiency claim of $20,000,000 on account of its prepetition secured claim; and

  o **Priority Claims**. Upon confirmation of a chapter 11 plan, contribute up to a total $500,000 solely for the purpose of making distributions under such plan on account of allowed priority claims as such claims become allowed pursuant to the terms and conditions of section 1129(a)(9) of the Bankruptcy Code (the "Priority Claims Funding").

- **Retained Litigation Claims**. The Debtors' estates shall retain Excluded Assets, as set forth and defined in the APA, including Excluded Avoidance Actions and excluded litigation claims (including claims against individuals and parties with no on-going, post-closing business relationship) and the Debtors shall promptly seek to abandon/waive all section 547 preference claims. These claims include those set forth in the Notice of Circumstances sent by the Debtors on November 29, 2007 to its respective Directors and Officers liability insurance carriers it being understood that such claims do not include claims against individuals and parties (whether or not an officer or director) with an on-going, post-closing business relationship with the Debtors' post-closing business, which claims are considered Purchased Assets under the APA.

- **DIP Facility Funding**. Funding under the DIP Facility shall continue in accordance with the terms of the DIP Facility and the Budget (as defined in the DIP Facility), up to the Revolving

K&E LEGAL:12295078.3

Credit Commitment (as defined in the DIP Facility) of $25,000,000.00. The DIP Facility shall terminate in accordance with its terms.

- **Assumed Liabilities**. Adeptio shall assume the following liabilities, as set forth in the APA (all as defined in the APA): Cure Costs under Designated Contracts and the Assumed Liabilities. It is understood that the Assumed Liabilities include Adeptio's obligations in connection with the GAH Fee which shall be allowed in the amount of $1,300,000 inclusive of amounts paid to GAH to the date of closing, which such obligations are in addition to the Professional Funding.

- **No Further Obligations**. It is expressly understood that Adeptio has no obligation to the Debtors' or their estates other than under

  o that certain Senior Secured, Super-Priority Debtor-In-Possession Credit and Guaranty Agreement, dated as of November 9, 2007, and related documents and orders (the "DIP Facility");

  o that certain Asset Purchase Agreement, dated as of November 8, 2007 (the "APA");

  o the Wind Down Funding;

  o the Professional Funding;

  o the Investigation and Litigation Funding; and

  o the Priority Claims Funding.

- **Purchased Actions**. In connection with the purchase of Avoidance Actions or litigation claims purchased under the APA, Avoidance Actions against the putative defendants shall be deemed released as of the closing of the sale under the APA.

- **Investigation Period**. The Creditors' Committee's investigation period under the DIP Facility shall terminate on December 13, 2007.

- **Court Approval**. Immediately upon execution and delivery of this Term Sheet, the Debtors shall file and serve appropriate pleadings with the Bankruptcy Court for approval of this Term Sheet and settlement pursuant to Bankruptcy Rule 9019 on an expedited basis to be heard no later than December 20, 2007.

- **Litigation Trust**. The parties agree to work in good faith towards an agreement regarding the governance and continuation of the Litigation Trust.

- **Sale Process**. At the December 13, 2007 Sale Hearing, the Court shall enter a Sale Order as required under the APA.

- **Cooperation**. The books, records, files or other materials, or copies thereof, necessary to investigate and/or prosecute the claims and causes of action not sold and assigned to Adeptio

2

will be provided by the Debtors and/or Adeptio to the Creditors Committee or its designee, and the Debtors and Adeptio will provide access to personnel as reasonably necessary.

- **Final Settlement**.  This settlement shall be a final, unconditional settlement between Adeptio, the Official Committee of Unsecured Creditors, and the Debtors, with no investigation or other contingencies.

- **Reservation of Rights and No Amendment**.  The APA, the DIP Facility, and the prepetition secured loan facility remain in full force and effect, with no amendment or modification whatsoever, and Adeptio fully reserves all rights thereunder.

- **Full Authority**.  By their signature below, the parties represent that they are vested with full and complete authority to execute this term sheet on behalf of their client(s).

- **Post-Closing Cooperation**.  Without limiting anything in this term sheet, Andrew Zeinfeld, Ken Schwartz and Walter Leach shall cooperate with the Litigation Trust in the pursuit of trust claims.

3

Agreed and Accepted:

| | |
|---|---|
| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>  Thomas R. Califano<br>  DLA Piper US LLP<br>  1251 Avenue of the Americas<br>  New York, New York 10020 | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC<br><br>By: _____<br>  Reed Smith, LLP<br>  1201 Market Street, Suite 1500<br>  Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____ P.C.<br>  Anup Sathy, P.C.<br>  David A. Agay<br>  Kirkland & Ellis, LLP<br>  200 East Randolph<br>  Chicago, Illinois 60601 | |

Agreed and Accepted:

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>    Thomas R. Califano<br>    DLA Piper US LLP<br>    1251 Avenue of the Americas<br>    New York, New York 10020 | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC<br><br>By: _____<br>    Reed Smith, LLP<br>    1201 Market Street, Suite 1500<br>    Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____<br>    Anup Sathy, P.C.<br>    David A. Agay<br>    Kirkland & Ellis, LLP<br>    200 East Randolph<br>    Chicago, Illinois 60601 | |

Agreed and Accepted:

| | |
|---|---|
| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>　　Thomas R. Califano<br>　　DLA Piper US LLP<br>　　1251 Avenue of the Americas<br>　　New York, New York 10020 | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC<br><br>By: _Robert P. Simons_<br>　　Reed Smith, LLP<br>　　1201 Market Street, Suite 1500<br>　　Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____<br>　　Anup Sathy, P.C.<br>　　David A. Agay<br>　　Kirkland & Ellis, LLP<br>　　200 East Randolph<br>　　Chicago, Illinois 60601 | |