# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>SN LIQUIDATION, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 365, 413** |

**STIPULATION OF DEBTORS, ADEPTIO INPC FUNDING LLC AND WATERFRONT CENTER LIMITED PARTNERSHIP REGARDING: (I) MOTION OF WATERFRONT CENTER LIMITED PARTNERSHIP FOR ENTRY OF AN ORDER THAT DIRECTS AND COMPELS PAYMENT OF POST-PETITION RENT OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3) AND (II) MOTION FOR RELIEF FROM STAY TO PERMIT WATERFRONT CENTER LIMITED PARTNERSHIP TO EXERCISE ITS RIGHT OF SETOFF**

The above-captioned debtors and debtors in possession (the "Debtors"), Adeptio INPC Funding LLC ("Adeptio"), and Waterfront Center Limited Partnership ("Waterfront") hereby stipulate (the "Stipulation") and agree as follows:

WHEREAS, in April 2003, Waterfront, as landlord, and InPhonic, Inc., one of the above-captioned Debtors, as tenant, entered into a nonresidential lease agreement (the "Lease") pertaining to real property located at 1010 Wisconsin Avenue, N.W., Washington, D.C, and additional space in the building commonly referred to as the Dodge Warehouse; and

WHEREAS, pursuant to the Lease, the Debtors paid a security deposit to Waterfront in the amount of $37,675.00 plus interest accrued from December 1, 2003 (the "Security Deposit"), which now totals $48,158.99; and

WHEREAS, on November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

{00801849;v6}

WHEREAS, on December 13, 2007, the Court entered the Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief, which approved and authorized the sale of substantially all of the Debtors' assets to Adeptio; and

WHEREAS, on December 21, 2007, the sale closed, and Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the APA; and

WHEREAS, on January 29, 2008, the Bankruptcy Court entered the Order Rejecting Debtors' Real Property Lease for Office Space at Waterfront Center (the "Rejection Order"). Pursuant to the Rejection Order, the Lease was rejected *nunc pro tunc* to January 14, 2008; and

WHEREAS, on February 8, 2008, Waterfront filed the Motion to Compel Payment of Post-Petition Rent Obligations Pursuant to 11 U.S.C. § 365(d)(3) (the "365(d)(3) Motion") seeking immediate payment of post-petition rent for the months of December 2007 in the amount of $51,041.00 ("December Rent") and January 2008 in the amount of $44,933.00 ("January Rent") in the total amount of $95,974.00 plus attorney's fees and costs; and

WHEREAS, on February 20, 2008, the Debtors objected to the 365(d)(3) Motion and Adeptio filed a limited response and reservation of rights regarding the 365(d)(3) Motion; and

WHEREAS, on February 28, 2008, Waterfront filed proof of claim number 589 asserting a secured claim in the amount of $48,568.00 plus accrued interest and a non-priority general unsecured claim in the amount of $581,319.55 (collectively, the "Waterfront Claims"); and

{00801849;v6}

WHEREAS, on February 29, 2008, Waterfront filed the Motion for Relief from Stay to Permit Waterfront Center Limited Partnership to Exercise Its Right of Setoff (the "Stay Relief Motion"); and

WHEREAS, Waterfront, Adeptio, and the Debtors have engaged in discussions in an effort to resolve the 365(d)(3) Motion, the Stay Relief Motion, and the Waterfront Claims and, as a result of such discussions, have agreed to compromise; and

NOW, THEREFORE, in consideration of the mutual promises and covenants and other valuable consideration contained herein, the Parties hereby stipulate and agree as follows:

1.    Adeptio shall pay Waterfront December Rent in the amount of $51,041.00 by check made payable to: Waterfront Center LP, c/o Ted Vogel, RB Properties, Inc., 1054 31st Street, NW, Suite 1000, Washington, DC  20007, within 10 business days from the entry of an order approving this Stipulation.

2.    Waterfront shall retain the Security Deposit and is hereby granted limited relief from the automatic stay for the sole purpose of applying the Security Deposit toward the payment of January 2008 rent in the amount of $44,933.00 and toward its allowed administrative claim (as hereafter described) in the amount of $15,000.00.  Waterfront is hereby granted an allowed administrative expense claim in the amount of $15,000.00, of which $3,225.99 shall be paid by application of the balance of the Security Deposit after the payment of January 2008 rent, and of which $11,774.00 is to be paid pursuant to a confirmed plan of liquidation, provided, however, that if the Debtors' cases convert to cases under chapter 7 of the Bankruptcy Code before a plan can be confirmed or goes effective, Waterfront's allowed administrative claim will be paid at the same time as other allowed Chapter 11 administrative claims are paid by the chapter 7 trustee. The Debtors and Adeptio, on behalf of themselves, their estates, and any and

{00801849;v6}

all of their successors, including, but not limited to, any trustees that may be appointed in these cases, hereby waive any right that they may have to object to Waterfront's allowed administrative claim. The Official Committee of Unsecured Creditors and the Debtors anticipate seeking confirmation of a plan that will provide for payment of administrative expense claims out of the proceeds of recoveries awarded to a liquidating trust from litigation against directors and officers. Such payment will likely not occur immediately upon entry of any order confirming the plan and will be made after confirmation and accrue interest at a rate of no less than the L.I.B.O.R. rate plus 3%.

