## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SN Liquidation, Inc., et al, | ) | Case No. 07-11666 (KG) |
| | ) | Jointly Administered |
| Debtors | ) | **Objection Due By: June 6, 2008** |
| | ) | **Hearing Date: June 13, 2008, 11:00am** |

### OBJECTION OF ICON INTERNATIONAL, INC. TO ADEQUACY OF DISCLOSURE STATEMENT

Icon International, Inc. ("Icon"), by and through its undersigned counsel, hereby objects to the adequacy of the Disclosure Statement for Joint Plan of Liquidation of SN Liquidation, Inc., et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated April 14, 2008 (the "Proposed Disclosure Statement"). In support of this Objection, Icon respectfully represents and requests as follows:

### BACKGROUND

1. Icon holds an allowed unsecured claim against the estate of Inphonic, Inc. in the amount of Four Million Nine Hundred Ninety-seven Thousand Four Hundred Six Dollars and Sixty-one Cents ($4,997,406.61) by virtue of a timely filed proof of claim.

2. The Debtor sold all, or substantially all, of its assets pursuant to this Court's Order dated December 13, 2007. The Debtor has no business to reorganize and, on information and belief, no assets to distribute.

3. By Order dated June 2, 2008, entered in that certain Adversary Proceeding No. 08-50288 (KG), styled <u>SN Liquidation, Inc. v. Icon International, Inc.</u>, this Court granted the Debtor's Motion for Preliminary Injunction to prevent Icon from proceeding with litigation against former principals of the Debtor in the U.S. District Court for the District of Columbia.

Such Order was entered without prejudice to Icon's right to seek relief from the automatic stay. Such Order also set a status conference for July 15, 2008, at which time the Debtors are required to report on their plan for addressing Icon's non-bankruptcy action.

4. By Motion dated May 19, 2008, the Debtor and the Committee seek approval of the Proposed Disclosure Statement. The motion is scheduled for a hearing on June 13, 2008, at 11:00am.

## GROUNDS FOR OBJECTION

5. The Proposed Disclosure Statement is fatally defective in that it utterly fails to provide even the most basic information required by 11 U.S.C. §1125 and the cases decided thereunder.

6. The Proposed Disclosure Statement contains no information from which the average unsecured creditor can determine (or even estimate) what and how much it will receive, when it will receive it, and what contingencies there are to distribution. In Re: Ferretti, 128 B.R. 16 (Bankr. D.N.H. 1991).

7. The Proposed Disclosure Statement:

    a. Fails to provide a complete description of the available assets and their value;

    b. Fails to identify the source of information contained in the Proposed Disclosure Statement;

    c. Fails to provide a liquidation analysis from which a creditor can estimate how much it would receive under a Chapter 7 case;

    d. Fails to estimate the value of any avoidance actions; and

2

      e.    Fails to describe the existence, likelihood and probability of success in any non-bankruptcy litigation. In particular, the Proposed Disclosure Statement fails to explain how the potential, but as of yet, uncommenced causes of action against former directors and officers will result in any recovery to the estate. It fails to identify the existence of any insurance or other sources of recovery. It fails to explain the possible effects of the pending litigation against the Debtor's former directors and officers.

See *e.g.,* In re: Coastal Group, Inc., 13 F. 3d. 81 (3d. Cir. 1994) (Plan proponent must disclose potential adversary proceedings); In re: Scioto Valley Mortgage Co., 88 B.R. 168 (Bankr. S.D. Ohio 1988) (Listing the type of information that should be included). See also In re: Malek, 33 B.R. 443 (Bankr. E.D. Mich. 1983).

    8.    For the foregoing reasons, the Proposed Disclosure Statement does not contain adequate information and should not be approved.

ICON INTERNATIONAL, INC.

/s/ James F. Harker
James F. Harker, Esquire (Bar I.D. No. 255)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 North Orange Street, Suite 1130
Wilmington, DE 19801

DATED:    June 6, 2008

25258-001/10

## CERTIFICATE OF SERVICE

I, James F. Harker, Esquire, hereby certify that on this 6th day of June, 2008, the foregoing Objection of Icon International, Inc. to Adequacy of Disclosure Statement was sent via e-mail and/or facsimile to the following:

> Neil B. Glassman, Esquire
> Bayard, P.A.
> 222 Delaware Avenue, Suite 900
> Wilmington, DE  19801
> E-Mail: bankserve@bayardlaw.com
> Facsimile: (302) 658-6395
> *Counsel for the Debtors and Debtors-in-Possession*
>
> Jeremy R. Johnson, Esquire
> DLA Piper US LLP
> 1251 Avenue of the Americas
> New York, NY  10020
> E-Mail: Jeremy.johnson@dlapiper.com
> Facsimile: (212) 884-8562
> *Counsel for the Debtors and Debtors-in-Possession*
>
> Kelly Beaudin Stapleton, Esquire
> Office of the United States Trustee
> 844 King Street, Suite 2207
> Wilmington, DE  19801
> Facsimile: (302) 573-6497
>
> Kurt F. Gwynne, Esquire
> Reed Smith LLP
> 1201 Market Street, Suite 1500
> Wilmington, DE  19801
> E-Mail: kgwynne@reedsmith.com
> Facsimile: (302) 778-7575
> *Official Committee of Unsecured Creditors*

/s/ James F. Harker, Esquire (Bar I.D. No. 255)