## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | **Objection deadline: July 8, 2008 at 4:00 p.m.**<br>**Hearing date:  July 15, 2008 at 11:00 a.m.** |

### DEBTORS' FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN IMPROPERLY CLASSIFIED CLAIMS

**\* Your Substantive Rights May be Affected by this Objection. \***

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to sections 502, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims listed on Exhibit A attached hereto in the amounts indicated (the "Incorrectly Classified Claims"). In support of this Objection, the Debtors submit the Declaration of Brad Daniel of BMC Group, Inc. (the "Daniel Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represent as follows:

---

[1]  The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

## Background

1.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3.      On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").   Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.      On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.      On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").   Pursuant to the

Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer").

6.      On or around December 21, 2007, Adeptio assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7.      On January 30, 2008, the Court entered an Amended Order (I) Establishing March 21, 2008 (the "Bar Date") as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Bar Date Order").

8.      On or before February 4, 2008, the Debtors' noticing, claims and balloting agent, BMC Group, Inc. ("BMC"), who maintains the register of proofs of claim filed in these cases (the "Claim Registry"), gave notice of the Bar Date by mailing to all entities known or reasonably ascertainable as potential holders of a Claim, excluding Rebate Creditors (as defined below), (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice") and (b) a proof of claim form for these cases.[2]  On February 12, 2008, the Debtors filed an Affidavit of Mailing executed by James Myers of BMC with respect to its mailing of the Bar Date materials above.

9.      On or before February 21, 2008, the Debtors published notice of the Bar Date in the following newspapers and trade journals: The Wall Street Journal (National

---

[2] As detailed below, Rebate Creditors were served with limited notice pursuant to the February 25, 2008 order of the Bankruptcy Court.

Edition) ("WSJ"), The New York Times (National Edition) (the "NY Times") and RCR Wireless News ("RCR News").  On March 3, 2005, the Debtors filed an Affidavit of Publication executed by Alice Weber of the NY Times with respect to the publication of the notice of the Bar Date in the NY Times.  On March 5, 2008, the Debtors filed an Affidavit of Publication executed by Alison Kauker of SK Advertising LLC with respect to the publication of the notice of the Bar Date in the WSJ and the RCR News.

10.     On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order").  Pursuant to the Rebate Notice Order, the Debtors were authorized to send known rebate creditors limited notice of the Debtors' chapter 11 cases (the "Rebate Notice"). On March 6, 2008, the Debtors filed an Affidavit of Service executed by James Myers of BMC with respect to service of the Rebate Notice on known rebate creditors.  On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service executed by Katya Belas of BMC with respect to service of the Rebate Notice on additional rebate creditors.

11.     The Debtors and their professionals are in the process of conducting a review of the proofs of claim submitted in these cases, including any supporting documentation.  Based upon such review to date, the Debtors object to and seek to reclassify the Incorrectly Classified Claims listed on Exhibit A in the amounts indicated therein.

## Jurisdiction

12.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

13.     By this Objection, the Debtors respectfully request the entry of an order pursuant to sections 502, 503 and 507 of the Bankruptcy Code, Rules 3001 and 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules reclassifying each of the Incorrectly Classified Claims listed on Exhibit A attached hereto in the amounts indicated therein.

## Basis for Relief

14.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

Except to the extent that –

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

15.     The Debtors have determined that the Incorrectly Classified Claims listed on Exhibit A incorrectly assert (a) a priority status, (b) a secured status, or (c) an administrative expense claim status.  Under sections 502, 503 and 507 of the Bankruptcy Code and Rule 3001(c) and (d) of the Bankruptcy Rules, the Incorrectly Classified Claims should be reclassified as general unsecured non-priority claims.

16.     Pursuant to Bankruptcy Rule 3001(c) and (d), claims filed as secured must attach evidence supporting their secured status.  Claims that fail to meet this requirement must be reclassified as unsecured claims.  See In re Bailey, 228 B.R. 267, 270 (Bankr. D. Kan. 1998) (sustaining debtors' objection to claim's allegedly secured status given that creditor neither (i) showed that it held a valid lien on any of the debtors' property nor (ii) perfected any lien it may have had making it avoidable under section 544 of the

Bankruptcy Code). Because certain of the Incorrectly Classified Claims are filed as secured claims but fail to provide evidence of their secured status, they should be reclassified as unsecured non-priority claims.

