## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | **Objection deadline: July 8, 2008 at 4:00 p.m.**<br>**Hearing Date: July 15, 2008 at 11:00 a.m.** |

## DEBTORS' SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE)
## TO CERTAIN CLAIMS

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims set forth on the exhibits attached hereto in the amounts indicated. In support of this Objection, the Debtors submit the Declaration of Brad Daniel of BMC Group, Inc. (the "Daniel Declaration") annexed hereto and incorporated herein by reference, and respectfully represent as follows:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

## **Background**

1.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3.      On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.      On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.      On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").  Pursuant to the

Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio").

6.        On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7.        On January 30, 2008, the Court entered an Amended Order (I) Establishing March 21, 2008 (the "Bar Date") as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Bar Date Order").

8.        On or before February 4, 2008, the Debtors' noticing, claims and balloting agent, BMC Group, Inc. ("BMC"), who maintains the register of proofs of claim filed in these cases (the "Claim Registry"), gave notice of the Bar Date by mailing to all entities known or reasonably ascertainable as potential holders of a Claim, excluding Rebate Creditors (as defined below), (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice") and (b) a proof of claim form for these cases.[2]  On February 12, 2008, the Debtors filed an Affidavit of Mailing executed by James Myers of BMC with respect to its mailing of the Bar Date materials above.[3]

---

[2]  As detailed below, Rebate Creditors were served with limited notice pursuant to the February 25, 2008 order of the Bankruptcy Court.

[3]  BMC continued to mail Bar Date materials to potential claim holders, as they became known.  The Debtors filed Supplemental Affidavits of Service executed by BMC with respect to its mailing of the Bar Date materials on February 20, 2008, February 28, 2008, March 3, 2008, March 10, 2008, March 12, 2008, March 18, 2008 and March 19, 2008, respectively.

9.     On or before February 21, 2008, the Debtors published notice of the Bar Date in the following newspapers and trade journals: The Wall Street Journal (National Edition) ("WSJ"), The New York Times (National Edition) (the "NY Times") and RCR Wireless News ("RCR News").  On March 3, 2005, the Debtors filed an Affidavit of Publication executed by Alice Weber of the NY Times with respect to the publication of the notice of the Bar Date in the NY Times.  On March 5, 2008, the Debtors filed an Affidavit of Publication executed by Alison Kauker of SK Advertising LLC with respect to the publication of the notice of the Bar Date in the WSJ and the RCR News.

10.     On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order").  Pursuant to the Rebate Notice Order, the Debtors were authorized to send creditors known to hold rebate claims against the Debtors ("Rebate Creditors") limited notice of the Debtors' chapter 11 cases (the "Rebate Notice"). On March 6, 2008, the Debtors filed an Affidavit of Service executed by BMC with respect to service of the Rebate Notice on known Rebate Creditors.  On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service executed by BMC with respect to service of the Rebate Notice on additional Rebate Creditors.

11.     The Debtors and their professionals are in the process of conducting a review of the proofs of claim submitted in these cases, including any supporting documentation.  Based upon such review to date, the Debtors object to the claims listed on Exhibit A (Duplicate Claims), Exhibit B (Amended/Superseded Claims), Exhibit C (Late Filed Claims) and Exhibit D (Claims Filed Without Any Supporting

Documentation) attached hereto, and request that such claims be disallowed and expunged in their entirety for the reasons as set forth below.

### Jurisdiction

12.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13.     By this Objection, the Debtors object to the claims set forth on Exhibits A, B, C, D and E attached hereto, pursuant to section 502 of the Bankruptcy Code, Rules 3001 and 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules, and seek to disallow and expunge such claims in their entirety.

### Basis for Relief

14.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

> Except to the extent that –
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

**A.    Duplicate Claims**

15.     The Debtors have determined that the Claims listed on Exhibit A (the "Duplicate Claims") are duplicative of other proofs of claim filed in these Cases.  The Duplicate Claims should be disallowed under section 502(b)(1) of the Bankruptcy Code.

