# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection deadline: July 8, 2008 at 4:00 p.m.<br>Hearing Date: July 15, 2008 at 11:00 a.m. |

## DEBTORS' THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN NO LIABILITY CLAIMS

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims set forth on Exhibit A attached hereto in the amounts indicated. In support of this Objection, the Debtors submit the Declaration of Brad Daniel of BMC Group, Inc. (the "Daniel Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represent as follows:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{01019162;v1}

## Background

1.     On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.     The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3.     On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.     On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.     On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").  Pursuant to the

Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio").

6.     On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7.     On January 30, 2008, the Court entered an Amended Order (I) Establishing March 21, 2008 (the "Bar Date") as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Bar Date Order").

8.     On or before February 4, 2008, the Debtors' noticing, claims and balloting agent, BMC Group, Inc. ("BMC"), who maintains the register of proofs of claim filed in these cases (the "Claim Registry"), gave notice of the Bar Date by mailing to all entities, known or reasonably ascertainable as potential holders of a Claim, excluding Rebate Creditors (as defined below), (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice") and (b) a proof of claim form for these cases.[2]  On February 12, 2008, the Debtors filed an Affidavit of Mailing executed by James Myers of BMC with respect to its mailing of the Bar Date materials above.

9.     On or before February 21, 2008, the Debtors published notice of the Bar Date in the following newspapers and trade journals: The Wall Street Journal (National

---

[2]  As detailed below, Rebate Creditors were served with limited notice pursuant to the February 25, 2008 order of the Bankruptcy Court.

Edition) ("WSJ"), The New York Times (National Edition) (the "NY Times") and RCR Wireless News ("RCR News"). On March 3, 2005, the Debtors filed an Affidavit of Publication executed by Alice Weber of the NY Times with respect to the publication of the notice of the Bar Date in the NY Times. On March 5, 2008, the Debtors filed an Affidavit of Publication executed by Alison Kauker of SK Advertising LLC with respect to the publication of the notice of the Bar Date in the WSJ and the RCR News.

10.     On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order"). Pursuant to the Rebate Notice Order, the Debtors were authorized to send creditors known to hold rebate claims against the Debtors ("Rebate Creditors") limited notice of the Debtors' chapter 11 cases (the "Rebate Notice"). On March 6, 2008, the Debtors filed an Affidavit of Service executed by James Myers of BMC with respect to service of the Rebate Notice on known Rebate Creditors. On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service executed by Katya Belas of BMC with respect to service of the Rebate Notice on additional Rebate Creditors.

11.     On January 30, 2008, the Court entered the Order Approving (a) the Assumption and Assignment of Additional Designated Contracts; and (b) Procedures for Future Assumption and Assignment of Certain Held Contracts (the "Procedures Order"). As set forth in the Procedures Order, the Debtors, following any written assumption notice from Simplexity, file with the Bankruptcy Court a proposed order (the "Assumption Order") seeking the assumption and assignment of certain contracts held by the Debtors ("Held Contracts") pursuant to the December 13, 2007 order of the Bankruptcy Court. If no objection to the Assumption Order is received, or if no prior

cure objection has been filed with respect to any contract sought to be assumed and assigned pursuant to the Assumption Order, the Debtors may file a certificate of no objection with the Bankruptcy Court and seek approval of the Assumption Order without further notice to any party.  As set forth in the Sale Order and the Procedures Order, (i) cure amounts of Held Contracts assumed and assigned pursuant to the Assumption Order, if any, are paid by the purchaser, Adeptio, and (ii) the Debtors and their estates are relieved of any further claims on account of such contracts.

12.     The Debtors and their professionals are in the process of conducting a review of the proofs of claim submitted in these cases, including any supporting documentation.  Based upon such review to date, the Debtors object to the claims listed on Exhibit A (No Liability Claims) attached hereto, and request that such claims be disallowed and expunged in their entirety for the reasons as set forth below.

### Jurisdiction

13.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

14.     By this Objection, the Debtors object to the claims set forth on Exhibit A, attached hereto, pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules, and seek to disallow and expunge such claims in their entirety.

**Basis for Relief**

15.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

Except to the extent that –

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

16.     Rule 3007(d)(5) of the Bankruptcy Rules and Rule 3007-1(d)(ix) of the Local Rules permit a debtor to object on non-substantive grounds to claims that have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order.

17.     The Debtors have determined that the Waterfront Center Limited Partnership claim (the "Waterfront Claim") listed on Exhibit A (the "No Liability Claims") has been satisfied pursuant to the Order Granting Stipulation of Debtors, Adeptio INPC Funding LLC and Waterfront Center Limited Partnership Regarding: (I) Motion of Waterfront Center Limited Partnership for Entry of an Order That Directs and Compels Payment of Post-Petition Rent Obligations Pursuant to 11 U.S.C. § 365(d)(3) and (II) Motion for Relief From Stay to Permit Waterfront Center Limited Partnership to Exercise Its Right of Setoff, dated May 7, 2008 (the "Waterfront Order"). The Waterfront Order approves the stipulation, filed under certification of counsel on May 5, 2008, between the Debtors, Adeptio INPC Funding LLC and Waterfront Center Limited Partnership, which satisfies the Waterfront Claim in its entirety.

18.     Additionally, the Debtors have determined that the ePlus Group Inc. claim (the "ePlus Group Claim") listed on Exhibit A has been released/satisfied pursuant to the Order (Fifth) (I) Authorizing the Assumption and Assignment of Certain Held Contracts, and (II) Deeming Those Held Contracts to be "Designated Contracts" For All Purposes Under the December 13, 2007 Sale Order and Related Asset Purchase Agreement, dated May 20, 2008 (the "May 20, 2008 Assumption Order"). Without objection, the May 20, 2008 Assumption Order assumed and assigned to Simplexity, that certain personal property equipment lease (the "ePlus Lease"), dated August 17, 2005. The ePlus Lease is the basis of the ePlus Group Claim listed on Exhibit A. Upon the assumption and assignment of the ePlus Lease, and pursuant to the Sale Order and the Procedures Order, (i) the cure amount for the ePlus Lease, listed at $37,860.68, is to be paid by the purchaser, Adeptio, and (ii) the Debtors and their estates are relieved of any further claims with respect to such lease. Since the ePlus Lease is the basis of the ePlus Group Claim, the ePlus Group Claim has been released/satisfied.

19.     Finally, the Debtors have determined that the Randall Van Dyke & Associates Inc. d/b/a RNA Inc. claim (the "RVD Claim") listed on Exhibit A has been released/satisfied pursuant to the May 20, 2008 Assumption Order. Without objection, the May 20, 2008 Assumption Order assumed and assigned to Simplexity, that certain master services agreement (the "RVD Agreement"), dated March 1, 2007. The RVD Agreement is the subject of the RVD Claim listed on Exhibit A. Upon the assumption and assignment of the RVD Agreement, and pursuant to the Sale Order and the Procedures Order, (i) the cure amount for the RVD Agreement, listed at $473,399.95, is to be paid by the purchaser, Adeptio, and (ii) the Debtors and their estates are relieved of

any further claims with respect to such agreement. Since the RVD agreement is the basis for the RVD Claim, the RVD Claim has been released/satisfied.

20.    The Debtors have been released from liability or have satisfied the No Liability Claims in accordance with the above-mentioned Court Orders. Therefore, the No Liability Claims should be disallowed under section 502(b)(1) of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules and 3007-1 of the Local Rules.

21.    Accordingly, the Debtors object to the No Liability Claims and respectfully request that this Court disallow and expunge these Claims.

### Separate Contested Matters

22.    Each of the Claims and the Debtors' objections thereto as asserted in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

### Reservation of Rights

23.    The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not), but which are not the subject of this Objection. Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve the right to object on other stated grounds or on any other grounds that they discover during the pendency of these cases. In addition, the Debtors reserve the right to file counterclaims against the holders of any such claims.

**Notice**

24.     The Debtors will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) each claimant listed on the Exhibits attached hereto, or such claimant's agent designated on the claimant's proof of claim, at the address listed in that claimant's proof of claim, and (c) all parties requesting notices pursuant to Bankruptcy Rule 2002.

**Responses to Objections**

25.     Filing and Service of Responses.  To contest an objection contained in this Objection, a claimant must file a written response to this Objection (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801; and the Response must be served so as to be received no later than July 8, 2008 at 4:00 p.m. (Eastern Time) by undersigned counsel.

26.     Contents of Responses.  Every Response must contain at a minimum the following:

(a)     a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of this Objection;

(b)     the name of the claimant and description of the basis for the amount of the claim;

(c)     a concise statement setting forth the reasons why the claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal basis upon which the claimant will rely in opposing the Objection;

(d)    all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Objection at the hearing;

(e)    the address(es) to which the Debtors must return any reply to the Response; and

(f)    the name, address, and telephone number of the person (which may be the claimant or its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

27.    Timely Response Filed.    If a claimant fails to file and serve a timely Response, the Debtors will present to the Court an appropriate order with respect to the claimant's respective claim without further hearing or notice to the claimant.

28.    Service Address.    If a Response contains an address for a claimant different from that stated on the disputed proof of claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

**Further Information**

29.    Questions about the Objection or requests for additional information about the proposed disposition of claims thereunder should be directed in writing to the Debtors' counsel: Bayard, P.A., Attention: Daniel A. O'Brien, Esq., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or by telephone at (302) 655-5000. Claimants should not contact the Clerk of the Court to discuss the merits of their claims.

## Compliance With Local Rules

30.     This Objection, and related exhibits attached hereto, substantially complies with all applicable Local Rules, including Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of the Local Rules, including Local Rule 3007-1, the undersigned counsel for the Debtors believe that such deviations are not material, and respectfully request that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the relief herein and (ii) granting such other and further relief as is just and proper.

Dated:  June 6, 2008                    **BAYARD, P.A.**

By: _Daniel O'Brien_
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession