IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al.,[1] | Case No. 07-11666 (KG) |
| Debtors. | Jointly Administered |
| | Ref. No. 542 |

## ADEPTIO'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION TO, AMONG OTHER THINGS, APPROVE ADEQUACY OF DISCLOSURE STATEMENT (DOCKET NO. 542)

On April 14, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors in these bankruptcy cases (the "Creditors Committee") filed their joint chapter 11 plan of liquidation (the "Plan") and disclosure statement in connection therewith (the "Disclosure Statement").[2] (Docket No. 504) On May 19, 2008, the Debtors filed their *Motion Pursuant to Section 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative*

---

[1] Pursuant to the Bankruptcy Court's order on January 29, 2008, the Debtors' cases, which were jointly administered under the name "InPhonic, Inc., et al.", are now jointly-administered under the name "SN Liquidation, Inc., et al.". The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) InPhonic, Inc., a Delaware corporation, Fed. Tax Id. No. 9384; (b) CAIS Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 6257; (c) CAIS Acquisition II, LLC, a Delaware limited liability company, Fed. Tax Id. No. 3695; (d) SimIPC Acquisition Corp., a Delaware corporation, Fed. Tax Id. No. 4924; (e) Star Number, Inc., a Delaware corporation, Fed. Tax Id. No. 5549; (f) Mobile Technology Services, LLC, a Delaware limited liability company, Fed. Tax Id. No. 1426; (g) FON Acquisition, LLC, a Delaware limited liability company, Fed. Tax Id. No. 2807; and (h) 1010 Interactive, LLC, a Delaware limited liability company, Fed. Tax Id. No. 5391.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as that ascribed to them in the Plan and Disclosure Statement.

*Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing* (the "Motion").

In connection with the Motion, the Plan, and the Disclosure Statement, Adeptio INPC Funding, LLC ("Adeptio") has raised certain points and provided input (including suggested revisions) to ensure that the Plan and Disclosure Statement are consistent with the highly-negotiated Sale Order, the APA, and the Term Sheet approved by the Court relating to, *inter alia*, the sale of substantially all of the Debtors' assets to Adeptio. (Docket No. 285) It is Adeptio's understanding that the Debtors will be filing an amended Plan and Disclosure Statement reflecting many of these suggested changes. However, while Adeptio, the Debtors, and the Creditors' Committee have worked closely and diligently to resolve all of the points raised by Adeptio, the parties are still working to resolve certain discrete, but important, issues. Adeptio files this limited objection to note these points and reserve its rights pending a resolution.

### A.  Terms and Conditions of the Adeptio Loan

1. As part of the Term Sheet, Adeptio agreed to fund the investigation of certain causes of action by the litigation trust established under the Plan (the "Adeptio Loan"). Specifically, the Term Sheet provides that Adeptio will fund:

> the costs of professional fees necessary to investigate the viability of avoidance actions and other litigation claims and commence and prosecute such litigation if appropriate that the Debtors' estates through a Litigation Trust may possess through a senior secured loan (which shall accrue interest as ruled by the Court) of up to a total of $500,000 . . . which amount shall be repaid from first proceeds paid to the Litigation Trust.

2. In this regard, Adeptio believes that the Plan and Disclosure Statement should include the following clarification regarding the Adeptio Loan, which currently is not included: "for the avoidance of doubt, (a) the Investigation Funding shall be provided to the Litigation

Trustee on a draw-down basis, whereby Adeptio will provide the Litigation Trustee with Investigation Funding in the amount requested, when requested, and any repayments shall permanently reduce the Investigation Funding dollar-for-dollar, and (b) the Investigation Funding shall be repaid in full and the Adeptio Loan terminated prior to any proceeds being made available from the Priority Claims Funding, as defined in the Term Sheet." This language would clarify that, consistent with the Term Sheet, Adeptio is not making one lump sum advance of $500,000. Rather, the loan is intended to fund expenses the Litigation Trust incurs in connection with its investigation, as incurred. The language also clarifies that the Adeptio Loan is not a revolver. Lastly, as discussed below, the language clarifies that the Adeptio Loan must be repaid prior to any amounts being made available under the Priority Claims Funding.

3.  Moreover, in accordance with the Term Sheet, the Plan and Disclosure Statement should affirmatively state that no distributions can be made from the Litigation Trust, including any distributions on account of secured, priority, administrative, or unsecured claims, until <u>repayment in full *and* termination</u> of the Adeptio Loan. If the Litigation Trust realizes proceeds from pursuing causes of action in excess of amounts then outstanding under the Adeptio Loan, but prior to exhausting the full $500,000 availability, the Litigation Trust must first repay the Adeptio Loan to the extent drawn. Furthermore, if proceeds remain in the Litigation Trust subsequent to such repayment but the Adeptio Loan has not been exhausted up to the full $500,000, the Litigation Trust may only distribute such proceeds upon full repayment and termination of the Adeptio Loan. Currently, the Plan and Disclosure Statement do not adequately reflect these terms.

**B.   <u>Priority Claims Funding</u>**

4.  Pursuant to the Settlement, Adeptio also agreed, upon confirmation of a chapter 11 plan, to "contribute up to a total $500,000 solely for the purpose of making distributions

3

under such plan on account of allowed priority claims as such claims become allowed pursuant to the terms and conditions of section 1129(a)(9) of the Bankruptcy Code." As the Plan is currently structured, holders of priority claims could receive distributions on or shortly after the Effective Date from the proceeds of the Priority Claims Funding, the Litigation Trust could draw on the Adeptio Loan, the Litigation Trust could obtain insufficient recoveries to repay the Adeptio Loan, and Administrative Claims could receive zero recovery. Adeptio does not believe this appropriately reflects the intent of the parties in entering into the Term Sheet, and it runs afoul of the Bankruptcy Code's priority scheme. Adeptio respectfully submits that the Plan and Disclosure Statement should be clarified to state that no amounts are advanced under the Priority Claims Funding prior to repayment in full and termination of the Adeptio Loan. In doing so, the Plan would conform with Bankruptcy Code § 507, in that priority claims would not get paid before Administrative Claims.

5.   In addition, Adeptio has proposed the following clarifying language for the Plan and Disclosure Statement in connection with the Priority Claims Funding: "pursuant to the terms of the Term Sheet, upon repayment in full and termination of the Adeptio Loan, Adeptio shall make available up to $500,000 solely for the purpose of making distributions on account of Allowed Priority Claims; provided, however, that Adeptio shall make payments on account of Allowed Priority Claims only as allowed and only as requested by the Litigation Trustee." This language clarifies that Adeptio is not making a lump sum payment of $500,000 upon confirmation for Priority Claims Funding, and distributions to holders of priority claims will be authorized under the Priority Claims Funding only as such claims become allowed and only as requested by the Litigation Trustee.

4

C.   **Indemnification Obligations**

6.   Currently, the Plan provides for the rejection of indemnification obligations owed by the Debtors. *See* Article V.B.2 of the Plan. Adeptio has raised a concern with the Debtors and the Creditors' Committee that outright rejection of indemnification obligations could negatively impact recovery by the estates on any applicable insurance policies. While this issue is arguably more appropriately addressed as part of plan confirmation, Adeptio raises the issue now to the extent the parties can agree on a fix (if necessary) for this issue and to reserve it rights.

D.   **Adeptio Setoff**

7.   Adeptio has proposed the following language for Article V.E.9 of the Plan in connection with the Litigation Trustee's setoff rights: "the Litigation Trustee shall not have the authority to effectuate any setoff right against Adeptio or any of Adeptio's subsidiaries or affiliates in connection with Adeptio's Allowed Deficiency Claim, the Investigation Funding, or any other obligation to Adeptio under the Plan, APA, Sale Order or Term Sheet." In light of its funding of certain aspects of the Plan, and the scrutiny of Adeptio's claims to date, Adeptio believes this clarification is appropriate. Also, the Plan should be clear that the Debtors (and the Litigation Trustee's) obligations to Adeptio are absolute and not subject to any defenses.

E.   **Adeptio Release and Exculpation**

8.   Finally, also on account of Adeptio's funding of certain aspects of the Plan, and consistent with the Term Sheet and Sale Order, Adeptio believes the Plan should set forth a full release and exculpation for Adeptio. Though arguably more appropriately addressed at plan confirmation, Adeptio hereby reserves its rights in connection with the releases and exculpation under the Plan.

K&E 12961944.6

WHEREFORE Adeptio respectfully requests that the Court (i) approve the Disclosure Statement conditioned upon the foregoing changes being made to the Plan and Disclosure Statement or, alternatively, withhold approving the Disclosure Statement pending a consensual resolution among the parties; and (ii) grant such other and further relief as the Court deems just and appropriate.

Date: June 11, 2008

/s/ (No. 3894)

Robert S. Brady (No. 2847)
Edmon Morton (No. 3856)
Young Conway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:   (312) 571-1253

and

Anup Sathy
David A. Agay
Jeffrey D. Pawlitz
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:   (312) 861-2000
Facsimile:   (312-861-2200

Counsel for Adeptio INPC Funding LLC

6

K&E 12961944.6