# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al., | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ~~——~~ 542 |

**ORDER PURSUANT TO SECTIONS 1125, 1126, AND 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 3017, 3018 AND 3020, AND LOCAL RULE 3017-1 (A) APPROVING ADEQUACY OF DISCLOSURE STATEMENTS, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) FIXING THE ADMINISTRATIVE EXPENSE BAR DATE, AND (D) FIXING DATE, TIME AND PLACE FOR CONFIRMATION HEARING**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for entry of an order (the "Order") pursuant to sections 1125, 1126, and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the adequacy of the Disclosure Statement for Joint Plan of Liquidation of SN Liquidation, Inc., *et al.,* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated April 14, 2008, to be distributed to the holders of ~~Class 4,~~ Secured Lender Claims (as amended on June 12, 2008 and as may be further amended, the "Disclosure Statement"), and the Disclosure Statement and Summary of Joint Plan of Liquidation of SN Liquidation, Inc., *et al.,* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated April 14, 2008, to be distributed to the holders of ~~Class 5,~~ General Unsecured Claims (as amended on June 12, 2008 and as may be further amended, the "Class ~~5~~ 4 Disclosure Statement", together with the

{01032089;v1}

Disclosure Statement, the "Disclosure Statements"), as may be subsequently amended, pursuant to section 1125 of the Bankruptcy Code, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated April 14, 2008 (as <u>amended on June 12, 2008 and as</u> may be <u>further</u> amended, the "Plan"); (c) fixing the administrative expense bar date; and (d) fixing the date, time, and place to consider approval of the Plan; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U,S.C. §§ 157 and 1334 and that is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having scheduled the date, time, and place for the hearing to consider approval of the Disclosure Statements (the "Disclosure Statement Hearing"); and it appearing that proper and adequate notice of the Disclosure Statement Hearing has been given to all parties in interest in accordance with the Motion; and the Disclosure Statement Hearing having been held on June 13, 2008; and all parties in interest having been given an opportunity to be heard at the Disclosure Statement Hearing, and all objections to the Motion having been overruled or otherwise disposed of;

NOW, THEREFORE, the Court hereby finds as follows:

A.    The Disclosure Statements comply with due process, the requirements of the Bankruptcy Code and the Bankruptcy Rules and contain "adequate information" as such term is defined in section 1125 of the Bankruptcy Code;

B.    Proper and adequate notice of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statements has been given to all parties in interest, and such notice complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

C.  The Solicitation Procedures proposed in the Motion are reasonable, provide a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code;

D.  The cost of publication of the Confirmation Hearing Notice (as defined below) is unduly burdensome given the resources remaining in the estates;

E.  The procedures for transmitting the Disclosure Statements, the Plan, the Ballots (as defined below) and the voting instructions are fair, reasonable and adequate and comply with the requirements of Bankruptcy Rule 3017(e), and

F.  The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' estates and their creditors.

ACCORDINGLY, after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

1.  The Motion is GRANTED.

2.  The Disclosure Statement attached hereto as Exhibit A is APPROVED.

3.  The Class 5̶4 Disclosure Statement attached hereto as Exhibit B is APPROVED.

4.  The Debtors are authorized to (a) make non-material changes to the Disclosure Statements and related documents (including, without limitation, the exhibits thereto) and (b) revise the Disclosure Statements and related documents (including, without limitation, the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, prior to ~~distributing it to each entity that is required to receive~~distribution of the Disclosure Statements.

5.  The voting instructions and the forms of ballots substantially in the form attached as Exhibit C to the Motion, are hereby approved.

3

{01032089;v1}

6. The Debtors, through BMC Group, Inc. (the "Voting Agent"), are directed to transmit by first-class mail copies (i~of~ (i) the notice of the confirmation hearing (the "Confirmation Hearing Notice") and the Disclosure Statement to Holders of Administrative Claims and Holders of Priority Tax Claims, (ii) the Confirmation Hearing Notice, this Order and the Disclosure Statement to all parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules, (iii) the Notice of Unimpaired Non-Voting Status for Debtors' Joint Chapter 11 Plan to Holders of Class 1 ~Assumed Liability~Other Secured Claims and Holders of Class 2 ~Other Secured~Priority Non-Tax Claims, (~iii~iv) the Notice of Impaired Non-Voting Status for Debtors' Joint Chapter 11 Plan to Holders of Class ~6~5 Intercompany Claims and Holders of Class ~7~6 Equity Interests, (~iii~v) the Disclosure Statement, Plan, the ~notice of the confirmation hearing (the "Confirmation Hearing Notice"~) and the Ballot for Class 4~3~ Secured Lender Claims to Holders of Class 4~3~ Secured Lender Claims, and (~iv~vi) the Class ~5~4 Disclosure Statement, Confirmation Hearing Notice and Ballot for Class ~5~4 General Unsecured Claims to Holders of Class ~5~4 General Unsecured Claims, <u>provided,</u> that such Holders' claims are listed in the Debtors' schedules of liabilities as <u>not</u> contingent, unliquidated or disputed (excluding scheduled claims that have been superseded by filed claims) <u>provided, further,</u> that with respect to those persons or entities to whom the Debtors or their Voting Agent mailed a prior notice that was returned by the United States Postal Service as undeliverable with no forwarding address, the Debtors and their Voting Agent shall not be required to mail such persons the Solicitation Materials.

7. Copies of the Disclosure Statement and Plan are available to the ~holders~Holders of General Unsecured Claims through both the Bankruptcy Court's internet website (www.deb.uscourts.gov) and the Voting Agent's internet website (www.bmcgroup.com/inphonic) or upon written request to the Voting Agent.

8. Because the ~~holders~~Holders of (i) Intercompany Claims and (ii) Equity Interests (each as defined in the Plan) will not receive any distribution under the Plan, and are thus conclusively presumed to have rejected the Plan, the Debtors shall not be required to transmit copies of the Disclosure Statement and the Plan to such holders, rather, the Debtors, through their Voting Agent, shall send by first class mail a notice (the "Impaired Non-Voting Notice"), substantially in the form attached as Exhibit E to the Motion, which will, among other things, (i) include a summary of the treatment provided under the Plan to such class, (ii) include the date of the Confirmation Hearing and (iii) state the date fixed to file objections to confirmation of the Plan.

9. Because the holders of (i) ~~Assumed Liability Claims, (ii)~~ Other Secured Claims, and (~~iii~~ii) Priority Non-Tax Claims (each as defined in the Plan) are not impaired under the Plan, and are thus conclusively presumed to have accepted the Plan, the Debtors shall not be required to transmit copies of the Disclosure Statement and the Plan to such holders, rather, the Debtors, through their Voting Agent, shall send by first class mail, a notice (the "Unimpaired Non-Voting Notice"), substantially in the form attached as Exhibit F to the Motion, which will, among other things, (i) include a summary of the treatment provided under the Plan to each such class, (ii) advise that the Disclosure Statement and Plan can be obtained through the Bankruptcy Court's internet website (www.deb.uscourts.gov), the Voting Agent's website (www.bmcgroup.com/inphonic), or upon written request to the Voting Agent, (iii) include the date of the Confirmation Hearing, and (iv) state the date fixed to file objections to confirmation of the Plan.

6

10.     Pursuant to Bankruptcy Rule 3017(d), June 13, 2008 shall be the solicitation record date (the "Solicitation Record Date") for purposes of determining which holders of claims are entitled to vote on the Plan and are entitled to receive the Solicitation Materials.

11.     All Ballots accepting or rejecting the Plan must be received by BMC Group, Inc. by 4:00 p.m., Prevailing Pacific Time, on August 1, 2008 (the "Voting Deadline") at the following address:

*(By U.S. Regular Mail)*

SN LIQUIDATION, INC., *et al.* f/k/a INPHONIC, INC., *et al.*
c/o BMC GROUP, INC.
P.O. BOX 978
EL SEGUNDO, CA 90245-2822

*(By Messenger or Overnight Courier)*

SN LIQUIDATION, INC., *et al.* f/k/a INPHONIC, INC., *et al.*
c/o BMC GROUP, INC.
444 N. NASH ST.
EL SEGUNDO, CA 90245

12. For voting purposes only and not, as discussed below, for determining who has an allowed claim or who is entitled to receive a distribution under the Plan, the following voting procedures will be followed: each holder of a Voting Claim shall have an allowed claim, solely for the purpose of voting on the Plan, in an amount equal to (i) the amount of such claim as set forth on a timely-filed proof of claim, or (ii) in the absence of a timely-filed proof of claim, the liquidated, non-contingent and non-disputed amount of such claim as set forth in the Debtors' schedule of liabilities, provided, however, that the assignee of a transferred and assigned scheduled or filed Claim shall be permitted to vote such claim only if the transfer and assignment has been reflected on the Court's docket as of the close of business on the Solicitation Record Date, and provided, further, that (a) if a claim for which a proof of claim has been timely filed is listed on the Debtors' schedules of liabilities as contingent, unliquidated or disputed, such claim shall be allowed for voting purposes only and not for the purpose of allowance or distribution, in an amount equal to $1.00, (b) if a claim for which a proof of claim has been timely filed is for a contingent or unliquidated amount, such claim shall be allowed for voting purposes only and not for the purpose of allowance or distribution, in an amount equal to $1.00, (c) if a claim for which a proof of claim has been timely filed is for an unknown amount, such claim shall be allowed for

voting purposes only and not for the purpose of allowance or distribution, in an amount equal to $1.00, (d) if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless, prior to the Voting Deadline, the Court enters an order disallowing such claim, (e) if a claim is deemed allowed pursuant to the Plan and the holder of the claim is entitled to vote on the Plan, the claim shall be allowed for voting purposes in the amount deemed allowed pursuant to the Plan, (f) if a holder of claims has timely -filed multiple proofs of claims on account of a single claim (whether such claims were filed against one or more Debtors), and such holder files properly executed ballots related to more than one such multiple proofs of claim, the Debtors reserve the right to treat only one such claim as an allowed claim for voting purposes and not count additional ballots submitted by the holder on account of additional claims. In addition, if a Voting Claim is listed in the Debtors' schedules of liabilities as contingent, unliquidated, unknown, disputed, or is not listed on the Debtors' schedules of liabilities, and a proof of such claim was not timely filed, such claim shall have no voting rights.

13. If the Debtors or Committee have served and filed an objection to a Voting Claim at least ten (10) days prior to the Voting Deadline, such claim shall be disallowed for voting purposes only and, pending final resolution of such objection, not for the purpose of allowance or distribution; provided that any undisputed portions of such claim shall be allowed for voting purposes only.

14. The following procedures shall be followed in connection with tabulating ballots:

   (a) only original Ballots returned to the Voting Agent bearing original signatures will be counted,

   (b) any unsigned Ballot shall not be counted;

   (c) any Ballot that is illegible or contains insufficient information to permit the identification of the holder shall not be counted;

(d)  any Ballot cast by a person or entity that does not hold a claim in a class entitled to vote on the Plan shall not be counted;

(e)  any Ballot that is properly completed, executed and timely returned to the Voting Agent that does not indicate an acceptance or rejection of the Plan shall not be counted;

(f)  any Ballot that is properly completed, executed and timely returned to the Voting Agent that indicates both acceptance and rejection of the Plan shall not be counted;

(g)  whenever a holder of a Voting Claim returns more than one Ballot voting the same claim prior to the Voting Deadline, only the last properly executed Ballot timely returned to the Voting Agent shall be counted;

(h)  each holder of a Voting Claim shall be deemed to have voted the full amount of its claim;

(i)  holders of Voting Claims shall not split their vote within a claim, but shall vote their entire claim within a particular class either to accept or reject the Plan; and

(j)  any Ballot received by the Voting Agent by facsimile or other electronic communication shall not be counted.

15.  The report on the outcome of the voting must be received by the Proponents from the Voting Agent by 4:00 p.m., prevailing Eastern Time, on August 15, 2008 (the "Voting Report Deadline").

16.  The administrative expense bar date is the first business day that is thirty (30) days after the Effective Date of the Plan (the "Administrative Expense Bar Date").

17.  The following persons or entities are <u>not</u> required to file an Administrative ~~Expense~~ Claim by the Administrative Expense Bar Date: (a) any person or entity which has already filed an Administrative ~~Expense~~ Claim against the Debtor; (b) holders of Administrative ~~Expense~~ Claims previously allowed by Order(s) of this Court; (c) any professional retained (pursuant to section 327 or 363 of the Bankruptcy Code) in these chapter 11 cases by the Debtors or the Committee, for professional fees and reimbursement of expenses;.

9

{01032089;v1}

18. Any person or entity asserting an Administrative Expense Claim against the Debtor and its Estate that arose during the period on and after the Commencement Date and through and including the Administrative Expense Bar Date must file, on or before the Administrative Expense Bar Date, an Administrative ~~Expense~~ Claim so as to be <u>actually received</u> at the appropriate destination not later than 4:00 p.m. (Prevailing Pacific Time) on or before the Administrative Expense Bar Date, by mailing the original to: (a) claims agent, BMC Group, *via* U.S. regular mail at (i) SN Liquidation Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-2822, or *via* messenger or overnight courier at (ii) SN Liquidation Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., 444 N. Nash St., El Segundo, CA 90245; with copies to (b) Bayard, P.A., 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899, Attention: Neil B. Glassman, Esquire; (c) DLA PIPER US LLP, 1251 Avenue of the Americas, New York, NY, Attention: Jeremy R. Johnson, Esquire; (e) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, Attention: Kurt Gwynne, Esquire. An Administrative Expense Claim will be deemed timely filed only when <u>actually received</u> on or before the Administrative Expense Bar Date.

19. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before The Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware on August 20, 2008 at 2:00 p.m., or such later date as may be scheduled by this Court. The Debtors and Committee may give notice of any adjournment of the Confirmation Hearing by announcement in open Court at the Confirmation Hearing or by the filing of an agenda that indicates adjournment.

20. The Debtors are relieved of any publication requirement of the Confirmation Hearing Notice.

21. Objections, if any (including any supporting memoranda), to confirmation of the Plan (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of this Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with this Court, together with proof of service thereof, and served upon the following persons so as to be <u>received,</u> no later than 4:00 p.m., prevailing Eastern Time, on: August 1, 2008.

(i) <u>Counsel for the Debtors and Debtors in Possession</u>

BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone: 302-655-5000
Facsimile: 302-658-6395
Email: nglassman@bayardlaw.com
Attn: Neil B. Glassman, Esquire

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10022
Telephone: 212-335-4500
Facsimile: 212-884-8562
Email: jeremy.johnson@dlapiper.com
Attn: Jeremy R. Johnson, Esquire

(ii) <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801
Telephone: (302) 302-778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
Attn: Kurt F. Gwynne, Esquire

  (iii) <u>The United States Trustee</u>

    OFFICE OF THE UNITED STATES TRUSTEE
    844 King Street, Suite 2207
    Wilmington, Delaware 19801
    Facsimile: (302) 573-6497
    Attn: Kelly Beaudin Stapleton

22. The Debtors are authorized to file a reply to any objections to confirmation on or before August 15, 2008 at 4:00 p.m.

23. Unless an objection to confirmation of the Plan is timely served and filed in accordance with this Order, it may not be considered by the Court.

24. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: ———————————June———, 2008
   Wilmington, Delaware

                ———————————————
                THE HONORABLE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE