# EXHIBIT  F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS
## FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.    On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession.  On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2.    On April 14, 2008, the Debtors and the Committee filed with the Bankruptcy Court the First Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (as amended on June 12, 2008 and as may be further amended from time to time, the "Plan") and the First Amended Disclosure Statement for Joint Plan of Liquidation of SN Liquidation, Inc. *et al.*

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition

Proposed by the Debtors In Possession and the Official Committee of Unsecured Creditors providing information with respect to the Plan (as <u>amended on June 12, 2008 and as</u> may be <u>further</u> amended, the "Disclosure Statement").[2]

3.     On June ~~—,~~<u>13,</u> 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4.     **IF YOU HOLD A CLASS 1** ~~**ASSUMED LIABILITY**~~**<u>OTHER SECURED</u>**

**CLAIM**, the Plan provides as follows: ~~Assumed Liability Claims shall be satisfied by Adeptio~~ ~~pursuant to the terms of the Asset Purchase Agreement: (i) in the ordinary course of business;~~ ~~(ii) pursuant to the terms of the applicable agreement underlying such claim,~~ <u>on, or as soon as</u> <u>reasonably practicable after, the later of: (i) the repayment in full of the Adeptio Loan; (ii) the</u> <u>Distribution Date; (iii) the date such claim becomes an Allowed Other Secured Claim; or (iv) the</u> <u>date such Other Secured Claim becomes payable pursuant to any agreement between the Debtors</u> <u>or Litigation Trustee and the Holder of such Allowed Other Secured Claim, a Holder of a</u> <u>Secured Claim, other than a Secured Lender Claim, shall receive either (i) Cash equal to the</u> <u>amount of the Allowed Other Secured Claim; (ii) the collateral which secures its claim;</u> or (iii) such other treatment as to which ~~such Holder and Adeptio shall have agreed. The Debtors~~ ~~cannot estimate the amount of Allowed Assumed Liability Claims at this time~~<u>the Debtors and the</u> <u>Holder of an Allowed Other Secured Claim agrees in writing, on the later of the Effective Date</u> <u>or the date such Claim becomes an Allowed Other Secured Claim. The Debtors estimate that no</u> <u>Allowed Other Secured Claims exist. To the extent there is collateral securing Allowed Secured</u>

---

Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

Claims, the priority of such security interest or lien shall not be affected or "primed" by the Adeptio Loan.    AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

    5.    **IF YOU HOLD A CLASS 2** ~~OTHER SECURED CLAIM~~, ~~the Plan provides as follows: on or as soon as reasonably practicable after, the later of: (i) the Distribution Date; (ii) the date such claim becomes an Allowed Other Secured Claim; or (iii) the date such Other Secured Claim becomes payable pursuant to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Other Secured Claim, a Holder of a Secured Claim, other than a Secured Lender Claim, shall receive either (i) Cash equal to the amount of the Allowed Other Secured Claim; (ii) the collateral which secures its claim; or (iii) such other treatment as to which the Debtors and the Holder of an Allowed Other Secured Claim agrees in writing, on the later of the Effective Date or the date such Claim becomes an Allowed Other Secured Claim.  The Debtors estimate that no Allowed Other Secured Claims exist.  AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.6.~~  **~~IF YOU HOLD A CLASS 3~~ PRIORITY NON-TAX CLAIM,** the Plan provides as follows: ~~on~~On, or as soon as reasonably practicable after, the latest of: (i) the Distribution Date; (ii) the date such claim becomes an Allowed Priority Non-Tax Claim; or (iii) the date such Allowed Priority Non-Tax Claim becomes payable pursuant to any agreement

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

between the Debtors or Litigation Trustee and the Holder of such Allowed Priority Non-Tax Claim, each Holder of ~~Allowed Priority Tax Claims and~~an Allowed Priority Non-Tax ~~Claims~~Claim shall receive ~~up to a maximum of $500,000~~ in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Non-Tax Claim (i) Cash equal to the unpaid portion of such Allowed Priority Non-Tax Claim or (ii) such other treatment as to which the Litigation Trustee and such Holder shall have agreed upon in writing. The Debtors estimate that ~~the all Priority Claims will not exceed $500,000.~~no Allowed Priority Non-Tax Claims exist. Adeptio shall make available up to $500,000 solely for the purpose of making distributions on account of Allowed Priority Claims; provided, however, that Adeptio shall make payments on account of Allowed Priority Claims only to the extent such claims are allowed and only as requested by the Debtors on or before the Effective Date or by the Litigation Trustee if the request is made after the Effective Date. AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

~~7.~~6.    The Debtors will <u>not</u> provide you with copies of the Plan and/or Disclosure Statement. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claims agent: SN Liquidation Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-2822. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States

Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov.  Copies of the Plan and

Disclosure can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at

www.bmcgroup.com/Inphonic.

8.7.    If, notwithstanding this notice of your non-voting status, you believe that you may

have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately

request copies of the appropriate ballot.

### Hearing on Confirmation of the Plan

9.8.    A hearing on confirmation of the Plan will be held before the Honorable Kevin

Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on

August 20, 2008 at  2:00 p.m., prevailing Eastern Time.  This hearing may be adjourned from

time to time without further notice, other than an announcement of the adjourned date or dates at

the hearing or at any adjourned hearing(s).

10.9.    Any objections to the confirmation of the Plan (including any supporting

memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy

Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact

information of the objector and the nature and amount of any Claim or interest asserted by the

objector against the estates or property of the Debtors, (d) shall state with particularity the legal

and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together

with proof or service thereof, and served upon the following persons so as to be received no later

than 4:00 p.m., prevailing Eastern Time, on August 1, 2008.

(i)    Counsel for the Debtors and Debtors in Possession

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY  10020
Attn:   Thomas R. Califano, Esquire

5

{01032093;v1}

Jeremy R. Johnson, Esquire

-and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Attn: Neil B. Glassman, Esquire

(ii)    <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Attn: Kurt F. Gwynne, Esquire

(iii)    <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Kelly Beaudin Stapleton, Esquire

6

{01032093;v1}

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

Dated: ~~May 19,~~June____, 2008
      Wilmington, Delaware

**BAYARD, P.A.**

By:    _____

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

   -and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY 10020

*Counsel for the Debtors and Debtors in Possession*
   -and-

**REED SMITH LLP**
Kurt F. Gwynne
1201 Market Street, Suite 1500
Wilmington, DE 19801

*Counsel to the Official Committee of Unsecured Creditors*

7

{01032093;v1}