IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection deadline: July 8, 2008 at 4:00 p.m.<br>Hearing Date: July 15, 2008 at 11:00 a.m. |

## OBJECTION OF THE DEBTORS TO CLAIM NO. 590 FILED BY SPANCO TELESYSTEMS & SOLUTIONS, LTD

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to claim no. 590 filed by Spanco Telesystems & Solutions, Ltd ("Spanco"), and in support of its Objection respectfully represents:

### Background

1. Pursuant to an agreement dated August 1, 2005 between Spanco and InPhonic, Inc., a debtor entity, Spanco operated a call center that provided the Debtors and their customers with technical support services and allied IT enabled services related to the Debtors' business.

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{01032312;v1}

2.     On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.     The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3.     On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.     On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.     On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio").

6. On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7. On or about February 15, 2008, Spanco filed with the Debtors' claims agent proof of claim no. 590 (the "Claim") against the Debtors, in the total amount of $2,131,513.19, a copy of which is attached hereto as Exhibit A. A $377,967.89 portion of the Claim is purported to have administrative expense claim status (the "Administrative Claim") pursuant to section 503(b)(9) of the Bankruptcy Code. The remainder of the Claim, $1,753,545.30, is asserted as a general unsecured claim.

8. For the reasons set forth below, the Debtors object to the Administrative Claim in its entirety and seek to reclassify the Administrative Claim as a general unsecured claim.

### Jurisdiction

9. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

10. By this Objection, the Debtors respectfully requests the entry of an order reclassifying the Administrative Claim, in its entirety, as a general unsecured claim pursuant to sections 502 and 503 of the Bankruptcy Code and Bankruptcy Rule 3007.

### Basis for Relief

11. Section 503(b) of the Bankruptcy Code provides:

> [a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title including—
>
> (9) the value of any *goods* received by the debtor within 20 days before the date of commencement of a case under this title in which the *goods* have been sold to the debtor in the ordinary course of such debtors' business.

11 U.S.C. § 503(b)(9) (emphasis added).

12. As referenced herein, Spanco operated a call center that provided the Debtors and their customers with technical support *services* and allied IT enabled *services*. The prepetition invoices annexed to the Claim attached hereto as Exhibit A reflect that relationship and are for services rendered by Spanco on behalf of the Debtors.

13. Schedule "A" to the Claim purports to quantify the Administrative Claim portion of the Claim. Schedule "A", however, in-and-of-itself reflects only alleged *services* provided by Spanco on behalf of the Debtors and not "goods" provided by Spanco to the Debtors, as required by section 503(b)(9) of the Bankruptcy Code.

14. Claims for services are clearly outside the scope of section 503(b)(9).

15. Accordingly, the Debtors object to the Administrative Claim in its entirety and respectfully request that this Court, pursuant to sections 502 and 503 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, reclassify the Administrative Claim as a general unsecured non-priority claim in the amount of $377,967.89.

### Reservation of Rights

16. The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to the Claim. Should the grounds for objection stated in this Objection be dismissed, the Debtors reserve the right to object on

on any other grounds that they discover during the pendency of these cases. In addition, the Debtors reserve the right to file counterclaims against Spanco.

### Notice

17. The Debtors will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) Spanco Telesystems & Solutions, Ltd, and (c) all parties requesting notices pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the relief herein and (ii) granting such other and further relief as is just and proper.

Dated: June 13, 2008

**BAYARD, P.A.**

By: _/s/ Daniel O'Brien_
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession