**EXHIBIT A**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. ____** |

**ORDER (SIXTH) (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN HELD CONTRACTS, AND (II) DEEMING THOSE HELD CONTRACTS TO BE "DESIGNATED CONTRACTS" FOR ALL PURPOSES UNDER THE DECEMBER 13, 2007 SALE ORDER AND RELATED ASSET PURCHASE AGREEMENT**

This matter coming before the Court on the Notice (the "Notice") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking (a) the Assumption and Assignment of Certain Unexpired Leases and Executory Contracts; and (b) Approval of Procedures for Future Assumption and Assignment of Certain Contracts to be Held by the Debtors and this Courts Order Approving (a) the Assumption and Assignment of Additional Designated Contracts; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts (the "Procedures Order"), dated January 30, 2008, whereby, after receipt of any Assumption Notice the Debtors are required to file with the Court a proposed order (i) authorizing the assumption and assignment of certain Held Contracts[1] for which the Debtors received an Assumption Notice, and (ii) deeming that those Held Contracts listed on the Assumption Notice are to be Designated Contracts for all purposes under the December 13, 2007

[1] Unless otherwise indicated, all undefined capitalized terms used herein shall have the meaning ascribed to them in the Procedures Order.

Sale Order and related Agreement, and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §1408 and 1409, and (d) notice of filing of the Order was sufficient, the Court having determined that the legal and factual bases set forth in the Assumption Order and at the hearings on this matter, if any, establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Held Contracts listed on the attached Exhibit A ("Assumption Contracts") are hereby assumed by the Debtors and assigned to Simplexity as contemplated by the Sale Order and Procedures Order; and it is further

**ORDERED**, that, upon entry of this Order, the Assumption Contracts are deemed "Designated Contracts" for all purposes under the Agreement and Sale Order; and it is further

**ORDERED**, that the Debtors provided parties to the Assumption Contracts notice pursuant to the procedures provided in the Procedures Motion and such notice was sufficient and proper; and it is further

**ORDERED**, that the relief authorized herein shall be effective immediately upon entry of this Order; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the relief authorized herein or the Order.

Date: July ____, 2008
Wilmington, Delaware

______________________________
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Schedule of Assumed Contracts

Simplexity, LLC
11130 Sunrise Valley Drive
Suite 300
Reston, VA 20191

June 5, 2008

To the Sellers (as such term is defined in the Purchase Agreement)

c/o InPhonic, Inc.
1010 Wisconsin Avenue, Suite 600
Washington, DC 20007
Attention: General Counsel

DLA Piper USA
1251 Avenue of the Americas
New York, NY 10020-1104
Attn: Thomas R. Califano, Esquire
Vincent Roldan, Esquire

c/o Dorene Robotti
Managing Director
Clear Thinking Group
401 Towne Centre Drive
Hillsborough, NJ 08844

Dear Sellers:

We are delivering this further notice (this "Notice") to you pursuant to Section 2.5(b) of that certain Asset Purchase Agreement, dated November 8, 2007 (as may be amended, modified and/or supplemented from time to time, the "Purchase Agreement"), by and among Adeptio INPC Funding, LLC, a Delaware limited liability company and subsequently renamed as Adeptio INPC Holdings, LLC ("Adeptio" or "Parent"), InPhonic, Inc., a Delaware corporation (the "Company" and a "Seller"), and each of the Company's direct and indirect Subsidiaries listed on the signature pages thereto (individually, a "Seller" and, together with the Company, the "Sellers"). Any capitalized term used in this Notice which is not otherwise defined herein shall have the meaning assigned to such term in the Purchase Agreement. Reference is hereby also made to that certain notice letter, dated as of December 21, 2007, by Parent to the Sellers notifying the Sellers that Parent assigned to Simplexity, LLC, a Delaware limited liability company and a Subsidiary of Buyer ("Buyer Subsidiary"), its rights to receive the Assets from the Sellers under the Purchase Agreement (including Buyer's rights under Section 2.5 with respect to the Designated Contracts, Excluded Contracts and Held Contracts).

In accordance with Section 2.5(b) of the Purchase Agreement, Simplexity delivered its notice dated December 31, 2007 (the "Initial Held Contracts Notice") designating certain contracts as "Held Contracts" and further designating certain contracts for the Sellers to assume and assign to it. The Initial Held Contracts Notice was supplemented by further notices delivered January 30, 2008, February 15, 2008, February 29, 2008, March 14, 2008, March 31, 2008 and April 25, 2008 (together with the Initial Held Contracts Notice, the "Held Contracts Notice."). By delivery of this notice, Simplexity supplements the Held Contracts Notice and the undersigned acknowledge and agree that:

(a) the Contracts listed on the attached Annex A shall be designated for assumption with this Notice constituting an "Assumption Notice" with respect to those Contracts and leases;

(b) the Contracts and leases listed on the attached Annex B shall be removed from the list of "Held Contracts" and designated for rejection, with this Notice constituting Simplexity's authorization for the Sellers to reject such Contracts; and

(c) this notice shall not change the status of the remainder of the Contracts and leases set forth in the Held Contracts Notice (and not set forth on Annex A or Annex B attached hereto) which shall remain as "Held Contracts" pursuant to the terms of the Purchase Agreement and the Held Contracts Notice.

All other rights of Buyer and Buyer Subsidiary are expressly reserved. This letter may be executed in counterparts (including by facsimile transmission and/or electronic pdf), each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

Please return an executed copy of this Notice to our attention at your earliest convenience.

Very truly yours,

Simplexity, LLC

By: [signature]
Name: Ken Schwarz
Title: President

Adeptio INPC Holdings, LLC

By: [signature]
Name: David S Lorry
Title: Authorized Signatory

Agreed and Accepted as of ______________, 2008:

InPhonic, Inc.
CAIS Acquisition, LLC
Mobile Technology Services, LLC
CAIS Acquisition II, LLC
FON Acquisition, LLC
1010 Interactive, LLC
Star Number, Inc.
SimIPC Acquisition Corp.

By: [signature]
Its: Authorized Signatory

cc: Thomas R. Califano, Esq. (DLA Piper US LLP)
Anup Sathy, P.C. (Kirkland & Ellis, LLP)
David Agay, Esquire (Kirkland & Ellis, LLP)
Meg Augustine, Esquire (Bayard)

| Vendor Name Contract Counter Party | Contract Effective Date | Brief Description | | Cure Amount |
|---|---|---|---|---|
| PriceGrabber.com, LLC | 26-May-05 | CPA Agreement | | - |
| QUEST Membership Services | 1-Jun-05 | CPA Agreement | | - |
| SIEMENS | 10-May-07 | Service Agreement - Reston Security | | - |
| Quixtar Corp. | 1-Sep-01 | Marketing Agreement | (1) | $ 318,623.53 |
| Quixtar Corp. | 1-Sep-01 | Marketing Agreement | | - |
| Quixtar Inc. | 1-Dec-00 | Marketing Agreement | | - |
| Sallie Mae | 1-Oct-01 | CPA Agreement | | - |
| Melaleuca, Inc. | 23-Jun-04 | CPA Agreement | | - |
| | | | | $ 318,623.53 |

(1) Cure Amount represents amount due under all three agreementsw with Quixtar and Quixtar Canada and is payable in 18 equal installment; (i) that certain Marketing and Distribution Agreement, dated December 2000, by and between InPhonic, Inc. and Quixtar, Inc., as amended ; (ii) Unified Communication Marketing Services Agreement, dated September 1, 2001, by and between InPhonic, Inc. and Quixtar Canada Corporation, as amended; and (iii) Unified Communication Marketing Services Agreement, dated September 1, 2001, by and between InPhonic, Inc. and Quixtar, Inc., as amended.