# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : **Re: Docket No. ___** |
| | : |

## ORDER APPROVING THE SEVENTH MOTION FOR AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE

This matter coming before the Court on the seventh motion (the "Motion") for an order authorizing the Debtors to reject certain unexpired leases and executory contracts, as provided herein, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED**, that all capitalized terms used, but not defined, herein shall have the meaning provided in the Motion; and it is further

**ORDERED**, that the Debtors are hereby authorized to reject the Rejected

{01027026;v1}

Contracts listed on attached Exhibit A pursuant to Bankruptcy Code section 365(a) effective as of June 18, 2008; and it is further

**ORDERED**, that upon entry of the Order the relief granted herein shall be effective immediately; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the rejection of contracts pursuant to the Order.

Dated: July ____, 2008
       Wilmington, Delaware

 

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

Simplexity, LLC
11130 Sunrise Valley Drive
Suite 300
Reston, VA 20191

June 5, 2008

To the Sellers (as such term is defined in the Purchase Agreement)

c/o InPhonic, Inc.
1010 Wisconsin Avenue, Suite 600
Washington, DC 20007
Attention: General Counsel

DLA Piper USA
1251 Avenue of the Americas
New York, NY 10020-1104
Attn:   Thomas R. Califano, Esquire
        Vincent Roldan, Esquire

c/o Dorene Robotti
Managing Director
Clear Thinking Group
401 Towne Centre Drive
Hillsborough, NJ 08844

Dear Sellers:

    We are delivering this further notice (this "Notice") to you pursuant to Section 2.5(b) of that certain Asset Purchase Agreement, dated November 8, 2007 (as may be amended, modified and/or supplemented from time to time, the "Purchase Agreement"), by and among Adeptio INPC Funding, LLC, a Delaware limited liability company and subsequently renamed as Adeptio INPC Holdings, LLC ("Adeptio" or "Parent"), InPhonic, Inc., a Delaware corporation (the "Company" and a "Seller"), and each of the Company's direct and indirect Subsidiaries listed on the signature pages thereto (individually, a "Seller" and, together with the Company, the "Sellers"). Any capitalized term used in this Notice which is not otherwise defined herein shall have the meaning assigned to such term in the Purchase Agreement. Reference is hereby also made to that certain notice letter, dated as of December 21, 2007, by Parent to the Sellers notifying the Sellers that Parent assigned to Simplexity, LLC, a Delaware limited liability company and a Subsidiary of Buyer ("Buyer Subsidiary"), its rights to receive the Assets from the Sellers under the Purchase Agreement (including Buyer's rights under Section 2.5 with respect to the Designated Contracts, Excluded Contracts and Held Contracts).

    In accordance with Section 2.5(b) of the Purchase Agreement, Simplexity delivered its notice dated December 31, 2007 (the "Initial Held Contracts Notice") designating certain contracts as "Held Contracts" and further designating certain contracts for the Sellers to assume and assign to it. The Initial Held Contracts Notice was supplemented by further notices delivered January 30, 2008, February 15, 2008, February 29, 2008, March 14, 2008, March 31, 2008 and April 25, 2008 (together with the Initial Held Contracts Notice, the "Held Contracts Notice."). By delivery of this notice, Simplexity supplements the Held Contracts Notice and the undersigned acknowledge and agree that:

(a) the Contracts listed on the attached Annex A shall be designated for assumption with this Notice constituting an "Assumption Notice" with respect to those Contracts and leases;

(b) the Contracts and leases listed on the attached Annex B shall be removed from the list of "Held Contracts" and designated for rejection, with this Notice constituting Simplexity's authorization for the Sellers to reject such Contracts; and

(c) this notice shall not change the status of the remainder of the Contracts and leases set forth in the Held Contracts Notice (and not set forth on Annex A or Annex B attached hereto) which shall remain as "Held Contracts" pursuant to the terms of the Purchase Agreement and the Held Contracts Notice.

All other rights of Buyer and Buyer Subsidiary are expressly reserved. This letter may be executed in counterparts (including by facsimile transmission and/or electronic pdf), each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

Please return an executed copy of this Notice to our attention at your earliest convenience.

Very truly yours,

| Simplexity, LLC | Adeptio INPC Holdings, LLC |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Ken Schwarf | Name: David S. Lorry |
| Title: President | Title: Authorized Signatory |

Agreed and Accepted as of _____, 2008:

InPhonic, Inc.
CAIS Acquisition, LLC
Mobile Technology Services, LLC
CAIS Acquisition II, LLC
FON Acquisition, LLC
1010 Interactive, LLC
Star Number, Inc.
SimIPC Acquisition Corp.

By: *[signature]*
Its: Authorized Signatory

cc: Thomas R. Califano, Esq. (DLA Piper US LLP)
    Anup Sathy, P.C. (Kirkland & Ellis, LLP)
    David Agay, Esquire (Kirkland & Ellis, LLP)
    Meg Augustine, Esquire (Bayard)

APA Sec. 2.5(b)  
Annex B - Rejection Notice

| Vendor Name / Contract Counter Party | Contract Effective Date | Brief Description |
|---|---|---|
| Perks Group | 26-Apr-06 | CPA Agreement |
| FEDEX (Federal Express) | | Service Agreement - Shipping Services |
| Market America Inc. | 18-Jul-07 | CPA Agreement |