IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., et al. | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline: July 8, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: July 15, 2008 at 11:00 a.m.** |

### RESPONSE OF KENNETH D. SCHWARZ TO DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN IMPROPERLY CLASSIFIED CLAIMS

Kenneth D. Schwarz, by his undersigned attorneys, hereby responds to the Debtors' First Omnibus Objection to Certain Improperly Classified Claims and states as follows:

1. On November 8, 2007, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[1]

2. By Order dated January 30, 2008, the Court established March 21, 2008 as the general bar date for filing general claims against the Debtors.

3. On March 20, 2008, Kenneth D. Schwarz (the "Claimant") filed a proof of claim in the above-captioned case, docketed as Claim No. 1076 (the "Claim"). As set forth in the Claim, InPhonic, Inc. ("InPhonic") and Claimant entered into an employment agreement on or about July 23, 2007 (the "Agreement"). The Claimant

---

[1] INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC shall be referred to herein as the "Debtors."

1

BA3\396702

served InPhonic as Executive Vice President and Chief Financial Officer and Treasurer. Pursuant to the terms of the Agreement, InPhonic owes $75,000.00 to Claimant for wages (the "Wage Claim").

4. Pursuant to InPhonics bylaws, an officer or director made a party to a proceeding by reason of the fact that he/she was an officer or director shall be indemnified and held harmless by the InPhonic "to the fullest extent authorized by the Delaware General Corporation Law . . . against all expenses, liability and loss reasonably incurred or suffered by such person therewith" (the "Indemnification Claim"). See Third Amended and Restated Bylaws of InPhonic, Article VII. Accordingly, InPhonic must indemnify Claimant for expenses, liability and loss relating to litigation including but not limited to the lawsuit pending in the United States District Court for the District of Columbia styled as Icon International, Inc. v. David A. Steinberg, et al., Case No. 1:07-cv-02342 (the "Icon Litigation"). The Plaintiff in the Icon Litigation, Icon International, Inc., was stayed from further prosecuting the Icon Suit by this Court's Order entered on June 2, 2008 in the adversary proceeding styled as SN Liquidation, Inc. et al. v. Icon International, Inc., Adv. Proc. No. 08-50288 (the "Icon Adversary Proceeding"). The Indemnification Claim is unliquidated at this time.

5. On June 6, 2008, the Debtors filed the Objection. The Debtors proposed to reclassify $64,050.00 of the Claim as a general unsecured claim (the Debtors appear to agree that $10,950.00 of the Claim is entitled to priority under §507(a)(4) of the Bankruptcy Code). While Exhibit A to the Objection properly lists the Claim amount as filed as "Unliquidated," the same notation is not provided for in the "modified claim

column" of Exhibit A.  A copy of the relevant portion of Exhibit A to the Objection is attached hereto as Exhibit 1.

6. The Claimant does not object to allowance of a $10,950.00 portion of the Wage Claim as an amount entitled to Section 507(a)(4) priority status, and Claimant also does not object to reclassification of $64,050.00 of his Wage Claim as unsecured.  However, the Wage Claim is only a part of the Claim.  The Claim also includes a claim for indemnification, in connection with the Icon litigation.  To the extent that the Objection caps the Claim at $75,000.00, the amount of the Wage Claim, the Court should overrule the Objection.

7. The Indemnification Claim should be addressed at a later date. The Claimant requests that any Order entered reclassifying a portion of his Wage Claim provide that his Indemnification Claim is unaltered.

8. For these and such reasons that may be raised at a hearing on the Objection, the Objection should be overruled in accordance with this Response.

WHEREFORE, Kenneth D. Schwarz respectfully requests that this Court (i) overrule the Objection to the extent that it pertains to his Indemnification Claim, and (ii) grant such other and further relief as may be just and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: July 7, 2008                           VENABLE LLP

/s/ Lisa Bittle Tancredi
Lisa Bittle Tancredi
Laura Skowronski Bouyea
750 E. Pratt Street, Suite 900
Baltimore, Maryland  21202
Telephone: (410) 244-7400
Facsimile:  (410) 244-7742

Attorneys for Kenneth D. Schwarz

CERTIFICATE OF SERVICE

       I hereby certify that on July 7, 2008, a copy of the Response of Kenneth D. Schwarz to the Debtors' First Omnibus Objection to Certain Improperly Classified Claims and was served via overnight mail on:

> BAYARD, P.A.
> Neil B. Glassman, Esquire
> Mary E. Augustine, Esquire
> Daniel A. O'Brien, Esquire
> 222 Delaware Avenue, Suite 900
> Wilmington, Delaware 19801
>
> DLA PIPER US LLP
> Thomas R. Califano, Esquire
> Christopher R. Thompson, Esquire
> 1251 Avenue of the Americas
> New York, New York 10020
>
> Office of the United States Trustee
> 844 King Street
> Room 2207
> Wilmington, Delaware 19899

                                              /s/ Laura Skowronski Bouyea
                                              Laura Skowronski Bouyea