# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline: August 13, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: August 20, 2008 at 2:00 p.m.** |

## OBJECTION (NON-SUBSTANTIVE) OF THE DEBTORS TO CLAIMS FILED BY THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

## *YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION*

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to sections 502 and 507 of title 11 of the United States Code (the "Bankruptcy Code") to claim nos. 722 ("Claim No. 722"), 723 ("Claim No. 723"), 1248 ("Claim No. 1248"), 1261 ("Claim No. 1261") and 1298 ("Claim No. 1298," together with Claim Nos. 722, 723, 1248, and 1261, the "NY Claims")[2] filed by the New York State Department of Taxation and Finance (the "NY DOT"), and in support of its Objection, the Debtors rely on the Declaration of Brad Daniel of BMC Group, Inc. attached hereto as Exhibit F and Dorene Robotti of Clear Thinking Group, LLC attached hereto as Exhibit G, and respectfully represent as follows:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] The NY Claims are attached hereto as Exhibits A through E, respectively.

## Background

### A.    The Debtors' Chapter 11 Cases

1.    Prior to the Sale (as defined below), InPhonic, Inc. ("InPhonic"), one of the affiliated debtors and debtors in possession, was a leading internet (online) seller of wireless services and devices to consumers.  InPhonic sold these services and devices through company owned and branded websites, including without limitation www.wirefly.com, as well as through a variety of private-labeled websites that it developed and managed for marketing partners such as internet businesses, affinity organizations and national retailers.  InPhonic marketed its services through a variety of online advertising programs including display advertising, search marketing, email marketing and affiliate programs.

2.    On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3.    The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

4.    On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors

sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

5.    On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

6.    On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets (the "Sale") to Adeptio INPC Funding, LLC ("Adeptio").

7.    On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

8.    The Debtors and their professionals have conducted a review of the official register of claims filed in the Debtors' cases. For the reasons set forth below, the Debtors have determined that the NY Claims are properly the subject of an objection on one or more grounds.

**B.    The New York Tax Claims**

9.    On or about November 26, 2007, the NY DOT filed claim no. 6 ("Claim No. 6") against InPhonic in the amount of $2,068.96. The claim includes an unsecured priority claim in the amount of $108.37 and a general unsecured claim in the amount of $1,950.59. Claim No. 6 was disallowed and expunged pursuant to the Order Sustaining Second Omnibus Objection (Non-Substantive) of the Debtors to Certain Claims, dated

July 15, 2008 (the "Second Omnibus Objection Order").

10.    On or about November 26, 2007, the NY DOT filed claim no. 7 ("Claim No. 7") against Star Number, Inc. ("SN"), one of the Debtors in these chapter 11 cases, in the amount of $214.48. The claims includes an unsecured priority portion in the amount of $210.40 and a general unsecured portion in the amount of $4.08. Claim No. 6 was disallowed and expunged pursuant to the Second Omnibus Objection Order.

11.    On or about March 6, 2008, the NY DOT filed Claim No. 722 against SN in the amount of $175,497.31. Claim No. 722 includes an unsecured priority claim in the amount of $175,493.23 and a general unsecured claim in the amount of $4.08.

12.    On or about March 6, 2008, the NY DOT filed Claim No. 723 against InPhonic in the amount of $196,386.17. Claim No. 723 includes an unsecured priority claim in the amount of $194,425.58 and a general unsecured claim in the amount of $1,960.59.

13.    On or about March 27, 2008, the NY DOT filed Claim No. 1248 against InPhonic. Claim No. 1248 asserts an unsecured priority claim in the amount of $43,879.24 and a general unsecured claim in the amount of $1,906.12. Claim No. 1248 states that it amends and supersedes Claim No. 723. The priority portion of Claim No. 1248 represents alleged sales and use taxes for the period ending August 31, 2002 through November 30, 2005, as well as interest related thereto. The NY DOT alleges priority status pursuant to section 507(a)(8) of the Bankruptcy Code.

14.    On or about March 27, 2008, NY DOT filed Claim No. 1261 against SN in the amount of $126,708.83. Claim No. 1261 asserts an unsecured priority claim in the amount of $124,994.75 and a general unsecured claim in the amount of $1,714.08. Claim

No. 1261 states that it amends and supersedes Claim No. 722.

15.    On or about March 28, 2008, NY DOT filed Claim No. 1298 against SN. Claim No. 1298 asserts an unsecured priority claim in the amount of $129,419.57 and a general unsecured claim in the amount of $2,214.08. Claim No. 1298 states that it amends and supersedes Claim No. 1261. The priority portion of Claim No. 1298 represents alleged sales and use taxes for the period ending August 31, 2002 through February 28, 2006, as well as interest related thereto. The NY DOT alleges priority status pursuant to section 507(a)(8) of the Bankruptcy Code.

16.    The Debtors have determined that the NY Claims are wholly or partially unenforceable against the Debtors, and, therefore, should be disallowed and expunged pursuant to section 502(b)(1) of the Bankruptcy Code and reclassified to the extent improperly classified under section 507(a)(8) of the Bankruptcy Code for the reasons set forth below.

### Relief Requested

17.    The Debtors object to the NY Claims because (a) certain claims were amended and superseded, and (b) certain claims or portions thereof are improperly classified and should be disallowed. By this Objection, the Debtors respectfully request the entry of an order pursuant to sections 502(b) and 507(a) of the Bankruptcy Code (I) disallowing and expunging the NY Claims as set forth herein, and (II) reclassifying the NY Claims as set forth herein.

### Jurisdiction

18.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Objection**

19.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

> Except to the extent that –
>
>> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

**A.      Amended and Superseded Claims**

20.     By NY DOT's admission, Claim No. 1298 amends and supersedes Claim Nos. 722 and 1261, and Claim No. 1248 amends and supersedes Claim No. 723.  Claim Nos. 722, 723 and 1261 (collectively, the "Amended/Superseded Claims") are unenforceable against the Debtors pursuant to section 502(b)(1) of the Bankruptcy Code because they have been amended and superseded by Claim Nos. 1248 and 1261, and thus no longer represent valid claims enforceable against the Debtors.  The NY DOT will not be prejudiced by having the Amended/Superseded Claims disallowed and expunged because Claim Nos. 1248 and 1298 (collectively, the "Surviving Claims") remain to assert NY DOT's claims against SN and InPhonic, (subject to the additional objections contained herein and the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law).

21.     Accordingly, the Debtors object to the Amended/Superseded Claims and respectfully request that this Court disallow and expunge the Amended/Superseded Claims in their entirety.

**B.**    **The Surviving Claims are Improperly Classified.**

22.    Section 507(a)(8)(A) of the Bankruptcy Code grants priority to allowed unsecured claims of governmental units to the extent that such claims are for:

> a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition – (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition

11 U.S.C. § 507(a)(8)(A).

23.    Section 507(a)(8) of the Bankruptcy Code grants priority to allowed unsecured claims of governmental units to the extent that the tax return for the taxable period came due within the three years proceeding the petition date. *See* 11 U.S.C. § 507(a)(8)(A)(i). The Debtors filed a voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 8, 2007; therefore, any taxes owed by the Debtors for the years prior to year 2005 are not entitled to priority status.

**1.**    **Claim No. 1248**

24.    The NY DOT asserts a priority claim against InPhonic for sales and use taxes, and interest related thereto, in the total amount of $17,446.46 for the period prior to January 1, 2005. The sales and use taxes, and interest related thereto, purportedly owed by the Debtors prior to January 1, 2005 do not qualify for priority under section 507(a)(8)(A) of the Bankruptcy Code and should be reclassified from priority status to general unsecured non-priority status.

25.    As the underlying tax claims are not entitled to priority status for the period prior to year 2005, neither are any claims for any interest or penalties related thereto. *See In re Chateaugay Corp.,* 153 B.R. 632 (Bankr.S.D.N.Y. 1993) (holding that to qualify for priority status, a claim must be related to an underlying priority claim).

Accordingly, $17,446.46 of Claim No. 1248 should be reclassified from a priority unsecured claim to a general unsecured claim. After reclassifying the portion not entitled to priority, Claim No. 1248 would total $45,785.36, of which $26,412.78 would be an unsecured priority claim, and $19,372.58 would be a general unsecured claim.

    2.    **Claim No. 1298**

    27.    The NY DOT asserts a priority claim against SN for sales and use taxes, and interest related thereto, in the total amount of $68,386.50 for the period prior to January 1, 2005. The sales and use taxes, and interest related thereto, purportedly owed by the Debtors prior to January 1, 2005 do not qualify for priority under section 507(a)(8)(A) of the Bankruptcy Code and should be reclassified from priority to general unsecured non-priority status.

    28.    As the underlying tax claims are not entitled to priority status for the period prior to year 2005, neither are any claims for any interest or penalties related thereto. *See supra* ¶ 26. Accordingly, $68,386.50 of Claim No. 1298 should be reclassified from a priority unsecured claim to a general unsecured claim. After reclassifying the portion of Claim No. 1298 not entitled to priority, Claim No. 1298 would total $129,419.57, of which $58,818.99 would be an unsecured priority claim, and $70,600.58 would be a general unsecured claim.

### Conclusion

    29.    The Amended/Superseded Claims have been amended and superseded by the Surviving Claims and no longer represent valid claims against the Debtors. Therefore, the Amended/Superseded Claims should be expunged in their entirety. Further, the Surviving Claims should be reclassified to the extent that they are improperly classified as having priority status, as reflected herein.

### **Reservation of Rights and Request for Waiver of Local Rule 3007-1(f)(iii)**

30.     The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to the NY Claims.  Finally, to the extent this Objection constitutes a substantive objection, the Debtors, on behalf of themselves, their estates, and their successors, respectfully request leave from Local Rule 3007-1(f)(iii), to the extent it applies, which the Debtors contend it does not, or any other applicable law requiring all substantive objections to be filed in one objection.  Should the grounds for objection stated in this Objection be dismissed, the Debtors reserve the right to object on any other grounds that they discover during the pendency of these cases.  The Debtors reserve the right to file counterclaims against the NY DOT.

### **Notice**

31.     This Objection will be served on (i) the NY DOT; (ii) the Office of the United States Trustee; and (iii) each person or entity requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that notice of this Objection is sufficient and that no further notice is necessary.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully requests that the Court (i) grant the relief requested in this Objection, (ii) enter the proposed Order disallowing or reducing and expunging  and reclassifying the NY Claims set forth therein, and (iii) grant such other and further relief as is just and proper.

Dated: July 18, 2008

**BAYARD, P.A.**

By:  _Daniel O'Brien_

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors