## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline: August 13, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: August 20, 2008 at 2:00 p.m.** |

### MOTION OF DEBTORS TO ESTIMATE CLAIMS PURSUANT TO
### 11 U.S.C. §§ 502(c) AND 105(a)

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through undersigned counsel, hereby move to estimate certain claims pursuant to 11 U.S.C. §§ 502(c) and 105(a) (the "Motion"). In support of the Motion, the Debtors rely on the Declaration of Brad Daniel attached hereto, and respectfully represent as follows:

### BACKGROUND

1.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

---

[1]    The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

3.     On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.     On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.     On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").  Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer").

6.     On or around December 21, 2007, Adeptio assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the APA (as defined in the APA).  That date, the parties closed the sale of the APA.

7.     On January 30, 2008, the Court entered an Amended Order (I) Establishing March 21, 2008 (the "Bar Date") as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and

2

Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Bar Date Order").

8.     On or before February 4, 2008, the Debtors' noticing, claims and balloting agent, BMC Group, Inc. ("BMC"), who maintains the register of proofs of claim filed in these cases (the "Claim Registry"), gave notice of the Bar Date by mailing to all entities known or reasonably ascertainable as potential holders of a Claim, excluding Rebate Creditors (as defined below), (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice") and (b) a proof of claim form for these cases.[2]  On February 12, 2008, the Debtors filed an Affidavit of Mailing executed by James Myers of BMC with respect to its mailing of the Bar Date materials above.

9.     On or before February 21, 2008, the Debtors published notice of the Bar Date in the following newspapers and trade journals: The Wall Street Journal (National Edition) ("WSJ"), The New York Times (National Edition) (the "NY Times") and RCR Wireless News ("RCR News").  On March 3, 2005, the Debtors filed an Affidavit of Publication executed by Alice Weber of the NY Times with respect to the publication of the notice of the Bar Date in the NY Times.  On March 5, 2008, the Debtors filed an Affidavit of Publication executed by Alison Kauker of SK Advertising LLC with respect to the publication of the notice of the Bar Date in the WSJ and the RCR News.

10.     On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order").  Pursuant to the Rebate Notice Order, the Debtors were authorized to send known rebate creditors limited notice of the Debtors' chapter 11 cases (the "Rebate Notice").  On March 6, 2008, the Debtors filed an Affidavit of Service

---

[2]  As detailed below, Rebate Creditors were served with limited notice pursuant to the February 25, 2008 order of the Bankruptcy Court.

executed by James Myers of BMC with respect to service of the Rebate Notice on known rebate creditors. On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service executed by Katya Belas of BMC with respect to service of the Rebate Notice on additional rebate creditors.

11.    The Debtors and the Committee have proposed a joint plan of liquidation (as may be amended, the "Plan"),[3] and the Plan confirmation hearing is currently scheduled for September 16, 2008. The Plan, *inter alia,* proposes payment of Allowed Administrative Claims over time with interest and the payment of Allowed Priority Claims from a fund of $500,000. In order to confirm the plan and establish it is feasible pursuant to section 1129(a)(1) of the Bankruptcy Code, the Debtors seek estimation of any unknown or unliquidated claims to enable a determination of the collective value of the Administrative and Priority Claims.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 502(c) and 105(a).

## REQUEST FOR RELIEF

13.    By this Motion, the Debtors respectfully requests the Court to estimate certain claims for distribution purposes pursuant to section 502(c) of the Bankruptcy Code.

14.    Section 502(c)(1) of the Bankruptcy Code provides:

> (c) There shall be estimated for purpose of allowance under this section-

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

{BAY:01060260v1}

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.

11 U.S.C. § 502(c) (2006).  See 4 Collier on Bankruptcy ¶502.04 quoting H.R. No. 595, 95th Cong., 1st Sess. 354 (1977), Rep. 989, 95th Cong., 2d Sess. 65 (1978) ("The essence of section 502(c) is that 'all claims against the debtor be converted into dollar amounts'").

15.    In enacting the Bankruptcy Code, Congress intended that all claims, including unliquidated and contingent claims, be "dealt with" in the bankruptcy proceeding.  See In re Brints Cotton Marketing, Inc., 737 F.2d 1338, 1340 (5th Cir. 1984) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 22, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5808) (court reiterated that in enacting the Bankruptcy Code, Congress intended that "all claims against the debtor be converted into dollar amounts").  Id. Therefore, the Bankruptcy Code provides that a claim which is "contingent or unliquidated" shall be "estimated," if the "fixing or liquidation of [the claim] . . . would unduly delay the closing of the case." Id. at 1340-41; 11 U.S.C. § 502 (c)(1).

16.    Section 502(c)(1) of the Bankruptcy Code serves two purposes – first, it avoids the need to wait for the resolution of pending lawsuits to determine issues of liability or amounts owed by means of anticipating and estimating the likely outcome of these actions and, second, it promotes a fair distribution to creditors through a realistic assessment of uncertain claims.  See In re Ford, 967 F.2d 1047, 1053 (5th Cir. 1992).  In order to estimate a claim, the bankruptcy court should use "whatever method is best suited to the circumstances." Id. at 1341.

17.    Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

18.    The Debtors are working diligently to expunge claims that would impair their ability to confirm the Plan.  The Debtors filed three omnibus objections to claims and are in the

5

{BAY:01060260v1}

process of filing individual objections to certain alleged priority claims. Now, the claims that remain that need to be resolved prior to confirmation are unliquidated or unknown and must be estimated for distribution purposes. Delaying the estimation of the claims on the exhibits to this Motion would unduly delay the administration of these cases. Estimating the claims referenced herein serves the purpose of section 502(c)(1) of the Bankruptcy Code.

**A.**    **The Claims Listed in Exhibit A Should be Estimated at Zero**

19.    The claims that are listed in Exhibit A attached hereto are properly valued at zero for the claim type indicated thereon. These claims are not supported by sufficient documentation and, as such, the Debtors are unable to ascertain the true value of each respective claim. Specifically, these claims were not sufficiently completed, contain no supporting documentation, or contain completely illegible documentation. The Debtors also represent that the creditors have had ample time to amend their claims and/or provide adequate documentation in support thereof as the bar date was in March 2008. Given the deficient evidence of the validity of the claims, the Debtors' attempt to provide a certain value to each claim would be speculative at best. Because there is insufficient documentation to support the claims in Exhibit A, the Debtors request entry of an order estimating the claims at zero as indicated on Exhibit A.

**B.**    **The Claims Listed in Exhibit B Should be Estimated at an Amount Certain**

20.    The claims listed in Exhibit B attached hereto are properly valued at the amount set forth in the columns entitled "Modified Claim Amount" and "Modified Claim Type" on Exhibit B. These claims are supported by some documentation; however, it is either incomplete, ambiguous or only partially legible. The Debtors also represent that the creditors have had ample time to amend or liquidate their claims and/or provide adequate documentation in support thereof. Given the evidence of the validity of the claims, the Debtors seek to value and classify them for distribution purposes as in the amount supported by documentation. Therefore, the

6

claims should be estimated at an amount certain as indicated on Exhibit B, reflecting the portion of the claim in which sufficient evidentiary support has been provided.

**C.    Classification of Claims that Are Ambiguous on the Face of the Claim Form**

21.    Certain claimants who filed proofs of claim but who are not included in the exhibits to the Motion did not select the class of claim asserted on the face of the proof of claim form they submitted. Certain claimants who filed proofs of claim but who are not included in the exhibits to the Motion indicated on the face of the proof of claim form that their claim is a general unsecured claim, but the claim contains attachments that allege that the claim is a different type of claim from what was indicated on the face of the proof of claim form. For confirmation purposes only, the Debtors seek an order indicating that such claims are general unsecured claims.

**RESERVATION OF RIGHTS AND REQUEST FOR WAIVER OF**
**LOCAL RULE 3007-1(f)(iii)**

22.    The Debtors expressly reserve the right to amend, modify or supplement this Motion and to file objections to the claims referenced herein on any basis. Finally, to the extent this Motion constitutes a substantive objection to claims, the Debtors, on behalf of themselves, their estates, and their successors respectfully request leave from Local Rule 3007-1(f)(iii), to the extent it applies, which the Debtors contend it does not, or any other applicable law requiring all substantive objections to be filed in one objection.

**NOTICE**

23.    Notice of this Motion has been provided to the Office of the United States Trustee, the claimants listed on Exhibits A and B, and each person requesting notices in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is necessary.

{BAY:01060260v1}

WHEREFORE, the Debtors respectfully requests that the Court enter an order estimating the claims and granting such other and further relief that this Court deems just and proper.

Dated:  July 18, 2008

**BAYARD, P.A.**

By: _____

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:    (302) 655-5000

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors and Debtors in Possession

8