IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Objection Deadline: August 13, 2008 at 4:00 p.m. |
| | : | Hearing Date:  August 20, 2008 at 2:00 p.m. |

**OBJECTION OF THE DEBTORS TO CLAIM NO. 4 FILED BY THE
DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE**

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to sections 502 and 507 of title 11 of the United States Code (the "Bankruptcy Code") to claim no. 4 (the "IRS Claim") filed by the Department of Treasury – Internal Revenue Service (the "IRS"), and in support of its Objection, the Debtors rely on the Declaration of David Moir of Simplexity, LLC (the "Moir Declaration") attached hereto as Exhibit A and incorporated herein by reference, and respectfully represent as follows:

### Background

I.   **The Debtors' Chapter 11 Cases**

1.   Prior to the Sale (as defined below), InPhonic, Inc. ("InPhonic"), one of the affiliated debtors and debtors in possession, was a leading internet (online) seller of wireless services and devices to consumers.  InPhonic sold these services and devices through company owned and branded websites, including without limitation

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{BAY:01061613v1}                                              1

www.wirefly.com, as well as through a variety of private-labeled websites that it developed and managed for marketing partners such as internet businesses, affinity organizations and national retailers. InPhonic marketed its services through a variety of online advertising programs including display advertising, search marketing, email marketing and affiliate programs.

2. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

4. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

5. On November 16, 2007, the United States Trustee appointed the Official

Committee of Unsecured Creditors (the "Committee").

6. On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets (the "Sale") to Adeptio INPC Funding, LLC ("Adeptio").

7. On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

8. The Debtors and their professionals have conducted a review of the official register of claims filed in the Debtors' cases. For the reasons set forth below, the Debtors have determined that the IRS Claim is properly the subject of an objection.

## II. The IRS Claim

9. On or about November 26, 2007, the IRS filed the IRS Claim against SimIPC Acquisition Corp. ("SimIPC"), an affiliated debtor and debtor in possession. The IRS Claim is attached hereto as Exhibit B. The Claim totals $230,117.47 and includes an unsecured priority claim in the amount of $167,679.33, and a general unsecured claim in the amount of $62,436.14.

10. Documentation submitted with the IRS Claim indicates that the alleged priority portion of the IRS Claim represents: (i) alleged pension withholding taxes in the amount of $48,867.28 for the tax period ending December 31, 2004, and $10,722.40 in interest related thereto, (ii) alleged pension withholding taxes in the amount of $48,867.28 for the tax period ending December 31, 2005, and $7,201.14 in interest related thereto, and (iii) alleged pension withholding taxes in the amount of $48,867.28

for the tax period ending December 31, 2006, and $3,103.95 in interest related thereto. The IRS alleges priority status pursuant to section 507(a)(8) of the Bankruptcy Code.

11. The general unsecured portion of the IRS Claim represents alleged pension withholding taxes in the amount of $48,867.28 for the tax period ending December 31, 2003, and $13,570.86 in interest related thereto.

12. The Debtors determined that the IRS Claim is unenforceable against the Debtors, and, therefore, should be disallowed and expunged pursuant to section 502(b)(1) of the Bankruptcy Code. In the event this Court determines any liability to the IRS, certain portions of the IRS Claim should be reclassified.

## Jurisdiction

13. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

14. The Debtors object to the IRS Claim because none of the Debtors sponsored a pension plan or were a member of a control group which did sponsor a plan. In the event the IRS Claim is not disallowed and expunged in its entirety, certain improperly classified portions of the Claim should be reclassified. By this Objection, the Debtors respectfully request the entry of an order pursuant to sections 502(b) and 507(a) of the Bankruptcy Code (I) disallowing and expunging the IRS Claim as set forth herein, or, in the alternative, (II) determining withholding tax liability pursuant to 11 U.S.C. § 505 of the Bankruptcy Code and reclassifying a portion of the IRS Claim as set forth herein.

### Objection

15.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

> Except to the extent that –
>
>> such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

### A.     The IRS Claim Should Be Disallowed and Expunged in its Entirety.

16.     The taxes assessed in the IRS Claim are pension withholding taxes. Since none of the Debtors sponsored a pension plan or were a member of a control group that did sponsor such a plan during the periods set forth in the claim, the Debtors are not liable for pension withholding taxes assessed. *See* the Moir Declaration. Accordingly, the Debtors object to the IRS Claim and respectfully request that the Court disallow and expunge the Claim in its entirety pursuant to section 502(b)(1) of the Bankruptcy Code.

### B.     In the Alternative, the IRS Claim Should Be Reclassified.

17.     Section 507(a)(8)(E) of the Bankruptcy Code grants priority to allowed unsecured claims of governmental units to the extent that such claims are for:

> An excise tax on – (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition

11 U.S.C. § 507(a)(8)(E).

18.     The Bankruptcy Code grants eighth-tier priority status to allowed unsecured claims of governmental units for excise taxes on transactions occurring during

the three years immediately preceding date of bankruptcy petition filing. *See* 11 U.S.C. § 507(a)(8)(E)(i); *In re Lorber Industries of California v. Official Committee of Unsecured Creditors*, 373 B.R. 663, 667 (9th Cir. BAP 2007) The basis behind the pension withholding taxes assessed in the IRS Claim is not clear to the Debtors; therefore, the Debtors cannot determine whether the taxes are "excise taxes" as contemplated in section 507(a)(8)(E) of the Bankruptcy Code or whether the amounts alleged by the IRS are accurate. If the Court finds that the pension withholding taxes assessed in the IRS Claim are valid "excise taxes" under the Code, the total claim amount should be determined pursuant to section 505 of the Bankruptcy Code and a portion thereof should be reclassified as set forth below.

19. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 8, 2007; therefore, any taxes owed by the Debtors for the years prior to year 2005 are not entitled to priority status. The IRS Claim asserts a priority claim against SimIPC for pension withholding taxes, and related interest, in the total amount of 59,589.68 for the tax period ending December 31, 2004. The pension withholding taxes, and interest related thereto, purportedly owed by the Debtors prior to January 1, 2005 do not qualify for priority under section 507(a)(8)(E) of the Bankruptcy Code and should be reclassified from priority status to general unsecured non-priority status.

20. As the underlying withholding tax claims are not entitled to priority status for the period prior to year 2005, neither are any claims for any interest or penalties related thereto. *See In re Chateaugay Corp.*, 153 B.R. 632 (Bankr.S.D.N.Y. 1993) (holding that to qualify for priority status, a claim must be related to an underlying

priority claim). Accordingly, $59,589.68, or such other amount as determined by the Court, of the IRS Claim should be reclassified from a priority unsecured claim to a general unsecured claim.

## Conclusion

21. In conclusion, the IRS Claim, based on pension withholding taxes, should be disallowed and expunged in its entirety, as the Debtors did not sponsor a pension plan. If the Court, however, determines that the Debtors have a tax liability for the IRS Claim, the priority portion of that liability should be reclassified to the extent that it is improperly classified as having priority status, as reflected herein.

## Reservation of Rights and Request for Waiver of Local Rule 3007-1(f)(iii)

22. The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to the IRS Claim. Finally, to the extent this Objection constitutes a substantive objection, the Debtors, on behalf of themselves, their estates, and their successors respectfully request leave from Local Rule 3007-1(f)(iii), to the extent it applies, which the Debtors contend it does not, or any other applicable law requiring all substantive objections to be filed in one objection. Should the grounds for objection stated in this Objection be dismissed, the Debtors reserve the right to object on any other grounds that they discover during the pendency of these cases. The Debtors reserve the right to file counterclaims against the IRS.

## Notice

23. This Objection will be served on (i) the IRS; (ii) the Office of the United States Trustee; and (iii) each person or entity requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that notice of this Objection is sufficient and that no further notice is necessary.

WHEREFORE, the Debtors respectfully requests that the Court (i) grant the relief requested in this Objection, (ii) disallow and expunge the IRS Claim, and (iii) grant such other and further relief as is just and proper.

Dated: July 18, 2008

**BAYARD, P.A.**

By: */s/ Daniel O'Brien*

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

- and -

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

Counsel for Debtors