IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN Liquidation, Inc., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666(KG)<br><br>(Jointly Administered)<br><br>Objection Deadline: August 13, 2008 at 4:00 p.m.<br>Hearing Date: August 20, 2008 at 2:00 p.m. |

**RESPONSE TO DEBTORS' OBJECTION (NON-SUBSTANTIVE) TO CLAIMS FILED BY THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

The New York State Department of Taxation and Finance ("DTF"), by its attorney, New York State Attorney General Andrew M. Cuomo, responds to the Debtors' Objection (Non-Substantive) To Claims Filed By the New York State Department of Taxation and Finance (the "Objection") as follows:

1. The Objection challenges Claim Nos. 722, 1261 and 1298 filed by DTF against Star Number, Inc., and Claim Nos. 723 and 1248 filed by DTF against Inphonic, Inc.

2. The Objection seeks to expunge Claim Nos 722 and 1261 as having been amended and superseded by Claim No. 1298. The Objection further seeks to have Claim No. 723 expunged as being amended and superseded by Claim No. 1248. DTF consents to this relief, thereby leaving Claim Nos. 1298 and 1248 as the surviving claims ("Surviving Claims").

3. The Objection also contests the classification of portions of the Surviving Claims. The Debtors contend that DTF improperly classified sales and use tax liabilities as priority claims and that these liabilities should be reclassified as general unsecured claims. The Debtors

rely on Section 507(a)(8)(A) of the Bankruptcy Code.[1] This Section essentially provides that taxes measured by income on gross receipts are entitled to priority status only if the corresponding tax return was due within three years before the filing of the petition. The Objection alleges that the sales and use taxes set forth in the Surviving Claims are more than three (3) years old and must therefore be treated as general unsecured claims.

   4. The Debtors' analysis is wrong. For the purpose of determining priority status, sales and use taxes do not fall within the Code's classification of taxes measured by income or gross receipts. Rather, sales and use taxes are included under Section 507(a)(8)(C) as taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity..." De Chiaro v. New York, 760 F.2d 432, 434 (2d Cir. 1985); New York Tax Law §§1131(1), 1132(a) and 1133. Sales taxes are treated as "trust fund" taxes and as such, are entitled to priority status under Section 507(a)(8)(C), regardless of how old they are. See In re St Hillaire, 135 B.R. 186 (D. Mass. 1991) (holding that sales taxes are not "stale" even if more than three (3) years old, are entitled to priority and are not dischargeable).

   5. DTF does not concede that any of the priority tax liabilities set forth in the Surviving Claims are stale. However, based on the argument set forth above, that issue is irrelevant to the classification of the sales and use tax liabilities included in the Surviving Claims. The Objection should therefore be dismissed in its entirety.

---

[1] In the Bankruptcy Reform Act of 1978 (P.L. 95-598), Section 507(a)(8) was originally designated as Section 507(a)(6). It was re-designated as Section 507(a)(7) in 1984 (P.L. 98-353), and further re-designated as Section 507(a)(8) in 1994 (P.L. 103-394).

Dated: August 8, 2008
      Albany, New York

                        ANDREW M. CUOMO
                        Attorney General of the State of New York

                        /s/ Norman P. Fivel
                        Norman P. Fivel
                        New York State Bar No. 016990
                        Assistant Attorney General
                        NYS Department of Law
                        The Capitol
                        Albany, New York 12224-0341
                        Telephone (518) 474-6842

TO:    **BAYARD, P.A.**
        Neil B. Glassman, Esq.
        Mary E. Augustine, Esq.
        Daniel A. O'Brien, Esq.
        222 Delaware Avenue, Suite 900
        Wilmington, Delaware 19801

        **DLA PIPER US, LLP**
        Thomas R. Califano, Esq.
        Christopher R. Thomson, Esq.
        1251 Avenue of the Americas
        New York, New York 10020