Agreed and Accepted:

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC |
|---|---|
| By: _____<br>Thomas R. Califano<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020 | By: _____<br>Reed Smith, LLP<br>1201 Market Street, Suite 1500<br>Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____<br>Anup Sathy, P.C.<br>David A. Agay<br>Kirkland & Ellis, LLP<br>200 East Randolph<br>Chicago, Illinois 60601 | |

Agreed and Accepted:

| | |
|---|---|
| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors In Possession<br><br>By: _____<br>      Thomas R. Califano<br>      DLA Piper US LLP<br>      1251 Avenue of the Americas<br>      New York, New York 10020 | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC<br><br>By: _Robert P. Simons_<br>      Reed Smith, LLP<br>      1201 Market Street, Suite 1500<br>      Wilmington, Delaware 19801-1163 |
| Adeptio INPC Funding, LLC<br><br>By: _____<br>      Anup Sathy, P.C.<br>      David A. Agay<br>      Kirkland & Ellis, LLP<br>      200 East Randolph<br>      Chicago, Illinois 60601 | |

Agreed and Accepted:

| InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC, as Debtors and Debtors in Possession | Official Committee of Unsecured Creditors for: InPhonic, Inc., CAIS Acquisition, LLC, CAIS Acquisition II, LLC, SimIPC Acquisition Corp., Star Number, Inc., Mobile Technology Services, LLC, FON Acquisition, LLC, 101 Interactive, LLC |
|---|---|
| By: _____<br>    Thomas R. Califano<br>    DLA Piper US LLP<br>    1251 Avenue of the Americas<br>    New York, New York 10020 | By: _____<br>    Reed Smith, LLP<br>    1201 Market Street, Suite 1500<br>    Wilmington, Delaware 19801-1163 |
| Adeptio/INPC Funding, LLC<br><br>By: _____ P.C.<br>    Anup Sathy, P.C.<br>    David A. Agay<br>    Kirkland & Ellis, LLP<br>    200 East Randolph<br>    Chicago, Illinois 60601 | |

K&E LEGAL.12345678.2

# EXHIBIT 3

### SN LIQUIDATION, INC., ET AL
### SUMMARY OF TERMS AND CONDITIONS FOR
### ADEPTIO INPC FUNDING LLC $500,000 LOAN

#### AUGUST 11, 2008

**DEBTORS:**    INP Liquidation Corp., (f/k/a InPhonic, Inc.); CS I Liquidation, LLC (f/k/a CAIS Acquisition, LLC); CS II, LLC (f/k/a CAIS Acquisition II, LLC); SI Liquidation Corp. (f/k/a SimIPC Acquisition Corp.); SN Liquidation, Inc. (f/k/a Star Number, Inc.); MTS Liquidation, LLC (f/k/a Mobile Technology Services, LLC); FN LLC (f/k/a FON Acquisition, LLC); and, 1010, LLC (f/k/a 1010 Interactive, LLC).

**BORROWER:**    Debtors' Litigation Trust formed pursuant to the Debtors' Joint Plan of Liquidation, as and when such plan is confirmed by the Bankruptcy Court.

**LENDER:**    Adeptio INPC Funding, LLC or it designee ("Lender"), provided, however, that any such designee is capitalized adequately to fund the Loan, in the Committee's or the Trust's reasonable discretion, and that, in any event, Adeptio INPC Funding, LLC shall remain obligated to fund the loan on the terms described herein if such designee fails to do so.

**FACILITY:**    Up to $500,000 Senior Secured Grid Term Loan (the "Loan").

**PURPOSE:**    To fund the costs of professional fees and expenses necessary to investigate the viability of avoidance actions and other litigation claims and commence and prosecute such litigation if appropriate that the Debtors' estates, through the Borrower, may possess.

**SECURITY:**    Borrower shall grant Lender a senior secured, first priority lien on all its existing and after-acquired tangible and intangible assets and property including, but not limited to, all proceeds from avoidance actions and litigation that Borrower initiates, and any amounts distributable to the Borrower's beneficiaries.

**INTEREST RATE:**    The "Applicable Federal Rate," being the applicable federal short-term rate for monthly compounding promulgated each month by the U.S. Treasury Secretary pursuant to section 1274(d) of the Internal Revenue Code of 1986, as amended (the "Code"), automatically fluctuating upward and downward each month with changes in the applicable federal rate as required under section 7872(f) of the Code.  This rate is 2.06% for June 2008.

**BORROWINGS:**    Lender will advance the principal amount of the Loan from time-to-time within two business days after it receives a written request from Borrower specifying the amount of the advance requested (each, an "Advance") and providing documentation of the fees and expenses to be paid with the proceeds of such Advance.  Borrower may request Advances not more frequently than two times per month.  The aggregate amount of the Advances shall not exceed the maximum principal amount of the Loan.  Borrower shall have up to 12 months to draw the full amount of the Loan after which time Lender shall have no further obligation to advance any portion of the undrawn principal amount of the Loan.

| | |
|---|---|
| **LOAN PAYMENT** | Borrower shall pay the loan from the proceeds of litigation trust claims and other proceeds of liquidating its assets including the proceeds of any avoidance actions and other litigation claims that the Borrower prosecutes.  Borrower shall pay in full the principal amount of the Loan outstanding, together with any accrued and unpaid interest, before distributing any of its assets to any other of Borrower's beneficiaries or paying any other of Borrower's costs or expenses.  Payments that Borrower makes on account of the outstanding principal balance of the Loan shall permanently reduce the availability under the Loan and shall not be available for reborrowing. |
| **CONDITIONS PRECEDENT:** | Lender's obligation to fund the Loan shall be subject to: (1) an order confirming the Debtors' plan of liquidation (as may be amended or modified); (2) evidence of the formation of the litigation trust; (3) delivery to the Lender of the Borrower's non-binding, good faith estimated projection of draws under the Loan; and (4) Borrower's execution and delivery to Lender of documents evidencing the Loan, each of the foregoing in form and substance wholly consistent with the terms of the Settlement Agreement Term Sheet, this Term Sheet, and the Plan. |
| **REPRESENTA-TIONS AND WARRANTIES** | Due formation of the liquidation trust; authority to enter into Loan documents; validity and binding nature of the Loan documents. |
| **AFFIRMATIVE COVENANTS:** | Delivery of periodic reports of Borrower's activities in such form as is provided to the Trust Oversight Committee, which reports shall be consistent with the reporting requirements set forth in Article V.E.2(a) of the Plan; payment and performance of obligations agreed to by the Borrower and Lender that are consistent with this Term Sheet and the Settlement Agreement Term Sheet; continued existence of the trust; and compliance with laws that have a material effect on the repayment of the Loan. |
| **NEGATIVE COVENANTS:** | Borrower shall not make distributions of proceeds to its beneficiaries prior to payment in full of the Loan and accrued and unpaid interest.  Borrower shall not incur any indebtedness, liens, or other obligations that are senior in priority to or *pari passu* with the Loan. |
| **EVENTS OF DEFAULT:** | Conversion of the bankruptcy cases to Chapter 7 and termination of the Litigation Trust; breach of affirmative or negative covenants; failure to pay any interest or principal under the Loan in accordance with the priority of the Loan and pursuant to the terms of the Settlement Agreement Term Sheet. |
| **WAIVER OF JURY TRIAL, GOVERNING LAW:** | Waiver of jury trial, submission to jurisdiction in Delaware before the Bankruptcy Court.  Delaware law (without reference to choice of law provisions) to govern. |
| **MISCELLANEOUS:** | This Term Sheet is subject to definitive loan documentation. |

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

### DISCLOSURE STATEMENT AND SUMMARY OF SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AUGUST 11, 2008

THE INFORMATION CONTAINED HEREIN IS A SUMMARY OF THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AUGUST 11, 2008, AND CONSTITUTES THE DISCLOSURE STATEMENT RELATED THERETO FOR HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS.  COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT SENT TO OTHER IMPAIRED CLASSES ARE AVAILABLE ONLINE AT WWW.BMCGROUP.COM/INPHONIC AND WWW.DEB.USCOURTS.GOV OR BY WRITTEN REQUEST TO SN LIQUIDATION, INC., *ET AL.* C/O BMC GROUP, INC., P.O. BOX 978 EL SEQUNDO, CA 90245-0978.  IN THE EVENT THAT THERE IS A DISCREPANCY BETWEEN THE PLAN AND THIS SUMMARY THEREOF AND DISCLOSURE STATEMENT, THE PLAN WILL CONTROL.

Summary.  SN Liquidation, Inc. (together with its affiliated debtors and debtors in possession, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 (as may be further amended, the "Plan").  The Plan contemplates the liquidation of the Debtors' assets and the resolution of the outstanding claims against and interests in the Debtors.  The Plan is a liquidating plan.  Pursuant to prior orders of the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the Debtors sold substantially all of their assets.  The Plan provides for the distribution of the Debtors' estates' interest in proceeds from such sale and the creation of a Litigation Trust[2] that will administer remaining property of the Debtors, which includes causes of action.

Asset Sale.  Prior to November 8, 2007 (the "Petition Date"), the Debtors reached an agreement, subject to higher and better offers, to sell substantially all of their assets to Adeptio INPC Funding LLC ("Adeptio"), the parent corporation of Simplexity, Inc.  The Committee objected to the sale.  The Committee, the Debtors, and Adeptio reached a compromise whereby Adeptio agreed to make certain payments in connection with the Debtors' bankruptcy cases and pursuant to a plan of reorganization, all of which is more fully described in the Plan and the Term Sheet attached thereto.  After a hearing on December 13, 2007, the Bankruptcy Court entered an order approving the sale (the "Sale Order").

Classification of Claims/Interests.  Pursuant to the Plan, all claims and interests, except Administrative Claims, Priority Tax Claims and Trustee Fee Claims are placed in the following classes:

| Class 1:  Other Secured Claims | Unimpaired | Deemed to Accept Plan |
|---|---|---|
| Class 2:  Priority Non-Tax Claims | Unimpaired | Deemed to Accept Plan |

[1]  The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

| Class 3: Secured Lender Claims | Impaired | Entitled to Vote |
|---|---|---|
| Class 4: General Unsecured Claims | Impaired | Entitled to Vote |
| Class 5: Intercompany Claims | Impaired | Deemed to Reject Plan |
| Class 6: Equity Interests | Impaired | Deemed to Reject Plan |

Class 4 General Unsecured Claims. Each holder of an Allowed General Unsecured Claim (including rebate claims) shall receive its *pro rata* share of all Cash, if any, available for distribution by the Litigation Trust up to the full amount of the Allowed General Unsecured Claim, after satisfaction in full of all expenses, unpaid Allowed Secured Claims, including the Adeptio Loan, Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims. Distributions on Allowed General Unsecured Claims shall be made in accordance with and pursuant to the Litigation Trust Agreement (attached to the Plan) and shall be made by the Litigation Trustee from the Litigation Trust.

Class 5 Intercompany Claims and Class 6 Equity Interests: Intercompany Claims and Equity Interests are being extinguished and will not receive any distribution.

Sources for Distributions. All Cash necessary for the Debtors or the Litigation Trustee to make payments pursuant to the Plan shall be obtained from the following sources: (a) the Debtors' or SN Liquidation's Cash on hand (which is little or none); (b) Cash received upon liquidation of the Debtors' Excluded Assets (those assets not sold pursuant to the Sale Order), including Proceeds of all the Debtors' Causes of Action against directors and officers or otherwise; (c) Adeptio's funding obligations pursuant to the Sale Order and Term Sheet, including Priority Claims Funding, all as more fully described in the Plan and Term Sheet. In part, the Term Sheet provides that Adeptio will provide a $500,000 secured loan to fund the investigation of Causes of Action and to commence and prosecute such litigation if appropriate through the Litigation Trust. The value of the Debtors' Causes of Action is uncertain. The Litigation Trust needs to further investigate those claims. It is uncertain whether the pursuit of Causes of Action will result in a distribution to holders of Class 3 and Class 4 Claims.

Corporate Existence. On the Effective Date of the Plan, the Debtors shall be deemed to be dissolved.

Transfer of Estate Assets. All Estate Assets and the proceeds thereof shall be transferred to the Litigation Trust. The Estate Assets shall be deemed vested in and become property of the Litigation Trust free and clear of all claims, liens, encumbrances and interests of Adeptio or the Debtors subject to the terms of the Plan. These claims include, without limitation, certain claims against the Debtors' former officers and directors. After the transfer of all such rights to the Litigation Trust, the Litigation Trustee shall be deemed the appointed representative to, and may pursue, litigate, and compromise and settle any such rights, claims, or Causes of Action in accordance with the best interests of and for the benefit of the beneficiaries of the Litigation Trust.

Claims Resolution; Late Claims. The Litigation Trustee shall review and object to Claims as and when it deems appropriate. No distribution shall be made on account of any claims filed after the March 21, 2008 Bar Date, unless specifically allowed by final order of the Bankruptcy Court.

Insurance Policies; Assignment of Rights. Each of the Debtors' insurance policies and any agreements, documents, or instruments relating thereto, unless previously canceled or transferred to Adeptio, are treated as Executory Contracts under the Plan, and the Plan shall constitute a motion to assume such policies and assign all of the Debtors' rights therein to the Litigation Trust.

Liquidation Under Chapter 7. If no chapter 11 plan is confirmed, these chapter 11 cases may be converted to cases under chapter 7 of the Bankruptcy Code, in which a trustee would liquidate the Debtors' assets. The Proponents believe that liquidation under chapter 7 would result in a smaller, if any, distribution to Holders of Class 4 Claims than those provided for in the Plan because of the additional administrative expenses involved in the appointment of a trustee and its attorneys and other professionals during such liquidation, and because

some of the payments to be made by Adeptio pursuant to the Term Sheet may not occur if these cases are converted to chapter 7 bankruptcy cases.

Tax Consequences. The Litigation Trust is intended to be treated as a "grantor trust" for U.S. federal income tax purposes, which is not a separate taxable entity. Assuming the Litigation Trust is a grantor trust, (i) the Debtor will treat the transfer of the assets to the Litigation Trust for U.S. federal income tax purposes as a transfer of such assets to Holders of Allowed Class 4 Claims and a transfer by such Holders of such assets to the Litigation Trust, and (ii) such Holders will be treated as the grantors and deemed owners of the assets of the Litigation Trust for U.S. federal income tax purposes.

The Litigation Trust Agreement requires each Holder of an Allowed Class 4 General Unsecured Claim to report on its U.S. federal income tax return its allocable share of the Litigation Trust's income. Because Persons who are Holders of Disputed Claims as of the end of the Litigation Trust's tax year will not receive any interest or earnings on cash held in the Litigation Trust for such tax year, the Litigation Trustee shall allocate all such interest and earnings to Holders of Allowed Class 4 Claims for U.S. federal income tax purposes. A Holder of an Allowed Class 4 Claim may incur a U.S. federal income tax liability with respect to its allocable share of the income of the Litigation Trust whether or not the Litigation Trust has made any concurrent distribution to the Holder of an Allowed Class 4 Claim. Holders of Allowed Class 4 Claims are urged to consult their tax advisors.

Adeptio Release. The Plan provides for a release of Adeptio and its non-natural affiliates and subsidiaries by the Estates on the Effective Date; however, Retained Litigation Claims are preserved. The Plan also provides that Adeptio and Simplexity shall not have or incur liability to any Holder of a Claim or an Interest for acts or omissions occurring after the Petition Date in connection with these chapter 11 cases. Further releases of Adeptio and Simplexity are set forth in the enclosed ballot. You may decline to grant Adeptio and Simplexity these releases when you complete the enclosed ballot.

Conclusion and Recommendations. The Debtors and the Committee urge all creditors entitled to vote on the Plan to vote to accept the Plan and to evidence such acceptance by immediately returning their properly completed ballots to the appropriate voting agent as set forth on the ballots within the time stated in the notice served with this Disclosure Statement.


**BAYARD, P.A.**                                    **REED SMITH LLP**

By:  /s/ Mary E. Augustine                          By:  /s/ Kurt F. Gwynne
   Neil B. Glassman (No. 2087)                          Kurt F. Gwynne (No. 3951)
   Mary E. Augustine (No. 4477)                         1201 Market Street
   222 Delaware Avenue, Suite 900                       Suite 1500
   P.O. Box 25130                                       Wilmington, DE 19801
   Wilmington, DE 19899

Dated:  August 11, 2008

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## BALLOT FOR CLASS 3 SECURED LENDER CLAIMS

The above-captioned debtors and debtors in possession (the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases have filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (as may be further amended, the "Plan") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Plan is attached as Exhibit A to the Second Amended Disclosure Statement for the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (as may be further amended, the "Disclosure Statement"), which accompanies this ballot (the "Ballot").

The Plan can be confirmed by the Court and thereby made binding upon you if the holders of Claims who cast votes in favor of the Plan hold at least two-thirds in dollar amount and more than one-half in number of the Claims actually voting in each class of Claims, and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes voting not to accept the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the Court, it will be binding upon you whether or not you vote.**

All capitalized terms used herein (unless otherwise defined) shall have the meaning set forth in the Plan.

---

### IMPORTANT

**VOTING DEADLINE: 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 16, 2008.**
You should review the Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in one of the secured classes under the Plan. If you hold Claims in more than one Class or against more than one of the Debtors you will receive a Ballot for each Class in which you are entitled to vote.
**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE OR OTHER ELECTRONIC TRANSMISSION. ONLY ORIGINAL BALLOTS WITH ORIGINAL SIGNATURES WILL BE COUNTED.**

---

### HOW TO VOTE

1. **READ THE ENCLOSED INSTRUCTIONS CAREFULLY.**
2. **COMPLETE ITEMS 2 AND 3.**
3. **REVIEW ITEMS 3 AND 4.**
4. **REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.**
5. **RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE.**

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS 1 Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

<<BallotID>>  *<<BallotIDBarcode>>*

**Item 1.**    **Amount of Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Secured Lender Claim against the Debtors in the amount of <<$VoteAmount>>.

**Item 2.**    **Vote.**  The undersigned votes (*check one box only – if you do not check a box, or you check more than one box, your vote will not be counted*):

        ❑     to **ACCEPT** the Plan           ❑     to **REJECT** the Plan

          ***<<ACCEPTBARCODE>>*             ***<<REJECTBARCODE>>*

**Item 3.**    **Opt-Out Election.**  Check this box if you elect not to grant the release contained in Article XI.C.2 of the Plan.  Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases contained in Article XI.C.2 of the Plan to the fullest extent permitted by applicable law.  The full text of the pertinent portions of the Plan is set forth at the end of this Ballot.

        ❑     The undersigned elects not grant the above-referenced release.

          ***<<RELEASEBARCODE>>*

**Item 4.**    The undersigned understands that if this Ballot (i) is validly executed and returned without indicating an acceptance of the Plan or rejection of the Plan, or (ii) is validly executed and returned indicating both an acceptance and a rejection with respect to the Plan, it will not be counted.

**Item 5.**    The undersigned understands that this Ballot shall not constitute or be deemed a Proof of Claim or equity interest or an assertion of a Claim or equity interest.

**Item 6.**    **Authorization.**  By returning this Ballot, the undersigned certifies that it (a) has full power and authority to vote to accept or reject the Plan and has received and reviewed a copy of the Disclosure Statement (including the appendices and exhibits thereto) and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

[NAME]
[REPRESENTING]                                    Print or Type Name
[CONTACT]
[ADDRESS1]                                         _____
[ADDRESS2]                                         Signature
[ADDRESS3]
[ADDRESS4]                                         _____
[CITY][ ST][ ZIP]                                  Title (If Corporation or Partnership)
[COUNTRY]
                                                   _____
                                                   Name of Institution

                                                   _____
                                                   Street Address

                                                   _____
                                                   City, State, Zip Code

                                                   _____
                                                   Telephone Number

                                                   _____
                                                   Date Completed

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE RECEIVED BY THE VOTING AGENT, BMC GROUP, INC., BY 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 16, 2008, AT THE FOLLOWING ADDRESS OR YOUR VOTE WILL NOT BE COUNTED:**

---

*(By U.S. Regular Mail)*

**SN LIQUIDATION, INC.,** *et al.* f/k/a **INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
**P.O. BOX 2005**
**CHANHASSEN, MN 55317-2005**

*(By Messenger or Overnight Courier)*

**SN LIQUIDATION, INC.,** *et al.* f/k/a **INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
**18750 LAKE DRIVE EAST**
**CHANHASSEN, MN  55317**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**

---

<<BallotID>>  *<<BallotIDBarcode>>*

## INSTRUCTIONS FOR COMPLETING THE BALLOT

      To have your vote count, you must complete, sign and return this Ballot so that it is received by BMC Group, Inc. (the "Voting Agent"), on or before 4:00 p.m., prevailing Central Time, on September 16, 2008, unless extended in the sole discretion of the Debtors and the Committee (the "Claim Voting Deadline") or your Ballot will not be counted.  **ANY BALLOT THAT IS VALIDLY EXECUTED BUT THAT DOES NOT INDICATE AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, OR INDICATES BOTH AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, SHALL NOT BE COUNTED.**

1.      Capitalized terms not defined in this Ballot shall have the meaning assigned to them in the Plan.

2.      To properly complete the Ballot, you must follow the procedures described below:

      a)      cast vote to accept the Plan or reject the Plan by checking the proper box in Item 2;

      b)      review Item 3 regarding the Opt-Out Election and complete, if applicable.

      c)      make sure that the information required by Item 6 has been inserted;

      d)      sign and date your Ballot;

      e)      if you believe that you have received the wrong Ballot, please contact the Voting Agent;

      f)      if you are completing this Ballot on behalf of another entity, please indicate your relationship with such entity and the capacity in which you are signing;

      g)      please use additional sheets of paper clearly marked to indicate the applicable item of the Ballot if additional space is required to respond to any item on the Ballot;

      h)      use the enclosed pre-addressed envelope to return the Ballot to the Voting Agent at the address indicated after Item 6 and be sure to attach the proper postage; and

      i)      if you cast more than one Ballot voting the same Claim prior to the Claim Voting Deadline, the latest Ballot received by the Voting Agent before the Voting Deadline will supersede all prior Ballots submitted on behalf of said Claim.

3.      It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one half in number of Claims in each Class who vote on the Plan.  The vote of the Claims actually voted in your Class will bind those who do not vote.  As set forth in the Disclosure Statement, in the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that it provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

4.      This Ballot has been marked to reflect the Class in which you are eligible to vote.  If you have Claims in more than one Class, you may receive more than one Ballot.  **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL BALLOTS RECEIVED.**  If you have Claims in Classes other than those listed in this Ballot and you do not receive Ballots for all such Claims, contact the Voting Agent to obtain additional Ballots. If you have any questions about this Ballot, please contact the Voting Agent.

5.      This Ballot is for voting purposes only and does not constitute, and shall not be deemed, a proof of claim or an admission by the Debtors of the validity of a Claim. Should your Claim be estimated or otherwise allowed for voting purposes by order of the Court, your Claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless, prior to the Voting Deadline, the Court enters an order disallowing such Claim.  By signing this Ballot you are making certain certifications.  You have also acknowledged that such vote is subject to all the terms and conditions set forth in the Disclosure Statement.

6.     **YOUR SIGNATURE IS REQUIRED IN ORDER FOR YOUR VOTE TO BE COUNTED.**
If the Claim is held by a partnership, the Ballot must be executed in the name of the partnership by a general
partner.  If the Claim is held by a corporation, the Ballot must be executed by an officer.  If you are signing in a
representative capacity, also indicate your title after your signature.

7.     If a Ballot is validly executed and returned without indicating an acceptance or a rejection with
respect to the Plan, or indicates both an acceptance and a rejection with respect to the Plan, it will not be counted.

**The attached Ballot should be returned by mail in the pre-addressed envelope provided herewith.  Please
mail your Ballot so that it will be received by the Voting Agent by the Claim Voting Deadline.**

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**YOUR BALLOT MUST BE RECEIVED BY THE CLAIM VOTING DEADLINE IN ORDER FOR
IT TO COUNT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR
IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC.
AT (888) 909-0100.**

**ARTICLES XI.C.2 AND XI.F. OF THE PLAN PROVIDES IN PERTINENT PART:**

**Third Party Releases**

        Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General
Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or
affiliates, or any of their successors or assigns, by acceptance of the distributions to be received hereunder, will
be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including
their respective present members, officers, directors, employees, advisors, attorneys, and agents and their
respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that
term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth below), from any and
all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and
liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or
thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or
otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances
existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the
Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating,
negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this
Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or
other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or
any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation
of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the
foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if
such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot…

**Exculpation and Limitation of Liability**

        …Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated
and their liability shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase
Agreement and Term Sheet.

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*

Class 3 – Secured Lender Claims
<<ClaimNbr>>

[MAILLABELNBR]  *<<MAILLABELBARCODE>>*

[NAME]
[REPRESENTING]
[CONTACT]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[ADDRESS4]
[CITY] [ST] [ZIP]
[COUNTRY]

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*

Class 4 - General Unsecured Claims
<<ClaimNbr>>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

**BALLOT FOR CLASS 4 GENERAL UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases have filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Plan") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Second Amended Disclosure Statement and Summary of Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Class 4 Disclosure Statement"), accompanies this ballot (the "Ballot"). Copies of the Plan and the Disclosure Statement sent to other classes are available online at (www.bmcgroup.com/inphonic) and (www.deb.uscourts.gov) or by written request to SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc. *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978.

The Plan can be confirmed by the Court and thereby made binding upon you if the holders of Claims who cast votes in favor of the Plan hold at least two-thirds in dollar amount and more than one-half in number of the Claims actually voting in each class of Claims, and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes voting not to accept the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the Court, it will be binding upon you whether or not you vote.**

All capitalized terms used herein (unless otherwise defined) shall have the meaning set forth in the Plan

---

**IMPORTANT**

**VOTING DEADLINE: 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 16, 2008.**
You should review the Class 4 Disclosure Statement before you vote. Copies of the Plan and Disclosure Statement sent to other classes are available online at (www.bmcgroup.com/inphonic) and at (www.deb.uscourts.gov) or by written request to SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in one of the unsecured classes under the Plan. If you hold Claims in more than one Class or against more than one of the Debtors you will receive a Ballot for each Class in which you are entitled to vote.
**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE OR OTHER ELECTRONIC TRANSMISSION. ONLY ORIGINAL BALLOTS WITH ORIGINAL SIGNATURES WILL BE COUNTED.**

---

**HOW TO VOTE**

| | |
|---|---|
| 1. | READ THE ENCLOSED INSTRUCTIONS CAREFULLY. |
| 2. | COMPLETE ITEMS 2 AND 3. |
| 3. | COMPLETE ITEM 3 AND 4. |
| 4. | REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5. |
| 5. | RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE |

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{BAY:01104051v1}                    <<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                                                 Class 4 - General Unsecured Claims

<<ClaimNbr>>

**Item 1.**      **Amount of Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtors in the amount of <<$VoteAmount>>.

**Item 2.**      **Vote.**  The undersigned votes (*check one box only – if you do not check a box, or you check more than one box, your vote will not be counted*):

         ❑      to **ACCEPT** the Plan                          ❑      to **REJECT** the Plan

         *<<ACCEPTBARCODE>>*                                    *<<REJECTBARCODE>>*

**Item 3.**      **Opt-Out Election.**  Check this box if you elect not to grant the release contained in Article XI.C.2 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases Article XI.C.2 of the Plan to the fullest extent permitted by applicable law. The full text of the pertinent portions of the Plan is set forth at the end of this Ballot.

         ❑      The undersigned elects not grant the above-referenced release.

         *<<RELEASEBARCODE>>*

**Item 4.**      The undersigned understands that if this Ballot (i) is validly executed and returned without indicating an acceptance of the Plan or rejection of the Plan, or (ii) is validly executed and returned indicating both an acceptance and a rejection with respect to the Plan, it will not be counted.

**Item 5.**      The undersigned understands that this Ballot shall not constitute or be deemed a Proof of Claim or equity interest or an assertion of a Claim or equity interest.

**Item 6.**      **Authorization.**  By returning this Ballot, the undersigned certifies that it (a) has full power and authority to vote to accept or reject the Plan and has received and reviewed a copy of the Class 4 Disclosure Statement and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Class 4 Disclosure Statement.

[NAME]
[REPRESENTING]
[CONTACT]                                          _____
[ADDRESS1]                                         Print or Type Name
[ADDRESS2]
[ADDRESS3]                                         _____
[ADDRESS4]                                         Signature
[CITY][ ST][ ZIP]
[COUNTRY]                                          _____
                                                   Title (If Corporation or Partnership)

                                                   _____
                                                   Name of Institution

                                                   _____
                                                   Street Address

                                                   _____
                                                   City, State, Zip Code

                                                   _____
                                                   Telephone Number

                                                   _____
                                                   Date Completed

<<BallotID>>  *<<BallotIDBarcode>>*

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE RECEIVED BY THE VOTING AGENT, BMC GROUP, INC., BY 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 16, 2008, AT THE FOLLOWING ADDRESS OR YOUR VOTE WILL NOT BE COUNTED:**

*(By U.S. Regular Mail)*

**SN LIQUIDATION, INC., *et al.* f/k/a INPHONIC, INC., *et al.*
c/o BMC GROUP, INC.
P.O. BOX 2005
CHANHASSEN, MN 55317-2005**

*(By Messenger or Overnight Courier)*

**SN LIQUIDATION, INC., *et al.* f/k/a INPHONIC, INC., *et al.*
c/o BMC GROUP, INC.
18750 LAKE DRIVE EAST
CHANHASSEN, MN  55317**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**

### INSTRUCTIONS FOR COMPLETING THE BALLOT

To have your vote count, you must complete, sign and return this Ballot so that it is received by BMC Group, Inc. (the "Voting Agent"), on or before 4:00 p.m., prevailing Central Time, on September 16, 2008, unless extended in the sole discretion of the Debtors and the Committee (the "Claim Voting Deadline") or your Ballot will not be counted. **ANY BALLOT THAT IS VALIDLY EXECUTED BUT THAT DOES NOT INDICATE AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, OR INDICATES BOTH AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, SHALL NOT BE COUNTED.**

1.      Capitalized terms not defined in this Ballot shall have the meaning assigned to them in the Plan.

2.      To properly complete the Ballot, you must follow the procedures described below:

      a)      cast vote to accept the Plan or reject the Plan by checking the proper box in Item 2;

      b)      review Item 3 regarding the Opt-Out Election and complete, if applicable;

      c)      make sure that the information required by Item 6 has been inserted;

      d)      sign and date your Ballot;

      e)      if you believe that you have received the wrong Ballot, please contact the Voting Agent;

      f)      if you are completing this Ballot on behalf of another entity, please indicate your relationship with such entity and the capacity in which you are signing;

      g)      please use additional sheets of paper clearly marked to indicate the applicable item of the Ballot if additional space is required to respond to any item on the Ballot;

      h)      use the enclosed pre-addressed envelope to return the Ballot to the Voting Agent at the address indicated after Item 6 and be sure to attach the proper postage; and

      i)      if you cast more than one Ballot voting the same Claim prior to the Claim Voting Deadline, the latest Ballot received by the Voting Agent before the Voting Deadline will supersede all prior Ballots submitted on behalf of said Claim.

3.      It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one half in number of Claims in each Class who vote on the Plan. The vote of the Claims actually voted in your Class will bind those who do not vote. As set forth in the Disclosure Statement, in the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that it provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

4.      This Ballot has been marked to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL BALLOTS RECEIVED.** If you have Claims in Classes other than those listed in this Ballot and you do not receive Ballots for all such Claims, contact the Voting Agent to obtain additional Ballots. If you have any questions about this Ballot, please contact the Voting Agent.

5.      This Ballot is for voting purposes only and does not constitute, and shall not be deemed, a proof of claim or an admission by the Debtors of the validity of a Claim. Should your Claim be estimated or otherwise allowed for voting purposes by order of the Court, your Claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless, prior to the Voting Deadline, the Court enters an order disallowing such Claim. By signing this Ballot you are making certain certifications. You have also acknowledged that such vote is subject to all the terms and conditions set forth in the Disclosure Statement.

6.    **YOUR SIGNATURE IS REQUIRED IN ORDER FOR YOUR VOTE TO BE COUNTED.**  If the Claim is held by a partnership, the Ballot must be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, the Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

7.    If a Ballot is validly executed and returned without indicating an acceptance or a rejection with respect to the Plan, or indicates both an acceptance and a rejection with respect to the Plan, it will not be counted.

**The attached Ballot should be returned by mail in the pre-addressed envelope provided herewith.  Please mail your Ballot so that it will be received by the Voting Agent by the Claim Voting Deadline.**

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**YOUR BALLOT MUST BE RECEIVED BY THE CLAIM VOTING DEADLINE IN ORDER FOR IT TO COUNT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC. AT (888) 909-0100.**

**ARTICLE XI.C.2 AND XI.F. OF THE PLAN PROVIDES IN PERTINENT PART:**

**Third Party Releases**

**Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth in section F below), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot...**

**Exculpation and Limitation of Liability**

**...Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase Agreement and Term Sheet.**

[MAILLABELNBR]  *<<MAILLABELBARCODE>>*

[NAME]
[REPRESENTING]
[CONTACT]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[ADDRESS4]
[CITY] [ST] [ZIP]
[COUNTRY]

<<BallotID>>  *<<BallotIDBarcode>>*

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| SN LIQUIDATION, INC., et al., | : Case No. 07-11666 (KG) |
|  | : |
| Debtors. | : (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION**
**OF DEBTORS' JOINT CHAPTER 11 PLAN**

PLEASE TAKE NOTICE THAT:

1. On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2. On August 11, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Disclosure Statement") providing information with respect to the Plan.

3. On August ___, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.
[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

{BAY:01040375v4}

## Confirmation Hearing

4.  A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on October 14, 2008 at 2:00 p.m., prevailing Eastern Time.  This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or by filing an agenda for the hearing(s) that indicates adjournment.

## Objections to Confirmation of the Plan

5.  Any objections to confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any Local Rules or orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on September 16, 2008.

(i)   <u>Counsel for the Debtors and Debtors in Possession</u>

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Attn:  Thomas R. Califano, Esquire
       Jeremy R. Johnson, Esquire

-and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Attn:  Neil B. Glassman, Esquire

(ii)   <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Attn:  Kurt F. Gwynne, Esquire

(iii)   <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE 19801
Attn:  Kelly Beaudin Stapleton, Esquire

(iv)    <u>Counsel for Adeptio and Simplexity</u>

KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601-6636
Attn:   Anup Sathy, P.C., Esquire
        David A. Agay, Esquire

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

## Plan Injunctions and Releases

6.    If the Plan is confirmed, the applicable parties-in-interest will be bound by the releases and injunctions set forth in the Plan. In order to give notice to all parties of these releases and injunctions, the releases and injunctions set forth in the Plan are reprinted below.[3]

A.    **Adeptio Release**

1.    **Estate Releases**

Notwithstanding anything contained herein to the contrary, on the Effective Date and effective as of the Effective Date, the Debtors, their professionals, employees, agents, and advisors shall provide a full release (and each entity so released shall be deemed released) to Adeptio and its non-natural affiliates and subsidiaries and each of their respective directors, officers, employees, members, attorneys, financial advisors, accountants, professionals, agents and representatives, each in their respective capacities as such, and their respective property from any and all causes of action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors; nothing in this Plan releases any Retained Litigation Claims as set forth in the Term Sheet or Adeptio's or Simplexity's obligations under the Term Sheet, the APA or this Plan (the "<u>Adeptio Release</u>"). Pursuant to the Term Sheet, Adeptio and Simplexity will provide to the Litigation Trustee the books, records, files or other materials, or copies thereof, necessary to defend or otherwise resolve claims against the Debtors and to investigate and/or prosecute the claims and causes of action not sold and assigned to Adeptio and will provide access to personnel as reasonably necessary. Adeptio and Simplexity also agree to work in good faith towards an agreement regarding the governance and constitution of the Litigation Trust.

2.    **Third Party Releases**

Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors

---

[3] To the extent that the Debtors amend or change the releases and injunctions found in the Plan, the Debtors will file with the Bankruptcy Court an amended chapter 11 plan.

or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth in section VI.F of the Plan), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot.

### 3.    Exculpation and Limitation of Liability

Neither the Debtors, the Committee, the Litigation Trustee, the Trust Oversight Committee, Adeptio or Simplexity, nor any of their respective present or former members, officers, directors, employees, advisors, attorneys, or agents, shall have or incur any liability to any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan or the Litigation Trust Agreement, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the Litigation Trust Agreement or the property to be distributed under this Plan or the Litigation Trust Agreement, except for their gross negligence, willful misconduct or bad faith, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

The Litigation Trust is hereby deemed to release only each Person exculpated pursuant to the above paragraph from any liability arising from any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or bad faith.

Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability (and the releases set forth in section XI.C of the Plan) shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase Agreement and Term Sheet.

4.    **Term of Injunctions or Stays**

Unless otherwise provided herein or in the Confirmation Order, all injunctions or
stays provided for in these Chapter 11 Cases under Bankruptcy Code sections 105
or 362 or otherwise, and existing on the Confirmation Date (excluding any
injunctions or stays contained in this Plan or the Confirmation Order), including any
stay exceptions provided for under Bankruptcy Code section 362(b), shall remain in
full force and effect until the later of (a) the closing of the Chapter 11 Cases, or (b)
the dissolution of the Liquidation Trust.

In accordance therewith, and without limiting the foregoing, until the later of (a) the
closing of the Chapter 11 Cases, or (b) the dissolution of the Liquidation Trust
(except as provided in section 362(b) of the Bankruptcy Code) are stayed from (i)
the commencement or continuation of a judicial, administrative, or other action or
proceeding, including the employment of service of process, against the Debtors
that was or could have been commenced prior to the Petition Date, or to recover a
claim against the Debtors that arose prior to the Petition Date, (ii) the enforcement,
against the Debtors or against property of the Estates, of a judgment obtained before
the Petition Date, (iii) any act to obtain possession of property of the Estates or of
property from the Estates or to exercise control over property of the Estates, (iv) any
act to create, perfect, or enforce any lien against property of the Estates, and (v) any
act to collect, assess, or recover a claim against the Debtors that arose before the
Petition Date.

Dated: August 11, 2008          **BAYARD, P.A.**
      Wilmington, Delaware

                By:  /s/ Mary E. Augustine
                    Neil B. Glassman (No. 2087)
                    Mary E. Augustine (No. 4477)
                    Daniel A. O'Brien (No. 4897)
                    222 Delaware Avenue, Suite 900
                    Wilmington, DE  19801

                      -and-

                    **DLA PIPER US LLP**
                    Thomas R. Califano, Esquire
                    Jeremy R. Johnson, Esquire
                    1251 Avenue of the Americas
                    New York, NY  10020

                    *Counsel for the Debtors and Debtors in Possession*

# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## NOTICE OF IMPAIRED NON-VOTING STATUS
## FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.      On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed its Notice of Appointment of the Committee of Unsecured Creditors for these Cases (the "Committee").

2.      On August 11, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 providing information with respect to the Plan (as may be amended, the "Disclosure Statement").

3.      On August ___, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4.      **IF YOU HOLD A CLASS 5 INTERCOMPANY CLAIM**, the Plan provides as follows: "on the Confirmation Date or such other date as may be set by an order of the Court, but subject to the occurrence of the Effective Date, all Intercompany Claims shall be deemed expunged and extinguished. The Holders of Intercompany Claims shall not be entitled to, and shall not receive or retain, any property or interest in property on account of such Claims. Class 5 is deemed to have rejected this Plan and, therefore, Holders of Intercompany Claims are not entitled to vote to accept or reject this Plan."

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.
[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

{BAY:01040374v4}

5.    **IF YOU HOLD A CLASS 6 EQUITY INTEREST**, the Plan provides as follows: "on the Effective Date, all Equity Interests shall be canceled and each Holder thereof shall not be entitled to, and shall not receive or retain any property or interest in property on account of, such Equity Interests. Class 6 is deemed to have rejected this Plan and, therefore, Holders of Equity Interests are not entitled to vote to accept or reject this Plan."

6.    The Debtors will <u>not</u> provide you with copies of the Plan and/or Disclosure Statement. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claim's agent, SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov. Copies of the Plan and Disclosure Statement can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at www.bmcgroup.com/inphonic.

7.    If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request copies of the appropriate ballot.

## Hearing on Confirmation of the Plan

8.    A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on October 14, 2008 at 2:00 p.m., prevailing Eastern Time. This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or at any adjourned hearing(s).

9.    Any objections to the confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on September 16, 2008.

(i)    <u>Counsel for the Debtors and Debtors in Possession</u>

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY  10020
Attn:  Thomas R. Califano, Esquire
        Jeremy R. Johnson, Esquire

-and-

2

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Attn: Neil B. Glassman, Esquire

(ii)    Official Committee of Unsecured Creditors

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Attn: Kurt F. Gwynne, Esquire

(iii)    The United States Trustee

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Kelly Beaudin Stapleton, Esquire

(iv)    Counsel for Adeptio and Simplexity

KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200
Email: asathy@kirkland.com
        dagay@kirkland.com
Attn: Anup Sathy, P.C., Esquire
      David A. Agay, Esquire

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A
CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE
WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

Dated: August 11, 2008          **BAYARD, P.A.**
       Wilmington, Delaware

                                By:  /s/ Mary E. Augustine
                                    Neil B. Glassman (No. 2087)
                                    Mary E. Augustine (No. 4477)
                                    Daniel A. O'Brien (No. 4897)
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, DE 19801
                                    Telephone: (302) 655-5000
                                    Facsimile: (302) 658-6395

                                        -and-

3

{BAY:01040374v4}

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY 10020

*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS
## FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.      On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2.      On August 11, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Disclosure Statement"), providing information with respect to the Plan.

3.      On August ___, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4.      **IF YOU HOLD A CLASS 1 OTHER SECURED CLAIM**, the Plan provides as follows: "on, or as soon as reasonably practicable after, the later of: (i) the repayment in full and termination of the Adeptio Loan; (ii) the Distribution Date; (iii) the date such claim becomes an Allowed Other Secured Claim; or (iv) the date such Other Secured Claim becomes payable pursuant

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Other Secured Claim, a Holder of a Secured Claim, other than a Secured Lender Claim, shall receive either (i) Cash equal to the amount of the Allowed Other Secured Claim; (ii) the collateral which secures its claim; or (iii) such other treatment as to which the Debtors and the Holder of an Allowed Other Secured Claim agrees in writing, on the later of the Effective Date or the date such Claim becomes an Allowed Other Secured Claim. The Debtors estimate that no Allowed Other Secured Claims exist. To the extent there is collateral securing Allowed Secured Claims, the priority of such security interest or lien shall not be affected or "primed" by the Adeptio Loan." AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

5.     **IF YOU HOLD A CLASS 2 PRIORITY NON-TAX CLAIM,** the Plan provides as follows: on, or as soon as reasonably practicable after, the latest of: (i) the Distribution Date; (ii) the date such claim becomes an Allowed Priority Non-Tax Claim; or (iii) the date such Allowed Priority Non-Tax Claim becomes payable pursuant to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Priority Non-Tax Claim, each Holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Non-Tax Claim (i) Cash equal to the unpaid portion of such Allowed Priority Non-Tax Claim or (ii) such other treatment as to which the Litigation Trustee and such Holder shall have agreed upon in writing. The Debtors estimate that no Allowed Priority Non-Tax Claims exist. Adeptio shall make available up to $500,000 solely for the purpose of making distributions on account of Allowed Priority Claims; provided, however, that Adeptio shall make payments on account of Allowed Priority Claims only to the extent such claims are allowed and only as requested by the Debtors on or before the Effective Date or by the Litigation Trustee if the request is made after the Effective Date. AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

6.     The Debtors will <u>not</u> provide you with copies of the Plan and/or Disclosure Statement. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claims agent: SN Liquidation Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov. Copies of the Plan and Disclosure Statement can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at www.bmcgroup.com/inphonic.

7.     If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request copies of the appropriate ballot.

## Hearing on Confirmation of the Plan

8.      A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on October 14, 2008 at 2:00 p.m., prevailing Eastern Time.  This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or at any adjourned hearing(s).

9.      Any objections to the confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on September 16, 2008.

(i)      <u>Counsel for the Debtors and Debtors in Possession</u>

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY  10020
Attn:   Thomas R. Califano, Esquire
           Jeremy R. Johnson, Esquire

-and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
Telephone:  (302) 655-5000
Attn:   Neil B. Glassman, Esquire

(ii)     <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Attn:   Kurt F. Gwynne, Esquire

(iii)    <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE  19801
Attn:  Kelly Beaudin Stapleton, Esquire

{BAY:01040377v3}

(iv)    Counsel for Adeptio and Simplexity

KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601-6636
Attn:   Anup Sathy, P.C., Esquire
        David A. Agay, Esquire


PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.


Dated: August 11, 2008          **BAYARD, P.A.**
       Wilmington, Delaware

                                By:  /s/ Mary E. Augustine
                                    Neil B. Glassman (No. 2087)
                                    Mary E. Augustine (No. 4477)
                                    Daniel A. O'Brien (No. 4897)
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, DE  19801

                                        -and-

                                **DLA PIPER US LLP**
                                Thomas R. Califano, Esquire
                                Jeremy R. Johnson, Esquire
                                1251 Avenue of the Americas
                                New York, NY  10020

                                *Counsel for the Debtors and Debtors in Possession*

4