Telephone:  (215) 569-3007
Facsimile:  (215) 568-6603

<u>If to the Trust Advisory Committee:</u>

[Chair's name/contact information]

The parties may designate in writing from time to time other and additional places to which notices may be sent.  All demands requests, consents, notices and communications shall be deemed to have been given (a) upon receipt of a facsimile transmission as confirmed by the sender's facsimile transmission receipt, (b) at the time of actual delivery thereof, (c) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid and properly addressed, or (d) if given by overnight courier, the next business day after being sent, charges prepaid and properly addressed.

**11.12    Further Assurances.**  From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Trust Agreement, and to consummate the transactions contemplated hereby.

**11.13    Integration.**  This Trust Agreement, the Plan and the Confirmation Order constitute the entire agreement with by and among the parties, and there are no representations, warranties, covenants or obligations except a set forth herein, in the Plan and in the Confirmation Order. This Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise provided herein, the Plan or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Trust Agreement.

**11.14    Relationship to the Plan.**  The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and, therefore, this Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order.  In the event that any provision of this Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.

**11.15    Successors or Assigns.**  The terms of this Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.16    Interpretation.**  The enumeration and section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.  Unless context otherwise requires, whenever used in this Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations.  The words herein, hereby, and hereunder and words with similar import, refer to this Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**11.17    Counterparts.**  This Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**SN LIQUIDATION, INC., and its affiliated Debtors and Debtors in Possession**

By: _____
      Name:

Its:

**LITIGATION TRUSTEE**

By: _____
       Morton Branzburg, Esquire

# SCHEDULE A

# EXHIBIT 2

# BLACKLINES NOT APPLICABLE BECAUSE PRIOR VERSIONS WERE NOT FILED WITH THE COURT

# EXHIBIT 3

# BLACKLINES NOT APPLICABLE BECAUSE PRIOR VERSIONS WERE NOT FILED WITH THE COURT

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | : |
| | : Case No. 07-11666 (KG) |
| Debtors. | : |
| | (Jointly Administered) |

~~FIRST AMENDED~~ DISCLOSURE STATEMENT AND SUMMARY OF SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED ~~JUNE 12,~~ AUGUST __, 2008

THE INFORMATION CONTAINED HEREIN IS A SUMMARY OF THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED ~~APRIL 14, 2008, AS AMENDED ON JUNE 12,~~ AUGUST __, 2008, AND CONSTITUTES THE DISCLOSURE STATEMENT RELATED THERETO FOR HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS. COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT ~~BEING~~ SENT TO OTHER IMPAIRED CLASSES ARE AVAILABLE ONLINE AT WWW.BMCGROUP.COM/INPHONIC AND WWW.DEB.USCOURTS.GOV OR BY WRITTEN REQUEST TO SN LIQUIDATION, INC., *ET AL.* C/O BMC GROUP, INC., P.O. BOX 978 EL SEGUNDO, CA 90245-0978. IN THE EVENT THAT THERE IS A DISCREPANCY BETWEEN THE PLAN AND THIS SUMMARY THEREOF AND DISCLOSURE STATEMENT, THE PLAN WILL CONTROL.

Summary. SN Liquidation, Inc. (together with its affiliated debtors and debtors in possession, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") ~~have~~ filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated ~~April 14,~~ August __, 2008 (~~as amended on June 12, 2008 and~~ as may be further amended, the "Plan"). The Plan contemplates the liquidation of the Debtors' assets and the resolution of the outstanding claims against and interests in the Debtors. The Plan is a liquidating plan. Pursuant to prior orders of the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the Debtors sold substantially all of their assets. The Plan provides for the distribution of the Debtors' estates' interest in proceeds from such sale and the creation of a Litigation Trust[2] that will administer remaining property of the Debtors, which includes causes of action.

Asset Sale. Prior to November 8, 2007 (the "Petition Date"), the Debtors reached an agreement, subject to higher and better offers, to sell substantially all of their assets to Adeptio INPC Funding LLC ("Adeptio"), the parent corporation of Simplexity, Inc. The Committee objected to the sale. The Committee, the Debtors, and Adeptio reached a compromise whereby Adeptio agreed to make certain payments in connection with the Debtors' bankruptcy cases and pursuant to a plan of reorganization, all of which is more fully described in the Plan and the Term Sheet attached thereto. After a hearing on December 13, 2007, the Bankruptcy Court entered an order approving the sale (the "Sale Order").

Classification of Claims/Interests. Pursuant to the Plan, all claims and interests, except Administrative Claims, Priority Tax Claims and Trustee Fee Claims are placed in the following classes:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

{BAY:00948539;v2}

| Class 1:  Other Secured Claims | Unimpaired | Deemed to Accept Plan |
|---|---|---|
| Class 2:  Priority Non-Tax Claims | Unimpaired | Deemed to Accept Plan |
| Class 3:  Secured Lender Claims | Impaired | Entitled to Vote |
| Class 4:  General Unsecured Claims | Impaired | Entitled to Vote |
| Class 5:  Intercompany Claims | Impaired | Deemed to Reject Plan |
| Class 6:  Equity Interests | Impaired | Deemed to Reject Plan |

Class 4 General Unsecured Claims.  Each holder of an Allowed General Unsecured Claim (including rebate claims) shall receive its *pro rata* share of all Cash, if any, available for distribution by the Litigation Trust up to the full amount of the Allowed General Unsecured Claim, after satisfaction in full of all expenses, unpaid Allowed Secured Claims, including the Adeptio Loan, Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims.  Distributions on Allowed General Unsecured Claims shall be made in accordance with and pursuant to the Litigation Trust Agreement (attached to the Plan) and shall be made by the Litigation Trustee from the Litigation Trust.

Class 5 Intercompany Claims and Class 6 Equity Interests:  Intercompany Claims and Equity Interests are being extinguished and will not receive any distribution.

Sources for Distributions.  All Cash necessary for the Debtors or the Litigation Trustee to make payments pursuant to the Plan shall be obtained from the following sources: (a) the Debtors' or SN Liquidation's Cash on hand (which is little or none); (b) Cash received upon liquidation of the Debtors' Excluded Assets (those assets not sold pursuant to the Sale Order), including Proceeds of all the Debtors' Causes of Action against directors and officers or otherwise; (c) Adeptio's funding obligations pursuant to the Sale Order and Term Sheet, including the (i) Professional Funding; (ii) Wind-Down Funding; (iii) Investigation Funding; and (iv) Priority Claims Funding, all as more fully described in the Plan and Term Sheet.  In part, the Term Sheet provides that Adeptio will provide a $500,000 secured loan to fund the investigation of Causes of Action and to commence and prosecute such litigation if appropriate through the Litigation Trust.  The value of the Debtors' Causes of Action is uncertain.  The Litigation Trust needs to further investigate those claims.  It is uncertain whether the pursuit of Causes of Action will result in a distribution to holders of Class 3 and Class 4 Claims.

Corporate Existence.  On the Effective Date of the Plan, the Debtors shall be deemed to be dissolved.

Transfer of Estate Assets.  All Estate Assets and the proceeds thereof shall be transferred to the Litigation Trust.  The Estate Assets shall be deemed vested in and become property of the Litigation Trust free and clear of all claims, liens, encumbrances and interests of Adeptio or the Debtors subject to the terms of the Plan.  These claims include, without limitation, certain claims against the Debtors' former officers and directors.  After the transfer of all such rights to the Litigation Trust, the Litigation Trustee shall be deemed the appointed representative to, and may pursue, litigate, and compromise and settle any such rights, claims, or Causes of Action in accordance with the best interests of and for the benefit of the beneficiaries of the Litigation Trust.

Claims Resolution; Late Claims.  The Litigation Trustee shall review and object to Claims as and when it deems appropriate.  No distribution shall be made on account of any claims filed after the March 21, 2008 Bar Date, unless specifically allowed by final order of the Bankruptcy Court.

Insurance Policies; Assignment of Rights.  Each of the Debtors' insurance policies and any agreements, documents, or instruments relating thereto, unless previously canceled or transferred to Adeptio, are treated as Executory Contracts under the Plan, and the Plan shall constitute a motion to assume such policies and assign all of the Debtors' rights therein to the Litigation Trust.

Liquidation Under Chapter 7.  If no chapter 11 plan is confirmed, these chapter 11 cases may be converted to cases under chapter 7 of the Bankruptcy Code, in which a trustee would liquidate the Debtors' assets.  The

Proponents believe that liquidation under chapter 7 would result in a smaller, if any, distribution to Holders of Class 4 Claims than those provided for in the Plan because of the additional administrative expenses involved in the appointment of a trustee and its attorneys and other professionals during such liquidation, and because some of the payments to be made by Adeptio pursuant to the Term Sheet may not occur if these cases are converted to chapter 7 bankruptcy cases.

Tax Consequences.  The Litigation Trust is intended to be treated as a "grantor trust" for U.S. federal income tax purposes, which is not a separate taxable entity.  Assuming the Litigation Trust is a grantor trust, (i) the Debtor will treat the transfer of the assets to the Litigation Trust for U.S. federal income tax purposes as a transfer of such assets to Holders of Allowed Class 4 Claims and a transfer by such Holders of such assets to the Litigation Trust, and (ii) such Holders will be treated as the grantors and deemed owners of the assets of the Litigation Trust for U.S. federal income tax purposes.

The Litigation Trust Agreement requires each Holder of an Allowed Class 4 General Unsecured Claim to report on its U.S. federal income tax return its allocable share of the Litigation Trust's income.  Because Persons who are Holders of Disputed Claims as of the end of the Litigation Trust's tax year will not receive any interest or earnings on cash held in the Litigation Trust for such tax year, the Litigation Trustee shall allocate all such interest and earnings to Holders of Allowed Class 54 Claims for U.S. federal income tax purposes.  A Holder of an Allowed Class 4 Claim may incur a U.S. federal income tax liability with respect to its allocable share of the income of the Litigation Trust whether or not the Litigation Trust has made any concurrent distribution to the Holder of an Allowed Class 4 Claim.  Holders of Allowed Class 4 Claims are urged to consult their tax advisors.

Adeptio Release.  The Plan provides for a release of Adeptio and its non-natural affiliates and subsidiaries by the Estates on the Effective Date; however, Retained Litigation Claims are preserved.  The Plan also provides that Adeptio and Simplexity shall not have or incur liability to any Holder of a Claim or an Interest for acts or omissions occurring after the Petition Date in connection with these chapter 11 cases.  Further releases of Adeptio and Simplexity are set forth in the enclosed ballot.  You may decline to grant Adeptio and Simplexity these releases when you complete the enclosed ballot.

Conclusion and Recommendations.  The Debtors and the Committee urge all creditors entitled to vote on the Plan to vote to accept the Plan and to evidence such acceptance by immediately returning their properly completed ballots to the appropriate voting agent as set forth on the ballots within the time stated in the notice served with this Disclosure Statement.

| FOR THE DEBTORS: | FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS |
|---|---|
| By: | |
| Name: | By: |
| Title: | Name: Ashoka Tankala, Chair |

**BAYARD, P.A.**

By: _____
  Neil B. Glassman (No. 2087)
  Mary E. Augustine (No. 4477)
  222 Delaware Avenue, Suite 900
  P.O. Box 25130
  Wilmington, DE 19899

**REED SMITH LLP**

By: _____
  Kurt F. Gwynne (No. 3951)
  1201 Market Street
  Suite 1500
  Wilmington, DE 19801

Dated: ~~June 12,~~ August _____, 2008

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          :

                                                :        Chapter 11

                                                :

SN LIQUIDATION, INC., *et al.*                  :        Case No. 07-11666 (KG)

                                                :

                                                :        (Jointly Administered)

        Debtors.                                :

                                                :

| In re: | Chapter 11 |
|--------|-----------|
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |

### BALLOT FOR CLASS 3 SECURED LENDER CLAIMS

The above-captioned debtors and debtors in possession (the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases have filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors In in Possession and the Official Committee of Unsecured Creditors, dated April 14,August___, 2008 (as amended on June 12, 2008 and as may be further amended, the "Plan") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Plan is attached as Exhibit A to the Second Amended Disclosure Statement for the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated April 14,August___, 2008 (as amended on June 12, 2008 and as may be further amended, the "Disclosure Statement"), which accompanies this ballot (the "Ballot").

The Plan can be confirmed by the Court and thereby made binding upon you if the holders of Claims who cast votes in favor of the Plan hold at least two-thirds in dollar amount and more than one-half in number of the Claims actually voting in each class of Claims, and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes voting not to accept the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the Court, it will be binding upon you whether or not you vote.**

All capitalized terms used herein (unless otherwise defined) shall have the meaning set forth in the Plan.

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{BAY:01104050v1}                                 1

<<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                                    Class 3 – Secured Lender Claims

<<ClaimNbr>>

**IMPORTANT**

**VOTING DEADLINE: 4:00 P.M., PREVAILING ~~PACIFIC~~CENTRAL TIME, ON ~~AUGUST 1,~~SEPTEMBER 16, 2008.**

You should review the Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in one of the secured classes under the Plan. If you hold Claims in more than one Class or against more than one of the Debtors you will receive a Ballot for each Class in which you are entitled to vote.

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE OR OTHER ELECTRONIC TRANSMISSION. ONLY ORIGINAL BALLOTS WITH ORIGINAL SIGNATURES WILL BE COUNTED.**

**HOW TO VOTE**

| | |
|---|---|
| 1. | **READ THE ENCLOSED INSTRUCTIONS CAREFULLY.** |
| 2. | **COMPLETE ITEMS 2 AND 3.** |
| 3. | **REVIEW ITEMS 3 AND 4.** |
| 4. | **REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.** |
| 5. | **RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE.** |

**~~HOW TO VOTE~~**

~~1.        READ THE ENCLOSED INSTRUCTIONS CAREFULLY.~~

~~2.        COMPLETE ITEM 2.~~

~~3.        REVIEW ITEMS 3 AND 4.~~

~~4.        REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.~~

~~5.        RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE.~~

<<BallotID>>  *<<BallotIDBarcode>>*

2

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                        Class 3 – Secured Lender Claims
                                                                                                   <<ClaimNbr>>

**Item 1.**    **Amount of Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Secured Lender Claim against the Debtors in the amount of $——————<<$VoteAmount>>.

**Item 2.**    **Vote.**  The undersigned votes (*check one box only – if you do not check a box, or you check more than one box, your vote will not be counted*):

~~☐      to Accept the Plan                          ☐      to Reject the Plan~~

☐      to **ACCEPT** the Plan                        ☐      to **REJECT** the Plan

*<<ACCEPTBARCODE>>*                                  *<<REJECTBARCODE>>*

**Item 3.**    **Opt-Out Election.**  Check this box if you elect not to grant the release contained in Article XI.C.2 of the Plan.  Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases contained in Article XI.C.2 of the Plan to the fullest extent permitted by applicable law.  The full text of the pertinent portions of the Plan is set forth at the end of this Ballot.

☐      The undersigned elects not grant the above-referenced release.

*<<RELEASEBARCODE>>*

**Item 4.**    The undersigned understands that if this Ballot ~~is~~ (i) is validly executed and returned without indicating an acceptance of the Plan or rejection of the Plan, or (ii) ~~indicates a vote for more than one of any of~~ is validly executed and returned indicating both an acceptance ~~of the Plan or~~ and a rejection ~~of the Plan,~~ with respect to the Plan, it will not be counted.

~~**Item 4.**~~ **Item 5.**  The undersigned understands that this Ballot shall not constitute or be deemed a Proof of Claim or equity interest or an assertion of a Claim or equity interest.

**Item ~~5.~~ 6.**    **Authorization.**  By returning this Ballot, the undersigned certifies that it (a) has full power and authority to vote to accept or reject the Plan and has received and reviewed a copy of the Disclosure Statement (including the appendices and exhibits thereto) and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name:_____
(Print or Type)

Social Security or
Federal Tax ID No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                      Class 3 – Secured Lender Claims

<<ClaimNbr>>

Street Address:

City, State, Zip Code:

Telephone Number:

| | |
|---|---|
| [NAME] | Print or Type Name |
| [REPRESENTING] | |
| [CONTACT] | Signature |
| [ADDRESS1] | |
| [ADDRESS2] | Title (If Corporation or Partnership) |
| [ADDRESS3] | |
| [ADDRESS4] | Name of Institution |
| [CITY][ ST][ ZIP] | |
| [COUNTRY] | Street Address |
| | City, State, Zip Code |
| | Telephone Number |
| | Date Completed |

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*    Class 3 – Secured Lender Claims
<<ClaimNbr>>

Date Completed:_____

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE RECEIVED BY THE VOTING AGENT, BMC GROUP, INC., BY 4:00 P.M., PREVAILING ~~PACIFIC~~CENTRAL TIME, ON ~~AUGUST 1,~~SEPTEMBER 16, 2008, AT THE FOLLOWING ADDRESS OR YOUR VOTE WILL NOT BE COUNTED:**

---

<<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                                    Class 3 – Secured Lender Claims
<<ClaimNbr>>

*(By U.S. Regular Mail)*

**SN LIQUIDATION, INC.,** *et al.* **f/k/a INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
**P.O. BOX** ~~9782~~**2005**
~~EL SEGUNDO, CA 90245-2822~~
**CHANHASSEN, MN 55317-2005**

*(By Messenger or Overnight Courier)*

**SN LIQUIDATION, INC.,** *et al.* **f/k/a INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
~~444 N. NASH ST.~~
~~EL SEGUNDO, CA 90245~~
**18750 LAKE DRIVE EAST**
**CHANHASSEN, MN  55317**

~~**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**~~

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

To have your vote count, you must complete, sign and return this Ballot so that it is received by BMC Group, Inc. (the "Voting Agent"), on or before 4:00 p.m., prevailing ~~Pacific~~Central Time, on ~~August 1,~~September 16, 2008, unless extended in the sole discretion of the Debtors and the ~~Official Committee of Unsecured Creditors~~ (the "Claim Voting Deadline") or your Ballot will not be counted.  **ANY BALLOT THAT IS VALIDLY EXECUTED BUT THAT DOES NOT INDICATE AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, OR INDICATES BOTH AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, SHALL NOT BE COUNTED.**

1.          Capitalized terms not defined in this Ballot shall have the meaning assigned to them in the Plan.

2.          To properly complete the Ballot, you must follow the procedures described below:

   a)          cast vote to accept the Plan or reject the Plan by checking the proper box in Item 2;

   b)          review Item 3 regarding the Opt-Out Election and complete, if applicable.

   c)          ~~b)~~ make sure that the information required by Item ~~5~~6 has been inserted;

   d)          ~~c)~~ sign and date your Ballot;

   e)          ~~d)~~ if you believe that you have received the wrong Ballot, please contact the Voting Agent;

   f)          ~~e)~~ if you are completing this Ballot on behalf of another entity, please indicate your relationship with such entity and the capacity in which you are signing;

   g)          ~~f)~~ please use additional sheets of paper clearly marked to indicate the applicable item of the Ballot if additional space is required to respond to any item on the Ballot;

   h)          ~~g)~~ use the enclosed pre-addressed envelope to return the Ballot to the Voting Agent at the address indicated after Item ~~5~~6 and be sure to attach the proper postage; and

   i)          ~~h)~~ if you cast more than one Ballot voting the same Claim prior to the Claim Voting Deadline, the latest Ballot received by the Voting Agent before the Voting Deadline will supersede all prior Ballots submitted on behalf of said Claim.

3.          It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one half in number of Claims in each Class who vote on the Plan.  The vote of the Claims actually voted in your Class will bind those who do not vote.  As set forth in the Disclosure Statement, in the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that it provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code~~, at least one class of Impaired Claims must accept the Plan by Insiders~~.

4.          This Ballot has been marked to reflect the Class in which you are eligible to vote.  If you have Claims in more than one Class, you may receive more than one Ballot.  **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL BALLOTS RECEIVED.**  If you have Claims in Classes other than those listed in this Ballot and you do not receive Ballots for all such Claims, contact the Voting Agent to obtain additional Ballots. If you have any questions about this Ballot, please contact the Voting Agent.

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                      Class 3 – Secured Lender Claims
                                                                                                        <<ClaimNbr>>

5.      This Ballot is for voting purposes only and does not constitute, and shall not be deemed, a proof of claim or an admission by the Debtors of the validity of a Claim. Should your Claim be estimated or otherwise allowed for voting purposes by order of the Court, your Claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless, prior to the Voting Deadline, the Court enters an order disallowing such Claim. By signing this Ballot you are making certain certifications. You have also acknowledged that such vote is subject to all the terms and conditions set forth in the Disclosure Statement.

6.      **YOUR SIGNATURE IS REQUIRED IN ORDER FOR YOUR VOTE TO BE COUNTED.** If the Claim is held by a partnership, the Ballot must be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, the Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

7.      If a Ballot is validly executed and returned without indicating an acceptance or a rejection with respect to the Plan, or indicates both an acceptance and a rejection with respect to the Plan, it will not be counted.

**The attached Ballot should be returned by mail in the pre-addressed envelope provided herewith. Please mail your Ballot so that it will be received by the Voting Agent by the Claim Voting Deadline.**

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**YOUR BALLOT MUST BE RECEIVED BY THE CLAIM VOTING DEADLINE IN ORDER FOR IT TO COUNT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC. AT (888) 909-0100.**

## ARTICLES XI.C.2 AND XI.E. OF THE PLAN PROVIDES IN PERTINENT PART:

### Third Party Releases

**Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth below), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot…**

### Exculpation and Limitation of Liability

**…Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase**

**Agreement and Term Sheet.**

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                    Class 3 – Secured Lender Claims
<<ClaimNbr>>

[MAILLABELNBR]   *<<MAILLABELBARCODE>>*

[NAME]
[REPRESENTING]
[CONTACT]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[ADDRESS4]
[CITY] [ST] [ZIP]
[COUNTRY]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| | ÷ |
| SN LIQUIDATION, INC., *et al.* | : Case No. 07-11666 (KG) |
| | : |
| | : (Jointly Administered) |
| Debtors. | :- |

| | |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |

### BALLOT FOR CLASS 4 GENERAL UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases have filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated April 14, 2008 (as amended June 12, 2008 and as may be further amended, August ___, 2008 (the "Plan") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Second Amended Disclosure Statement and Summary of Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated April 14, 2008 (as amended on June 12, 2008 and as may be further amended, August ___, 2008 (the "Class 4 Disclosure Statement"), accompanies this ballot (the "Ballot"). Copies of the Plan and the Disclosure Statement being sent to other impaired classes are available online at (www.bmcgroup.com/inphonic) and (www.deb.uscourts.gov) or by written request to SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc. *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-2822.0978.

The Plan can be confirmed by the Court and thereby made binding upon you if the holders of Claims who cast votes in favor of the Plan hold at least two-thirds in dollar amount and more than one-half in number of the Claims actually voting in each class of Claims, and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes voting not to accept the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the Court, it will be binding upon you whether or not you vote.**

All capitalized terms used herein (unless otherwise defined) shall have the meaning set forth in the Plan.

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                    Class 4 - General Unsecured Claims

<<ClaimNbr>>

---

**IMPORTANT**

**VOTING DEADLINE: 4:00 P.M., PREVAILING ~~PACIFIC~~CENTRAL TIME, ON ~~AUGUST 1,~~SEPTEMBER 16, 2008.**

You should review the Class 4 Disclosure Statement before you vote. Copies of the Plan and Disclosure Statement ~~being~~ sent to other ~~impaired~~ classes are available online at (www.bmcgroup.com/inphonic) and at (www.deb.uscourts.gov) or by written request to SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-~~2822.~~0978. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in one of the unsecured classes under the Plan. If you hold Claims in more than one Class or against more than one of the Debtors you will receive a Ballot for each Class in which you are entitled to vote.

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE OR OTHER ELECTRONIC TRANSMISSION. ONLY ORIGINAL BALLOTS WITH ORIGINAL SIGNATURES WILL BE COUNTED.**

---

**HOW TO VOTE**

1.  **READ THE ENCLOSED INSTRUCTIONS CAREFULLY.**
2.  **COMPLETE ITEMS 2 AND 3.**
3.  **COMPLETE ITEM 3 AND 4.**
4.  **REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.**
5.  **RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE**

---

~~**HOW TO VOTE**~~

~~1.     READ THE ENCLOSED INSTRUCTIONS CAREFULLY.~~

~~2.     COMPLETE ITEM 2.~~

~~3.     REVIEW ITEMS 3 AND 4.~~

~~4.     REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.~~

~~5.     RETURN THE BALLOT TO THE VOTING AGENT IN THE ENCLOSED PREADDRESSED ENVELOPE BY THE CLAIM VOTING DEADLINE.~~

**Item 1.**    **Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtors in the amount of $————— <<$VoteAmount>>.

**Item 2.**    **Vote.** The undersigned votes (*check one box only – if you do not check a box, or you check more than one box, your vote will* ~~be~~ *not be counted*):

☐   ~~to Accept the Plan~~                              ☐   ~~to Reject the Plan~~

☐   to ACCEPT the Plan                              ☐   to REJECT the Plan

*<<ACCEPTBARCODE>>*                               *<<REJECTBARCODE>>*

{BAY:01104051v1} 2

<<BallotID>> *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                Class 4 - General Unsecured Claims

**Item 3.**  **Opt-Out Election.**  Check this box if you elect not to grant the release contained in Article XI.C.2 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases Article XI.C.2 of the Plan to the fullest extent permitted by applicable law.  The full text of the pertinent portions of the Plan is set forth at the end of this Ballot.

☐        The undersigned elects not grant the above-referenced release.

***<<RELEASEBARCODE>>***

**Item 4.**  The undersigned understands that if this Ballot ~~is~~ (i) is validly executed and returned without indicating an acceptance of the Plan or rejection of the Plan, or (ii) ~~indicates a vote for more than one of any of~~is validly executed and returned indicating both an acceptance ~~of the Plan or~~and a rejection ~~of the Plan,~~ with respect to the Plan, it will not be counted.

~~**Item 4.**~~**Item 5.**  The undersigned understands that this Ballot shall not constitute or be deemed a Proof of Claim or equity interest or an assertion of a Claim or equity interest.

**Item ~~5.~~6.**  **Authorization.**  By returning this Ballot, the undersigned certifies that it (a) has full power and authority to vote to accept or reject the Plan and has received and reviewed a copy of the Class 4 Disclosure Statement and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Class 4 Disclosure Statement.

Name: _____

(Print or Type)

Social Security or
Federal Tax ID No.: _____

Signature: _____

By: _____

(If Appropriate)

Title: _____

(If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*          Class 4 - General Unsecured Claims

<<ClaimNbr>>

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE RECEIVED BY THE VOTING AGENT, BMC GROUP, INC., BY 4:00 P.M., PREVAILING PACIFIC TIME, ON AUGUST 1, 2008, AT THE FOLLOWING ADDRESS OR YOUR VOTE WILL NOT BE COUNTED:**

[NAME]
[REPRESENTING]
[CONTACT]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[ADDRESS4]
[CITY][ST][ZIP]
[COUNTRY]

Print or Type Name

Signature

Title (If Corporation or Partnership)

Name of Institution

Street Address

City, State, Zip Code

Telephone Number

Date Completed

{00803506;v4}

<<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al. f/k/a InPhonic, Inc., et al.*                                    Class 4 - General Unsecured Claims

<<ClaimNbr>>

---

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE RECEIVED BY THE VOTING AGENT, BMC GROUP, INC., BY 4:00 P.M. PREVAILING CENTRAL TIME, ON SEPTEMBER 16, 2008, AT THE FOLLOWING ADDRESS OR YOUR VOTE WILL NOT BE COUNTED:**

*(By U.S. Regular Mail)*

**SN LIQUIDATION, INC.,** *et al. f/k/a* **INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
**P.O. BOX ~~9782~~2005**
~~EL SEGUNDO, CA 90245-2822~~
**CHANHASSEN, MN 55317-2005**

*(By Messenger or Overnight Courier)*

**SN LIQUIDATION, INC.,** *et al. f/k/a* **INPHONIC, INC.,** *et al.*
**c/o BMC GROUP, INC.**
~~444 N. NASH ST.~~
~~EL SEGUNDO, CA 90245~~
**18750 LAKE DRIVE EAST**
**CHANHASSEN, MN  55317**

~~IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.~~

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**

---

<<BallotID>>  *<<BallotIDB{BAY:01055801v2}arcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                                                Class 4 - General Unsecured Claims

<<ClaimNbr>>

## INSTRUCTIONS FOR COMPLETING THE BALLOT

To have your vote count, you must complete, sign and return this Ballot so that it is received by BMC Group, Inc. (the "Voting Agent"), on or before 4:00 p.m., prevailing ~~Pacific~~Central Time, on ~~August 1,~~September 16, 2008, unless extended in the sole discretion of the Debtors and the ~~Official Committee of Unsecured Creditors~~ (the "Claim Voting Deadline") or your Ballot will not be counted. **ANY BALLOT THAT IS VALIDLY EXECUTED BUT THAT DOES NOT INDICATE AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, OR INDICATES BOTH AN ACCEPTANCE OF THE PLAN OR REJECTION OF THE PLAN, SHALL NOT BE COUNTED.**

1.        Capitalized terms not defined in this Ballot shall have the meaning assigned to them in the Plan.

2.        To properly complete the Ballot, you must follow the procedures described below:

    a)        cast vote to accept the Plan or reject the Plan by checking the proper box in Item 2;

    b)        review Item 3 regarding the Opt-Out Election and complete, if applicable;

    c)        ~~b)~~ make sure that the information required by Item ~~5~~6 has been inserted;

    d)        ~~c)~~ sign and date your Ballot;

    e)        ~~d)~~ if you believe that you have received the wrong Ballot, please contact the Voting Agent;

    f)        ~~e)~~ if you are completing this Ballot on behalf of another entity, please indicate your relationship with such entity and the capacity in which you are signing;

    g)        ~~f)~~ please use additional sheets of paper clearly marked to indicate the applicable item of the Ballot if additional space is required to respond to any item on the Ballot;

    h)        ~~g)~~ use the enclosed pre-addressed envelope to return the Ballot to the Voting Agent at the address indicated after Item ~~5~~6 and be sure to attach the proper postage; and

    i)        ~~h)~~ if you cast more than one Ballot voting the same Claim prior to the Claim Voting Deadline, the latest Ballot received by the Voting Agent before the Voting Deadline will supersede all prior Ballots submitted on behalf of said Claim.

3.        It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by Holders of at least two-thirds in amount and more than one half in number of Claims in each Class who vote on the Plan. The vote of the Claims actually voted in your Class will bind those who do not vote. As set forth in the Disclosure Statement, in the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that it provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code~~, at least one class of Impaired Claims must accept the Plan by Insiders~~.

4.        This Ballot has been marked to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL BALLOTS RECEIVED.** If you have Claims in Classes other than those listed in this Ballot and you do not receive Ballots for all such Claims, contact the Voting Agent to obtain additional Ballots. If you have any questions about this Ballot, please contact the Voting Agent.

5.        This Ballot is for voting purposes only and does not constitute, and shall not be deemed, a proof of claim or an admission by the Debtors of the validity of a Claim. Should your Claim be estimated or otherwise allowed for voting purposes by order of the Court, your Claim shall be allowed for voting purposes only in the amount estimated or allowed by the Court, unless, prior to the Voting Deadline, the Court enters an order disallowing such Claim. By signing this Ballot you

{BAY:01104051v1}                              <<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*                          Class 4 - General Unsecured Claims

<<ClaimNbr>>

are making certain certifications.  You have also acknowledged that such vote is subject to all the terms and conditions set forth in the Disclosure Statement.

{00803506;v4}

<<BallotID>>  *<<BallotIDBarcode>>*

SN Liquidation, Inc., et al. f/k/a InPhonic, Inc., et al.                Class 4 - General Unsecured Claims

<<ClaimNbr>>

6.      **YOUR SIGNATURE IS REQUIRED IN ORDER FOR YOUR VOTE TO BE COUNTED**.  If the Claim is held by a partnership, the Ballot must be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, the Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

7.      If a Ballot is validly executed and returned without indicating an acceptance or a rejection with respect to the Plan, or indicates both an acceptance and a rejection with respect to the Plan, it will not be counted.

**The attached Ballot should be returned by mail in the pre-addressed envelope provided herewith.  Please mail your Ballot so that it will be received by the Voting Agent by the Claim Voting Deadline.**

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**YOUR BALLOT MUST BE RECEIVED BY THE CLAIM VOTING DEADLINE IN ORDER FOR IT TO COUNT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC. AT (888) 909-0100.**

**ARTICLE XI.C.2 AND XI.F. OF THE PLAN PROVIDES IN PERTINENT PART:**

**Third Party Releases**

Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth in section F below), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot...

**Exculpation and Limitation of Liability**

...Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase Agreement and Term Sheet.

[MAILLABELNBR]  *<<MAILLABELBARCODE>>*

[NAME]
[REPRESENTING]
[CONTACT]
[ADDRESS1]
[ADDRESS2]
[ADDRESS3]
[ADDRESS4]
[CITY] [ST] [ZIP]
[COUNTRY]

{00803506;v4}

<<BallotID>>  *<<BallotIDBarcode>>*

# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., et al., | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION
## OF DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.  On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession.  On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2.  On ~~April 14,~~August____, 2008, the Debtors and the Committee filed with the Bankruptcy Court the_Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al*. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors ~~(as amended on June 12,~~dated August____, 2008 ~~and~~ (as may be ~~further~~ amended, the "Plan")[2] and the Second Amended Disclosure Statement for_Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al*. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August____, 2008 (as may be amended, the "Disclosure Statement") providing information with respect to the Plan ~~(as amended June 12, 2008 and as may be further amended, the "Disclosure Statement").~~[2].

3.  On ~~June 13,~~August____, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

---

[1]  The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2]  All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

## Confirmation Hearing

4.  A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on ~~August 20,~~October 14, 2008 at 2:00 p.m., prevailing Eastern Time. This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or by filing an agenda for the hearing(s) that indicates adjournment.

## Objections to Confirmation of the Plan

5.  Any objections to confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any Local Rules or orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on ~~August 1,~~September 16, 2008.

    (i)    <u>Counsel for the Debtors and Debtors in Possession</u>

        DLA PIPER US LLP
        1251 Avenue of the Americas
        New York, NY 10020
        Attn:  Thomas R. Califano, Esquire
              Jeremy R. Johnson, Esquire

        -and-

        BAYARD, P.A.
        222 Delaware Avenue, Suite 900
        Wilmington, DE 19801
        Attn:  Neil B. Glassman, Esquire

    (ii)    <u>Official Committee of Unsecured Creditors</u>

        REED SMITH LLP
        1201 Market Street, Suite 1500
        Wilmington, DE 19801
        Attn:  Kurt F. Gwynne, Esquire

    (iii)    <u>The United States Trustee</u>

        OFFICE OF THE UNITED STATES TRUSTEE

---

<sup>2</sup> ~~All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.~~

844 King Street, Suite 2207
Wilmington, DE  19801
Attn:  Kelly Beaudin Stapleton, Esquire

(iv)    Counsel for Adeptio and Simplexity

> KIRKLAND & ELLIS
> 200 East Randolph Drive
> Chicago, Illinois 60601-6636
> Attn:   Anup Sathy, P.C., Esquire
>         David A. Agay, Esquire

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

## Plan Injunctions and Releases

6.    If the Plan is confirmed, the applicable parties-in-interest will be bound by the releases and injunctions set forth in the Plan.  In order to give notice to all parties of these releases and injunctions, the releases and injunctions set forth in the Plan are reprinted below.[3]

**A.**    **Adeptio Release**

**1.**    **Estate Releases**

Notwithstanding anything contained herein to the contrary, on the Effective Date and effective as of the Effective Date, the Debtors, their professionals, employees, agents, and advisors shall provide a full release (and each entity so released shall be deemed released) to Adeptio and its non-natural affiliates and subsidiaries and each of their respective directors, officers, employees, members, attorneys, financial advisors, accountants, professionals, agents and representatives, each in their respective capacities as such, and their respective property from any and all causes of action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors; nothing in this Plan releases any Retained Litigation Claims as set forth in the Term Sheet or Adeptio's or Simplexity's obligations under the Term Sheet, the APA or this Plan (the "Adeptio Release").  Pursuant to the Term Sheet, Adeptio and Simplexity will provide to the Litigation Trustee the books, records, files or other materials, or copies thereof, necessary to defend or otherwise resolve claims against the Debtors and to investigate and/or prosecute the claims and causes of action not sold and assigned to Adeptio and will provide access to personnel as reasonably necessary.  Adeptio and Simplexity also agree to work in good faith towards an agreement regarding the governance and constitution of the Litigation Trust.

**2.**    **Third Party Releases**

Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors

---

[3] To the extent that the Debtors amend or change the releases and injunctions found in the Plan, the Debtors will file with the Bankruptcy Court an amended chapter 11 plan.

or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth in section VI.F of the Plan), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot.

**3.      Exculpation and Limitation of Liability**

Neither the Debtors, the Committee, the Litigation Trustee, the Trust Oversight Committee, Adeptio or Simplexity, nor any of their respective present or former members, officers, directors, employees, advisors, attorneys, or agents, shall have or incur any liability to any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan or the Litigation Trust Agreement, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the Litigation Trust Agreement or the property to be distributed under this Plan or the Litigation Trust Agreement, except for their gross negligence, willful misconduct or bad faith, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

The Litigation Trust is hereby deemed to release only each Person exculpated pursuant to the above paragraph from any liability arising from any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or bad faith.

Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability (and the releases set forth in section XI.C of the Plan) shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase Agreement and Term Sheet.

**4.**    **Term of Injunctions or Stays**

~~Terms of Injunctions or Stays.~~ Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in these Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in this Plan or the Confirmation Order), including any stay exceptions provided for under Bankruptcy Code section 362(b), shall remain in full force and effect until the later of (a) the closing of the Chapter 11 Cases, or (b) the dissolution of the Liquidation Trust.

In accordance therewith, and without limiting the foregoing, until the later of (a) the closing of the Chapter 11 Cases, or (b) the dissolution of the Liquidation Trust (except as provided in section 362(b) of the Bankruptcy Code) are stayed from (i) the commencement or continuation of a judicial, administrative, or other action or proceeding, including the employment of service of process, against the Debtors that was or could have been commenced prior to the Petition Date, or to recover a claim against the Debtors that arose prior to the Petition Date, (ii) the enforcement, against the Debtors or against property of the Estates, of a judgment obtained before the Petition Date, (iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates, (iv) any act to create, perfect, or enforce any lien against property of the Estates, and (v) any act to collect, assess, or recover a claim against the Debtors that arose before the Petition Date.

Dated: ~~June~~ August ___, 2008
Wilmington, Delaware

**BAYARD, P.A.**

By:    _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY 10020

*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

## NOTICE OF IMPAIRED NON-VOTING STATUS
## FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.    On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed its Notice of Appointment of the Committee of Unsecured Creditors for these Cases (the "Committee").

2.    On ~~April 14,~~August____, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors ~~(as amended on June 12,~~dated August____, 2008 ~~and~~(as may ~~further~~be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August____, 2008 providing information with respect to the Plan (as ~~amended on June 12, 2008 and as~~ may be ~~further~~amended, the "Disclosure Statement").[2]

3.    On ~~June 13,~~August____, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4.    ~~4.~~IF YOU HOLD A CLASS 5 INTERCOMPANY CLAIM, the Plan provides as follows: "on the Confirmation Date or such other date as may be set by an order of the Court, but subject to the occurrence of the Effective Date, all Intercompany Claims shall be deemed expunged and extinguished. The Holders of Intercompany Claims shall not be entitled

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[2] ~~All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.~~

{00809177;v2BAY:01040374v4}

to, and shall not receive or retain, any property or interest in property on account of such Claims. Class 5 is deemed to have rejected this Plan and, therefore, Holders of Intercompany Claims are not entitled to vote to accept or reject this Plan."

5. ~~5.~~ **IF YOU HOLD A CLASS 6 EQUITY INTEREST**, the Plan provides as follows: "on the Effective Date, all Equity Interests shall be canceled and each Holder thereof shall not be entitled to, and shall not receive or retain any property or interest in property on account of, such Equity Interests. Class 6 is deemed to have rejected this Plan and, therefore, Holders of Equity Interests are not entitled to vote to accept or reject this Plan."

6. ~~6.~~ The Debtors will <u>not</u> provide you with copies of the Plan and/or Disclosure Statement. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claim's agent, SN Liquidation, Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov. Copies of the Plan and Disclosure Statement can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at www.bmcgroup.com/~~Inphonic~~inphonic.

7. ~~7.~~ If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request copies of the appropriate ballot.

## Hearing on Confirmation of the Plan

8. ~~8.~~ A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on ~~August 20,~~October 14, 2008 at 2:00 p.m., prevailing Eastern Time. This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or at any adjourned hearing(s).

9. ~~9.~~ Any objections to the confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be received no later than 4:00 p.m., prevailing Eastern Time, on ~~August 1,~~September 16, 2008.

(i)    Counsel for the Debtors and Debtors in Possession

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020

2

Attn:   Thomas R. Califano, Esquire
        Jeremy R. Johnson, Esquire

        -and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
Telephone:  (302) 655-5000
Attn:   Neil B. Glassman, Esquire

(ii)    <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Attn:   Kurt F. Gwynne, Esquire

(iii)   <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE  19801
Attn:  Kelly Beaudin Stapleton, Esquire

(iv)    <u>Counsel for Adeptio and Simplexity</u>

<u>KIRKLAND & ELLIS</u>
<u>200 East Randolph Drive</u>
<u>Chicago, Illinois 60601-6636</u>
<u>Telephone:  (312) 861-2000</u>
<u>Facsimile:  (312) 861-2200</u>
<u>Email: asathy@kirkland.com</u>
<u>        dagay@kirkland.com</u>
<u>Attn:   Anup Sathy, P.C., Esquire</u>
<u>        David A. Agay, Esquire</u>

{00809177;v2}

{BAY:01040374v4}

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

Dated: ~~June~~August ___, 2008
     Wilmington, Delaware

**BAYARD, P.A.**

By: _____

    Neil B. Glassman (No. 2087)
    Mary E. Augustine (No. 4477)
    Daniel A. O'Brien (No. 4897)
    222 Delaware Avenue, Suite 900
    Wilmington, DE 19801
    Telephone: (302) 655-5000
    Facsimile: (302) 658-6395

       -and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY 10020

*Counsel for the Debtors and Debtors in Possession*

4

# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS
## FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1.    On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").   By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession.  On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2.    On ~~April 14,~~August____, 2008, the Debtors and the Committee filed with the Bankruptcy Court the ~~First~~Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors ~~(as amended on June 12,~~dated August____, 2008 ~~and~~(as may be ~~further~~ amended, the "Plan")[2] and the ~~First~~Second Amended Disclosure Statement for_Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors ~~In~~in Possession and the Official Committee of Unsecured Creditors ~~providing information with respect to the Plan (as amended on June 12, 2008 and as may be further~~dated August____, 2008 (as may be amended, the "Disclosure Statement")_, providing information with respect to the Plan.[2]

3.    On ~~June 13,~~August____, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4.    ~~4.~~    IF YOU HOLD A CLASS 1 OTHER SECURED CLAIM, the Plan provides as follows: "on, or as soon as reasonably practicable after, the later of: (i) the repayment in

---

[1]  The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2]  All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[2]  ~~All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.~~

full and termination of the Adeptio Loan; (ii) the Distribution Date; (iii) the date such claim becomes an Allowed Other Secured Claim; or (iv) the date such Other Secured Claim becomes payable pursuant to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Other Secured Claim, a Holder of a Secured Claim, other than a Secured Lender Claim, shall receive either (i) Cash equal to the amount of the Allowed Other Secured Claim; (ii) the collateral which secures its claim; or (iii) such other treatment as to which the Debtors and the Holder of an Allowed Other Secured Claim agrees in writing, on the later of the Effective Date or the date such Claim becomes an Allowed Other Secured Claim.  The Debtors estimate that no Allowed Other Secured Claims exist.  To the extent there is collateral securing Allowed Secured Claims, the priority of such security interest or lien shall not be affected or "primed" by the Adeptio Loan."  AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

5.    IF YOU HOLD A CLASS 2 PRIORITY NON-TAX CLAIM, the Plan provides as follows: On, or as soon as reasonably practicable after, the latest of: (i) the Distribution Date; (ii) the date such claim becomes an Allowed Priority Non-Tax Claim; or (iii) the date such Allowed Priority Non-Tax Claim becomes payable pursuant to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Priority Non-Tax Claim, each Holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Non-Tax Claim (i) Cash equal to the unpaid portion of such Allowed Priority Non-Tax Claim or (ii) such other treatment as to which the Litigation Trustee and such Holder shall have agreed upon in writing.  The Debtors estimate that no Allowed Priority Non-Tax Claims exist.  Adeptio shall make available up to $500,000 solely for the purpose of making distributions on account of Allowed Priority Claims; provided, however, that Adeptio shall make payments on account of Allowed Priority Claims only to the extent such claims are allowed and only as requested by the Debtors on or before the Effective Date or by the Litigation Trustee if the request is made after the Effective Date.  AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

6.    The Debtors will not provide you with copies of the Plan and/or Disclosure Statement.  If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claims agent: SN Liquidation Inc., et al. f/k/a InPhonic, Inc., et al., c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978.  Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov.  Copies of the Plan and Disclosure Statement can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at www.bmcgroup.com/inphonic.

2

7.        7.——If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request copies of the appropriate ballot.

3

**Hearing on Confirmation of the Plan**

8.    ~~8.~~——A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on ~~August 20,~~October 14, 2008 at 2:00 p.m., prevailing Eastern Time.   This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or at any adjourned hearing(s).

9.    ~~9.~~——Any objections to the confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on ~~August 1,~~September 16, 2008.

      (i)     <u>Counsel for the Debtors and Debtors in Possession</u>

              DLA PIPER US LLP
              1251 Avenue of the Americas
              New York, NY  10020
              Attn:   Thomas R. Califano, Esquire
                        Jeremy R. Johnson, Esquire

                -and-

              BAYARD, P.A.
              222 Delaware Avenue, Suite 900
              Wilmington, DE  19801
              Telephone:  (302) 655-5000
              Attn:   Neil B. Glassman, Esquire

      (ii)    <u>Official Committee of Unsecured Creditors</u>

              REED SMITH LLP
              1201 Market Street, Suite 1500
              Wilmington, DE  19801
              Attn:   Kurt F. Gwynne, Esquire

      (iii)   <u>The United States Trustee</u>

              OFFICE OF THE UNITED STATES TRUSTEE
              844 King Street, Suite 2207
              Wilmington, DE  19801
              Attn:  Kelly Beaudin Stapleton, Esquire

(iv)    Counsel for Adeptio and Simplexity

KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601-6636
Attn:   Anup Sathy, P.C., Esquire
        David A. Agay, Esquire


PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.


Dated: ~~June~~August ___, 2008          **BAYARD, P.A.**
       Wilmington, Delaware
                                 By:    _____
                                        Neil B. Glassman (No. 2087)
                                        Mary E. Augustine (No. 4477)
                                        Daniel A. O'Brien (No. 4897)
                                        222 Delaware Avenue, Suite 900
                                        Wilmington, DE  19801

                                            -and-

                                        **DLA PIPER US LLP**
                                        Thomas R. Califano, Esquire
                                        Jeremy R. Johnson, Esquire
                                        1251 Avenue of the Americas
                                        New York, NY  10020

                                        *Counsel for the Debtors and Debtors in Possession*