# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |

### NOTICE OF UNIMPAIRED NON-VOTING STATUS
### FOR DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1. On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2. On August 11, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Disclosure Statement"), providing information with respect to the Plan.

3. On August ___, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

4. **IF YOU HOLD A CLASS 1 OTHER SECURED CLAIM**, the Plan provides as follows: "on, or as soon as reasonably practicable after, the later of: (i) the repayment in full and termination of the Adeptio Loan; (ii) the Distribution Date; (iii) the date such claim becomes an Allowed Other Secured Claim; or (iv) the date such Other Secured Claim becomes payable pursuant

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.
[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

{BAY:01040377v3}

to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Other Secured Claim, a Holder of a Secured Claim, other than a Secured Lender Claim, shall receive either (i) Cash equal to the amount of the Allowed Other Secured Claim; (ii) the collateral which secures its claim; or (iii) such other treatment as to which the Debtors and the Holder of an Allowed Other Secured Claim agrees in writing, on the later of the Effective Date or the date such Claim becomes an Allowed Other Secured Claim. The Debtors estimate that no Allowed Other Secured Claims exist. To the extent there is collateral securing Allowed Secured Claims, the priority of such security interest or lien shall not be affected or "primed" by the Adeptio Loan." AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

5. **IF YOU HOLD A CLASS 2 PRIORITY NON-TAX CLAIM**, the Plan provides as follows: on, or as soon as reasonably practicable after, the latest of: (i) the Distribution Date; (ii) the date such claim becomes an Allowed Priority Non-Tax Claim; or (iii) the date such Allowed Priority Non-Tax Claim becomes payable pursuant to any agreement between the Debtors or Litigation Trustee and the Holder of such Allowed Priority Non-Tax Claim, each Holder of an Allowed Priority Non-Tax Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Non-Tax Claim (i) Cash equal to the unpaid portion of such Allowed Priority Non-Tax Claim or (ii) such other treatment as to which the Litigation Trustee and such Holder shall have agreed upon in writing. The Debtors estimate that no Allowed Priority Non-Tax Claims exist. Adeptio shall make available up to $500,000 solely for the purpose of making distributions on account of Allowed Priority Claims; provided, however, that Adeptio shall make payments on account of Allowed Priority Claims only to the extent such claims are allowed and only as requested by the Debtors on or before the Effective Date or by the Litigation Trustee if the request is made after the Effective Date. AS A HOLDER OF AN UNIMPAIRED CLAIM RECEIVING A DISTRIBUTION UNDER THE PLAN, YOU ARE DEEMED TO HAVE ACCEPTED THE PLAN PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE AND ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.

6. The Debtors will <u>not</u> provide you with copies of the Plan and/or Disclosure Statement. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon written request to the Debtors' claims agent: SN Liquidation Inc., *et al.* f/k/a InPhonic, Inc., *et al.*, c/o BMC Group, Inc., P.O. Box 978, El Segundo, CA 90245-0978. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the internet website of the United States Bankruptcy Court for the District of Delaware, www.deb.uscourts.gov. Copies of the Plan and Disclosure Statement can also be obtained from BMC Group, Inc., the Debtors' voting agent, online at www.bmcgroup.com/inphonic.

7. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request copies of the appropriate ballot.

{BAY:01040377v3}

### Hearing on Confirmation of the Plan

8. A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on October 14, 2008 at 2:00 p.m., prevailing Eastern Time. This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or at any adjourned hearing(s).

9. Any objections to the confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on September 16, 2008.

    (i)    <u>Counsel for the Debtors and Debtors in Possession</u>

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Attn:  Thomas R. Califano, Esquire
         Jeremy R. Johnson, Esquire

-and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Attn:  Neil B. Glassman, Esquire

    (ii)    <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Attn:  Kurt F. Gwynne, Esquire

    (iii)    <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Kelly Beaudin Stapleton, Esquire

    (iv)    Counsel for Adeptio and Simplexity

        KIRKLAND & ELLIS
        200 East Randolph Drive
        Chicago, Illinois 60601-6636
        Attn:   Anup Sathy, P.C., Esquire
                David A. Agay, Esquire


PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.


Dated: August 11, 2008            **BAYARD, P.A.**
       Wilmington, Delaware

                                          By:  /s/ Mary E. Augustine
                                             Neil B. Glassman (No. 2087)
                                             Mary E. Augustine (No. 4477)
                                             Daniel A. O'Brien (No. 4897)
                                             222 Delaware Avenue, Suite 900
                                             Wilmington, DE 19801

                                                     -and-

                                          **DLA PIPER US LLP**
                                          Thomas R. Califano, Esquire
                                          Jeremy R. Johnson, Esquire
                                          1251 Avenue of the Americas
                                          New York, NY 10020

                                          *Counsel for the Debtors and Debtors in Possession*