## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*,[1] | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

### DISCLOSURE STATEMENT AND SUMMARY OF SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AUGUST 11, 2008

THE INFORMATION CONTAINED HEREIN IS A SUMMARY OF THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN LIQUIDATION, INC. *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DATED AUGUST 11, 2008, AND CONSTITUTES THE DISCLOSURE STATEMENT RELATED THERETO FOR HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS. COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT SENT TO OTHER IMPAIRED CLASSES ARE AVAILABLE ONLINE AT WWW.BMCGROUP.COM/INPHONIC AND WWW.DEB.USCOURTS.GOV OR BY WRITTEN REQUEST TO SN LIQUIDATION, INC., *ET AL.* C/O BMC GROUP, INC., P.O. BOX 978 EL SEQUNDO, CA 90245-0978. IN THE EVENT THAT THERE IS A DISCREPANCY BETWEEN THE PLAN AND THIS SUMMARY THEREOF AND DISCLOSURE STATEMENT, THE PLAN WILL CONTROL.

<u>Summary</u>. SN Liquidation, Inc. (together with its affiliated debtors and debtors in possession, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 (as may be further amended, the "Plan"). The Plan contemplates the liquidation of the Debtors' assets and the resolution of the outstanding claims against and interests in the Debtors. The Plan is a liquidating plan. Pursuant to prior orders of the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the Debtors sold substantially all of their assets. The Plan provides for the distribution of the Debtors' estates' interest in proceeds from such sale and the creation of a Litigation Trust[2] that will administer remaining property of the Debtors, which includes causes of action.

<u>Asset Sale</u>. Prior to November 8, 2007 (the "Petition Date"), the Debtors reached an agreement, subject to higher and better offers, to sell substantially all of their assets to Adeptio INPC Funding LLC ("Adeptio"), the parent corporation of Simplexity, Inc. The Committee objected to the sale. The Committee, the Debtors, and Adeptio reached a compromise whereby Adeptio agreed to make certain payments in connection with the Debtors' bankruptcy cases and pursuant to a plan of reorganization, all of which is more fully described in the Plan and the Term Sheet attached thereto. After a hearing on December 13, 2007, the Bankruptcy Court entered an order approving the sale (the "Sale Order").

<u>Classification of Claims/Interests</u>. Pursuant to the Plan, all claims and interests, except Administrative Claims, Priority Tax Claims and Trustee Fee Claims are placed in the following classes:

| | | |
|---|---|---|
| Class 1:  Other Secured Claims | Unimpaired | Deemed to Accept Plan |
| Class 2:  Priority Non-Tax Claims | Unimpaired | Deemed to Accept Plan |

---

[1]  The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

{BAY:00948539v5}

| Class 3:  Secured Lender Claims | Impaired | Entitled to Vote |
|---|---|---|
| Class 4:  General Unsecured Claims | Impaired | Entitled to Vote |
| Class 5:  Intercompany Claims | Impaired | Deemed to Reject Plan |
| Class 6:  Equity Interests | Impaired | Deemed to Reject Plan |

Class 4 General Unsecured Claims.  Each holder of an Allowed General Unsecured Claim (including rebate claims) shall receive its *pro rata* share of all Cash, if any, available for distribution by the Litigation Trust up to the full amount of the Allowed General Unsecured Claim, after satisfaction in full of all expenses, unpaid Allowed Secured Claims, including the Adeptio Loan, Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims.  Distributions on Allowed General Unsecured Claims shall be made in accordance with and pursuant to the Litigation Trust Agreement (attached to the Plan) and shall be made by the Litigation Trustee from the Litigation Trust.

Class 5 Intercompany Claims and Class 6 Equity Interests:  Intercompany Claims and Equity Interests are being extinguished and will not receive any distribution.

Sources for Distributions.  All Cash necessary for the Debtors or the Litigation Trustee to make payments pursuant to the Plan shall be obtained from the following sources:  (a) the Debtors' or SN Liquidation's Cash on hand (which is little or none); (b) Cash received upon liquidation of the Debtors' Excluded Assets (those assets not sold pursuant to the Sale Order), including Proceeds of all the Debtors' Causes of Action against directors and officers or otherwise; (c) Adeptio's funding obligations pursuant to the Sale Order and Term Sheet, including Priority Claims Funding, all as more fully described in the Plan and Term Sheet.  In part, the Term Sheet provides that Adeptio will provide a $500,000 secured loan to fund the investigation of Causes of Action and to commence and prosecute such litigation if appropriate through the Litigation Trust.  The value of the Debtors' Causes of Action is uncertain.  The Litigation Trust needs to further investigate those claims. It is uncertain whether the pursuit of Causes of Action will result in a distribution to holders of Class 3 and Class 4 Claims.

Corporate Existence.  On the Effective Date of the Plan, the Debtors shall be deemed to be dissolved.

Transfer of Estate Assets.  All Estate Assets and the proceeds thereof shall be transferred to the Litigation Trust.  The Estate Assets shall be deemed vested in and become property of the Litigation Trust free and clear of all claims, liens, encumbrances and interests of Adeptio or the Debtors subject to the terms of the Plan. These claims include, without limitation, certain claims against the Debtors' former officers and directors. After the transfer of all such rights to the Litigation Trust, the Litigation Trustee shall be deemed the appointed representative to, and may pursue, litigate, and compromise and settle any such rights, claims, or Causes of Action in accordance with the best interests of and for the benefit of the beneficiaries of the Litigation Trust.

Claims Resolution; Late Claims.  The Litigation Trustee shall review and object to Claims as and when it deems appropriate.  No distribution shall be made on account of any claims filed after the March 21, 2008 Bar Date, unless specifically allowed by final order of the Bankruptcy Court.

Insurance Policies; Assignment of Rights.  Each of the Debtors' insurance policies and any agreements, documents, or instruments relating thereto, unless previously canceled or transferred to Adeptio, are treated as Executory Contracts under the Plan, and the Plan shall constitute a motion to assume such policies and assign all of the Debtors' rights therein to the Litigation Trust.

Liquidation Under Chapter 7.  If no chapter 11 plan is confirmed, these chapter 11 cases may be converted to cases under chapter 7 of the Bankruptcy Code, in which a trustee would liquidate the Debtors' assets.  The Proponents believe that liquidation under chapter 7 would result in a smaller, if any, distribution to Holders of Class 4 Claims than those provided for in the Plan because of the additional administrative expenses involved in the appointment of a trustee and its attorneys and other professionals during such liquidation, and because

some of the payments to be made by Adeptio pursuant to the Term Sheet may not occur if these cases are converted to chapter 7 bankruptcy cases.

<u>Tax Consequences</u>.  The Litigation Trust is intended to be treated as a "grantor trust" for U.S. federal income tax purposes, which is not a separate taxable entity.  Assuming the Litigation Trust is a grantor trust, (i) the Debtor will treat the transfer of the assets to the Litigation Trust for U.S. federal income tax purposes as a transfer of such assets to Holders of Allowed Class 4 Claims and a transfer by such Holders of such assets to the Litigation Trust, and (ii) such Holders will be treated as the grantors and deemed owners of the assets of the Litigation Trust for U.S. federal income tax purposes.

The Litigation Trust Agreement requires each Holder of an Allowed Class 4 General Unsecured Claim to report on its U.S. federal income tax return its allocable share of the Litigation Trust's income.  Because Persons who are Holders of Disputed Claims as of the end of the Litigation Trust's tax year will not receive any interest or earnings on cash held in the Litigation Trust for such tax year, the Litigation Trustee shall allocate all such interest and earnings to Holders of Allowed Class 4 Claims for U.S. federal income tax purposes.  A Holder of an Allowed Class 4 Claim may incur a U.S. federal income tax liability with respect to its allocable share of the income of the Litigation Trust whether or not the Litigation Trust has made any concurrent distribution to the Holder of an Allowed Class 4 Claim.  Holders of Allowed Class 4 Claims are urged to consult their tax advisors.

<u>Adeptio Release</u>.  The Plan provides for a release of Adeptio and its non-natural affiliates and subsidiaries by the Estates on the Effective Date; however, Retained Litigation Claims are preserved.  The Plan also provides that Adeptio and Simplexity shall not have or incur liability to any Holder of a Claim or an Interest for acts or omissions occurring after the Petition Date in connection with these chapter 11 cases.  Further releases of Adeptio and Simplexity are set forth in the enclosed ballot.  You may decline to grant Adeptio and Simplexity these releases when you complete the enclosed ballot.

<u>Conclusion and Recommendations</u>.  The Debtors and the Committee urge all creditors entitled to vote on the Plan to vote to accept the Plan and to evidence such acceptance by immediately returning their properly completed ballots to the appropriate voting agent as set forth on the ballots within the time stated in the notice served with this Disclosure Statement.


**BAYARD, P.A.**                                      **REED SMITH LLP**

By: /s/ Mary E. Augustine                       By: /s/ Kurt F. Gwynne
    Neil B. Glassman (No. 2087)              Kurt F. Gwynne (No. 3951)
    Mary E. Augustine (No. 4477)             1201 Market Street
    222 Delaware Avenue, Suite 900           Suite 1500
    P.O. Box 25130                           Wilmington, DE 19801
    Wilmington, DE 19899

Dated:  August 12, 2008