**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 07-11666 (KG) |
| | ) | Chapter 11 |
| **SN LIQUIDATION, INC., et al.,** | ) | |
| | ) | |
| Debtors. | ) | |

**RESPONSE TO THE OBJECTION OF THE DEBTORS TO CLAIM NOS. 1106 AND 1344 FILED THE OHIO DEPARTMENT OF TAXATION, AND, IN THE ALTERNATIVE, MOTION TO DETERMINE TAX LIABILITY PURSUANT TO 11 U.S.C. §505**

Now comes the Ohio Department of Taxation ("Tax") in response to the Objection of the Debtors to Claim Nos. 1106 and 1344 Filed the Ohio Department of Taxation, and, in the Alternative, Motion to Determine Tax Liability Pursuant to 11 U.S.C. §505 (Doc. #634) filed on July 18, 2008. The objection asserts that priority claim 1106 filed against InPhonic, Inc. in the amount of $7,689,038.59 for sales and use tax and claim 1344 also filed as a priority claim against InPhonic, Inc. in the amount of $42,556.27 should be denied. Tax agrees that a portion of claim 1106 should be reduced and allowed, depending upon the assessment periods in which Debtors did not have a substantial nexus with Ohio.

### A. Valid Taxation Pursuant to the Commerce Clause

As Debtors explain in their objection, a state cannot assess sales and use taxes upon vendors that do not have a substantial nexus with the state pursuant to the "dormant" Commerce Clause. *Quill Corp. v. North Dakota*, 504 U.S. 289 (1992). Debtors assert that the claims of Tax are unconstitutional under the Commerce Clause. Paragraph 6 of the Declaration of David Moir in support of Debtors' objection admits that Debtors employed one individual in Ohio from February 2002 to July 2002. The employment of one employee is sufficient to survive

Commerce Clause scrutiny. *Arizona Dept. of Revenue v. Care Computer Systems, Inc.,* 4 P.3d 469 (App. 2000). Thus, for at least between February 2002 to July 2002, Debtor clearly owes sales and use tax. As to the remainder of the time contained within the proof of claim, Tax reserves the right to assert its claim for unpaid use and sales tax if, during the course of discovery, Tax determines that a substantial nexus exists between Debtors and Ohio.

Debtors inaccurately argue that the commercial activity tax contained in claim 1344 should be disallowed as Debtors contend that the taxation of Debtors violates the dormant Commerce Clause as Debtors lack the substantial nexus with Ohio. Ohio Revised Code 5751.01(H)(3) provides that a person is subject to Ohio's commercial activity tax when the person has bright-line presence in Ohio. A person has "bright line presence" if it has during the calendar year taxable gross receipts in this state of at least $500,000. R.C. 5701(I)(3). As Tax has not been provided with the actual gross receipt documentation from Debtors, Tax was forced to estimate the gross receipts within Ohio for Debtors and has estimated an amount of at least $500,000 for the taxable calendar year.

**Supporting Documentation Not Necessary**

Debtors further assert that the claims of Tax were filed without supporting documentation and thus should be disallowed. The supporting documentation requirement stems from Fed. R. Bankr. P. 3001(c). The rule requires a creditor whose claim is based on a writing to attach an original or duplicate of the writing to the proof of claim. The claims of Tax are not based on writings but on Debtors' statutory obligation to file and pay taxes in the state of Ohio. Consequently, supporting documentation is not necessary. *United States v. Bruanstein (In re Pan)*, 209 B.R. 152 (Mass. 1997).

The claims of Tax clearly state the type of assessment, the assessment periods and the

amount owed. Debtors argue that the claims are severely inflated and groundless and because the claims are based upon estimations, they should be disallowed. Debtors have had an opportunity to provide Tax with documentation and returns to show that the amounts of the estimates are inaccurate. To date, Debtors have chosen not to provide documentation nor have Debtors filed the requisite returns nor made payment of the taxes. A proof of claim executed and filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Debtors blanket assertion of "severely inflated" and baseless without providing evidence to the contrary does not rebut the presumed validity of Tax's claims.

### **Proper Classification of Taxes**

Debtors incorrectly interpret claim 1106 as a tax that is not entitled to priority pursuant to 11 U.S.C. §507(a)(8)(A) by arguing that the tax is in essence, too old to be considered a priority tax. The sales and use taxes in Ohio are "trust" taxes and are required to be collected or withheld. As such, sales and use taxes are limited by the "three year rule", pursuant to 11 U.S.C. §507(a)(8)(C). Therefore, claim 1106 is clearly entitled to priority treatment.

### **Penalties**

Tax agrees that the penalties asserted in both proof of claims should not be treated as priority claims. Rather, the penalty amounts should be allowed as general unsecured claims pursuant to 507(a)(8)(G).

### **Interest**

Debtors ask that the Court disallow the interest claimed for each assessment on the basis that the underlying tax amount should be disallowed. As the underlying taxes are priority taxes, the interest owed should be treated as priority claims.

Debtors ask the Court to set the maximum amount of the allowable claim amount and class for confirmation purposes. Tax asks the Court to do the same. As the claims for the tax amounts and interest are priority claims, they should be entitled to priority treatment and paid at 100% of the present value of the claim. The penalty amounts should be allowed and should receive a distribution pursuant to the amount provided in Debtors' Plan of Reorganization.

WHEREFORE, Tax respectfully request that its claims be allowed and Debtors' objection denied.

>Respectfully submitted,
>
>NANCY H. ROGERS
>Attorney General of Ohio
>
>/s/ *Victoria D. Garry*
>Victoria D. Garry (#0037014)
>Assistant Attorney General
>1600 Carew Tower, 441 Vine Street
>Cincinnati, Ohio  45202
>(513) 852-3497
>(513) 852-3484
>
>Attorney for Ohio Department of Taxation

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing response to the Objection of the Debtors to Claim Nos. 1106 and 1344 Filed the Ohio Department of Taxation, and, in the Alternative, Motion to Determine Tax Liability Pursuant to 11 U.S.C. §505 was served this 13th day of August, 2008 upon the following parties:

**By Notice of Electronic Filing upon:**

- David A. Agay    dagay@kirkland.com, deaton@kirkland.com;afrost@kirkland.com
- Mary E. Augustine    bankserve@bayardfirm.com, maugustine@bayardfirm.com
- Mary E. Augustine    bankserve@bayardlaw.com, maugustine@bayardlaw.com;tmatthews@bayardlaw.com;jvanhorn@mcquirewoods.com;emiranda@bayardlaw.com

- Mary E. Augustine    bankserve@bayardfirm.com, maugustine@bayardfirm.com
- Marc Barreca    marcb@prestongates.com, bankruptcyecf@prestongates.com
- Jennifer Leigh Best    jennifer.best@usdoj.gov, Eastern.Taxcivil@usdoj.gov
- Robert S. Brady    bankfilings@ycst.com
- Tiffany Strelow Cobb    tscobb@vorys.com, cdfricke@vorys.com
- Michael David Debaecke    debaecke@blankrome.com
- Peter James Duhig    duhig@klettrooney.com
- Brett Fallon    bfallon@morrisjames.com, wweller@morrisjames.com
- Bonnie Glantz Fatell    fatell@blankrome.com, senese@blankrome.com
- John V. Fiorella    jfiorella@archerlaw.com
- Norman P. Fivel    norman.fivel@oag.state.ny.us
- Neil B. Glassman    bankserve@bayardlaw.com, nglassman@bayardlaw.com
- Kurt F. Gwynne    kgwynne@reedsmith.com, llankford@reedsmith.com
- James F Harker    jharker@cohenseglias.com
- William A. Hazeltine    admin@whazeltinelaw.com
- Daniel K. Hogan    dkhogan@dkhogan.com, keharvey@dkhogan.com
- Thomas M. Horan    thoran@morrisjames.com, wweller@morrisjames.com
- Christopher Dean Loizides    ecf.admin@loizides.com
- Gaston Plantiff Loomis    gloomis@reedsmith.com
- Jason M. Madron    madron@rlf.com, rbgroup@rlf.com
- Kevin J Mangan    kmangan@wcsr.com, hsasso@wcsr.com
- Frank F. McGinn    ffm@bostonbusinesslaw.com
- Patricia P. McGonigle    pmcgonigle@svglaw.com, dclack@svglaw.com
- Todd C. Meyers    tmeyers@kilpatrickstockton.com, jfuller@kilpatrickstockton.com
- Kathleen M. Miller    kmiller@skfdelaware.com
- Francis A. Monaco Jr.    fmonaco@wcsr.com, kdalton@wcsr.com;hsasso@wcsr.com
- John J. Monaghan    bos-bankruptcy@hklaw.com
- Martin A. Mooney    lmanke@deilylawfirm.com, twright@deilylawfirm.com
- Edmon L. Morton    bankfilings@ycst.com
- Carl D. Neff    cneff@foxrothschild.com, vfrew@foxrothschild.com
- Jami B. Nimeroff    jnimeroff@bsnlawyers.com
- Daniel A. O'Brien    dobrien@bayardlaw.com, tmatthews@bayardlaw.com
- Ricardo Palacio    rpalacio@ashby-geddes.com
- Marc J. Phillips    mphillips@cblh.com
- Richard W. Riley    rwriley@duanemorris.com
- Paul M. Rosenblatt    prosenblatt@kilpatrickstockton.com
- Seth B. Shapiro    seth.shapiro@usdoj.gov
- William David Sullivan    bill@williamdsullivanllc.com, ECF@williamdsullivanllc.com;katie@williamdsullivanllc.com
- Eric Michael Sutty    bankserve@bayardlaw.com, esutty@bayardlaw.com
- Lisa B. Tancredi    lbtancredi@venable.com
- William F. Taylor    bankdel@comcast.net, bankruptcydel@mccarter.com
- United States Trustee    USTPREGION03.WL.ECF@USDOJ.GOV
- Deborah Waldmeir    waldmeird@michigan.gov, jacksonst@michigan.gov
- Etta Rena Wolfe    erw@skfdelaware.com

**By regular U.S. mail upon:**

American Express Travel Related
Svcs Co Inc Corp Card
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Patrick M. Costello
Bialson Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, CA 94306

Andrea L Johnson
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Regina Stango Kelbon
Blank Rome Comisky & McCauley LLP
One Logan Square
Philadelphia, PA 19103-6998

Mason Kessner
4509 Bentley Drive
Plano, TX 75093

Edward J. Kosmowski
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

David M. LeMay
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112

Nixon Peabody, LLP
437 Madison Avenue
New York, NY 10022

Vincent E. Rhynes
1514 West Manchester Ave., #5
Los Angeles, CA 90047

Scott D. Rosen
Cohn Birnbaum & Shea, P.C.
100 Pearl Street - 12th Floor
Hartford, CT 06103

Jimmie L. Saltmarshall
150 Suburban
Ecorse, MI 48229

Anup Sathy
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636

Lawrence M. Schwab
Bialson Bergen & Schwab
2600 El Camino Real, Suite 300
Paol Alto, CA 94306

Joel C. Shaprio
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19103

David I. Swan
McGuire Woods, LLP
1750 Tysons Boulevard
McLean, VA 22102

Steven Wilamowsky
Bingham McCutchen, LLP
399 Park Avenue
New York, NY 10022

/s/ *Victoria D. Garry*
Victoria D. Garry (#0037014)
Assistant Attorney General