# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection deadline: September 9, 2008 at 4:00 p.m.<br>Hearing date: September 16, 2008 at 2:00 p.m. |

## DEBTORS' FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN IMPROPERLY CLASSIFIED CLAIMS

**\* Your Substantive Rights May be Affected by this Objection. \***

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims listed on Exhibit A attached hereto in the amounts indicated (the "Incorrectly Classified Claims"). In support of this Objection, the Debtors submit the Declaration of Brad Daniel of BMC Group, Inc. (the "Daniel Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represent as follows:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

## Background

1. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5. On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer").

6. On or around December 21, 2007, Adeptio assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7. On January 30, 2008, the Court entered an Amended Order (I) Establishing March 21, 2008 (the "Bar Date") as the General Bar Date for Filing General Claims Against the Debtors, (II) Establishing a Bar Date Relating to Rejection of Executory Contracts and Unexpired Leases, (III) Establishing May 6, 2008 as the Bar Date for Governmental Units, and (IV) Approving Scope and Manner of Notice of Bar Dates (the "Bar Date Order").

8. On or before February 4, 2008, the Debtors' noticing, claims and balloting agent, BMC Group, Inc. ("BMC"), who maintains the register of proofs of claim filed in these cases (the "Claim Registry"), gave notice of the Bar Date by mailing to all entities known or reasonably ascertainable as potential holders of a Claim, excluding Rebate Creditors (as defined below), (a) a notice of the Bar Date approved by the Court (the "Bar Date Notice") and (b) a proof of claim form for these cases.[2] On February 12, 2008, the Debtors filed an Affidavit of Mailing executed by James Myers of BMC with respect to its mailing of the Bar Date materials above.

9. On or before February 21, 2008, the Debtors published notice of the Bar Date in the following newspapers and trade journals: The Wall Street Journal (National Edition) ("WSJ"), The New York Times (National Edition) (the "NY Times") and RCR Wireless News ("RCR News"). On March 3, 2005, the Debtors filed an Affidavit of

---

[2] As detailed below, Rebate Creditors were served with limited notice pursuant to the February 25, 2008 order of the Bankruptcy Court.

Publication executed by Alice Weber of the NY Times with respect to the publication of the notice of the Bar Date in the NY Times. On March 5, 2008, the Debtors filed an Affidavit of Publication executed by Alison Kauker of SK Advertising LLC with respect to the publication of the notice of the Bar Date in the WSJ and the RCR News.

10. On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order"). Pursuant to the Rebate Notice Order, the Debtors were authorized to send known rebate creditors limited notice of the Debtors' chapter 11 cases (the "Rebate Notice"). On March 6, 2008, the Debtors filed an Affidavit of Service executed by James Myers of BMC with respect to service of the Rebate Notice on known rebate creditors. On March 11, 2008, the Debtors filed a Supplemental Affidavit of Service executed by Katya Belas of BMC with respect to service of the Rebate Notice on additional rebate creditors.

11. The Debtors and their professionals are in the process of conducting a review of the proofs of claim submitted in these cases, including any supporting documentation. Based upon such review to date, the Debtors object to Claim Nos. 1544, 234 and 1196 (collectively, the "Improperly Classified Claims") and seek to reclassify the Incorrectly Classified Claims listed on Exhibit A in the amounts indicated therein.

### Jurisdiction

12. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13. By this Objection, the Debtors respectfully request the entry of an order pursuant to sections 502 and 503 of the Bankruptcy Code, Rules 3001 and 3007 of the

Bankruptcy Rules and Rule 3007-1 of the Local Rules reclassifying each of the Incorrectly Classified Claims listed on Exhibit A attached hereto in the amounts indicated therein.

### Basis for Relief

14. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

> Except to the extent that –
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

15. The Debtors have determined that the Incorrectly Classified Claims listed on Exhibit A incorrectly assert (a) a secured status, or (b) an administrative expense claim status. Under sections 502 and 503 of the Bankruptcy Code and Rule 3001(c) and (d) of the Bankruptcy Rules, the Incorrectly Classified Claims should be reclassified as general unsecured non-priority claims.

16. Pursuant to Bankruptcy Rule 3001(c) and (d), claims filed as secured must attach evidence supporting their secured status. Claims that fail to meet this requirement must be reclassified as unsecured claims. See In re Bailey, 228 B.R. 267, 270 (Bankr. D. Kan. 1998) (sustaining debtors' objection to claim's allegedly secured status given that creditor neither (i) showed that it held a valid lien on any of the debtors' property nor (ii) perfected any lien it may have had making it avoidable under section 544 of the Bankruptcy Code).

**The Rebate Claim**

17.     On July 22, 2008, Lois Kratzner filed Claim No. 1544 in the total amount of $40.00 against the Debtors for an alleged rebate claim. Claim No. 1544 is attached hereto as Exhibit C. The Debtors have reviewed the supporting documentation attached to Claim No. 1544 and have determined that the documentation does not support the alleged secured status and does not comply with Bankruptcy Rule 3001(d). Accordingly, Claim No. 1544 should be reclassified to general unsecured non-priority status in the manner set forth on Exhibit A.

**The Lease Claim**

18.     On January 31, 2008, Citicorp Vendor Finance ("Citicorp") filed Claim No. 234 attached hereto as Exhibit D, against InPhonic, Inc. in the total amount of $6,900.00. Claim No. 234 is alleged to be secured and is based on Master Lease Agreement No. 200057820 (the "Lease Agreement") entered into between InPhonic, Inc. and Citicorp on or around June 3, 2002.[3] Pursuant to the Lease Agreement, InPhonic, Inc. leased from Citicorp one (1) new Hyster Lift Truck Model N40XMR2 (the "Forklift") for a five-year period. At the conclusion of the leasehold period, InPhonic, Inc. had the option to purchase the Forklift for fair market value.

19.     Claim No. 234 improperly asserts a secured status based upon the Lease Agreement. *See* N.J.Stat.Ann. § 12A:2A-103 (A lease is, "a transfer of the right to possession and use of goods for a term in return for consideration, but a sale, including a sale on approval or a sale or return, or retention or creation of a security interest, is not a lease."). Therefore, as a lessor, Citicorp holds a general unsecured claim.

---

[3] The Lease Agreement is governed by the laws of the State of New Jersey.

{BAY:01091889v2}

6

20. Further, Citicorp failed to attach to their proof of claim evidence that any alleged security interest has been perfected as required by Bankruptcy Rule 3001(d). Accordingly, Claim No. 234 is not entitled to secured status and should be reclassified to general unsecured non-priority status in the manner set forth on Exhibit A.

**The Tax Claim**

21. On March 24, 2008, the State of California Franchise Tax Board (the "CFTB") filed Claim No. 1196 against InPhonic, Inc. in the total amount of $1,600.00. Claim No. 1196 is attached hereto as Exhibit E. Claim No. 1196 is based on an assessed franchise tax for the taxable period ending December 31, 2007. Section 503(b)(1)(B) of the Bankruptcy Code provides that certain taxes incurred *by the estate* are afforded administrative expense claim status. *See United States v. Ginley ( In re Johnson)*, 901 F.2d 513, 517 (6th Cir.1990) ("[P]ost-petition ... tax claims ... fall within the express statutory provision allowing certain taxes as administrative expenses."); *In re Unitcast, Inc.*, 214 B.R. 1010, 1019 (Bankr.N.D.Ohio 1997), *aff'd*, 219 B.R. 741 (6th Cir. BAP 1998) ("Section 503(b)(1)(B) provides for administrative expense priority for taxes which are incurred by the estate.")

22. The Debtors filed for bankruptcy protection on November 8, 2007, and Claim No. 1196 is asserted as an administrative expense claim for the entire 2007 calendar year. *See* Cal. Rev. & Tax § 23151 (2001). Thus, the majority, if not all, of this tax was accrued by InPhonic, Inc. prior to the Petition Date and not by the estates. If any portion accrued post-petition, Claim No. 1196 does not specify which portion, if any. *Virginia State Dept. of Tax & Revenue v. Columbia Gas Transmission Corp. (In re Columbia Gas Transmission Corp.)* 37 F. 3d 982, 984 (3d Cir. 1994) (if a tax is incurred

by pre-petition, it is not incurred by the estate and is not entitled to administrative expense priority). Therefore, Claim No. 1196 should be reclassified as a general unsecured claim.

23. Accordingly, the Debtors object to the Incorrectly Classified Claims and respectfully request that this Court, pursuant to sections 502 and 503 of the Bankruptcy Code and Bankruptcy Rule 3001(c) and (d), reclassify the Incorrectly Classified Claims as general unsecured non-priority claims in the manner set forth on Exhibit A.

### Separate Contested Matters

24. Each of the Claims and the Debtors' objections thereto as asserted in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

### Reservation of Rights

25. The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not), but which are not the subject of this Objection. Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve the right to object on other stated grounds or on any other grounds that are discovered during the pendency of these cases. In addition, the Debtors reserve the right to file counterclaims against the holders of any such claims.

## Notice

26. The Debtors will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) each claimant listed on Exhibit A, or such claimant's agent designated on the claimant's proof of claim, at the address listed in that claimant's proof of claim, and (c) all parties requesting notices pursuant to Bankruptcy Rule 2002.

## Responses to Objections

27. <u>Filing and Service of Responses.</u> To contest an objection contained in this Objection, a claimant must file a written response to this Objection (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801; and the Response must be served so as to be <u>received</u> no later than September 9, 2008 at 4:00 p.m. (Eastern Time) by undersigned counsel.

28. <u>Contents of Responses.</u> Every Response must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of this Objection;

(b) the name of the claimant and description of the basis for the amount of the claim;

(c) a concise statement setting forth the reasons why the claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal basis upon which the claimant will rely in opposing the Objection;

(d) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Objection at the hearing;

(e) the address(es) to which the Debtors must return any reply to the Response; and

(f) the name, address, and telephone number of the person (which may be the claimant or its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

29. <u>Timely Response Filed.</u>  If a claimant fails to file and serve a timely Response, the Debtors will present to the Court an appropriate order reclassifying those claims listed on Exhibit A <u>without further hearing or notice to the claimant.</u>

30. <u>Service Address.</u>  If a Response contains an address for a claimant different from that <u>stated</u> on the disputed proof of claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

**Further Information**

31. Questions about the Objection or requests for additional information about the proposed disposition of claims thereunder should be directed in writing to the Debtors' counsel: Bayard, P.A., Attention: Daniel A. O'Brien, Esq., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, or by telephone at (302) 655-5000. <u>Claimants should not contact the Clerk of the Court to discuss the merits of their claims.</u>

## Compliance With Local Rules

32. This Objection, and related exhibits attached hereto, substantially complies with all applicable Local Rules, including Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of the Local Rules, including Local Rule 3007-1, the undersigned counsel for the Debtors believe that such deviations are not material, and respectfully request that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) reclassifying the Incorrectly Classified Claims attached hereto as Exhibit A to general unsecured non-priority claims in the amounts indicated in Exhibit A, and (ii) granting such other and further relief as is just and proper.

Dated: August 14, 2008        **BAYARD, P.A.**

By: _____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:   (302) 655-5000

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
1251 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 335-4500
Facsimile:   (212) 335-4501

*Counsel for Debtors and Debtors in Possession*