# EXHIBIT D

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Name of Debtor: INPHONIC, INC

Case Number: 07-11666

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A request for payment of an administrative expense may be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)
Recip/Addr1 replacement Citicorp Vendor Finance

☐ Check this box to indicate that this claim amends a previously filed claim

Name and address where notices should be sent
3950 Regent Blvd
Irving, TX 75063
32B-230

Telephone number 469-220-3011

Court Claim Number (If known)

RECD
JAN 31 2008

Filed on _____

Name and address where payment should be sent (if different from above)
Citibank Delaware
1615 Brett Road Box # 6449
New Castle, DE 19720
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

1 Amount of Claim as of Date Case Filed $ 6900.00

If all or part of your claim is secured complete item 4 below however if all of your claim is unsecured do not complete item 4

If all or part of your claim is entitled to priority complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim money loaned
(See instruction #2 on reverse side)

3 Last four digits of any number by which creditor identifies debtor 2000578020

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☑ Other
Describe

Value of Property $ 6900.00   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any $ _____ Basis for perfection _____

Amount of Secured Claim $ 6900.00   Amount Unsecured $ _____

5 Amount of Claim Entitled to Priority under 11 U S C §507(a) If any portion of your claim falls in one of the following categories check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C §507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business whichever is earlier 11 U S C §507 (a)(4)

☐ Contributions to an employee benefit plan 11 U S C §507 (a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal family or household use 11 U S C §507 (a)(7)

☐ Taxes or penalties owed to governmental units 11 U S C §507 (a)(8)

☐ Other Specify applicable paragraph of 11 U S C §507 (a)(__)

Amount entitled to priority
$ _____

*Amounts are subject to adjustment 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices itemized statements of running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain

Date 1/30/08   Signature The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

Sonya Watts   Sonya Watts - Litigation Analyst

Penalty for presenting fraudulent claim Fine of up to $500 000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571

FOR COURT USE ONLY

InPhonic Inc

00234

**MASTER LEASE AGREEMENT - Lease Agreement No. 200057820 Page 1 of 2**

**citicapital**
7165 SW Fir Loop Ste 204
Tigard OR 97223
Ph (888) 828-2410
Fax (888) 828-2420

| FULL LEGAL NAME AND ADDRESS OF LESSEE | NAME AND ADDRESS OF EQUIPMENT SUPPLIER |
|---|---|
| INPHONIC INC | MCCALL HANDLING CO |
| 1010 WISCONSIN AVE STE 250 | 2 EAST WELLS STREET |
| WASHINGTON DC 20007 STATE OF ORGANIZATION _______ | BALTIMORE, MD 21230 |
| (202) 333-0001 | CONTACT MARIE MARTZ |

**THIS AGREEMENT SHALL BE USED AS A MASTER LEASE AGREEMENT BETWEEN LESSOR AND LESSEE AND SHALL GOVERN ANY SCHEDULES, PURCHASE ORDERS OR OTHER INSTRUMENTS ("SCHEDULES") NOW OR HEREAFTER SIGNED BY LESSOR AND LESSEE WHICH REFER TO THIS MASTER LEASE AGREEMENT EACH SCHEDULE SHALL, IN ADDITION TO ANY SPECIAL PROVISIONS IN THE SCHEDULE, BE SUBJECT TO ALL OF THE REPRESENTATIONS, COVENANTS, TERMS AND CONDITIONS OF THIS AGREEMENT TO THE EXTENT OF ANY CONFLICT BETWEEN THE REPRESENTATIONS, COVENANTS, TERMS AND CONDITIONS OF THIS AGREEMENT AND A SCHEDULE, THE TERMS OF THE APPLICABLE SCHEDULE SHALL GOVERN**

| EQUIPMENT DESCRIPTION |
|---|
| See Schedule(s) |

**TERMS AND CONDITIONS**
**THE TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE ARE MADE A PART HEREOF**

1. **LEASE OF EQUIPMENT** Lessor hereby leases to Lessee and Lessee hereby leases from Lessor the Equipment described above, and/or if applicable on any Schedule that incorporates the terms and conditions of this Master Lease together with all replacement parts, repairs, additions, substitutions and accessories (collectively referred to hereinafter as "Equipment") The parties intend the lease to be a finance lease under Article 2A of the Uniform Commercial Code. **This lease is non-cancelable.** Lessor is hereby authorized to insert any missing terms regarding the Equipment description or location.

2. **ACCEPTANCE OF THE EQUIPMENT** Lessee agrees to have irrevocably accepted the Equipment on the earlier of 1) delivery to Lessor an executed Delivery and Acceptance Certificate or 2) five (5) calendar days after delivery of the Equipment. Lessee s confirmation to Lessor by telephone or other means of the delivery and acceptance of the Equipment to and by Lessee in all respects shall constitute Lessee s acknowledgment of its receipt of the Equipment in good working condition, that all installation and other work necessary prior to use thereof has been completed that Lessee has inspected the Equipment and has found it to be satisfactory in all respects Lessee understands that Lessor will be relying upon such confirmation by Lessee as a condition of making payment for the Equipment.

3 **TERMS AND LEASE PAYMENT** The initial term of this Lease shall commence and the first lease payment shall be due on the day of the month on which any of the Equipment is delivered to Lessee or Lessee s agent or such later date as Lessor designates and Lease payments shall be paid on such day of each successive period thereafter until all sums due under this Lease are fully paid. **SUCH LEASE PAYMENT AMOUNT IS BASED UPON THE ESTIMATED COST OF ALL EQUIPMENT AND SHALL BE ADJUSTED UPWARD OR DOWNWARD (BUT NOT MORE THAN 10%) IF THE ACTUAL COST OF THE EQUIPMENT EXCEEDS OR IS LESS THAN THIS ESTIMATE AND LESSEE AUTHORIZES LESSOR TO EXECUTE ON ITS BEHALF ANY NECESSARY DOCUMENTS TO EFFECT THIS ADJUSTMENT CUSTOMER'S OBLIGATION TO PAY LEASE PAYMENTS AND ALL OTHER OBLIGATIONS HEREUNDER SHALL BE ABSOLUTE AND UNCONDITIONAL AND ARE NOT SUBJECT TO ANY ABATEMENT SET-OFF, DEFENSE OR COUNTERCLAIM FOR ANY REASON WHATSOEVER.** Whenever any payment is not made by Lessee within 10 days of the due date, Lessee agrees to pay Lessor not later than one month thereafter as an administrative charge to offset Lessor s collection expenses an amount calculated at the rate of 10% of each such delayed payment. Advance lease payments and any security deposit shall be due when this Lease is executed and shall not be refundable if the Lease is terminated by Lessor because of Lessee s default hereunder Any security deposit shall secure all obligations of Lessee hereunder and may be applied in Lessor s discretion to any past due obligation of Lessee and to the extent not applied shall be returned to Lessee, without interest, at the expiration of the Lease. The Lessor has the right to apply in its sole discretion payments made by the Lessee in connection with this Agreement (i) first, to obligations the Lessee owes the Lessor which are not secured, (ii) next, to obligations of the Lessee which are secured by other than by purchase-money collateral and (iii) then to obligations of the Lessee secured by purchase-money collateral in the order in which those obligations were incurred.

Lessee acknowledges that at the time it executed this agreement, it retained a copy

| AUTHORIZED SIGNATURE OF LESSEE, INPHONIC INC |
|---|
| SIGNATURE [signature] |
| PRINTED NAME & TITLE Frank C Bennett, Chief Operating Officer |
| DATE 9/5/2002 |
| STATE OF ORGANIZATION Delaware |
| ORGANIZATION # 2711215-8100 |
| PLACE OF BUSINESS/CHIEF EXECUTIVE OFFICE/PRINCIPAL RESIDENCE 1010 Wisconsin Ave NW Washington DC 20007 |

4. **DISCLAIMER OF WARRANTIES AND CLAIMS** **LESSEE ACKNOWLEDGES THAT LESSOR MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED (INCLUDING IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR USE OR PURPOSE) TO ANYONE, AS TO ANY ASPECT OF THE EQUIPMENT LESSEE LEASES THE EQUIPMENT "AS-IS" LESSOR SHALL NOT BE LIABLE FOR ANY LOSS OR INJURY TO LESSEE OR TO ANY THIRD PERSON OR PROPERTY INCLUDING DIRECT INDIRECT CONSEQUENTIAL, INCIDENTAL AND SPECIAL DAMAGES CAUSED BY THE USE, OWNERSHIP, LEASE OR POSSESSION OF THE EQUIPMENT IF THE EQUIPMENT DOES NOT OPERATE AS REPRESENTED BY THE SUPPLIER, OR IS UNSATISFACTORY FOR ANY REASON WHATSOEVER, LESSEE SHALL MAKE ANY SUCH CLAIM SOLELY AGAINST THE SUPPLIER AND LESSEE HEREBY WAIVES ANY SUCH CLAIM AGAINST LESSOR. NO REPRESENTATION OR WARRANTY BY THE SUPPLIER IS BINDING ON LESSOR NOR SHALL BREACH OF SUCH WARRANTY RELIEVE LESSEE OF ITS OBLIGATIONS TO LESSOR.** All warranties from the supplier to Lessor are hereby assigned to Lessee

5. **TITLE, PERSONAL PROPERTY** Lessor is the sole owner of the Equipment Lessor may affix to the Equipment any labels supplied by Lessor evidencing Lessor s ownership To protect Lessor s rights in the Equipment in the event this Lease is determined to be a Lease Agreement, Lessee hereby grants to Lessor a security interest in the Equipment. Lessee hereby authorizes Lessor at Lessee s expense, to cause this Lease, or any statement or other instrument in respect of this Lease showing the interest of Lessor in the Equipment, including Uniform Commercial Code financing statements, to be filed or recorded and grants Lessor and Lessor s agents the right to sign Lessee s name thereto Lessee agrees to execute and deliver any statement or instrument requested by Lessor for such purpose, and agrees to pay or reimburse Lessor for any searches filings recordings stamp fees or taxes related to the filing or recording of any such instrument or statement. Lessee shall at its expense protect and defend Lessor s title against persons claiming against or through Lessee, at all time keeping the Equipment free from any legal process lien or encumbrance and shall give Lessor immediate written notice of any claim as to the foregoing and shall indemnify Lessor from any loss caused thereby Lessee shall upon Lessor s request, execute or obtain from third parties and deliver to Lessor such estoppel certificates, landlord s waivers and such further instruments and assurances as Lessor deems necessary or advisable for the confirmation or perfection of Lessor s rights hereunder The Equipment is and shall at all times be and remain, personal property notwithstanding that the Equipment or any part thereof may now be or hereafter become in any manner affixed or attached to real property or any improvements thereon.

6. **MAINTENANCE, USE AND LOCATION.** Lessee shall at its own cost and expense maintain the Equipment in good operating condition and repair other than normal wear and tear shall use the Equipment in the regular course of its business and at the location stated herein, within its normal operating capacity and shall comply with all laws, ordinances, regulations, requirements (from the manufacturer or otherwise) and rules with respect to the maintenance and operation of the Equipment; shall not move the Equipment or make any modifications, alterations or additions to the Equipment without prior written consent of Lessor Lessee will in no event subject the Equipment to corrosive, abrasive or other abnormal working conditions without Lessor s prior written consent. If Lessor incurs any costs or expenses to bring the Equipment up to good working order and appearance, reasonable wear and tear excepted, Lessee shall immediately reimburse Lessor for all such costs or expenses. If Lessee s use of the Equipment exceeds 2,000 running hours per unit, per year Lessee will pay Lessor additional rent equal to $2 50 for each hour of excess use per unit. Prior to or in conjunction with the execution of this Lease or applicable Schedule, Lessor or an authorized agent of Lessor may complete a lease Survey regarding the anticipated use of the Equipment, where such Survey will be attached to and become part of this Lease or applicable Schedule If Lessee s application of the Equipment exceeds the hours of use and working conditions set forth in the Survey Lessee will pay Lessor $2 50 for each hour of excess use per unit, and reimburse Lessor for all costs or expenses necessary to bring the Equipment up to good operating condition

| AUTHORIZED SIGNATURE OF LESSOR. CITICORP VENDOR FINANCE, INC |
|---|
| SIGNATURE [signature] |
| PRINTED NAME & TITLE SARAH SPAHR |
| DATE 11-13-07 |

Headquarters. 700 East Gate Dr., Mt. Laurel, NJ 08054-5404

CitiCapital is a service mark of Citicorp

A member of citigroup

**MASTER LEASE AGREEMENT - Lease Agreement No 200057820 Page 2 of 2**

7 **RETURN, AUTOMATIC RENEWAL** If upon Lessee's return of the Equipment Lessor determines that the Equipment has been subjected to excessive wear and tear Lessee shall pay Lessor an amount which Lessor determines in good faith necessary to restore the Equipment to good working order and appearance ordinary wear and tear excepted. On or before ninety (90) days prior to the expiration of the initial term or any renewal term Lessee shall give Lessor written notice of Lessee's intention to return the Equipment to Lessor Within ten (10) days of expiration or earlier termination of this Lease Lessee shall return the Equipment, freight and insurance prepaid, to Lessor in good repair condition and working order ordinary wear and tear excepted. If Lessee fails to so notify Lessor or having notified Lessor fails to return the Equipment as provided herein, this Lease at Lessor's option shall renew on a month-to-month basis at a periodic rent equal to the periodic rent stated herein Nothing contained herein is intended to relieve Lessee of its obligations to return the Equipment or restrict Lessor's right to recover the same in the event of termination of Lease

8 **RISK OF LOSS** Lessee shall bear all risks of loss or damage to Equipment from any cause from date of shipment to Lessee until its return to Lessor THE OCCURRENCE OF ANY SUCH LOSS OR DAMAGE SHALL NOT RELIEVE LESSEE OF ANY OBLIGATION HEREUNDER Lessee shall immediately notify Lessor of any damage to or destruction of the Equipment. In the event of loss or damage Lessee at Lessor's sole option shall (a) repair the damaged Equipment or (b) replace lost or unrepairable damaged Equipment with substantially identical Equipment in good condition and working order with documentation creating clear title thereto in Lessor or (c) pay to Lessor the present value of (i) all unpaid lease payments for the balance of the term of this Lease plus (ii) Lessor's anticipated residual recovery from the Equipment at the scheduled expiration of this Lease all discounted to the date of payment at four (4%) per annum.

9 **INSURANCE** Lessee shall keep the Equipment insured against all risks of loss or damage from every cause whatsoever during the term of this Lease for not less than the full replacement value thereof and shall carry public liability and property damage insurance, coverage of $1MM or greater covering the Equipment and its use and name CitiGroup, Inc., its subsidiaries, affiliates and assignees including CitiCapital as its assignee loss payee, and additional insureds with companies acceptable to Lessor Lessee shall pay the premiums therefore and deliver said policies or certificates of coverage to Lessor the insurance shall provide Lessor a right to thirty (30) days written notice before the policy can be altered or canceled and the right, without obligation to pay the premiums Should Lessee fail to provide such insurance coverage Lessor may obtain such coverage and charge Lessee therefor Lessee hereby appoints Lessor as Lessee's attorney-in-fact to make claim for receive payment of and execute and endorse all documents checks or drafts for loss or damage under any said insurance policies.

10 **TAXES AND CHARGES** This Lease is intended to be a net lease and all payments net to Lessor to the extent permitted by applicable law Unless otherwise directed by Lessor in writing, Lessor shall pay all personal property taxes with respect to the Equipment and Lessee shall reimburse Lessor therefor upon demand. Lessor at its sole option, may assess estimated personal property tax with each lease payment or periodically as invoiced. Lessee shall pay directly (or at Lessor's option reimburse Lessor for) all license fees, assessments and other government charges, and all sales, use, excise, franchise, and any other similar taxes (collectively "Charges") now or hereafter imposed, levied or assessed by any state federal or local government or agency upon any of the Equipment or upon the leasing, purchase, ownership, use possession, financing or operation thereof or upon the receipt of lease payments therefor even if Lessee's status provides for its exemption from the Charges (excluding income and gross receipt taxes on the lease payments, except any such tax which is a substitution for or relieves Lessee from, the payment of taxes which Lessee would otherwise be obligated to pay or reimburse Lessor as herein provided) before the same shall become in default or subject to the payment of any penalty or interest. Lessee shall supply Lessor with receipts or other evidence of payment of all Charges as may reasonably be requested by Lessor Lessee shall further comply with all state and local laws requiring the filing of ad valorem or other tax returns relating to any Charges Lessee shall notify the Lessor of the imposition of, or to Lessee's knowledge, the proposed imposition of any Charges by supplying to Lessor (within five (5) days after receipt thereof by Lessee) a copy of the invoice or other documents respecting such charges

10 2 **SPECIAL TAX INDEMNIFICATION** Lessor in determining the rent due hereunder has assumed that certain tax benefits under the Internal Revenue Code of 1986 as amended ("Code") and under applicable state tax law including, without limitation, depreciation deductions, are available to Lessor as a result of the lease of the Equipment and, as such Lessee acknowledges that this Lease is a tax lease In the event Lessor is unable to obtain such tax benefits for any reason, Lessee shall pay Lessor additional rent ("Additional Rent") in an amount needed to provide Lessor with the same after-tax yield and after-tax cash flow as would have been realized by Lessor had Lessor been able to obtain such tax benefits The Additional Rent shall be computed by Lessor which computation shall be binding on Lessee. The Additional Rent shall be due immediately upon written notice by Lessor to Lessee of Lessor's inability to obtain tax benefits Lessee promises that neither Lessee (nor any of Lessee's permitted successors, sublessees or assigns) will take any action or fail to take any action that would result in a loss, reduction deferral recapture, or other unavailability to Lessor (or any consolidated group with which Lessor files tax returns) of any part of the aforementioned tax benefits. The provisions of this Paragraph 10 2 shall survive the termination of this Lease

11 **LEASE IRREVOCABILITY AND OTHER REPRESENTATIONS OF LESSEE** LESSEE'S OBLIGATIONS UNDER THIS LEASE ARE ABSOLUTE, NON CANCELABLE AND SHALL CONTINUE WITHOUT ABATEMENT AND REGARDLESS OF ANY INABILITY OF LESSEE TO USE THE EQUIPMENT OR ANY PART THEREOF BECAUSE OF ANY REASON INCLUDING BUT NOT LIMITED TO WAR, ACT OF GOD, GOVERNMENTAL REGULATIONS, STRIKE, LOSS, DAMAGE, DESTRUCTION, OBSOLESCENCE, FAILURE OF OR DELAY IN DELIVERY FAILURE OF THE EQUIPMENT TO OPERATE PROPERLY OPERATION OF LAW OR ANY OTHER CAUSE Lessee represents that the Equipment shall be used by Lessee solely for business purposes and that all financial and other information submitted to Lessor is true and correct. The Lessee's complete and accurate legal name is set forth above its signature.

12 **INDEMNITY** Lessee shall indemnify and hold Lessor harmless from and against any and all claims, actions suits proceedings costs expenses damages and liabilities, including pre and post judgment attorney's fees, arising out of connected with, or resulting from the Equipment or this Lease, including without limitation, the manufacture selection delivery possession, use lease, operation, or return of the Equipment. Such indemnity shall survive the termination or expiration of the Lease

13 **DEFAULT AND REMEDIES** If any one of the following events shall occur (a) Lessee fails to pay any rent of any other payment hereunder when due or (b) Lessee fails to pay within five (5) days when due, any sums due to Lessor arising independently of this Lease or (c) Lessee fails to perform any covenants herein after 10 days written notice or (d) Lessee becomes insolvent or makes an assignment for the benefit of creditors, or (e) a receiver trustee conservator or liquidator of Lessee or of all or a substantial part of its assets is appointed with or without the application or consent of Lessee or a petition is filed by or against Lessee under the Bankruptcy Code or under any other insolvency laws, providing for the relief of debtors, or (f) any representation or statement made or furnished by Lessee to Lessor was false or misleading in any material respect when made or furnished, Lessor may to the extent permitted by applicable law exercise any one or more of the following remedies

(i) Terminate this Lease

(ii) Declare the entire unpaid balance of lease payments for the unexpired term of the Lease or any Schedule thereto immediately due and payable and to similarly accelerate the balances due under any other agreements between Lessor and Lessee and recover the present value of (x) all unpaid lease payments for the balance of the term of the Lease and other such agreements and (y) Lessor's anticipated residual recovery from the Equipment at the scheduled expiration of the Lease, all discounted to the date of default at four (4%) percent per annum,

(iii) Charge Lessee interest on all monies due Lessor under this Section from and after the date the same is due at the rate of one and one-third (1 1/3%) percent per month until paid but in no event more than the maximum rate permitted by law

(iv) Require Lessee to return all Equipment at Lessee's expense, to a place designated by Lessor and to recover possession of all items of Equipment, without demand or notice, wherever same may be located, without any court order or pre-taking hearing. Lessee hereby waives any and all damages occasioned by such retaking Lessor may at its option use ship, store repair or lease all Equipment so recovered and sell or otherwise dispose of any such Equipment at a private or public sale or resell the Equipment at Lessee's premises at reasonable business hours without being required to remove the Equipment In the event Lessor disposes of the Equipment, Lessor shall give Lessee credit for any sums received by Lessor from the sale or rental of the Equipment after deduction of the expenses of sales or rental.

Lessee shall also be liable and shall pay to Lessor all expenses incurred by Lessor in connection with the pre and post judgment enforcement of any of the Lessor's remedies including all expenses of repossessing, storing, shipping, repairing, and selling the Equipment, and Lessor's reasonable attorney's fees. Lessor and Lessee acknowledge the difficulty in establishing a value for the unexpired term and owing to such difficulty agree that the provisions of this paragraph represent an agreed measure of damages and are not to be deemed a forfeiture or penalty

All remedies of Lessor hereunder are cumulative, are in addition to any other remedies provided for by law and may to the extent permitted by law be exercised concurrently or separately The exercise of any one remedy shall not be deemed to be an election of such remedy or to preclude the exercise of any other remedy No failure on the part of the Lessor to exercise and no delay in exercising any right or remedy shall operate as a waiver thereof or modify the terms of this Lease A waiver of default shall not be a waiver of any other or subsequent default

14 **ASSIGNMENT, WAIVER OF DEFENSES, QUIET ENJOYMENT** Lessor may without notice or consent, assign or transfer this Lease or grant a security interest in any Equipment, any rentals, or any other sums due or to become due hereunder and in such event Lessor's assignee shall have all the rights, powers and remedies of Lessor hereunder Lessee agrees that no assignee of Lessor shall be bound to perform any duty covenant, condition or warranty attributable to Lessor and Lessee further agrees not to raise any claim or defense arising out of this Lease or otherwise which it may have against Lessor as a defense, counterclaim or offset to any action by an assignee or secured party hereunder Upon Lessor's request, Lessee will acknowledge to any assignee receipt of Lessor's notice of assignment. Nothing contained herein is intended to relieve Lessor of any of its obligations Provided Lessee is not in default hereunder Lessee shall quietly use and enjoy the Equipment subject to the terms hereof LESSEE SHALL NOT ASSIGN THIS LEASE OR ANY INTERESTS HEREUNDER NOR ENTER INTO ANY SUBLEASE WITH RESPECT TO THE EQUIPMENT WITHOUT LESSOR'S PRIOR WRITTEN CONSENT WHICH MAY BE GRANTED OR WITHHELD IN LESSOR'S SOLE DISCRETION.

15 **PERFORMANCE BY LESSOR OF LESSEE'S OBLIGATIONS** In the event Lessee fails to comply with any provisions of this Lease, Lessor shall have the right, but shall not be obligated, to act on behalf of Lessee upon ten (10) days prior written notice to Lessee. In such event, all monies expended by Lessor in effecting such compliance shall be deemed to be additional rent, and shall be paid by Lessee to Lessor at the time of the next rent payment, together with interest at the rate of one and one-third (1 1/3Y) percent per month but in no event more than the maximum permitted by law

16 **GOVERNING LAW, JURISDICTION AND VENUE WAIVER OF TRIAL BY JURY** THIS LEASE SHALL BE BINDING WHEN EXECUTED BY LESSOR AND SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY Lessee consents to the personal jurisdiction of the Federal and State Courts located in the State of New Jersey with respect to any action arising out of this Lease or the Equipment provided, however Lessor may in its sole discretion enforce this Lease in any court having lawful jurisdiction thereof. Lessee agrees that service of process in any such suit may be made by certified mail, return receipt requested, addressed to the Lessee at the address set forth herein. TO THE EXTENT PERMITTED BY LAW LESSEE WAIVES (i) TRIAL BY JURY IN ANY ACTION RELATED TO OR ARISING OUT OF THIS AGREEMENT, (ii) ANY AND ALL RIGHTS AND REMEDIES GRANTED LESSEE BY SECTIONS 2A-508 THROUGH 2A 522 OF THE UNIFORM COMMERCIAL CODE and (iii) THE RIGHT TO FILE ANY AMENDMENTS OR TERMINATIONS OF FINANCING STATEMENTS WITHOUT LESSOR'S SINGATURE THEREON

17 **LOCATION OF THE LESSEE** If the Lessee is (i) a corporation, limited liability company limited partnership or other registered organization its state of organization and organizational identification number are as specified below the Lessee's signature (ii) an organization not required to be registered its place of business ( or if the Lessee has more than one place of business, its chief executive office) is located at the address specified below the Lessee's signature and (iii) an individual (sole proprietor) his/her principal residence is at the address set forth below his/her signature. The Lessee shall provide written notice to the Lessor of not less than thirty (30) days prior to any chance in the Lessee's name its jurisdiction or organization, its principal residence or its chief executive office.

18 **GENERAL** This Lease shall inure to the benefit of and is binding upon the heirs personal representatives, successors and assigns of the parties hereto. Time is of the essence of this Lease This Lease contains the entire arrangement between Lessor and Lessee and no modifications of this Lease shall be effective unless in writing and executed by Lessor All covenants and obligations of Lessee to be performed pursuant to this Lease, including all payments to be made by Lessee hereunder shall survive the expiration or earlier termination of this Lease If more than one Lessee is named in this Lease, the liability of each shall be joint and several. In the event any provision of this Lease shall be unenforceable then such provision shall be deemed deleted, however all other provisions hereof shall remain in full force and effect. All notices under this Lease shall be deemed given when delivered personally or when sent by certified mail to the party intended at its address set forth herein, or such other addresses said party may provide in writing from time to time

**SCHEDULE TO MASTER LEASE** Lease Agreement No 200057820
Schedule No 200057820

citicapital

7165 SW Fir Loop Ste 204
Tigard OR 97223
Ph (888) 828-2410
Fax (888) 828-2420

WHEN SIGNED BY BOTH PARTIES, THIS SCHEDULE TO MASTER LEASE AGREEMENT NO 200057820 ("MASTER AGREEMENT") BETWEEN THE LESSEE NAMED BELOW AND THE LESSOR NAMED BELOW SHALL BE EFFECTIVE.

| FULL LEGAL NAME AND ADDRESS OF LESSEE | NAME AND ADDRESS OF EQUIPMENT SUPPLIER |
|---|---|
| INPHONIC INC | MCCALL HANDLING CO |
| 1010 WISCONSIN AVE STE 250 | 2 EAST WELLS STREET |
| WASHINGTON DC 20007 STATE OF ORGANIZATION ______ | BALTIMORE, MD 21230 |
| PHONE (202) 333-0001 | CONTACT MARIE MARTZ |

| QTY | EQUIPMENT DESCRIPTION |
|---|---|
| ONE (1) | NEW HYSTER LIFT TRUCK MODEL N40XMR2, Together with all attachments accessories and accessions S/N(s) C470N01611Y |

INITIAL TERM 60 MONTHS

60 MONTHLY LEASE PAYMENTS $ 397 00 (Plus applicable sales tax)

ADVANCE PAYMENT AMOUNT $ 397.00 (Plus applicable tax Remit check with Schedule)

APPLIED TO THE 1ST 1 AND LAST 0 MONTH (S)

SECURITY DEPOSIT $ 0

The purchase option for this Schedule is indicated by a check (X) in the box next to the applicable paragraph

☒ FAIR MARKET VALUE PURCHASE OPTION If no event of default exists under this Schedule Lessee will have the option at the end of the initial term or any renewal term to purchase all (but not less than all) of the Equipment that is the subject of this Schedule at fair market value in place and use as reasonably determined by Lessor Lessee will purchase or return the Equipment in compliance with the terms of the Master Agreement and this Schedule If Lessee does not agree with Lessor s determination of the Equipment s fair market value, the fair market value will be determined at Lessee s expense by an independent appraiser selected by Lessor Upon payment of the purchase option price Lessor shall transfer its interest in such Equipment to Lessee "AS-IS WHERE IS" without any representation or warranty whatsoever and the Schedule will terminate

☐ STATED PURCHASE OPTION If no event of default exists under this Schedule Lessee will have the option at the end of the initial term or any renewal term to purchase all (but not less than all) of the Equipment that is the subject of this Schedule for $ __*_ Lessee will purchase or return the Equipment in compliance with the terms of the Master Agreement and this Schedule Upon payment of the purchase option price Lessor shall transfer its interest in such Equipment to Lessee "AS IS WHERE IS" without any representation or warranty whatsoever and this Schedule will terminate

* If Stated Purchase Option is $1 00 Section 10 2 of the Master Agreement is inapplicable.

☐ Check here if maintenance is applicable to this Schedule, in which case the following provision shall apply

MAINTENANCE Lessee agrees to pay the monthly payments under this Schedule which shall include charges (the "Charges") for maintenance services (the 'Services ') to be furnished by Supplier to Lessee for use with the Equipment Lessor is collecting the Charges as an administrative convenience to Lessee and the Supplier Lessee agrees that Lessor is not a manufacturer or supplier of the Services and Lessee will look only to Supplier for performance of the Services Lessee further agrees that its obligations under the Master Agreement and this Schedule are unconditional notwithstanding any breach by Supplier of its obligations to provide the Services.

EQUIPMENT LOCATION (If Different Than Above) 19301 PEPPERCORN PL LARGO MD 20774

THE TERMS AND CONDITIONS OF THIS SCHEDULE AND THE MASTER AGREEMENT ARE BINDING UPON THE PARTIES ALL TERMS AND CONDITIONS OF THE MASTER AGREEMENT ARE INCORPORTED HEREIN AND THIS SCHEDULE CONSTITUTES A SEPARATE LEASE UNLESS OTHERWISE DEFINED HEREIN ALL DEFINED TERMS SHALL HAVE THE MEANINGS PROVIDED IN THE MASTER AGREEMENT

**THIS SCHEDULE IS NON-CANCELABLE.**
**LESSEE ACKNOWLEDGES THAT AT THE TIME IT EXECUTED THIS AGREEMENT IT RETAINED A COPY**

| AUTHORIZED SIGNATURE OF LESSEE INPHONIC INC | AUTHORIZED SIGNATURE OF LESSOR. CITICORP VENDOR FINANCE, INC |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| PRINT OR TYPE NAME/TITLE Frank C. Bennett Chief Procurement Officer | PRINT OR TYPE NAME/TITLE SARAH SPAHR Sr Acct Rep |

A member of citigroup

CitiCapital is a service mark of Citicorp



citicapital
7165 SW Fir Loop Ste 204
Tigard OR 97223
Ph (888) 828-2410
Fax (889) 828-2420

# Certificate of Delivery and Acceptance

EQUIPMENT SCHEDULE NUMBER. 200057820

In compliance with the terms, conditions and provisions of the Master Lease Agreement Number 200057820 by and between the undersigned ("Lessee") and Citicorp Vendor Finance, Inc ("Lessor")

Equipment Description (Quantity, Make, Model, Serial Number)

ONE (1) NEW HYSTER LIFT TRUCK MODEL N40XMR2,, Together with all attachments, accessories and accessions S/N(s) C470N01611Y

The undersigned does hereby acknowledge the complete and satisfactory delivery and installation of the Equipment leased from Lessor The undersigned does further acknowledge that Lessor has made no warranties expressed or implied regarding the Equipment, that our obligations to Lessor or its assignees as set forth in the aforementioned lease are free of any and all claims, counter claims, defenses, or set-offs

Lessee INPHONIC INC

Signature [signature]

Printed Name & Title Frank C Bennett Chief Operating Officer

Date 5/3/2002