# EXHIBIT A

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 567, 608, 609, 627 |

**SUPPLEMENTAL ORDER SUSTAINING FIRST OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE DEBTORS TO CERTAIN IMPROPERLY
CLASSIFIED CLAIMS FILED BY KENNETH D. SCHWARZ
AND ANDREW B. ZEINFELD**

Upon consideration of (i) the First Omnibus Objection (Non-Substantive) to Certain Improperly Classified Claims (the "Objection"), filed by SN Liquidation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), (ii) the claims listed on Exhibit A to the Objection, (iii) the Declaration of Brad Daniel of BMC Group, Inc. in support of the Objection attached to the Objection as Exhibit B, and (iv) any responses to the Objection filed with the Court, including the responses filed by Kenneth D. Schwarz and Andrew B. Zeinfeld; and the Order Sustaining First Omnibus Objection (Non-Substantive) of the Debtors to Certain Improperly Classified Claims having been entered on July 15, 2008 [Docket No. 627] (the "First Omnibus Order"); and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Objection as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Objection is in the best

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{BAY:01129876v1}

interests of the Debtors, their estates and their creditors; and upon all of the proceedings had before the Court; and after due deliberation thereon and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection with respect to Claim No. 1075 of Andrew B. Zeinfeld and Claim No. 1076 of Kenneth D. Schwarz (collectively, the "Reclassified Claims") is SUSTAINED as set forth in this Order; and it is further

ORDERED that Claim No. 1075 is hereby reclassified as a general unsecured priority claim in the amount of $10,950.00, and the balance of Claim No. 1075 is hereby reclassified as a general unsecured non-priority claim in the amount of $389,050.00, plus unliquidated non-priority general unsecured amounts, if any, based on Mr. Zeinfeld's claims for indemnity; and it is further

ORDERED that Claim No. 1076 is hereby reclassified as a general unsecured priority claim in the amount of $10,950.00, and the balance of Claim No. 1076 is reclassified as a general unsecured non-priority claim in the amount of $64,050.00 plus unliquidated non-priority general unsecured amounts, if any, based on Mr. Schwarz's claims for indemnity; and it is further

ORDERED that BMC Group Inc., the Debtors' claims agent, is herby authorized and directed to reclassify the Reclassified Claims in the Claims Registry as provided in this Order; and it is further

ORDERED that the Debtors' rights to raise other objections to the claims subject to the Objection and this Order (including objections asserting that each Reclassified Claim has already been satisfied by payment made to claimants after the petitions in these cases were filed on account of prepetition claims for wages and salary) or assert setoff or

subordination on any and all grounds permitted by law and/or equity are hereby preserved; and it is further

ORDERED that nothing herein supersedes the First Omnibus Order, and it remains in full force and effect; and it is further

ORDERED that each claim and the Debtors' objections thereto as addressed in the Objection and as set forth on Exhibit A attached thereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014; and that this Order shall be deemed a separate Order with respect to each claim; and that any stay of this Order pending appeal by any of the Claimants whose claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with Respect to the other contested matters covered hereby; and it is further ordered

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August ___, 2008

THE HONORABLE KEVIN GROSS  
UNITED STATES BANKRUPTCY JUDGE