## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Objection deadline: September 9, 2008 at 4:00 p.m.** |
| | : | **Hearing date: September 16, 2008 at 2:00 p.m.** |

## DEBTORS' MOTION (SECOND) FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE TIME PERIODS DURING WHICH DEBTORS MAY FILE A CHAPTER 11 PLAN OR PLANS OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for an order pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") extending the exclusive periods during which the Debtors may file a chapter 11 plan or plans of reorganization and solicit acceptances thereof, to and including January 1, 2009 and March 2, 2009, respectively, and in support of this Motion, respectfully represent as follows:

### Background

1.       On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.       On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the

{BAY:01078657v1}

"APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

3.     On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

4.     On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").  Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer").

5.     On March 28, 2008, this Court entered the Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) of the Bankruptcy Code Extending the Exclusive Time Periods During Which Debtors May File a Chapter 11 Plan or Plans of Reorganization and Solicit Acceptances Thereof (the "Exclusivity Extension Order"). Pursuant to the Exclusivity Extension Order, the Debtors' current exclusive filing and solicitation periods under section 1121(b) of the Bankruptcy Code are through September 3, 2008 and November 2, 2008, respectively.

6.     On April 14, 2008, the Debtors filed the Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "Plan") and the Disclosure Statement for the Joint Plan of

Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "Disclosure Statement").

7.    On May 19, 2008, the Debtors filed the Debtors' Motion Pursuant to Sections 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing  (the "Solicitation Procedures Motion").

8.    On June 12, 2008, the Debtors filed the First Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "First Amended Plan") and the First Amended Disclosure Statement for the Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "First Amended Disclosure Statement").

9.    A hearing on the adequacy of the disclosure statement was held on June 13, 2008.  No order was entered at that time.  On July 15, 2008, a status conference was held, during which the Debtors and other parties in interest apprised the Court of the status of a consensual plan of liquidation and disclosure statement.

10.    As a result of ongoing negotiations since the July 15, 2008 hearing, the parties agreed to the final language of a consensual plan (the "Second Amended Plan") and disclosure statement (the "Second Amended Disclosure Statement").  On August 11, 2008, the Debtors filed, under certification of counsel, the Second Amended Plan and the

Second Amended Disclosure Statement, together with a revised form of order granting the Solicitation Procedures Motion (the "Solicitation Procedures Order"). On August 12, 2008, the Court entered the Solicitation Procedures Order. Solicitation of acceptances of the Second Amended Plan began immediately thereafter.

11.    The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

### Jurisdiction

12.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13.    By this Motion, and pursuant to section 1121(d) of the Bankruptcy Code, the Debtors seek the entry of an order extending the time periods under sections 1121(b) and (c) of the Bankruptcy Code during which the Debtors may file a chapter 11 plan or plans of reorganization and solicit acceptances thereof to and including January 1, 2009 and March 2, 2009, respectively, without prejudice to their right to seek additional and further extensions of these periods as may be appropriate under the circumstances then prevailing.

### Basis for Relief

14.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"). Section

1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes a plan within the 120-day exclusive period, it has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such plan (the "Exclusive Solicitation Period," and collectively, with the Exclusive Filing Period, the "Exclusive Periods").  Absent an extension, the Debtors' current Exclusive Filing Period and Exclusive Solicitation Period will end on September 3, 2008 and November 2, 2008, respectively.   Pursuant to section 1121(d) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend a debtor's Exclusive Periods.   As demonstrated below, cause exists for extending the Debtors' Exclusive Periods in these chapter 11 cases.

15.    Section 1121(d) of the Bankruptcy Code permits the Court to extend a debtor's Exclusive Periods upon a demonstration of cause:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

16.    "The hallmark of . . . section [1121(d)] is flexibility."  In re Perkins, 71 B.R. 294, 297 (W.D. Tenn. 1987).  Congress intended that the Exclusive Period during which only the debtor may file a chapter 11 plan be of adequate length for the debtor to formulate, negotiate and draft a consensual plan and solicit acceptances thereof.  As

reflected in the legislative history of section 1121 of the Bankruptcy Code, section 1121(d) "allows the flexibility in individual cases" to extend the Exclusive Periods "to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); see In re Newark Airport/Hotel L.P., 156 B.R. 444, 451 (Bankr. D.N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993); In re Pub. Serv. Co. of N.H., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("the legislative intent . . . [is] to promote maximum flexibility").

17.    In circumstances where the Exclusive Periods prove inadequate for the debtors to negotiate and file a plan, which often is the case, the bankruptcy court has the discretion to extend the debtors' Exclusive Periods. Courts have relied on a variety of factors when determining whether cause exists for an extension of the Exclusive Periods, each of which may provide sufficient grounds for extending the Exclusive Periods. These factors include (1) the size and complexity of the case, (2) the necessity of sufficient time to negotiate and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (6) whether the debtor has made progress in negotiating with creditors, (7) the length of time the case has been pending, (8) whether the debtor is seeking the extension to pressure creditors, and (9) whether unresolved contingencies exist. See In re R.G. Pharmacy, Inc., 374 B.R. 484 (Bankr. D.Conn. 2007); In re Adelphia Communications Corp., 352 B.R. 578, 586-587 (Bankr. S.D.N.Y. 2006); In Re Dow Corning Corp., 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997); In re Grand Traverse Dev. Co. Ltd. P'ship, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987). These are, however, only factors, not all of

which are relevant in every case. In re Hoffinger Industries, Inc., 292 B.R. 639, 644 (8th Cir. BAP (Ark.) 2003). Moreover, no one factor is dispositive and the Court, in its discretion, can determine which factors are relevant and give appropriate weight to each. Id.; see Dow Corning, 208 B.R. at 669.

18.     Cause exists in these chapter 11 cases for extending the current Exclusive Periods requested in this Motion, as several of the above-noted factors are present. Initially upon filing these cases, a majority of the Debtors' time and efforts were devoted towards effectuating the successful sale of substantially all of their assets, including, obtaining Court approval of the highly contested Sale Motion, implementing the post-sale executory contract procedures pursuant to the Sale Order, and establishing an appropriate successive management structure. Further, the Debtors dedicated a considerable portion of time to preparing tax returns; obtaining tax and corporate governance information post-sale; reconciling administrative and other post-petition claims against the estates; and preparing and filing their schedules and statements.

19.     More recently, and since the entry of the Exclusivity Extension Order, the Debtors have focused their attention on formulating, drafting, negotiating and filing the Plan and Disclosure Statement, as well as the First and Second Amended Plans and the First and Second Amended Disclosure Statements. A considerable amount of time and effort has been expended negotiating the final language of a consensual plan and disclosure statement. To date, significant good faith progress has been made toward confirmation of a consensual plan. A disclosure statement and shortened disclosure statement have been approved and acceptances of a plan are being solicited. A hearing

on confirmation of the Second Amended Plan is scheduled for October 14, 2008. The Debtors expect that such plan will be confirmed.

20.    In addition to negotiating and soliciting acceptance of the Second Amended Plan, the Debtors have spent an extensive amount of time reviewing and evaluating the proofs of claim filed against the Debtors in these cases. To that end, and in an effort to make the proposed plan feasible, the Debtors have drafted and filed a number of claim objections, several of which have been sustained by this Court. The Debtors continue to analyze claims and draft claim objections as needed. As a result of these claims-related efforts, the Debtors expect that feasibility of the Second Amended Plan regarding satisfaction of administrative and priority claims will not be an issue.

21.    The Debtors have made significant and material progress in these chapter 11 cases and do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. The Debtors and their professionals continue to expeditiously move these cases forward and are working closely with creditors toward confirmation of a consensual liquidating plan that maximizes the value of the Debtors' estates.

22.    In the Debtors' estimation, the extensions of the Exclusive Periods sought herein will not harm or prejudice the Debtors' creditors or other parties in interest in the chapter 11 cases and will further the intent of section 1121 of the Bankruptcy Code, which is to afford the Debtors a meaningful and reasonable opportunity to negotiate, develop, propose, confirm and consummate a consensual chapter 11 plan. These chapter 11 cases do not bear characteristics that would justify the denial of an extension of the exclusive periods. See, e.g., In re Gagel & Gagel, 24 B.R. 674 (Bankr. S.D. Ohio 1982)

(denying extension of exclusivity period because extension would be fruitless); Dow Corning, 208 B.R. at 670 (stating that an extension of the exclusive period should be denied if debtor appeared to be attempting to delay the administration of the bankruptcy case). The Debtors are not seeking extensions to delay the administration of their cases or to pressure creditors to accept unsatisfactory plans. On the contrary, these requests are intended to facilitate an orderly, efficient, and cost-effective plan process for the benefit of all creditors.

23.     Courts in this District have, on numerous occasions, granted extensions of exclusivity in liquidating chapter 11 cases. See In re Orion Refining Corp., Case No. 03-11483 (MFW) (Bankr.D.Del. Sept. 23, 2003); In re Golf America Stores, Inc., Case No. 02-12313 (PJW) (Bankr.D.Del. Dec. 24, 2002); In re Tiro Acquisition, LLC, 04-12938 (PJW) (Bankr.D.Del. Aug. 1, 2005); In re SFNB Acquisition Corp., Case No. 03-11524 (PJW) (Bankr.D.Del. Sept. 5, 2003).

24.     The Debtors have finalized a consensual liquidating plan and are currently soliciting acceptances thereof. Although the plan process has taken time, exclusivity needs to continue to ensure that progress is not impaired. Clearly, it would not be prudent for the Debtors to abandon their exclusivity rights at this time. Accordingly, the Debtors submit that the extension of the Exclusive Periods requested herein is reasonable and appropriate under the circumstances, and should be granted as being in the best interest of the Debtors' estates and creditors.

## Notice

25.     Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) counsel to the Committee, (c) counsel to Adeptio and Simplexity and

(d) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Exclusive Filing Period and the Exclusive Solicitation Period to and including January 1, 2009 and March 2, 2008, respectively, without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods, and (ii) granting such other and further relief as the Court deems just and proper.

Dated:    August 26, 2008
      Wilmington, Delaware

**BAYARD, P.A.**

By: _Daniel O'Brien_

Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
Telephone:    (302) 655-5000
Facsimile:    (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York  10020
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

*Counsel for Debtors and Debtors in Possession*