# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Hearing date: September 16, 2008 at 2:00 p.m. |
| | Objection deadline: September 9, 2008 at 4:00 p.m. |

## MOTION OF THE DEBTORS TO ABANDON DOCUMENTS

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion"), pursuant to section 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to abandon documents described herein, and in support hereof respectfully represent as follows:

### Background

1. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3. On the Petition Date, the Debtors filed the Motion of the Debtors for an

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

{BAY:01130366v2}

Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.  On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.  On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio").

6.  On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA). That date, the parties closed the sale of the APA.

7.  On February 25, 2008, the Court entered the Order Approving Limited Notice to Certain Rebate Creditors (the "Rebate Notice Order"). Pursuant to the Rebate Notice Order, creditors known to hold rebate claims ("Rebate Creditors") received scheduled, general unsecured non-priority claims against the Debtors' bankruptcy estates.

Additionally, the Rebate Notice Order authorized the Debtors to send Rebate Creditors limited notice of the Debtors' chapter 11 cases.

8. On May 19, 2008, the Debtors filed the Debtors' Motion Pursuant to Sections 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing (the "Solicitation Procedures Motion").

9. As a result of ongoing negotiations, the final language of a plan (the "Second Amended Plan") and disclosure statement (the "Second Amended Disclosure Statement") were agreed upon. On August 11, 2008, the Debtors filed, under certification of counsel, the Second Amended Plan and the Second Amended Disclosure Statement, together with a revised form of order granting the Solicitation Procedures Motion (the "Solicitation Procedures Order"). On August 12, 2008, the Court entered the Solicitation Procedures Order. Solicitation of acceptances of the Second Amended Plan began immediately thereafter. A hearing on confirmation of the Second Amended Plan is scheduled for October 14, 2008.

10. The Debtors are no longer operating and are currently reviewing and identifying documents that serve no benefit and have no value to the estates. Accordingly, the Debtors seek authority to abandon the documents identified herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

12. By this Motion, the Debtors respectfully requests this Court's authority to abandon the documents indentified herein.

### Basis for Relief

13. Section 554(a) of the Bankruptcy Code provides, "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr.D.D.C. 1994); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr.E.D.Pa. 1999) ("[s]ection 554 of the Code serves the purpose of expeditious and equitable distribution by permitting the trustee to abandon property that consumes the resources and drains the income of the estate").

14. The right to abandon property is quite broad under section 554 of the Bankruptcy Code. Courts give debtors in possession great deference to their decisions to abandon under section 554. *See In re Vel Rey Props.*, 174 B.R. at 867 ("[c]learly, the court should give deference to the trustee's judgment in such matters"). Unless the property is harmful to the public, once the debtors in possession have shown that the property is burdensome or of inconsequential value and benefit, the court should approve the abandonment. *Id.* at 868.

15. The Debtors are currently incurring storage costs for rebate documents (the "Documents") stored on approximately 60 pallets in an offsite facility operated by

Helgeson Enterprises Inc. ("Helgeson"). The Documents are related to rebate claims and consist of, *inter alia*, envelopes and associated materials submitted by customers to redeem rebates offered by the Debtors. Certain of the Documents are over four years old, and all of the Documents are of inconsequential value or benefit to the estates. Helgeson charges approximately $3,000 per month to store the Documents, and continued storage of the Documents will be unduly burdensome to the estates.

16. The Debtors are not a going concern and are not honoring rebate claims in the ordinary course of business. Rebate claimants have scheduled claims in the bankruptcy cases, and will receive distributions pursuant to the Debtors' proposed plan. The Debtors have determined, in their business judgment, that the Documents serve no benefit and have no value to the estates. To maintain the Documents at such a high cost is entirely unnecessary for the administration of the estates and is a waste of the estates' resources. The costs of storing such Documents could reduce funds ultimately distributable to creditors. Accordingly, the Debtors should be permitted to abandon the Documents.

17. No prior request for the relief sought in this Motion has been made to this or any other Court.

### Notice

18. Notice of this Motion has been provided to the Office of the United States Trustee, Helgeson Enterprises, Inc., counsel to the Plaintiff's in the federal class actions consolidated in the United States District Court for the District of Columbia, and all parties requesting notice pursuant to Bankruptcy Rule 2002. Given the nature of the relief requested, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully requests the entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: August 28, 2008

By: *Daniel O'Brien*

**BAYARD, P.A.**
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone:    (302) 655-5000
Facsimile:     (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY 10020
Telepohone:   (202) 335-4990
Facsimile:     (212) 884-8690

*Counsel for the Debtors and Debtors in Possession*