# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., et al., | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |

NOTICE OF HEARING TO CONSIDER CONFIRMATION
OF DEBTORS' JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE THAT:

1. On November 8, 2007, the above-captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order dated November 9, 2007, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors in possession. On November 16, 2007, the United States Trustee for the District of Delaware (the "UST") filed the Notice of Appointment of Committee of Unsecured Creditors (the "Committee") for these Cases.

2. On August 11, 2008, the Debtors and the Committee filed with the Bankruptcy Court the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Plan")[2] and the Second Amended Disclosure Statement for Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (as may be amended, the "Disclosure Statement") providing information with respect to the Plan.

3. On August 12, 2008, the Bankruptcy Court entered an order, among other things, (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) fixing the administrative expense bar date, and (d) fixing date, time and place for confirmation hearing.

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

### Confirmation Hearing

4. A hearing on confirmation of the Plan will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 Market Street, 6th Floor, Wilmington, Delaware on October 14, 2008 at 2:00 p.m., prevailing Eastern Time. This hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates at the hearing or by filing an agenda for the hearing(s) that indicates adjournment.

### Objections to Confirmation of the Plan

5. Any objections to confirmation of the Plan (including any supporting memoranda) (a) shall be in writing, (b) shall comply with the Bankruptcy Code, Bankruptcy Rules and any Local Rules or orders of the Bankruptcy Court, (c) shall set forth the name and contact information of the objector and the nature and amount of any Claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis for such objection, and (e) shall be filed with the Bankruptcy Court, together with proof or service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on September 16, 2008.

(i) <u>Counsel for the Debtors and Debtors in Possession</u>

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY  10020
Attn:   Thomas R. Califano, Esquire
           Jeremy R. Johnson, Esquire

-and-

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
Attn:   Neil B. Glassman, Esquire

(ii) <u>Official Committee of Unsecured Creditors</u>

REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Attn:   Kurt F. Gwynne, Esquire

(iii) <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE  19801
Attn: Roberta A. DeAngelis, Esquire

2

(iv) <u>Counsel for Adeptio and Simplexity</u>

KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601-6636
Attn:  Anup Sathy, P.C., Esquire
       David A. Agay, Esquire

PURSUANT TO THE ORDER APPROVING THE DISCLOSURE STATEMENT, UNLESS A CONFIRMATION OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

## Plan Injunctions and Releases

6. If the Plan is confirmed, the applicable parties-in-interest will be bound by the releases and injunctions set forth in the Plan. In order to give notice to all parties of these releases and injunctions, the releases and injunctions set forth in the Plan are reprinted below.[3]

A.  **Adeptio Release**

1.  **Estate Releases**

Notwithstanding anything contained herein to the contrary, on the Effective Date and effective as of the Effective Date, the Debtors, their professionals, employees, agents, and advisors shall provide a full release (and each entity so released shall be deemed released) to Adeptio and its non-natural affiliates and subsidiaries and each of their respective directors, officers, employees, members, attorneys, financial advisors, accountants, professionals, agents and representatives, each in their respective capacities as such, and their respective property from any and all causes of action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors; nothing in this Plan releases any Retained Litigation Claims as set forth in the Term Sheet or Adeptio's or Simplexity's obligations under the Term Sheet, the APA or this Plan (the "<u>Adeptio Release</u>"). Pursuant to the Term Sheet, Adeptio and Simplexity will provide to the Litigation Trustee the books, records, files or other materials, or copies thereof, necessary to defend or otherwise resolve claims against the Debtors and to investigate and/or prosecute the claims and causes of action not sold and assigned to Adeptio and will provide access to personnel as reasonably necessary. Adeptio and Simplexity also agree to work in good faith towards an agreement regarding the governance and constitution of the Litigation Trust.

2.  **Third Party Releases**

Subject to the occurrence of the Effective Date, any Holder of a Secured Lender Claim or a General Unsecured Claim and their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors

---

[3] To the extent that the Debtors amend or change the releases and injunctions found in the Plan, the Debtors will file with the Bankruptcy Court an amended chapter 11 plan.

3

or assigns, by acceptance of the distributions to be received hereunder, will be presumed conclusively to have provided a full discharge and release to Adeptio and Simplexity, including their respective present members, officers, directors, employees, advisors, attorneys, and agents and their respective former members, officers, directors, employees, and agents if they are Transferred Employees, as that term is defined in the Asset Purchase Agreement (and their Affiliates to the extent set forth in section VI.F of the Plan), from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, at equity, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way whatsoever to the Debtors and these Chapter 11 Cases, including, but not limited to, those in any way related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or consummating the Sale, this Plan, the Disclosure Statement, the Litigation Trust Agreement, or any other contract, instrument, release, or other agreement or document created or entered into in connection with these Chapter 11 Cases or the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their gross negligence, willful misconduct or bad faith; provided, however, that the foregoing releases shall not apply to any Holder of a Secured Lender Claim or a General Unsecured Claim if such holder "opts out" of such releases by a timely written election set forth on such Holder's ballot.

### 3. Exculpation and Limitation of Liability

Neither the Debtors, the Committee, the Litigation Trustee, the Trust Oversight Committee, Adeptio or Simplexity, nor any of their respective present or former members, officers, directors, employees, advisors, attorneys, or agents, shall have or incur any liability to any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan or the Litigation Trust Agreement, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the Litigation Trust Agreement or the property to be distributed under this Plan or the Litigation Trust Agreement, except for their gross negligence, willful misconduct or bad faith, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

The Litigation Trust is hereby deemed to release only each Person exculpated pursuant to the above paragraph from any liability arising from any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of, these Chapter 11 Cases, formulating, negotiating or implementing this Plan, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the consummation of this Plan, the Confirmation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or bad faith.

Affiliates (as defined in the Asset Purchase Agreement) of Simplexity and Adeptio shall be exculpated and their liability (and the releases set forth in section XI.C of the Plan) shall be limited to the extent provided in and only to the extent provided in, the Asset Purchase Agreement and Term Sheet.

4

4. **Term of Injunctions or Stays**

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in these Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in this Plan or the Confirmation Order), including any stay exceptions provided for under Bankruptcy Code section 362(b), shall remain in full force and effect until the later of (a) the closing of the Chapter 11 Cases, or (b) the dissolution of the Liquidation Trust.

In accordance therewith, and without limiting the foregoing, until the later of (a) the closing of the Chapter 11 Cases, or (b) the dissolution of the Liquidation Trust (except as provided in section 362(b) of the Bankruptcy Code) are stayed from (i) the commencement or continuation of a judicial, administrative, or other action or proceeding, including the employment of service of process, against the Debtors that was or could have been commenced prior to the Petition Date, or to recover a claim against the Debtors that arose prior to the Petition Date, (ii) the enforcement, against the Debtors or against property of the Estates, of a judgment obtained before the Petition Date, (iii) any act to obtain possession of property of the Estates or of property from the Estates or to exercise control over property of the Estates, (iv) any act to create, perfect, or enforce any lien against property of the Estates, and (v) any act to collect, assess, or recover a claim against the Debtors that arose before the Petition Date.

Dated: August 12, 2008  
       Wilmington, Delaware

**BAYARD, P.A.**

By: /s/ Mary E. Augustine  
Neil B. Glassman (No. 2087)  
Mary E. Augustine (No. 4477)  
Daniel A. O'Brien (No. 4897)  
222 Delaware Avenue, Suite 900  
Wilmington, DE 19801

-and-

**DLA PIPER US LLP**  
Thomas R. Califano, Esquire  
Jeremy R. Johnson, Esquire  
1251 Avenue of the Americas  
New York, NY 10020

*Counsel for the Debtors and Debtors in Possession*