IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 677 |

**OBJECTION TO MOTION OF THE DEBTORS TO ABANDON DOCUMENTS**

Andrew B. Zeinfeld ("Mr. Zeinfeld"), by his undersigned counsel, respectfully objects to the Motion of the Debtors to Abandon Documents (the "Motion"), stating the following for reasons:

**REBATE LITIGATION IS ONGOING IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

The Debtors seek to abandon rebate documents (the "Documents") that are "related to rebate claims" and consist of "*inter alia*, envelopes and associated materials submitted by customers to redeem rebates offered by the Debtors." Motion at ¶ 15. Mr. Zeinfeld is a defendant in a putative consumer class action against numerous former officers and directors of the Debtors.[2] Plaintiffs in the Rebate Litigation allege that the individual defendants in that case had no intention of timely fulfilling promised rebates and delayed redeeming or unjustifiably rejected rebate claims that were properly submitted by the plaintiffs. *See generally* Consolidated Second Amended Class Action

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] This litigation is a consolidated multi-district proceeding styled *In re: Inphonic, Inc. Wireless Phone Rebate Litigation*, Misc. Action No. 06-0507 (ESH), MDS Docket No. 1792, pending in the U.S. District Court for the District of Columbia (the "Rebate Litigation").

Complaint, attached hereto as Exhibit A at ¶ 1.  It is readily apparent that the Documents "related to the rebate claims," including the "envelopes and associated materials submitted by customers to redeem rebates" may be relevant in -- or reasonably calculated to lead to the discovery of admissible evidence in -- the Rebate Litigation.

The Bankruptcy Court should not permit the Debtor to abandon the rebate documents at this time.  Although the Debtor accurately states that it is not a going concern and is not honoring rebate claims in the ordinary course of business, the Debtor fails to acknowledge in its Motion that litigation is ongoing in which the very documents that the Debtor seeks to abandon may be discoverable.  Until a determination is made that the rebate documents are not discoverable in the Rebate Litigation, the Bankruptcy Court should require the Debtor to preserve the rebate documents.

**PREJUDICE TO THE ESTATE BY ABANDONMENT**

Mr. Zeinfeld has a right of indemnification pursuant to the Article VII of the Third Amended and Restated Bylaws of InPhonic, Inc. (the "Bylaws").  The Bylaws provide that officers and directors made party to a proceeding by reason of the fact that he/she was an officer or director shall be indemnified and held harmless by the corporation to the fullest extent authorized by the Delaware General Corporation Law against all expenses, liability and loss reasonably incurred or suffered by such person therewith.  A copy of Article VII of the Bylaws is attached hereto as Exhibit B.  Mr. Zeinfeld has a claim against InPhonic for expenses, liability and loss relating to the Rebate Litigation.  These amounts are not yet determined.  Mr. Zeinfeld has filed a proof of claim on account of his right of indemnification.

The Debtor was initially named as a defendant in the Rebate Litigation. *See* Consolidated Second Amended Class Action Complaint at ¶ 1. After it filed for bankruptcy relief in this Court, the complaint was amended and the Debtor was removed as a defendant in the Rebate Litigation. Nevertheless, while the Debtor is no longer a named defendant, the suit affects the estate on account of the indemnity claims held by former officers and directors.

Discovery has not yet begun in the Rebate Litigation. The parties to the Rebate Litigation are briefing a joint motion to dismiss presented by several of the defendants. Should the Court deny the defendants' motion to dismiss, i.e., should the Rebate Litigation move into the discovery phase, it may well be that one or more of the parties will seek to discover the very rebate documents that the Debtor seeks to abandon. If document discovery ensues after a ruling on the pending dispositive motion in the Rebate Litigation (a decision is not likely before November and perhaps later), counsel in the Rebate Litigation will require time to review the subject rebate-related documents and make a determination as to whether such documents are discoverable. Until such time as an assessment and determination is necessary in terms of whether these documents are discoverable in the Rebate Litigation, the Bankruptcy Court should not permit the Debtor to abandon these documents.

Abandonment of the Documents at this time may prejudice the defense of the Rebate Litigation which, in turn, would prejudice the estate because at least some of the defendants hold indemnification claims against the estate.

For these and such other reasons that may be raised at a hearing on the Motion, Mr. Zeinfeld respectfully requests that the Court deny the Motion and grant such other and further relief as may be just and proper.

Dated:  September 9, 2008.
/s/ Lisa Bittle Tancredi
Lisa Bittle Tancredi
Delaware Bar No. 4657
Venable LLP
1200 North Broom Street
Wilmington, DE 19806
(302) 656-3929 - Telephone
(302) 656-8503 – Facsimile
lbtancredi@venable.com

Attorneys for Andrew B. Zeinfeld

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2008, a copy of the foregoing Objection to Debtor's Motion to Abandon Documents was served, via first-class mail, postage pre-paid, on each of the following:

Neil B. Glassman, Esquire
Mary E. Augustine, Esquire
Daniel A. O'Brien, Esquire
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Counsel to the Debtor

Gaston Plantiff Loomis, II, Esquire
Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 Market Street, 15th Floor
Wilmington, DE 19801

Counsel to the Official Committee of Unsecured Creditors

Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020

Counsel to the Debtor

U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

/s/ Lisa Bittle Tancredi
Lisa Bittle Tancredi

BA3DOCS1/401113