IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SN LIQUIDATION, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 07-11666 (KG) <br> Jointly Administered <br><br> Objection Deadline: October 3, 2008 at 4:00 p.m. <br> Hearing Date: Only if Objections are Filed |

**FIFTH MONTHLY FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2008 THROUGH JULY 31, 2008**

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 7, 2008, *nunc pro tunc* to November 16, 2007 |
| Period for which compensation and reimbursement is sought: | May 1, 2008 through July 31, 2008 |
| Amount of Compensation sought as actual, reasonable and necessary: | $24,594.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $804.60 |
| This is a: | Monthly Fee Application |

The total time expended for preparation of this application is approximately 5.0 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

WILLIB-60228.3

Summary of Monthly Fee Applications Filed:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| January 14, 2008 | November 16, 2007 - November 30, 2007 | $203,247.00 | $305.43[1] | $162,597.60 | $305.43 |
| February 6, 2008 | December 1, 2007 – December 31, 2007 | $146,992.00 | $21,481.49 | $117,593.60 | $21,481.49 |
| March 14, 2008 | January 1, 2008 – January 31, 2008 | $28,363.00 | $1,434.37 | $22,690.40 | $1,434.37 |
| May 21, 2008 | February 1, 2008 – April 30, 2008 | $55,361.50 | $1,789.45 | $44,289.20 | $1,789.45 |

---

[1] Reed Smith LLP voluntarily reduced the total requested expenses in its November 2007 monthly fee application (D.I. 303) from $322.63 to $305.43. In-house copies were inadvertently billed at a rate of $0.15 per copy rather than $0.10 per copy.

# REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM MAY 1, 2008 THROUGH JULY 31, 2008

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kurt F. Gwynne | Partner. Joined firm as partner in 2001. Member DE bar since 2000. Member PA and NJ bars since 1992. | $560.00 | 16.10 | $9,016.00 |
| Gaston P. Loomis II | Joined firm as associate in 2005. Member of GA bar since 2001. Member of DE bar since 2006. | $385.00 | 11.00 | $4,235.00 |
| Joshua C. Lewis | Joined firm as associate in 2005. Member of PA bar since 2004. Member of NY bar since 2003. | $370.00 | 24.70 | $9,139.00 |
| John B. Lord | Joined firm as paralegal in 2000. Paralegal for fifteen years. | $235.00 | 8.00 | $1,880.00 |
| Lisa A. Lankford | Joined firm in 2000. Practice Group Specialist since 2003. | $135.00 | 2.40 | $324.00 |
| Grand Total: | | | **62.20** | **$24,594.00** |
| Blended Rate: | | | | $395.40 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $430.31 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Case Administration – 60002 | .10 | $23.50 |
| Creditor Meetings/Committees - 60005 | 1.20 | $447.00 |
| Preparation of Fee Statement/Application – 60007 | 9.10 | $1,966.00 |
| Executory Contracts/Personality - 60010 | .40 | $148.00 |
| Miscellaneous Motions -60013 | 22.60 | $10,338.50 |
| Plan Review and Litigation -60021 | 27.50 | $11,125.00 |
| Investigation re: Lenders - 60027 | .30 | $111.00 |
| Attendance at Hearing – 600029 | 1.00 | $385.00 |
| **TOTAL:** | **62.20** | **$24,594.00** |

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Copying | IKON | $182.50 |
| In-House Duplicating | | $262.70 |
| Outside Databases | PACER | $67.68 |
| Courier | Parcels | $12.50 |
| Legal Research | WestLaw | $247.60 |
| Telephone - Outside | ChorusCall/ CourtCall | $31.62 |
| **TOTAL** | | **$804.60** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>Jointly Administered<br><br>**Objection Deadline: October 3, 2008 at 4:00 p.m.**<br>**Hearing Date: Only if Objections are Filed** |

**FIFTH MONTHLY FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2008 THROUGH JULY 31, 2008**

Reed Smith LLP ("Reed Smith") hereby submits this Fifth Monthly Fee Application of Reed Smith LLP, Counsel to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation and Reimbursement of Expenses for the Period May 1, 2008 through July 31, 2008 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, Del.Bankr.L.R. 2016-2, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members (the "Administrative Order"; D.I. 165) and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, Reed Smith, as counsel to the Committee in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing May 1, 2008 through July 31, 2008 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

## I. FACTUAL BACKGROUND

1.  On November 8, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their business and manage their properties as debtors-in-possession. By order dated November 9, 2007, the Court approved the joint administration of these cases for procedural purposes only.

2. On November 16, 2007, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting").

3. At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) JBR Media Ventures, LLC; (ii) Google, Inc.; (iii) Infinite Computer Solutions, Inc.; (iv) Yahoo!, Inc.; and (v) ACN Communications Services, Inc. Upon formation, the Committee selected Reed Smith as its counsel.

4. The Committee selected Reed Smith because its attorneys have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in Reed Smith's ability to provide superior legal services during these bankruptcy cases.

5. On January 7, 2008, the Bankruptcy Court approved the Committee's retention of Reed Smith as counsel. A copy of the Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, *Nunc Pro Tunc* as of November 16, 2007, as Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (the "Retention Order"; D.I. 292) is attached as Exhibit A.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

6. Reed Smith submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the

Committee as its counsel in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Committer during the Compensation Period.

6. Reed Smith billed a total of $24,594.00 in fees and disbursed $804.60 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

7. By this Application, Reed Smith thus seeks: (a) allowance of compensation in the amount of $24,594.00 for legal services rendered during the Compensation Period, and reimbursement in the amount of $804.60 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $19,675.20 (80% of the compensation requested) and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $804.60 (100% of the expenses incurred) at this time.

8. For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

9. In addition, Exhibit B contains computer-printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

10. Exhibit C contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during

the Compensation Period in the amount of $804.60. This sum is broken down into categories of charges, including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage and photocopying charges. Reed Smith's rate for duplication is $.10 per page. Reed Smith also uses outside duplication services for large photocopy work.

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

11. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

12. In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

13. With respect to the time and labor expended by Reed Smith in this case, as set forth in <u>Exhibit B</u>, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $24,594.00. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Debtor and the time expended, organized by project task categories, as follows:

A. **CASE ADMINISTRATION (60002)**

During the Compensation Period, Reed Smith updated the Committee's 2002 Service List. Reed Smith seeks compensation for 0.10 hours of reasonable and necessary legal expenses incurred for Case Administration during the Compensation Period in the total amount of $23.50.

B. **CREDITOR MEETINGS/COMMITTEES (60005)**

During the Compensation Period, Reed Smith prepared a memorandum to the Committee regarding pending case issues. Reed Smith seeks compensation for 1.20 hours of reasonable and necessary legal expenses incurred for Creditor Meetings/Committees during the Compensation Period in the total amount of $477.00.

C. **PREPARATION OF FEE STATEMENT/APPLICATION (60007)**

During the Compensation Period, Reed Smith revised, filed and served its February – April 2008 monthly fee application, as well as its second quarterly fee application. Reed Smith seeks compensation for 9.10 hours of reasonable and necessary legal expenses incurred for Preparation of Fee Statement/Application during the Compensation Period in the total amount of $1,966.00.

**D.    EXECUTORY CONTRACTS/PERSONALITY (60010)**

During the Compensation Period, Reed Smith negotiated a consent order resolving a creditor's objection to the Debtors' motion to reject. Reed Smith seeks compensation for 0.40 hours of reasonable and necessary legal expenses incurred for Executory Contracts/Personality during the Compensation Period in the total amount of $148.00.

**E.    MISCELLANEOUS MOTIONS (60013)**

During the Compensation Period, Reed Smith prepared for and attended oral argument on the motion to enjoin Icon International for violating section 362(a)(3) of the Bankruptcy Code. Reed Smith also prepared, filed and served a motion to intervene in the adversary proceeding involving Icon International, as well as a response to a letter brief filed by Icon International. Reed Smith also reviewed all motions filed in order to determine what impact, if any, the relief requested would have on the rights of unsecured creditors. Reed Smith seeks compensation for 22.60 hours of reasonable and necessary legal expenses incurred for Miscellaneous Motions during the Compensation Period in the total amount of $10,338.50.

**F.    PLAN REVIEW AND LITIGATION (60021)**

During the Compensation Period, Reed Smith reviewed and negotiated revisions to the Debtors' and Committee's joint draft plan, disclosure statement and the Debtors' solicitation procedures motion. Reed Smith drafted, filed and served an objection to the Debtors' exclusivity motion. Reed Smith seeks compensation for 27.50 hours of reasonable and necessary legal expenses incurred for Plan Review and Litigation during the Compensation Period in the total amount of $11,125.00.

G.  **INVESTIGATION RE: LENDERS (60027)**

During the Compensation Period, Reed Smith corresponded with counsel for the Debtors regarding Debtors' board meeting minutes. Reed Smith seeks compensation for 0.30 hours of reasonable and necessary legal expenses incurred in connection with the Investigation re: Lenders during the Compensation Period in the total amount of $111.00.

H.  **ATTENDANCE AT HEARINGS (60029)**

During the Compensation Period, Reed Smith prepared and attended a court hearing on June 13, 2008. Smith seeks compensation for 1.00 hours of reasonable and necessary legal expenses incurred for Attendance at Hearings during the Compensation Period in the total amount of $385.00.

14  Reed Smith charged and now requests those fees that are customary and charged by most counsel in this marketplace for similar Chapter 11 cases. Billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from May 1, 2008 through July 31, 2008 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, Reed Smith stated in the Application of the Official Committee of Unsecured Creditors for Authorization to Employ Reed Smith LLP, *Nunc Pro Tunc*, as of November 16, 2007, as Counsel to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (D.I. 263) ("Retention Application") and the accompanying Unsworn Declaration of Kurt F. Gwynne in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly

compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

15. In addition, as set forth in its Retention Application, the Committee believed that the retention of Reed Smith as its counsel would be cost-effective and efficient.

16. Further, the Committee sought to retain Reed Smith as its counsel due to its extensive experience and knowledge in the field of debtors' and creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of Reed Smith was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that Reed Smith would provide distinct benefits to the Committee and enhance the administration of these bankruptcy cases.

17. This Application covers the period from May 1, 2008 through July 31, 2008. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

18. Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.L.R. 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States

Trustees. A true and correct copy of the Verification of Joshua C. Lewis is attached hereto as <u>Exhibit D</u>.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $24,594.00 and reimbursement of expenses in the amount of $804.60 for the period May 1, 2008 through July 31, 2008 and payment according to the procedures set forth in the Administrative Order.

Dated: September 11, 2008  
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: <u>/s/ Kurt F. Gwynne</u>  
Kurt F. Gwynne (No. 3951)  
1201 N. Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575

and

Robert P. Simons, Esquire  
Joshua C. Lewis, Esquire  
435 Sixth Avenue  
Pittsburgh, PA 15219  
Telephone: (412) 288-3131  
Facsimile: (412) 288-3063

and

Claudia Z. Springer, Esquire  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, PA 19103-7301  
Telephone: 215-851-8100  
Facsimile: 215-851-1420

Counsel to the Official Committee of Unsecured Creditors