IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SN LIQUIDATION, INC., et al. | : | BANKRUPTCY NO. 07-11666(KG) |
| | : | |
| DEBTOR | : | CHAPTER 11 |
| | : | |
| SN LIQUIDATION, INC., et al. | : | Related to Doc. 649 |
| | : | |
| Movant/Plan Proponent | : | |
| v. | : | Hearing Date and Time: |
| COMMONWEALTH OF PENNSYLVANIA | : | October 14, 2008 at 2:00 p.m. |
| DEPARTMENT OF REVENUE | : | |
| | : | |
| Creditor/Respondent | : | |

OBJECTION TO SECOND AMENDED JOINT PLAN OF LIQUIDATION OF SN
LIQUIDATION, INC., *ET AL.* PROPOSED BY THE DEBTORS IN POSSESSION
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
DATED AUGUST 11, 2008

AND NOW comes the Commonwealth of Pennsylvania, Department of Revenue, ("Department") by and through its Attorney, Christos A. Katsaounis, Senior Counsel, and pursuant to Federal Rules of Bankruptcy Procedure 3018 and 3020(b) and 11 U.S.C §§ 1128(b) and 1109(b) objects to the Second Amended Plan of Liquidation of SN Liquidation, Inc., et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 ("Plan") as follows:

1.  The Plan cannot be confirmed as the Plan has not been proposed in good faith as required under 11 U.S.C. § 1129(a)(3).

2. The Plan cannot be confirmed as the Plan does not comply with the applicable provisions of the Bankruptcy Code as required under 11 U.S.C. § 1129(a)(2).

3. On or about December 28, 2007, the Department timely filed its Proof of Claim (Exhibit 1) for the amount of $8,123.83 with this Court:  <u>Unsecured Priority Claim</u> ($5,691.85) for Corporation Tax ("CT") ($5,454.00) for the 2003 through 2007 tax years; and Sales Tax ("ST") ($237.85) for the 11M03 and 04M04 tax periods.  <u>Unsecured Nonpriority Claim</u> ($2,431.98) for CT ($300.00) for the 2003 through 2005 tax years; and ST ($2,1317.98) for the 11M03 and 04M04 tax periods.

    a. The amounts set forth for the CT claim are estimated as the Debtor has not filed its 2003 through 2007 CT reports at the time the proof of claim was filed.  (Exhibit 2)  The Department used estimated amounts for the CT liabilities to protect its interests.  The statute allows the Department to estimate the CT liability when a taxpayer has not filed its CT reports.  72 P.S. § 7407(d).

Furthermore, the Department's records show the Debtor has not closed its CT account.  (Exhibit 3)  Debtor is required to file complete and correct 2003 through 2007 CT reports.

If complete and correct CT reports are not filed, the Plan should provide for the filing of the CT reports.  The CT reports need to be filed for the Department to determine whether there

are any outstanding tax liabilities for the 2003 through 2007 CT tax years.  The Department is not able to file a complete and correct proof of claim without the filing of these delinquent CT reports.  Upon the filing of the CT reports, the Department will amend its proof of claim as necessary.  Any liability will be treated as an unsecured priority claim.

    b.  A review of Debtor's ST account shows Debtor has filed ST returns monthly for all the monthly tax periods in 2002 (starting with the 08M02 tax period), 2003, 2004, 2005, and 2006 (through 01M06 tax periods).  (Exhibit 4)  The Debtor opened its first ST account effective August 1, 2002 and closed its ST account effective January 31, 2006.  (Exhibit 5)  This indicates that Debtor had business activities and probably had employees in Pennsylvania in these tax years, which requires it to file CT reports for at least the 2002 through 2006 tax years.

    c.  Because of the failure to file the delinquent tax returns, Debtor's Plan does not adequately provide for the Department's claim.  It is necessary for the delinquent tax returns to be filed so that the Department will have all the necessary information to file a complete and correct proof of claim.  Providing for the payment of the Department's claim and the filing of the delinquent tax returns would assist the Court, the Trustee, Debtors, and the other creditors in determining the viability of any proposed Plan.

3

4. The Plan does not provide for the payment of interest on the Department's Priority Tax Claims. Section 1129(a)(9)(C) says in part that payments are to be made within five (5) years. The Department's claim must be paid in <u>cash</u>, Section 1129(a)(9)(C), <u>with interest</u>, Section 1129(a)(9)(C)(i) [<u>See also</u>, <u>In re Lawrence R. Jankins</u>, 184 B.R, 488, 492-493 (Bankr. E.D.Va. 1995), <u>In re Hathaway Coffeehouse, Inc.</u>, 24 B.R. 534, 535 (S.D. Ohio 1982), and <u>In re Burgess Wholesale Mfg. Opticians, Inc.</u>, 721 F.2d 1146, 1147 (7th Cir. 1983)]. The Plan should be amended to conform to the requirements of Section 1129(a)(9)(C).

WHEREFORE, the Department respectfully requests that the confirmation of Second Amended Plan of Liquidation of SN Liquidation, Inc., et al. Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 be denied unless and until the Debtor files the delinquent CT reports.

Dated:   September 12, 2008      Respectfully Submitted,


/s/ Christos A. Katsaounis
Christos A. Katsaounis
Senior Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
Attorney I.D. No. 20196 (PA)
ckatsaouni@state.pa.us
Telephone: (717) 346-4643
Facsimile: (717) 772-1459