## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket Nos. 635, 683** |
| | : | **Hearing Date: October 14, 2008 at 2:00 p.m.** |

### REPLY OF DEBTORS TO THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEBTORS' OBJECTION TO CLAIM NO. 4 FILED BY THE DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE

The above-captioned debtors and debtors in possession (the "Debtors"), hereby submit this reply to the United States of America's Response to the Debtors' Objection to Claim No. 4 Filed by the Department of Treasury – Internal Revenue Service (the "IRS Response"), and respectfully state as follows:

### Background

1.      On or about November 26, 2007, the Internal Revenue Service (the "IRS") filed Claim No. 4 (the "Claim") against the SIMIPC Acquisition Corp., one of the above-captioned Debtors. The Claim is comprised of an unsecured priority claim and a general unsecured claim for estimated pension withholding taxes in the total amount of $230,117.47. The priority portion of the Claim is $168,679.33, which includes estimated pension withholding taxes for the years 2004 through 2006, plus interest through the Petition Date.[1] The general unsecured portion of the Claim is $62,538.14, which includes estimated pension withholding taxes for 2003, plus interest through the Petition Date.

2.      On July 18, 2008, the Debtors filed the Debtors' Objection to Claim No. 4 Filed by the Department of Treasury – Internal Revenue Service (the "Objection"). The

---

[1] Capitalized terms not herein defined shall have the meaning ascribed to them in the Objection.

Objection seeks to disallow and expunge the Claim in its entirety, since, as detailed in the Moir Declaration attached to the Objection, none of the Debtors sponsored a pension plan or were a member of a control group that did sponsor such a plan during the periods set forth in the Claim.  For weeks prior to the filing of the Objection, the Debtors attempted to resolve the Claim and ascertain the basis for the Claim through communications with the IRS.

3.      On September 3, 2008, presumably after discovering the Claim was baseless, the IRS amended the Claim (the "Amended Claim") to assert an entirely different type of tax liability than was originally asserted in the Claim.  Specifically, the IRS amended the Claim to describe the kind of tax due and owing from "WH PENSION" to "WH FED INC."  A copy of the Amended Claim is attached hereto as Exhibit A.  Per the Objection, the IRS states that the Amended Claim is for backup withholding taxes. Prior to the filing of the Objection, the Debtors had no indication that the IRS would assert a non-pension tax claim after the Governmental Bar Date (defined herein).

4.      On September 4, 2008, the IRS filed the IRS Response. The IRS Response contends that the Objection should be denied because the Debtors owe federal income taxes based on backup withholdings that may be owed for the years 2003 through 2006.

### Reply

5.      Pursuant to Order of the Court, dated January 30, 2008, the bar date for governmental units to file claims against the Debtors was May 6, 2008 (the "Governmental Bar Date").  The Claim was filed prior to the Governmental Bar Date. The Amended Claim, however, was filed well after.  Therefore, the Amended Claim should be disallowed, and the Claim and Amended Claim should be expunged.

## I.    The Amended Claim is a Time-Barred Claim

6.    "It is well settled that, amendments to timely proofs of claim are liberally allowed." *In re Orion Refining Corp.*, 317 B.R. 660, 664 (Bankr.D.Del. 2004) *citing In re Trans World Airlines, Inc.*, 145 F.3d 124, 140 (3d Cir. 1998).  However, such amendments are to be allowed only where the original claim prompted notice of the existence, nature, and amount of the claim.  *Orion Refining*, 317 B.R. at 664; *In re Edison Brothers Stores, Inc.*, 2002 WL 999260 at *3 (Bankr.D.Del. 2004); *In re International Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985).  "While courts allow post-bar date amendment to claim amounts, courts do not allow post-bar amendments to change status of the Claim." *Edison Brothers*, 2002 WL 999260 at * 4 *citing In re Walls & All, Inc.*, 127 B.R. 115, 117, 118 (Bankr.W.D.Pa. 1991).

7.    "The deadlines for filing proofs of claim are to be strictly construed to ensure the efficient administration of bankruptcy cases and to provide all parties with finality." *Edison Brothers*, 2002 WL 999260 at * 4 *citing Walls & All,* 127 B.R. at 118. Therefore, a post-bar date amendment should be scrutinized to ensure that the amendment is not a new claim.  *Edison Brothers*, 2002 WL 999260 at * 4; *Orion Refining*, 317 B.R. at 664.  Courts have generally held that a post-bar date amendment seeking to increase the amount of a timely-filed claim is not an assertion of a new claim. *Edison Brothers*, 2002 WL 999260 at * 4; *Orion Refining*, 317 B.R. at 664.  However, amendments are generally disallowed where a claimant attempts to change the nature of the proof of claim.  *Edison Brothers*, 2002 WL 999260 at * 4; *Orion Refining*, 317 B.R. at 664.

8.      In determining whether an amendment asserts a new claim, a court may compare the amendment to the original proof of claim. *Edison Brothers*, 2002 WL 999260 at * 4.  In comparing the proof of claim and the amendment, "[i]f the initial proof did not give 'fair notice of the conduct, transaction or occurrence that forms the basis of the claim asserted in the amendment' then the amendment asserts a new claim and will not be allowed." *Id.*; *See In re Ben Franklin Hotel Assoc., L.P.,* 1998 WL 94808 at *3 (Bankr.E.D.Pa. 1998) *quoting In re Metro Transportation,* 117 B.R. 143 (Bankr.E.D.Pa. 1990).

9.      A number of courts have determined that a post-bar date amendment to a proof of claim filed by a governmental unit, which changes the type of tax upon which a proof of claim is based, is an entirely new claim unrelated to the original proof of claim, and thus, is time-barred. *See e.g. In re Robert Stone Cut off Equipment Inc. and Bentley Weldery & Machinery Co. (A Div. thereof),* 98 B.R. 158, 160 (Bankr.N.D.N.Y. 1989) (state's purported amendment of its proof of claim to add debtor's withholding tax liability to original claim for franchise taxes was untimely; new claim was unrelated to original filing); *In re Overly-Hautz Co.,* 57 B.R. 932 (Bankr.N.D.Ohio 1986) (supplemental claim by IRS asserting liability for excise taxes relating to debtor's pension plan funding deficiencies was unrelated to original claim for corporate, withholding and FICA taxes, so that supplemental claim was not an amendment, but was an untimely-filed original claim for excise taxes); *In re Solari,* 63 B.R. 115 (9th Cir. BAP 1986) ("amendment" to claim that added sales and use taxes was time-barred, because it did not cure a defect, nor describe the original claim with greater particularity, where the original claim was for payroll taxes); *In re Telephone Co. of Cent. Florida,* 308 B.R. 579

(Bankr.M.D.Fla. 2004) ("A proof of claim for unpaid taxes that effectively increases the amount sought does not bar amendment, unless the claim asserts a different tax or a different fiscal timeframe."); *International Horizons, supra.* (IRS not permitted to amend timely proofs of claim for withholding taxes and Federal Unemployment Tax Act taxes by adding claims for corporate income tax); *In re Bondi's Value-King, Inc.*, 126 B.R. 47 (N.D.Ohio 1991) (IRS's claim for 1984 FUTA taxes was not proper amendment to its timely-filed claim, where timely-filed claim gave no indication that IRS had claim for 1984 FUTA taxes or that it intended to hold estate liable for these taxes); *compare In re Grivas*, 123 B.R. 876 (Bankr.S.D.Cal. 1991) (although "[a]n amendment adding a different type of tax to a timely claim generally does not relate back[,]" the amended claim related back in this instance because "the untimely escape property tax was of the same category as the timely property tax claim").

10.     The untimely filing of the Amended Claim changes the basis of the IRS's Claim against the Debtors from pension withholdings to backup withholdings of income tax. The IRS's Claim and Amended Claim are based on arbitrary amounts estimated by the IRS, and the Amended Claim is for a different type of tax unrelated to the Claim. The Amended Claim is an attempt to assert a late claim after the IRS's realization that its originally-filed Claim was deficient. The Amended Claim is time barred.

## II.     **Equity Does Not Permit the Amended Claim**

11.     Courts may balance the equities of a situation to determine the propriety of an amendment. *Overly-Hautz*, 57 B.R. at 936; *In re Brown*, 159 B.R. 710, 715 (Bankr.D.N.J. 1993); *In re Old Electralloy Corp.*, 167 B.R. 786, 796 (Bankr.W.D.Pa. 1994. Authority for this equitable test in based on the broad equitable powers of the

bankruptcy court. *Brown*, 159 B.R. at 715. Factors that courts have considered include: (1) whether the debtors and creditors relied on the earlier proofs of claim or had reason to know that subsequent proofs of claim would be filed; (2) whether other creditors would receive a wind-fall if the court refused to allow the amendment; (3) whether the creditor intentionally or negligently delayed in filing the proof of claim; (4) the justification for the failure of the creditor to seek an extension of the bar date; and (5) whether equity requires consideration of other facts or circumstances. *Id. citing In re Miss Glamour Coat Co.*, 80-2 U.S.T.C., 9737 (S.D.N.Y. 1980); *Metro Transportation,* 117 B.R. at 149; *International Horizons,* 31 B.R. at 726; *Overly-Hautz,* 57 B.R. at 936.

12.     The Debtors are in the process of soliciting votes for the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "Second Amended Plan"). A hearing on confirmation of the Second Amended Plan is scheduled for October 14, 2008. The Debtors have limited resources – only $500,000 - with which to pay priority claimants. To the extent allowed priority claims exceed $500,000, the Second Amended Plan provides that the holders of allowed priority tax claims shall receive their *pro rata* share of such differential, which shall be paid by the Litigation Trust (as defined in the Plan) in regularly quarterly distributions over the time period set forth 1129(a)(9)(C)(ii) to the extent the Litigation Trust contains sufficient cash. Holders of allowed priority tax claims will be paid interest as set forth in the Second Amended Plan if their claims are not paid on the Distribution Date (as defined in the Second Amended Plan).

A.    The Debtors Relied on the Claim and Did Not Know the Amended Claim
      Would Be Filed.

13.    In preparing for plan confirmation, the Debtors indentified invalid claims and prepared objections to, *inter alia,* invalid priority claims so that the total priority claims would not exceed $500,000. The Debtors relied on the Claim in preparing their objections and in preparing for confirmation. Since that time, all bar dates have passed, and the Debtors had no reason to believe the asserted claims would change, or that the Amended Claim would be filed. Therefore, equity does not support allowance of the Amended Claim.

B.    Other Creditors Would Not Receive a Windfall if the Court Refused to
      Allow the Amended Claim.

14.    Disallowing the Amended Claim and the Claim would not allow other creditors to receive a windfall. To the contrary, if the IRS is permitted to amend its Claim this late in the process, other priority creditors risk receiving reduced distributions upon the Distribution Date to the extent the pool of allowed priority claims exceeds $500,000. Priority creditors would be forced to wait to receive complete distributions on their priority claims costing the estates interest that it would otherwise not have to pay. If such treatment renders the Plan unfeasible (which the Debtors do not think will be the case), the cases could convert, causing all creditors to receive less than they would have received under a chapter 11 plan. Moreover, if the cases are converted to cases under chapter 7 of the Bankruptcy Code, Adeptio INPC Funding LLC, the purchaser of the Debtors' assets, might not be obligated to provide the funding for priority claims. In such case there would be no recovery for priority claimants because the $500,000 funding would be unavailable. Therefore, the Amended Claim and Claim should be disallowed.

C.      The IRS Delayed in Filing the Amended Claim and Failed to Justify the Delay.

15.     The Governmental Bar Date was May 6, 2008.  The Objection was filed on July 18, 2008.  On September 3, 2008, the eve of the extended deadline for the IRS to respond to the Objection, the IRS filed the Amended Claim.  The Amended Claim was filed nearly four months after the Governmental Bar Date and six weeks after the IRS was alerted of the Claims' deficiencies.  The IRS provided no justification for the delay, and, in fact, did not seek court approval for filing the late-filed Amended Claim. Therefore, the Amended Claim should be disallowed.

E.      Equity Requires Disallowance of the Claim and Amended Claim.

16.     If the IRS was unaware of the amount and type of taxes owed by the Debtors, it could have audited the Debtors prior to the Governmental Bar Date, objected to the motion filed to establish the bar dates, sought an extension of the Governmental Bar Date, or asserted against the estates an unliquidated, unknown or estimated claim prior to the Governmental Bar Date.  Instead, the IRS filed a claim for pension withholding taxes, which did not put the Debtors on notice of a claim for backup income withholding taxes.  The IRS did not seek an extension of the Governmental Bar Date, but improperly and untimely amended the Claim after the Governmental Bar Date, and after the Debtors' Objection to the Claim was filed, to change the basis of the alleged tax liability.  As set forth herein, the Debtors and all other creditors would be substantially prejudiced if the Court allowed the Amended Claim.  *See Brown,* 159 B.R. at 716 (holding that in reviewing equitable considerations, the greatest weight is placed on whether any prejudice would result to other parties from allowing the amendment). Therefore, the IRS's Claim and Amended Claim should be expunged.

### III.    The IRS Has Not Met its Burden of Proof

17.    Even if the Amended Claim is allowed, neither the Claim nor the Amended Claim have any basis.  The United States Court of Appeals for the Third Circuit has held the following regarding the burden of proof regarding tax claims:

> The burden of proving that the assessment is arbitrary and excessive rests on the taxpayer; if the taxpayer cannot prove that the assessment was arbitrary, it retains the burden of overcoming the presumption in favor of the government that the assessment was not erroneous.  However, once the taxpayer has sustained its burden of proving that the assessment is arbitrary and excessive, i.e., that it lacks a rational foundation in fact and is based on unsupported assertions, the ultimate burden of proving that the assessment is indeed correct is placed on the government.

*Resyn Corp. v. United* States, 851 F.2d 660, 662 (3rd Cir. 1988); *See In re Abel*, 200, B.R. 816, 818 (E.D.Pa. 1996) *quoting Resyn Corp., supra.*

18.    Both the Claim and the Amended Claim are based on arbitrary estimates. The IRS performed no audit and filed no documentation to support the amount of the Claim or Amended Claim.  In fact, the IRS provided no proof or supporting documents to support their claim with the Claim, Amended Claim or the Objection.  The Claim is for estimated pension withholding taxes and is based on the Debtors' alleged (but non-existent) sponsoring of a pension fund.  As detailed in the Moir Declaration, none of the Debtors sponsored a pension plan or were a member of a control group that did sponsor such a plan during the periods set forth in the Claim.  The Amended Claim is a time-barred attempt to assert any basis for a priority claim against the estates.  Thus, the IRS's assessment is arbitrary and excessive.

19.     Since the Debtors have established that both the Claim and the Amended Claim are arbitrary and excessive, the burden has shifted to the IRS to prove that the assessment is indeed correct. *See Resyn Corp., supra*; *Abel, supra.* The IRS did not attach anything to the Claims or Amended Claim to support a rational foundation for their claims. The IRS fails to establish any claim against the estates.

### Conclusion

20.     Since the Amended Claim is improper, and the IRS has failed to meet its burden of proof, the Objection should be sustained for the reasons contained therein. If the Court determines that the Amended Claim is proper, the Debtors respectfully request a status conference to set an expedited discovery schedule and expedited hearing on the merits.

WHEREFORE, the Debtors respectfully request that the Court (i) grant the relief requested in the Objection, (ii) disallow and expunge the Claim and the Amended Claim, and/or (iii) grant such other and further relief that is just and proper.

Dated:    September 12, 2008
          Wilmington, Delaware                **BAYARD, P.A.**

By:  _____
     Neil B. Glassman (No. 2087)
     Mary E. Augustine (No. 4477)
     Daniel A. O'Brien (No. 4897)
     222 Delaware Avenue, Suite 900
     P.O. Box 25130
     Wilmington, DE  19899
     Telephone:    (302) 655-5000
     Facsimile:    (302) 658-6395

                         -and-

**DLA PIPER US LLP**
Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York  10020
Telephone:      (212) 335-4500
Facsimile:       (212) 335-4501

*Counsel for Debtors and Debtors in
Possession*