# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, Inc., et al. | : | Case No. 07-11666 |
| | : | |
| | : | **Hearing Date: October 14, 2008, at 2:00 PM** |
| Debtors. | : | **Objections Due: September 16, 2008, at 4:00 PM** |

## OBJECTION BY THE UNITED STATES TO THE DEBTORS'
## SECOND AMENDED JOINT PLAN OF LIQUIDATION

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., et al., Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 ("Plan"), avers as follows:

1. On November 8, 2007, the debtors filed a bankruptcy petition seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest. IRS has asserted a priority, pre-petition claim against Inphonic, Inc., in the amount of $1,486.18. The IRS has also filed a priority and general unsecured claim against SIMIPC Acquisition Corp., ("SIMIPC") in the amount of $230,117.47. The debtors have filed an objection to the SIMIPC claim and the matter is pending before this Court.

3. IRS objects to the treatment in the Plan of its priority tax claims in Article III, Paragraph (A)(2) on several grounds. First, the IRS objects to the Plan to the extent it fails to pay

its priority tax claims in full in cash on the Effective Date. The IRS objects to the payment of its claim over a period of years because this is a liquidating Plan and anything other than immediate payment unfairly shifts the risk of non-payment of its claims to the IRS. Second, the IRS objects to the Plan to the extent that it fails to provide for the payment of an adequate rate of interest on its priority claim from the date of the petition. Third, the IRS objects to any partial pro rata distribution that results in the full satisfaction of the IRS priority tax claims.

4. IRS objects to Article XI, Paragraph M of the Plan as over-broad and prejudicial to creditors to the extent it impermissibly extends the automatic stay beyond the time period set forth in 11 U.S.C. Section 362.

5. IRS objects to the third party non-debtor exculpation, limitation of liability, injunction and release provisions set forth in Article XI, Paragraphs C[1] and F of the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990). Moreover, section 524(e) of the Bankruptcy Code addresses the scope of a bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. The weight of case authority is consistent with the view that provisions that effect a discharge of non-debtor liability run afoul of the limitations on discharge set forth in Section 524(e) of the Bankruptcy Code. See e.g., In re Continental Airlines, 203 F.3d 203, 217 (3rd Cir. 2000); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995), cert. denied, 517 U.S. 1243 (1996) ("Section 524 does not...provide for the

---

[1] The releases in Paragraph C apply only to holders of Secured Claims and General Unsecured Claims. The majority of the IRS claims are priority tax claims but the IRS does hold a disputed unsecured claim against SIMIPC.

release of third parties from liability"); In re Zale Corp., 62 F.3d 746, 760-761 (5th Cir. 1995) ("Section 524 prohibits the discharge of debts of non-debtors); First Fidelity Bank v. McAteer, 985 F.2d 114, 117-18 (3d Cir. 1993) (Section 524(e) specifically limits the effect of a discharge...This section assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) ("the language of [Section 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit"); In re Western Real Estate Fund, Inc., 922 F.2d 592, 602 (10th Cir. 1990), modified sub nom., Abel v. West, 932 F.2d 898 (10th Cir. 1991) (permanent injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Section 524(e)); In re American Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989) (In affirming the denial of a permanent injunction against a claim against third party non-debtor, court noted: "Section 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of liabilities of non-debtors."). IRS does not consent to the non-debtor injunctions, releases and exculpations set forth in the Plan. Thus, these provisions render the Plan unconfirmable.

6. IRS objects to Article V, Paragraph E of the Plan and Article IX, Section 9.1 of the Litigation Trust Agreement to the extent that the debtors seek any prospective tax relief.

7. IRS objects to the Plan as infeasible as proposed.

**WHEREFORE,** IRS respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

                                          DAVID WEISS
                                          Acting United States Attorney

                                          /s/ Ellen W. Slights

By:_____
      Ellen W. Slights
      Assistant United States Attorney
      Delaware State Bar No. 2782
      1007 Orange Street, Suite 700
      P.O. Box 2046
      Wilmington, DE 19899-2046

September 16, 2008

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., et al., | Case No. 07-11666 (KG) |
| Debtor. | |

### AFFIDAVIT OF SERVICE

I, Karen Hill, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on September 16, 2008, a copy of the **OBJECTION BY THE UNITED STATES TO THE DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION** was served, as indicated, upon:

Thomas R. Califano, Esq.
Jeremy R. Johnson, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
via facsimile (212) 335-4501

Neil B. Glassman, Esq.
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
via facsimile (302) 658-6395

Roberta A. DeAngelis, Esq.
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
via facsimile (302) 573-6497

Kurt F. Gwynne, Esq.
Redd Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
via facsimile (302) 778-7575

Anup Sathy, P.C., Esq.
David A. Agay, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
via facsimile (312) 861-2200

/s/ *Karen Hill*
_____

Karen Hill