IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | * | Chapter 11 |
| SN LIQUIDATION, INC., et al.,[1] | * | Case No. 07-11666 (KG) |
| Debtors. | * | (Jointly Administered) |
|  | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OBJECTION TO CONFIRMATION OF**
**SECOND AMENDED JOINT PLAN OF LIQUIDATION**

Andrew B. Zeinfeld and Kenneth D. Schwarz, by and through their undersigned counsel, file this Objection to Confirmation to the Second Amended Joint Plan of Liquidation (the "Objection to Confirmation") and state as follows:

**BACKGROUND**

Andrew B. Zeinfeld ("Zeinfeld") was employed by one of the Debtors, InPhonic, Inc. ("InPhonic"), as President of the E-Commerce division pursuant to an employment agreement entered into on December 20, 2006. Kenneth D. Schwarz ("Schwarz") was employed by InPhonic as Executive Vice President and Chief Financial Officer and Treasurer pursuant to an employment agreement entered into on July 23, 2007.

Article VII of the bylaws of InPhonic (the "Bylaws Indemnification Provisions") specifically provides that officers and directors made a party to a proceeding by reason of the fact that he/she was an officer or director shall be indemnified and held harmless by the corporation to the fullest extent authorized by the Delaware General Corporation Law against all

---

[1] The Debtors are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acuisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

expenses, liability and loss reasonably incurred or suffered by such person therewith.  <u>See</u> Third Amended and Restated Bylaws of InPhonic, Article VII attached hereto as Exhibit A.  Both Zeinfeld and Schwarz are entitled to indemnification as former officers of InPhonic under the Bylaws Indemnification Provisions.

InPhonic carries directors and officers insurance under various policies including but not limited to policies issued by: (i) AIG (Illinois National Insurance Company; (ii) CNA (Continental Casualty Company); and (iii) XL Specialty Insurance Company (collectively, the "Policies").

A complaint was filed against Zeinfeld and Schwarz by Icon International, Inc. on December 31, 2007 in the United States District Court for the District of Columbia alleging various claims against the two by reason of the fact that they were officers and/or directors of InPhonic.  In addition, on November 28, 2006, Zeinfeld was named in a suit regarding rebates to customers of InPhonic in the United States District Court for the District of Columbia by reason of the fact that he was an officer and/or director of InPhonic.  Zeinfeld and Schwarz hold claims for indemnification for expenses, liability and loss relating to these suits, as well as any suits filed in the future by reason of the fact that they were officers of InPhonic.  Zeinfeld and Schwarz have already incurred costs defending themselves in these suits.

Zeinfeld and Schwarz filed proofs of claim on March 18, 2008 (the "Proofs of Claim"), for amounts owed under their employment agreements, as well as on account of their indemnity claims.  [Claim Nos. 1075 and 1076].  The Debtors' First Omnibus Objection (Non-Substantive) To Certain Improperly Classified Claims was filed on June 6, 2008 (the "Objection") [Docket No. 567].  The Objection sought reclassification of part of the Proofs of Claim as general unsecured claims.

Both Schwarz and Zeinfeld filed responses to the Objection on July 7, 2008 [Docket Nos. 608, 609]. The Objection was resolved pursuant to a Supplemental Order Sustaining First Omnibus Objection (Non-Substantive) of the Debtors to Certain Improperly Classified Claims Filed by Kenneth D. Schwarz and Andrew B. Zeinfeld (the "Consent Order"). The Consent Order classified Schwarz and Zeinfeld's claims for indemnification as unliquidated non-priority general unsecured claims.

On August 11, 2008, the Debtors in Possession and the Official Committee of Unsecured Creditors (collectively, the "Plan Proponents") filed the Second Amended Joint Plan of SN Liquidation, Inc., et al. (the "Plan"). Objections to the Plan were due by September 15, 2008; however, by agreement Debtors gave an extension to Zeinfeld and Schwarz to file this Objection to Confirmation until September 19, 2008.

**TREATMENT OF INDEMNIFICATION CLAIMS UNDER THE PLAN**

The Plan has several provisions relating to indemnification which are in conflict with one another and, taken as a whole, are impossible to decipher. In Article VI, paragraph B, the Plan purports to reject indemnification agreements that are not the subject of a motion to assume or reject pending on the effective date of the Plan. See Plan, Article VI, ¶ B. The Bylaws Indemnification Provisions are not currently the subject of a motion to assume or reject (nor do Messrs. Schwarz and Zeinfeld concede that bylaws may be rejected under Section 365 of the Bankruptcy Code). In addition, Article VII of the Plan purports to disallow any contingent claim for indemnification. See Plan, Article VII. While certain amounts of the claims of Zeinfeld and Schwarz are liquidated, the indemnification portion of their claims will not be fully liquidated prior to the effective date of the Plan.

While the above articles of the Plan appear to reject and/or disallow Schwarz and Zeinfeld's claims for indemnification, other articles in the Plan appear to preserve their rights to indemnification. Article VI paragraph B of the Plan expressly assumes Policies. See Plan, Article VI, ¶ B. Similarly, Article XI paragraph J of the Plan preserves claims for indemnification based upon pre-petition events, acts or omissions as general unsecured claims. See Plan, Article XI, ¶ J.

## ARGUMENT

The Plan contains inconsistent and ambiguous provisions concerning the treatment of indemnification claims. Schwarz and Zeinfeld also object to confirmation of the Plan to the extent that it: (i) rejects the Bylaws Indemnification Provisions; (ii) disallows the Proofs of Claims of Schwarz and Zeinfeld; and/or (iii) affects the coverage of Schwarz and Zeinfeld under Policies. Confirmation of the Plan should be denied on these grounds.

**1.     The Plan is ambiguous and should either be clarified or, in the alternative, confirmation should be denied.**

As outlined above, the Plan purports to reject and/or disallow claims for indemnification while seemingly providing in a later article that indemnification claims for pre-petition acts are preserved. Further, the Plan assumes the Policies while at the same time rejecting the claims for indemnification for which the Policies provide coverage, making Schwarz and Zeinfeld's rights to indemnification and coverage under the Policies unclear.

These ambiguities in the Plan must be corrected before the Plan can be confirmed. See In re Friedman's, Inc., 356 B.R. 766, 773 (Bankr. S.D. Ga. 2006) ("If any creditor objected to the Plan or was uncertain about its terms, it was incumbent on that creditor to file pleadings to raise that issue at confirmation where ambiguities could be corrected…[and] it is perfectly reasonable

to expect interested creditors to review the terms of a proposed plan and object if the terms are unacceptable, vague or ambiguous.").

**2.    Bylaws Cannot Be Rejected.**

As stated above, the Plan purports to reject indemnification agreements that are not the subject of a motion to assume or reject pending on the effective date of the Plan. To the extent the Plan Proponents are attempting to reject the Bylaw Indemnification Provisions pursuant to the Plan, Schwarz and Zeinfeld object.

The bylaws are not executory contracts and may not be rejected under Section 365 of the title 11 of the United States Code (the "Bankruptcy Code"). The Bankruptcy Code simply does not provide a basis to reject a debtor's bylaws, pursuant to a Chapter 11 plan or otherwise. Moreover, it is not clear what rejection of the bylaws would accomplish. Messrs. Schwarz and Zeinfeld have conceded that their claims for indemnification are prepetition, general unsecured claims. In any event, any attempt to reject the Bylaw Indemnification Provisions is not provided for in the Bankruptcy Code, and the Plan (or order confirming it) should so state.

Counsel for Schwarz and Zeinfeld have attempted to obtain clarification of the treatment of indemnity claims, but thus far counsel for the Debtors have contended that no clarification is necessary.

**3.    The Chapter 11 plan process cannot be used as a substitute for the claims objection process.**

The attempt of the Plan Proponents to disallow contingent indemnification claims in Article VII of the Plan is an attempt to circumvent the procedural safeguards of Section 502 of the Bankruptcy Code and Fed. R. Bankr. P. 3007. A claim, proof of which has been filed under

Section 501 of the Bankruptcy Code, is deemed allowed, unless a party in interest objects. Section 502(a). The procedure for objections is set forth in Fed. R. Bankr. P. 3007.

Messrs. Schwarz and Zeinfeld filed proofs of claim. Their claims for indemnification are deemed allowed unless a party in interest objects. The Plan is not an objection to their claims. Instead, it summarily disallows their claims. The plan confirmation process cannot be used to short circuit the claims objection process.

Further, while Article VIII paragraph A of the Plan states that the Plan is a Rule 9019(a) settlement between and among the Debtors and their creditors, Zeinfeld and Schwarz do not agree to settle their Proofs of Claim for indemnification as laid out in the Plan.

The attempt of the Plan Proponents to use the Plan and Rule 9019 of the Federal Rules of Bankruptcy Procedure to disallow the claims of Schwarz and Zeinfeld is not in compliance with Fed. R. Bankr. P. 3007 and Section 502, and Schwarz and Zeinfeld object to the Plan on these grounds. See Section 1129(a)(1) (plan must comply with the applicable provisions of title 11).

**4.     The plan process cannot be used as a means to alter the rights of Schwarz and Zeinfeld under the Policies.**

The plan process cannot be used to alter the rights of Schwarz and Zeinfeld for indemnification and/or coverage under the Policies. To the extent that the Plan Proponents are attempting to alter these rights pursuant to the Plan, Schwarz and Zeinfeld object.

## CONCLUSION

For the reasons stated herein Schwarz and Zeinfeld respectfully request that the Court enter an order denying confirmation of the Plan and grant such other and further relief as may be just and proper.

Dated: September 19, 2008.                     /s/ Lisa Bittle Tancredi
                                               Lisa Bittle Tancredi
                                               Delaware Bar No. 4657
                                               Venable LLP
                                               1200 North Broom Street
                                               Wilmington, DE 19806
                                               (302) 656-3929 - Telephone
                                               (302) 656-8503 – Facsimile
                                               lbtancredi@venable.com

                                               Attorneys for Andrew B. Zeinfeld and
                                               Kenneth D. Schwarz

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of September, 2008, a copy of the foregoing Objection to Confirmation of Second Amended Joint Plan of Liquidation was served, via first-class mail, postage pre-paid, on each of the following:

Neil B. Glassman, Esquire
Mary E. Augustine, Esquire
Daniel A. O'Brien, Esquire
Bayard, PA
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Counsel to the Debtor

Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020

Counsel to the Debtor

Gaston Plantiff Loomis, II, Esquire
Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 Market Street, 15th Floor
Wilmington, DE 19801

Counsel to the Official Committee of Unsecured Creditors

U.S. Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Anup Sathy, P.C., Esquire
David A. Agay, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois  60601

Counsel to Adeptio and Simplexity

/s/ Lisa Bittle Tancredi
Lisa Bittle Tancredi