IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| | (Jointly Administered) |
| Debtors. | |
| | Objection deadline: October 7, 2008 at 4:00 p.m. |
| | Hearing date: October 14, 2008 at 2:00 p.m. |

**MOTION OF THE DEBTORS FOR AN ORDER PURSUANT
TO 11 U.S.C. § 363 AND FED.R.BANK.P. 9019 AUTHORIZING
THE DEBTORS TO MAKE AN OFFER OF SETTLEMENT
TO THE SECURITIES AND EXCHANGE COMMISSION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move (the "Motion"), pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to make an offer of settlement to the Securities and Exchange Commission (the "SEC") whereby the Debtors would consent to the entry of an order revoking the registration of all classes of the securities of InPhonic, Inc. ("InPhonic") pursuant to section 12(j) of the Securities Exchange Act of 1934 (the "Exchange Act"). In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 363 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

4. InPhonic, a Debtor in the above-captioned case, registered its common stock under section 12(g) of the Exchange Act on or about November 14, 2004. Since that date, the securities of InPhonic have been traded on the NASDAQ under the symbol INPC.

5. On March 10, 2005, InPhonic filed an Annual Report on Form 10-K for the fiscal year ending December 31, 2004. On May 16, 2005, InPhonic filed a periodic report on Form 10-Q for the period ending March 31, 2005. InPhonic filed its final 10-K on June 1, 2007 and its final 10-Q on August 9, 2007. Since the filing of those reports, InPhonic has not filed further reports with the SEC.

6. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7. The Bankruptcy Court entered an order pursuant to Bankruptcy Rule 1015(b) directing that Debtors' separate chapter 11 cases be jointly administered by this Court.

8. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors

sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

9. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

10. On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio"). On December 21, 2007, the parties closed the sale of the APA (the "Closing Date").

11. Pursuant to the APA and Sale Order, the Debtors transferred "all books and records, files, data, reports, computer codes and sourcing data… accounting and tax files, personnel records and other records of any [Debtor] or related to the operation of any [Debtor] and/or the Business" (the "Books and Records") to Adeptio on the Closing Date.

12. On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the assets from the Debtors under the APA (as defined in the APA), including the Books and Records.

13. On May 19, 2008, the Debtors filed the Debtors' Motion Pursuant to Sections 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing (the "Solicitation Procedures Motion").

14. On August 12, 2008, the Court entered the order approving the Solicitation Procedures Motion and the Second Amended Disclosure Statement for the Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "Second Amended Disclosure Statement"). A hearing on confirmation of the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors (the "Second Amended Plan") is scheduled for October 14, 2008.

15. During the negotiations regarding the Second Amended Disclosure Statement, the SEC staff contacted the Debtors to discuss the possibility of the Debtors consenting to proceedings against InPhonic under section 12(j) of the Exchange Act. As a result of negotiations between the SEC staff and the Debtors, certain modifications were made to the Second Amended Disclosure Statement and Second Amended Plan and the Debtors agreed, subject to Court approval, to make an offer of settlement.

16. Immediately upon approval of the Motion, the Debtors will execute the Offer of Settlement of InPhonic, Inc. (the "Offer of Settlement") attached hereto as

Exhibit A. The Debtors anticipate that once the Offer of Settlement is executed, the SEC will approve the Offer of Settlement by entry of an order substantially similar to the Order Instituting Proceedings, Making Findings, and Revoking Registration of Securities Pursuant to Section 12(j) of the Securities Exchange Act of 1934 (the "Revocation Order") attached hereto as Exhibit B.

### RELIEF REQUESTED

17. By this Motion, the Debtors request, in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, that this Court enter an order authorizing the Debtors to make an offer of settlement to the SEC whereby the Debtors would consent to the entry of an order revoking the registration of all classes of the securities of InPhonic pursuant to section 12(j) of the Exchange Act.

### BASIS FOR RELIEF REQUESTED

18. Section 363(b)(1) provides that the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Rule 9019(a) of the Bankruptcy Rules provides that "on motion by the trustee and after a hearing, the bankruptcy court may approve a compromise or settlement." Fed.R.Bank.P. 9019(a). Although the contemplated revocation of securities may not implicate property of the estates, the Debtors file this Motion out of an abundance of caution.

19. Settlements are favored in the bankruptcy context "[t]o minimize litigation and expedite the administration of a bankruptcy estate." *In re Martin*, 91 F.3d at 393. The United States Supreme Court has recognized that "in administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the

settlement of claims in which there are substantial and reasonable doubts." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

20. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d at 392. Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), this Court has the authority to approve a compromise or settlement of claims asserted by or against a debtor. *See Id.* at 394 n.2.

21. The standard for approval of a compromise is whether the proposed settlement is "fair and equitable" and "in the best interest of the estate." *TMT Trailer*, 390 U.S. at 424. To approve a compromise or settlement pursuant to Bankruptcy Rule 9019, this Court must conclude that the compromise or settlement falls above "the lowest point in the range of reasonableness." *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993). In determining the scope of this range of reasonableness, courts have considered, *inter alia*:

    a. possibility of success in litigation;

    b. the likely difficulties in collection;

    c. the complexity of the litigation involved, and delay necessarily attending it; and

    d. the paramount interest of the creditors.

*Will v. Northwestern University (In re Nutraquest, Inc.)*, 434 F.3d 369 (3d Cir. 2006); *Fry's Metals, Inc. v Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3rd Cir. 2002); *In re Martin*, 91 F.3d at 393; *Pennsylvania Truck Lines*, 150 B.R. at 598; *In re Grant*

*Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *see also Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Flight Transp. Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984), *cert denied*, 105 S.Ct. 1169 (1985).

22. In approving a settlement under Bankruptcy Rule 9019(a), "a judge does not have to be convinced that the settlement is the best possible compromise." *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). Rather, the settlement must only fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.*, 956 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

23. The reviewing court need not conduct its own investigation concerning the reasonableness of the settlement and may consider the opinion of counsel that the settlement is fair and equitable. *In re Purofied Downs Prods. Corp.*, 150 B.R. 519 (S.D.N.Y. 1993). Moreover, the bankruptcy court should not "substitute its judgment for that of the trustee." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). Rather, a court should "defer to the trustee's judgment so long as there is a legitimate business justification." *In re Martin*, 91 F.3d at 395.

24. Pursuant to Bankruptcy Rule 9019(a), approval of a settlement is within the sound discretion of this Court. *In re Martin*, 91 F.3d at 393; *Connecticut Gen. Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *LaSalle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 162 (7th Cir. 1987); *U.S. v. Alaska Nat'l Bank of the North (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). A court is not required to conduct a mini trial

of the facts. *Purofied Down*, 150 B.R. at 523; *Grant Broadcasting*, 71 B.R. at 396; *see also A&C Properties*, 784 F.2d at 924-925.

25. Pursuant to the Second Amended Plan, InPhonic, together with its Debtor affiliates, shall be merged with and into SN Liquidation on the Effective Date (as defined in the Second Amended Plan). Immediately after the merger and the transfer of all Estate Assets (as defined in the Second Amended Plan) to the Litigation Trust (as defined in the Second Amended Plan), the Debtors will cease to exist and shall be deemed dissolved under applicable state law.

26. The Debtors seek authority from this Court to make an offer of settlement to the SEC. Such offer of settlement would result in the institution and settlement of an administrative proceeding, including the entry of the Revocation Order, by and before the SEC for the limited purpose of revoking the registration of InPhonic's securities registered under Section 12 of the Exchange Act and to take such other and further actions as may be necessary to terminate its registration and reporting obligations under the Exchange Act (such actions collectively, the "Settlement"). Subject to this Court's approval, the Settlement would be effected as a compromise and settlement, which would in turn be approved pursuant to an administrative proceeding instituted by the SEC under Section 12(j) of the Exchange Act.

27. The Debtors respectfully submit that the Settlement is fair and equitable and that approval of the Settlement is in the best interests of the Debtors' estates. In addition, the Debtors submit that the Settlement falls well within the range of reasonableness and otherwise satisfies the factors indentified herein.

28. Compliance with the SEC reporting requirements would require the Debtors to prepare and issue costly audited financial statements in conjunction with the preparation of Forms 10-Q and 10-K for the time periods that remain outstanding. In addition, as there are no remaining employees of InPhonic and all of the Books and Records are in the possession of Simplexity, this task would be time consuming and would result in an unnecessary financial hardship to the estates with very little to no corresponding benefit to the estates.

29. Also, because the commencement of an administrative proceeding under section 12(j) of the Exchange Act by the SEC would be a proceeding to enforce the SEC's "police or regulatory power," such an administrative proceeding would not be prohibited by the injunction provision of the Second Amended Plan. *See* 11 U.S.C. § 362(b)(4). In addition, the Debtors believe that the costs of defending such a proceeding would be substantial and unnecessary and do little to benefit the estates.

30. Moreover, the Second Amended Plan provides for the dissolution of the Debtors and the cancelation of all equity interests of the Debtors' on the Effective Date (as defined in the Second Amended Plan).

31. Based on the foregoing, the Debtors assert that the entry of an order authorizing it to make an offer of settlement to the SEC in accordance with the terms of the Offer of Settlement and the Revocation Order would be fair and equitable and would be in the best interests of the estates.

## NOTICE

32. Notice of this Motion has been given to: (a) counsel for the Debtors, (b) counsel for the Creditors Committee, (c) the Office of the United States Trustee, (d) the

United States Securities and Exchange Commission, and (e) those persons who have requested notice pursuant to Fed.R.Bank.P. 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order (substantially in the form attached to this Motion) approving the relief requested herein and (ii) grant such other and further relief as the Court may deem necessary and proper.

Dated: September 24, 2008
Wilmington, Delaware

**BAYARD, P.A.**

By: /s/ Daniel O'Brien
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone:   (302) 655-5000
Facsimile:    (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 335-4500
Facsimile:    (212) 335-4501

*Counsel for Debtors and Debtors in Possession*