IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SN LIQUIDATION, INC., *et al,*<br><br>Debtors. | Chapter 11<br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br>Re: Docket No. _____ |

**ORDER PERMITTING ILLINOIS NATIONAL INSURANCECOMPANY TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY**

Upon motion of Illinois National Insurance Company ("Illinois National") for an order to permit Illinois National to advance Defense Costs (as defined in paragraph 2 below) incurred by or on behalf of insured executives and/or employees of InPhonic, Inc., the Court finds and orders as follows:

1.  Illinois National issued to InPhonic an Executive and Organization Liability Insurance Policy No. 965-69-56 covering Loss on account of certain Claims first made during the Policy Period November 30, 2006 to November 30, 2007 ("the Policy"), subject to a $10 million aggregate Limit of Liability. Pursuant to Coverage A of the Insuring Agreements, the Policy covers Non-Indemnifiable Loss incurred by the Executives and Employees ("Insured Persons") of InPhonic and its Subsidiaries. Also, pursuant to Coverage B(ii), the Policy covers Loss incurred by InPhonic in indemnifying such Insured Persons, on account of a Claim for Wrongful Acts.

2.  The Policy further provides pursuant to Clause 8 that Illinois National shall advance, excess of any applicable retention amount, covered Defense Costs. "Defense Costs" are defined by Section 2(f) of the Policy as follows: "reasonable and necessary fees, costs and expenses

consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond arising out of a covered judgment, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and/or appeal of a Claim against an Insured, but excluding any compensation of any Insured Person or any Employee of an Organization."

3. On May 18, 2007, a securities class action was filed against David A. Steinberg, former CEO and Chairman of InPhonic, and Lawrence S. Winkler, former CFO and Treasurer of InPhonic, Inc. in the United States District Court for the District of Columbia, captioned *In re InPhonic, Inc. Securities Litigation*, Case No. 07-00930 (the "Securities Action").[1]

4. On December 31, 2007, Icon International, Inc. commenced a civil action against David A. Steinberg, Andrew Zeinfield and Kenneth D. Schwarz in the United States District Court for the District of Columbia, captioned *Icon International, Inc. v. David A. Steinberg, et al.*, Case No. 07-02342 (the "Icon Action"). Steinberg, Winkler, Zeinfield and Schwarz are collectively the "Individual Defendants." The Securities Action and Icon Action are collectively the "Pending Actions."

5. The Individual Defendants have incurred and will continue to incur defense expenses in the defense of the Pending Actions. The Individual Defendants are seeking advancement of such defense expenses by Illinois National.

6. Illinois National has already fully reserved all of its rights and defenses with respect to the pending actions.

---

[1] The original complaint named InPhonic as a defendant; however, the pending First Amended Class Action Complaint names only Steinberg and Winkler.

7. Nothing in this order constitutes a waiver, modification or limitation of such full reservation of rights.

8. Illinois National may advance Defense Costs pursuant to the Policy that have been and will be incurred in connection with the Pending Actions against the Individual Defendants.

Dated: October ___, 2008.

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

690280_2
9500-93287