## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SN LIQUIDATION, INC., *et al.*, | : | Case No. 07-11666 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**Hearing date: November 7, 2008 at 2:00 p.m.**
**Objection deadline: October 31, 2008 at 4:00 p.m.**

## MOTION OF THE DEBTORS TO WITHDRAW THE MOTION OF THE DEBTORS TO ABANDON DOCUMENTS [DOCKET NO. 677]

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") for authority to withdraw the Motion of the Debtors to Abandon Documents [Docket No. 677] (the "Motion to Abandon"), without prejudice, and in support hereof respectfully represent as follows:

### Background

1. On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the

"APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.    On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors. On October 6, 2008, the UST filed a revised notice of appointment of the Committee. The revised notice of appointment reflects the removal of a Committee member from the Committee.

5.    On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio").

6.    On December 21, 2007 (the "Closing Date"), the parties closed the sale pursuant to the Sale Order and the APA, and Adeptio assigned to Simplexity, LLC ("Simplexity"), a Delaware limited liability company and a subsidiary of Adeptio, its rights to receive the assets from the Debtors under the APA (as assets is defined in the APA).

7.    The APA provides that Adeptio purchased certain assets of the Debtors including, *inter alia,* "all books and records, files, data reports, . . . quality control records, . . . and any other records" of the Debtors. *See* APA [Docket No. 13] at Articles

I and Section 2.1.

8.      On August 28, 2008, the Debtors filed the Motion to Abandon.  Pursuant to the Motion to Abandon, the Debtors sought authority to abandon rebate documents (the "Documents") stored on approximately 60 pallets in an offsite facility operated by Helgeson Enterprises Inc.  The Documents are related to rebate claims and consist of, *inter alia*, envelopes and associated materials submitted by customers to redeem rebates offered by the Debtors.  The Debtors sought to abandon the Documents pursuant to section 554(a) of the Bankruptcy Code.

9.      On September 8, 2008, Andrew Zeinfeld filed the Objection to the Motion of the Debtors to Abandon Documents [Docket No. 689].

10.     In addition, Verizon Wireless contacted the Debtors regarding the Motion to Abandon and their concerns regarding protection of consumer information.

11.     Upon further review of the APA, the Debtors determined that they do not have a property interest in the Documents subject to the Motion to Abandon.

### Jurisdiction and Venue

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

13.     By this Motion, the Debtors respectfully request this Court's authority to withdraw the Motion to Abandon without prejudice.

## Basis for Relief

14.     The Debtors sought, through the Motion to Abandon, authority to abandon the Documents pursuant to section 554(a) of the Bankruptcy Code, which provides, "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. 554(a).

15.     After further review, the Debtors do not believe that the Documents are property of their estates. Since the Documents are not property of the estates, the Debtors are not entitled to the relief sought in the Motion to Abandon. However, an objection was filed to the Motion to Abandon, and the Debtors cannot withdraw the Motion to Abandon without order of this Court. Accordingly, the Debtors seek leave to withdraw the Motion to Abandon without prejudice.

## Notice

16.     Notice of this Motion has been provided to the Office of the United States Trustee, Helgeson Enterprises, Inc., counsel to the Plaintiff's in the federal class actions consolidated in the United States District Court for the District of Columbia, counsel to Andrew Zeinfeld, counsel to Verizon Wireless and all parties requesting notice pursuant to Bankruptcy Rule 2002. Given the nature of the relief requested, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request the entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  October 9, 2008

**BAYARD, P.A.**

*Daniel O'Brien*
_____
Neil B. Glassman (No. 2087)
Mary E. Augustine (No. 4477)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, NY  10020
Telepehone: (202) 335-4990
Facsimile: (212) 884-8690

*Counsel for the Debtors and Debtors in Possession*