# Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
| Debtors. | : (Jointly Administered) |

## STIPULATION BY AND BETWEEN THE DEBTORS AND THE OHIO DEPARTMENT OF TAXATION ESTABLISHING THE MAXIMUM ALLOWABLE AMOUNT FOR CLAIM NOS. 1106 AND 1344

The above-captioned debtors and debtors-in-possession (the "Debtors"), and the Ohio Department of Taxation (the "Ohio Dot", together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree (the "Stipulation") as set forth below.

### RECITALS

A.  On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.  On or about March 20, 2008, the Ohio DOT filed claim number 1106 ("Claim No. 1106") against Inphonic, Inc. ("InPhonic"), one of the Debtors in these chapter 11 cases, in the total amount of $7,689,038.59. Claim No. 1106 is asserted as having priority status.

C.  On or about April 7, 2008, the Ohio DOT filed claim number 1344 ("Claim No. 1344", and collectively with Claim No. 1106, the "Claims") against InPhonic, in the total amount of $42,556.27. Claim No. 1344 is asserted as having priority status.

{BAY:01166362v1}

D.  On July 18, 2008, the Debtors filed the Objection of the Debtors to Claims Nos. 1106 and 1344 Filed by the Ohio Department of Taxation, and, in the Alternative, Motion to Determine Tax Liability Pursuant to 11 U.S.C. § 505 (the "Objection"). On August 13, 2008, the Ohio Dot filed a response to the Objection.

E.  On May 19, 2008, the Debtors filed the Debtors' Motion Pursuant to Sections 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing (the "Solicitation Procedures Motion").

F.  On August 11, 2008, the Debtors filed, under certification of counsel, the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Plan") and the Second Amended Disclosure Statement for the Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Disclosure Statement"), together with a revised form of order granting the Solicitation Procedures Motion (the "Solicitation Procedures Order"). On August 12, 2008, the Court entered the Solicitation Procedures Order. Thereafter, in accordance with the Solicitation Procedures Order, the Debtors began soliciting acceptances of the Plan.

G.  A hearing on confirmation of the Plan is scheduled for October 14, 2008 at 2:00 p.m.

H.  The Parties have engaged in discussions in an effort to resolve the Claims, and, although a final resolution has not been reached, the Parties have agreed to establish a maximum allowable amount for the Claims as set forth herein.

## AGREEMENT

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to this Court's final approval and entry of a final order that:

1.  The aggregate maximum allowable amount of Claim No. 1106 and Claim No. 1344 shall be $100,000.00 (the "Maximum Claim Amount").

2.  Nothing herein shall be deemed to be a determination of the allowance of the Claims against the Debtors for any purpose including, without limitation, any entitlement to distributions under the Plan, any admission, release or waiver, or the amount, extent, validity or priority of the Claims. The Claims shall remain as claims against the Debtor and the rights of the Parties are reserved with respect to such Claims, however, the Claims shall not be allowed, for distribution or otherwise, if allowed, in an amount exceeding the Maximum Claim Amount and hereby are deemed disallowed to the extent they exceed the Maximum Claim Amount.

3.  Each person executing the Stipulation on behalf of a party represents that such person is duly authorized and empowered to execute the Stipulation on behalf of such party.

4.  The Bankruptcy Court will retain jurisdiction to resolve any and all disputes relating to this Stipulation.

| | |
|---|---|
| **NANCY H. ROGERS**<br>Attorney General of Ohio<br><br>*/s/ Victoria D. Garry*<br>_____<br>Victoria D. Garry, Esquire<br>Assistant Attorney General<br>1600 Carew Tower, 441 Vine St.<br>Cincinnati, Ohio 45202<br>Telephone: (513) 852-3497<br>Facsimile: (513) 852-3484<br><br>*Attorney for Ohio Department of Taxation* | **BAYARD, P.A.**<br><br>*/s/ Daniel O'Brien*<br>_____<br>Neil B. Glassman (No. 2087)<br>Mary E. Augustine (No. 4477)<br>Daniel A. O'Brien (No. 4897)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, Delaware 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br><br>-and-<br><br>**DLA PIPER US LLP**<br>Thomas R. Califano, Esquire<br>Jeremy R. Johnson, Esquire<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4990<br>Facsimile: (212) 884-8690<br><br>*Counsel for Debtors and Debtors in Possession* |

{BAY:01166362v1}