IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------- x
In re:                                :   Chapter 11
                                      :
                                      :   Case No. 07-11666 (KG)
                                      :
INPHONIC, INC., et al.,        :
                                      :   Re: Claim 19
                                      :
         Debtors.                     :
------------------------------------- x
```

*FILED 2008 OCT 21 AM 9:58 U.S. BANKRUPTCY DISTRICT OF DELAWARE*

## RESPONSE TO NOTICE OF MOTION TO ESTIMATE CLAIMS

Claimant, HERMAN, ALEXIS & CO., INC, herby submits its Response ("Response") objecting to the Debtor's Motion of Modified Zero Claim as "BLANK":

1. A **Transfer of Claim** form was filed with the Court transferring Claim to Herman, Alexis & Co., a U.S. Securities and Exchange Commission Firm registered with FINRA. The Transfer of Claim should therefore remain without prejudice.

2. Mark H. Rhynes assigned Common Shares of Debtor to Herman, Alexis to settle a debenture due to the firm in the amount of $250,000.00. Debt represented firm's percentage of revenue from Investment Banking services rendered in the name of the firm.

3. Debtor effectively became the successive assignee of debenture with the additional prevailing guidelines' regarding dispute settlement between members of governing body FINRA. Claimant's Modified Claim should reflect the current lien on securities of $250,000.

Dated: June 29, 2008
Los Angeles, CA 90071

Herman, Alexis & Co., Inc.
Member FINRA & SIPC

By: /s/ Mark H. Rhynes
633 West 5th Street
Floor 28
Los Angeles, CA 90071
(213) 223-2177



Form 210A (10/06)

# United States Bankruptcy Court
## The District of Delaware

In re, INPHONIC, INC          Case No.   07-11666   07-11666 (KG)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Herman, Alexis & Co., Inc. | Mark H. Rhynes |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent: 633 West 5th Street
Floor 28
Los Angeles, CA  90071

Court Claim # (if known): 00019
Amount of Claim: _____
Date Claim Filed: _____

Phone: (213) 223-2177
Last Four Digits of Acct #: _____
Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct. #: _____

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: 11/30/07
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT AGREEMENT

THIS AGREEMENT, made and entered into as of this 27th day of November 2007, by and between:

Mark H. Rhynes, an Individual ("Rhynes") and Herman, Alexis & Co., Inc., a company duly organized and existing under the laws of the State of Delaware and having its registered office at 633 West 5th Street Floor 28, Los Angeles, CA 90071 ("Herman");

Article 1. Assignment

1.1  Rhynes hereby assigns all of its rights in **Inphonic, Inc.**, to Herman Alexis (Claim No. 00019) Case No.07-11666KG for consideration and lien against Inphonic shares in the amount of $250,000.00, and Herman hereby accepts such assignment ("Assignment").

1.2  As of the date of execution of this Agreement, Rhynes shall have no further rights.

Article 2. Indemnification

Herman shall indemnify and hold harmless Rhynes against any and all loss, liability, damage or expenses which may be incurred by Rhynes.

Article 3. General

3.1  This Agreement contains the entire understanding among the Parties hereto with respect to the matters covered herein and supersedes and cancels any prior understanding with respect to the matters covered herein.

3.2  No changes, alterations or modifications hereto shall be effective unless made in writing and signed by all the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed in duplicate by their duly authorized representatives as of the date first written.

Mark H. Rhynes
By: _____

Herman, Alexis & Co., Inc.
By: _____