IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SN LIQUIDATION, INC., *et al.*,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br><br>Re: Docket No. 730<br><br>Hearing Date: November 7, 2008 at 2:00 p.m. |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
THE MOTION OF ILLINOIS NATIONAL INSURANCE COMPANY FOR RELIEF
FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) TO ADVANCE DEFENSE COSTS
UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) to Advance Defense Costs Under and Executive and Organization Liability Insurance Policy (the "Motion"; D.I. 730) filed by Illinois National Insurance Company ("Illinois National"), and in support thereof, states as follows:

**BACKGROUND**

1.　　SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") on November 8, 2007.

2.　　After a hearing, on or about October 22, 2008, the Court entered the Findings of Fact, Conclusions of Law and Order Confirming Pursuant to 11 U.S.C. § 1129 the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed By the Debtors In Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 (the "Confirmation Order"; D.I. 759).

3. Pursuant to the terms of the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* (the "Plan") as confirmed by the Confirmation Order, upon the occurrence of the Effective Date (as defined in the Plan), the trustee (the "Trustee") for the Litigation Trust (the "Trust") is appointed and all right, title and interest in and to the Estate Assets (as defined in the Plan) transfers to the Trust for the benefit of creditors. Thereafter, the Trustee will take over the administration of these cases on behalf of the Trust's beneficiaries.

4. As of the date hereof, the Effective Date has not yet occurred, and therefore the Trust has not been funded nor has the Trustee assumed his duties.

## OBJECTION

5. Upon the occurrence of the Effective Date, the Trust will be created for the benefit of the Debtors' creditors. The Trust has a vested interest in whether, and to what extent, the Debtors' insurance policies (collectively, the "Policies") constitute property of the Debtors' estates. Indeed, the Policies are among the assets to be transferred to the Trust. However, until the occurrence of the Effective Date, the Trust will not be funded and the Trustee will not be appointed.

6. The Court previously considered whether the Policies constitute property of the estates in the adversary proceeding styled SN Liquidation, Inc. v. Icon International, Inc. (In re SN Liquidation, Inc.); Adv. Proc. No. 08-50288 (KG) (the "Icon Adversary").

7. In connection with the Icon Adversary, on or about June 2, 2008 the Court entered an order (the "Icon Order") whereby the Court found that "[t]he Primary Policy is clearly in the nature of estate property" and that "[d]epletion of insurance proceeds ... would adversely affect the Debtors' estate." See SN Liquidation, Inc. v. Icon International, Inc. (In re SN Liquidation, Inc.), 388 B.R. 579, 584 (Bankr. D. Del. 2008).

8. Notwithstanding the Icon Order, as the Court is aware from the record at the confirmation hearing, certain persons have raised significant questions relating to whether the Policies constitute property of the Debtors' estates. Furthermore, there are numerous constituencies that are interested in this question, including the Trustee.

9. The Committee believes it is in the best interest of the Debtors and all creditors and parties in interest that, to the extent the Icon Order is not controlling, the Court consider in an omnibus manner all questions related to whether the Policies and the proceeds therefrom constitute property of the estate. Moreover, the Trustee must be given an opportunity to participate in questions that directly relate to sources of recovery for the Debtors' creditors. Any depletion of the estates, even for defense costs, would prejudice the Trust.

10. The Motion, however, attempts to impose a piecemeal approach to the broader insurance issues because it seeks to address only that portion of the Illinois National policy regarding defense costs. Illinois National itself suggests that the relief it is requesting is only a narrow portion of a much larger issue, as evidenced by its express reservation of rights with respect to a determination of whether the Policies constitute property of the estate. See Motion at ¶ 16 n. 5.

11. Given that there are numerous questions at issue with respect to the Policies, and there are parties in interest that have not participated in the Motion, the Court's consideration of the Motion is premature and should be deferred until such time as the Trustee is appointed and all parties in interest, including the Trustee, may participate. To consider the Motion at this time would deny the Trustee a right to participate in a matter that directly affects the beneficiaries of the Trust. Furthermore, to consider these questions in a piecemeal approach would waste judicial resources since the very same issues must be addressed by the Court at a later date.

WHEREFORE, the Committee respectfully requests that the Court sustain the Objection and deny the Motion until such time as the Trustee is appointed, and grant such other and further relief as is just and proper.

Dated: November 3, 2008  
       Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 N. Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
E-mail: kgwynne@reedsmith.com

and

Joshua C. Lewis, Esquire  
435 Sixth Avenue  
Pittsburgh, PA 15219  
Telephone: (412) 288-3131  
Facsimile: (412) 288-3063  
E-mail: jlewis@reedsmith.com

Counsel to the Official Committee of Unsecured Creditors