# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection deadline: December 1, 2008 at 4:00 p.m. |
| | Hearing date: December 8, 2008 at 10:00 a.m. |

## MOTION OF THE DEBTORS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF STIPULATION BETWEEN THE DEBTORS AND THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of the Stipulation Regarding the Withdrawal of the Commonwealth of Pennsylvania, Department of Revenue's (the "Department", together with the Debtors, the "Parties") Objection to the Second Amended Joint Plan of Liquidation and the Allowance of Claim Number 68 (the "Stipulation"), and in support thereof respectfully represents:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.  On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

{BAY:01178670v1}

4. The Bankruptcy Court entered an order pursuant to Bankruptcy Rule 1015(b) directing that Debtors' separate chapter 11 cases be jointly administered by this Court.

5. On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion"). Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

6. On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors. The Debtors continue to possess their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

7. On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order"). Pursuant to the Sale Order, the Debtors sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio"). On December 21, 2007, the parties closed the sale of the APA.

8. On or around December 21, 2007, Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of Adeptio, its rights to receive the assets from the Debtors under the APA (as defined in the APA).

9. On December 28, 2007, the Department filed claim number 68 (the "Claim") against Star Number, Inc., one of the Debtors in these chapter 11 cases, in the total amount of $8,123.83. The Claim is comprised of an unsecured priority claim in the amount of $5,691.85 and a general unsecured nonpriority claim in the amount of $2,431.98.

10. On May 19, 2008, the Debtors filed the Debtors' Motion Pursuant to Sections 1125, 1126, and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 for Order (A) Approving Adequacy of Disclosure Statements, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Fixing the Administrative Expense Bar Date, and (D) Fixing Date, Time and Place for Confirmation Hearing (the "Solicitation Procedures Motion").

11. On August 12, 2008, the Court entered a revised form of order granting the Solicitation Procedures Motion (the "Solicitation Procedures Order"). Thereafter, in accordance with the Solicitation Procedures Order, the Debtors caused BMC Group, Inc. to solicit acceptances of the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Plan").

12. On September 12, 2008, the Department filed an objection to the Plan (the "Plan Objection").

13. The Parties engaged in discussions, and on October 7, 2008, the Parties entered into the Stipulation attached hereto as Exhibit A, which resolved the Plan Objection and the Claim. Specifically, the Parties agreed that the Department file a notice of withdrawal of the Plan Objection and that the Claim be allowed in full in the amount and priority asserted and not subject to further objection.

14. On October 9, 2008, the Department withdrew the Plan Objection.

15. On October 14, 2008, the Court held a hearing on confirmation of the Plan (the "Confirmation Hearing"). On October 20, 2008, the Court held a telephonic hearing to address issues that remained unresolved from the Confirmation Hearing.

16. By order dated October 22, 2008 (the "Confirmation Order"), the Bankruptcy Court confirmed the Plan. The Plan has not yet become effective, but the Debtors expect that the Effective Date (as defined in the Plan) will occur soon.

## Relief Requested

17. By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 9019, approving the Stipulation.

## Basis for Relief

18. Rule 9019(a) of the Bankruptcy Rules provides that "on motion by the trustee and after a hearing, the bankruptcy court may approve a compromise or settlement." Fed.R.Bank.P. 9019(a). Because the terms and conditions of the Stipulation are fair, reasonable, and in the best interests of the Debtors' estates and its creditors, the Court should exercise its discretion to approve the Stipulation.

19. Settlements are favored in the bankruptcy context "[t]o minimize litigation and expedite the administration of a bankruptcy estate." *In re Martin*, 91 F.3d at 393. The United States Supreme Court has recognized that "in administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

20. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d at 392. Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), this Court has the authority to approve a compromise or settlement of claims asserted by or against a debtor. *See Id.* at 394 n.2.

21. The standard for approval of a compromise is whether the proposed settlement is "fair and equitable" and "in the best interest of the estate." *TMT Trailer*, 390 U.S. at 424. To approve a compromise or settlement pursuant to Bankruptcy Rule 9019, this Court must conclude that the compromise or settlement falls above "the lowest point in the range of reasonableness." *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993). In determining the scope of this range of reasonableness, courts have considered, *inter alia*:

    a.    possibility of success in litigation;

    b.    the likely difficulties in collection;

    c.    the complexity of the litigation involved, and delay necessarily attending it; and

    d.    the paramount interest of the creditors.

*Will v. Northwestern University (In re Nutraquest, Inc.)*, 434 F.3d 369 (3d Cir. 2006); *Fry's Metals, Inc. v Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3rd Cir. 2002); *In re Martin*, 91 F.3d at 393; *Pennsylvania Truck Lines*, 150 B.R. at 598; *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *see also Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Flight Transp. Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984), *cert denied*, 105 S.Ct. 1169 (1985).

22. In approving a settlement under Bankruptcy Rule 9019(a), "a judge does not have to be convinced that the settlement is the best possible compromise." *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). Rather, the settlement must only fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.*, 956 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted).

23. The reviewing court need not conduct its own investigation concerning the reasonableness of the settlement and may consider the opinion of counsel that the settlement is fair and equitable. *In re Purofied Downs Prods. Corp.*, 150 B.R. 519 (S.D.N.Y. 1993). Moreover, the bankruptcy court should not "substitute its judgment for that of the trustee." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). Rather, a court should "defer to the trustee's judgment so long as there is a legitimate business justification." *In re Martin*, 91 F.3d at 395.

24. Pursuant to Bankruptcy Rule 9019(a), approval of a settlement is within the sound discretion of this Court. *In re Martin*, 91 F.3d at 393; *Connecticut Gen. Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *LaSalle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 162 (7th Cir. 1987); *U.S. v. Alaska Nat'l Bank of the North (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). A court is not required to conduct a mini trial of the facts. *Purofied Down*, 150 B.R. at 523; *Grant Broadcasting*, 71 B.R. at 396; *see also A&C Properties*, 784 F.2d at 924-925

25. The Debtors respectfully submit that the terms of the Stipulation are fair and equitable and that approval of the Stipulation is in the best interests of the Debtors' estates. In addition, the Debtors submit that the terms of the Stipulation fall well within the range of reasonableness and otherwise satisfies the factors indentified herein.

26. Authorization of the settlement, as set forth in the Stipulation, is in the best interests of the Debtors' estates and its creditors because the settlement consensually resolves the Claim, which is for a relatively small amount, and the Plan Objection without the need for costly and time-consuming litigation. The Parties negotiated the terms of the Stipulation in good faith and at arm's length. Thus, the Stipulation is fair and equitable and will result in significant and demonstrable benefits being received by the Debtors' estates and its creditors. In view of the foregoing, the Debtors respectfully submit that approval of the settlement as set forth the Stipulation is warranted.

## NOTICE

27. Notice of this Motion has been given to: (a) counsel for the Debtors, (b) counsel for the Creditors Committee, (c) the Office of the United States Trustee, (d) the Commonwealth of Pennsylvania, Department of Revenue, and (e) those persons who have requested notice pursuant to Fed.R.Bank.P. 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order (substantially in the form attached to this Motion) approving the relief requested herein and (ii) grant such other and further relief as the Court may deem necessary and proper.

Dated: November 11, 2008
Wilmington, Delaware

**BAYARD, P.A.**

By: /s/ Daniel O'Brien
Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for Debtors and Debtors in Possession*