## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  December 8, 2008 at 10:00 a.m.** |
| | **Re: Docket No.  706, 754, 761** |

### DEBTORS' OBJECTION TO HERMAN ALEXIS & CO., INC'S MOTION FOR RECONSIDERATION OF THE COURT'S SUPPLEMENTAL ORDER GRANTING THE DEBTORS' MOTION TO ESTIMATE CLAIMS, DATED SEPTEMBER 16, 2008

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby object (the "Objection") to Herman Alexis & Co., Inc.'s ("Herman") Motion for Reconsideration (the "Reconsideration Motion") [Docket No. 754] of the Court's Supplemental Order Granting the Debtors' Motion to Estimate Claims, dated September 16, 2008 (the "Supplemental Order") [Docket No. 706], and respectfully represent as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Preliminary Statement

2.     On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.      On December 4, 2007, Herman filed claim number 19 (the "Herman Claim") against InPhonic, Inc. ("InPhonic"), a Debtor in these chapter 11 cases. The Herman Claim is attached hereto as Exhibit A. The basis of the Herman Claim is ownership of InPhonic common stock. As filed, the Claim did not indicate an amount.

4.      On July 18, 2008, the Debtors filed the Motion to Estimate Claims (the "Motion"). Pursuant to the Motion, the Debtors sought authority to estimate a number of claims for distribution purposes, including the Herman Claim. Specifically, the Motion sought to estimate the Herman Claim, based entirely on an equity interest in InPhonic, at zero.

5.      Prior to the August Hearing (defined below), the Debtors received an informal response to the Motion from Herman (the "Response"). The Response indicated that Herman was the assignee of $250,000 worth of InPhonic common stock. The Response clarified that Herman's $250,000 equity interest in InPhonic is the basis of the Herman Claim.

6.      On August 21, 2008, a hearing was held on the Motion (the "August Hearing"). Herman did not appear at the hearing; however, out an abundance of caution, the Herman Claim was carved out of the order granting the Motion, and the Motion was continued with respect to the Herman Claim to the hearing scheduled for September 16, 2008.

7.      On August 26, 2008, the Debtors mailed Herman the letter attached hereto as Exhibit B, which indicated that if Herman failed to file its objection with the Court and

appear at the September 16, 2008 hearing, the Court may enter an order granting the relief sought in the Motion without further notice or hearing.

8.    On September 16, 2008, a hearing on the Motion (the "September Hearing") was held with respect to the Herman Claim and the claim of one other claimant. Again, Herman did not appear at the hearing. At that time, the Court entered the Supplemental Order granting the Motion with respect to Herman, and the other claimant.

9.    On October 15, 2008, Herman filed the Reconsideration Motion, and on October 21, 2008, the Response [Docket No. 761], which the Debtors received informally in July, 2008 and included in the August and September Hearing binders supplied to the Court.

10.    On October 14, 2008, the Court held a hearing on the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors, dated August 11, 2008 (the "Plan"). On October 22, 2008, the Court entered an order confirming the Plan. The Plan has not yet become effective, but the Debtors expect that the Effective Date (as defined in the Plan) will occur soon.

11.    Pursuant to Article V.B of the Plan, the Debtors shall be merged with and into SN Liquidation, Inc. on the Effective Date (as defined in the Plan). Immediately after the merger and the transfer of all estates assets to the Litigation Trust (as defined in the Plan), the Debtors will cease to exist and shall be deemed dissolved under applicable state law. Pursuant to Article III.E.I of the Plan, all equity interests of the Debtors shall be canceled on the Effective Date (as defined in the Plan).

12.     Herman requests that the Court reconsider the Supplemental Order. Although not entirely clear, it appears that Herman asserts that the Claim was improperly estimated at zero, and that instead, the Claim should be allowed in the amount of $250,000. Herman fails to articulate sufficient cause to justify the extraordinary relief sought in the Reconsideration Motion. Accordingly, the Reconsideration Motion should be denied.

### Objection

13.     Presumably, the Reconsideration Motion is predicated upon Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which operates in conjunction with section 502(j) of the Bankruptcy Code. Bankruptcy Rule 3008 provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Section 502(j) provides, in pertinent part:

> A claim that has been allowed or disallowed may be reconsidered **for cause**. A reconsidered claim may be allowed or disallowed according to the **equities of the case.**

11 U.S.C. § 502(j)(emphasis added).

14.     The Bankruptcy Code does not provide a standard or definition to be applied in determining "cause according to the equities of the case." Some courts apply the standards set forth in Bankruptcy Rules 9023 and 9024, which incorporate by reference Rules 59(a) and 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"). *See, e.g., In re Motor Freight Express,* 91 B.R. 707 (Bankr.E.D.Pa. 1988). These courts hold that in order to successfully invoke Bankruptcy Rule 3008, at least one of the grounds set forth in Federal Rules 59(a) or 60(b) must be articulated.

15.     Other courts find "cause" where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there is a controlling or significant change in law or facts since the submission of the issue to the court. *See Olson v. United States*, 162 B.R. 831 (D.Neb. 1993) *citing Above the Belt, Inc. v. Bohan, Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

16.     Here, Herman fails to articulate <u>any</u> "cause" to justify reconsideration of the Supplemental Order.   Herman had notice, but failed to appear at the either the August or September Hearing.   Although Herman did not file the Response until after the Supplemental Order was entered, the Debtors were in possession of the Response prior to the August Hearing.   The Response was included in the hearing binder supplied by the Debtors to the Court prior to both the August and September Hearings, and brought to the Court's attention prior to the entry of the Supplemental Order.   Herman has cited no change or error in law, change in facts, manifest injustice or any other grounds sufficient to show "cause" to justify the reconsideration of the Supplemental Order under section 502(j) of the Bankruptcy Code.

17.     Herman's request for reconsideration remains premised on the notion that the stock of InPhonic has some value.   The Plan has been confirmed by order of the Court, dated October 22, 2008.   Pursuant to Article III.E.I of the Plan, all equity interests of the Debtors shall be canceled on the Effective Date (as defined in the Plan).   Although the Effective Date of the Plan has not yet occurred, the Debtors anticipate that the Effective Date will occur soon.   Since all equity interests will be canceled upon

occurrence of the Effective Date, Herman, nor any other equity interest holders of the

Debtors, are entitled to distributions under the Plan.

WHEREFORE the Debtors respectfully request that the Court (i) enter an order

substantially in the form attached hereto denying all relief requested in the

Reconsideration Motion and (ii) grant such other and further relief as is just.

Dated: November 19, 2008
      Wilmington, Delaware

**BAYARD, P.A.**

*Daniel O'Brien*

Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
Telephone:   (302) 655-5000
Facsimile:   (302) 658-6395

-and-

**DLA PIPER US LLP**
Thomas R. Califano, Esquire
Christopher R. Thomson, Esquire
Jeremy R. Johnson, Esquire
1251 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 335-4990
Facsimile:   (212) 884-8690

Counsel for Debtors
and Debtors in Possession