# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>SN LIQUIDATION, INC., *et al.,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br>**Objection Deadline: October 31, 2008 at 4:00 p.m.**<br>**Hearing Date: November 7, 2008 at 2:00 p.m.** |

## MOTION OF ILLINOIS NATIONAL INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY

Illinois National Insurance Company ("Illinois National"), by and through its

undersigned counsel, hereby enters this limited appearance[2] solely for the purpose of moving for

an order granting it relief from the automatic stay to advance Defense Costs incurred by or on

behalf of the insured executives and/or employees of the debtor InPhonic, Inc. or its subsidiaries

("Debtor") in relation to specific lawsuits (identified below) as those payments come due.[3]  In

support of this motion, Illinois National states as follows:

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] Illinois National submits this motion without consenting to jurisdiction over Illinois National for any other purpose.

[3] Any advancement of Defense Costs to executives or employees would be subject to a full reservation of rights by Illinois National.  Nothing herein is a waiver of any rights or defenses available to Illinois National under the Policy or otherwise, nor is it an admission that the Policy is valid and enforceable.

## **BACKGROUND**

1.      On November 8, 2007, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      The Debtors continue to possess their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in any of the Debtors' Chapter 11 cases.

3.      On the Petition Date, the Debtors filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion").  Pursuant to the Sale Motion and APA, the Debtors sought authority to sell substantially all of their business assets and to assume, sell and assign certain of their unexpired leases, license agreements, and executory contracts free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code.

4.      On November 16, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.      On December 13, 2007, after conducting a hearing, the Bankruptcy Court entered an order approving the Sale Motion and APA (the "Sale Order").  Pursuant to the Sale Order, the Debtors have sold substantially all of their business assets to Adeptio INPC Funding, LLC ("Adeptio" or the "Buyer").

2

6.      On or around December 21, 2007, Adeptio assigned to Simplexity, LLC a Delaware limited liability company and a subsidiary of Adeptio ("Simplexity"), its rights to receive the Assets from the Debtors under the APA (as defined in the APA). On or around December 21, 2007, the parties closed the sale pursuant to the APA.

7.      Illinois National issued to InPhonic an Executive and Organization Liability Insurance Policy No. 965-69-56 covering Loss on account of certain Claims first made during the Policy Period November 30, 2006 to November 30, 2007 ("the Policy"), subject to a $10 million aggregate Limit of Liability. Pursuant to Coverage A of the Insuring Agreements, the Policy covers Non-Indemnifiable Loss incurred by the Executives and Employees ("Insured Persons") of InPhonic and its Subsidiaries. Also, pursuant to Coverage B(ii), the Policy covers Loss incurred by InPhonic in indemnifying such Insured Persons, on account of a Claim for Wrongful Acts.

8.      The Policy further provides pursuant to Clause 8 that Illinois National shall advance, excess of any applicable retention amount, covered Defense Costs. "Defense Costs" are defined by Section 2(f) of the Policy as follows: "reasonable and necessary fees, costs and expenses consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond arising out of a covered judgment, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and/or appeal of a Claim against an Insured, but excluding any compensation of any Insured Person or any Employee of an Organization."

9.      In addition, Clause 22 of the Policy (with emphasis added) provides as follows:

22. ORDER OF PAYMENTS

In the event of Loss arising from a covered Claim for which payment is due under the provisions of this policy, then the insurer shall in all events:

3

(a)  first, pay Loss for which coverage is provided under
     Coverage A and Coverage C of this policy; then

(b)  only after payment of Loss has been made pursuant to
     Clause 22(a) above, with respect to whatever remaining
     amount of the Limit of Liability is available after such
     payment, at the written request of the chief executive
     officer of the Named Entity, either pay or withhold payment
     of such other Loss for which coverage is provided under
     Coverage B(ii) of this policy; and then

(c)  only after payment of Loss has been made pursuant to
     Clause 22(a) and Clause 22(b) above, with respect to
     whatever remaining amount of the Limit of Liability is
     available after such payment, at the written request of the
     chief executive officer of the Named Entity, either pay or
     withhold payment of such other Loss for which coverage is
     provided under Coverages B(i) and D of this policy.

In the event the Insurer withholds payment pursuant to Clause
22(b) and/or Clause 22(c) above, then the Insurer shall at such time
and in such manner as shall be set forth in written instructions of
the chief executive officer of the Named Entity remit such payment
to an Organization or directly to or on behalf of an Insured Person.

The bankruptcy or insolvency of any Organization or any Insured
Person shall not relieve the Insurer of any of its obligations to
prioritize payment of covered Loss under this policy pursuant to
this Clause 22.

10.    On May 18, 2007, a securities class action was filed against David A. Steinberg,

former CEO and Chairman of InPhonic, and Lawrence S. Winkler, former CFO and Treasurer of

InPhonic in the United States District Court for the District of Columbia, captioned *In re

InPhonic, Inc. Securities Litigation*, Case No. 07-00930 (the "Securities Action").[4]

11.    On December 31, 2007, Icon International, Inc. commenced a civil action against

non-debtors David A. Steinberg, Andrew Zeinfield and Kenneth D. Schwarz in the United States

---

[4] The original complaint named InPhonic as a defendant; however, the pending First Amended
Class Action Complaint names only Steinberg and Winkler.

4

District Court for the District of Columbia, captioned *Icon International, Inc. v. David A. Steinberg, et al.*, Case No. 07-02342 (the "Icon Action"). Steinberg, Winkler, Zeinfield and Schwarz are collectively the "Individual Defendants." The Securities Class Action and Icon Action are collectively the "Pending Actions."

12.    These Individual Defendants have incurred defense expenses in the defense of the Pending Actions and will continue to incur defense expenses in the defense of the Pending Actions, particularly the ongoing Securities Action. The Individual Defendants are seeking advancement from Illinois National of the defense expenses they have incurred so far and will incur in the future. The Individual Defendants have so far submitted bills which total nearly $800,000. Illinois National is in the process of reviewing those bills to determine what amounts it should advance, pursuant to the Policy's definition of Defense Costs, and subject to a reservation of rights.

13.    The Pending Actions are the only pending lawsuits involving InPhonic for which Illinois National seeks to make payment or advancement of fair and reasonable Defense Costs.

14.    Illinois National has already fully reserved all of its rights and defenses with respect to the Pending Actions. Nothing in this motion constitutes a waiver of modification or limitation of such full reservation of rights and defenses.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. §§362(a) and 105(a).

## **REQUEST FOR RELIEF**

16.    Illinois National acknowledges this Court's ruling that the Policy is property of

the estate (see *In re SN Liquidation, Inc.*, 388 B.R. 579, 583 (Bankr. D. Del. 2008)).[5]  However,

Illinois National believes that the Policy proceeds should still be available to advance Defense

Costs on behalf of the Individual Defendants.  Therefore, Illinois National seeks entry of an

order granting relief from the automatic stay for the purpose of making fair and reasonable

payments under the Policy as such payments may come due.  Illinois National is not requesting

that this Court approve, review or otherwise become involved in decisions by Illinois National

regarding what amounts would be covered Defense Costs under the Policy.

17.    Although it is generally stated that an insurance policy issued to a debtor becomes

property of its bankruptcy estate, it is well settled that the extent of the estate's interest in the

policy is expressly "limited by the contractual provisions within that policy." *In re Jones*, 179

B.R. 450, 455 (Bankr. E.D. Pa. 1995).  As noted by the court in *Jones*, "'the owner of an

insurance policy cannot obtain greater rights to the proceeds of that policy than he would have

under state law by merely filing a bankruptcy petition." *Id.* at 455, citing *First Fidelity Bank v.*

*McAteer*, 985 F.2d 114, 117 (3d Cir. 1993) (bankruptcy estate had no rights to proceeds of

insurance policy contractually designated for other parties).  Thus, it has been held that a

"bankruptcy trustee takes his interest in the insurance policy pursuant to the interest of the debtor

– 'standing in the shoes' as it were." *Matter of Light*, 23 B.R. 482, 484 (Bankr. E.D. Mich.

---

[5] Illinois National was not a party to the prior proceedings which resulted in the Court's order.
Therefore, Illinois National does not waive the right to contest whether the Policy is property of
the estate. *See e.g. In re Spaulding Composites Co., Inc.*, 207 B.R. 899, 907 (9th Cir. BAP 1997)
("[A] debtor's interest in a portion of property does not subject the entire property to §541.  Nor
does a debtor's claim to property mean that the entire property is a part of the bankruptcy
estate.") (citation omitted); *In re Pintlar Corp.*, 124 F.3d 1310, 1313 (9th Cir. 1997) (holding that
individual insured's rights under a D&O policy not subject to the automatic stay).

1982). *See also In re Feierisen,* 56 B.R. 167, 169 (Bankr. D. Or. 1985) ("The Trustee, as the representative of the estate, acquired the rights of the debtor in the insurance policy issued by plaintiff, subject to all defenses and obligations that may have existed at the time the estate was created.")

18.    Under *In re First Central Financial Corp.,* 238 B.R. 9 (Bankr. E.D.N.Y. 1999), *affirmed sub nom., Ochs v. Lipson,* 2000 U.S. Dist. LEXIS 22005 (E.D.N.Y. 2000), a Bankruptcy Court may and should allow payment of defense costs under a D&O policy.  In *First Central,* a trustee challenged a D&O insurer's payment of defense costs for claims made against the debtor's former directors and officers.  The trustee argued that both the D&O policy and its proceeds were property of the estate because the policy provided entity coverage to the debtor for securities claims.  Payment of the directors' and officers' defense costs would thus have the effect of reducing the policy's aggregate limit of liability available for all coverages, including securities claims made against the debtor.  Notwithstanding the existence of entity coverage under the policy (*i.e.,* coverage provided directly to the debtor corporation for claims made against it), the *First Central* court held that the automatic stay did not prevent the reimbursement of defense costs from the policy's proceeds.  *See also In re Adelphia Communications Corp.,* 298 B.R. 49, 53-55 (S.D.N.Y. 2003).  The court reasoned, "D&O policies are obtained for the protection of individual directors and officers. Indemnification coverage does not change this fundamental purpose." *First Central,* 238 B.R. at 16.  *See also In re World Health Alternatives, Inc.,* 369 B.R. 805 (Bankr. D. Del. 2007) (allowing payments on behalf of individual insureds notwithstanding existence of potential entity coverage under D&O policy).

19.    This reasoning is especially true with respect to Illinois National's ability here to advance Defense Costs. *See, e.g., Little v. MGIC Indemnity. Corp.,* 836 F.2d 789, 794-796 (3rd

7

Cir. 1998) (interpreting policy to require contemporaneous payment of defense costs); *FDIC v.*

*Booth*, 824 F. Supp. 76, 80 (M.D. La. 1993) (finding that policy required insurer to reimburse

defense costs as they are incurred), on subsequent appeal, 82 F.3d 670 (5th Cir. 1996); *FSLIC v.*

*Burdette*, 718 F. Supp. 649 (E.D. Tenn. 1989) (same).

20.     Also, the Order of Payments language of the Policy clarifies that payments on

account of these types of claims against Insured Persons receive priority over payments on behalf

of InPhonic.

19.     Although InPhonic may be entitled to coverage under the Policy in its own right

to the extent it indemnifies the Individual Insureds for Defense Costs incurred in the Pending

Actions,[6] any advancement of the Policy's proceeds as requested herein will directly benefit the

Debtors as it will reduce the estate's potential liability for such Defense Costs.  Accordingly,

cause exists to grant relief from the stay so as to allow the advancement of reasonable Defense

Costs under the Policy.  *See In re Allied Digital Technologies Corp.*, 306 B.R. 505, 513-514

(Bankr. D. Del. 2004).  *See also In re CyberMedica, Inc.,* 280 B.R. 12, 18-19 (Bankr. D. Mass.

2002) (court found cause to lift the automatic stay to allow reimbursement of defense costs under

D&O policy); *In re CHS Electronics, Inc.,* 261 B.R. 538, 544 (Bankr. S.D. Fla. 2002) (court held

that proceeds of D&O policy ear-marked to fund a securities class settlement were not estate

property, and alternatively found cause to lift the stay to allow payments under the policy).

---

[6] The Policy also provides, pursuant to Coverage B(i) Organization Liability coverage for
Securities Claims, but InPhonic is no longer a defendant in the Securities Action.

WHEREFORE, Illinois National respectfully requests that the Court enter an order

granting the relief requested herein, providing that Illinois National may advance Defense Costs

pursuant to the Policy in connection with the Pending Actions against the Individual Defendants,

and such other and further relief as may be necessary.

Dated:  October 8, 2008

### WOMBLE CARLYLE SANDRIDGE & RICE PLLC


___/s/ Kevin J. Mangan_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware  19801
T:      (302) 252-4320
F:      (302) 252-4330
fmonaco@wcsr.com
kmangan@wcsr.com

-and-

E. Joseph O'Neil
Robert A. McCall
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261

Counsel for Illinois National Insurance Company

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SN LIQUIDATION, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br>**Objection Deadline:  October 31, 2008 at 4:00 p.m.**<br>**Hearing Date:  November 7, 2008 at 2:00 p.m.** |

### NOTICE OF MOTION OF ILLINOIS NATIONAL INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY

PLEASE TAKE NOTICE THAT on October 9, 2008, Illinois National Insurance Company (the "Movant") filed its **Motion for Relief from the Automatic Stay of 11 U.S.C. §362(a) to Advance Defense Costs Under an Executive and Organization Liability Insurance Policy** (the "Motion") that seeks entry of an order providing that Movant may advance Defense Costs, as more fully set forth in the Motion, pursuant to the Policy in connection with the Pending Actions against the Individual Defendants, and such other and further relief as may be necessary.

HEARING ON THE MOTION WILL BE HELD ON **NOVEMBER 7, 2008 AT 2:00 P.M.** PREVAILING EASTERN TIME BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE.

PLEASE TAKE FURTHER NOTICE THAT  if you wish to file a response to the Motion, you must file such response (and the supporting documentation required by Local Rule 4001-1(d) to the attached motion on or before **October 31, 2008 at 4:00 p.m.** prevailing Eastern Time (the "Objection Deadline").

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

PLEASE TAKE FURTHER NOTICE THAT if you file a response, you must also serve such response on the following counsel to the Movant so as to be actually received by the Objection Deadline:

| | |
|---|---|
| Francis A. Monaco, Jr. | E. Joseph O'Neil |
| Kevin J. Mangan | Robert A. McCall |
| Womble Carlyle Sandridge & Rice | PEABODY & ARNOLD LLP |
| 222 Delaware Avenue | Federal Reserve Plaza |
| Suite 1501 | 600 Atlantic Avenue |
| Wilmington, Delaware 19801 | Boston, MA 02210-2261 |
| F: (302) 252-4330 | F: (617) 951-2125 |
| fmonaco@wcsr.com | EOneil@peabodyarnold.com |
| kmangan@wcsr.com | RMcCall@peabodyarnold.com |

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court.

The attorneys for the parties shall confer with respect to the issues raised by the Motion in advance for purposes of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts.

Dated: October 9, 2008                    WOMBLE CARLYLE SANDRIDGE & RICE


___/s/ Kevin J. Mangan_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware 19801
F: (302) 252-4330
fmonaco@wcsr.com
kmangan@wcsr.com

E. Joseph O'Neil
Robert A. McCall
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
F: (617) 951-2125
EOneil@peabodyarnold.com
RMcCall@peabodyarnold.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SN LIQUIDATION, INC., *et al*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11666 (KG)<br>(Jointly Administered)<br>Re: Docket No. _____ |

## ORDER PERMITTING ILLINOIS NATIONAL INSURANCECOMPANY TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY

Upon motion of Illinois National Insurance Company ("Illinois National") for an order to permit Illinois National to advance Defense Costs (as defined in paragraph 2 below) incurred by or on behalf of insured executives and/or employees of InPhonic, Inc., the Court finds and orders as follows:

1. Illinois National issued to InPhonic an Executive and Organization Liability Insurance Policy No. 965-69-56 covering Loss on account of certain Claims first made during the Policy Period November 30, 2006 to November 30, 2007 ("the Policy"), subject to a $10 million aggregate Limit of Liability. Pursuant to Coverage A of the Insuring Agreements, the Policy covers Non-Indemnifiable Loss incurred by the Executives and Employees ("Insured Persons") of InPhonic and its Subsidiaries. Also, pursuant to Coverage B(ii), the Policy covers Loss incurred by InPhonic in indemnifying such Insured Persons, on account of a Claim for Wrongful Acts.

2. The Policy further provides pursuant to Clause 8 that Illinois National shall advance, excess of any applicable retention amount, covered Defense Costs. "Defense Costs" are defined by Section 2(f) of the Policy as follows: "reasonable and necessary fees, costs and expenses

consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar

bond arising out of a covered judgment, but without any obligation to apply for or furnish any

such bond) resulting solely from the investigation, adjustment, defense and/or appeal of a Claim

against an Insured, but excluding any compensation of any Insured Person or any Employee of

an Organization."

     3.  On May 18, 2007, a securities class action was filed against David A. Steinberg,

former CEO and Chairman of InPhonic, and Lawrence S. Winkler, former CFO and Treasurer of

InPhonic, Inc. in the United States District Court for the District of Columbia, captioned *In re*

*InPhonic, Inc. Securities Litigation*, Case No. 07-00930 (the "Securities Action").[1]

     4.  On December 31, 2007, Icon International, Inc. commenced a civil action against

David A. Steinberg, Andrew Zeinfield and Kenneth D. Schwarz in the United States District

Court for the District of Columbia, captioned *Icon International, Inc. v. David A. Steinberg, et*

*al.*, Case No. 07-02342 (the "Icon Action"). Steinberg, Winkler, Zeinfield and Schwarz are

collectively the "Individual Defendants." The Securities Action and Icon Action are collectively

the "Pending Actions."

     5.  The Individual Defendants have incurred and will continue to incur defense expenses

in the defense of the Pending Actions. The Individual Defendants are seeking advancement of

such defense expenses by Illinois National.

     6.  Illinois National has already fully reserved all of its rights and defenses with respect

to the pending actions.

---

[1] The original complaint named InPhonic as a defendant; however, the pending First Amended
Class Action Complaint names only Steinberg and Winkler.

7. Nothing in this order constitutes a waiver, modification or limitation of such full reservation of rights.

8. Illinois National may advance Defense Costs pursuant to the Policy that have been and will be incurred in connection with the Pending Actions against the Individual Defendants.

Dated:  October ___, 2008.

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

690280_2
9500-93287

3

## CERTIFICATE OF SERVICE

**I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the foregoing document was made on October 9, 2008 upon:**

**Eric Michael Sutty**
Bayard, P.A.
222 Delaware Avenue
Suite 900
Wilmington, De 19801

and

### SEE ATTACHED SERVICE LIST

Under penalty of perjury, I declare that the foregoing is true and correct.


_____10/9/2008_____          __/s/ Heidi E Sasso_____
Date                                      Heidi E. Sasso

## SN Liquidation, Inc.

# Service List

Jeremy R. Johnson, Esquire
Thomas Califano, Esquire
Maria Ellena Chavez-Ruark, Esquire
DLA Piper US LLP
1251 Avenue of the Americas
New York   NY   10020-1104
*Debtor*

Delaware Secretary of State
Franchise Tax Division
P.O. Box 898-F
Dover   DE   19903

Internal Revenue Service
Attn: Bankruptcy Section
Special Procedures Section
31 Hopkins Plaza, Room 1120
Baltimore   MD   21202

Randy Weller
State of Delaware
Division of Revenue, Compliance Department
820 N. French Street
Wilmington   DE   19801

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington   DC   20020

Patricia Schrage
Securities & Exchange Commission
Division of Corporate Finance
3 World Financial Center
Suite 400
New York   NY   10281-1022

Division of Unemployment Ins.
Department of Labor
4425 N. Market Street
Wilmington   DE   19802

Richard Shepacarter, Esq.
Office of the U.S. Trustee
844 N. King Street
Wilmington   DE   19801

Ellen W. Slights, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington   DE   19899-2046

Greg Segall, Esquire
Paul Halpern, Esquire
David Lorry, Esquire
Versa Capital Management, Inc.
The Circa Centre
2929 Arch Street, 27th Floor
Philadelphia   PA   19104

Anup Sathy, Esquire
David A. Agay, Esquire
John A. Schoenfeld, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago   IL   60601
*Adeptio INPC Funding LLC*

Robert S. Brady, Esquire
Edmon L. Morton, Esquire
Edward J. Kosmowski, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington   DE   19801
*Adeptio INPC Funding LLC*

Kevin Weinman
W.B. Doner & Company
25900 Northwestern Highway
Southfield   MI   48075

Alan Dalsass
Brad Daniel
BMC Group
444 N. Nash Street
El Segundo   CA   90245

## SN Liquidation, Inc.

# Service List

Tiffany Strelow Cobb, Esq.
Vorys Sater Seymour and Pease LLP
52 East Gay Street
Columbus  OH  43215
*AOL, LLC and Avertising.com, Inc.*

Todd C. Meyers, Esquire
Paul M. Rosenblatt, Esquire
Kilpatrick Stockton LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta  GA  30309-4530
*AT&T*

Regina Stango Kelbon, Esquire
Joel Shapiro, Esquire
Blank Rome LLP
One Logan Square
Philadelphia  PA  19103
*Cellco Partnership, Verizon Wireless*

Bonnie Glantz Fatell, Esquire
Michael D. Debaecke, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street
Suite 800
Wilmington  DE  19801
*Cellco Partnership, Verizon Wireless*

Lawrence M. Schwab, Esquire
Patrick M. Costello, Esquire
Bialson Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto  CA  94306
*Yahoo!, Inc. and Overture Services, Inc.*

Scott D. Rosen, Esquire
Cohn Birnbaum Shea
100 Pearl Street
Hartford  CT  06103-4500

David M LeMay, Esq.
Chadbourne and Parke LLP
30 Rockfeller Plaza
New York  NY  10112

Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington  DE  19801
*Counsel to the Credtiors Committee*

Robert P. Simons, Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh  PA  15219
*Counsel to the Credtiors Committee*

Claudia Z. Springer, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia  PA  19103-7301
*Counsel to the Credtiors Committee*

Steven Wilamowsky, Esquire
Bingham McCutchen LLP
399 Park Avenue
New York  NY  10022
*ACN Communications Services, Inc.*

Marla R. Eskin, Esquire
Katheryn S. Keller, Esquire
Campbell & Levine LLC
800 North King Street, Ste. 300
Wilmington  DE  19801
*mForce Communications, Inc.*

David I. Swan, Esquire
McGuire Woods LLP
1750 Tysons Boulevard, Ste. 1800
McLean  VA  22102-4215
*Sprint Nextel Corporation*

# SN Liquidation, Inc.

# Service List

Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rice
222 Delaware Avenue,
Suite 1501
Wilmington   DE   19801
*T-Mobile USA, Inc.*

Richard W. Riley, Esq.
Duane Morris LLP
1100 N. Market Street
Ste. 1200
Wilmington   DE   19801-1246
*Spanco Telesystems & Solutions*

Brett D. Fallon, Esq.
Morris James LLP
500 Delaware Avenue
Ste. 1500
P.O. Box 2306
Wilmington   DE   19899-2306
*Sprint Nextel Corporation*

Kevini A. Guerke, Esq.
Patricia P. McGonigle, Esq.
Seitz, Van Ogtrop & Green, PA
222 Delaware Avenue
Ste. 1500
Wilmington   DE   19801

John J. Monaghan, Esquire
Lynne B. Xerras, Esquire
Diane N. Rallis, Esquire
Holland & Knight LLP
10 St. James Avenue
Boston   MA   02116
*Microsoft Corporation*

Gilbert B. Weisman, Esquire
Backet and Lee LLP
P.O. Box 3001
Malvern   PA   19355-07
*American Express Travel Related Services Co, Inc.
Corp. Card*

Kathleen M. Miller, Esquire
Smith Ktzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington   DE   19899
*Alltel Communications, Inc.*

Marc Barreca, Esquire
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle   WA   98104-1158
*Amazon Services, LLC*

Suzanna E. Ellefsen, Esqire
The PMA Insurance Group
380 Sentry Parkway
Blue Bell   PA   19422
*Pennsylvania Manufacturing Indemnity Company and
Manufacturing Alliance Insurance Company*

James F. Harker, Esquire
Cohen Seglias Pallas Greenhall & Furman, P.C.
1007 North Orange Street
Suite 1130
Wilmington   DE   19801
*Icon International, Inc.*

Scott D. Rosen, Esquire
Cohn Birnbaum & Shea, P.C.
100 Pearl Street
12th Floor
Hartford   CT   06103
*Icon International, Inc.*

Internal Revenue Service
844 King Street
Wilmington   DE   19801

John V. Fiorella, Esquire
Archer & Greiner, P.C.
300 Delaware Avenue
Ste. 1370
Wilmington   DE   19801

# SN Liquidation, Inc.

## Service List

Deborah Waldmeir, Esquire
Michael A. Cox, Esquire
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd.
Suite 10-200
Detroit   MI   48202
*State of Michigan*

Paul Cataldo, Esquire
Assistant General Counsel
935 First Avenue
King of Prussia   PA   19406
*GSI Commerce Inc.*

Tanya M. Tan, Esquire
Assistant General Counsel
30699 Russell Ranch Road
Suite 250
Westlake Village   CA   92362
*ValueClick, Inc.*

Frank F. McGinn, Esquire
Bartlett Hackett Feinberg PC
155 Federal Street
9th Floor
Boston   MA   02110
*Iron Mountain Information Mgt Inc.*

J. Scott Bovitz, Esquire
Bovitz & Spitzer
880 W First Street
Suite 502
Los Angeles   CA   90012-2430

Eric C. Cotton, Esquire
Developers Diversified Realty Corp.
3300 Enterprise Parkway
P.O. Box 228042
Beachwood   OH   44122
*DDR SE WEndover & Duluth Reynolds*

Mark A. Salzberg, Esquire
Foley & Lardner LLP
3000 K Street NW
Suite 500
Washington   DC   20007-5101
*Alltel Communications*

Delaware Department of Revenue
Kent County
Thomas Collins Building
540 S. Dupont Highway
Dover   DE   19901

Joseph M. Gitto, Esquire
Nixon Peabody LLP
437 Madison Avenue
New York   NY   10022
*Cosmocom.com*

David J. Coyle, Esquire
Shumaker Loop & Kendrick LLP
North Courthouse Square
1000 Jackson Street
Toledo   OH   43604-5573
*Continental Promotion Group*

Seth B. Shapiro, Esquire
U.S. Department of Justice - Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington   DC   20044
*Federal Communications Commission*

Martin A. Mooney, Esquire
Deily Mooney & Glastetter LLP
8 Thurlow Terrace
Albany   NY   12203
*CitiCorp Vendor Finance, Inc.*

Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington   DE   19806
*General Electric Capital Corporation*

# SN Liquidation, Inc.

# Service List

Laura Bouyea, Esquire
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore   MD   21202
*Kenneth D. Schwarz*
*Andrew B. Zeinfeld*

Karen C. Bifferato, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington   DE   19899

Jennifer L. Best, Esquire
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington   DC   20044
*United States of America*

Victoria D. Garry, Esquire
Nancy H. Rogers, Esquire
Attorney General of Ohio
1600 Carew Tower
441 Vine Street
Cincinnati   OH   45202

Lisa Bittle Tancredi, Esquire
Venable LLP
1200 North Broom Street
Wilmington   DE   19806

Rick Kite
HireStrategy, Inc.
11730 Plaza America Drive
Suite 340
Reston   VA   20190
*HireStrategy, Inc.*

John R. Climaco, Esquire
Climaco Lefkowitz Peca Wilcox & Garofoli Co., LPA
55 Public Square
Suite 1950
Cleveland   OH   44113