# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, ) | Case No. 07-11666 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Hearing Date: December 8, 2008** |
| ) | |

## RESPONSE OF KENNETH D. SCHWARZ AND ANDREW ZEINFELD TO THE MOTION OF ILLINOIS NATIONAL INSURANCE COMPANY TO WITHDRAW MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO THE MOTION OF XL SPECIALTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY SO THAT ILLINOIS NATIONAL INSURANCE COMPANY MAY REIMBURSE DEFENSE COSTS

Defendants Kenneth D. Schwarz and Andrew Zeinfeld, by counsel, hereby respond to the two pending motions referenced in the caption of this Response -- motions filed on behalf of two insurance carriers -- Illinois National Company ("Illinois National") and XL Specialty Insurance Company ("XL"), and state as follows:

Defendants Schwarz and Zeinfeld were senior officers and directors of the Debtor – SN Liquidation, Inc., formerly known as "InPhonic, Inc.," before InPhonic ceased to be a going concern in November 2007. Defendants Schwarz and Zeinfeld (among others) have been named as defendants in a civil action brought by Plaintiff Icon International, Inc. ("Icon"), in the U.S. District Court for the District of Columbia ("the Icon action"). Icon alleges various unlawful acts and omissions on the part of senior InPhonic directors and officers and Icon prays for "an amount in excess of $5,000,000" for alleged fraud and negligent misrepresentations associated with a telecommunications equipment barter transaction and a related settlement agreement that pre-dated InPhonic's bankruptcy filing in this Court.

As was their right under the subject D&O insurance polices issued by the primary carrier -- Illinois National -- and the secondary carrier -- XL -- Defendants Schwarz and Zeinfeld engaged the defense counsel of their choice -- Venable LLP ("Venable"). Venable attorneys began work on behalf of Defendants Schwarz and Zeinfeld in defense of the Icon action in <u>January</u> of this year. To date, nearly <u>eleven</u> months later, Venable has yet to be reimbursed for <u>any</u> of the time or costs expended by Venable on behalf of the insureds.

Now, rather than press the arguments set forth in the October 9, 2008 Motion of Illinois National Insurance Company for Relief From the Automatic Stay of 11 U.S.C. § 362(a) to Advance Defense Costs Under an Executive and Organization Liability Insurance Policy (Docket No. 730), Illinois National seeks leave to <u>withdraw</u> its motion; Illinois National cites no authority whatsoever for this abrupt turnabout. By abandoning the effort to secure permission from this Court to honor its contract obligation to fund the defense of these (and other) former directors and officers of the bankrupt company, Illinois National seeks to elevate its own interests over those of its insureds in contravention of its express obligations under the subject policy[1] and common law. <u>See</u>, <u>e.g.</u>, *Eureka Inv. Corp. v. Chicago Title Ins. Co.,* 743 F2d 932 (D.C. Cir. 1984) (an insurer that is liable for attorney's fees must pay the insured's reasonable attorney's fees incurred in defending a claim); *see also Photomedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 07-0025, 2008 U.S. Dist. LEXIS 8526 (E.D. Pa. Feb. 6, 2008) (an insurer must pay the reasonable fees of the insured's counsel of choice).

The secondary D&O carrier, XL, is now in the unusual position of moving this Court to enter an order permitting primary carrier Illinois National to advance defense fees and costs.

---

[1] Counsel for Illinois National emphasized, during the course of the November 7, 2008 oral argument that pre-dated the pending Illinois National Motion to Withdraw Motion, that paragraph 22 of Illinois National's policy (<u>see</u> Docket No. 784, Exhibit B) contains a <u>priority</u> payment provision for directors and officers. <u>See</u> November 7, 2008 Transcript ("Trans.") at 5.

Defendants Schwarz and Zeinfeld *object* to Illinois Nation's Motion to Withdraw its pending motion and *support* the arguments set forth on behalf of XL in its November 20, 2008 motion (Docket No. 784). As observed by the Court on November 7, 2008, (see Trans. at 22), outside counsel are entitled to prompt payment of reasonable fees and costs incurred in the defense of former InPhonic directors and officers.

Finally, Defendants Schwarz and Zeinfeld favor the position taken by XL and, earlier, by Illinois National, that the carrier alone should review the invoices presented by outside counsel to ensure that the fees and costs requested are both reasonable and consistent with the terms and conditions of the subject D&O policy. (See Trans. at 13 "Insurance companies aren't in the business of paying defense fees for litigation that's not covered"). If, however, Venable is required to submit its invoices for in camera review or review by the Liquidating Trustee or some other appropriate person in order to expedite payment, Venable and Defendants Schwarz and Zeinfeld are prepared to do so, *so long as* such invoices may be presented on a confidential basis, in redacted form, and the attorney-client privilege and any attorney work product are not waived by virtue of such invoice review/approval process.

## CONCLUSION

For the foregoing reasons, and those set forth by XL in its November 20, 2008 Motion, which are incorporated herein by reference, Defendants Schwarz and Zeinfeld ask that the Court deny Illinois National's pending motion and grant XL's motion and grant relief from the automatic stay of

11 U.S.C. § 362 so that the primary D&O carrier -- Illinois National -- may promptly reimburse defense costs and fees incurred by outside counsel for former InPhonic directors and officers in defense of the Icon action.

Dated:  December 1, 2008                    Respectfully submitted,

                                    /s/ Lisa Bittle Tancredi
Lisa B. Tancredi
**Venable LLP**
Bar No. 4657
1200 North Broom Street
Wilmington, DE 19806
Telephone (302) 656-3929
Facsimile (302) 656-8503

Counsel for Defendants Kenneth D. Schwarz and Andrew Zeinfeld

**Of Counsel:**

David W. Goewey
Mara Zusman
**Venable LLP**
7th Street, NW
Washington, DC 20004
Phone:  (202) 344-4000
Fax:  (202) 344-8300

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing RESPONSE OF KENNETH D. SCHWARZ AND ANDREW ZEINFELD TO THE MOTION OF ILLINOIS NATIONAL INSURANCE COMPANY TO WITHDRAW MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO THE MOTION OF XL SPECIALTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY SO THAT ILLINOIS NATIONAL INSURANCE COMPANY MAY REIMBURSE DEFENSE COSTS was made on December 1, 2008 upon:

**SEE ATTACHED SERVICE LIST**

Under penalty of perjury, I declare that the foregoing is true and correct.

/s/ Lisa Bittle Tancreadi
Lisa Bittle Tancred

## Service List

| | |
|---|---|
| Francis A. Monaco, Jr., Esquire<br>Kevin J. Mangan, Esquire<br>Womble Carlyle Sandridge & Rice PLLC<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801 | E. Joseph O'Neil, Esquire<br>Robert A. McCall<br>Peabody & Arnold LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 |
| James S. Yoder, Esquire<br>824 North Market Street, Suite 902<br>Wilmington, DE 19899 | Gary V. Dixon, Esquire<br>Stephanie T. Schmelz, Esquire<br>Ross Dixon & Bell, LLP<br>2001 K Street, NW<br>Washington, DC 20006 |
| Richard Shepacarter, Esquire<br>Office of the U.S. Trustee<br>844 N. King Street<br>Lock Box No. 35<br>Wilmington, DE 19801 | Kurt F. Gwynne, Esquire<br>Reed Smith LLP<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801 |
| Daniel A. O'Brien, Esquire<br>Bayard LLP<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | |