## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

SN LIQUIDATION, INC., *et al.*,

Debtors.

Chapter 11

Case No. 07-11666 (KG)
(Jointly Administered)

**Re: Docket No. 784**

Hearing Date:  December 8, 2008 at 11:00 a.m.
Objection Deadline:  December 5, 2008 at 12:00 p.m.

### OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS TO THE MOTION OF XL SPECIALTY INSURANCE
### COMPANY FOR RELIEF FROM THE AUTOMATIC STAY SO THAT ILLINOIS
### NATIONAL INSURANCE COMPANY MAY REIMBURSE DEFENSE COSTS

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

undersigned counsel, hereby files this objection (the "Objection") to the Motion for Relief from

the Automatic Stay So That Illinois National Insurance Company May Reimburse Defense Costs

(the "Motion"; D.I. 784) filed by XL Specialty Insurance Company ("XL"), and in support

thereof, states as follows:

### BACKGROUND

1.      SN Liquidation, Inc. and its affiliated debtors and debtors in possession

(collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United

States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") on November 8,

2007.

2.      After a hearing, on or about October 22, 2008, the Court entered the Findings of

Fact, Conclusions of Law and Order Confirming Pursuant to 11 U.S.C. § 1129 the Second

Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed By the Debtors In

Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 (the "Confirmation Order"; D.I. 759).

3.      Pursuant to the terms of the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* (the "Plan") as confirmed by the Confirmation Order, upon the occurrence of the Effective Date (as defined in the Plan), the trustee (the "Trustee") for the Litigation Trust (the "Trust") is appointed and all right, title and interest in and to the Estate Assets (as defined in the Plan) transfers to the Trust for the benefit of creditors. Thereafter, the Trustee will take over the administration of these cases on behalf of the Trust's beneficiaries.

4.      On October 9, 2008, Illinois National Insurance Company ("Illinois National" filed the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) to Advance Defense Costs Under and Executive and Organization Liability Insurance Policy (the "Illinois National Motion"; D.I. 730).

5.      The Committee filed an objection to the Illinois National Motion (see D.I. 768), and a hearing was held on November 7, 2008. The Court scheduled an evidentiary hearing on the Illinois National Motion for December 8, 2008 in order that the parties may, among other things, inquire into the reasonableness of the charges to the Debtors' bankruptcy estates.

6.      In preparation for the evidentiary hearing, on November 17, 2008, the Committee served the Notice of Deposition Duces Tecum (the "Deposition Notice") for the deposition of Illinois National's corporate designee. A true and correct copy of the Deposition Notice is attached hereto as **Exhibit A**. The deposition was cancelled as a result of the withdrawal of the Illinois National Motion on November 21, 2008 (D.I. 787).

7.      On November 20, 2008, XL filed its Motion requesting substantially similar relief as had been requested by the Illinois National Motion.

- 2 -

8.      As of the date hereof, the Effective Date of the Plan has not yet occurred, and
therefore the Trust has not been funded nor has the Trustee assumed his duties.  The parties are
working diligently to finalize the loan documentation so that the Plan may be funded and go
effective as soon as possible.

## OBJECTION

**A.      The Committee Has Been Unable To Confirm The Reasonableness Of The
Defense Costs And Therefore Objects To Any Payments At This Time.**

9.      Because the Motion is substantially similar to the Illinois National Motion, the
Committee adopts and incorporates its prior objections in response to the Motion.  In addition,
because these matters have been previously considered by the Court, the Committee adopts in
support of this Objection the statements made on the record at the hearing on the Illinois
National Motion held on November 7, 2008.

10.      Despite the Committee's efforts, it has not been able to determine whether the
Defense Costs (as defined in the Motion) are reasonable and necessary charges.  Counsel to the
Committee engaged in discussions with XL and with Illinois National in an attempt to resolve
this matter.  Specifically, the Committee merely sought to confirm the reasonableness of the
proposed charges, and was prepared to take appropriate steps to respect the confidentiality and
privilege concerns raised by XL and Illinois National.  Nevertheless, the insurers have refused to
provide the Committee with any written information with respect to the invoices it seeks to pay
or the review of such invoices that it conducted.

11.      Similarly, on November 7, 2008 and November 24, 2008, counsel to the
Committee requested information from Venable LLP ("Venable"), one of the firms seeking
payment for defense costs, in an effort to insure that the defense costs were reasonable so that its
invoices may be paid.  Counsel at Venable acknowledged at the November 7, 2008 hearing that

- 3 -

the situation was analogous to a secured creditor's attorney being paid from the estate, and

acknowledged the related review by the estates of the charges such counsel. Nevertheless, the

Committee did not receive any response from Venable in connection with its requests.

12.      Given that the insurers, and those claiming through them, have refused to provide

the Committee with any of the requested information, the Committee is unable to make a

determination at this time as to the reasonableness of the Defense Costs. Accordingly, the

Committee objects to the payment of any amounts that may reduce the recovery available for

creditors until such time as the insurers supply the information that the Committee has requested

and it (or the Trustee) is able to make a determination as to the reasonableness of the proposed

payments.

**B.      The Trustee for the Litigation Trust Is Not Yet In Place and Therefore Any Payments by the Insurer are Premature.**

13.      Upon the occurrence of the Effective Date, the Trust will be created for the

benefit of the Debtors' creditors. The Trust has a vested interest in whether, and to what extent,

the Debtors' insurance policies (collectively, the "Policies") constitute property of the Debtors'

estates. Indeed, the Policies are among the assets to be transferred to the Trust. However, until

the occurrence of the Effective Date, the Trust will not be funded and the Trustee will not be

appointed.

14.      The Court previously considered whether the Policies constitute property of the

estates in the adversary proceeding styled SN Liquidation, Inc. v. Icon International, Inc. (In re

SN Liquidation, Inc.); Adv. Proc. No. 08-50288 (KG) (the "Icon Adversary").

15.      In connection with the Icon Adversary, on or about June 2, 2008 the Court entered

an order (the "Icon Order") whereby the Court found that "[t]he Primary Policy is clearly in the

nature of estate property" and that "[d]epletion of insurance proceeds ... would adversely affect

- 4 -

the Debtors' estate." See SN Liquidation, Inc. v. Icon International, Inc. (In re SN Liquidation, Inc.), 388 B.R. 579, 584 (Bankr. D. Del. 2008).

16.    Notwithstanding the Icon Order, as the Court is aware from the record at the confirmation hearing, certain persons have raised significant questions relating to whether the Policies constitute property of the Debtors' estates.  Furthermore, there are numerous constituencies that are interested in this question, including the Trustee.

17.    The Committee believes it is in the best interest of the Debtors and all creditors and parties in interest that, to the extent the Icon Order is not controlling, the Court consider in an omnibus manner all questions related to whether the Policies and the proceeds therefrom constitute property of the estate.  Moreover, the Trustee must be given an opportunity to participate in questions that directly relate to sources of recovery for the Debtors' creditors.  Any depletion of the estates, even for defense costs, would prejudice the Trust.

18.    The Motion, however, attempts to impose a piecemeal approach to the broader insurance issues because it seeks to address only that portion of the Illinois National policy regarding defense costs.  Illinois National itself suggests that the relief it is requesting is only a narrow portion of a much larger issue, as evidenced by its express reservation of rights with respect to a determination of whether the Policies constitute property of the estate.  See Motion at ¶ 16 n. 5.

19.    Given that there are numerous questions at issue with respect to the Policies, and there are parties in interest that have not participated in the Motion, the Court's consideration of the Motion is premature and should be deferred until such time as the Trustee is appointed and all parties in interest, including the Trustee, may participate.  To consider the Motion at this time would deny the Trustee a right to participate in a matter that directly affects the beneficiaries of

- 5 -

the Trust.  Furthermore, to consider these questions in a piecemeal approach would waste judicial resources since the very same issues must be addressed by the Court at a later date.

WHEREFORE, the Committee respectfully requests that the Court sustain the Objection and deny the Motion until such time as the Trustee is appointed or the Committee is able to ascertain the reasonableness of the payments requested, and grant such other and further relief as is just and proper.

Dated: December 5, 2008
     Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
    Kurt F. Gwynne (No. 3951)
    1201 N. Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail:  kgwynne@reedsmith.com

      and

    Joshua C. Lewis, Esquire
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone:  (412) 288-3131
    Facsimile:  (412) 288-3063
    E-mail:  jlewis@reedsmith.com

    Counsel to the Official Committee of Unsecured Creditors