## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SN LIQUIDATION, INC., *et al.*,[1] ) | Case No. 07-11666(KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Re: Dkt Nos. 730 and 787** |

### ORDER CONDITIONALLY APPROVING WITHDRAWAL OF MOTION OF ILLINOIS INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(A) TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY

Pending before the Court is the Motion of Illinois National Insurance Company ("Illinois National") to Withdraw (the "Motion to Withdraw") its Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) to Advance Defense Costs Under an Executive and Organization Liability Insurance Policy (the "Motion for Relief"). In the Motion for Relief, Illinois National sought relief from the automatic stay to advance defense costs ("the Defense Costs"), principally attorneys' fees and expenses, incurred by or on behalf of insured directors, executives and/or employees (the "Defendants") of debtor InPhonic, Inc., or its subsidiaries ("Debtor") in pending litigation identified in the Motion to Withdraw. Sufficient cause appearing therefor, and for the reasons the Court explained on the record at the hearing on December 8, 2008, it is hereby

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive LLC.

**ORDERED, ADJUDGED AND DECREED** that the withdrawal without prejudice of the Motion for Relief is hereby granted, subject to the following conditions:

1. Illinois National shall promptly advance and pay the Defense Costs submitted to date.

2. The Court will appoint a mediator to whom the lawyers for the Defendants shall submit whatever time records and itemized expenses they have provided to Illinois National. The mediator, to be appointed by a subsequent order, will determine whether the fees and expenses are reasonable and consistent with the policy terms based upon parameters to be identified by the parties. In the event of a dispute which the mediator can not resolve through mediation, the objecting party may submit the matter to the Court. Any disallowance of Defense Costs by the mediator or the Court shall be charged against future billings.

3. The fees and expenses of the mediator shall be the responsibility of the Liquidating Trust but advanced by Illinois National. The advanced sums will be reimbursed by the Trust or, if the Trust lacks sufficient funds, Illinois National may treat such mediator costs as a charge against policy limits. The Court will resolve any disputes relating to the mediator payments upon motion.

Dated: December 9, 2008

_____
KEVIN GROSS, U.S.B.J.