# EXHIBIT 1

{BAY:01231022v1}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' REPLY TO THE OHIO DEPARTMENT OF TAXATION'S RESPONSE TO THE OBJECTION OF THE DEBTORS TO CLAIM NOS. 1106 AND 1344, AND, IN THE ALTERNATIVE, MOTION TO DETERMINE TAX LIABILITY PURSUANT TO 11 U.S.C. § 505**

SN Liquidation, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through undersigned counsel, reply (the "Reply") to the Response to the Objection of the Debtors to Claim Nos. 1106 and 1344 Filed by the Ohio Department of Taxation, and, in the Alternative, Motion to Determine Tax Liability Pursuant to 11 U.S.C. § 505, and respectfully represent as follows:

**BACKGROUND**

1. On or about March 20, 2008 and April 7, 2008, the Ohio Department of Taxation (the "Ohio DOT") filed claim numbers 1106 and 1344, respectively (claim numbers 1106 and 1344 are collectively referred to herein as the "Claims") against InPhonic, in the total amount exceeding $7 million.

2. On July 18, 2008, the Debtors filed the Debtors' Objection to Claim Nos. 1106 and 1334, and, in the Alternative, Motion to Determine Tax Liability Pursuant to 11 U.S.C. § 505 (D.I. 634) (the "Objection").

3. On August 13, 2008, the Ohio DOT filed the Response to the Objection (D.I. 658).

4.   On October 14, 2008, in an effort to memorialize the current status of the Claims negotiations and to facilitate the progress of the plan of liquidation, this Court entered the Order Approving Stipulation By and Between the Debtors and The Ohio Department of Taxation Establishing the Maximum Allowable Amount for the Claims (D.I. 750) (the "Stipulation Order"). The Stipulation Order established the aggregate maximum allowable amount of the Claims at $100,000 (the "Claims Reserve"); however, it did not address any entitlement to distributions under the plan of liquidation, any admission, release or waiver, or the amount, extent, validity or priority of the Claims.

## REPLY

5.   The Debtors maintain that the Claims are unconstitutional under the Commerce Clause and, therefore, should be disallowed and expunged in their entirety as more fully set forth in the Objection.

6.   Notwithstanding such contention, in an effort to mutually resolve the Claims, the Debtors provided the Ohio DOT with Ohio sales and revenue data for the purpose of calculating the Debtors' maximum potential tax, penalty and interest exposure. The aforementioned data and the corresponding tax exposure, as calculated by the Ohio DOT, are attached as Exhibit A.

7.   Consistent with the tax exposure set forth in Exhibit A, the Debtors have proposed a revised order (the "Revised Order") attached hereto as Exhibit B. The Revised Order provides for an allowed general unsecured non-priority claim in the amount of $4,971.56 and an allowed general unsecured priority claim in the amount of $11,034.50. For reasons unexplained by the Ohio DOT, the Debtors have been unable to obtain the Ohio DOT's unequivocal acceptance of the Revised Order.

8. Nonetheless, because the Revised Order reflects the maximum potential tax exposure as calculated by the Ohio DOT, the Debtors maintain that their tax exposure cannot amount to anything more.

9. Accordingly, the Debtors request that the Claims be allowed and the Claims Reserve be terminated as set forth in the Revised Order. Absent entry of the Revised Order, the Debtors reserve all rights to raise any and all objections set forth in the Objection at the scheduled hearing.

**WHEREFORE,** the Debtors respectfully requests that the Court grant the relief requested herein.

Date: January 21, 2009  
Wilmington, Delaware

BAYARD, P.A.

_____  
Neil B. Glassman (No. 2087)  
Jamie L. Edmonson (No. 4247)  
GianClaudio Finizio (No. 4253)  
Daniel A. O'Brien (No. 4897)  
222 Delaware Avenue, Suite 900  
Wilmington, Delaware 19801  
Telephone:   (302) 655-5000  
Facsimile:    (302) 658-6395

-and-

DLA PIPER US LLP  
Thomas R. Califano  
Jeremy R. Johnson, Esquire  
1251 Avenue of the Americas  
New York, New York 10020  
Telephone:   (212) 335-4500  
Facsimile:    (212) 335-4501

Counsel for Debtors and  
Debtors in Possession

**EXHIBIT A**

{BAY:01231022v1}

**Ohio Revenue**

| Month | Revenue |
|---|---|
| Jan-05 | $101,201 |
| Feb-05 | $133,707 |
| Mar-05 | $153,265 |
| Apr-05 | $104,899 |
| May-05 | $120,240 |
| Jun-05 | $174,654 |
| Jul-05 | $197,715 |
| Aug-05 | $290,390 |
| Sep-05 | $216,823 |
| Oct-05 | $221,187 |
| Nov-05 | $163,622 |
| Dec-05 | $104,118 |
| Jan-06 | $101,776 |
| Feb-06 | $115,270 |
| Mar-06 | $115,996 |
| Apr-06 | $91,502 |
| May-06 | $90,907 |
| Jun-06 | $74,329 |
| Jul-06 | $59,987 |
| Aug-06 | $67,655 |
| Sep-06 | $71,676 |
| Oct-06 | $78,998 |
| Nov-06 | $70,410 |
| Dec-06 | $94,989 |

**Ohio Sales**

| Year Month | Location | Phone | shipping |
|---|---|---|---|
| 200202 | Ohio | $17,735 | $4,800 |
| 200203 | Ohio | $22,744 | $5,627 |
| 200204 | Ohio | $25,788 | $5,628 |
| 200205 | Ohio | $21,779 | $5,380 |
| 200206 | Ohio | $19,440 | $6,342 |
| 200207 | Ohio | $19,990 | $8,400 |

**Sales Tax based on the period February 2002 through July 2002**

| | |
|---|---|
| Tax: | $7,648.56 (priority) |
| Interest: | $2,431.94 (priority) |
| Penalty: | $4,971.56 (general unsecured, non-priority) |
| | |
| Total: | $10,080.50 (general unsecured, priority) |
| | $4,971.56 (general unsecured, non-priority) |

**Commercial Activity Tax**

7/1/05 through 12/31/05 = $491 (general unsecured, priority)

1/1/06 through 12/31/06 = $463 (general unsecured, priority)

**Total Tax Exposure**

$11,034.50 (general unsecured, priority)
$4,971.56 (general unsecured, non-priority)

# EXHIBIT B

{BAY:01231022v1}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*,[1] | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Related Docket Nos. 634, 658, _____ |

## AGREED ORDER REGARDING OBJECTION OF THE DEBTORS TO CLAIM NOS. 1106 AND 1344 FILED BY THE OHIO DEPARTMENT OF TAXATION

Upon consideration of the (i) the Objection of the Debtors to Claim Nos. 1106 and 1344 Filed By the Ohio Department of Taxation and in the Alternative, Motion to Determine Tax Liability (the "Objection"), filed by SN Liquidation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), (ii) the Moir Declaration,[2] (iii) Claim No. 1106 filed by the Ohio DOT, (iv) Claim No. 1344 filed by the Ohio DOT, and (v) the response to the Objection filed by the Ohio DOT; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Objection as set forth therein is sufficient, and that no other or further notice need be provided; and after due deliberation thereon and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is overruled in part and sustained in part as stated herein; and it is further

---

[1] The Debtors and debtors in possession are INP Liquidation Corp. f/k/a InPhonic, Inc., CS I Liquidation, LLC f/k/a CAIS Acquisition, LLC, CS II, LLC f/k/a CAIS Acquisition II, LLC, SI Liquidation Corp. f/k/a SimIPC Acquisition Corp., SN Liquidation, Inc. f/k/a Star Number, Inc., MTS Liquidation, LLC f/k/a Mobile Technology Services, LLC, FN LLC f/k/a FON Acquisition, LLC, 1010, LLC f/k/a 1010 Interactive, LLC.

[2] Terms not defined herein shall have the meaning ascribed to them in the Objection.

{BAY:01231022v1}

ORDERED that the maximum allowable amount of $100,0000 in the aggregate for Claim Nos. 1106 and 1344, as set forth in the previously Court-approved stipulation between the Debtors and the Ohio DOT, is hereby terminated; and it is further

ORDERED that Claim No. 1106 is modified and reclassified as an allowed general unsecured non-priority claim in the amount of $4,971.56 and an allowed general unsecured priority claim in the amount of $11,034.50, which shall be subject to no further objection; and it is further

ORDERED that Claim No. 1344 is disallowed and expunged in its entirety; and it is further

ORDERED that the Ohio DOT shall not assert any further claims against the estates, and that any other claims, if so asserted, shall be disallowed and expunged in their entirety, without further order to this Court; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January ____, 2009

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE