# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 730, 787 and 805 |

### STIPULATION AND AMENDED ORDER CONDITIONALLY APPROVING WITHDRAWAL OF MOTION OF ILLINOIS INSURANCE COMPANY FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. § 362(A) TO ADVANCE DEFENSE COSTS UNDER AN EXECUTIVE AND ORGANIZATION LIABILITY INSURANCE POLICY [DOCKET NO. 805]

The Court considered the Motion of Illinois National Insurance Company ("Illinois National") to Withdraw (the "Motion to Withdraw") its Motion for Relief from the Automatic Stay of 11 U.S.C. § 362(a) to Advance Defense Costs Under an Executive and Organization Liability Insurance Policy (the "Motion for Relief"). In the Motion for Relief, Illinois National sought relief from the automatic stay to advance defense costs ("the Defense Costs"), principally attorneys' fees and expenses, incurred by or on behalf of insured directors, executives and/or employees (the "Defendants") of debtor InPhonic, Inc., or its subsidiaries ("Debtor") in pending litigation identified in the Motion to Withdraw. Sufficient cause appearing therefor, and for the reasons the Court explained on the record at the hearing on December 8, 2008, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the withdrawal without prejudice of the Motion for Relief is hereby granted, subject to the following conditions:

1. Illinois National shall promptly advance and pay the Defense Costs submitted to date.

2.  The Court will appoint a mediator to whom the lawyers for the Defendants ("Defense Counsel") shall submit whatever time records and itemized expenses they have provided to Illinois National. The mediator, to be appointed by a subsequent order, will determine whether the fees and expenses are reasonable and consistent with the policy terms based upon parameters to be identified by the parties. In the event of a dispute which the mediator can not resolve through mediation, the objecting party may submit the matter to the Court. Any disallowance of Defense Costs by the mediator or the Court shall be charged against future billings.

3.  The fees and expenses of the mediator shall be the responsibility of the Liquidating Trust but advanced by Illinois National. The advanced sums will be reimbursed by the Trust or, if the Trust lacks sufficient funds, Illinois National may treat such mediator costs as a charge against policy limits. The Court will resolve any disputes relating to the mediator payments upon motion.

4.  The submission to the court-appointed mediator of invoices reflecting time records and expenses of Defense Counsel shall not serve to waive any attorney work product, attorney-client privilege, or any other applicable privilege that Defense Counsel and/or their clients could assert as to such invoices.

Dated: January 23, 2009

KEVIN GROSS, U.S.B.J.

7

Stipulated and agreed to:

Dated: December 19, 2008

/s/ Kurt F. Gwynne
Kurt F. Gwynne (#3951)
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500 - Telephone
(302) 778-7575 - Facsimile
kgwynne@reedsmith.com

and

Joshua C. Lewis
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131 - Telephone
(412) 288-3063 - Facsimile
jlewis@reedsmith.com

Counsel to the Official Committee of Unsecured Creditors

Dated: December 19, 2008

/s/ Lisa Bittle Tancredi
Lisa Bittle Tancredi (#4657)
Venable LLP
1200 North Broom Street
Wilmington, DE 19806
(302) 656-3929 - Telephone
(302) 656-8503 – Facsimile
lbtancredi@venable.com

Attorneys for Kenneth D. Schwarz
and Andrew B. Zeinfeld