# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD** |

## REQUEST OF JOSEPH A. PARDO FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Joseph A. Pardo ("Mr. Pardo"), sole director of the above-captioned debtors and debtors in possession (the "Debtors"), hereby files this request (the "Request") for allowance and payment of administrative expense claim pursuant to section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").[1] In support of this Request, Mr. Pardo states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Request pursuant to 28 U.S.C. § 1334 and consideration of this Request is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.*, Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 [Docket No. 649].

{BAY:01294816v1}

3.      On the Petition Date, the Debtors also filed the Motion of the Debtors for an Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing the Sale of Substantially All of their Assets; (II) Approving an Asset Purchase Agreement (the "APA"), Subject to Higher and Better Offers; (III) Approving the Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") [Docket No. 13]. Pursuant to the Sale Motion and the APA, the Debtors sought authority to sell substantially all of their business assets to Adeptio INPC Funding LLC ("Adeptio").

4.      On December 13, 2007, the Court entered the Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 250], which approved and authorized the sale of substantially all of the Debtors' assets to Adeptio.

5.      On December 21, 2007, the sale closed, and Adeptio assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), its rights to receive the Assets from the sellers under the APA.

6.      The Debtors lost all of their employees after the sale of their assets to Adeptio and Simplexity. On January 31, 2008, in order to avoid the resignation of the sole remaining director without any replacement, the remaining director appointed Joseph Myers ("Mr. Myers") of Clear Thinking Group LLC to fill a vacant seat on the board of

INP Liquidation Corp. f/k/a InPhonic, Inc., an affiliated debtor entity. Shortly thereafter, on February 21, 2008, Mr. Myers appointed Mr. Pardo to the board of directors of INP Liquidation Corp., and thereafter, Mr. Myers resigned.

7. On March 24, 2008, this Court entered the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code: (I) Authorizing the Employment of Clear Thinking Group LLC and Joseph Myers as Chief Wind-Down Officer for the Debtors *Nunc Pro Tunc* to February 21, 2008, and (II) Approving the Appointment of Joseph Pardo (the "Order") [Docket No. 478]. Pursuant to the Order, Mr. Pardo was appointed as the sole member of the board of directors of each corporate debtor entity and as the manager or other authorized person for each limited liability company debtor entity.

8. On August 12, 2008, the Debtors filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc. *et al.*, Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 (the "Plan") [Docket No. 649].

9. On October 22, 2008, this Court entered an order confirming the Plan (the "Confirmation Order") [Docket No. 759].

10. On March 30, 2009, the Effective Date occurred pursuant to the Plan.

11. Pursuant to the Confirmation Order, April 29, 2009 is the bar date for filing administrative claims against the Debtors, their Estates, or the Liquidation Trust.

## BASIS FOR RELIEF

12. Mr. Pardo is entitled to the allowance and payment of an administrative expense claim in an amount no less than $46,389.24 (the "Administrative Claim") pursuant to section 503(b) of the Bankruptcy Code for post-petition services rendered on

behalf of the Debtors through and including the Effective Date.

13. Section 503(b) of the Bankruptcy Code, provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including --
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11. U.S.C. § 503(b)(1)(A).

14. Pursuant to the Order, the Debtors were authorized to appoint and compensate Mr. Pardo $5,000.00 per month for his services as sole member of the board of directors of each corporate debtor entity and as the manager or other authorized person for each limited liability company debtor entity, and reimburse Mr. Pardo for reasonable out-of-pocket expenses related to those services. In connection therewith, Mr. Pardo provided valuable services to the Debtors during the wind-down of the Debtors' businesses, including, among other things, helping to formulate and obtain approval of a disclosure statement and confirmation of a liquidating plan.

15. Mr. Pardo is entitled to an administrative expense claim for fees accrued from April 2008 through and including the Effective Date for services provided on behalf of the Debtors during that period, less fees already received from the Debtors for those services, in the total amount of $46,389.24.[2] Mr. Pardo is not requesting reimbursement of expenses incurred in connection with his services.

---

[2] Mr. Pardo accrued fees in the amount of $60,000.00 for the period from April 2008 through and including the Effective Date for services provided as the Debtors' sole manager and director, and received payment from the Debtors in the amount of $13,610.76 for those services. Accordingly, $46,389.24 of accrued fees for services rendered remain outstanding.

WHEREFORE, Mr. Pardo respectfully requests that this Court enter an order (i) approving the Administrative Claim for the provision of services by Mr. Pardo to the Debtors, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: April 29, 2009

                                          /s/ Joseph A. Pardo
                                       Joseph A. Pardo
                                       Member/Director of Debtors