## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG)<br>Jointly Administered |
| Debtors. | |
| | **Objection Deadline: June 22, 2009 at 4:00 p.m.**<br>**Hearing Date: TBD** |

## FINAL FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 16, 2007 THROUGH MARCH 25, 2009

| | |
|---|---|
| Name of Applicant: | REED SMITH LLP |
| Authorized to Provide<br>Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | January 7, 2008, *nunc pro tunc* to November 16, 2007 |
| Period for which compensation and<br>reimbursement is sought: | November 16, 2007 through March 25, 2009 |
| Amount of Compensation sought as<br>actual, reasonable and necessary: | $493,229.50 |
| Amount of Expense Reimbursement sought<br>as actual, reasonable and necessary: | $28,049.96 |
| This is a: | Final Fee Application |

The total time expended for fee application preparation is approximately 75.00 hours and the corresponding compensation requested is approximately $18,000.00.

## Summary of Fee Applications Filed

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| January 14, 2008<br><br>D.I. 303 | November 16, 2007 - November 30, 2007 | $203,247.00 | $305.43[1] | $162,597.60 | $305.43 |
| February 6, 2008<br><br>D.I. 363 | December 1, 2007 – December 31, 2007 | $146,992.00 | $21,481.49 | $117,593.60 | $21,481.49 |
| March 14, 2008<br><br>D.I. 444 | January 1, 2008 – January 31, 2008 | $28,363.00 | $1,434.37 | $22,690.40 | $1,434.37 |
| March 14, 2008<br><br>D.I. 445 | November 16, 2007 – January 31, 2008<br><br>[Quarterly] | $378,602.00 | $23,221.29 | Pending | Pending |
| May 21, 2008<br><br>D.I. 552 | February 1, 2008 – April 30, 2008 | $55,361.50 | $1,789.45 | $44,289.20 | $1,789.45 |
| May 21, 2008<br><br>D.I. 553 | February 1, 2008 – April 30, 2008<br><br>[Quarterly] | $55,361.50 | $1,789.45 | Pending | Pending |
| September 11, 2008<br><br>D.I. 694 | May 1, 2008 – July 31, 2008 | $24,594.00 | $804.60 | $19,675.20 | $804.60 |
| September 11, 2008<br><br>D.I. 695 | May 1, 2008 – July 31, 2008<br><br>[Quarterly] | $24,594.00 | $804.60 | Pending | Pending |

---

1   Reed Smith LLP voluntarily reduced the total requested expenses in its November 2007 monthly fee application (D.I. 303) from $322.63 to $305.43. In-house copies were inadvertently billed at a rate of $0.15 per copy rather than $0.10 per copy.

## REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM NOVEMBER 16, 2007 THROUGH MARCH 25, 2009

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Claudia Z. Springer | Partner. Joined firm as partner in 2002. Member of PA bar since 1981. Member of DC bar since 1980. | $585.00 (2007) $645.00 (2008) | 104.00 4.70 | $60,480.00 $1,818.50 |
| Robert P. Simons | Partner. Joined firm as partner in 2001. Member of WV bar since 1982. Member of PA bar since 1986. | $530.00 (2007) $580.00 (2008) | 176.90 15.80 | $93,757.00 $8,670.00 |
| Kurt F. Gwynne | Partner. Joined firm as partner in 2001. Member DE bar since 2000. Member PA and NJ bars since 1992. | $530.00 (2007) $560.00 (2008) | 123.50 52.90 | $65,455.00 $31,080.00 |
| Amy M. Tonti | Partner. Joined firm as partner in 2001. Member of PA bar since 1980. Member of NY bar since 2003. | $510.00 (2007) | 64.80 | $33,048.00 |
| Jay M. Levin | Counsel. Joined firm as counsel in 2005. Member of PA bar since 1981 | $480.00 (2007) $530.00 (2008) | 14.40 6.60 | $6,912.00 $3,498.00 |
| Douglas R. Widin | Partner. Joined firm as partner in 2005. Member of PA bar since 1983. Member of NJ bar since 1985. | $480.00 (2007) | 2.60 | $1,248.00 |
| Kimberly E. C. Lawson | Associate. Joined firm as associate in 2002. Member of DE bar since 2000. Member of the MD bar since 2001. | $390.00 (2007) | 0.20 | $78.00 |
| Gregory L. Taddonio | Partner. Joined firm as associate in 2001. Member of OH bar since 1996 and PA bar since 2002. | $385.00 (2007) | 0.20 | $77.00 |
| Gaston P. Loomis II | Associate. Joined firm as associate in 2005. Member of GA bar since 2001. Member of DE bar since 2006. | $330.00 (2007) $385.00 (2008) | 24.20 21.20 | $7,986.00 $7,815.00 |
| Joshua C. Lewis | Associate. Joined firm as associate in 2005. Member of PA bar since 2004. Member of NY bar since 2003. | $315.00 (2007) $370.00 (2008) $400.00 (2009) | 98.70 184.00 1.80 | $31,090.50 $68,413.00 $720.00 |
| Jeanne S. Lofgren | Associate. Joined firm as associate in 2005. Member of PA bar since 2002. | $315.00 (2007) | 29.40 | $9,261.00 |
| Katharine V. Jackson | Associate. Joined firm as associate in 2007. Member of DE bar since 2006. | $290.00 (2008) | 2.40 | $696.00 |

| J. Cory Falgowski | Associate. Joined firm as associate in 2004. Member of DE bar since 2004. | $275.00 (2007) | 29.70 | $8,167.50 |
| | | $325.00 (2008) | 1.60 | $520.00 |
| Jennifer P. Knox | Associate. Joined firm as associate in 2007. Member of PA and NJ bars since 2007. | $250.00 (2007) | 61.20 | $15,300.00 |
| John B. Lord | Joined firm as paralegal in 2000. Paralegal for seventeen years. | $220.00 (2007) | 66.10 | $14,542.00 |
| | | $235.00 (2008) | 64.90 | $15,251.50 |
| | | $250.00 (2009) | 7.70 | $1,925.00 |
| Lynn Williams | Joined firm as paralegal in 2004. Paralegal for ten years. | $180.00 (2007) | 0.80 | $144.00 |
| Lisa A. Lankford | Joined firm in 2000. Practice Group Specialist since 2003. | $115.00 (2007) | 17.80 | $2,047.00 |
| | | $135.00 (2008) | 18.20 | $2,449.00 |
| Stacy Lucas | Joined firm in 2002. Paralegal since 2008. | $110.00 (2007) | 2.60 | $286.00 |
| Grand Total: | | | **1,119.30** | **$493,229.50** |
| Blended Rate: | | | | $440.66 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $446.25 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Case Administration – 60002 | 82.30 | $25,863.50 |
| Business Operations - 60003 | 3.90 | $2,172.00 |
| Creditor Meetings/Committees - 60005 | 94.10 | $42,018.50 |
| Non-Working Travel – 60006 | 5.40 | $2,385.00 |
| Preparation of Fee Statement/Application – 60007 | 77.20 | $17,984.50 |
| Financing/Cash Collateral Issues - 60008 | 78.00 | $28,660.50 |
| Executory Contracts/Personality - 60010 | 0.40 | $148.00 |
| Employee Matters - 60011 | 18.80 | $1,102.00 |
| Insurance – 60012 | 1.90 | $9,297.50 |
| Miscellaneous Motions -60013 | 213.10 | $89,512.50 |
| Assumption/Rejection of Leases -60014 | 24.40 | $9,343.50 |
| Retention of Professionals – 60015 | 34.90 | $11,249.50 |
| Asset Disposition – 60016 | 132.60 | $55,149.50 |
| Secured Claims – 60017 | 115.10 | $60,472.50 |
| Plan Review and Litigation -60021 | 129.10 | $53,855.00 |
| Automatic Stay/Relief Actions - 60023 | 25.10 | $9,548.50 |
| D&O Claims – 60026 | 34.20 | $17,057.50 |
| Investigation re: Lenders – 60027 | 48.50 | $18,268.00 |
| Attendance at Hearings - 60029 | 79.10 | 38,528.50 |
| Claims Review and Objections - 60030 | 1.40 | $613.00 |
| **TOTAL:** | **1,199.30** | **$493,229.50** |

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Copying | IKON | $21,845.86 |
| In-House Duplicating | | $1,061.30 |
| Subpoena Service Costs | | $286.50 |
| Telephone - Outside | ChorusCall/ SoundPath | $1,000.91 |
| Telephone - Outside | CourtCall | $218.00 |
| Telephone Expense | | $7.10 |
| Legal Research | Westlaw/Lexis | $724.72 |
| Transcript Expense | | $553.45 |
| Ground Travel (Tax, Rail, Mileage, Parking, etc.) | | $574.08 |
| Air Travel | | $241.00 |
| Lien Searches | CSC | $269.60 |
| Meals/Meeting Expenses | | $152.77 |
| Filing Fees | | $25.00 |
| Outside Databases | Pacer | $215.28 |
| Outside Databases | LivEdgar | $232.13 |
| Courier Service - Outside | UPS/Parcels | $64.226 |
| **TOTAL** | | **$28,049.96** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et al.*, | Case No. 07-11666 (KG)<br>Jointly Administered |
| Debtors. | **Objection Deadline: June 22, 2009 at 4:00 p.m.**<br>**Hearing Date: TBD** |

## FINAL FEE APPLICATION OF REED SMITH LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2008 THROUGH MARCH 25, 2009

Reed Smith LLP ("Reed Smith" or the "Applicant"), hereby submits this Final Fee

Application of Reed Smith LLP, Counsel for the Official Committee of Unsecured Creditors (the

"Committee"), for Compensation for Services Rendered and Reimbursement of Expenses for the

Period November 16, 2007 through March 25, 2009 (the "Application") pursuant to 11 U.S.C. §§

327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, Del.Bankr.LR. 2016-2,

the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Chapter 11 Professionals and Committee Members (the "Administrative Order"; D.I. 165), and the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C.

§ 586(a)(3)(A). By this Application, Reed Smith, as counsel to the Committee in this proceeding,

seeks final allowance and payment of compensation for legal services performed and expenses

incurred during the period commencing November 16, 2007 through March 25, 2009 (the

"Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

## I.   FACTUAL BACKGROUND

1.      On November 8, 2007 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). By order dated November 9, 2007, the Court approved the joint administration of these cases for procedural purposes only.

2.       On November 16, 2007, the United States Trustee for Region 3 (the "<u>U.S. Trustee</u>") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "<u>Formational Meeting</u>").

3.       At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) JBR Media Ventures, LLC; (ii) Google, Inc.; (iii) Infinite Computer Solutions, Inc.; (iv) Yahoo!, Inc.; and (v) ACN Communications Services, Inc. Upon formation, the Committee selected Reed Smith as its counsel.

4.       On January 7, 2008, the Bankruptcy Court approved the Committee's retention of Reed Smith as its counsel. A copy of the Order Approving Application of the Official Committee of Unsecured Creditors to Employ Reed Smith LLP, *Nunc Pro Tunc* as of November 16, 2007 as Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (the "<u>Retention Order</u>"; D.I. 292) is attached as <u>Exhibit A</u>.

5.       On October 22, 2008, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law and Order Pursuant to 11 U.S.C. § 1129 Confirming the Second Amended Joint Plan of Liquidation (the "<u>Plan</u>") of SN Liquidation, Inc., *et al.* Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors Dated August 11, 2008 (D.I. 759).

6.       On March 25, 2009, the Debtors' Plan became effective.

## II.    COMPENSATION AND REIMBURSEMENT OF EXPENSES

6.    Reed Smith submits this Application to the Bankruptcy Court for final allowance of reasonable compensation for actual and necessary professional services and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Committee.

7.    Reed Smith billed a total of $493,229.50 in fees and disbursed $28,049.96 in expenses in its efforts performed on behalf of the Committee.

8.    By this Application, Reed Smith thus seeks final allowance of compensation in the amount of $493,229.50 for legal services rendered, and reimbursement in the amount of $28,049.96 for expenses incurred and disbursed.

9.    For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Committee, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

10.    Exhibit C contains a breakdown of expenses incurred and disbursed by Reed Smith. Reed Smith has incurred out-of-pocket disbursements in the amount of $28,049.96. This disbursement sum is broken down into categories of charges, including, *inter alia*, telephone charges, special or hand delivery charges, express mail charges, filing fees, legal research charges, meal charges, travel expenses, documentation charges, postal service charges, in-house and outside photocopying charges. Reed Smith also uses outside duplication services for large photocopy work.

## III.    ANALYSIS AND NARRATIVE DESCRIPTION OF
## SERVICES RENDERED AND TIME EXPENDED

11.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that

bankruptcy courts may award "reasonable compensation for actual, necessary services rendered

by the trustee, examiner, professional person, or attorney and by any paraprofessional employed

by any such person." See 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation

from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the

services performed and fees incurred were reasonable.

12.    In determining the amount of reasonable compensation to be awarded, the

Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the

nature, extent, and the value of such services, taking into account all relevant factors, including:

(A) the time spent on such services, (B) the rates charged for such services, (C) whether the

services were necessary to the administration of, or beneficial at the time at which the service

was rendered toward the completion of, a case under this title, (D) whether the services were

performed within a reasonable time commensurate with the complexity, importance, and nature

of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based

on the customary compensation charged by comparably skilled practitioners in cases other than

cases under this title.  See 11 U.S.C. § 330(A)-(E).

13.    To date, Reed Smith has filed five monthly fee applications and three quarterly

fee applications ("Fee Applications Filed to Date").  Narrative descriptions of the services

rendered for or on behalf of the Committee and the time expended are set forth in each of the

previous monthly fee applications.  Accordingly, this Application incorporates by reference all

Fee Applications Filed to Date.  Reed Smith now seeks final approval of all fees and expenses

previously requested in the Fee Applications Filed to Date.

14.    In addition,  Reed Smith also has rendered professional services for the period

August 1, 2008 through March 25, 2009 (the "Final Interim Period"),[2] in the amount of

$34,672.00 and has incurred out-of-pocket disbursements in the amount of $234.62.  These

professional services and reimbursement of disbursements are not included in the Fee

Applications Filed to Date.

15.    As with the Fee Applications Filed to Date, Reed Smith sets forth a brief narrative

description of the services rendered during the Final Interim Period on behalf of the Committee

and the time expended, organized by project task categories, as follows:

### A.    CASE ADMINISTRATION (60002)

During the Compensation Period, Reed Smith drafted, filed and served a motion to admit

counsel *pro hac vice*.  Reed Smith seeks compensation for 1.00 hours of reasonable and

necessary legal expenses incurred for Case Administration during the Compensation Period in

the total amount of $235.00.

### B.    CREDITOR MEETINGS/COMMITTEES (60005)

During the Compensation Period, Reed Smith communicated with the Committee and

other inquiring creditors regarding the Debtors' disclosure statement and plan.  Reed Smith seeks

compensation for 3.00 hours of reasonable and necessary legal expenses incurred for Creditor

Meetings/Committees during the Compensation Period in the total amount of $1,010.00.

### C.    NON-WORKING TRAVEL (60006)

During the Compensation Period, a Reed Smith attorney traveled to and from Pittsburgh,

PA to attend a court hearing on October 14, 2008.  All non-working travel has been reduced by

---

2  Copies of Reed Smith's statements of services for the Final Interim Period are attached in Exhibit B
and Exhibit C.

50%. Reed Smith seeks compensation for 3.60 hours of reasonable and necessary legal expenses incurred for Non-Working Travel during the Compensation Period in the total amount of $1,332.00.

### D.   PREPARATION OF FEE STATEMENT/APPLICATION (60007)

During the Compensation Period, Reed Smith drafted, filed and served its fifth monthly fee application and third quarterly fee application. Reed Smith drafted this final fee application. Reed Smith conferred with the Debtors in connection with the proposed fee allocation scenario. Further, Reed Smith revised, filed and served fee applications for the Committee's financial advisor. Reed Smith seeks compensation for 23.20 hours of reasonable and necessary legal expenses incurred for Preparation of Fee Statement/Application during the Compensation Period in the total amount of $5,628.50.

### E.   MISCELLANEOUS MOTIONS (60013)

During the Compensation Period, Reed Smith conferred internally and negotiated with the Debtors in connection with the Debtors' motion to abandon certain rebate-related documents. Reed Smith also drafted a joinder in the Debtors' objection to the United States Trustee's motion to convert the case. Reed Smith seeks compensation for 2.70 hours of reasonable and necessary legal expenses incurred for Miscellaneous Motions during the Compensation Period in the total amount of $1,029.00.

### F.   PLAN REVIEW AND LITIGATION (60021)

During the Compensation Period, Reed Smith worked with the Debtors and the Committee's financial advisor regarding the confirmation of a plan. Reed Smith seeks compensation for 32.30 hours of reasonable and necessary legal expenses incurred for Plan Review and Litigation during the Compensation Period in the total amount of $12,344.00.

### G.    AUTOMATIC STAY/RELIEF ACTIONS (60023)

During the Compensation Period Reed Smith drafted, filed and served objections to two motions for relief from the automatic stay.  Reed Smith seeks compensation for 24.90 hours of reasonable and necessary legal expenses incurred for Automatic Stay/Relief Actions during the Compensation Period in the total amount of $9.474.50.

### H.    ATTENDANCE AT HEARINGS (60029)

During the Compensation Period, Reed Smith prepared for and attended hearings in these cases, including hearings on October 14, 2008, October 20, 2008 and December 8, 2008.  Reed Smith seeks compensation for 10.30 hours of reasonable and necessary legal expenses incurred for Attendance at Hearings during the Compensation Period in the total amount of $3,619.00.

14    Reed Smith charged and now requests those fees that are customary and charged by most counsel in this marketplace for similar Chapter 11 cases.  Billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from November 16, 2007 through March 25, 2009 represent customary rates routinely billed to the firm's many clients.  (See Exhibit B).  Moreover, Reed Smith stated in the Application of the Official Committee of Unsecured Creditors for Authorization to Employ Reed Smith LLP, *Nunc Pro Tunc*, as of November 16, 2007, as Counsel to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 (D.I. 263) ("Retention Application") and the accompanying Unsworn Declaration of Kurt F. Gwynne in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm.  Here, the compensation requested does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly

compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

15.     In addition, as set forth in its Retention Application, the Committee believed that the retention of Reed Smith as its counsel would be cost-effective and efficient.

16.     Further, the Committee sought to retain Reed Smith as its counsel due to its extensive experience and knowledge in the field of debtors' and creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of Reed Smith was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that Reed Smith would provide distinct benefits to the Committee and enhance the administration of these bankruptcy cases.

17.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.L.R.2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of Joshua C. Lewis is attached hereto as Exhibit D.

WHEREFORE, Reed Smith respectfully requests final allowance of compensation for professional services rendered in the amount of $493,229.50 and reimbursement of expenses in the amount of $28,049.96 and payment according to the procedures set forth in the Administrative Order.

Dated: May 28, 2009
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

and

Robert P. Simons, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
E-mail: rsimons@reedsmith.com

and

Claudia Z. Springer, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile: 215-851-1420
E-mail: cspringer@reedsmith.com

Counsel to the Official Committee of Unsecured
Creditors