IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| SN LIQUIDATION, INC., et al.,[1] | ) Case No. 07-11666 (KG) |
| Debtors. | ) Jointly Administered |
| | ) Related to Docket Nos. 525 & 878 |

## RESPONSE OF LIQUIDATING TRUSTEE TO THE MOTION OF TRANSFIRST FOR RELIEF FROM ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF TRANSFIRST AGREEMENT

Morton Branzburg, the liquidating trustee ("Liquidating Trustee") of SN Liquidation, Inc. et al. (collectively, the "Debtors") by and through his undersigned counsel hereby files this response (the "Response") to the Motion of TransFirst for Relief from Order Approving the Assumption and Assignment of TransFirst Agreement (the "Motion") [Docket No. 878] filed by TransFirst Third Party Sales, LLC f/k/a TransFirst Third Party Sales, Inc., f/k/a TransFirst Merchant Services, Inc. and TransFirst, LLC (collectively, "TransFirst"). In support of this Response, the Liquidating Trustee respectfully states as follows:

### BACKGROUND

1. On December 13, 2007, this Court entered an order approving the sale of substantially all of the Debtors' assets to Simplexity, LLC ("Simplexity"). While that order did not expressly approve the assumption and assignment of the agreement referenced in the Motion, the Court established procedures whereby additional

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are SN Liquidation, Inc. (9384); CAIS Acquisition, LLC (6257); SimIPC Acquisition Corp. (4924); Star Number, Inc. (5549); Mobile Technology Services, LLC (1426); FON Acquisition, LLC (2807); 1010 Interactive, LLC (5391).

PHIL1 1234593-1

assignments could be accomplished on consent and after submission of individual orders.

2.	Consistent with Court approved procedures, on May 1, 2008 this Court entered the Order Approving the Assumption and Assignment of TransFirst Agreement [Docket No. 525] (the "Assumption Order"), which authorized the assumption of that certain agreement referred to therein as the "Merchant Card Processing Agreement, by and between the Debtors and TransFirst, LLC, dated July 31, 2007" (the "Processing Agreement") and its assignment to Simplexity.

3.	TransFirst claims that the date in the Assumption Order's definition of the Processing Agreement (the "Agreement Date") is an "error" that the Court should now correct.

4.	While the Liquidating Trustee was not a party to the sale to Simplexity or the Assumption Order, it appears apparent that the requested relief under Rule 60(a) of the Federal Rules of Civil Procedure ( "Rule"), made applicable hereto by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), is not an appropriate basis for the relief requested in the Motion.

### RESPONSE

5.	TransFirst requests relief under Rule 60(a), made applicable hereto by Bankruptcy Rule 9024, which allows for the correction of indisputable errors and mistakes in an order or judgment, and is not an appropriate basis for the relief requested in the Motion. However, TransFirst and Simplexity apparently are in the midst of a legitimate dispute about the Agreement Date. Consequently Rule 60(a) is not applicable.

6.	In addition to Rule 60(a), TransFirst requests relief under Rule 60(b), made applicable hereto by Bankruptcy Rule 9024. Relief under Rule 60(b)(1) – (3) is

PHIL1 1234593-1

subject to a one year time bar and therefore is time barred. Rule 60(b)(4) deals with relief from void judgments and there is no contention that the Assumption Order is void, therefore, Rule 60(b)(4) is not applicable. Rule 60(b)(5) provides parties with a procedural method of obtaining relief from a prospective order (i.e., an ongoing injunction or a consent order) when the application of that order is no longer equitable because of significant changes in circumstances. *See Am. Civil Liberties Union of N.J. v. Schundler*, 168 F.3d 92 (3d Cir. 1999). No such circumstances exist here, therefore Rule 60(b)(5) does not apply. Lastly, Rule 60(b)(6), the so-called "catch-all provision" can not be used in a matter that should specifically be brought under Rule 60(b)(1) – (5).

## CONCLUSION

7.     In light of the foregoing, it is clear that Rule 60 is not available to TransFirst under these circumstances and further, it does not appear appropriate for the Court to disturb orders at this late date of the case and the Motion does not state any legitimate basis to do so.

Dated: September 17, 2010              /s/ *Domenic E. Pacitti*
                                                         **KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:  (302) 426-1189
Facsimile:   (302) 426-9193

Counsel to Liquidating Trustee