## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SN LIQUIDATION, INC., et al.,[1] | : Case No. 07-11666 (KG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : **Related to Docket Nos. 525 & 878** |
-------------------------------------------------------------------- :
x

### SIMPLEXITY, LLC'S OBJECTION TO THE MOTION OF TRANSFIRST FOR RELIEF FROM ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF TRANSFIRST AGREEMENT

Simplexity, LLC ("Simplexity") hereby objects (the "Objection") to the *Motion of TransFirst for Relief from Order Approving the Assumption and Assignment of TransFirst Agreement* (the "Motion") [Docket No. 878] filed by TransFirst Third Party Sales, LLC f/k/a TransFirst Third Party Sales, Inc., f/k/a TransFirst Merchant Services, Inc. and TransFirst, LLC (collectively, "TransFirst"). TransFirst seeks to amend an alleged error in this Court's *Order Approving the Assumption and Assignment of TransFirst Agreement* [Docket No. 525] (the "Assumption Order"), a copy of which is annexed hereto as Exhibit A, pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"), as made applicable hereto by Federal Rule of Bankruptcy Procedure 9024 ("Rule 9024"). In support of the Objection, Simplexity respectfully states as follows:

### BACKGROUND

1.      On December 13, 2007, this Court entered an order approving the sale of substantially all of the Debtors' assets to Simplexity. While that order did not expressly approve

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are SN Liquidation, Inc. (9384); CAIS Acquisition, LLC (6257); SimIPC Acquisition Corp. (4924); Star Number, Inc. (5549); Mobile Technology Services, LLC (1426); FON Acquisition, LLC (2807); 1010 Interactive, LLC (5391).

the assumption and assignment of the agreement referenced in the Motion, the Court established

procedures whereby additional assignments could be accomplished on consent and after

submission of individual orders.

2.      Consistent with those procedures, on May 1, 2008 (well over two years

ago), this Court entered the Assumption Order which, among other things, authorized the

assumption of that certain agreement referred to therein as the "Merchant Card Processing

Agreement, by and between the Debtors and TransFirst, LLC, dated July 31, 2007" (the

"Processing Agreement") and its assignment to Simplexity.  It is this date in the Assumption

Order's definition of the Processing Agreement (the "Agreement Date") that TransFirst now

argues is an "error" that this Court should correct.

3.      However, the facts are not nearly as simple as TransFirst suggests.  First,

prior to the submission of the proposed Assumption Order, counsel to TransFirst negotiated over

the form of order, including revising the title and party to the Processing Agreement, yet did not

modify the Agreement Date.  Notwithstanding that "TransFirst did not submit to this Court the

proposed Assumption Order," and that they did not approve a certain "notice" dated December

31, 2007 sent by Simplexity to Walter W. Leach III, General Counsel of InPhonic, Inc., (*See*

Motion, ¶¶ 7,8), TransFirst did indeed review and approve the Assumption Order and the

*Certification of Counsel Regarding Order Approving the Assumption and Assignment of*

*TransFirst Agreement* [Docket No. 520] (the "Certification of Counsel") prior to submission to

this Court.  The Certification of Counsel transmitting the proposed Assumption Order, a copy of

which is annexed hereto as Exhibit B, expressly noted that TransFirst supported entry of the

Assumption Order.   Additionally, TransFirst was served notice of *Notice of Contracts to be*

*Held and not Rejected by the Debtors Pursuant to Section 365 of the Bankruptcy Code Pursuant*

2

*to (A) December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the*

*Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of*

*Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the*

*Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and*

*(IV) Granting Related Relief and (B) Section 2.5(b) of the Asset Purchase Agreement* [Docket

No. 290] (the "Notice of Contracts") and the *Omnibus Motion for Order Approving (A)*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B)*

*Procedures for Future Assumption and Assignment of Certain Held Contracts Pursuant to the*

*December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of*

*Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets*

*Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the*

*Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and*

*(IV) Granting Related Relief* [Docket No. 296] (the "Omnibus Motion"), both documents which

discussed the Processing Agreement and which stated the Agreement Date as July 31, 2007.

      4.     Second, in addition to the ability to correct the "error" in the Agreement

Date when it was served with the Omnibus Motion in January 2008 and again when it was

presented the opportunity to review and comment on the Assumption Order prior to submission

to the Court (which it in fact did), TransFirst had two years and four months after the

Assumption Order was entered to seek the Requested Correction (as that term is defined below).

On April 28, 2010, Simplexity sent a notice of its intent to terminate the Processing Agreement.

On August 24, 2010, TransFirst filed the Motion seeking to amend the Assumption Order.  At no

point prior to Simplexity's assertion of its termination right did TransFirst notify Simplexity of

the alleged "error" in the Assumption Order.

## ARGUMENT

5.      The Motion should be denied insofar as it seeks affirmative relief regarding the date on which the Processing Agreement was executed. The date of execution of the Processing Agreement is a significant point of contention in a broader litigation that will occur over potential termination damages under the Processing Agreement. As set forth more fully below, it is simply inappropriate to amend the Assumption Order at this late date to correct an alleged "error" that is part of a larger and significant dispute – the dispute over the Requested Correction alone is permitting TransFirst to wrongfully retain possession of $1,000,000 that Simplexity asserts it is owed. Simply put, TransFirst should not be permitted to obtain a substantive advantage in non-bankruptcy litigation by utilizing rules of procedure that are designed to correct errors in an order that are working specific injustice or injury to a party.

6.      Furthermore, as the date contained in the Assumption Order was merely used by the Court for identification and was not a substantive finding by the Court as to the appropriate execution date, it would be highly prejudicial for TransFirst to obtain an affirmative determination of the execution date by this Court (instead of pursuant to the arbitration provisions contained in the Processing Agreement itself) under the guise of a simple "correction" of the date to that asserted by TransFirst.[2] Simplexity is not certain that TransFirst's "correction" is indeed correct. The determination as to the proper commencement date for the Processing Agreement, and the obligations of the parties as a result of such determination, are disputes between two non-debtor parties about contractual terms and obligations, and this Court is not the

---

[2]      To be clear, there are a number of grounds that Simplexity may assert in the underlying litigation (such as, among others, reasonable reliance and estoppel) based upon TransFirst's lack of effort to correct this date prior to the issuance of the termination notice. However, Simplexity does not intend to argue, nor is it appropriate to argue, that the Court's Assumption Order was somehow a determination by the Court on the merits as to the date of the Processing Agreement which, prior to the filing of this Objection, has never been a matter of record in these cases.

4

proper venue for a resolution for such disputes – and certainly not in an indirect manner under the guise of a "correction" of the Assumption Order.[3] As such, Simplexity requests that the Court deny the Motion.

## A.    Rule 60(a) can not Provide the Relief Requested by TransFirst

7.    By the Motion, TransFirst specifically requests relief under Rule 60(a), made applicable hereto by Rule 9024.[4] Rule 60(a), however, is not an appropriate basis for the relief requested in the Motion.

8.    Rule 60(a) states, in relevant part, that:

> The court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

*Fed. R. Civ. P. 60(a)*. Rule 60(a), similarly to Rule 60(b)(1) discussed below, allows for the correction of indisputable errors and mistakes in an order or judgment. *See, e.g., Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); *See also U.S. v. Whittaker*, 268 F.3d 185, 194, n. 4 (3d Cir. 2001) ("Fed. R. Civ. P. 60(a) and 60(b)(1) deal with correcting mistakes.").

9.    Rule 60(a), however, "is limited to correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving errors of substantive judgment.'" *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 200 Fed. Appx. 95, 103 (3d Cir. 2006) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (internal citation and quotations omitted)). The type of errors Rule 60(a) is meant to correct are those dealing with simple copying or computational mistakes. "As long as the intentions of the paries are clearly defined and all the court need do is employ the

---

[3]    To the extent that the Court ultimately disagrees and believes that a determination on the merits of the Agreement Date is appropriate, Simplexity reserves its right to seek appropriate discovery in advance of any such trial on the merits.

[4]    For ease of citation, all references in this Objection to Rule 60 should be deemed as a reference to

judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage [a party's] blunders." *Pfizer*, 422 F.3d at 130 (quoting *In re W. Tex. Mktg.*, 12 F.3d 497, 504-05 (5th Cir. 1994)). Rule 60(a) does not provide substantive relief from a judgment or order.

        10.     TransFirst asserts that there is an error in the Assumption Order because it states that the Processing Agreement is "dated July 31, 2007" and requests that the Court amend the Assumption Order to change the Agreement Date to match the dates set forth in the Motion; these dates are an alleged application date of July 22, 2006 and an approval date of August 22, 2006 (the "Requested Correction"). What the Motion only barely acknowledges, however, is that there is a legitimate dispute about the Agreement Date. Given that dispute, Rule 60(a) is unavailable to TransFirst because the Requested Correction is not a mere clerical error and the determination of the appropriate correction of that error involves substantive questions of law and fact concerning the circumstances surrounding the execution of the Processing Agreement, a copy of which is annexed hereto as Exhibit C.   As such, Rule 60(a) is not available for the relief sought in the Motion.

        **B.**     **The Provisions of Rule 60(b)(1) – (4) can not Permit the Relief Requested by TransFirst**

        11.     In addition to Rule 60(a), TransFirst requests relief generally under Rule 60(b), but does not specifically request relief under Rule 60(b)(1) – (4). It is telling that TransFirst does not specifically mention these provisions, as they clearly can not provide the relief sought. Relief under Rule 60(b)(1) – (3) is subject to a one year time bar and Rule 60(b)(4) simply does not apply on its face. It is important at the outset to note that Rule 60(b)(1) is the

---

Fed. R. Bankr. P. 9024.

                                  

provision of Rule 60(b) that would be arguably applicable to the relief sought by TransFirst, however, such relief is barred based on the one year time limitation contained in Rule 60(c)(1).

12.    Rule 60(b)(1) states, in relevant part, that:

> [T]he court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for. . . (1)
> mistake, inadvertence, surprise, or excusable neglect;

*Fed R. Civ. P. 60(b)(1).* In contrast to the clerical errors covered by Rule 60(a), Rule 60(b)(1) applies to the correction of substantive errors in orders and judgments, including any arising from excusable neglect of a party in interest. *See Stradley*, 518 F.2d at 493; *see also Christian v. 9A Newfound Bay*, 103 Fed. Appx. 447, 449 (3d Cir. 2004). Rule 60(b)(1) is strictly limited, however, "to motions made 'not more than one year after the judgment, order, or proceeding, was entered or taken.'" *Stradley*, 518 F.2d at 493.

13.    As previously discussed, the Requested Correction necessitates a substantive determination regarding the Agreement Date. The Court would be required to delve into the facts surrounding the creation of the Processing Agreement and make decisions regarding applicable state law regarding the course of dealing that gave rise to, and under, the Processing Agreement and Assumption Order. This is plainly the type of substantive determination and correction that would traditionally be sought pursuant to Rule 60(b)(1).

14.    TransFirst's request for a substantive correction under Rule 60(b)(1), however, is time-barred. The Assumption Order was entered on May 1, 2008 and the Motion was filed on August 24, 2010, a period of approximately two years and four months. This period is well beyond the one-year time limit applicable to a request under Rule 60(b)(1) and relief under that provision is no longer available.

15.    Relief under Rule 60(b)(2) and (3), like relief under Rule 60(b)(1), is time-barred by the one year limitation. *See* Fed. R. Civ. P. 60(c)(1). Additionally, while not subject

7

to the time bar of Rule 60(b)(1) – (3), Rule 60(b)(4) deals with relief from void judgments. *See* Fed R. Civ. P. 60(b)(4). There is no basis for TransFirst to contend that the Assumption Order is void and Rule 60(b)(4) does not apply.

16.    Consequently, the Court should not permit the Requested Correction under Rule 60(b)(1) - (4).

**C.    The Provisions of Rule 60(b)(5) and (6) can not Provide the Relief Requested by TransFirst**

17.    In addition to relief under Rule 60(a), TransFirst specifically requests relief under Rule 60(b)(5) and (6). Neither provision is applicable here, both as to the Rule on its face and also because an attempt to circumvent the time limitation applicable to Rule 60(b)(1) by invoking these subsections is inappropriate.

18.    Rule 60(b)(5) states in relevant part that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:. . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

Fed. R. Civ. P. 60(b)(5). The purpose of the relevant provision of Rule 60(b)(5) is to provide parties with a procedural method of obtaining relief from a prospective order (i.e., an ongoing injunction or a consent order) when the application of that order is no longer equitable because of significant changes in circumstances. *See Am. Civil Liberties Union of N.J. v. Schundler*, 168 F.3d 92 (3d Cir. 1999) (refusing to overturn injunction against a holiday display despite changes in Establishment Clause jurisprudence); *Building & Constr. Trades Council v. NLRB*, 64 F.3d 880 (3d Cir. 1995) (refusing to dissolve consent judgments preventing union from picketing and boycotting despite claims of harassment and undue hardship because no exceptional change in circumstances). The purpose of Rule 60(b)(5) is not to correct mistakes in orders and judgments.

8

*See Stradley*, 518 F.2d at 493.  Rule 60(b)(5) plainly is not the provision that would provide relief under the Motion.

19.    Furthermore, the relief granted by Rule 60(b)(5) is "extraordinary and may be granted only upon a showing of 'exceptional circumstances.'" *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977) (citations omitted).  Rule 60(b)(5) does not present courts with "a standardless residual discretionary power to set aside judgments. . . ." *Id.* (internal citations omitted).  As such, a party bears "a heavy burden of showing circumstances so changed that dangers, once substantial, have been attenuated to a shadow. . . and that absent such relief an 'extreme' and 'unexpected' hardship will result." *Id.* (citations omitted).  The relief requested by TransFirst does not meet the criteria for the extraordinary relief contemplated by Rule 60(a)(5).

20.    It is clear that the relief sought by TransFirst, if appropriate at all, would fall under Rule 60(b)(1), however untimely the request.  The present situation, however, is not one where changes in factual circumstances have made the application of an injunction or consent order inequitable.  There is simply no evidence that there has been any change in circumstances that has brought about an extreme or unexpected hardship as contemplated by Rule 60(b)(5).  The fact of the matter is that Simplexity has served a termination notice on TransFirst under the terms of the Processing Agreement and the parties are free to litigate the effect of that termination in the appropriate, non-bankruptcy forum notwithstanding any language in the Assumption Order.  Indeed, contemporaneously with this Objection, Simplexity sent a written demand for arbitration to TransFirst, as arbitration is the required forum for adjudication of the dispute between the parties as stipulated in the Processing Agreement.  Therefore, even if Rule 60(b)(5) were able to provide an end run around the time limitation of Rule 60(b)(1), there are no exceptional circumstances here that require such extraordinary relief.

21.    Similarly, TransFirst is attempting to obtain relief specifically under Rule

9

60(b)(6), the so-called "catch-all provision" which states, in relevant part, that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:. . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). This provision, however, is not available to TransFirst because the relief it is seeking should be pursued under Rule 60(b)(1), which is time-barred.

22.    It is a well-settled proposition that the catch-all provision of Rule 60(b)(6) can not be used in a matter that should specifically be brought under Rule 60(b)(1) – (5). *See, e.g., Liljeberg v, Health Servs. Corp.*, 486 U.S. 847, 863 & n. 11 (1988). Rule 60(b)(6) "is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." *Stradley*, 518 F.2d at 493. As discussed above, TransFirst is attempting to amend an alleged error in the Assumption Order. As a substantive determination is required in this matter, Rule 60(b)(1) is controlling. Allowing TransFirst to amend the Assumption Order using Rule 60(b)(6) would permit an end run around the one-year limitation on Rule 60(b)(1).

23.    Furthermore, Rule 60(b)(6), like Rule 60(b)(5), will only be applied in cases where there are extraordinary and special circumstances warranting such relief. *See, e.g., Marshall v. Board of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978) (change in law not extraordinary to provide relief under Rule 60(b)(6)); *Martinez-McBean v. Gov't of the V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (legal error, inconsistencies with legal precedent, and impatience with *pro se* plaintiff's lack of legal skill not extraordinary); *See also In re Visions Metals, Inc.*, 311 B.R. 692, 698 (Bankr. D. Del. 2004) (applying the exceptional circumstances requirement unless the Rule 60(b) amendment is needed to help a debtor's reorganization). Given that all of its rights to litigate the issue presented in the Motion concerning the Agreement Date are fully preserved, notwithstanding the allegedly incorrect date in the Assumption Order, TransFirst can point to no

10

YCST01:10126467.6                                                                          067268.1001

extraordinary circumstances that would warrant relief under the heavy burden imposed by Rule 60(b)(6).

24.     Finally, neither Rule 60(b)(5) nor (6) can provide relief in this matter because such relief has not been requested within a reasonable time following the entry of the Assumption Order. While there is no specific time requirement on the use of Rule 60(b)(5) and (6), there is a requirement that the relief requested be requested within a "reasonable time." *See, e.g., Stradley*, 518 F.2d at 493; *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987). While reasonable time is determined on a case-by-case basis, numerous courts have determined that periods of greater than two years will not be considered a reasonable amount of time. *See,e.g., Moolenar*, 822 F.2d at 1348 (two years not a "reasonable time" for 60(b) purposes); *Martinez-McBean*, 562 F.2d at 913 n.7 (expressing "serious doubts" that two-and-one-half year delay in filing Rule 60(b) motion would comply with "reasonable time" requirement). As such, regardless of the above arguments against granting relief under Rule 60(b)(5) and (6), the Motion must independently fail as it has not been brought within a "reasonable time" following the entry of the Assumption Order.

25.     In light of the foregoing, there is no basis to approve the Requested Correction pursuant to Rule 60(b)(5) or (6) and the Motion must therefore be denied in its entirety.

11

## CONCLUSION

26.    In light of the foregoing, it is clear that Rule 60 is not available to

TransFirst under these circumstances. The parties have a number of disputes under the

Processing Agreement that must be litigated to their conclusion in a non-bankruptcy forum.

Simplexity respectfully requests that this Court permit that litigation to go forward without

piecemeal litigation of the Agreement Date before this Court, and submits that the Motion should

be denied.

Dated: Wilmington, Delaware
       September 17, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Simplexity, LLC*