# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING THE
ASSUMPTION AND ASSIGNMENT OF TRANSFIRST AGREEMENT**

I, Mary E. Augustine, Esquire, co-counsel to the above-captioned debtors and debtors in possession (the "Debtors"), hereby certify and state as follows:

1. On January 30, 2008, the Court entered the Order Approving (a) the Assumption and Assignment of Additional Designated Contracts; and (b) Procedures for Future Assumption and Assignment of Certain Held Contracts (the "Procedures Order").

2. Pursuant to the Procedures Order, and instructions from Simplexity, LLC ("Simplexity"), the Debtors seek to assume and assign that certain Merchant Card Processing Agreement, by and between the Debtors and TransFirst, LLC ("TransFirst"), dated July 31, 2007 (the "Agreement"), to Simplexity upon the terms reflected in the proposed form of order (the "Order") granting the assumption and assignment of the Agreement attached hereto as Exhibit A.

3. Simplexity and TransFirst support the entry of the Order and the Office of the United States Trustee and the Official Committee of Unsecured Creditors do not object to the entry of the Order.

{00864875;v1}

WHEREFORE, the Debtors respectfully request that this Court enter the Order at its earliest convenience.

Dated: April 29, 2008  
      Wilmington, Delaware

**BAYARD, P.A.**

Neil B. Glassman (No. 2087)  
Mary E. Augustine (No. 4477)  
Daniel A. O'Brien (No. 4897)  
222 Delaware Avenue, Suite 900  
Wilmington, Delaware 19801  
Telephone: (302) 655-5000  
Facsimile: (302) 658-6395

-and-

**DLA PIPER US LLP**  
Thomas R. Califano, Esquire  
Christopher R. Thomson, Esquire  
1251 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 335-4500  
Facsimile: (212) 335-4501

*Counsel for Debtors and Debtors in Possession*

{00864875;v1}

# Exhibit A

{00864875;v1}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SN LIQUIDATION, INC., *et al.*, | : Case No. 07-11666 (KG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Re: Docket No. ___ |

## ORDER APPROVING THE ASSUMPTION AND
## ASSIGNMENT OF TRANSFIRST AGREEMENT

This matter coming before the Court on the notice (the "Notice")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking the assumption and assignment of that certain Merchant Card Processing Agreement, by and between the Debtors and TransFirst, LLC ("TransFirst"), dated July 31, 2007 (the "Agreement"), pursuant to (i) the Court's Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief, entered on December 13, 2007 (the "Sale Order"), [Docket No. 250], (ii) the Debtors' Notice of Contracts to be held and Not Rejected by the Debtors Pursuant to Section 365 of the Bankruptcy Code Pursuant to (A) December 13, 2007 Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related Relief and (B) Section 2.5(b) of the

---

[1] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Assumption Procedures Order.

{00842596;v1}

Asset Purchase Agreement (the "Notice of Held Contracts"), filed January 4, 2008, [Docket No. 290], and (iii) the Court's Order Approving (A) The Assumption and Assignment of Additional Designated Contracts; and (B) Procedures for Future Assumption and Assignment of Certain Held Contracts (the "Assumption Procedures Order"), entered on January 30, 2008, [Docket No. 347]; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and Notice being sufficient pursuant to the procedures approved by the Assumption Procedures Order; it is hereby

**ORDERED**, that the Agreement is hereby assumed by the Debtors and assigned to Simplexity, LLC, a Delaware limited liability company and a subsidiary of the Buyer ("Simplexity"), as contemplated by the Assumption Procedures Order and Sale Order; and it is further

**ORDERED**, that pursuant to the Agreement, TransFirst is authorized to continue to debit any charge backs, returns, fees, fines or penalty amounts (collectively "Chargebacks") incurred in the processing and settlement of credit card transactions for the Debtors or Simplexity against amounts credited to Simplexity under the Agreement and not against the Debtors or their estates; and it is further

**ORDERED**, that TransFirst retains all of its rights under the Agreement including but not limited to its right to debit any Chargebacks against amounts credited to Simplexity and its right to retain the Reserve Amount (as defined below); and it is further

**ORDERED**, that in connection with the assumption and assignment of the Agreement and consistent with the provisions of that Agreement, TransFirst shall retain and maintain the existing reserve account under the Agreement in the amount of $1,458,912.84 (the "Reserve

{00842596;v1}

Amount"), which Reserve Amount shall be revaluated by TransFirst and Simplexity within thirty (30) days of the date hereof; and it is further

**ORDERED**, that the procedures approved in the Assumption Procedures Order have been satisfied; and it is further

**ORDERED**, that there shall be no further claims by or against the Debtors or their estates on account of the Agreement; provided, however, that TransFirst shall retain all rights against Simplexity to debit any Chargebacks against amounts credited to Simplexity under the Agreement; and it is further

**ORDERED**, that the relief authorized herein shall be effective immediately upon entry of the Order; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the relief authorized herein or the Order.


Dated: _____, 2008
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE