## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          Chapter 11

SN LIQUIDATION, INC., *et at.,*                 Case No. 07-11666 (KG)

                    Debtors.                    Jointly Administered

                                                **Related to Docket Nos. 525, 878, 882 and 883**
                                                **Hearing Date: October 1, 2010 at 2:00 P.M.**

## REPLY OF TRANSFIRST TO RESPONSES TO MOTION
## FOR RELIEF FROM ORDER APPROVING ASSUMPTION
## AND ASSIGNMENT OF TRANSFIRST AGREEMENT

TransFirst Third Party Sales, LLC, f/k/a TransFirst Third Party Sales, Inc., f/k/a

TransFirst Merchant Services, Inc., and TransFirst, LLC (collectively, "TransFirst"), by its

counsel, replies to the *Response of Liquidating Trustee to the Motion of TransFirst for*

*Relief from Order Approving the Assumption and Assignment of TransFirst Agreement*

(the "Trustee Response") [Docket No. 882] and *Simplexity, LLC's Objection to the Motion*

*of TransFirst for Relief from Order Approving the Assumption and Assignment of*

*TransFirst Agreement* (the "Simplexity Objection") [Docket No. 883]. TransFirst

respectfully represents as follows:

### Background

TransFirst  seeks by its motion [Docket No. 878] (the "Motion") relief from an

error in the *Court's Order Approving the Assumption and Assignment of TransFirst*

*Agreement* [Docket No. 525] (the "Assignment Order"). The Assignment Order, a true and

correct copy of which is attached as **Exhibit A**, refers to a Merchant Card Processing

Agreement (the "Agreement") by and between the Debtors and TransFirst "dated July 31,

2007."

There was no agreement between TransFirst and the Debtor dated July 31, 2007;
and, thus no agreement bearing such date in fact was assumed and assigned by the
Assignment Order.  As a matter of fact, the only agreement documentation that possibly
could have been assumed by Debtor and assigned to Simplexity, which is attached as
**Exhibit B** hereto, bears an application date of July 22, 2006, and a document noting that
the application was approved by TransFirst on August 22, 2006.  There is no application,
approval or other agreement document dated July 31, 2007.  Thus, the Assignment Order
contains a clear error than can and should be corrected.  Notwithstanding the arguments in
the Trustee Response and the Simplexity Objection, Federal Rule of Civil Procedure 60,
incorporated for this matter by Federal Rules of Bankruptcy Procedure 9014 and 9023,
provides the basis and authority for the Court to correct the Assignment Order.

## Argument

The Court has the power to correct the error in the Assignment Order and make
clear that the agreement assumed and assigned thereby is the Agreement attached as
**Exhibit B** (the "Correction").  Making the Correction is necessary and will result in
judicial efficiency and economies to the parties to the Agreement.  There are existing
disagreements between TransFirst and Simplexity with respect to the Agreement which
will have to be adjudicated, but such disagreements do not extend, nor can they seriously
be argued to extend, to the Agreement itself – the document that was in fact assumed and
assigned pursuant to the Assignment Order.  TransFirst is not asking the Court to construe
the terms of the Agreement and decide the substantive Agreement issues between the
parties, as such is clearly for another forum, but submits that the Assignment Order can
and should be corrected so that it reflects the correct date of the Agreement assumed and

2

assigned to Simplexity. That this will avoid confusion for such later forum when it considers the substantive issues is manifest.

**The Assignment Order is Correctable Under Rule 60(a)**

Both the Trustee Response and Simplexity allege that Rule 60(a) is not an appropriate basis for the relief requested in the Motion because Rule 60(a) only allows for the correction of "indisputable errors and mistakes in an order or judgment." TransFirst contends that the error here is precisely what Rule 60(a) seeks to correct. It is indisputable that there is no agreement dated July 31, 2007. In fact, that date does not exist anywhere in the Agreement.[1]

"Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) *quoting In re W. Tex. Mktg.*, 12 F.3d 497, 504-05 (5th Cir.1994). It serves to correct "clerical mistakes" and encompasses errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment. *Id.* A correction under Rule 60(a) (or an application for such correction) may be made anytime, "which literally means that power to correct [a] clerical mistake does not depend on [whether Rule 60(a) ] motion ... is made within reasonable time" or long after the judgment. *Id.*

The Simplexity Objection further argues that the Correction is not the type of error Rule 60(a) is meant to correct because it is not a mere clerical error. However, TransFirst submits that inclusion of the erroneous July 31, 2007, date is a copying or computation

---

[1]    The Simplexity Objection did not proffer any evidence in support of the erroneous July 31, 2007, date, as, of course, none exists.

mistake; there is no agreement dated July 31, 2007. The mistake was made in integration or transcribing the words in the Assignment Order, and is, in fact, a clerical error that Rule 60(a) is intended to correct.

Moreover, the express language of Rule 60(a), includes, in addition to "clerical" errors, a "mistake arising from oversight or omission" found in an order. Fed. R. Civ. P. 60(a). In *United States v. Roth*, 164 F.2d 575 (2d Cir. 1948), for example, a government tax collector filed a proof of claim in which the correct amount of unpaid taxes but the wrong date was included. After the deadline for filing claims, the collector moved to correct the date under Rule 60(a). The bankruptcy trustee objected and the district court denied the motion. The court of appeals, however, easily reversed the district court and allowed the date correction. *Id.*, at 577; cited with approval by *Intern. Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).

Further, nothing in *Pfizer, Inc., v. Uprichard,* 422 F.3d 124 (3d Cir. 2005), quoted by Simplexity, supports denial of TransFirst's motion. In *Pfizer*, an arbitration award had become the subject of a district court order. A claimant, Uprichard, sought prejudgment interest in post-award litigation before a magistrate of the district court. Pfizer sought to compel Uprichard to sign a rather detailed settlement agreement and release as a condition of obtaining the prejudgment interest and the remainder of the arbitration award. Uprichard declined to sign and moved under Rule 60(a) for the prejudgment interest. The magistrate's order allowed the prejudgment interest but required Uprichard to sign the settlement agreement and release. Uprichard appealed.

The Third Circuit declined to require execution of the settlement agreement and release, but it upheld the prejudgment interest, noting such relief was quite available via

Uprichard's Rule 60(a) motion. *Pfizer* thus supports TransFirst's motion, even though, as in Uprichard's situation, documentation outside of the original order (for Uprichard, the arbitration award; for TransFirst, the Assignment Order) was considered in granting the Rule 60(a) motion.

### The Assignment Order is Correctable Under Rule 60(b)(5)

The Simplexity Objection also argues that Rule 60(b)(5) is not applicable here because such relief is extraordinary and may be granted only upon a showing of 'exceptional circumstances.' Even if Simplexity is right on need for "exceptional circumstances" it is wrong on its application of the test. In addition, or as an alternative to the availability of Rule 60(a) relief for TransFirst, the relief sought by TransFirst is the type of relief that Rule 60(b)(5) is intended to provide. As established above, the "July 31, 2007" date recited in the Assignment Order is clearly incorrect. Additionally, TransFirst agrees there substantive Agreement issues between TransFirst and Simplexity under the Agreement that will be resolved, not here, but somewhere else, and the Correction is appropriate for the convenience of the forum that will hear and decide those issues. TransFirst submits it will be confusing to that forum for the parties to be in a proceeding involving an order with a clear error. Judicial economy and the parties' interests favor the relief sought here.

### The Assignment Order is Correctable Under Rule 60(b)(6)

The Simplexity Objection further contends that Rule 60(b)(6) is not applicable because it is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented and that 60(b)(1) is the appropriate means for relief here. Simplexity's reading of the rule is incorrect. The relief requested in the Motion is precisely the type of

relief that the Rule 60(b)(6) catch-all provision affords, as an additional or alternative basis to relief under Rule 60(a). Notions of simple equity here also demand that result.

A motion brought under Rule 60(b)(6) should be granted if "appropriate to accomplish justice." *In re Fonner*, 262 B.R. 350, 355 (Bankr. W.D.Pa. 2001) *quoting Klapprott v. U.S.,* 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed.2d 266 (1949). It authorizes the district court to grant relief from judgment for "any other reason that justifies relief." Considerations of judicial economy, including the avoidance of possibly wasted adjudications are also a legitimate basis for exercise of Rule 60(b)(6) discretion. *Strama v. Peterson*, 96 F.R.D. 198, 201 (D.Ill. 1982). There apparently are substantive disputes relating to the Agreement. Correcting the current erroneous date and resulting clear error in the Assignment Order will assist the parties and the next forum that is asked to consider the issues the parties to the Agreement will be litigating.

Because Rule 60(b)(6) is a catch-all provision, its contours are peculiarly malleable. *Ungar v. Palestine Liberation Organization*, 599 F.3d 79, 83 (1st Cir. 2010). Hard and fast rules generally are not compatible with Rule 60(b)(6) determinations. *Id*. The relief requested in the Motion does not fit neatly into Rule 60(b)(1-3), and thus (b)(6) is an appropriate ground for relief.

Additionally, Rule 60(b)(6) is an appropriate vehicle for relief as TransFirst is seeking clarification of a previously entered order. While the essential purpose of Rule 60 is to allow the Court to relieve the parties from the mandate of a judgment previously rendered, Rule 60(b)(6) is also available to provide the parties with clarification of the court's previously rendered decision. *See Plaut v. Spendthrift Farm,* 514 U.S. 211, 234-35, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995).

WHEREFORE, because Rule 60 clearly applies to address the issue presented by the Motion and because the circumstances warranting such relief are present here, TransFirst respectfully requests that the Court enter an order making the Correction, *i.e.*, amending the Assignment Order to reflect that it provides for the assumption by Debtor and assignment to Simplexity of the TransFirst Application and Merchant Card Processing Agreement with an application date of July 22, 2006, and an approval date of August 22, 2006.

Dated:  September 27, 2010

**STEVENS & LEE, P.C.**

*/s/ John D. Demmy*
John D. Demmy (DE Bar No. 2802)
1105 N. Market Street, 7th Floor
Wilmington, DE  19801
Telephone: (302) 425-3308
Telecopier: (610) 371-8515
Email: jdd@stevenslee.com

and

Thomas O. Ashby
Baird Holm LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102-2068

*Counsel for TransFirst Third Party Sales, LLC, f/k/a TransFirst Third Party Sales, Inc., f/k/a TransFirst Merchant Services, Inc., and TransFirst, LLC*