# EXHIBIT A

## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SN LIQUIDATION, INC., *et at.*, | Case No. 07-11666 (KG) |
| Debtors. | Jointly Administered |

**Related to Docket No. 525**
**Hearing Date: TBD**
**Objection Deadline: September 8, 2010 at 4:00 P.M.**

### MOTION OF TRANSFIRST FOR RELIEF FROM ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF TRANSFIRST AGREEMENT

TransFirst Third Party Sales, LLC, f/k/a TransFirst Third Party Sales, Inc., f/k/a TransFirst Merchant Services, Inc., and TransFirst, LLC (collectively referred to hereinafter as "TransFirst"), by its counsel moves for relief from an error in the Court's Order Approving the Assumption and Assignment of TransFirst Agreement (the "Assumption Order") dated May 1, 2008. In support, TransFirst states:

1. The Assumption Order refers to a Merchant Card Processing Agreement by and between the Debtors and TransFirst "dated July 31, 2007." This date is in error.

2. Actually, the Merchant Card Processing Agreement that was assumed and assigned in the Assumption Order has an Application date of July 22, 2006, and with the Merchant Credit Processing Agreement terms was approved August 22, 2006, by TransFirst. There is no application, approval or agreement dated July 31, 2007.

3. The Court has power to correct the error in the Assumption Order and establish that the pertinent agreement is the Application and Merchant Credit Processing Agreement identified by the July 22, 2006, Application and the August 22, 2006, approval. This is hereinafter referred to as the "Correction."

4.      Multiple legal bases exist for the Correction. Without limiting the generality of the foregoing, to the extent the Assumption Order is a final order, the Correction is appropriate under Bankruptcy Rule of Procedure 9024, including without limitation FRCP 60(a) incorporated therein by reference; and/or FRCP 60(b)(5) and/or (6).

5.      To the extent the Assumption Order is not a final order, the Court also has power to order the Correction.

6.      The Correction is in the interests of justice and equity.

7.      TransFirst did not submit to this Court the proposed Assumption Order. The date error in the Assumption Order was apparently placed there by counsel for the Debtor and/or Simplexity, LLC.

8.      The date error also appears in a "Notice" by Simplexity, LLC, dated December 31, 2007, to the attention of Walter W. Leach III, General Counsel of InPhonic, Inc. That December 31, 2007, "Notice" has the TransFirst contract listed as dated July 31, 2007. Again, however, TransFirst did not prepare said "Notice," did not approve it, and should not be bound by the incorrect date therein.

9.      The incorrect date only recently came to the attention of TransFirst because Simplexity, LLC, has terminated or is trying to terminate the agreement with TransFirst. Simplexity, LLC, is trying to use the incorrect date in the termination process, to the disadvantage of TransFirst. TransFirst does not hereby ask the Court to address or rule on this attempted termination, but mentions this development by way of background.

WHEREFORE, TransFirst respectfully requests that the Court enter an order establishing the Correction, i.e, amending its Assumption Order to reflect that the Assumption Order pertains

to a TransFirst Application and Merchant Card Processing Agreement with an application date of July 22, 2006, and an approval date of August 22, 2006.

Dated: August 24, 2010	**STEVENS & LEE, P.C.**

*/s/ John D. Demmy*
John D. Demmy (DE Bar No. 2802)
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Telecopier: (610) 371-8515
Email: jdd@stevenslee.com

and

Thomas O. Ashby
Baird Holm LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102-2068

*Counsel for TransFirst Third Party Sales, LLC, f/k/a TransFirst Third Party Sales, Inc., f/k/a TransFirst Merchant Services, Inc., and TransFirst, LLC*