# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SN LIQUIDATION, INC., et al.,[1] ) | Case No. 07-11666 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objections Deadline: May 24, 2011 @ 4:00 p.m. |
| ) | Hearing Date: Only if objections are filed. |

## MOTION OF LIQUIDATING TRUSTEE TO ABANDON
## BOOKS AND RECORD PURSUANT TO 11 U.S.C. §554 (a)

Morton Branzburg, the liquidating trustee ("Liquidating Trustee") of SN Liquidation, Inc. et al. (collectively, the "Debtors") by and through his undersigned counsel hereby files this Motion of the Liquidating Trustee to Abandon Books and Records Pursuant to 11 U.S.C. § 554(a) (the "Motion") asking that the Court authorize the abandonment and/or disposal of certain books and records of the Debtors as unnecessary, burdensome and costly to maintain. In support of this Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION

1. This court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are SN Liquidation, Inc. (9384); CAIS Acquisition, LLC (6257); SimIPC Acquisition Corp. (4924); Star Number, Inc. (5549); Mobile Technology Services, LLC (1426); FON Acquisition, LLC (2807); 1010 Interactive, LLC (5391).

## BACKGROUND

2. On November 8, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. On December 13, 2007, this Court entered an order approving the sale of substantially all of the Debtors' assets to Simplexity, LLC.

4. On August 11, 2008, the Debtors filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., et al. (the "Plan").

5. On October 22, 2008, this Court entered the Order and Findings of Fact, Conclusions Of Law, Confirming the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., et al.

6. On March 31, 2009, the Debtors filed the Notice of Entry of Order Confirming Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., et al., Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 and Occurrence of the Effective Date (the "Notice"). Pursuant to the Notice and the Plan, the Effective Date of the Plan was March 30, 2009.

7. The Liquidating Trustee was appointed pursuant to the Plan to investigate potential causes of action and, if appropriate, commence and prosecute such causes of action.

8. After the investigation and review of potential causes of action and after consultation with the major constituents, including the Trust Oversight Committee appointed under the Plan, the Liquidating Trustee chose not to pursue the potential causes of action.

9. On or about April 29, 2011, the Liquidating Trustee was served with a Subpoena from the Securities and Exchange Commission (the "SEC") in *In the Matter of InPhonic*, Inc. HO-10671 (the "Subpoena"), requiring the Litigation Trustee to produce all documents in his

PHIL1 1503194-4

possession, custody or control concerning the Debtors for the period August 1, 2005 through November 8, 2007.

10. The Liquidating Trustee has scores of boxes consisting of certain books and records of the Debtors that may be responsive to the Subpoena that are located at the law offices of Klehr Harrison Harvey Branzburg LLP in Philadelphia, Pennsylvania as well as in a warehouse at GRAEBEL Moving and Storage Company, 923 N. Lenola Road, Moorestown, NJ 08054 (collectively, the "Books and Records").

11. It would be cost prohibitive for the Liquidating Trustee to review all such Books & Records in response to the Subpoena and to continue maintaining such Books and Records which are of no value to the Liquidating Trustee.

### RELIEF REQUESTED

12. By this Motion and pursuant to sections 105 and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Liquidating Trustee seeks authority to abandon to the SEC the Books and Records in response to the Subpoena and, to authorize the SEC to destroy such Books and Records at its cost. Additionally, should the SEC fail to recover the Books and Records within thirty days, the Liquidating Trustee requests authority to destroy such Books and Records.

13. The Books and Records will serve no purpose in the administration of the estate.

14. Section 554 of the Bankruptcy Code provides that, *inter alia*, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

15. The Books and Records are not only of inconsequential value, but will cost the estate to continue to accrue potential storage charges.

16. Based upon the foregoing facts and circumstances, the Liquidating Trustee submits that the abandonment of the Books and Records in the manner set forth above is supported by sound business judgment, and is necessary, prudent and in the best interests of the Debtors, their estate, creditors and parties in interest.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter an order, in the form attached hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 6, 2011

/s/ *Domenic E. Pacitti*
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:  (302) 426-1189
Facsimile:   (302) 426-9193

Counsel to Liquidating Trustee

PHIL1 1503194-4