IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SN LIQUIDATION, INC.,** *et al.*, | : | Bankruptcy No. 07-11666(KG) |
| | : | Jointly Administered |
| | : | **Hearing Date: May 25, 2012 @ 10:00 a.m.** |
| Debtors. | : | **Objection Deadline: May 17, 2012 @ 4:00 p.m.** |

**UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
CONVERTING OR DISMISSING THE CHAPTER 11 CASES**

Roberta A. DeAngelis, the United States Trustee ("U. S. Trustee") for this District, by and through her counsel, hereby files a Motion for Entry of an Order Converting or Dismissing the Chapter 11 Case ("Motion"), and in support thereof respectfully represents as follows:

1.  Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

2.  Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard.

3.  On November 8, 2007 (the "Petition Date"), the Debtor herein filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.  On November 16, 2007, the U. S. Trustee appointed a statutory committee of unsecured creditors in this case which appointment was revised on or about October 6, 2008.

5.      These cases were confirmed by entry of the Order and Findings of Fact, Conclusions of Law, Confirming the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors-in-Possession and the Official Committee of Unsecured Creditors dated October 22, 2008 (D. E. 759). However, since the confirmation of the Second Amended Joint Plan of Liquidation ("Plan"), there have been no post-confirmation reports filed and no information concerning Plan consummation has been provided since February 2009. Without such information, there appears the likelihood of an inability to effectuate substantial consummation of the Plan, or a material default with respect to the Plan.

6.      Pursuant to 11 U.S.C.§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, certain reports as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases are required to be supplied in each case.

7.      The Debtors/Liquidating Trustee failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases as the Debtors have not filed post-confirmation reports ("Reports") and the Debtors/Liquidating Trustee owe fees pursuant to 28 U.S.C. § 1930(a)(6) ("Quarterly Fees").

8.      The failure to file Reports, *inter alia*, hinders the ability to monitor the Debtors/Liquidating Trustee efforts towards consummation of the Chapter 11 Plan. For example, in the absence of Reports, it is impossible to determine, *inter alia*, whether the Debtors/Liquidating Trustee are current with their post-confirmation obligations, paid the correct amount of Quarterly Fees, have the present ability to administer the post-confirmation cases, are unable to effectuate substantial consummation of the Plan, have materially defaulted with respect to the Plan, or are otherwise administratively solvent.

9. The Debtors have not paid Quarterly Fees and are in arrears in the estimated sum of $37,700.00 based upon estimated disbursements. The U. S. Trustee was required to estimate the disbursements and fees due to the Debtor's failure to timely file Reports. The actual quantum of Quarterly Fees may be greater based on the Debtor's actual disbursements[1].

10. The Debtors' failure to file Reports, to comply with Fed. R. Bankr. P. 2015(a) and to pay Quarterly Fees is cause for the conversion of the case pursuant to 11 U.S.C. § 1112(b) as amended under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[2] ("BAPCPA"),which provides that a court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, for cause, including, but not limited to the revocation of an order of confirmation under 11 U.S.C. § 1144, the inability to effectuate substantial consummation of a confirmed plan, and a material default by the debtor with respect to a confirmed plan as well as the failure to pay fees or charges required under chapter 123 of title 28.

11. Causes for conversion or dismissal enumerated in 11 U.S.C. § 1112(b) are not exclusive and the court has broad discretion in determining cause. King, *Collier on Bankruptcy*, Vol. 7, ¶ 1112.01(a) (15th Rev'd Ed.). The Court may convert or dismiss a case for reasons that are not specifically enumerated in § 1112 of the Code. *First Jersey Nat'l Bank v. Brown*, 951 F.2d 564, 572 (3rd Cir. 1991).

12. Whether the case should be converted or dismissed is in the court's sound discretion and is based on what is in the best interest of the creditors and the estate. *In re Shockley*, 197 BR 677,

---

[1] The payment of Quarterly Fees is required by law and the debtor may not avert, abrogate or avoid its obligation to pay Quarterly Fees. The payment of Quarterly Fees is required until the case is closed, converted or dismissed. *United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552 (3d Cir. 1999). It is a strict requirement for confirmation. 11 U.S.C. §1129(a)(12).

[2] In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to prevent abuses of the bankruptcy system.

679 (Bankr. D.Mont. 1996); *In re Mechanical Maintenance*, 128 BR 382, 386 (Bankr. E.D.Pa. 1991). It would appear that given the above facts and circumstances that there is a demonstrated inability to effectuate a plan; or at least, failure to comply with the Debtors' obligations to file Reports and to pay Quarterly Fees.

13. The U. S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Motion and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order either converting or dismissing the Chapter 11 case as may be in the best interests of the estate and creditors and for such other and further relief that is deemed fair, just, equitable and proper.

          **ROBERTA A. DEANGELIS**
          **UNITED STATES TRUSTEE**

By:   /s/Richard L. Schepacarter
       Richard L. Schepacarter
       Trial Attorney
       U. S. Department of Justice
       Office of the U.S. Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Room 2207
       Wilmington, DE 19801
       Phone: (302) 573-6491
       Fax: (302) 573-6497

Dated: April 23, 2012