# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SN LIQUIDATION, INC., *et al.*, [1] | ) Case No. 07-11666 (KG) |
| | ) |
| Debtor. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: June 18, 2012 at 3:00 p.m. ET** |
| | ) **Objection Deadline: June 11, 2012 at 4:00 p.m. ET** |

## MOTION FOR ENTRY OF FINAL DECREE

Morton Branzburg, the liquidating trustee ("Liquidating Trustee") of SN Liquidation, Inc. *et al.* (collectively, the "Debtors") under the confirmed chapter 11 plan in the above captioned cases, by his undersigned counsel, files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** entering a final decree in these cases and closing the cases. In support of this Motion, the Liquidating Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On November 8, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are SN Liquidation, Inc. (9384); CAIS Acquisition, LLC (6257); SimIPC Acquisition Corp. (4924); Star Number, Inc. (5549); Mobile Technology Services, LLC (1426); FON Acquisition, LLC (2807); 1010 Interactive, LLC (5391).

Court") for relief under chapter 11 of 11 U.S.C Sections 101 *et seq.* (as amended, the "Bankruptcy Code").

4. On December 13, 2007, this Court entered an order approving the sale of substantially all of the Debtors' assets to Simplexity, LLC.

5. On August 11, 2008, the Debtors filed the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* (the "Plan").

6. On October 22, 2008, this Court entered the Order and Findings of Fact, Conclusions Of Law, Confirming the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.*

7. On March 31, 2009, the Debtors filed the Notice of Entry of Order Confirming Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.*, Proposed by the Debtors in Possession and the Official Committee of Unsecured Creditors dated August 11, 2008 and Occurrence of the Effective Date (the "Notice"). Pursuant to the Notice and the Plan, the Effective Date of the Plan was March 30, 2009.

8. The Liquidating Trustee was appointed pursuant to the Plan solely to investigate potential causes of action and, if appropriate, commence and prosecute such causes of action.

9. After the investigation and review of potential causes of action and after consultation with the major constituents, including the Trust Oversight Committee appointed under the Plan, the Liquidating Trustee chose not to pursue the potential causes of action.

## RELIEF REQUESTED

10. The Liquidating Trustee respectfully requests that this Court enter a final decree closing these Chapter 11 cases.

## BASIS FOR THE RELIEF REQUESTED

11. Bankruptcy Code section 350(a) states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). In addition, Bankruptcy Rule 3022 states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

12. Where the only remaining tasks to be performed in a case are ministerial in nature, the case is "fully administered" and should be closed. See In re Guterl Special Steel Corp., 316 B.R. 843, 861-62 (Bankr. W.D. Pa. 2004) ("A case may be fully administered for purposes of § 350(a) even though certain tasks that are ministerial in nature remain to be carried out.") (citation omitted); In re Greater Jacksonville Transportation Co., 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994) ("[T]he entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the rights of parties in interest involved in a Chapter 11 case.").

13. Procedures for closing a case are set forth in Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Under Local Rule 5009-1, a party may seek a final decree upon motion at any time after the plan has been substantially consummated, fees required under 28 U.S.C. §1930 have been paid and the filing of a final report.

14. The Liquidating Trustee has resolved all outstanding matters and otherwise fully administered the Plan. No contested matters remain for this Court to adjudicate.

15. The Liquidating Trustee will satisfy all fees that have come due to the United States Trustee as a result of disbursements made in these cases and will fully reserve for and will

promptly satisfy any remaining fees to the United States Trustee that may accrue during the period prior to the entry of a final decree.

16. The Liquidating Trustee, in consultation with the Office of the United States Trustee, will file a final report on or before fourteen days prior to the hearing required by Local Rule 5009-1.

17. Based on the facts and circumstances of these cases, the Liquidating Trustee submits that the Debtors' estates are fully administered, as required by section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 and that the requirements of Local Rule 5009-1 have been satisfied. Therefore, the Liquidating Trustee asserts that these Chapter 11 cases should be closed.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter a final decree closing these Chapter 11 cases substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is necessary and proper.

Dated: May 24, 2012
Wilmington, Delaware

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (Bar No. 3989)
919 Market Street
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

*Counsel to the Litigation Trustee*