IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SN LIQUIDATION, INC.,** *et al.*, | : | Bankruptcy No. 07-11666(KG) |
| | : | Jointly Administered |
| | : | **Hearing Date: June 18, 2012 @ 3:00 p.m.** |
| Debtors. | : | **Objection Deadline: June 11, 2012 @ 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO
MOTION FOR ENTRY OF FINAL DECREE (D. I. 908)**

Roberta A. DeAngelis, the United States Trustee ("U. S. Trustee") for this District, by and through her counsel, hereby files an Objection to Motion for Entry of Final Decree ("Motion"), and in support thereof respectfully represents as follows:

1. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

2. Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard.

3. On November 8, 2007 (the "Petition Date"), the Debtor herein filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On November 16, 2007, the U. S. Trustee appointed a statutory committee of unsecured creditors in this case which appointment was revised on or about October 6, 2008.

5. On April 23, 2012 the U. S. Trustee filed a Motion for Entry of an Order Converting or Dismissing the Chapter 11 Cases (D. I. 905) seeking to convert or dismiss these cases for, *inter alia*, the Debtors/Liquidating Trustee failure to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases as the Debtors have not filed post-confirmation reports ("Reports") and the Debtors/Liquidating Trustee owe fees pursuant to 28 U.S.C. § 1930(a)(6) ("Quarterly Fees").

6. On May 24, 2012, the Liquidating Trustee filed the present Motion seeking to close and final decree these cases.

7. These cases were confirmed by entry of the Order and Findings of Fact, Conclusions of Law, Confirming the Second Amended Joint Plan of Liquidation of SN Liquidation, Inc., *et al.* Proposed by the Debtors-in-Possession and the Official Committee of Unsecured Creditors dated October 22, 2008 (D. E. 759). However, since the confirmation of the Second Amended Joint Plan of Liquidation ("Plan"), there have been no post-confirmation reports filed and no information concerning Plan consummation has been provided since February 2009. Without such information, there appears the likelihood of an inability to effectuate substantial consummation of the Plan, or a material default with respect to the Plan.

8. Pursuant to 11 U.S.C.§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, certain reports as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases are required to be supplied in each case.

9. The Debtors/Liquidating Trustee failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases as the Debtors have not filed post-confirmation reports ("Reports") and the Debtors/Liquidating Trustee owe fees pursuant to 28

U.S.C. § 1930(a)(6) ("Quarterly Fees").

10.    The Debtors have not paid Quarterly Fees and are in arrears in the estimated sum of $37,700.00 based upon estimated disbursements. The U. S. Trustee was required to estimate the disbursements and fees due to the Debtor's failure to timely file Reports. The actual quantum of Quarterly Fees may be greater based on the Debtor's actual disbursements[1].

11.    Prior to the case being closed and final decreed, the Liquidating Trust and the Liquidating Trustee must comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases and file any and all post-confirmation reports and disbursement information as may be required by Fed R. Bankr. P 2015(a) ("Post-Confirmation Reports") and pay any and all fees pursuant to 28 U.S.C. § 1930(a)(6) ("Quarterly Fees").

12.    In order to final decree and close the case, all Quarterly Fees must be paid through the proposed date of closing and final decree. Specifically, the local rules for this judicial district require that, *inter alia*, Quarterly Fees be paid in full prior to the entry of a final decree in the case. Del. Bankr. L. R. 5009-1(b).[2]

13.    The U. S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*,

---

[1] The payment of Quarterly Fees is required by law and the debtor may not avert, abrogate or avoid its obligation to pay Quarterly Fees. The payment of Quarterly Fees is required until the case is closed, converted or dismissed. *United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552 (3d Cir. 1999). It is a strict requirement for confirmation. 11 U.S.C. §1129(a)(12).

[2] Section 1112(b) provides in pertinent part that " . . . on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . .". However, the court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that – there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--for which there exists a reasonable justification for the act or omission; and that will be cured within a reasonable period of time fixed by the court. Cause includes the failure to pay any fees or charges required under chapter 123 of title 28. 11 U.S.C. §1112(b).

complement, supplement, augment, alter, substitute and/or modify this Objection and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order denying the Motion consistent with this Objection and for such other and further relief that is deemed fair, just, equitable and proper.

**ROBERTA A. DEANGELIS**
**UNITED STATES TRUSTEE**

By:  /s/Richard L. Schepacarter
Richard L. Schepacarter
Trial Attorney
U. S. Department of Justice
Office of the U.S. Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, DE 19801
Phone: (302) 573-6491
Fax: (302) 573-6497

Dated: June 1, 2012