1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                       :   Chapter 11
6  SN LIQUIDATION, INC. et al.,        :
                                       :   Case No. 07-11666-KG
7                                      :
        Debtors.                       :   (Jointly Administered)
8  _____:
9
10
11
12                          United States Bankruptcy Court
13                          824 North Market Street
14                          Wilmington, Delaware
15                          September 19, 2008
16                          2:01 p.m. - 2:09 p.m.
17
18
19
20
21  B E F O R E :
22  HON KEVIN GROSS
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  AL LUGANO

Page 2

1   HEARING re Notice (Fourth) of Debtors' Filing of Proposed
2   Order (I) Authorizing the Assumption and Assignment of
3   Certain Held Contracts and (II) Deeming that those Certain
4   Held Contracts to be Designated Contracts for all Purposes
5   Under the December 13, 2007 Sale Order and Related Asset
6   Purchase Agreement [Filed 4/3/08; Docket No. 483].
7
8   HEARING re Debtors' Motion (Second) for an Order Pursuant to
9   11 U.S.C. Section 1121(d) of the Bankruptcy Code Extending
10  the Exclusive Time Periods During Which Debtors May File
11  a Chapter 11 Plan or Plans of Reorganization and Solicit
12  Acceptances Thereof [Filed 8/26/08; Docket No. 675].
13
14  HEARING re Debtors' Fourth Omnibus Objection (Non-
15  Substantive) to Certain Improperly Classified
16  Claims [Filed 8/14/08; Docket No. 659].
17
18  HEARING re Motion of Debtors to Estimate Claims Pursuant to
19  11 U.S.C. §§ 502(c) and 105(a) [Filed 7/18/08, Docket No.
20  633].
21
22  HEARING re Debtors' Objection to Claim Nos. 1106 and 1344
23  Filed by the Ohio Department of Taxation, and, in the
24  Alternative, Motion to Determine Tax Liability Pursuant to
25  11 U.S.C. § 505 [Filed 7/18/08; Docket No. 634].

```
 1   HEARING re Debtors' Objection to Claim No. 4 Filed by the
 2   Department of Treasury - Internal Revenue Service [Filed
 3   7/18/08; Docket No. 635].
 4
 5   HEARING re Motion of the Debtors to Abandon Documents [Filed
 6   8/28/08; Docket No. 677].
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Transcribed by:  Sonya Ledanski Hyde
```

```
 1  A P P E A R A N C E S :
 2
 3  KIRKLAND & ELLIS LLP
 4       Attorney for Adeptio INPC Funding
 5
 6  BY:   DAVID A. AGAY (TELEPHONICALLY)
 7
 8  BAYARD, P.A.
 9       Attorney for the Debtors
10
11  BY:   MARY AUGUSTINE
12        DANIEL O'BRIEN
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S
2            CLERK:  Please rise.
3            THE COURT:  Good afternoon, and please be seated.
4    Ms. Augustine, good afternoon.  Mr. O'Brien.
5            MR. O'BRIEN:  Dan O'Brien of Bayard, on behalf of
6    the Debtors.
7            THE COURT:  Yes, sir.
8            MR. O'BRIEN:  Thank you for accommodating us
9    today, Your Honor.  Do you have a copy of the amended
10   agenda?
11           THE COURT:  I do.
12           MR. O'BRIEN:  Okay.  We could move right along to
13   Agenda Item 2 if that's okay.
14           THE COURT:  That's fine, certainly.
15           MR. O'BRIEN:  We filed this certification to
16   objection on September 12, for an Order granting the
17   Debtor's motion to extend exclusivity.
18           THE COURT:  Yes.
19           MR. O'BRIEN:  The Court entered the Order
20   yesterday.
21           THE COURT:  Exactly.
22           MR. O'BRIEN:  This morning, we noticed an
23   important error in the Order; specifically, Order Paragraph
24   3.  It has the exclusive solicitation period date extended
25   to including March 2, 2008, as opposed to 2009.

1            THE COURT:  A common mistake that the judge did
2    not pick up.
3            MR. O'BRIEN:  Well, we didn't either, Your Honor.
4    So I brought a corrected form of Order making that change.
5            THE COURT:  Oh, good.
6            MR. O'BRIEN:  And if I may approach, Your Honor?
7            THE COURT:  Please, please, Mr. O'Brien.  Thank
8    you.  I try to pick -- I'll get better at picking those up
9    as we get closer to 2009, but I missed that one.  I'm
10   pleased to sign it with that one correction.
11           MR. O'BRIEN:  At this point, I'd like to hand over
12   the podium to Mary Augustine to take care of the rest of the
13   agenda.
14           THE COURT:  That would be great, thank you.  Thank
15   you, Mr. O'Brien.  Ms. Augustine, good afternoon.
16           MS. AUGUSTINE:  Good afternoon, Your Honor.  The
17   third item on the agenda is the Debtor's Fourth Omnibus
18   Objection.
19           THE COURT:  Yes.
20           MS. AUGUSTINE:  It is not contested.  We did
21   receive -- there were only three claims adjustments,
22   including the objections.  The California Franchise Tax
23   Board contacted us, and we've agreed to resolve the claim
24   with them, except we're classifying them having been paid to
25   the general unsecured claim, we agreed to a classified to a

1   priority claim because it is a tax claim for announced

2   within one year to the petition date and it's a very small

3   amount.

4           THE COURT: Yes, and I was wondering about that

5   myself, and I see that it certainly makes sense to me. It

6   seems more appropriate.

7           MS. AUGUSTINE: So I must have had a moment when

8   either had been part of that objection. But the Order, the

9   text of the Order does not change, so I did not bring

10  (indiscernible).

11          THE COURT: Fine.

12          MS. AUGUSTINE: The exhibit has changed. And

13  you'll notice on the exhibit that it's now (indiscernible)

14  privately.

15          THE COURT: Excellent.

16          MS. AUGUSTINE: So if I may approach with that

17  Order?

18          THE COURT: Please. I don't know if Mr.

19  (indiscernible) is on the phone or not.

20          CLERK: No, Your Honor, he has not dialed in.

21          THE COURT: Okay. He probably didn't think it was

22  necessary given the uncontested nature of the hearing.

23          MS. AUGUSTINE: Yes. I think the IRS objection

24  was forwarded to originally.

25          THE COURT: Certainly, very good. Without really

Case 07-11666-KG   Doc 931   Filed 09/29/16   Page 8 of 12

Page 8

1    further ado, I'm prepared to sign the Order on the

2    objections.

3             MS. AUGUSTINE:  Thank you, Your Honor.

4             THE COURT:  How are we doing on the claims

5    resolution process, pretty near the end?

6             MS. AUGUSTINE:  Still in hearing.  Well, we're

7    very close to enter into agreement with the State of Ohio.

8    We've resolved the (indiscernible) of your suggestion prior

9    to the last hearing.

10            THE COURT:  Yes.

11            MS. AUGUSTINE:  We are still working with the IRS,

12   and they're willing to work with us, and that's why we

13   agreed to postpone these new hearings to a new date of

14   October 3rd.  If not, I don't have a returning date.  It's

15   just a date checked so that, in the event you cannot resolve

16   it, we don't push it to confirmation hearing so that each,

17   Your Honor, would have a long enough hearing.

18            THE COURT:  Absolutely.  I suspect that'll be the

19   case.

20            MS. AUGUSTINE:  Although we are hopeful that plan

21   confirmation will be possible -- filed, I guess would be a

22   good word for it.  If I may proceed with Item 4.

23            THE COURT:  Yes.

24            MS. AUGUSTINE:  That is the motion to estimate

25   claims.  We had an Order entered after our last hearing for

Veritext Legal Solutions
212-267-6868                www.veritext.com                516-608-2400

Case 07-11666-KG   Doc 931   Filed 09/29/16   Page 9 of 12

Page 9

1  the majority that maybe questioning the motion to estimate.

2  Also, there were a few pro se respondents who we wanted to

3  give them more time to try to resolve their claims.  One was

4  Christy Tomlinson.  She filed a response asking for more

5  time to obtain an attorney.

6           THE COURT:  Yes.

7           MS. AUGUSTINE:  And on August 26th, I sent a

8  letter to Miss Tomlinson advising her that we had agreed to

9  this hearing asking her to file an objection and appear at

10  the hearing to preserve all her rights.  I have not heard

11  from Miss Tomlinson since that letter has been sent.

12          THE COURT:  Okay.

13          MS. AUGUSTINE:  So we're prepared to move forward

14  to estimate the claim of Miss Tomlinson.  The other claimant

15  was Herman Alexis & Co.  I did have opportunity send them a

16  letter on, I believe, the same day -- August 26th.  And then

17  I contacted them by telephone.  I advised them again they

18  needed to file their objection and appearance at the hearing

19  date.  They said they would get back to me and never did,

20  and they're not here today.  So we'd like to proceed with

21  the motion to estimate Herman Alexis's claim.

22          THE COURT:  Yes.

23          MS. AUGUSTINE:  And what we did is we prepared a

24  supplemental Order, attaching as an exhibit just those two

25  claimants, since the prior Order had already granted the

Veritext Legal Solutions

212-267-6868               www.veritext.com               516-608-2400

```
 1   claimants and those to estimate.  If I may approach with
 2   that Order?
 3             THE COURT:  You certainly may.  And, of course,
 4   these are claims where the claimant indicated no amount.
 5             MS. AUGUSTINE:  Yes.
 6             THE COURT:  And you --
 7             MS. AUGUSTINE:  The claims made it difficult --
 8   or, I mean, unable to actually (indiscernible), and anything
 9   we've received hasn't shown -- or any communications we've
10   had don't show any differently.
11             THE COURT:  Okay.  And, obviously, the claimants
12   have received notice and follow-up requests from Debtor's
13   counsel.  And under the circumstances, I am prepared to
14   enter the Order on these.
15             MS. AUGUSTINE:  Thank you, Your Honor.  And if I
16   may follow up regarding the discussion on priority claims.
17   If all goes well, we hope to have a priority claim amount
18   near the $450,000 range, which is about $15,000 under what
19   we'd been aiming for as of the $500,000 creditor cap.
20             THE COURT:  Yes.
21             MS. AUGUSTINE:  So, hopefully, we can continue
22   conversations with the IRS and resolve that (indiscernible)
23   and just pay down (indiscernible) and bring order with the
24   State of Ohio to resolve that large claim.  That was a claim
25   of about $12 million, and that was a really important one to
```

1   resolve.
2           THE COURT:  Absolutely.  Okay, well, the Court
3   certainly recognizes your efforts here, and everything you
4   do will make confirmation that must more streamlined, I
5   hope.  So keep up the hard work.
6           MS. AUGUSTINE:  Thank you, Your Honor.  And if you
7   don't have anything else.
8           THE COURT:  Nothing from my end.  I notice a
9   gentleman has just come into the Courtroom and I want to
10  make certain he's not here for this hearing.
11          MAN:  (indiscernible).
12          THE COURT:  Okay, very fine.  I just wanted to
13  make sure that it wasn't a claimant who had just arrived.
14  So with that, we'll stand in recess.
15          MS. AUGUSTINE:  Thank you, Your Honor.
16          THE COURT:  I thank counsel very much, and good
17  day to you.
18
19                         * * * * *
20
21
22
23
24
25

1           C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6   Sonya Ledanski Hyde

7

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:   September 28, 2016