3.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, Waterfront and RB Properties, Inc. hereby forever waive, release and discharge the Debtors, their estates and their successors from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing, except that any waivers, releases and discharges contained herein do not release the obligations set forth in paragraphs 1 and 2 of this Stipulation.

4.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, the Debtors, their estates and their successors hereby forever waive, release and discharge Waterfront and RB Properties, Inc. from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or

{00801849;v6}

unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing, except that any waivers, releases and discharges contained herein do not release the obligations set forth in paragraphs 1 and 2 of this Stipulation.

5.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, Waterfront and RB Properties, Inc. hereby forever waive, release and discharge Adeptio and Simplexity from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing, except that any waivers, releases and discharges contained herein do not release the obligations set forth in paragraphs 1 and 2 of this Stipulation.

6.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, Adeptio and Simplexity hereby forever waive, release and discharge Waterfront and RB Properties, Inc. from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing.

7.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, the Debtors, their estates and their successors hereby forever waive, release and discharge Adeptio and Simplexity from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills,

covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing solely with respect to the Lease, the Security Deposit, the December Rent, the January Rent, and and the Waterfront Claims, except that any waivers, releases and discharges contained herein do not release the obligations set forth in paragraphs 1 and 2 of this Stipulation.

8.      In further consideration for this Stipulation, effective upon the entry of an order approving this Stipulation, Adeptio and Simplexity hereby forever waive, release and discharge the Debtors, their estates and their successors from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing solely with respect to the Lease, the Security Deposit, the December Rent, the January Rent, and the Waterfront Claims, except that any waivers, releases and discharges contained herein do not release the obligations set forth in paragraphs 1 and 2 of this Stipulation.

9.      This Stipulation will be submitted to the Court for approval under certification of counsel.

10.     Upon entry of an order approving this Stipulation, the Stay Relief Motion is deemed withdrawn.

11.     This Stipulation constitutes the entire agreement and understanding of the parties hereto and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

{00801849;v6}

12.     Nothing in the Stipulation is intended to be, nor shall it be construed as, an admission by the Parties of any liability or obligation.

13.     Each party shall bear its own attorney's fees and costs.

14.     This Stipulation shall be binding on the Parties, their successors and assigns (including, without limitation, any trustee that may be appointed under Chapter 7 or 11 of the Bankruptcy Code for the Debtors), the Debtors' creditors and interest holders, and all parties in interest.

15.     The Bankruptcy Court shall retain jurisdiction to enforce and interpret the terms of this Stipulation.

BAYARD, P.A.                                          KIRKLAND & ELLIS LLP

By: _____                          By: _____
Neil B. Glassman (No. 2087)                          David A. Agay
Mary E. Augustine (No. 4477)                         200 East Randolph Drive
222 Delaware Avenue, Suite 900                       Chicago, IL  60601
Wilmington, DE  19801                                Tel:  (312) 861-2342
Tel: (302) 655-5000                                  Fax:  (312) 660-9768
Fax: (302) 658-6395

              and                                                   and

DLA PIPER US LLP                                     YOUNG CONAWAY STARGATT
Thomas R. Califano                                   & TAYLOR, LLP
Jeremy R. Johnson                                    Edmon L. Morton (No. 3856)
1251 Avenue of the Americas                          The Brandywine Building
New York, New York  10020                            1000 West Street, 17th Floor
Telephone:(212) 335-4500                             P.O. Box 391
Facsimile: (212) 335-4501                            Wilmington, DE 19899-0391

*Counsel for the Debtors*                            *Counsel for the Adeptio*

{00801849;v6}

**CONNOLLY BOVE LODGE &
HUTZ LLP**

By: _____
Karen C. Bifferato (No. 3279)
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899
Tel:  (302) 658-9141
Fax:  (302) 658-5614

and

**HOLLAND & KNIGHT**
Stephen A. Bogorad
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC  20006
Tel:  (202) 457-7170
Fax:  (202) 955-5564

*Counsel for Waterfront*

{00801849;v6}

12.   Nothing in the Stipulation is intended to be, nor shall it be construed as, an admission by the Parties of any liability or obligation.

13.   Each party shall bear its own attorney's fees and costs.

14.   This Stipulation shall be binding on the Parties, their successors and assigns (including, without limitation, any trustee that may be appointed under Chapter 7 or 11 of the Bankruptcy Code for the Debtors), the Debtors' creditors and interest holders, and all parties in interest.

15.   The Bankruptcy Court shall retain jurisdiction to enforce and interpret the terms of this Stipulation.

**BAYARD, P.A.**

By: _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395

and

**DLA PIPER US LLP**
Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:(212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors*

**KIRKLAND & ELLIS LLP**

By: _____
David A. Agay
200 East Randolph Drive
Chicago, IL 60601
Tel: (312) 861-2342
Fax: (312) 660-9768

and

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (No. 3856)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

*Counsel for the Adeptio*

{00801849;v6}