17.     In addition, section 507(a) sets forth the scheme of priorities for payment of claims. Priority claims include limited claims for employee wages and employee benefits, certain taxes, and certain other claims. Because the Incorrectly Classified Claims fall outside the limitations set forth in section 507(a) of the Bankruptcy Code and otherwise fail to provide any evidence of their entitlement to priority status, such Claims do not qualify for priority status and should be reclassified as non-priority claims. Further, to the extent that Incorrectly Classified Claims are for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual, and exceed the maximum claims permitted by section 507(a)(4), such claims do not qualify for priority status and should be reclassified as unsecured non-priority claims.

18.     Finally, section 503(b) provides a non-exhaustive list of possible administrative expenses. Administrative expenses and claims are required to be presented to the Court by motion and noticed for hearing. Because the Incorrectly Classified Claims fall outside the limitations set forth in section 503(b) of the Bankruptcy Code, otherwise fail to provide any evidence of their entitlement to an administrative expense claim status, and were procedurally improper, such Claims do not qualify as administrative expense claims and should be reclassified as unsecured non-priority claims.

19.     Accordingly, the Debtors object to the Incorrectly Classified Claims and respectfully request that this Court, pursuant to sections 502, 503 and 507 of the

Bankruptcy Code and Bankruptcy Rule 3001(c) and (d), reclassify the Incorrectly Classified Claims as general unsecured non-priority claims in the manner set forth on Exhibit A.

## Separate Contested Matters

20.    Each of the Claims and the Debtors' objections thereto as asserted in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

## Reservation of Rights

21.    The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not), but which are not the subject of this Objection.  Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve the right to object on other stated grounds or on any other grounds that are discovered during the pendency of these cases.   In addition, the Debtors reserve the right to file counterclaims against the holders of any such claims.

## Notice

22.    The Debtors will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) each claimant listed on Exhibit A, or such claimant's agent designated on the

claimant's proof of claim, at the address listed in that claimant's proof of claim, and (c)
all parties requesting notices pursuant to Bankruptcy Rule 2002.

### Responses to Objections

23.    <u>Filing and Service of Responses.</u>  To contest an objection contained in this
Objection, a claimant must file a written response to this Objection (the "Response") with
the Office of the Clerk of the United States Bankruptcy Court for the District of
Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801; and the Response must
be served so as to be <u>received</u> no later than July 8, 2008 at 4:00 p.m. (Eastern Time) by
undersigned counsel.

24.    <u>Contents of Responses.</u>  Every Response must contain at a minimum the
following:

(a)    a caption setting forth the name of the Court, the names of the
Debtors, the case number and the title of this Objection;

(b)    the name of the claimant and description of the basis for the
amount of the claim;

(c)    a concise statement setting forth the reasons why the claim should
not be reclassified for the reasons set forth in the Objection, including, but not limited to,
the specific factual and legal basis upon which the claimant will rely in opposing the
Objection;

(d)    all documentation or other evidence of the claim, to the extent not
included with the proof of claim previously filed with the Bankruptcy Court, upon which
the claimant will rely in opposing the Objection at the hearing;

(e)     the address(es) to which the Debtors must return any reply to the Response; and

(f)     the name, address, and telephone number of the person (which may be the claimant or its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

25.     <u>Timely Response Filed.</u>  If a claimant fails to file and serve a timely Response, the Debtors will present to the Court an appropriate order reclassifying those claims listed on Exhibit A <u>without further hearing or notice to the claimant</u>.

26.     <u>Service Address.</u>  If a Response contains an address for a claimant different from that <u>stated</u> on the disputed proof of claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

<b>Further Information</b>

27.     Questions about the Objection or requests for additional information about the proposed disposition of claims thereunder should be directed in writing to the Debtors' counsel: Bayard, P.A., Attention: Daniel A. O'Brien, Esq., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or by telephone at (302) 655-5000. <u>Claimants should not contact the Clerk of the Court to discuss the merits of their claims.</u>

<b>Compliance With Local Rules</b>

28.     This Objection, and related exhibits attached hereto, substantially complies with all applicable Local Rules, including Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of the Local

Rules, including Local Rule 3007-1, the undersigned counsel for the Debtors believe that such deviations are not material, and respectfully request that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) reclassifying the Incorrectly Classified Claims attached hereto as Exhibit A to general unsecured non-priority claims in the amounts indicated in Exhibit A, and (ii) granting such other and further relief as is just and proper.

Dated: June 6, 2008

**BAYARD, P.A.**

By: _Daniel O'Brien_
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession

{00959269;v1}