16.     Proofs of claim that duplicate other proofs of claim filed against a debtor or debtor's property are unenforceable and, thus, should be disallowed and expunged in

their entirety by the Bankruptcy Court, "as it is axiomatic that one can not [sic] recover for the same debt twice." In re Handy Andy Home Improvement Ctrs., Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998).

17.      Each of the Duplicate Claims is a duplicate of another proof of claim filed against the same Debtor in these Cases, and is not merely a duplicate proof of claim filed against a different Debtor. *See* Local Rule 3007-1(d)(i) (stating that a duplicate claim filed against a different debtor is a substantive objection unless the bankruptcy cases of such debtors are substantively consolidated). Such Duplicate Claims do not represent valid claims against the Debtors' estates. If such Duplicate Claims are not disallowed or expunged, the potential exists for a double recovery by a Claimant.

18.      The Claimants holding Duplicate Claims will not be prejudiced by having such Claims disallowed and expunged because such Claimants' remaining Claim(s), identified on Exhibit A as "Surviving Claims," will remain on the Claims Registry, subject to the Debtors' right to object to the Surviving Claim(s) in the future on any grounds allowed under applicable law.

19.      Accordingly, the Debtors object to the Duplicate Claims and respectfully request that this Court disallow and expunge the Duplicate Claims in the manner set forth on Exhibit A.

**B.      Amended and Superseded Claims**

20.      The Debtors have determined that the Claims listed on Exhibit B (the "Amended/Superseded Claims") have been amended or superseded in these cases. The Claimants asserting these Amended/Superseded Claims have either amended their original proof of claim, or filed subsequent proofs of claim arising from the same

circumstances as the original proof of claim and substituting either a different liability or a different Debtor.

21.     The Amended/Superseded Claims are unenforceable against the Debtors pursuant to section 502(b)(1) of the Bankruptcy Code because they have been replaced, amended or superseded by subsequent claims filed by the same Claimant, and thus no longer represent valid claims enforceable against the Debtors.  The Claimants holding Amended/Superseded Claims will not be prejudiced by having such Claims disallowed and expunged because such Claimants' remaining Claim(s), identified on Exhibit B as "Surviving Claims," will remain on the Claims Registry, subject to the Debtors' right to object to the Surviving Claim(s) in the future on any grounds allowed under applicable law.

22.     Accordingly, the Debtors object to the Amended/Superseded Claims and respectfully request that this Court disallow and expunge the original proofs of claim as set forth on Exhibit B.

## C.     Late Filed Claims

23.     The claims listed on Exhibit C (the "Late Filed Claims") attached hereto were filed after the Bar Date had passed.  On February 12, 2008, the Debtors filed an Affidavit of Mailing with respect to the mailing of the Bar Date Notice to all known creditors, excluding Rebate Creditors.[4]  On March 6, 2008, the Debtors filed an Affidavit of Service with respect to service of the Rebate Notice, which indicated the Bar Date, to

---

[4]  BMC continued to mail Bar Date materials to potential claim holders, as they became known.  The Debtors filed Supplemental Affidavits of Service executed by BMC with respect to its mailing of the Bar Date materials on February 20, 2008, February 28, 2008, March 3, 2008, March 10, 2008, March 12, 2008, March 18, 2008 and March 19, 2008, respectively.

all known Rebate Creditors.[5]  Further, on March 3, 2008 and March 5, 2008, the Debtors filed Affidavits of Publication with respect to the publication of the Bar Date in the NY Times, the WSJ and the RCR News.

24.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim, except to the extent that proof of such claim is not timely filed.

25.     The Debtors therefore object to each of the Late Filed Claim, on the basis of untimeliness pursuant to section 502(b)(9) of the Bankruptcy Code and respectfully request that this Court disallow and expunge the Late Filed Claims.  The Debtors reserve the right to object on any other grounds to any of the Claims listed on Exhibit C.

**D.     Claims Without Any Supporting Documentation**

26.     The Debtors have determined that the Claims listed on Exhibit D (the "Claims Without Any Supporting Documentation") failed to attach documentation supporting the alleged claims against the Debtors.   Under section 502(b)(1) of the Bankruptcy Code and Rule 3001(c) of the Bankruptcy Rules, the Claims Without Any Supporting Documentation should be disallowed.

27.     Bankruptcy Rule 3001(c) provides, in relevant part, that:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim.  If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

---

[5]  On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service with respect to service of the Rebate Notice on additional Rebate Creditors.

28.    The Claims Without Any Supporting Documentation listed on Exhibit D represent Claims filed against one or more of the Debtors that do not constitute valid *prima facie* claims because they are claims that fail to contain or attach supporting documentation of any kind whatsoever.

29.    For a proof of claim to be legally sufficient and, therefore, to be *prima facie* valid, under the Bankruptcy Rules, [it] must

> 1)  be in writing
> 2)  make a demand on the debtor's estate
> 3)  express the intent to hold the debtor liable for the debt
> 4)  be properly filed; and
> 5)  be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

First Nat'l Bank of Fayetteville, Ark. v. Circle J Dairy (In re Circle J Dairy, Inc.), 112 B.R. 297, 299-300 (W.D. Ark. 1989) (quoting In re Scholz, 57 B.R. 259 (Bankr. N.D. Ohio 1986)).  If a claim fails to comply with each of the foregoing requirements, it is not entitled to *prima facie* validity under Bankruptcy Rule 3001.  Id. at 300; see also Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage), 178 B.R. 222, 226-27 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).  The claim itself "can be used as evidence to dispute its own validity."  Circle J Dairy, 112 B.R. at 300.  Moreover, Local Rule 3007-1(d)(vi) permits a debtor to object on non-substantive grounds to claims filed without any supporting documentation.

30.    Accordingly, the Debtors object to the Claims Without Any Supporting Documentation and respectfully request that this Court disallow and expunge these Claims.

## Separate Contested Matters

31.     Each of the Claims and the Debtors' objections thereto as asserted in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.   The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

## Reservation of Rights

32.     The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not), but which are not the subject of this Objection.  Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve the right to object on other stated grounds or on any other grounds that are discovered during the pendency of these cases.   In addition, the Debtors reserve the right to file counterclaims against the holders of any such claims.

## Notice

32.     The Debtors will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) each claimant listed on the Exhibits attached hereto, or such claimant's agent designated on the claimant's proof of claim, at the address listed in that claimant's proof of claim, and (c) all parties requesting notices pursuant to Bankruptcy Rule 2002.

**Responses to Objections**

33.     Filing and Service of Responses.   To contest an objection contained in this Objection, a claimant must file a written response to this Objection (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801; and the Response must be served so as to be received no later than July 8, 2008 at 4:00 p.m. (Eastern Time) by undersigned counsel.

34.     Contents of Responses.  Every Response must contain at a minimum the following:

(a)      a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of this Objection;

(b)      the name of the claimant and description of the basis for the amount of the claim;

(c)      a concise statement setting forth the reasons why the claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal basis upon which the claimant will rely in opposing the Objection;

(d)      all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Objection at the hearing;

(e)      the address(es) to which the Debtors must return any reply to the Response; and

(f)     the name, address, and telephone number of the person (which may be the claimant or its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

35.     <u>Timely Response Filed.</u>   If a claimant fails to file and serve a timely Response, the Debtors will present to the Court an appropriate order with respect to the claimant's respective claim <u>without further hearing or notice to the claimant</u>.

36.     <u>Service Address.</u>   If a Response contains an address for a claimant different from that <u>stated</u> on the disputed proof of claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

## Further Information

37.     Questions about the Objection or requests for additional information about the proposed disposition of claims thereunder should be directed in writing to the Debtors' counsel: Bayard, P.A., Attention: Daniel A. O'Brien, Esq., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or by telephone at (302) 655-5000. <u>Claimants should not contact the Clerk of the Court to discuss the merits of their claims</u>.

## Compliance With Local Rules

38.     This Objection, and related exhibits attached hereto, substantially complies with all applicable Local Rules, including Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of the Local Rules, including Local Rule 3007-1, the undersigned counsel for the Debtors believe that

such deviations are not material, and respectfully request that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the relief herein and (ii) granting such other and further relief as is just and proper.

Dated:  June 6, 2008

**BAYARD, P.A.**

By: *Daniel O'Brien*

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession